UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) ) ) |
| XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

DOCKETED
SEP 1 6 2004

JUDGE NORGLE
Case Number

Judge **04C 6018**

MAGISTRATE JUDGE MASON

### VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

George S. May International Company ("GSMIC") complains as follows against XCentric Ventures, LLC, Rip-Off Report.com, Badbusinessbureau.com, Ed Magedson, Various John Does, Jane Does and ABC Companies ("Defendants").

### Nature of Action

1. This is an action for, false descriptions and representations, trade libel and deceptive trade practices. To redress these grievances, GSMIC seeks temporary, preliminary and permanent injunctive relief and damages arising out of Defendants' wrongful activities.

2. Defendants are the owners and operators of the Internet Websites www.ripoffreport.com and www.badbusinessbureau.com (the "Sites"). Both of the Sites host and transmit false, defamatory and derogatory information about GSMIC. Upon information and belief, such false information is hosted and transmitted without any investigation by Defendants for the purpose of, among other things, selling Defendants' publications. Upon information and

belief, some of the false information hosted and transmitted by Defendants was provided to Defendants by competitors of GSMIC for the purpose of harming GSMIC and its business. GSMIC has requested that Defendants remove such information, but Defendants have refused to do so in the past, thus necessitating this action.

### The Parties

3. GSMIC is a management consulting firm, which is incorporated, organized and existing under the laws of Delaware, with its principal place of business located at 303 Northwest Highway, Park Ridge, Illinois.

4. XCentric Ventures, LLC, ("XCentric") is an Arizona limited liability corporation and is listed as the owner of the Sites. XCentric also is listed by PayPal as the recipient of donations provided to support the Sites. XCentric provided the Arizona Corporation Commission with a domestic address of P.O. Box 470, Phoenix, Arizona 85280. The address listed by DirectNic.com, an Internet registrar, for XCentric is P.O. Box 470, Tempe, Arizona 85280.

5. Ed Magedson, ("Magedson") by his own admission, started the Sites, and on information and belief, owns and controls XCentric and the Sites. On information and belief, Magedson actively controls the technical operation of the Sites, together with the assistance of one or more unknown agents.

6. The Sites are Internet websites which are believed to be owned, operated and/or controlled by XCentric and Magedson. The Sites themselves do not disclose who is responsible for their operation, however, XCentric is listed as the owner of the domain names for the Sites and collects donations to support the operations of the Sites, while Magedson is listed as the technical contact for the Site and admits that he is the creator of the Sites.

## Jurisdiction

7. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332 as the parties are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. This Court also has original jurisdiction in this action under 28 U.S.C. § 1331 in that federal questions are alleged under 15 U.S.C. §§ 1051-1125 (the Lanham Act).

8. This Court has *in personam* jurisdiction over Defendants because they: a) direct tortious conduct at GSMIC, which maintains its principal place of business in this District; and b) operate a commercial, interactive Website in the District.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the injuries caused by Defendants' tortious conduct substantially occur in the Northern District of Illinois, and Defendants solicit and engage in business within this District.

## FACTS

### False Internet Postings by Defendants

10. GSMIC is a management consulting firm which has been advising businesses since 1925. GSMIC counsels its clients to effectively manage their businesses, such as by reducing waste, streamlining operations, increasing profits and improving responsiveness to the market. GSMIC has offices in the United States, Canada, Mexico and Italy.

11. Defendants have posted and transmitted on and through the Sites numerous false and deceptively misleading statements of fact concerning, among other things, alleged by illegal and immoral activities engaged in by GSMIC, its owners, management and employees.

12. On information and belief, some of the postings asserting that GSMIC has engaged in illegal and immoral activities, hosted, and transmitted by Defendants were posted by GSMIC's competitors for the purpose of hurting GSMIC's business.

13. Defendants' Sites are commercial in nature in that they, among other things, advertise, promote and offer to sell Defendants' purported consumer advocacy publication the "Rip-Off Revenge Guide" for $21.95.

14. The postings on the Sites have disrupted and threaten to disrupt GSMIC's ability to conduct business in that, internet search engines automatically discover the false report against GSMIC, GSMIC must respond to these false, misleading, disparaging and/or defamatory comments and allegations in its dealings with existing and prospective customers and employees, and may not have the opportunity to respond since it does not know who accesses the Sites or is providing or reviewing that false information.

15. Defendants continue to pose a threat of harming GSMIC and its business through the hosting and transmission of false and defamatory statements regarding GSMIC, its owner, management and/or employees because Defendants have refused to respond to GSMIC's requests to take down the postings and to delete every false statement of fact about or concerning GSMIC's business, and without knowing the identity of the presently unknown posters of such information, GSMIC does not have the ability to prevent Defendants and others from disseminating such false, misleading, disparaging and/or defamatory comments and allegations to third parties.

