UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY,<br><br>Plaintiff,<br><br>-vs-<br><br>XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES,<br><br>Defendants. | )<br>)<br>)<br>)<br>) Case Number **04C 6018**<br>)<br>) Judge **JUDGE NORGLE**<br>)<br>) MAGISTRATE JUDGE MASON<br>)<br>) DOCKETED<br>) SEP 27 2004<br>)<br>) |

FILED
SEP 1 5 2004
JUDGE CHARLES R. NORGLE
U.S. District Court Judge

### NOTICE OF MOTION

To:    Xcentric Ventures/Ed Magedson        Ripoffreport.com
       Domain@xcentricventures.com               (305) 832-2949

**PLEASE TAKE NOTICE** that on ___9/24___, 2004, at _10:30_ a.m., we will appear before the Honorable _____, or any Judge sitting in his place or stead in Room ____ in the United States District Court of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604, and will then and there present **GEORGE S. MAY INTERNATIONAL COMPANY'S MOTION FOR A TEMPORARY RESTRAINING ORDER**, a copy of which is hereby attached and served upon you.

Dated September 15, 2004

                                               Bart A. Lazar, Esq.
                                               Rachel M. Kindstrand, Esq.
                                               Seyfarth Shaw LLP
                                               55 E. Monroe, Suite 4200
                                               Chicago, IL 60603
                                               (312) 346-8000
                                               Attorneys for Plaintiff
                                               GEORGE S. MAY INTERNATIONAL COMPANY

CH1 10788861.1

Dockets.Justia.com

## CERTIFICATE OF SERVICE

I, Bart A. Lazar, hereby certify that on the date indicated below, a copy of the foregoing **NOTICE OF MOTION, MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION, DECLARATION OF CHARLES E. BLACK, GEORGE S. MAY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A TEMPORARY RESTRAINING ORDER (TRO), APPEARANCES, TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE AS TO WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ENTERED (PROPOSED) and VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF** were served on the following Defendants by Facsimile and e-mail.

> Xcentric Ventures/Ed Magedson
> Domain@xcentricventures.com
> Ripoffreport.com
> (305) 832-2949

on the 15th day of September, 2004.

_____

FILED
SEP 1 5 2004
JUDGE CHARLES R. NORGLE
U.S. District Court Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>XCENTRIC VENTURES, LLC, )<br>RIP-OFF REPORT.COM )<br>BADBUSINESSBUREAU.COM, )<br>ED MAGEDSON, VARIOUS )<br>JOHN DOES, JANE DOES AND )<br>ABC COMPANIES, )<br>)<br>Defendants. ) | Case Number **04C 6018**<br><br>Judge **JUDGE NORGLE**<br><br>2 7 2004  **MAGISTRATE JUDGE MASON** |

### MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

George S. May International Company ("GSMIC"), by its attorneys Seyfarth Shaw LLP, respectfully moves this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for the entry of a Temporary Restraining Order and Order To Show Cause For Preliminary Injunction. In support of this Motion, GSMIC incorporates by reference its Verified Complaint and Declaration of Charles E. Black and states as follows:

1. Defendants XCentric Ventures, LLC, Rip-Off Report.com, Badbusinessbureau.com, Ed Magedson, Various John Does, Jane Does and ABC Companies ("Defendants") own and operate commercial Internet Websites that are hosting and transmitting false and deceptively misleading representations about an concerning GSMIC, its owner, officers and its business.

2. In particular, on or about September 1, 2004, Defendants began hosting and transmitting factual statements asserting that GSMIC's owner was engaged in illegal, unethical and immoral conduct, and that such conduct permeated GSMIC's business. See Declaration of Charles E. Black, ¶5 ("Black Decl.") and Exhibit C attached thereto. These statements are false.



3. Defendants are posting such content for commercial reasons, including, among other things, to promote Defendants' book. See Black Decl., ¶3 and Exhibit A attached thereto.

4. Defendants make efforts so that individuals searching on the Internet for information regarding GSMIC link to the false statements contained on Defendants' sites. See Black Decl., ¶ 6 and Exhibit D attached thereto.

5. GSMIC has attempted to have Defendants take down similar, but less egregious content from its Websites (Black Decl. ¶4 and Exhibit B attached thereto) without success, thus suggesting that seeking Defendants' voluntary action would be futile.

6. GSMIC is likely to demonstrate that Defendants' conduct constitute false or misleading description and representation under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); defamation and trade libel under Illinois Common law, Illinois Unfair and Deceptive Trade Practices under 815 ILCS § 505/1-12 and Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1-7.

