Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 6018 | DATE | 9/24/2004 |
| CASE TITLE | GEORGE S. MAY INTERNATIONAL vs. XCENTRIC VENTURES, LLC | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry    Plaintiff's motion for a temporary restraining order is granted. Status hearing set for October 8, 2004 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 2 7 2004 | |
| | Notified counsel by telephone. | | date docketed | 3 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| EF | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY,<br><br>Plaintiff,<br><br>-vs-<br><br>XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES,<br><br>Defendants. | )<br>)<br>)<br>)<br>) Case Number  04 C 6018<br>)<br>) Judge   JUDGE NORGLE<br>)<br>)<br>)<br>) MAGISTRATE JUDGE MASON<br>)<br>)<br>) |

DOCKETED SEP 2 7 2004

### TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE AS TO WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ENTERED (PROPOSED)

THIS CAUSE comes before the Court upon Plaintiff, George S. May International Company's ("George S. May's") Motion for a Temporary Restraining Order against Defendants Xcentric Ventures, LLC, Rip-off Report.com, Badbusinessbureau.com, Ed Magedson, Various John Does, Jane Does and ABC Companies ("Defendants").

George S. May's motion is supported by its Verified Complaint, Memorandum of Law, the Declaration of Charles Black, and the Exhibits annexed thereto.

This Court having given full consideration to George S. May's papers submitted and the relevant authorities, and having heard the arguments of counsel, in accordance with Federal Rule of Civil Procedure 65(b).

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. George S. May's Complaint asserts claims for false or misleading description and representation under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); defamation



and trade libel under Illinois Common law, Illinois Unfair and Deceptive Trade Practices under 815 ILCS § 505/1-12 and Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1-7.

2. This court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332 and 1338 and the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. This court has personal jurisdiction over Defendants by virtue of its ownership of and operation of commercial Internet Website in this District.

4. George S. May is a business management consulting firm.

5. Defendants own and/or operate two Internet Websites, www.ripoffreport.com and www.badbusinessbureau.com (the "Sites") which post materials written about various businesses. On and through the Sites, Defendants sell books related to "getting even" with companies.

6. Defendants are currently posting content on the Sites that contains false and deceptively misleading statements concerning George S. May, its owner and its business. George S. May has previously asked Defendants to take down such false content without success.

7. Based on the Black Declaration submitted with George S. May's Motion for a Temporary Restraining Order, it appears that the false statements appearing on the Sites are causing George S. May irreparable harm.

8. George S. May has demonstrated that (a) it is and will continue to suffer irreparable injury if the injunction is not issued; (b) it has a strong likelihood of success on the merits of their false description and representation, defamation and related claims; (c) the

balance of hardships favors George S. May; and (d) the public interest would be served by the issuance of the injunction.

**IT IS FURTHER ORDERED** that:

Defendants be temporarily enjoined from making, hosting or transmitting false or deceptively misleading, descriptions, statements or representations concerning George S. May, its business, owner, officers, employees and/or agents;

AND, it appearing to the Court that Defendants are making, hosting and/or transmitting false or deceptively misleading, descriptions, statements or misrepresentations about George S. May, its business, owner, officers, employees and/or agents and will continue to carry out such acts unless restrained by Order of the Court, it is:

ORDERED that Defendants show cause on the ___th day of _____, 2004 at _____ a.m. or as soon thereafter as counsel may be heard, in Courtroom _10/8/04 9:30_, in the United States District Court for the District of Illinois, why an Order pursuant to Federal Rule of Civil Procedure 65, Sections 34 and 43(a) of the Lanham Act and the Illinois Unfair and Deceptive Practices Act and Illinois Uniform Deceptive Trade Practices Act, should not be entered granting George S. May a preliminary injunction that would further restrain Defendants from committing the acts set forth above; and it is further

ORDERED, that pending the hearing on George S. May's application for a preliminary injunction, Defendants, its officers, agents, servants, employees, attorneys, and any and all persons acting in active concert or participation with it or having knowledge of this Order by personal service or otherwise (including any and all internet service providers served with a copy of this Order) be, and they are, hereby temporarily restrained from committing any of the acts set forth above; and it is further

ORDERED, that George S. May shall maintain a corporate surety bond or company or attorney check in the amount of One Thousand Dollars ($1,000) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of the entry of a wrongful restraint hereunder; and it is further

ORDERED, that the Temporary Restraining Order shall remain in effect until the date of the hearing on the order to show cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected to the preliminary injunction; and it is

ORDERED, that George S. May's answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for George S. May by delivering copies thereof to the offices of Seyfarth Shaw LLP, 55 East Monroe, Suite 4200, Chicago, Illinois 60603, Attention: Bart A. Lazar, before __:00 p.m. on _____, 2004. Any reply shall be filed and served by George S. May at the hearing;

AND it is finally ordered that the Clerk of the Court may issue summons in the name of "John Doe", "Jane Doe" and/or "ABC Companies".

IT IS HEREBY ORDERED.

Date: September 24, 2004

Time: 10:55 a.m

_____
UNITED STATES DISTRICT JUDGE