UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) ) ) |
| Plaintiff, | ) ) Case Number 04-C-6018 ) ) |
| -vs- | ) ) Judge Charles R. Norgle |
| XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES, | ) ) ) ) ) ) ) |
| Defendants. | ) |

DOCKETED
OCT 1 2 2004

### PLAINTIFF'S MOTION FOR LIMITED, EXPEDITED DISCOVERY

Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, Plaintiff George S. May Company moves this Court for leave to conduct limited, expedited discovery in order for George S. May to determine the identities of the Various John Does, Jane Does and ABC Companies who have made anonymous or pseudonymous postings on the named Defendants' sites. In support of this Motion, George S. May states as follows:

This action arises from the false and defamatory statements being posted on the named Defendants's sites. The named Defendants are likely to have information, including, but not limited to the Internet Protocol or "IP" addresses of the computers used to access Defendants' sites in order to place the false and defamatory content on the Sites. The named Defendants may also have other identifying information as a result of investigations it may have undertaken and/or direct communications with the individuals posting the false and defamatory statements.

- 1 -

Dockets.Justia.com

In order to bring all relevant parties before this Court, George S. May needs to identify the individuals responsible for the posting of the false and defamatory content so they can be . George S. May also has the right to know whether these false and defamatory statements have been posted by competitors with the intent to harm George S. May's business. By allowing expedited discovery, George S. May will be able to begin the process of identifying the anonymous and/or pseudonymous posters on Defendants' sites, and the Court will be in a better position to manage this case.

Rule 26(d) of the Federal Rules of Civil Procedure authorizes this Court to enter an Order permitting expedited discovery and expedited discovery is appropriate in connection with preliminary injunction motions seeking to prevent irreparable injury. *See Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D. D.C. 1996) ("Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings"); *Consumer Sales & Marketing, Inc. v. Digital Equip. Corp.*, 1995 U.S. Dist. LEXIS 13374 (N.D. Ill. Sept. 11, 1995) (extending temporary restraining order and allowing expedited discovery to prepare for preliminary injunction hearing);

Here, the limited, expedited discovery George S. May seeks is simply to require Defendants to produce certain documents and things, answer interrogatories, and initiate third-party discovery related to identifying the most egregious of the anonymous/pseudonymous posters. .

WHEREFORE, Plaintiff Hassett Storage Warehouses, Inc. d/b/a Hassett Air Express respectfully requests that the Court enter an Order authorizing the initiation of third party discovery, and requiring Defendants and third parties to respond to George S. May's written discovery within 14 days of service.

DATED: October 6, 2004

Respectfully submitted,

GEORGE S. MAY INTERNATIONAL COMPANY

By: /s/
One of Its Attorneys

Attorneys for Plaintiff:
Bart A. Lazar, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
55 East Monroe, Suite 4200
Chicago, Illinois 60603
Telephone: (312) 346-8000
Facsimile: (312) 269-8869
Firm No. 90747

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY,<br><br>Plaintiff,<br><br>-vs-<br><br>XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES,<br><br>Defendants. | Case Number 04-C-6018<br><br>Judge Charles R. Norgle |

## (PROPOSED) ORDER GRANTING PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY

THIS CAUSE comes before the Court upon Plaintiff, George S. May International Company's ("George S. May's") Motion for a Preliminary Injunction and against Defendants Xcentric Ventures, LLC, Rip-off Report.com, Badbusinessbureau.com, Ed Magedson, Various John Does, Jane Does and ABC Companies ("Defendants").

George S. May's motion is supported by its Verified Complaint, Memorandum of Law, the Declarations of Charles Black and Rachel Kindstrand and the Exhibits annexed thereto.

This Court having given full consideration to George S. May's papers submitted and the relevant authorities, and having heard the arguments of counsel for the parties, in accordance with Federal Rule of Civil Procedure 65(b).

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.  George S. May's Complaint asserts claims for false or misleading description and representation under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); defamation and trade libel under Illinois Common law, Illinois Unfair and Deceptive Trade Practices under 815 ILCS § 505/1-12 and Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1-7.

2.  This court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332 and 1338 and the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3.  This court has personal jurisdiction over Defendants by virtue of, among other things, its ownership of and operation of a commercial Internet Web Site in this District.

4.  George S. May is a business management consulting firm.

5.  Defendants own and/or operate two Internet Websites, www.ripoffreport.com and www.badbusinessbureau.com (the "Sites") which post materials written about various businesses. On and through the Sites, Defendants sell books related to "getting even" with companies.

6.  Defendants are currently posting content on the Sites that contains false and deceptively misleading statements concerning George S. May, its owner and its business. One of these postings was read into the record at the temporary restraining order hearing. These statements include false statements of fact relating to pedophilia, child pornography, drug dealing, larceny and other heinous crimes committed by George S. May, its owners, officers and/or employees. Defendants have also posted "spoof" postings, namely postings that assert that they were made by officers of George S. May, when they were not. These statements have had a negative impact on George S. May's business, as, among other things, existing and

potential customers and employees have decided not to do business with George S. May based on these postings.

7. Based on the Black and Kindstrand Declarations submitted with George S. May's Motion for a Preliminary Injunction and the Exhibits annexed hereto it appears that George S. May is likely to succeed on the merits of its claims, the balance of hardships tips greatly in favor of Geoge S. May, and the public interest is in favor of preventing such false and defamatory statements from being disseminated through the Internet.

**IT IS FURTHER ORDERED** that:

that pending a final hearing on the merits of the hearing on George S. May's application for a preliminary injunction, Defendants, its officers, agents, servants, employees, attorneys, and any and all persons acting in active concert or participation with it or having knowledge of this Order by personal service or otherwise (including any and all internet service providers served with a copy of this Order) be, and they are, hereby preliminarily enjoined from:

1. using the George S. May trademark or any confusingly similar term as metatags or other computer-aided devices which would permit Internet search engines to provide results from Defendants' web sites when computer users conduct a search regarding "George S. May"

2. hosting or transmitting false or deceptively misleading, descriptions, statements or representations concerning George S. May, its business, owner, officers, employees and/or agents; and it is further

ORDERED, that since Defendants have argued that they cannot determine the truth or falsity of each posting, and it has been demonstrated that there are many postings containing false, offensive and defamatory statements on Defendants' web sites continuously being posted, updated or responded to, that pending final resolution of this matter, Defendants be required to:

- 3 -

　　　　1. place, at each location where a posting concerning George S. May is hosted on Defendants' web sites, a disclaimer which states as follows: "Please be advised that many postings placed on this site concerning George S. May may be false or deceptively misleading. Please use your independent judgment when assessing the credibility of any posting concerning George S. May;" and

　　　　2. permit George S. May to post rebuttals to any posting on any of Defendants' web sites about or concerning George S. May, its business, owners, officers or employees at no charge to or interference with George S. May;

　　　　George S. May shall maintain the corporate surety bond or company or attorney check in the amount of One Thousand Dollars ($1,000) as security, that has previously been posted with the Clerk of the Court, which is determined adequate for the payment of such damages as any person may be entitled to recover as a result of the entry of a wrongful restraint hereunder; and it is finally Ordered that George S. May's motion for expedited discovery is GRANTED. Defendants shall comply with, and third parties shall respond to, discovery requests concerning the identity of the individuals who have posted (whether anonymously, pseudonymously or otherwise) statements about or concerning George S. May, its business, owner, officers, employees or agents within 14 days after service.

　　　　IT IS HEREBY ORDERED.

Date:  October 8, 2004

　　　　　　　　　　　　　　　　　　　　　CHARLES R. NORGLE
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE