JKB/cic/343106                                                            5634-2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE S. MAY INTERNATIONAL )
COMPANY, )
 )
 )
             Plaintiff, )
 )
v. ) No. 04 C 6018
 )
XCENTRIC VENTURES, LLC, RI-POFF ) Judge Norgle
REPORT.COM, BADBUSINESSBUREAU.COM, )
ED MAGEDSON, VARIOUS JOHN DOES, JANE )
DOES AND ABC COMPANIES, )
 )
             Defendants. )

**NOTICE OF FILING**

TO:   Bart A. Lazar, Esq.
      Seyfarth Shaw LLP
      55 East Monroe, Suite 4200
      Chicago, IL 60603

**PLEASE TAKE NOTICE** that on the 22nd day of October, 2004, there was filed with the United States District Court for the Northern District of Illinois, Eastern Division, an **Defendants' Supplemental Response to Plaintiff's Motion for Preliminary Injunction**, a copy of which is attached hereto and hereby served upon you.

                              XCENTRIC VENTURES, LLC and ED
                              MAGEDSON

                              By: _____
                                    One of Their Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

*FILED OCT 22 2004 MICHAEL W. DOBBINS, CLERK, U.S. DISTRICT COURT*

*DOCKETED OCT 26 2004*

## PROOF OF SERVICE

I, the undersigned, on oath state that I served copies of the above-referenced documents upon the above-referenced parties at their addresses listed above by depositing the same in the U.S. Mail at 233 South Wacker Drive, Chicago, Illinois, before 5:00 p.m. on the 22nd day of October, 2004, with proper postage prepaid.

_____

Subscribed and Sworn to before me
on this 22nd day of October, 2004

By: _____
Notary Public

OFFICIAL SEAL
CYNTHIA CLOSE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 06-15-07

JKB/cic/343097                                                                                       5634-2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
OCT 22 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 6018 |
| ) | |
| XCENTRIC VENTURES, LLC, RI-POFF ) REPORT.COM, BADBUSINESSBUREAU.COM, ) ED MAGEDSON, VARIOUS JOHN DOES, JANE ) DOES AND ABC COMPANIES, ) | Judge Norgle |
| ) | |
| Defendants. ) | |

DOCKETED
OCT 26 2004

### DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendants respectfully submit their supplemental response to the Plaintiff's Motion for a Preliminary Injunction filed October 6, 2004. Defendants request that this Court deny the Plaintiff's request for a preliminary injunction on the grounds that this court lacks personal jurisdiction over the Defendants and George S. May is not likely to succeed on the merits. Defendants incorporate by reference their Memorandum in support of the motions to set aside the TRO and deny the preliminary injunction and the attachments thereto. This supplemental response is supported by the following Memorandum of Law and the Court's file in this matter.

### MEMORANDUM OF LAW

**I.     INTRODUCTION**

Plaintiff, who has the burden of proof, has its facts wrong. Plaintiff inaccurately describes Defendants purported "metatagging" activities and falsely states that Defendants sell a

14

do-it-yourself guide. Plaintiff falsely accuses Defendants of accepting a fee from companies who request that reports be removed.

Plaintiff claims to have a good reputation and claims that the many reports filed by its own customers and former employees are false. However, a review of the reports themselves makes clear that Plaintiff has left a trail of unsatisfied customers and employees.

To accept Plaintiff's legal arguments would be tantamount to holding that jurisdiction exists over an Internet website operator everywhere in the world, a proposition that has been squarely rejected by the courts. Also, accepting this Plaintiff's legal arguments would require ignoring well settled case law regarding the protections of the Communications Decency Act and the elements of Lanham Act claims.

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER BOTH DEFENDANTS

### A. The Contractual Agreement Of The Parties Calls For Jurisdiction in Arizona

As set forth in Defendants' previous pleading, Plaintiff's agent agreed in a binding contract that claims arising out of the posting of his report are subject to jurisdiction in Arizona. Such contracts are valid and binding. *DeJohn v. The TV Corp. Intern.*, 245 F.Supp.2d 913 (C.D. Ill. 2003) (forum selection clauses are presumptively valid and the fact that the contract is electronic does not affect this conclusion). In a footnote, Plaintiff makes the unsupported assertion that that Mr. Lang, who entered into the contract did not have the authorization to bind the company and that the right to rebut falsehoods should not be tied to waiving jurisdiction. First, Mr. Lang represented himself to be a "consultant" with George S. May and a "staff executive." He surely had apparent authority to bind his company. Further, Plaintiff offers no support for its argument that the right to rebut falsehoods should not be tied to waiving jurisdiction. Plaintiff's agent availed himself of Defendants' services and in doing so, executed a

2

binding contract limiting jurisdiction to Arizona. Plaintiff has offered no reason that contract should not be enforced.

