UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY,<br><br>Plaintiff,<br><br>-vs-<br><br>XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES,<br><br>Defendants. | Case Number: 04 C 6018<br><br>Judge Norgle |

## NOTICE OF MOTION

To: James K. Borcia, Esq.
David O. Yuen, Esq.
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606-6308

**PLEASE TAKE NOTICE** that on October 8, 2004, at 9:30 a.m., we will appear before the Honorable Charles R. Norgle, or any Judge sitting in his place or stead in Room 2341 in the United States District Court of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604, and will then and there present **MOTION FOR AN ORDER FINDING DEFENDANTS IN CONTEMPT FOR VIOLATING THE TEMPORARY RESTRAINING ORDER**, a copy of which is hereby attached and served upon you.

Dated: October 20, 2004

Bart A. Lazar, Esq.
Rachel M. Kindstrand, Esq.
Seyfarth Shaw LLP
55 East Monroe, Suite 4200
Chicago, IL 60603
(312) 346-8000
Attorneys for Plaintiff
GEORGE S. MAY INTERNATIONAL COMPANY

DOCKETED OCT 2 8 2004

FILED OCT 0 8 2004
JUDGE CHARLES R. NORGLE
U.S. District Court Judge

CH1 10788861.3

## CERTIFICATE OF SERVICE

Bart A. Lazar, hereby certify that on the date indicated below, a copy of the foregoing NOTICE OF MOTION; MOTION FOR AN ORDER FINDING DEFENDANTS IN CONTEMPT FOR VIOLATING THE TEMPORARY RESTRAINING ORDER; THIRD DECLARATION OF CHARLES E. BLACK IN SUPPORT OF MOTION FOR AN ORDER FINDING DEFENDANTS IN CONTEMPT FOR VIOLATING THE TEMPORARY RESTRAINING ORDER; and (PROPOSED) ORDER FINDING DEFENDANTS IN CONTEMPT FOR VIOLATING THE TEMPORARY RESTRAINING ORDER ENTERED ON SEPTEMBER 24, 2994 AND EXTENDED UNTIL FURTHER ORDER OF THE COURT ON OCTOBER 8, 2004.

were served on the following opposing counsel by hand delivery.

>James K. Borcia, Esq.
>David O. Yuen, Esq.
>Tressler, Soderstrom, Maloney & Priess
>233 South Wacker Drive, 22nd Floor
>Chicago, Illinois; 60606-6308

on the 20th day of October, 2004.

_____
Bart A. Lazar

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **GEORGE S. MAY INTERNATIONAL COMPANY,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| -vs- | ) Case Number: 04 C 6018<br>)<br>) Judge Norgle |
| **XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES,** | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**DOCKETED** OCT 2 8 2004

**FILED** OCT 0 8 2004
JUDGE CHARLES R. NORGLE
U.S. District Court Judge

### MOTION FOR AN ORDER FINDING DEFENDANTS IN CONTEMPT
### FOR VIOLATING THE TEMPORARY RESTRAINING ORDER

Now Comes Plaintiff, George S. May International Company ("GSMIC"), by and through its attorneys Seyfarth Shaw LLP, and hereby states in support of its Motion for An Order to Show Cause Why Defendants Should Not Be Held In Contempt for Violating the TRO entered by this Court on September 24, 2004, and extended until further order of this Court on October 8, 2004, as follows:

1.  On September 24, 2004, this Court granted GSMIC's motion for a Temporary Restraining Order which expressly orders that:

> Defendants be temporarily enjoined from making, hosting or transmitting false or deceptively misleading, descriptions, statements or representations concerning George S. May, its business, owner, officers, employees and/or agents;

> AND, it appearing to the Court that Defendants are making, hosting and/or transmitting false or deceptively misleading, descriptions, statements or misrepresentations about George S. May, its business, owner, officers, employees and/or agents and will continue to carry out such acts unless restrained by Order of the Court, it is:



...ORDERED, that pending the hearing on George S. May's application for a preliminary injunction, Defendants, it officers, agents, servants, employees, attorneys, and any and all persons acting in active concert or participation with it or having knowledge of this Order by personal service or otherwise (including any and all internet service providers served with a copy of this Order) be, and they are, hereby temporarily restrained from committing any of the acts set forth above.

See Order, attached hereto as Exhibit 1.

2. On October 8, 2004, this Court extended the TRO under further order of the Court. Defendants orally agreed to an extension of the TRO. See Minute Order and Transcript of proceedings dated October 8, 2004 at pages 4-5, attached hereto as Exhibit 2.[1]

3. While Defendants have taken down a posting that alleges that GSMIC has engaged in drug use, pedophilia, and child pornography, Defendants have chosen to permit postings which allege that GSMIC, its business, management, and employees have engaged in larceny, deceptive trade practices, and scams. Further, Defendants have refused to take down false postings, including a posting which was falsely ascribed to GSMIC's President, and postings that even the original posters have asked Defendants to take down as false.

