JKB/cfh-/ds#344844                                                                  5634-2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) No. 04 C 6018 |
| XCENTRIC VENTURES, LLC, RI-POFF REPORT.COM, BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES, | ) Judge Norgle |
| Defendants. | ) |

DOCKETED NOV 17 2004

FILED NOV 12 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF FILING

TO:   Bart A. Lazar, Esq.
      Seyfarth Shaw LLP
      55 East Monroe, Suite 4200
      Chicago, IL 60603

**PLEASE TAKE NOTICE** that on the 12th day of November, 2004, there was filed with the United States District Court for the Northern District of Illinois, Eastern Division, **Defendants' Response to Motion For An Order Finding Defendant In Contempt For Violations Of The Tro,** a copy of which is attached hereto and hereby served upon you.

XCENTRIC VENTURES, LLC and ED MAGEDSON

By: /s/ James K. Borcia
One of Their Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

22

## PROOF OF SERVICE

    I, the undersigned, on oath state that I served copies of the above-referenced documents upon the above-referenced parties at their addresses listed above by depositing the same in the U.S. Mail at 233 South Wacker Drive, Chicago, Illinois, before 5:00 p.m. on the 12th day of November, 2004, with proper postage prepaid.

*[Signature: Denise Stevens]*

Subscribed and Sworn to before me
on this 12th day of November, 2004

By: *[Signature: Ruth E. Schilling]*
    Notary Public

Official Seal
Ruth E Schilling
Notary Public State of Illinois
My Commission Expires 07/24/07

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE S. MAY INTERNATIONAL
COMPANY,

    Plaintiff,

vs.

XCENTRIC VENTURES, LLC,
RI-POFF REPORT.COM,
BADBUSINESSBUREAU.COM,
ED MAGEDSON, VARIOUS
JOHN DOES, JANE DOES AND ABC
COMPANIES,

    Defendants.
_____/

CASE NO. 04 C 6018

Honorable Judge Norgle

DOCKETED
NOV 17 2004

FILED
NOV 12 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### DEFENDANTS' RESPONSE TO MOTION FOR AN ORDER FINDING DEFENDANT IN CONTEMPT FOR VIOLATIONS OF THE TRO

Defendants respectfully request that the Court deny the Motion for an Order Finding Defendant in Contempt for Violation of the TRO because the TRO did not cover the postings that Plaintiff now complains about and because no determination has been made that those postings are false. This response is supported by the following Memorandum of Law and the Court's file in this matter.

### MEMORANDUM OF LAW

Plaintiff seeks a ruling that would not only chill free speech, but would leave it frozen solid. In complete disregard of the First Amendment of the Constitution, the Plaintiff seeks a contempt finding for disseminating speech that they say is false, but that has not been determined by the Court to be false.

1

Plaintiff's September 15, 2004 application for a Temporary Restraining Order included an affidavit from Charles Black that contended that Defendants had published false statements as set forth in Exhibit "C" to Mr. Black's affidavit. For the Court's convenience, Exhibit "C" is reproduced in its entirety as Exhibit "1" to this memorandum. Based on Plaintiff's application, this Court entered an order that the Defendants were temporarily enjoined from making, hosting or transmitting false or deceptively misleading, descriptions, statements or representations concerning George S. May, its business, owner, officers, employees and/or agents.

Despite Defendants' strong objection to both the Court's jurisdiction and to the constitutionality of the order, Defendants complied with the order and removed the material set forth in Plaintiff' Exhibit "C." That was the only material before the Court at the time the restraining order was issued and, thus, the only material that this Court could have found to be potentially false.

On October 8, 2004, the parties appeared before the Court and attorneys for both parties agreed to maintain the status quo while the parties fully briefed the Motion for a Preliminary Injunction. The status quo was that every one of the reports that Plaintiff now complains of were already posted and the report that this Court previously ruled upon was not posted.

Later in the day on October 8, 2004, for the first time, Plaintiff took the position in a letter that there were additional reports that were false and that Defendants were obligated by this Court's order to take those reports down. Defendants responded on October 12, 2004. Exhibit "2."

