**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED
NOV 23 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

GEORGE S. MAY )
INTERNATIONAL COMPANY, )
  )
Plaintiff, )
  )       Case Number: 04-C-6018
-vs- )
  )       Judge Norgle
XCENTRIC VENTURES, LLC, )
RIP-OFF REPORT.COM )
BADBUSINESSBUREAU.COM, )
ED MAGEDSON, VARIOUS )       NOV 24 2004
JOHN DOES, JANE DOES AND )
ABC COMPANIES, )
  )
Defendants. )

## NOTICE OF FILING

To:   James K. Borcia, Esq.
      David O. Yuen, Esq.
      Tressler, Soderstrom, Maloney & Priess
      233 South Wacker Drive, 22nd Floor
      Chicago, Illinois 60606-6308

**PLEASE TAKE NOTICE** that on November 23, 2004, Plaintiff George S. May International Company, by and through its attorneys Seyfarth Shaw LLP, filed with the United States District Court, Northern District of Illinois, Eastern Division, its **REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER FINDING DEFENDANTS IN CONTEMPT FOR VIOLATING THE TEMPORARY RESTRAINING ORDER**, a copy of which is attached hereto and hereby served upon you.

Dated: November 23, 2004

Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
Seyfarth Shaw LLP
55 East Monroe, Suite 4200
Chicago, IL 60603
(312) 346-8000
Firm Id. 90747

CH1 10820929.1

## CERTIFICATE OF SERVICE

I, Bart A. Lazar, hereby certify that on the date indicated below, a copy of **GEORGE S. MAY INTERNATIONAL COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER FINDING DEFENDANTS IN CONTEMPT FOR VIOLATING THE TEMPORARY RESTRAINING ORDER** was served on the following opposing counsel via U.S. first class mail.

> James K. Borcia, Esq.
> David O. Yuen, Esq.
> Tressler, Soderstrom, Maloney & Priess
> 233 South Wacker Drive, 22nd Floor
> Chicago, Illinois; 60606-6308

on the 23rd of November, 2004.

_____
Bart A. Lazar

FILED
NOV 23 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY,<br><br>Plaintiff,<br><br>-vs-<br><br>XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES,<br><br>Defendants. | Case Number 04-C-6018<br><br>Judge Norgle |

### GEORGE S. MAY INTERNATIONAL COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER FINDING DEFENDANTS IN CONTEMPT FOR VIOLATING THE TEMPORARY RESTRAINING ORDER

The named defendants (hereinafter "Defendants") have no justification for choosing not to comply with the Temporary Restraining Order issued by the Court on September 24, 2004 and extended by agreement of the parties in open court on October 8, 2004 (the "TRO"). Defendants act like they did this Court and GSMIC a favor by taking down one vile Internet posting, while continuing to post other statements that violate the TRO and are actively causing damage to GSMIC. Thus, Defendants are not merely showing contempt for GSMIC or contempt for the individuals who are trying to remove postings falsely attributed to them, but are flaunting the power of this Court.

Defendants challenge the propriety and scope of the TRO, but that is not relevant at this point. Defendants had the chance to challenge the terms of the TRO on two separate occasions. On September 24, 2004, Defendants challenged the propriety of granting the TRO and lost. They did not challenge the scope of the TRO. Then, on October 8, 2004, Defendants **consented**

CH1 10820024.1

**in open court** to comply with the terms of the TRO, they did not argue that the TRO should be limited to one posting! See Minute Order and Transcript, attached as Exhibit 1.

Civil contempt occurs when a party has "not been 'reasonably diligent and energetic in attempting to accomplish what was ordered.'" *Internat'l Star Registry of Illinois, Ltd., v. SLJ Group, Inc.*, 325 F. Supp. 2d 879, 883 (N.D. Ill. 2004) (citations omitted). The terms of the TRO enjoin Defendants from "making, hosting or transmitting false or deceptively misleading, descriptions, statements or misrepresentations about George S. May, its business, owners, officers, employees and/or agents." The language of the TRO was clear: Defendants were enjoined from continuing to post, host or transmit false or deceptively misleading statements about GSMIC, its business, owners, officers, employees, or agents.

