JKB/ctc/350107                                                                                                5634-2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )    No. 04 C 6018 ) |
| XCENTRIC VENTURES, LLC, et al., | )    Judge Norgle ) |
| Defendants. | ) ) |

**FILED JAN 20 2005**
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

## MOTION TO QUASH SUBPOENA

Defendants respectfully request that the Court quash the subpoena duces tecum served by Plaintiff on Paypal, Inc. which request confidential financial records of parties and an entity not a party to this case. This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff has subpoenaed PayPal, Inc. any and all documents relating to Xcentric Ventures, LLC, Ed Magedson, and/or Consumer Media Publishing, LLC. Xcentric and Magedson are parties to this litigation. Consumer Media Publishing, LLC is not a party. Paypal is the equivalent of an on-line bank. The records requested include detailed financial records including the names and credit card numbers of consumers who purchase books, financial records of Xcentric, Magedson and Consumer Media, and the credit card information of Xcentric, Magedson and Consumer Media. Plaintiff does not purport to limit the requested information in any way. (Subpoena attached as Exhibit "A").

Defendants, object to Paypal complying with the subpoena because doing so would involve the disclosure of Defendants' confidential financial records and the financial records of a non-party. Defendants notified Paypal, Inc of its objections. (Exhibit "B"). However, Paypal, Inc has taken the position that it is Defendants' obligation to move to quash the subpoena.

Each of the entities about whom information is requested are Arizona entities or residents. Arizona recognizes the right to privacy by express constitutional provision. *See* Ariz. Const., Art. 2, Sec. 8. Common law principles similarly recognize the right to privacy. *See* Restatement (Second) of Torts, § 652D (protecting all persons from unreasonable intrusions into their private affairs). The Restatement specifically indicates that financial records are part of one's private life and, as such, are entitled to privacy protections. *See Id.*, cmt. a.

In *Larriva v. Montiel*, 143 Ariz. 23, 691 P.2d 735 (App. 1984), the Arizona appellate court dealt with whether tax returns and financial records could be discovered in a case where punitive damages were sought. The court held that no production of tax records could be compelled absent "prima facie proof" that punitive damages were available. *See Larriva*, 143 Ariz. at 24, 691 P.2d at 736. In rejecting arguments that its holding would undermine discovery rights, the court observed:

> Generally, the burden is cast upon the party who seeks a protective order to show annoyance, embarrassment, or oppression. However, we hold that the nature of discovery of financial information of a litigant requires a broader basis for protection.

*See Larriva*, 143 Ariz. at 25, 691 P.2d at 737.

In support its ruling, the *Larriva* court quoted favorably from a Delaware case, as follows:

> In cases involving the requested disclosure of a defendant's financial condition, however, consideration must be given to the defendant's right to privacy and his right to protection from harassment, as well as to plaintiff's need for discovery.

2

*Id.*

The same principles apply at bar. The court should preclude the discovery of personal financial records of the Defendants and a non-party.

Accordingly, Defendants request that the Court quash the subpoenas issued to Paypal, Inc.

XCENTRIC VENTURES, LLC and ED MAGEDSON

By: _____
One of Their Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

AO 88 (Rev.11/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

RECEIVED DEC 2 2 2004

George S. May International Company

v.

XCentric Ventures LLC, Rip-offReport.com, Badbusinessbureau.com. Ed Magedson, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-C-6018

Currently pending in the United States District Court, Northern District of Illinois

TO: PayPal, Inc., c/o Registered Agent
National Registered Agents, Inc.,
2030 Main Street, Suite 1030
Irvine, California 92614

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents relating to XCentric Ventures, LLC, Ed Magedson, and/or all Consumer Media Publishing, LLC. See attached Schedule of Documents Requested.

| PLACE | DATE AND TIME |
|---|---|
| Seyfarth Shaw LLP, c/o Bart Lazar, One Century Plaza, Ste.3300 2029 Century Park East, Los Angeles, CA 90067-3063 | January 20, 2005 5 p.m. C.S.T. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Rachel M. Kindstrand* Attorney for Plaintiff | December 21, 2004 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Phone: 312-346-8000

