

Doc. 40

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

MAR 9 2005 WH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| GEORGE S. MAY<br>INTERNATIONAL COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| -vs- | )<br>) |
| XCENTRIC VENTURES, LLC,<br>RIP-OFF REPORT.COM<br>BADBUSINESSBUREAU.COM,<br>ED MAGEDSON, VARIOUS<br>JOHN DOES, JANE DOES AND<br>ABC COMPANIES, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Case Number 04-C-6018

Judge Norgle

## PLAINTIFF'S MOTION TO COMPEL ANSWERS TO ITS FIRST SET OF INTERROGATORIES AND REQUESTS TO PRODUCE DOCUMENTS AND THINGS

Now Comes Plaintiff, George S. May International Company, and states in support of its Motion to Compel as follows:

### Background

On December 3, 2004, this Court granted Plaintiff's Motion for Expedited Discovery on the issue of jurisdiction, and this Court issued an order which allowed Plaintiff to propound discovery. Pursuant to this Court's order, Plaintiff served Plaintiff's First Set of Interrogatories and Plaintiff's Requests to Produce Documents and Things on Defendants on December 13, 2004. Plaintiff received Defendants Ed Magedson and XCentric Ventures, LLC's responses to Plaintiff's First Set of Interrogatories and Plaintiff's Requests to Produce on or about December 28, 2004. Defendants' responses were wholly incomplete and inadequate. Moreover, although Defendants' objected to the majority of Plaintiff's interrogatories and document requests, Defendants' responses were signed by an attorney located in Arizona, Maria Crimi Speth, who

CH1 10858068.2

Dockets.Justia.com

has never filed an appearance in this case. Despite the fact that Plaintiff's counsel pointed this error out to defense counsel during their Local Rule 37.2 conference, this error has never been corrected. To the extent that Defendants' have objected to Plaintiff's interrogatories and requests to produce, Defendants' objections are and should be waived.

Plaintiff's interrogatories and requests fall into a few simple categories which are relevant to the issue of personal jurisdiction. Plaintiff seeks: 1) Records regarding donations, payments or other revenues received from individuals or entities located in the State of Illinois; 2) Records regarding purchases of Defendants' "Ripoff Revenge Guide" to those located within the State of Illinois, which is advertised on the www.ripoffreport.com and which is authored by Defendant Ed Magedson; 3) Correspondence between the Defendants and consumers or other web posters located in the State of Illinois; 4) Defendants' agreement with Sterling Network Services, a web hosting service with facilities in Illinois; 5) Defendants' marketing agreements for advertisements placed on its websites; 6) the identity and location of the posters of enumerated, specific reports which have caused Plaintiff harm in Illinois; and 7) the identities of XCentric Ventures shareholders, officers, and agents and any supporting documents.

Defendants' Responses to Plaintiff's discovery have been wholly incomplete and inadequate. On a substantive basis, Defendants' have for the most part simply asserted a conclusion that the requested information involves an individual or business located in the State of Arizona and have not provided a response as contemplated by the Federal Rules of Civil Procedure. Defendants have refused to provide any information regarding the sale of the "Ripoff Revenge Guide," which was authored by Defendant Ed Magedson and which is advertised on Defendants' website throughout the United States, including in Illinois. Defendants have refused to provide donation records or other records of payments or revenues prior to 2003, claiming that

2

Ed Magedson has no records, despite the fact that this is a for-profit website and Defendants' have an agreement with PayPal to collect those donations on their behalf.[1] Although Defendants' require posters to provide identifying information upon registering to use the website, including an address, Defendants have refused to provide the identity of those posters, claiming that they either do not have the information or making a blanket assertion of the Arizona reporters' privilege, which is inapplicable here. Finally, as noted above, Defendants' responses were signed by counsel located in Arizona, Maria Crimi Speth, who has never even filed an appearance in this case. See Defendants' Responses, attached as Exhibit A.

Plaintiff outlined these deficiencies in a letter sent to Defendants' counsel on January 28, 2005. See Exhibit B. This letter also requested that defense counsel contact Plaintiff's counsel for the purposes of having a Local Rule 37.2 conference (formally Local Rule 12k) within the next week. When no response was received, Plaintiff's counsel telephoned defense counsel, Mr. Borcia, and was ultimately successful in scheduling a Local Rule 37.2 conference, on February 16, 2005. In attendance at that conference were Plaintiff's counsel, Mr. Bart Lazar and Ms. Rachel Kindstrand, as well as Defendants' counsel Mr. James Borcia, and the attorney located in Arizona, Maria Crimi Speth. During that conference, defense counsel indicated that they would respond to the deficiencies outlined in Plaintiff's prior letter by Friday, February 18, 2005. Plaintiff's counsel also reminded Ms. Speth that she was not an attorney of record in the case, and that her signature and objections on Defendants' discovery responses were improper. Subsequently, Ms. Speth sent a letter dated February 21, 2005 to Plaintiff's counsel, which merely reiterated the same responses as those provided as answers to Plaintiff's discovery. See Exhibit C. Furthermore, defense counsel never provided a proper signature to Defendants'

---

[1] Defendants have filed a Motion to Quash George S. May International Company's subpoena to obtain these records from PayPal. This motion is fully briefed and pending before the Court.

3

discovery responses. Having exhausted its efforts to come to an agreement with Defendants on these discovery issues, and facing the need to respond to Defendant's Motion to Dismiss relating to jurisdictional issues for which Plaintiff genuinely needs responses to the outstanding discovery, Plaintiff has filed this Motion to Compel.

**<u>Argument</u>**

Under the Federal Rules of Civil Procedure, "'[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense or any party...Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *For Your Ease Only, Inc. v. Calgon Carbon Corp.*, No. 02-C-7345, 2003 U.S. Dist. LEXIS 20267, at *4 (N.D. Ill. Nov. 12, 2003) (quoting Fed. R. Civ. Pro. 26(b)(1)).

The information Plaintiff seeks is clearly relevant to jurisdiction. In cases involving the Internet, information regarding Defendants' interaction with Illinois residents and the commercial nature of the website clearly bears on the issue of jurisdiction. *See, e.g., Euromarket Designs, Inc., v. Crate & Barrel Ltd.*, 96 F.Supp. 2d 824, 838 (N.D. Ill. 2000). As noted in *Euromarket*, at least one court found that it had jurisdiction over a defendant who had established a promotional website for its future offering of Internet service based on the fact that users could add their names to a mailing list. *Id.* at 838. Here, the level of interactivity in this case goes beyond that cited in *Euromarket*, in that Defendant actively seeks postings from Illinois residents, and actively seeks postings of false and defamatory information harmful to Illinois companies, including Plaintiff. The information Plaintiff seeks in its interrogatories and document requests, such as Defendants' donation records, records from the sale of its book, Defendants' marketing agreement, and Defendants' agreement with Sterling Network Services which indicated an Illinois location on its website, is clearly relevant to the Defendants'

4

commercial contacts with Illinois. In addition, Plaintiff's requests regarding Defendants'

correspondence to and from Illinois residents, and the identity of the posters who are causing

harm to Plaintiff in Illinois is also clearly relevant to the level of interactivity and Defendants'

contacts with the State of Illinois.