## COUNT I

## FALSE OR MISLEADING DESCRIPTION AND MISREPRESENTATION

16. GSMIC repeats and realleges the allegations of paragraphs 1 through 15 above, as if fully set forth herein.

17. Defendants are using, in connection with goods or services and in commerce, words, terms, false representations of fact, and combinations thereof, which misrepresent the nature, characteristics and qualities of GSMIC, and its services and falsely associates GSMIC with their competitors who have engaged in unlawful activities.

18. Defendants' acts and threatened acts constitute false or misleading descriptions and misrepresentations, false designation of origin, in violation of GSMIC's rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

19. Defendants' unlawful conduct has caused damages to GSMIC, in an amount to be determined at trial, and threatens to cause additional damage. Because its remedy at law is inadequate, GSMIC seeks preliminary and permanent injunctive relief to protect its reputation and interests. Unless Defendants are restrained and enjoined, Defendants and anonymous posters making false representations of fact about GSMIC will continue to harm GSMIC irreparably, thereby further damaging GSMIC and impairing GSMIC's business reputation and activities.

## COUNT II

## DEFAMATION/LIBEL

20. GSMIC repeats and realleges the allegations of paragraphs 1 through 19 above, as though fully set forth herein.

21. The statements regarding GSMIC on the Sites are false. The statements identify and pertain to GSMIC by intentionally making one or more false, misleading, disparaging and/or defamatory comments and allegations concerning GSMIC's owner, management, business methods, activities, policies and practices.

22. Defendants publicly communicated false, misleading, disparaging and/or defamatory comments and allegations to third parties by disseminating such comments and allegations via the Sites on the World Wide Web and by placing Meta Tags on the Sites designed to publicize these false statements.

23. Defendants have hosted and transmitted false, misleading, disparaging and/or defamatory comments and allegations to such third parties on the Sites knowing the same were false or with a high degree of awareness that the same were probably false, or with a reckless disregard for the truth.

24. Defendants disseminated false, misleading, disparaging and/or defamatory comments and allegations with the intent to damage the business, good will and professional reputation of GSMIC.

25. Defendants' false, misleading, disparaging and/or defamatory comments and allegations are defamation *per se* in that they associate GSMIC with and state that GSMIC is committing serious federal and state offenses including, *inter alia*, engaging in, unlawful sexual activity.

26. Defendants' false, misleading, disparaging and/or defamatory comments and allegations have caused general defamation damages to GSMIC by exposing it to hatred, contempt and ridicule by the third parties receiving such comments and allegations.

27. GSMIC has also suffered special damages in the form of financial loss resulting from the effect of Defendants' statements, relating to, among other things, lost customers and employees.

28. Defendants acted maliciously by disseminating Defendants' comments and allegations with wanton disregard for GSMIC's rights, and with ill will and an evil intent to defame and injure GSMIC.

29. Defendants' unlawful conduct has caused damages to GSMIC, in an amount to be determined at trial, and because its remedy at law is inadequate, GSMIC seeks preliminary and permanent injunctive relief to protect its reputation and interests. Unless Defendants are restrained and enjoined, Defendants will continue to harm GSMIC irreparably, thereby further damaging GSMIC and impairing GSMIC's business reputation and activities.

## COUNT III

## ILLINOIS UNFAIR AND DECEPTIVE BUSINESS PRACTICES

30. GSMIC repeats and realleges Paragraphs 1-29 of this Complaint as if fully set forth herein.

31. By hosting and transmitting false and deceptively misleading content concerning GSMIC, its founder, owner, executive and/or employees, Defendants are likely to deceive the public into believing that GSMIC is a disreputable company.

32. Defendants' acts constitute deceptive and unfair business practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1-12.

33. As a result of the aforesaid acts by Defendants, GSMIC has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

34. GSMIC has no adequate remedy at law, and unless Defendants' activities are enjoined, GSMIC will continue to suffer damage and irreparable harm and injury to its goodwill and reputation.

## COUNT IV

## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES

35. GSMIC repeats and realleges Paragraphs 1-34 of this Complaint as if fully set forth herein.

36. Defendants are injuring GSMIC by hosting and transmitting false and deceptively misleading information about GSMIC, its owner, executives and/or employees, causing a likelihood of confusion or misunderstanding among the relevant public as to the quality of GSMIC's services.

37. Defendants' acts constitute deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1-7.

38. As a result of the aforesaid acts by Defendants, GSMIC has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

39. GSMIC has no adequate remedy at law, and unless Defendants' activities are enjoined, GSMIC will continue to suffer damage and irreparable harm and injury to its goodwill and reputation.