7. Wherefore, based on Defendants' prior unwillingness to take down unlawful content, the involvement of this Court is necessary to prevent irreparable harm to GSMIC, the balance of hardships favors GSMIC and it is in the public interest that such false information resides on the Internet.

WHEREFORE, GSMIC, respectfully requests that the Court enter a Temporary Restraining Order against Defendants in the form submitted.

**DATED: September 15, 2004**

Respectfully submitted,

GEORGE S. MAY INTERNATIONAL COMPANY

By: _____
One of Its Attorneys

Attorneys for Plaintiff:
Bart A. Lazar, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
55 East Monroe, Suite 4200
Chicago, Illinois 60603
Telephone: (312) 346-8000
Facsimile: (312) 269-8869
Firm No. 90747

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GEORGE S. MAY INTERNATIONAL COMPANY,** | ) ) ) | |
| Plaintiff, | ) ) ) | Case Number **04C 6018** |
| -vs- | ) ) ) | Judge |
| **XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES,** | ) ) ) ) ) ) ) | JUDGE NORGLE

MAGISTRATE JUDGE MASON |
| Defendants. | ) | |

## DECLARATION OF CHARLES E. BLACK

CHARLES E. BLACK, under penalty of perjury, declares and states as follows:

1. I am the Vice President of Operations for George S. May International Company, ("George S. May"). I have been working in this capacity for the last 3 years. I have been employed with George S. May for over 17 years. My responsibilities include overseeing all of the day-to-day administrative and operational aspects of the company. I have full knowledge of, and am competent to testify to, all matters stated herein. This declaration is based upon my own personal knowledge and review of George S. May's records kept in the ordinary course of business. If called upon as a witness, I would competently testify to the following.

2. George S. May is one of the world's oldest and largest management consultant firms. It operates internationally from its headquarters in Park Ridge, Illinois, and has been in business since 1925. George S. May contracts with businesses to perform consulting services. It analyzes companies' business operations and offers professional advice and other services to

help businesses become more efficient and profitable. George S. May maintains a high professional standard in its business as well as its ethics. For example, George S. May received the 2003 Torch Award for Business Ethics from the Better Business Bureau.

3. The Internet Web Sites, www.ripoffreport.com and www.badbusinessbureau.com (the "Sites") are purportedly consumer protection sites, but appear to be a commercial vehicle for selling Defendants products. Attached as Exhibit A are excerpts from the Sites showing their commercial nature.

4. In or about November 2003, the Internet Web Site, www.ripoffreport.com began false and deceptively misleading information about George S. May, its business and its officers, including a false posting purportedly authored by George S. May's President. George S. May instructed its counsel to request that the false postings be taken down. Attached as Exhibit B are copies of the letters counsel sent to Defendants in order to have the false postings taken down. Unfortunately, Defendants did not respond or otherwise act to remove the postings.

5. On or about September 3, 2004, George S. May became aware that Defendants were posting and transmitting content on www.ripoffreport.com which falsely states that the owner of George S. May engaged in a variety of unlawful criminal activities. Attached as Exhibit C is a copy of this posting.

6. The false content is readily accessible through the internet. Defendants use Meta Tags so that Google and other internet searches will lead to this content. A copy of the results of Google search for "George S May" is as Exhibit D.

7. The contents of this posting are utterly false. If an existing or prospective George S. May customers or employees came across these postings would be shocked about the

Site's content, and George S. May has no way of knowing how it will be harmed by the continuing nature of this posting.

    8.    The effect of Defendants' unlawful activities is, among other things, as follows:

        a.    Potential customers and employees of George S. May are being misled and confused as to the quality of the services being provided by George S. May, the company's ethics, and its association with other consulting firms who may have engaged in unlawful activities; and

        b.    The goodwill and reputation of George S. May is being tarnished and damaged.

    9.    Based on the above, I firmly believe that George S. May is being irreparably harmed by Defendants' conduct, and that this Court should issue a temporary restraining order preventing Defendants' from hosting false, deceptively misleading and/or defamatory comment relating to George S. May, its owner, officers and employees, and order any Internet service providers who may be responsible for hosting such unlawful content to make that content inaccessible through the Internet.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 14, 2004
Park Ridge, Illinois

_____
CHARLES E. BLACK

# See Case File For Exhibits

Case 1:04-cv-06018    Document 2    Filed 09/24/2004    Page 8 of 8