### B.    This Court lacks Jurisdiction Even Absent the Contract

Plaintiff asserts that jurisdiction should be found under the effects test. Plaintiff admits that it must prove Defendants' intentional tortious actions were expressly aimed at the forum state and caused harm to the Plaintiff in the forum state, of which the Defendant knows is likely to be suffered. It is undisputed that Defendants did not author any of the purportedly false reports. Defendants' only intentional conduct was to operate a website which is a forum for others to post their experiences and opinions about companies. The effects test, set forth by the United States Supreme Court in *Calder v. Jones*, 104 S.Ct. 1482 (1984), requires something more than just causing injury to someone harming someone in the forum state. The effects test is satisfied when the plaintiff alleges that the defendant committed an intentional tort expressly aimed at the forum state; the actions caused harm, the brunt of which was suffered in the forum state; and the defendant knew that the effects of its actions would be suffered primarily in the forum state. *Calder,* 465 U.S. at 788-90, 104 S.Ct. 1482. Here, Defendant Xcentric operated a website upon which others posted allegedly defamatory reports. That conduct cannot rise to the level of knowing that the effects of its actions would be suffered primarily in Illinois. *See Young v. New Haven Advocate,* 315 F.3d 256 (4th Cir. 2002)(dismissing for lack of jurisdiction in case arising out of posting of defamatory article even though injury would be felt in forum state).

In *Calder* the Court emphasized that the defendants had aimed their actions expressly at California and actually knew that the "potentially devastating" effects of their article would be felt primarily in the state. *Id.* at 789-90, 104 S.Ct. 1482. Here, because Defendants did not author the allegedly defamatory matter, they could not have aimed their activities at Illinois.

3

As set forth in Defendants' motion to set aside the temporary restraining order, Plaintiff has not shown that it suffered the brunt of its injury in Illinois. George S. May has offices in Nevada, New York, San Francisco, Canada, and Europe. It boasts that its clients are located "in virtually every corner of America as well as Canada." Defendants cited persuasive court reasoning why the burden is on Plaintiff to prove that harm to its reputation will be felt more strongly in Illinois, and that having its principal place of business there is not sufficient to meet that burden. In response, Plaintiff has come forward with no such evidence.

Plaintiff also asserts that Defendants are subject to jurisdiction in Illinois because of the nature of Xcentric's website. Plaintiff asserts that Defendants transact business over the Internet and are interactive. Defendants do not transact business over the Internet. The Rip-off Revenge Guide is owned and sold by Creative Media Publishing, L.L.C., which has an advertising agreement with Xcentric Ventures, L.L.C.[1] Thus, while Xcentric Ventures, L.L.C. advertises the Rip-off Revenge guide on its website, it does not sell the guide. Further, even if Xcentric did sell the guide to residents of Illinois, that would only subject it to jurisdiction for claims arising out of the sale of that book. Similarly, Xcentric's solicitation of donations is irrelevant because there is no claim here that arose out of a donation.

The Rip-off Report website is interactive to the extent that the viewers post information on the website. Making a posting is free. This claim arises not out of the relationship between Rip-off Report and the poster of the report, which is an interactive relationship, but rather, it arises out of Xcentric's passive activity in making information available. In addition, even if the Court analyzes this case under the test for an interactive web site, the level of interactivity here is simply that the author posted a complaint on the website and there was no commercial nature to

---

[1] Xcentric and Consumer Media have a license to use the Rip-off Report and Rip-off Revenge trademarks.

4

the exchange of information because there was no money exchanged. Rather, the posting was a classic exercise of non-commercial free speech.

Plaintiff also alleges that Defendants use metatags of the George S. May trademark knowing that it will have impact of searches performed in Illinois. That is an inaccurate factual description and does not establish that Defendants targeted their actions toward Illinois. Searches performed in Illinois will be the same as searches performed anywhere else in the United States, as well as the world. That argument is essentially the same as the argument that has been rejected by the courts that having an Internet presence subjects one to jurisdiction everywhere that the website can be accessed.

## IV.  THE PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED

### A.  Competition is a Prerequisite of Plaintiff's Claim Lanham Act Claim

In a blatant misstatement of the holding of two Ninth Circuit cases, Plaintiff asserts that it is "ridiculous" that competition is required for a trademark infringement claim based on metatagging. The *Playboy* case, cited by Plaintiff, specifically states that competition is required. "Initial interest confusion is customer confusion that creates initial interest in a **competitor's** product." *Playboy v. Netscape,* 354 F.3d 1020,1025 (9th Cir. 2001). Likewise, *Interstellar Starship Services v. Epix,* 304 F.3d 936 (9th Cir. 2002) *cert. denied* 120 S.Ct. 1161 holds that one of the most important factors in Internet trademark cases is the relatedness of the goods or services. Plaintiff's cases confirm the undisputed proposition that competition is required for trademark infringement.

### B.  Plaintiff's claims are barred by the Communications Decency Act

Plaintiff miscites *MCW v. badbusinessbureau.com,llc,* 2004 WL 833595 (N.D.Tex.), 2004-1 Trade Cases P 74,391. Ed Magedson and the previous operator of the Rip-off Report

5

website were the defendants in *MCW*. In *MCW*, the Texas District court refused to dismiss the action pursuant to the Communications Decency Act because (1) the Court was ruling on a 12(b)(6) motion so the court had to accept plaintiff's allegation there that defendants wrote all the titles as true; and (2) Mr. Magedson had actually written editorial postings that were at issue, so both he and Xcentric were information content providers. The *MCW* court stated:

> Rather, MCW is seeking relief because the defendants themselves create, develop, and post original, defamatory information concerning Bernard Haldane. MCW's Response at 21-22. Indeed, the defendants do not dispute MCW's allegations that the defendants personally write and create numerous disparaging and defamatory messages about Bernard Haldane in the form of report titles and various headings. Neither do the defendants dispute that they have also created and posted other disparaging editorial messages about Bernard Haldane.

*Id.*

In MCW the court recognized that to be an information content provider, you have to create the very content that is at issue. It is not enough that they chose what to post or edit posts. Every federal court that has looked at this issue agrees with that position. Here, Defendants did not create headings or titles and did not write any editorials. Nor have there been any allegations that they did. This is a classic case of a plaintiff attempting to treat an interactive computer service as a publisher or a speaker of information provided by another information content provider. 47 U.S.C. §230 bars such a claim.

Plaintiff further argues that the active solicitation of reports and metatagging is enough to take Defendants out of the protection of the Communications Decency Act. This argument is contrary to the actual statutory language and all of the case law. *See Carafano v. Metrosplash.com, Inc. 339 F.3d 1119* (9th Cir. 2003); *Blumenthal v. Drudge,* 992 F.Supp. 44 (D.D.C. 1998). Not surprisingly, Plaintiff does not even attempt to support its proposition with any law.

Further, the Communications Decency Act prohibits injunctive relief against web site operators. *Kathleen R. et al v. City of Livermore*, 87 Cal App.4th 684, 697-98, 104 Cal.Rptr.2d 772, 780-81 (2001); *Ben Ezra, Weinstein, & Co. v. America Online Inc.*, 206 F.3d 980, 983-84 (10th Cir. 2000).

## V.  CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court set aside the temporary restraining order entered on September 24, 2004, order Plaintiff's $1,000 bond paid to Defendants, and deny Plaintiff's request for a preliminary injunction.

> XCENTRIC VENTURES, LLC and ED MAGEDSON
>
> By: _____
> One of Their Attorneys

James K. Borcia
David O. Yuen
TRESSLER, SODERSTROM, MALONEY & PRIESS
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, IL 60606
(312) 627-4000

Of Counsel:
JABURG & WILK PC
Maria Crimi Speth, Esq.
Arizona Bar No. 012574
3200 North Central Avenue
Suite 2000
Phoenix, AZ 85012
(602) 248-1000

7