4. Defendants have posted, and continue to post, statements about GSMIC, its owner and its business, which are false and deceptively misleading. See Third Declaration of Charles Black ("Third Dec."). These postings include:

a. A posting entitled "George S. May –UNETHICAL TRADE SECRETS REVEALED!" which falsely states:

> Lastly, "larceny" is an admirable trait that is a prerequisite for any successful George S. May analyst (according to the company's teachings). Incredibly, George May SENEX, Dave Barry, instructs his students on a weekly basis of this fact. "Larceny" is defined as the unlawful taking of personal property with intent

---

[1] The attached transcript was sent via email by the court reporter. A formal, signed copy of the transcript of the October 8, 2004 proceedings will not be available until next week, and will be forwarded to the Court once it is received.

2

to deprive the rightful owner of it permanently. He is quick to gloss over the "unlawful" aspect of such an act, but as he says: "depriving a business owner of his cash-on-hand is vital to George S. May's operations."

GSMIC does not instruct employees to deprive businesses of cash-on-hand. Third Dec. ¶ 4(a) and Exhibit B.

b.  A posting entitled "George S. May International deceptive company, false promises, raped & pillaged us, ripoff They will find a way to take your money and leave you feeling empty, robbed and wondering what just happened!" This posting falsely states that GSMIC never responded to requests from the individual who relayed this information in the posting. In fact, GSMIC has satisfactorily resolved this individual's issues, and the individual who provided the information for the posting requested that Defendants remove the posting, but Defendants refused. Third Dec. ¶ 4(b) and Exhibit C.

c.  A posting entitled "George S. May ripoff "The Prostitute of the Consulting Business" A complete, total, incredibly horrible, lying, decietful (siq) company..." This title is false and extremely harmful and defamatory to GSMIC, its business and its employees. Third Dec. ¶ 4(c) and Exhibit D. Moreover, this posting and subsequent responses falsely state that "company policy, as laid forth in our Policy and Procedures Manual, clearly states that Field Service reps are never, under any circumstances, to have any contact with Survey Service or Management Services personnel." Id.

d.  A posting entitled "George S. May International Rip-off Dishonest misleading & one of the worst companies to work for.....The company treats their employees very poorly, perhaps due to the more than 100% turnover rate," which includes a message purported to be from GSMIC's President and signed by "Israel Kushner—Park Ridge, Illinois", entitled "Message from the President of George S May International Company...This may include a full refund" stating:

3

> I have been mandated by the George S. May International Company Board of Directors to address and resolve all issues on 'Rip-off Report.com' in a timely and professional manner. I encourage all clients and employees to contact me at #800-999-3020 for a full resolution of your problem. This may include a full refund.

This posting is patently false and was never posted by GSMIC's President. Third Dec. ¶ 4(d) and Exhibit E.

 e. A posting entitled "George S. May International ripoff Abuse of employee status" This posting and subsequent responses to this posting, which includes an "update" entitled "The saga didn't end there," falsely states:

> 1) The methods for working with the field staff was designed (by others) in the 1930s (constant/scheduled telephone contact)...
>
> 2) Their telemarketing system is circa the 1970s.
>
> 3) Their IT needs are all run on an antiquated, costly mainframe computer.
>
> 4) Voice mail is non-existent, and email is reserved soley for the people within the office.
>
> 5) No records are kept by May of what leads have been worked in what area—they have no system to do this which wastes a ton of their sales force's time and effort.

These statements regarding GSMIC's business practices and procedures are false. Third Dec. ¶ 4(e) and Exhibit F.

 f. A posting entitled "George S. May International Company, Better Business Bureau, BBB CONFIDENCE GAME SEPARATES FOOLS FROM THEIR MONEY..." which falsely states:

> BBB and the George S. May International Company combine to defraud small business owners. The BBB is a marketing tool for companies to join it's ranks rather than a champion of the consumer, as they would have you believe. The BBB does not handle any consumer complaints raising issues concerning the competency of doctors, dentists, licensed therapists, veterinarians, and lawyers. The BBB specializes in unlicensed and unregulated professionals. The George S.

> May International Company employs these unregulated professionals to front for their operation of an unethical sales machine.

GSMIC does not employ the Better Business Bureau. Third Dec. ¶ 4(f) and Exhibit G.

g.  A posting entitled "George S. May International Company303 ripoff Unsolicited salesman, $350.00/day deceptive "analyst"..." and subsequent postings which falsely state that George S. May "paid for the awards they received from the BBB" and that "subsequent research has shown the company is not registered to do business with our Secretary of State." Additionally, the posting includes a statement entitled "They are all salesman" and which is purported, according to the signature, to be from a GSMIC employee named "Shawn" which states, among other things, that GSMIC:

> [Uses] the same high pressure tactics on employees that they use on clients. They have you out in the middle of nowhere a thousand miles from home and they refuse to arrange travel for you until they get the money they want. This is just one of the ways they threaten, coerce and intimidate employees as well as client.

The real Shawn, a Staff Executive with GSMIC, was forced to post a rebuttal to this posting entitled "This information did not originate from me." The person posing as Shawn apparently had access to the real Shawn's email accounts. Third Dec. ¶ 4(g) and Exhibit H.

h.  A posting entitled "George S. May International Company GSMIC WARNING: DO NOT BE SCAMMED! PLEASE READ THIS IS YOU ARE PROSPECTIVE CLIENT OR EMPLOYEE OF GEORGE S. MAY!..." This title is false and extremely harmful and defamatory to GSMIC. Moreover, this posting falsely states "[t]hey will offer a "guarantee" to increase your "fill-in-the-blank" by "15%" while they are there preparing "marketing" strategies for 5 days. By then, and with 3 to 5 consultants in your office, the total bill will be $30,000 to $50,000." Third Dec. ¶ 4(h) and Exhibit I.

5.  On October 8, 2004, GSMIC sent a letter to Defendants advising them of the continued making, hosting and/or transmitting of false and deceptively misleading postings in

5

CH1 10802385.2

violation of this Court's TRO. GSMIC asked Defendants to remove the false postings from the websites. See GSMIC letter to Defendants, attached hereto as Exhibit 3.

6. Defendants responded to GSMIC's request by denying that Defendants consented to the entry of a temporary restraining order, and by stating that "the Defendants merely agreed, as you did, to an extension of the order **in its present form** until the Court rules on your motion for preliminary injunction." (emphasis in original). See Defendants' letter, attached hereto as Exhibit 4.

7. GSMIC subsequently sent Defendants another letter requesting that Defendants remove false and defamatory postings from the websites. See Exhibit 5 attached hereto.

8. This Court's order granting GSMIC's request for a TRO expressly enjoins Defendants "from making, hosting or transmitting false or deceptively misleading, descriptions, statements or representations concerning George S. May, its business, owner, officers, employees and/or agents." Exhibit 1.

9. The postings referenced paragraphs 4(a) through 4(h), above are false and deceptively misleading, and are in clear violation of the TRO. Third Dec. ¶¶ 4(a)-(i).

10. Defendants' refusal to remove the above postings, which includes the practice of metatagging the terms "George S. May" so individuals that search for "George S. May" on the Internet will locate Defendants' postings, has caused and will continue to cause GSMIC actual damage and irreparable harm. Third Dec. ¶ 5.

11. For example, Defendant has received email correspondence from a potential employee who was scheduled to interview with GSMIC, but subsequently refused to interview with GSMIC, stating that "[s]ome research unveiled that your company is a fraud. If I were you, I'd get out now." Third Dec. ¶ 6(a) and Exhibit L.

12.     Additionally, GSMIC was forced to "write off" a bill for services GSMIC provided for a client. This client refused to pay, and stated that "he had seen the Rip Off.com website and had concerns about the company." Third Dec. ¶ 6(b) and Exhibit L.

13.     Defendants refuse to remove the postings, even at the request of the individual who authored the posting. Once the posting is edited, published, and/or transmitted by Defendants, it can never be removed, only "updated." Furthermore, Defendants edit the content of the information that can be posted in the Rebuttal. Third Dec. ¶ 7 and Exhibit N; See also "Some REBUTTAL NOTES from the EDitor, attached hereto as Exhibit 6 (emphasis in original).

WHEREFORE, Plaintiff GSMIC respectfully requests that this Court find Defendants in contempt of this Court's Temporary Restraining Order, entered on September 24, 2004 and extended until further order of this Court on October 8, 2004.

SIGNATURE PAGE FOLLOWS

7

CH1 10802385.2

DATED: October 20, 2004

Respectfully submitted,

GEORGE S. MAY INTERNATIONAL COMPANY

By: _____
   One of Its Attorneys

Attorneys for Plaintiff:

Bart A. Lazar, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
55 East Monroe, Suite 4200
Chicago, Illinois 60603
Telephone: (312) 346-8000
Facsimile: (312) 269-8869
Firm No. 90747

8

# See Case File for Exhibits