Plaintiff's current position is that since the temporary restraining order (which they drafted) contains the very broad language that Defendants are temporarily enjoined from making, hosting or transmitting false or deceptively misleading descriptions, statements or representations concerning George S. May, Defendants are under Court order to take down every report that Plaintiff unilaterally designates as falling into those categories. Such a determination would be the ultimate affront to free speech. Defendants have had no opportunity to offer evidence that the statements are not defamatory and this Court has not had the

2

10297-001/MCS/MCS/410365

opportunity to consider the evidence and determine whether the statements complained of are defamatory. Not only does Plaintiff seek to suppress speech based solely on the affidavit of their own vice-president, they seek sanctions for contempt of court for failure to remove reports that this Court has not determined to be false.

It is well settled that injunctions against speech are only granted in the rarest cases. "The general rule is that equity does not enjoin libel, rather the only remedy for defamation is an action for damages. There is a heavy presumption that prior restraints on expression are unconstitutional." *Kisser v. Coalition for Religious Freedom*, 1996 WL 147978 (N.D. Ill. 1996). If speech is to be enjoined, it should only be after a jury has determined that it is defamatory and only where there has been a showing of no adequate remedy at law, such as where the defendant is insolvent. *See Kramer v. Thompson*, 947 F.2d 666 (3rd Cir. 1991). The *Kramer* decision is instructive because it addresses this very issue of restraining speech before it is even determined to be defamatory. The Third Circuit's opinion in *Kramer* included an extensive and well thought out analysis of prior restraint issues and cases. One major factor considered was that injunctive relief, because it is issued by the court, deprives a defendant of his right to a trial by jury on the issue of truth or falsity of the statement. The *Kramer* court noted that a line of cases has emerged that hold that "an injunction against speech generally will not be considered an unconstitutional prior restraint if it is issued after a jury has determined that the speech is not constitutionally protected." 947 F.2d at 675. The Third Circuit then reversed the district court's injunction, in part because the district court had directed a verdict in favor of the plaintiff without permitting the defendant to put on a defense.

> Given the fear of judicial censorship that has pervaded this area of jurisprudence, and the almost talismanic significance that the case law attaches to the decisions of juries, we think it likely that, even if the Pennsylvania Supreme Court were willing to adopt this exception, it would do so only **when there actually has been a jury determination regarding the libelous nature of the defendant's statements.**

947 F.2d at 678-79 (emphasis added).

3

While some courts have been willing to issue injunctions against speech after a full trial on the merits and a determination that speech is defamatory, there is not a single published decision to support the issuance of an injunction against speech based solely on a plaintiff's assertion that it is false without a hearing and without a determination by even the court that the particular statement sought to be enjoined is false and defamatory.

Plaintiff's motion should be denied.

Of Counsel:
**JABURG & WILK PC**

Maria Crimi Speth, Esq.
Arizona Bar No. 012574
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
Telephone: 602.248.1000
Facsimile: 602.248.0522
E-mail  mcs@jaburgwilk.com

Attorneys for Defendants

By: _____
James K. Borcia

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

Attorneys for Defendants
Xcentric Ventures, LLC,
badbusinessbureau.org, and
Ed Magedson

4

10297-001/MCS/MCS/410365

this company then I will feel that I have achieved something positive fr( horrendous relationship with GSM.

Danny
Henderson, Nevada
U.S.A.

**Company Search**

If you would like to see more Rip-off Reports™ on George S. May, plea use the search box below

| George S. May | Search |

In order to assure the best results in your search:
- Keep the name short & simple, and try different variations of the name.
- Do not include ".com", "S", "Inc.", "Corp", or "LLC" at the end of the Company name
- Use only the first/main part of a name to get best results.
- Only search one name at a time if Company has many AKA's.

Click here to go to our *advanced search* page.

**Rebuttal** Consumer Comment
Submitted: 8/31/2004 9:05:53 PM Modified: 9/1/2004 1:27:33 AM

# Owner of George S. May Company child pornography and other heineous crimes

The founder of this company has a background of child pornography a other heineous crimes. Some are so bad I don't want to mention them, must.

I will be back with more as I check on details. This is so serious, I will c the facts I have before posting.

Here is what I do have the facts on. He likes to claim to some he is a go Christian to gain the trust of those he will deceive. He flashes the "fish" around, which must be some sort of secret Christian signal.

Meanwhile, he offers drugs to junior high school children to get them t( engage in sex with each other on tape. He has the tapes in his office. H he keeps the harddrive clean, but some of us have backed up the porn. just waiting for the police to show up and we will come forward.

There is some secret porn club of pedifiles at George S. May which inv( the office directors. When they have district meetings they watch kiddi( videos and smoke crack.

These are some really messed up people. More to follow in a few days as I can verify a few things. Party pictures will also be posted.

"EXHIBIT 1"

Dah - Tucson, Arizona
U.S.A.

## Rebuttal UPDATE EX-employee responds
Submitted: 9/2/2004 10:32:26 AM Modified: 9/2/2004 4:38:44 PM

### Now even for me that is garbage! GSMIC are scammers not criminals

The Owner of the Company is some old lady in California. I think that if have information about such allegations you should contact the police. are so outrageous as to a joke.

Don't misunderstand me. These guys are all a bunch of crooks. From tl President on down, but I think you have gone too far. If you really belie allegations, make sure they are investigated, and then let everyone kno

As a business man or as a potential employee, I still recommend that y away. These are not ethical people and are a bunch of crooks

Steve - Ste. Dorothee, Quebec
Canada

---

**REBUTTAL BOX**
**MY COMPANY HAS BEEN REPORTED!**
**HOW DO I RESPOND?**
Are you an owner, employee or ex-employee with either negative or positive information about the company or can you provide "insider information" on this company? Do you have a consumer suggestion on how to resolve this problem or how to avoid it in the future? ONLY these types of responses will be added to the filed report, and will be posted within 24 hours of receipt. Make your voice heard. Let them know your side, too!
CLICK HERE to Send us your rebuttal on this specific report only.
or
***If you are also a victim of the same company or person,
**YOU NEED TO FILE YOUR OWN RIP-OFF REPORT.**
CLICK HERE to File your OWN Rip-Off Report

---

Feel free to send us suggestions and comments to our editorial staff.

Technical questions can be addressed to our webmaster.

Best if viewed with Netscape 4, Internet Explorer 4, or AOL 4.0. Support for JavaScript is needed to submit and search for reports.

If you are having trouble submitting via our JavaScript form such as Web TV users, please use our Non-JavaScript form.

Having trouble searching or filing a report? It may be a browser problem. See our FAQ for help

Home | File | Update | Search | Pictures | Reporter | Lawsuits(Coming Soon) | Revenge Guide
Volunteers | Thank You! | Editorial | Donate | Link | FAQ | E-Mail Us

http://www.ripoffreport.com/reports/ripoff106424.htm                    9/10/2004



# TRESSLER, SODERSTROM, MALONEY & PRIESS
### ATTORNEYS AT LAW

Sears Tower, 22nd Floor
233 S. Wacker Drive
Chicago, Illinois 60606-6308

312/627-4000
Fax 312/627-1717
www.tsmp.com

James K. Borcia
(312) 627-4104
jborcia@tsmp.com

October 12, 2004

**VIA FACSIMILE**
Bart A. Lazar, Esq.
Seyfarth Shaw LLP
55 East Monroe Street, Suite 4200
Chicago, IL 60603-5803

Re: *George S. May Int'l Co. v. Xcentric Ventures, LLC, et al.*
Our File No. 5634-2

Dear Mr. Lazar:

This will respond to your letter of October 8, 2004. You mischaracterize what happened in court earlier that day. At no point have the Defendants ever consented to the entry of a temporary restraining order. As you know, the court previously entered such an order over Defendants' objections. At the October 8th hearing, the Defendants merely agreed, as you did, to an extension of the order **in its present form** until the Court rules on your motion for preliminary injunction.

I am surprised in your letter you attempt to expand upon the Court's order. At no time during the hearing did you make any indication of your desire to do so. You were aware before we appeared on October 8 that Defendants had taken action to comply with the Court's order. You did not raise any issue with the actions taken by Defendants to comply with the court's order, and did not suggest you would be seeking for the Defendants to take any further action until the Court rules on the preliminary injunction motion. The Court's order is a continuance of the status quo until the ruling on the preliminary injunction motion. Your letter seeks a change in the status quo, which is inappropriate. It is important to note that the postings that you take issue with **pre-date the October 8 hearing,** and thus you were fully aware of them long before your appearance before Judge Norgle that day. Your failure to raise these issues at the hearing also represents a waiver of your ability to do so now.

Very truly yours,

James K. Borcia

JKB/cic/340623

cc: Maria Crimi Speth, Esq.

LINCOLNSHIRE, ILLINOIS      WHEATON, ILLINOIS      COSTA MESA, CALIFORNIA

LOS ANGELES, CALIFORNIA      NEWARK, NEW JERSEY      NEW YORK, NEW YORK

"EXHIBIT 2"