GSMIC has pointed out to Defendants and presented undisputed evidence before this Court regarding several postings that: 1) falsely state GSMIC employees have engaged in larceny, deceptive trade practices and scams; 2) falsely state that GSMIC's CEO and employees authored postings, when this is not the case; and 3) falsely state that a GSMIC customer is dissatisfied with GSMIC when she asked to remove the posting because she resolved her dispute with GSMIC. *See* Third Decl. of Black. Defendants claim, without any legal support, that the terms of the TRO were limited to one posting, and have not contested the falsity of the postings at issue. Defendants have not exercised reasonable diligence or made an energetic attempt to accomplish what was ordered in the TRO—they have flat out refused to comply.

Defendants' arguments are ridiculous. GSMIC's motion for a TRO was not limited to one posting, but to all false and deceptively misleading representations and statements of fact made by Defendants. The purpose of the TRO was to enjoin unlawful activities, not one specific act. The language cited above is clearly not limited to any one posting.

CH1 10820024.1

Defendants' argument is made even more ridiculous by the fact that they knew GSMIC's concerns went beyond one posting. Prior to filing suit, GSMIC had requested that Defendants take down the false posting attributed to Israel Kushnir, GSMIC's CEO. *See* Black Decl. at Exh. B (filed on September 15, 2004). Further, after the issuance of the TRO, GSMIC sent a detailed letter to Defendants specifying the postings that were false and requesting that they be taken down pursuant to the terms of the TRO. *See* Motion for an Order Finding Defendants in Contempt at Exh. 3. GSMIC advised Defendants of several postings that were false and defamatory and asked that they be removed in accordance with the TRO, yet Defendants refused to act.

Defendants' main argument seems to be that they do not have to comply with the TRO. Specifically, they claim that compliance with the TRO--to wit, taking down more posting than just one--would violate the First Amendment. Defendants' argue that injunctions in defamation cases should rarely be granted as an injunction is a prior restraint on speech.

First, this argument, if valid, should have been made at the time the TRO was granted, or when the TRO was extended. But Defendants **consented** to the TRO, so they have waived this argument. Moreover, even assuming, *arguendo*, that there are some First Amendment implications with respect to the activities on Defendants' websites, Defendants cannot use the First Amendment as an excuse for not complying with the terms of the TRO after it has been granted. This point is highlighted by the fact that Defendants do not argue, nor do they cite any legal authority, for the proposition that they are not liable for civil contempt.

Second, contrary to Defendants' assertions, Courts do in fact grant preliminary injunctive relief in defamation cases without the benefit of a jury trial. *See, e.g., J.K. Harris & Co., LLC v. Kassel*, 253 F.Supp.2d 1120, 1130 (N.D. Cal. 2003) (enjoining statements posted on the Internet

3

that the plaintiff alleged to be false and were not challenged by the defendant). GSMIC is not, however, simply asserting a defamation claim, and Defendants make no mention of the other claims raised by GSMIC, such as its claims under Section 43(a) of the Lanham Act and its other state law causes of action. Additionally, GSMIC prevailed on its request for a TRO by showing a "better than negligible" chance of succeeding on the merits coupled with the irreparable harm it continues to suffer. *See, e.g., Brach Van Houten Holding, Inc. v. Save Brach's Coalition for Chicago*, 856 F.Supp. 472, 474 (N.D. Ill. 1994). There is no requirement that a trial on the merits be conducted before GSMIC may be granted a TRO or preliminary injunctive relief. In fact, published case law supports granting injunctive relief on the basis of the declarations of Charles E. Black, GSMIC's vice-president of operations. For example, as the court noted in *J.K. Harris*:

> Those statements that Plaintiff has declared to be false that were submitted to Defendants by third parties are enjoined. The only evidence in the record indicates that these statements are false and misleading and prohibited by the Lanham Act. These statements, moreover, are harmful to the business reputation and good will of Plaintiff. Plaintiff has shown both a serious question as to whether these statements are false and that the balance of hardships tips in its favor. Because Defendants have submitted no admissible evidence that these statements are true or, for some other reason, constitutionally protected, they suffer no hardship in having these statements enjoined.

*J.K. Harris & Co., LLC*, 253 F.Supp.2d at 1130.

Courts have clearly noted that "an injunction that restrains only false or misleading commercial speech 'is consistent with the First Amendment.'" *Cornwell v. Sachs*, 99 F.Supp.2d 695, 708 (E.D. Va. 2000) (citations omitted). "'Nothing is clearer in the emerging law of commercial free speech than that false or misleading commercial speech is clearly subject to restraint.'"

Since Defendants have not contested the commercial nature and false content of the postings, it is undisputed that the postings are false and that Defendants should have removed

4

them pursuant to the TRO. These postings and Defendants' failure to comply with the terms of the TRO continue to cause GSMIC irreparable harm because customers, actual or potential, and potential employees readily view the contents of Defendants' postings and decide not to do business with GSMIC. *See* Third Decl. of Black, at ¶¶ 6(a)-(b) and Exh. L.

In sum, the Defendants are thumbing their nose at this Court's authority and the TRO, and GSMIC is being irreparably harmed by Defendants' conduct. GSMIC respectfully requests that Defendants be found to be in contempt of court and that Defendants be ordered to pay GSMIC damages and its reasonable attorney's fees generated in connection with this motion.

DATED: November 23, 2004

Respectfully submitted,

GEORGE S. MAY INTERNATIONAL COMPANY

By: _____
One of Its Attorneys

Attorneys for Plaintiff:

Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
55 East Monroe, Suite 4200
Chicago, Illinois 60603
Telephone: (312) 346-8000
Facsimile: (312) 269-8869
Firm No. 90747

# Exhibit 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

chael W. Dobbins                                          Office of the Clerk
    CLERK


    Bart Allen Lazar
    Seyfarth Shaw
    55 East Monroe Street
    Suite 4200
    Chicago, IL   60603


-----------------------------------------------------------------------------
     Case Number:   1:04-cv-06018

     Title:   George S May Intl v. Xcentric Ventures

;igned Judge: Honorable Charles R. Norgle, Sr


IUTE ORDER of 10/8/04 by Hon. Charles R. Norgle Sr :
:ion for leave to file instanter a brief in excess of
teen (15) pages is granted [6-1]. Defendant is given 14
's to file a supplemental response. Plaintiff is given 14
's to file its reply. The temporary restrainingorder is
.ended until further order of court. Status hearing set
· 11/5/04 at 9:30 a.m. Mailed notice


s docket entry was made by the Clerk on October 12, 2004


ENTION:  This notice is being sent pursuant to Rule 77(d) of the
         Federal Rules of Civil Procedure or Rule 49(c) of the Federal
         Rules of Criminal Procedure.  It was generated by ICMS,
         the automated docketing system used to maintain the civil and
         criminal dockets of this District.  If a minute order or
         other document is enclosed, please refer to it for
         additional information.

  scheduled events, motion practices, recent opinions and other information,
it our web site at www.ilnd.uscourts.gov

ck our web site for CourtWeb--a concise listing of rulings by judges.
ck for rulings on noticed motions.  Also, subscribe to CourtWatch--a free
vice--to receive e-mail notification of CourtWeb postings.

apply for a PACER account, call 1.800.676.6856

1

```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION


GEORGE S. MAY INTERNATIONAL      )
COMPANY,                         )
                                 )
               Plaintiff,        )
                                 )
      vs.                        )   No. 04 C 6018
                                 )
XCENTRIC VENTURES, LLC, et al., )    Chicago, Illinois
                                 )   October 8, 2004
               Defendants.       )   9:30 a.m.


              TRANSCRIPT OF PROCEEDINGS
       BEFORE THE HONORABLE CHARLES R. NORGLE, SR.

APPEARANCES:

For the Plaintiffs:     SEYFARTH SHAW
                        BY:  MR. BART A. LAZAR
                             MS. RACHEL M. KINDSTRAND
                        55 East Monroe Street
                        Suite 4200
                        Chicago, Illinois  60603
                        312/346-8000



For the Defendants:     TRESSLER, SODERSTROM, MALONEY & PRIESS
                        BY:  MR. JAMES K. BORCIA
                        233 South Wacker Drive
                        22nd Floor
                        Chicago, Illinois  60606-6308
                        312/627-4000



  Court Reporter:       CHARLES R. ZANDI, CSR
                        Contract Court Reporter
                        219 S. Dearborn Street
                        Suite 2318-A
                        Chicago, Illinois  60604
                        (312) 386-1225
```

1   THE CLERK:  04 C 6018, George S. May International
2 versus XCentric for status and motions.
3   MR. BORCIA:  Good morning, your Honor.  Bart Lazar
4 and Rachel Kindstrand on behalf of the plaintiff George S. May.
5 And we have Charles Black from George S. May is also present
6 today.
7   MR. BORCIA:  Good morning, your Honor, Jim Borcia for
8 the defendants.
9   THE COURT:  What is the status of the case?
10   MR. LAZAR:  Your Honor, you entered a temporary
11 restraining order two weeks ago, and it's up for an order to
12 show cause on our motion for why there should not be a
13 preliminary injunction entered.  We also have a motion up for
14 expedited discovery.  We've had some discussions between the
15 parties, but we've not been able to resolve anything.
16   MR. BORCIA:  We filed a response brief, your Honor,
17 to the motion.  Part of that deals with a --
18   THE COURT:  To which motion did you file a response?
19   MR. BORCIA:  To the motion for TRO and in order --
20 for the order to show cause regarding preliminary injunction.
21 And it was --
22   THE COURT:  So, you have responded to the motion for
23 a preliminary injunction?
24   MR. BORCIA:  In essence, yes.  We actually filed that
25 before they filed their motion -- I guess we got their motion

1  yesterday, I think. We filed the response regarding the order
2  to show cause regarding the TRO. So, we haven't really
3  responded to their papers, but we responded to the order.
4      THE COURT: There is a motion before the Court for
5  the entry of a preliminary injunction. Have you filed a
6  response to that specific motion?
7      MR. BORCIA: I guess in essence, yes, because they
8  asked for that in their complaint. They hadn't filed their
9  motion by the time we filed our response, but we knew this was
10 coming up today before your Honor for the --
11     THE COURT: If you say that you have filed a
12 response, then how much time does the plaintiff need to file a
13 reply?
14     MR. LAZAR: Your Honor, we really don't need to file
15 a reply. We filed our materials before the Court. There's one
16 factual issue raised in -- in defendant's response. We --
17     THE COURT: You're saying you don't need an
18 opportunity to file a reply to a response for a motion for
19 preliminary injunction?
20     MR. LAZAR: Well, your Honor, we filed a brief on
21 Wednesday before your Honor. We can file it -- there is one or
22 two issues that we probably would want to clean up. We have
23 Mr. Black here. He can testify to the issue.
24     THE COURT: Well, this is not a hearing. This is not
25 a hearing.

1   MR. LAZAR:  Well -- go ahead.
2   THE COURT:  In the majority of the cases, one can --
3   the Court can decide such a motion on the pleadings, assuming
4   that they are well-briefed and comprehensive.  That's why I ask
5   the question, do you intend to file a reply?
6   MR. LAZAR:  Your Honor, then we would like five -- a
7   week to file a reply.
8   THE COURT:  I'm not pressing that you have to do it
9   in seven days.  If you need a reasonable amount of time beyond
10  that, all right.  But if you can do it in seven, fine.  The
11  reply will be due in seven days.  And after the Court examines
12  the fully-briefed motion for a preliminary injunction, the
13  Court will determine whether an evidentiary hearing is
14  necessary.  If not, then the Court will just rule on the
15  submissions of counsel.
16  Now, with respect to the TRO, that would be ending
17  today?
18  MR. LAZAR:  That's correct, your Honor.
19  THE COURT:  And you have moved for an extension of
20  the TRO?
21  MR. LAZAR:  We asked for an extension of the TRO,
22  your Honor.
23  THE COURT:  On the same terms?
24  MR. LAZAR:  Yes, your Honor.
25  THE COURT:  And what is your response, counsel?

1  MR. BORCIA: No objection, your Honor.
2  THE COURT: All right. And for what period, then?
3  Are you saying until the Court decides the preliminary
4  injunction, or a date certain?
5  MR. LAZAR: I would ask -- I would ask for that, your
6  Honor, since it's uncertain as to when -- your Honor has a
7  very -- as we understand it, has a very busy schedule, so I
8  would ask that it be continued until such time as the Court
9  rules.
10  THE COURT: Do you have any objection?
11  MR. BORCIA: No, your Honor.
12  THE COURT: All right. So, the order is extended
13  until further order of Court; and in terms of the preliminary
14  injunction issue, the Court will attempt to get to it as soon
15  as possible.
16  But once again, for case control purposes, so we
17  don't lose track of the matter, we'll also put the case on the
18  call for November 5th, a Friday, at 9:30. I don't know if
19  the Court will be in a position to have ruled by then, but if
20  not, you will bring that to my attention on the 5th at 9:30.
21  MR. BORCIA: Your Honor, can I just make one request
22  on the briefing?
23  THE COURT: Yes.
24  MR. BORCIA: Because we actually filed our papers
25  before they filed theirs, I would like a chance, maybe just a

1  couple of days --
2       THE COURT: You filed your response before they filed
3  a motion?
4       MR. BORCIA: Your Honor set this today for, I guess,
5  further ruling or status on the TRO.
6       THE COURT: Okay. Well, I don't want to
7  unnecessarily complicate the matter. If you are saying, on
8  further reflection, that you want some more time to file a
9  response, you have the time to do it. So how much time do you
10 need?
11      MR. BORCIA: Just if we could file it in seven days,
12 your Honor.
13      THE COURT: So, it would be seven and seven?
14      MR. LAZAR: Well, your Honor, I guess that -- that
15 maybe unnecessarily complicates things. If the defendant wants
16 to respond to our brief and file a supplemental brief, let them
17 file a supplemental brief in two weeks, and then give us two
18 weeks to respond to any argument they may make.
19      THE COURT: Here's where we stand, then. The
20 defendant may file his response or supplemental response to the
21 motion for preliminary injunction within 14 days, and then
22 within 14 days thereafter, the reply will be due.
23      MR. BORCIA: That's fine.
24      MR. LAZAR: That's fair.
25      THE COURT: Thank you, counsel.

1       MR. BORCIA:  And the other motions to file briefs in
2  excess of 15 pages --
3       THE COURT:  The motion is granted.
4       MR. BORCIA:  Okay.
5       THE COURT:  Thank you.
6       MR. LAZAR:  Okay.  Thank you, your Honor.
7    (Which were all the proceedings heard.)
8
9
10                          CERTIFICATE
11
12       I hereby certify that the foregoing is a true and
13  correct transcript of the proceedings in the above-entitled
14  case.
15
16  _____     ____October 25_____, 2004.
17  CHARLES R. ZANDI
    Contract Court Reporter
18