Rachel M. Kindstrand/Seyfarth Shaw LLP, 55 E. Monroe Ste. 4200, Chicago, IL 60603

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

**EXHIBIT A**

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE OF DOCUMENTS REQUESTED

**Pursuant to Subpoena issued to PayPal, Inc. for Case No. 04-C-6018,
currently pending in the United States District Court, Northern District of Illinois**

1. Any documents relating to XCentric Ventures LLC, Ed Magedson, and/or Consumer Media Publishing, LLC, www.ripoffreport.com, and/or www.badbusinessbureau.com, including but not limited to:

   a. All documents relating to any agreement and/or contract between PayPal, Inc., its agents, affiliates, subsidiaries, parent companies, or other entities; and XCentric Ventures LLC, Ed Magedson, Consumer Media Publishing, LLC, www.ripoffreport.com, and/or www.badbusinessbureau.com.

   b. All documents relating to any contributions, donations, revenues, or any other payments received by PayPal, Inc., its agents, affiliates, subsidiaries, parent companies, or other entities; for XCentric Ventures, LLC and/or Ed Magedson and/or Consumer Media Publishing, LLC and/or through www.ripoffreport.com and/or www.badbusinessbureau.com.

   c. All documents relating to any communications between PayPal, Inc., its agents, affiliates, subsidiaries, parent companies, or other entities; and XCentric Ventures LLC, Ed Magedson, Consumer Media Publishing, LLC, www.ripoffreport.com, and/or www.badbusinessbureau.com.

## DEFINITIONS

1. The term "document" or "documents" is used in the broadest and most expansive sense permissible under Federal Rule of Civil Procedure 26(b). The term "document" or "documents" shall mean every original, and any copy which differs in any way from any original, and shall include, by way of illustration only and not by way of limitation, writings, notes, correspondence, communications of any nature, telegrams, memoranda, advertisements,

CH1 10832558.1

notebooks, logs, bills, invoices, electronic transfers, accountings, surveys, graphs, charts, plans, summaries or records of personal conversations, appointment books, diaries, routing slips, reports, publications, photographs, minutes or records of meetings, transcripts of oral testimony or statements, reports and/or summaries of interviews, negotiations or investigations, agreements and contracts, including all modifications and/or revisions thereof, court papers, brochures, pamphlets, press releases, drafts, revisions of drafts and translations of any documents, tape recordings, audio recordings, video recordings, records, dictation belts, e-mail, voice mail, computer records, personal digital assistants, data bases and facsimiles, any other legal documents, business records, letters, work papers, interoffice and intraoffice communications and messages, drawings, any other graphic material; whether created, stored, or memorialized in any form, including but not limited to written, printed, drawn, typed, sketched, recorded, tangible, physical, mechanical, magnetic, optical, electronic, or any electrical means whatsoever, including material on computer hardrives, tapes, disks, files, servers, and other memories, backup copies and "deleted" files, whether located on-site or off-site. Any document with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of these Requests.

2,   The term "communication" or "communications" is used in the broadest and most expansive sense and includes, without any limitation, any written, oral, electronic, or other transmittal of information, and includes any document which records, reflects, and/or concerns any such transmittal, including without limitation electronic mails ("emails"), Internet postings, Internet Protocol ("IP") logs, sound recordings, transcripts, written statements, letters, telegrams,

telexes, facsimiles, message slips, memoranda, notes, or any other memorialization, whether written, electronic, or otherwise.

3. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information which might otherwise be construed to be outside their scope.

4. The term "relating" is used in the broadest and most expansive sense possible and shall be construed to mean consists of, refers to, reflects, or is any way legally, logically, or factually connected with the matter discussed.

### INSTRUCTIONS

1. Any of the above requests should not be construed to limit discovery as to any other request or any term defined above, and no-subpart of any request should be construed to limit discovery of any request.

2. In responding to each request, you are requested to produce all originals, drafts, copies, and/or non-identical copies of any documents attached to, enclosed with, and/or referenced by a document request therein. For information retained in digital format, "originals" shall include a computer print-out of the information and data related thereto.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, ) ) ) | |
| Plaintiff, ) ) ) | Case Number 04-C-6018 |
| -vs- ) ) | Judge Norgle |
| XCENTRIC VENTURES, LLC, ) RIP-OFF REPORT.COM ) BADBUSINESSBUREAU.COM, ) ED MAGEDSON, VARIOUS ) JOHN DOES, JANE DOES AND ) ABC COMPANIES, ) ) ) | |
| Defendants. ) | |

## DECLARATION OF KEEPER OF RECORDS

I, _____, pursuant to the provisions of 28 U.S.C. § 1746, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am the keeper of records for the below-listed entity.

2. I have personally reviewed, or supervised a review, of the entity's records for documents responsive to the Subpoena served upon this entity by George S. May International Company.

3. _____ Responsive documents were located; or

   _____ No responsive documents were located.

4. If responsive documents were located, they have been produced in compliance with the Subpoena.

_____
Signature

_____
Title, if applicable

_____
Name of Entity

Dated: _____/_____/_____

2

CHI 10832700.1



Gary J. Jaburg
Roger L. Cohen
Mitchell Reichman***
Kathi M. Sandweiss
Lauren L. Garner
Scott J. Richardson
Maria Crimi Speth
Michelle C. Lombino
Mark D. Bogard
Gregory S. Fisher
Laurence B. Hirsch
Jonathan Ibsen****

* ARIZONA CERTIFIED SPECIALIST, BANKRUPTCY
** ARIZONA CERTIFIED SPECIALIST, TAX LAW
*** ARIZONA CERTIFIED SPECIALIST, FAMILY LAW
**** LICENSED TO PRACTICE IN NEW YORK ONLY

## Jaburg & Wilk, P.C.

ATTORNEYS AT LAW

3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

Tel  602/248-1000
Fax 602/248-0522

www.jaburgwilk.com

Lawrence E. Wilk
*Randy Nussbaum
**Beth S. Cohn
Kraig J. Marton
Mervyn T. Braude
Susan R. Gilman
James B. Reed
Dalon J. Morgan
Kelly Brown
Peter M. Gennrich
Jeffrey A. Sandell

Writer's Direct Line
602/248-1089

Writer's E-mail
MCS@jaburgwilk.com

January 4, 2005

PayPal, Inc.
c/o Registered Agent National Registered Agent, Inc.
2030 Main Street
Suite 1030
Irvine, CA  92614

Re:   Objection to Subpoena in George S. May v. Xcentric

Dear To Whom it May Concern:

This is to notify you on behalf of Xcentric Ventures, LLC, Ed Magedson and Consumer Media Publishing, LLC that my clients object to the production of the documents requested on December 21, 2004 by Seyfarth Shaw, LLP on behalf of George S. May International Company in the matter of George S. May International Company v. Xcentric Ventures LLC, Rip-offReport.com, badbusinessbureau.com, and Ed Magedson.

First, Consumer Media Publishing, LLC is NOT a party to that lawsuit. Thus, George S. May seeks confidential financial information about an entity that is not even a party to the lawsuit in which the subpoena was issued.

Additionally, the parties in the litigation object to their personal financial information being produced. We request that you confirm to us in writing that you will object to the subpoena pursuant to Rule 45 (c)(2)(B).

Sincerely,

JABURG & WILK, P.C.

Maria Crimi Speth, Esq.

**EXHIBIT B**

MCS:

10297-001-MCS/MCS/414952

Scottsdale office
7047 E. Greenway Pkwy., Suite 140 • Scottsdale, AZ 85254 • Tel 480/624-2777 • Fax 480/607-9483