Defendants' reasons for not providing this information are insufficient. To the extent that

Defendant claims it does not have donation information or that Ed Magedson cannot recall

receiving donations from individuals or entities located in the State of Illinois, this is simply not

a sufficient answer for the purposes of discovery. Federal Rules of Civil Procedure 26(g)(1) and

26(g)(2) require Defendants to make a reasonable inquiry. In light of the fact that this is a for-

profit website and the fact that Defendants have an agreement with PayPal to accept credit card

donations, there simply must be some record of those donations or other payments received.

Declaration of Kindstrand at Exhibit 4. The claim that Mr. Magedson does not recall receiving

donations is simply not a reasonable inquiry for the purposes answering Plaintiff's discovery. In

addition, Defendants' refusal to provide any record of sales of Ed Magedson's Ripoff Revenge

Guide based on the fact that another company also receives profits for the sale of his book is

improper. The Ripoff Revenge Guide was created by Ed Magedson, it is sold and advertised on

his website, and in lieu of purchasing the book by credit card, those seeking to buy the book can

send a check to the exact same address as that listed on the website for those wishing to send a

donation. Declaration of Kindstrand at Exhibit 3. It is up to the Court to decide whether or not

this information confers jurisdiction, but it is certainly relevant.

Similarly, Defendants' marketing agreement involving Google demonstrates commercial

activity and is relevant to the issue of jurisdiction, as is Defendants' agreement with Sterling

Network Services, a web host, which through December of 2004 advertised an Illinois location

on its website. Declaration of Kindstrand at Exhibit 5. In addition, while Ed Magedson

provided information on behalf of XCentric Ventures, LLC in response to Plaintiff's

interrogatories, Defendants' refuse to disclose any information regarding XCentric Ventures,

LLC's shareholders, officers, members of the board of directors, and employees, making it

difficult to determine exactly what role Ed Magedson has in the company.

Defendants can also clearly provide the correspondence between Defendants and those

individuals or entities located in the State of Illinois or who have represented to Defendants that

they are located in Illinois. Defendants' website requires those wishing to communicate with

Defendants to provide a name and an address. Declaration of Kindstrand at Exhibit 2. Persons

posting on Defendants' site then fill out the form, and the city and state they provide is posted on

Defendants' site. Declaration of Kindstrand at Exhibit 1. In addition, Defendants' website

communications indicate that employees of XCentric Ventures, including Ed Magedson, have

had some telephone communications with individual posters. Declaration of Kindstrand at ¶ 9

and Exhibit 6. Plaintiff is simply asking that Defendants review their records and provide copies

of documents related to communications between Defendants and individuals or entities located

in Illinois. This Defendants are unwilling to do.

Defendants have also asserted that its posters are covered by an Arizona Reporter's

privilege, as codified at Arizona Revised Statutes section 12-2237. See Exhibit D. This statute

applies to media sources, and allows a reporter to refuse to disclose the source of information in

a legal proceeding. Basically, the import of the statute is to protect confidential informants who

provide confidential information to journalists. This statute is clearly inapplicable in this case.

The individuals who posted the reports in this case have already voluntarily provided some

identifying information which is listed with each report, which has been publicized on the

6

website. There is no evidence that these individuals are confidential informants. Moreover, Defendants' claim that they are engaged in newsreporting is specious. Defendants claim that they operate a consumer website designed for consumers to obtain redress or work out their problems with the companies they do business with. A company cannot resolve a problem with a consumer unless it knows who the consumer is. Additionally, to the extent that Defendants' claim to be engaged in newsreporting, Defendants admit that this Court has jurisdiction over them. Jurisdiction over a national news magazine and its employees can clearly be had in the location in which their actions are aimed. *See Calder v. Jones,* 465 U.S. 783 (1984).

In sum, the information that Plaintiff has requested is clearly relevant to the issue of whether this Court has jurisdiction. Defendants' have put this in issue, both in response to Plaintiff's Motion for a Preliminary Injunction and in Defendant XCentric Ventures, LLC's Motion to Dismiss the Complaint for Lack of Jurisdiction. Defendants' responses are insufficient and inadequate, and Defendants' objections are waived, and if it truly is the case that this Court lacks jurisdiction over Defendants they should have no quarrel with providing the information requested by Plaintiff.

**WHEREORE**, Plaintiff George S. May International Company respectfully requests that this Court grant Plaintiff's Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Requests to Produce Documents and Things, and require Defendants to provide by the close of business on March 25, 2005:

1.    Donation or payment records for the websites from January 2000 to the present date and as requested in Interrogatory 5;

2.    Records from the sales of Defendants' Ripoff Revenge Guide from January 2000 to the present date and as requested in Interrogatory 6;

7

3.     Defendants' correspondence (via email or otherwise) to or from individuals or entities located in the State of Illinois;

4.     Defendants' agreement with Sterling Network Services;

5.     Defendants' marketing agreement involving Google;

6.     The identity of the posters of specific reports, as requested in Interrogatory 7 and Interrogatory 8; and

7.     The identity of the officers, shareholders, agents, and employees of XCentric Ventures, LLC and any supporting documents as requested in Requests 4, 5, 6, and 7.

In addition, Plaintiff asks this Court to award any additional relief its deems just.

**DATED:  March 9, 2005**

Respectfully submitted,

GEORGE S. MAY INTERNATIONAL COMPANY

By: *Rachel M. Kindstrand*
One of Its Attorneys

Attorneys for Plaintiff:

Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
55 East Monroe, Suite 4200
Chicago, Illinois  60603
Telephone:  (312) 346-8000
Facsimile:  (312) 269-8869
Firm No. 90747

CH1 10858068.2

# EXHIBIT A

JKB/cic/347305

5634-2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 6018 |
| | ) | |
| XCENTRIC VENTURES, LLC, et al., | ) | Judge Norgle |
| | ) | |
| Defendants. | ) | |

### RESPONSES TO PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY'S FIRST SET OF INTERROGATORIES

Defendants, Xcentric Ventures, LLC and Ed Magedson, by and through their attorneys, Tressler, Soderstrom, Maloney & Priess pursuant to Fed. R. Civ. P. Rule 33 hereby submit their responses to Plaintiff George S. May International Company's First Set of Interrogatories:

1.    State the name, title, address, telephone number of the persons providing information in response to these interrogatories.

**RESPONSE:**   Maria Crimi Speth
                Jaburg & Wilk, P.C.
                3200 North Central Ave., Suite 2000
                Phoenix, AZ 85012


                Edward Magedson
                c/o Jaburg & Wilk, P.C.
                3200 North Central Ave., Suite 2000
                Phoenix, AZ 85012



2.    Identify all shareholders, officers, members of the board of directors, and employees of Xcentric Ventures LLC.

**RESPONSE:** Objection. Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction. This interrogatory requests information that is not relevant to the issue of jurisdiction. Additionally, the requested information is not relevant to any issue in this matter or calculated to lead to relevant evidence. Xcentric Ventures, L.L.C. is an Arizona limited liability company. Xcentric Ventures, L.L.C. has no shareholders, officers, members of the board of directors or employees outside of the state of Arizona.

3.    Identify all persons and/or entities who own, operate, administer, create content for and/or edit the website, www.ripoffreport.com.

**RESPONSE:** Objection. Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction. This interrogatory requests information that is not relevant to the issue of jurisdiction. No person or entity who owns, operates, administers, creates content for and/or edits the website resides outside of Arizona.

4.    Identify all persons and/or entities who own, operate, administer, create content for and/or edit the website, www.badbusinessbureau.com.

**RESPONSE:** Objection. Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction. This interrogatory requests information that is not relevant to the issue of jurisdiction. No person or entity who owns, operates, administers, creates content for and/or edits the website resides outside of Arizona.

There is only one website – Rip-Off Report. There are two main URL's, www.ripoffreport and www.badbusinessbureau.com. However, both URL's point to a single website. Throughout these responses, the Rip-Off Report website will be referred to as the Website.

2

5.    Identify any donations, contributions, and/or other revenues received by Xcentric Ventures LLC and/or Ed Magedson, from persons, corporations, or any other entity located in the State of Illinois, and for each donation identify the name, address, and telephone number of the source of that donation, contribution or other revenue; the amount; the date in which the donation, contribution, or other revenue was made; and each document and/or thing used in any way to formulate this Response.

**RESPONSE:** Xcentric Ventures has checked its records back to 2003 and can find no

contributions or donations from Illinois.  Additionally, Mr. Magedson does not recall receiving

any donations from Illinois.


6.    Identify all purchasers of the "Ripoff Revenge Do-it-yourself Guide," which is also entitled "Do-it-Yourself Guide:  How to get Rip-off Revenge $^{TM}$ and your money back too…" located in the State of Illinois; and include in the Response the name, address, and telephone number of the purchaser, the date of the purchase, the quantity purchased, and each document and/or thing that was used in any way to formulate this Response.

**RESPONSE:** Objection.  Expedited discovery was for a limited purpose and due process

requires that discovery at this stage be limited to questions that address jurisdiction.  This

interrogatory requests information that is not relevant to the issue of jurisdiction.  Neither

Xcentric Ventures, LLC nor Ed Magedson sells the product listed above.  It is offered for sale

and sold by a company called Consumer Media Publishing, LLC, a company that advertises on

the Website.

7.    Identify the Internet Protocol ("IP") addresses of the computers used to post the following postings, rebuttals, and/or updates to the websites www.ripoffreport.com and/or www.badbusinessbureau.com, and each document used in any way to formulate this Response:

        a.    The postings, rebuttals, and updates located www.ripoffreport.com/reports/ripoff101597.htm. and www.ripoffreport.com/reports/ripoff101732.htm.

        b.    The postings, rebuttals, and updates located at www.ripoffreport.com/reports/ripoff64081.htm.

        c.    The postings, rebuttals, and updates located as www.ripoffreport.com/reports/ripoff95354.htm.

3

d.   The postings, rebuttals, and updates located at
www.ripoffreport.com/reports/ripoff41290.htm,

e.   The postings, rebuttals, and updates located at
www.ripoffreport.com/reports/ripoff86538.htm.

f.   The postings, rebuttals, and updates located at
www.ripoffreport.com/reports/ripoff104370.htm.

g.   The postings, rebuttals, and updates located at
www.ripoffreport.com/reports/ripoff98372.htm.

h.   The postings, rebuttals, and updates located at
www.ripoffreport.com/reports/ripoff100195.htm.

i.   The postings, rebuttals, and updates located at (or formerly located
at) www.ripoffreport.com/reports/ripoff106424.htm, including the
rebuttal entitled "Owner of George S. May Company child
pornography and other heinous crimes."

**RESPONSE:**      Objection.  The requested information is protected by the privacy

policy adhered to by Rip-Off Report and posted at http://www.ripoffreport.com/F99.asp#safe.

The requested information is also protected by A.R.S. § 12-2237 and A.R.S. § 12-2214.

*See also, Bartlett v. Superior Court*, 722 P.2d 346 (App. 1986).  Arizona law governs Xcentric

Ventures' conduct since Xcentric is an Arizona based company.

Notwithstanding the above objection, Xcentric Ventures, LLC and ED Magedson

respond neither they nor their agents authored any part of the described postings.


8.      Identify the names, addresses, telephone numbers, and any other contract
information, including but not limited to, email addresses of the persons who identified
themselves as the sources of the postings, rebuttals, and updates described in paragraphs 7(a)-(i)
above, and each document and/or thing used in any way to formulate this Response.

**RESPONSE:**      Objection.  The requested information is protected by the privacy

policy adhered to by Rip-Off Report and posted at http://www.ripoffreport.com/F99.asp#safe.

The requested information is also protected by A.R.S. § 12-2237 and A.R.S. § 12-2214.

*See also, Bartlett v. Superior Court*, 722 P.2d 346 (App. 1986).  Arizona law governs Xcentric

Ventures' conduct since Xcentric is an Arizona based company.

4

Notwithstanding the above objection, Xcentric Ventures, LLC and ED Magedson respond neither they nor their agents authored any part of the described postings.

9.    Identify any person, corporation, or other entity who has submitted a posting, rebuttal, update, report or other content, and/or who claims to be a "ripoff reporter," and who is located in the State of Illinois, from January 1, 2002 to the present date, and include in the Response the name, address, telephone number, and email address of that person and/or entity; the number of reports, updates, and/or rebuttals posted by that person and/or entity; the internet addresses (Uniform Resource Locators or URLs) associated with each of those reports, postings, rebuttals, updates, or other content; and each document and/or thing used in any way to formulate this Response.

**RESPONSE:** To Xcentric Ventures, LLC and Ed Magedson's knowledge, no person who submitted any posting and who claims to be a Rip-Off Reporter resides in Illinois.

10.    Identify any individual, corporation, or other entity located in the State of Illinois which has advertised or currently advertises on www.ripoffreport.com and/or www.badbusinessbureau.com from January 1, 2000 to the present, and include in your Response the name, address, and telephone number of the individual, corporation, or other entity; the internet address (URLs) were the advertisements are located; and each document and/or thing used in any way to formulate this Response.

**RESPONSE:** To Xcentric Ventures, LLC and Ed Magedson's knowledge no entity located in

the State of Illinois has ever advertised on Rip-off Report. Xcentric Ventures, LLC has a

contract with a marketing company in Arizona which permits that company to contract with

Google's Adsense program for Google to place ads on the Website. Through that program,

advertisements are sometimes randomly placed on the Website. Xcentric Ventures, LLC does

not know the location of the advertisers who advertise through Google Adsense.

11.    Identify any individual, corporation, or other entity located in the State of Illinois that has given money to or otherwise paid Xcentric Ventures LLC and/or Ed Magedson as a result of any postings, rebuttals, or updates that are located or which were formerly located on or within the websites www.ripoffreport.com and/or www.badbusinessbureau.com, and include in your Response the date in which the money or other payment was given; the name, address, and telephone number of that individual, corporation, or other entity; the internet address (URLs) of the postings, rebuttals, and/or updates; and/or each document and/or thing used in any way to formulate this Response.

5

**RESPONSE:** No individual or entity located in the State of Illinois has given money or

otherwise paid Xcentric Ventures and/or Ed Magedson as a result of any postings, rebuttals, or

updates located or formerly located on the Website.

12.    Identify each occasion in which Ed Magedson or his agents have been present
within the State of Illinois, and include in the Response the name, address, and telephone number
of Ed Magedson or Ed Magedson's agent, the date on which the individual or agent was present
within the State of Illinois, the purpose of the occasion, and each document and/or thing used in
any way to formulate this Response.

**RESPONSE:** In 1981 or 1982, Ed Magedson traveled to Chicago for a short visit. He does not

know the exact date. The purpose was unrelated to Rip-Off Report, which did not exist at that

time. That is the only time that Mr. Magedson can recall visiting Illinois.

13.    Identify each occasion in which Xcentric Ventures LLC, its shareholders, officers,
members of the board of directors, employees and/or its agents have been present within the
State of Illinois, and include in the Response the date on which each person and/or entity was
present within the State of Illinois, the name, address, and telephone number of the person and/or
entity, the purpose of the occasion, and each document and/or thing used in any way to formulate
this Response.

**RESPONSE:** Objection, overbroad, irrelevant and not calculated to lead to relevant evidence.

No agent of Xcentric Ventures has ever been to the state of Illinois at the request of the company

or in the scope or course of his or her duties with the company.

14.    Identify any litigation in which Xcentric Ventures LLC and/or Ed Magedson have
been a party to, and which has occurred in either the federal or state courts located in Illinois, and
include in the Response the nature of the litigation, the case name and case number of the
litigation, the court in which the lawsuit was filed, the date the lawsuit commenced, and the
parties involved.

**RESPONSE:**

STATE OF ILLINOIS        )
                         )
COUNTY OF McHENRY   )

IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS

STEVEN G. ENGLISH                    )

6

10297-001/MCS/MCS/413621

Plaintiff,        )
)
    vs.           )
)
MARY ZWIEFELHOFER,     )    No. 04LA190
XCENTRIC VENTURES, LLC,   )
an Arizona corporation, d/b/a    )
"RIPOFFREPORT.COM," and   )
ED MAGEDSON,          )
      Defendants.      )

15.     Identify any interviews between Xcentric Ventures LLC and/or Ed Magedson and any media located in Illinois, and identify each document and/or thing used in any way to formulate this Response.

**RESPONSE:** Objection, irrelevant and not calculated to lead to relevant evidence. No court has ever granted general jurisdiction over a company because it gave a media interview. Xcentric Ventures, LLC and/or Ed Magedson or its agents have never participated in an interview with any media in connection with the claims in this case or regarding George S. May and Co.

16.     Identify any assistance Xcentric Ventures LLC and/or Ed Magedson have provided to consumers located in Illinois and/or any assistance Xcentric Ventures LLC and/or Ed Magedson have provided to consumers based on the consumers' dealings with companies located in Illinois, and identify each document and/or thing used in any way to formulate this Response.

**RESPONSE:** Objection, this interrogatory is overbroad and impossible to answer. Consumers are assisted by Xcentric Ventures by virtue of the existence of the Rip-off Report. It is unknown where consumers who read Rip-off Report are located. Additionally, persons often send emails to Xcentric Ventures seeking guidance. The location of those consumers is unknown.

17.     Identify all agreements, contracts, or any other relationships Xcentric Ventures LLC and/or Ed Magedson have entered into with persons, corporations and/or entities located in the State of Illinois.

7

**RESPONSE:** None.

DATED this ___23___ day of December, 2004.

JABURG & WILK, P.C.

Maria Crimi Speth, Esq.
Attorneys for Defendants

**ORIGINAL** of the foregoing mailed
this ___23___ day of December, 2004 to:

Bart A. Lazar, Esq.
Rachel M. Kindstrand, Esq.
SEYFARTH SHAW LLP
55 East Monroe
Suite 4200
Chicago, Illinois 60603
Attorneys for Plaintiff

8

## VERIFICATION

Ed Magedson, under penalties of perjury, deposes and states as follows:

That he is a Defendant individually and as a duly authorized representative of Defendant Xcentric Ventures, LLC herein; that he has read the foregoing Responses to Plaintiff's First Set of Interrogatories and knows the contents thereof; that the responses set forth therein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of this Response; that he consequently reserves the right to make any changes in the Response if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said Response is true to the best of his knowledge, information and belief.

_____
Ed Magedson          12-21-04

SUBSCRIBED and SWORN to before me this _____21_____ day of December, 2004.



_____
Notary Public

My Commission Expires:

__9/16/08__

> OFFICIAL SEAL
> SARAH J. CORR
> NOTARY PUBLIC-ARIZONA
> MARICOPA COUNTY
> My Comm. Expires Sept. 16, 2008

10297-001/MCS/MCS/413621

JKB/cic/347311                                                              5634-2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE S. MAY INTERNATIONAL        )
COMPANY,                           )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        No. 04 C 6018
                                   )
XCENTRIC VENTURES, LLC, et al.,    )        Judge Norgle
                                   )
            Defendants.            )

## RESPONSES TO PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY'S REQUESTS TO PRODUCE DOCUMENTS AND THINGS

Defendants, Xcentric Ventures, LLC and Ed Magedson, by and through their

attorneys, Tressler, Soderstrom, Maloney & Priess, hereby submit their responses to Plaintiff

George S. May International Company's Requests to Produce Documents and Things:

1.    All documents and things identified in Defendants' answers to Plaintiff's First Set
of Interrogatories.

**RESPONSE:**    None.

2.    All documents and things which reflect Defendants' contacts with the State of
Illinois, including but not limited to:

       a.    Travel itineraries, expense reports, diaries, and/or calendars for any
of Defendants, Defendants' employees, agents, or representatives;

None.

       b.    Emails to or from persons, corporations, or other entities located in
Illinois;

Objection.  It is impossible to answer this request because Defendants do
not know the location of people or entities who send emails.

       c.    Telephone records;

> Objection. This request is overbroad as it is not temporally limited.
> Defendants will not produce years of telephone records. Please
> narrow the request to a reasonable time frame.

d.    Advertising, marketing, promotional materials and/or solicitations
of any kind;

None.

e.    Any documents and things reflecting the location of individuals,
corporations, or other entities which provide postings, updates,
rebuttals, and/or commentary to Defendants;

> See objections set forth in responses to interrogatories which are
> incorporated herein by reference.

f.    Agendas, notes, and/or memoranda reflecting meetings with
individuals or any other entity or association in Illinois.

None.

g.    Any documents related to PayPal.

None.

**RESPONSE:**

3.    Any and all documents and things which relate to the operation of the websites,
www.ripoffreport.com and www.badbusinessbureau.com.

**RESPONSE:** Objection, this request seeks thousands if not hundreds of thousands of
documents. It is overbroad and unduly burdensome. It goes beyond the scope of the
limited discovery permitted by this court. It seeks information which is not relevant to
any issue in this case, and it requests private financial information.

4.    Any and all documents which demonstrate a relationship between Xcentric
Ventures LLC and/or Ed Magedson, including but not limited to, any contracts or agreements.

**RESPONSE:**    Objection. Expedited discovery was for a limited purpose and due process

requires that discovery at this stage be limited to questions that address jurisdiction.

5.    Any and all documents and things governing the relationship between Xcentric
Ventures LLC, Consumer Media Publishing LLC, and/or Ed Magedson.

2

**RESPONSE:**     Objection. Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction. This request requests information that is not relevant to the issue of jurisdiction.

6.     Any and all corporate documents and things of Xcentric Ventures LLC, including but not limited to its Articles of Organization or Formation, Operating Agreements, Limited Liability Company Agreement, and any and all minutes for actions, including all manager minutes, if applicable, or member minutes, if applicable.

**RESPONSE:**     Objection. Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction. This request requests information that is not relevant to the issue of jurisdiction.

7.     Any and all documents listing the shareholders, officers, members of the board of directors, and employees of Xcentric Ventures LLC.

**RESPONSE:**     Objection. Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction. This request is for information that is not relevant to the issue of jurisdiction.

8.     Xcentric Ventures LLC's state and federal corporate tax returns for the years 2002, 2003, and/or 2004 if available.

**RESPONSE:**     Objection. Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction. This request includes information that is not relevant to the issue of jurisdiction. Additionally, this request seeks private financial information.

9.     Ed Magedson's state and federal income tax returns for the years 2001, 2002, 2003, and/or 2004 if available.

**RESPONSE:**     Objection. Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction. This request seeks information that is not relevant to the issue of jurisdiction. Additionally, this request seeks private financial information.

3

10.    Any and all documents between Xcentric Ventures LLC and/or Ed Magedson and any person, corporation, or other entity located in the State of Illinois.

**RESPONSE:**    None.


DATED this _23_ day of December, 2004.


                                        JABURG & WILK, P.C.


                                        _____
                                        Maria Crimi Speth, Esq.
                                        Attorneys for Defendants



**ORIGINAL** of the foregoing mailed
this _23_ day of December, 2004 to:

Bart A. Lazar, Esq.
Rachel M. Kindstrand, Esq.
SEYFARTH SHAW LLP
55 East Monroe
Suite 4200
Chicago, Illinois  60603
Attorneys for Plaintiff



# VERIFICATION

STATE OF ARIZONA     )
                              ) ss.
County of Maricopa   )

Edward Magedson, being first duly sworn upon his oath, deposes and states:

That he is a named defendant herein, and as such, is authorized to make this verification; that he has read the foregoing Responses and verifies that he knows the contents thereof; that the same is true of his own knowledge, except as to such matters as are therein stated upon information and belief, and as to said last-mentioned matters he believes those to be true.

DATED this ⎯2⎯1⎯ day of December, 2004.



Ed Magedson for
XCENTRIC VENTURES, LLC and ED
MAGEDSON

SUBSCRIBED and SWORN to before me this ⎯⎯2⎯1⎯⎯ day of December, 2004.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Notary Public

My Commission Expires:

⎯9⎯/⎯16⎯/⎯2008⎯⎯⎯⎯⎯

OFFICIAL SEAL
SARAH J. CORR
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Comm. Expires Sept. 16, 2008

5

# EXHIBIT B

# SEYFARTH
**ATTORNEYS** **SHAW** LLP

55 East Monroe Street

Suite 4200

Chicago, IL 60603-5803

312-346-8000

fax 312-269-8869

www.seyfarth.com

Writer's direct phone

(312) 269-8951

Writer's e-mail

rkindstrand@seyfarth.com

January 28, 2005

**VIA FACSIMILE**

**312-627-1717**

James K. Borcia, Esq.
David O. Yuen, Esq.
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606-6308

**VIA FACSIMILE**

**602-248-0522**

Maria Crimi Speth
Jaburg & Wilk, P.C.
Great American Tower
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012

Re:  Discovery Issues, *George S. May International Company v. XCentric Ventures, LLC et al*, Case Number 04-C-6018

Dear Counsel:

This letter serves as notice to you of the deficiencies in your responses to Plaintiff's First Set of Interrogatories and Plaintiff's Requests to Produce Documents and Things, and is sent to you pursuant to the requirements of Local Rule 12(k).

As a general matter, Plaintiff points out that the discovery responses were signed on behalf of Defendants by Ms. Speth. Ms. Speth, however, has not appeared in this case and is not an attorney of record for the purposes of the Federal Rules of Civil Procedure, and therefore it is inappropriate for her to sign the discovery responses. As a result, Defendants have therefore waived their objections. Please have an authorized person execute and certify the Answers to Plaintiff's First Set of Interrogatories and Responses to Plaintiff's Requests to Produce Documents and Things.

With respect to Defendants' responses to Plaintiff's First Set of Interrogatories and Plaintiff's Requests to Produce Documents and Things, Plaintiff requests that Defendants correct the deficiencies, as illuminated below, by providing supplemental answers or by producing documents by February 4, 2005.

**Response to Interrogatory 1:**

Defendants' have not provided the proper address, title, and telephone number for Ed Magedson, nor have Defendants' objected to providing Ed Magedson's information. This response

CHI 10846387.1

BRUSSELS    WASHINGTON, D.C.    SAN FRANCISCO    SACRAMENTO    NEW YORK    LOS ANGELES    HOUSTON    CHICAGO    BOSTON    ATLANTA



James K. Borcia, Esq.
Maria Crimi Speth, Esq.
January 28, 2005
Page 2

is improper. Plaintiff requests that Defendants provide the correct current home address for Ed Magedson, along with his title as he purports to answer on behalf of XCentric Ventures, LLC, and his telephone number.

### Responses to Interrogatories 2, 3, and 4:

Despite Defendants' objections, these interrogatories are designed to lead to relevant evidence on the issue of jurisdiction and/or other matters relevant to this case. As noted by the United States District Court, Northern District of Illinois, "[t]he Federal Rules of Civil Procedure contemplate liberal discovery, and "relevancy" under Rule 26 is extremely broad." *For Your Ease Only, Inc. v. Calgon Carbon Corporation et al*, No. 02-C-7345, 2003 U.S. Dist. LEXIS 20267, at * 4 (N.D. Ill. Nov. 12, 2003). Furthermore, "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Federal Rule of Civil Procedure 26(b)(1) clearly states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including....the identity and location of persons having knowledge of any discoverable material." The identity of those persons responsible for operating XCentric Ventures, LLC, www.ripoffreport.com, and www.badbusinessbureau.com is certainly relevant to the issue of whether this Court has jurisdiction over those parties, and therefore whether the conduct of those parties extends to the State of Illinois. Furthermore, Plaintiff is entitled to know the identity of these individuals as they have knowledge of discoverable material. Defendants' response—that no individual or entity requested resides outside the state of Arizona—is simply a conclusion, and not an answer to Plaintiff's interrogatories. Furthermore, with respect to Interrogatory 2, Defendants' partial response, that "XCentric Ventures, LLC has no shareholders, officers, members of the board of directors or employees outside of the state of Arizona" is false. The Arizona Corporation Commission State of Arizona Public Access System lists Creative Business Investment, 711 S. 8th Street, Las Vegas, Nevada, as a Manager and Member of XCentric Ventures, LLC. Plaintiff requests that Defendants provide truthful and complete answers to these interrogatories regardless of whether the individuals, corporations, or others identified reside within the state of Arizona.

### Response to Interrogatory 5:

Plaintiff asserts that Defendants have been operating www.ripoffreport.com and www.badbusinessbureau.com since at least 2000, therefore Defendants' response to check two years worth of donation information is not sufficient. Furthermore, the Federal Rules of Civil Procedure, Rules 26(g)(1) and (g)(2), require that the responses provided to discovery requests are made upon "reasonable inquiry," and this "reasonable inquiry" component is certified by an attorney's signature. It is simply not reasonable for Defendants to assert that "Ed Magedson does not recall receiving any donations from Illinois." It is Defendants' duty to make an investigation to determine whether it received contributions, donations, or other revenues from any person, corporation, or other entity located in the State of Illinois. Plaintiff requests that Defendants review records from January 1, 2000 to the present or from the time in which Defendants began operating the websites to the present, whichever is earliest in time, for any donations, contributions, or other revenues received from any individual or entity located within the State of Illinois, and further



identify the name, address, and telephone number of the source of each donation, contribution, or other revenue.

### Response to Interrogatory 6:

Defendants' answer is nonresponsive and insufficient to the question posed in this Interrogatory. Ed Magedson purports to be the author of the "Rip-Off Revenge Guide," it is advertised on his website, a "pop-up" window opens upon accessing www.ripoffreport.com advertising the "Rip-off Revenge Guide," and in all respects, sales of a book created and authored by Ed Magedson is relevant to the issue of jurisdiction and Defendants' contacts with the State of Illinois. It is not relevant that Consumer Media Publishing, LLC also profits from the sale of the "Rip-Off Revenge Guide." Plaintiff requests that Defendants provide complete and accurate information as requested by Plaintiff in response to Interrogatory 6.

### Response to Interrogatories 7 and 8:

The statutes and caselaw cited by Defendants are inapplicable to this case and are inconsistent with the position asserted by Defendants in its briefs claiming that this Court lacks jurisdiction. First, Plaintiff has not issued a subpoena to any media witness pursuant to Arizona Revised Statutes section 12-2214, and as such that statute is clearly inapplicable. Second, if Defendants are asserting that they are operating a newspaper and can properly avail themselves of the "informants privilege" as set forth in Arizona Revised Statutes section 12-2237 and as asserted by Defendants in response to these interrogatories, then jurisdiction over Defendants would be proper in Illinois under *Calder v. Jones*, 465 U.S. 783 (1984). Please confirm which position you are taking as you cannot have it both ways. Arizona law does not govern this case; furthermore, Arizona law does not govern the Court for the purposes of determining jurisdiction over the Defendants. The identity of these posters, whose activities have caused Plaintiff harm in Illinois and whose activities are clearly targeted at Plaintiff in Illinois, is relevant to whether this Court has jurisdiction over the named Defendants, and it is also relevant to identifying additional unnamed Defendants. Finally, Defendants' website privacy policy clearly indicates that this information is collected by Defendants, and Defendants state in this policy that this information is shared with the operators of the website. Plaintiff requests that Defendants provide accurate and complete responses to Interrogatories 7 and 8.

### Response to Interrogatory 9:

This interrogatory asks Defendants to identify any person, corporation, or other entity who has submitted a posting, rebuttal, update, report, or other content, and/or who claims to be a "ripoff reporter," and who is located in the State of Illinois, from January 1, 2002 to the present. Defendants' response, that "no person who submitted any posting and who claims to be a Rip-off Reporter resides in Illinois" is not responsive to this interrogatory. The question asks Defendants to identify those posters who have submitted content to the websites and reside in Illinois. A cursory review of Defendants' websites clearly indicates that the location of the posters are included at the bottom of each posting, and Plaintiff points out that Defendants specifically request information regarding the location of an individual submitting content to the websites when that individual



registers, as he or she must, to submit a posting or a rebuttal. Plaintiff requests that Defendants provide a complete and accurate response to Interrogatory 9.

### Response to Interrogatory 10:

As indicated above, the Federal Rules of Civil Procedure, Rules 26(g)(1) and (g)(2), require that the responses provided to discovery requests are made upon "reasonable inquiry," and this "reasonable inquiry" component is certified by an attorney's signature. It is simply not reasonable for Defendants to assert that they have no knowledge of any entity advertising on the websites located in the Sate of Illinois. It is Defendants' duty to make a good-faith inquiry as to whether its advertisers are located in the State of Illinois. Plaintiff requests that Defendants provide a complete and accurate response to Interrogatory 10.

### Response to Interrogatory 13:

Defendants' response to this interrogatory is insufficient and non-responsive. In response to Interrogatory 2, Defendants have refused to even identify the shareholders, officers, members of the board of directors, or employees of XCentric Ventures LLC. Without any further identification, Defendants cannot simply assert that no employee or agent has been to Illinois. Furthermore, those individuals' contacts with Illinois are relevant to the issue of whether the Court has jurisdiction over the parties, and the information is relevant even if not admissible at trial if it is reasonably calculated to lead to the discovery of admissible evidence. Whether those contacts were in the scope of employment is an issue to be determined at trial. Plaintiff requests that Defendants provide accurate and complete information in response to Interrogatory 13.

### Response to Interrogatory 15:

Whether an agent of XCentric Ventures, LLC or Ed Magedson provided a media interview is relevant to determining whether the parties have the contacts necessary for the Court to obtain jurisdiction over the parties. Defendants have simply stated a legal conclusion in response to this interrogatory. Plaintiff requests that Defendants provide an accurate and complete response to Interrogatory 15.

### Response to Interrogatory 16:

Plaintiff points out that Defendants specifically request information regarding the location of consumers posting on the websites when those individuals register as required to file a report or a rebuttal. Furthermore, despite the statements made in the affidavit of Ed Magedson, the "EDitor" continues to post responses to postings by consumers on the website. Plaintiff requests that Defendants provide copies of those postings the "EDitor" has authored and posted in response to those consumers who indicate that they are located in Illinois or those consumers who claim to have problems with companies or other entities located in the State of Illinois, and any other communications from Ed Magedson, XCentric Ventures, LLC or its agents to consumers located in Illinois or to those consumers dealing with individuals, companies, or other entities located in the



State of Illinois. This would include all Defendants' dealings with consumers or other individuals relating to George S. May International Company, which is based in Illinois.

### Response to Document Request 2(b):

As has been pointed out to Defendants, upon submitting content to Defendants' websites, individuals or entities are asked to provide identifying information, including an address. To the extent that Defendants can determine an address, either because those emailing Defendants indicate a location, or a location is otherwise evident from the email, or those emailing Defendants have registered with Defendants' website, or Defendants have sent or replied to individuals, corporations, or other entities located in Illinois, please provide to Plaintiff copies of those documents and things in response.

### Response to Document Request 2(c):

Provide telephone records from January 1, 2000 to the present date.

### Response to Document Request 2(d):

Please provide the marketing agreement identified in Response to Interrogatory 10, and related documentation.

### Response to Document Request 2(e):

To the extent Defendants have objected based on their responses to Plaintiff's Interrogatories, Defendants have not properly indicated on what grounds they object to this Request. Plaintiff states that posters or others submitting content to Defendants' websites are required to register and to provide an address. Please provide the documents requested to Plaintiff.

### Response to Document Request 3:

To reiterate, the test for relevance as it relates to discovery is broad, and the material need only be reasonably calculated to lead to the production of admissible evidence. The documents requested reflect the scope of the operation of the websites and the individuals or entities involved in their operation, and the request is certainly relevant to determine whether the Court has jurisdiction over these parties. Financial information is certainly relevant to the issue of whether Defendants had contacts with the State of Illinois. Plaintiff requests that Defendants provide documents and things in response to this request, and in particular Plaintiff requests that Defendants provide the marketing agreement as described in response to Interrogatory 10.

### Responses to Document Request 4-9:

The documents and things requested in Requests 4-9 seek relevant evidence regarding the relationship between and among the Defendants, which will likely lead to a greater understanding of the operation of the websites and the scope of Defendants' contacts with the State of Illinois.



James K. Borcia, Esq.
Maria Crimi Speth, Esq.
January 28, 2005
Page 6

Defendants' objection is not well-founded. Plaintiff requests that Defendants provide documents and things in response to these requests.

Please provide your truthful and complete responses to Plaintiff's First Set of Interrogatories and Requests to Produce Documents and Things as outlined above no later than February 4, 2005. Additionally, please advise us of your availability for a Local Rule 12(k) conference during the week of January 31, 2005 through February 4, 2004.

Sincerely,

SEYFARTH SHAW LLP

*Rachel M. Kindstrand*

Bart A. Lazar
Rachel M. Kindstrand

RMK:rmk

# Confirmation Report — Memory Send

Page        : 001
Date & Time: Jan-28-05  04:56pm
Line 1      : +3123468000
Machine ID : Seyfarth Shaw

| | | |
|---|---|---|
| Job number | : | 915 |
| Date | : | Jan-28 04:53pm |
| To | : | ☎96271717 |
| Number of pages | : | 007 |
| Start time | : | Jan-28 04:53pm |
| End time | : | Jan-28 04:56pm |
| Pages sent | : | 007 |
| Status | : | OK |

Job number    : 915        **\*\*\* SEND SUCCESSFUL \*\*\***



# SEYFARTH SHAW LLP
### ATTORNEYS

55 East Monroe Street
Suite 4200
Chicago, Illinois 60603
(312) 346-8000
Fax (312) 269-8869
www.seyfarth.com

## Facsimile Transmission

Date:  January 28, 2005

| RECIPIENT | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| James K. Borcia, Esq.<br>David O. Yuen, Esq. | Tressler, Soderstrom, Maloney & Priess | | 312-627-1717 |

FROM:       Rachel M. Kindstrand
PHONE:      (312) 269-8951
RE:         Discovery Issues, *George S. May International Company v. XCentric Ventures, LLC et al,* Case Number 04-C-6018

File No:                    **Number of Pages, Including Cover:**  7

☐ Hard copy to follow              ☐ Hard copy will not follow
☐ Per your request                 ☐ Please review and revise if necessary
☐ Please telephone me

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THIS INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE (312) 269-8822 AS SOON AS POSSIBLE.

CH1 10724750.1

## Confirmation Report — Memory Send

Page      : 001
Date & Time: Jan-28-05  05:00pm
Line 1    : +3123468000
Machine ID : Seyfarth Shaw

| | | |
|---|---|---|
| Job number | : | 916 |
| Date | : | Jan-28 04:57pm |
| To | : | ☎916022480522 |
| Number of pages | : | 007 |
| Start time | : | Jan-28 04:57pm |
| End time | : | Jan-28 05:00pm |
| Pages sent | : | 007 |
| Status | : | OK |

Job number    : 916          **\*\*\* SEND SUCCESSFUL \*\*\***



# SEYFARTH SHAW
### ATTORNEYS          LLP

## Facsimile Transmission

Date:   January 28, 2005

RECIPIENT                    COMPANY                         PHONE NO.      FAX NO.
Maria Crimi Speth            Great American Tower                           602-248-0522
Jaburg & Wilk, P.C.

FROM:       Rachel M. Kindstrand
PHONE:      (312) 269-8951
RE:         **Discovery Issues,** *George S. May International Company v. XCentric Ventures, LLC et al,* **Case Number 04-C-6018**

File No:                         **Number of Pages, Including Cover:**  7

☐ Hard copy to follow           ☐ Hard copy will not follow
☐ Per your request              ☐ Please review and revise if necessary
☐ Please telephone me

MESSAGE:

CH1 10724750.1

# EXHIBIT C



**Jaburg & Wilk, P.C.**

ATTORNEYS AT LAW

3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

Tel  602/248-1000
Fax  602/248-0522

www.jaburgwilk.com

RECEIVED

FEB 2 8 2005

SEYFARTH, SHAW

**Writer's Direct Line**
602/248-1089

**Writer's E-mail**
mcs@jaburgwilk.com

February 21, 2005

Bart Lazar
Rachel M. Kindstrand
Seyfarth Shaw
55 East Monroe Street
Suite 4200
Chicago, Illinois  60603

     *Re:    George S. May*

Dear Bart and Rachel:

     As we discussed, I am responding to your letter of January 28, 2005.  The following are my responses.

     Interrogatory Number 1

     Ed Magedson can be contacted through my office.  His home address is personal confidential information.  He has been the subject of numerous death threats and does not disclose his residence address.  Additionally, it is not relevant to any issue in this case and not calculated to lead to relevant information.  He is a Resident of the state of Arizona.

     Interrogatory Number 2-4

     The answer was responsive to the extent appropriate before there is a determination of jurisdiction.  Additionally, the answer that "Xcentric Ventures, L.L.C. has no shareholders, officers, members of the board of directors or employees outside of the state of Arizona" is accurate.  At one time, Creative Business Investments was the manager of Xcentric.  It is no longer the manager. Additionally, Creative Business Investments has never been a shareholder, officer, member of the board of directors or employee of Xcentric Ventures.  Finally, Creative Business Investments is a holding company and its place of incorporation is entirely irrelevant to jurisdiction over Xcentric Ventures, L.L.C.

10297-1/MCS/MCS/452277_v1

Bart Lazar
December 17, 2004
Page 2

Interrogatory Number 5

Xcentric has made a reasonable inquiry. The records of donations only go back to 2003. Thus, there is no other way other than Mr. Magedson's memory to determine if any donations were received before 2003.

Interrogatory Number 6

The answer is responsive. Consumer Media Publishing is a separate entity that has all of the records of book sales. Xcentric Venture, LLC does not sell or ship the books. It does not fulfill orders. Thus, it has no records of what books are shipped to what states.

Interrogatory Number 7 and 8:

The requested information is protected by A.R.S. § 12-2237 and A.R.S. § 12-2214. *See also, Bartlett v. Superior Court*, 722 P.2d 346 (App. 1986).

A.R.S. §12-2214 provides:

A subpoena for the attendance of a witness or for production of documentary evidence issued in a civil or criminal proceeding and directed to a person **engaged in** gathering, reporting, writing, editing, **publishing** or broadcasting **news** to the public, and which relates to matters within these news activities, shall have attached to it an affidavit of a person with a direct interest in the matters sought which states all of the following:… (emphasis added)

The statute then sets forth strict requirements to be included in the affidavit – requirements that George S. May has not met and can not meet. Xcentric Ventures is clearly engaged in publishing news to the public. The term "news" is not defined by the statute. Webster's New Collegiate Dictionary defines "news" as a report of recent events. Xcentric's website contains stories posted by individuals on a daily basis. Each report is a report of recent events related to consumers. The website is similar to the consumer reporting segment included in virtually every television news broadcast. It is clearly and unequivocally the publishing of news.

There is nothing inconsistent about this position and the previous positions taken by Defendants with respect to the Communications Decency Act. Further, your position that Illinois law governs my client is unsupported and unsupportable. My client conducts its business in Arizona, not in Illinois.

Interrogatory Number 9

We understood the interrogatory to be requesting only information on those who claim to be Rip-off Reporters. If you are seeking the contact information for every person or entity from Illinois who has posted on Rip-off Report, we object on the same grounds as in response to Interrogatory number 8. Further, the interrogatory is impossible to answer as the location and residence of the poster is unknown. The person posting may list a false residence and we do not verify addresses. Further, there are over 130,000 reports on Rip-off Report, most of which have multiple rebuttals and/or consumer comments. It

Bart Lazar
December 17, 2004
Page 3

would be unduly burdensome to review each of those hundreds of thousands of posting to identify which may have originated from residents of Illinois. Additionally, your own letter indicates that you are able to conduct the very search that you are requesting that we conduct. If you choose to, you can review the hundreds of thousands of reports and determine which list Illinois as the location of the author. Finally the requested information is not relevant and not calculated to lead to relevant information. The location of the authors when they post is immaterial as it is the purposeful acts of the Defendants, not third parties, that are relevant to jurisdiction.

Interrogatory Number 10

Defendants have answered the interrogatory as fully as possible.

Interrogatory Number 13

I had a layover in Illinois in July when I was on vacation with my family. I am an agent of Xcentric. Is it really your position that such response is relevant to any issue in this case or that we will have to determine at trial whether my family vacation was relevant to this case? Of course not. Yet, the interrogatory that you are still insisting on an answer to is that broad. We have fully responded to the interrogatory to the extent that it seeks relevant information. In the response, we meant the term agent very broadly. However, just to be very clear, no shareholder, officer, member of the board of directors, employee or agent of Xcentric has been present within the State of Illinois at the request of the company or in the scope or course of his or her duties with the company.

Interrogatory Number 15

Xcentric's agents have never given a media interview in the state of Illinois. Xcentric's agents have been contacted by telephone by media from all over the country. The following media sources who have contacted Xcentric are apparently from Illinois: Fox News Chicago, Entrepreneur Magazine, Chicago Tribune, and WFLD-TV. None of these interviews related to George S. May.

Interrogatory Number 16

Your letter states that the Editor continues to post responses to posting by consumers on the website. Please let me know what you are referring to as I know of no such postings. My client responded to this interrogatory appropriately.

Document Request 2(b)

Your request seeks emails from people from Illinois. Xcentric gets thousands of emails every week and does not know the location of the person sending the email.

Bart Lazar
December 17, 2004
Page 4

Document Request 2(c)

A request for telephone records back to 2000 is still overbroad.  Further, my clients' telephone service is Cricket and the bills do not show the telephone numbers from which or to whom calls are made.

Document Request 2(d)

The marketing agreement identified in Response to Interrogatory 10 does not reflect a contact with the State of Illinois.  It is an agreement between two Arizona entities.

Document Request 2(e)

As is set forth in the interrogatory responses, the request is overbroad and impossible to answer. There are hundreds of thousands of reports, rebuttals, and consumer comments.  The place that the author lists as his or her location may or may not be accurate.

Document Request 3

The request is ridiculously broad and will not be responded to.

Document Request 4-9

I fail to see how any of these requests have anything to do with jurisdiction.  It is inappropriate for you to request broad categories of documents that seek every document related to Xcentric's operation including all of its financial records, especially when this case is the subject of a motion to dismiss for lack of jurisdiction.

Conclusion

While I appreciate your desire to obtain information from which you can argue that your state has jurisdiction over Xcentric, your requests are onerous and overbroad even if discovery were not limited to the jurisdiction issue.  We have made a sincere effort to provide you with discovery related to the jurisdiction issue.  The simple fact is that Xcentric has no contacts with Illinois.  Your attempts to burden Xcentric with overbroad discovery requests will not change that reality.

Sincerely,

**JABURG & WILK, P.C.**

Maria Crimi Speth, Esq.

MCS:
cc:  Xcentric Ventures

10297-1/MCS/MCS/452277_v1

# EXHIBIT D

LEXSTAT A.R.S. SEC. 12-2237

ARIZONA REVISED STATUTES
Copyright © 2004 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*THIS DOCUMENT IS CURRENT THROUGH 3RD SPECIAL SESSION OF THE 46TH LEGISLATURE*
* ANNOTATIONS CURRENT THROUGH NOVEMBER 4, 2004 *

TITLE 12. COURTS AND CIVIL PROCEEDINGS
CHAPTER 13. EVIDENCE
ARTICLE 4. PRIVILEGED COMMUNICATIONS

**GO TO CODE ARCHIVE DIRECTORY FOR THIS JURISDICTION**

*A.R.S. § 12-2237* (2004)

§ 12-2237. Reporter and informant

A person engaged in newspaper, radio, television or reportorial work, or connected with or employed by a newspaper, radio or television station, shall not be compelled to testify or disclose in a legal proceeding or trial or any proceeding whatever, or before any jury, inquisitorial body or commission, or before a committee of the legislature, or elsewhere, the source of information procured or obtained by him for publication in a newspaper or for broadcasting over a radio or television station with which he was associated or by which he is employed.

**HISTORY:** Last year in which legislation affected this section: 1960

APPLICABILITY.
This section does not protect all the activities of would-be publishers or newsgatherers, nor does it protect any and all information gathered. *Matera v. Superior Court, 170 Ariz. 446, 825 P.2d 971 (Ct. App. 1992).*