WHEREFORE, Plaintiff, GSMIC, prays for:

1. An Order for Injunctive Relief:

    Directing Defendants, and all those in active concert or participation with Defendants, and all internet service providers hosting Defendants' content be temporarily, preliminarily and permanently enjoined and restrained from, among other things:

    Hosting or transmitting false or deceptively misleading statements of fact concerning GSMIC, its business, founder, owner, officers, agents and/or employees.

2. Monetary relief, awarding GSMIC an amount to be determined by the Court, including:

>damages for GSMIC resulting from Defendants' acts of false description and representation of origin to be trebled according to 15 U.S.C. §1117;

general defamation damages sustained by GSMIC;

special defamation damages sustained by GSMIC;

GSMIC's fees, costs and expenses in pursuing this action;

attorney fees; and

Any further relief the Court deems appropriate under the circumstances.

**DATED:  September 14, 2004**          Respectfully submitted,

GEORGE S. MAY INTERNATIONAL COMPANY

By: _____
       One of Its Attorneys

Attorneys for Plaintiff:

Bart A. Lazar, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
55 East Monroe, Suite 4200
Chicago, Illinois 60603
Telephone:  (312) 346-8000
Facsimile:   (312) 269-8869
Firm No. 09747

-9-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>XCENTRIC VENTURES, LLC, )<br>RIP-OFF REPORT.COM )<br>BADBUSINESSBUREAU.COM, )<br>ED MAGEDSON, VARIOUS )<br>JOHN DOES, JANE DOES AND )<br>ABC COMPANIES, )<br>)<br>Defendants. ) | Case Number<br><br>Judge |

## VERIFICATION

Charles E. Black, pursuant to 28 U.S.C. § 1746, states as follows:

1. I am the Vice President of Operations for George S. May International Company.

2. I have full knowledge of and am competent to testify to all matters stated herein.

3. I have read George S. May International Company' Verified Complaint for Injunctive and Other Relief and the factual allegations contained therein are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 14th day of September, 2004.

_____
CHARLES E. BLACK

- 10 -

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**MAGISTRATE JUDGE MASON**

## Civil Cover Sheet 04C 6018

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** GEORGE S. MAY INTERNATIONAL COMPANY

**Defendant(s):** XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES

**County of Residence:**

**Plaintiff's Atty:** Bart A. Lazar
Seyfarth Shaw LLP
55 East Monroe, Suite 4200
(312) 346-8000

**County of Residence:**

**Defendant's Atty:**

**DOCKETED SEP 1 6 2004**

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**III. Citizenship of Principal Parties** (Diversity Cases Only)
  Plaintiff:- N/A
  Defendant:- N/A

**IV. Origin :** 1. Original Proceeding

**V. Nature of Suit:** 890 Other Statutory Actions

**VI. Cause of Action:** Plaintiff claims for false or misleading description and representation under Section 43(a) of the Lanham Act, 15 USC Section 1125(a)(1)(B)and trade libel under Illinois Common law, Illinois Unfair and Deceptive Trade Practices under 815 ILCS Section 505/1-12 and Illinois Uniform Deceptive Trade Practices Act, 815 ILCS Section 510/1-7.

**VII. Requested in Complaint**
  Class Action: No
  Dollar Demand:
  Jury Demand: No

**VIII. This case IS NOT a refiling of a previously dismissed case.**

**Signature:** [signature]

**Date:** 9/14/04

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**JUDGE NORGLE**

**MAGISTRATE JUDGE MASON**

In the Matter of

GEORGE S. MAY INTERNATIONAL COMPANY, vs.
XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM
BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS
JOHN DOES, JANE DOES, AND ABC COMPANIES

Case Number: **04C 6018**

DOCKETED
SEP 16 2004

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

George S. May International Company

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Bart A. Lazar, Esq. | NAME: Rachel M. Kindstrand, Esq. |
| FIRM: Seyfarth Shaw LLP | FIRM: Seyfarth Shaw LLP |
| STREET ADDRESS: 55 East Monroe Street | STREET ADDRESS: 55 East Monroe Street |
| CITY/STATE/ZIP: Chicago, IL 60603 | CITY/STATE/ZIP: Chicago, IL 60603 |
| TELEPHONE: (312) 346-8000  FAX: (312) 269-8869 | TELEPHONE: (312) 346-8000  FAX: (312) 269-8869 |
| E-MAIL: blazar@seyfarth.com | E-MAIL: rkindstrand@seyfarth.com |
| IDENTIFICATION NUMBER: 06195086 | IDENTIFICATION NUMBER: 06280368 |
| MEMBER OF TRIAL BAR? NO [X] | MEMBER OF TRIAL BAR? NO [X] |
| TRIAL ATTORNEY? YES [X] | TRIAL ATTORNEY? YES [ ] NO [ ] |
|  | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER  FAX NUMBER | TELEPHONE NUMBER  FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |