**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

*FILED*

*APR 0 6 2005*

*MICHAEL W. DOBBINS*
*CLERK, U.S. DISTRICT COURT*

| | | |
|---|---|---|
| GEORGE S. MAY<br>INTERNATIONAL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Number 04-C-6018 |
| -vs- | ) | |
| | ) | Judge Norgle |
| XCENTRIC VENTURES, LLC, | ) | |
| RIP-OFF REPORT.COM | ) | |
| BADBUSINESSBUREAU.COM, | ) | |
| ED MAGEDSON, VARIOUS | ) | |
| JOHN DOES, JANE DOES AND | ) | |
| ABC COMPANIES, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR A SECOND EXTENSION OF TIME FOR SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)

Now Comes Plaintiff, George S. May International Company ("GSMIC") by and through its attorneys, Seyfarth Shaw LLP, and hereby moves for second extension of time to serve the Summons and Complaint in the above-captioned case. In support of its Motion, GSMIC states as follows:

      1.      Plaintiff filed its Complaint, along with its Motion for a Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction, with this Court on September 15, 2004. Plaintiff mailed copies of the Summons and Complaint, along with the Motion and Exhibits, to XCentric Ventures, LLC's corporate address, at P.O. Box 470, Phoenix, Arizona 85280, and also sent copies to the Internet registrar for XCentric Ventures, LLC, c/o DirectNic.com, P.O. Box 470, Tempe, Arizona 85280.

2.     In response to this lawsuit, James K. Borcia and David O. Yuen, of the law firm Tressler, Soderstrom, Maloney, and Priess, filed an Appearance on behalf of Named Defendants, XCentric Ventures, LLC and Ed Magedson. Maria Crimi Speth, an attorney with the law firm of Jaburg & Wilk located in Phoenix, Arizona, has also communicated with Plaintiff's counsel in this case, and has responded to Plaintiff's discovery issued in this matter. Although Ms. Speth represented that she would file an appearance in this case with the Court in the context of a Local Rule 37.2 conference conducted in February to discuss various discovery issues, she has not done so. Subsequently, Plaintiff was forced to file a Motion to Compel, which is currently pending before this Court.

3.     Named Defendants have filed various documents in opposition to this lawsuit, and have appeared through counsel at each court date scheduled since the filing of this action. Defendant Ed Magedson has filed an affidavit in response to this lawsuit. The Doe Defendants have not appeared.

4.     At the December 3, 2004 status conference, Plaintiff requested that this Court grant its Motion for Expedited Discovery with respect to the jurisdictional issues raised by Named Defendants. This motion was granted in part, and Plaintiff issued its First Set of Interrogatories and Requests for Production of Documents to Defendants on December 10, 2004.

5.     In addition, Plaintiff has requested that Named Defendants' counsel accept service of the Summons and Complaint via letter dated December 8, 2004, attached as Exhibit A. Named Defendants' counsel refused to accept service or otherwise respond by the deadline indicated in the letter.

6.    Plaintiff sent, via messenger to Named Defendants' counsel, a Notice of Lawsuit and Request for Waiver of Service of Summons from XCentric Ventures, LLC and Ed Magedson, on December 14, 2004 (attached as Exhibit B).

7.    Plaintiff received discovery responses from Named Defendants on or about December 28, 2004. Plaintiff's First Set of Interrogatories, Interrogatory 1, asked Defendants to "State the name, title, address, telephone number of the persons providing information in response to these interrogatories." Defendants responded to Interrogatory 1 as follows:

> Maria Crimi Speth
> Jaburg & Wilk, P.C.
> 3200 North Central Ave., Suite 2000
> Phoenix, AZ 85012
>
> Edward Magedson
> c/o Jaburg & Wilk, P.C.
> 3200 North Central Ave., Suite 2000
> Phoenix, AZ 85012

See Excerpts from Defendants' Responses to Plaintiff's First Set of Interrogatories, attached as Exhibit C.

8.    In Plaintiff's First Set of Interrogatories, Interrogatories 7 and 8, Plaintiff asked Defendants to identify the names, addresses, telephone numbers, and any other contact information of the individuals identified as the sources of an itemized list of postings, and whom Plaintiff is suing as the Doe Defendants. See Exhibit C. Named Defendants refused to divulge any identifying information in response to these interrogatories. Named Defendants' inadequate responses to these interrogatories, among other interrogatories and requests for production, are currently the subject of Plaintiff's pending Motion to Compel.

9.    On December 31, 2004, Plaintiff received a letter from Maria Crimi Speth, an attorney located in Arizona who represents XCentric Ventures LLC and Ed Magedson but whom, as indicated above, has not filed an appearance in this case. This letter, attached as

3

Exhibit D, expressed the position that "[t]he client will not authorize me to accept service of the Complaint." The letter did not address Plaintiff's Request for a Waiver of Service of Summons, nor did it indicate which "client" refused to authorize Ms. Speth to accept service of the Complaint.

10.    As a result of Named Defendants' refusal to accept the waiver or to divulge a proper address, GSMIC filed a motion for an extension of time to serve the Summons and Complaint. GSMIC's motion was granted by this Court on January 14, 2005, and GSMIC was given an additional ninety days to serve the defendants. See Exhibit E.

11.    GSMIC was able to locate and serve, via the local sheriff, XCentric Ventures, LLC's registered agent, J. Peter "Bigfoot" Busnack, who lives in the Arizona desert and upon information and belief runs a wilderness survival school, on January 19, 2005. The affidavit of service is attached as Exhibit F.

12.    Despite numerous good-faith efforts, including independent research to locate Mr. Magedson and directly requesting a residential address for Mr. Magedson and the identity and location of the Doe Defendants in its interrogatories, GSMIC has been unable to serve Mr. Magedson and the Doe Defendants.

13.    Plaintiff has attempted to serve Ed Magedson at five different possible addresses located in Arizona, but its efforts have been unsuccessful. In Mr. Magedson's affidavit, he claims to reside in the State of Arizona. See Exhibit G at paragraph 10.

14.    Additionally, GSMIC made several efforts to obtain adequate discovery responses from Named Defendants in compliance with Local Rule 37.2. GSMIC sent a letter to Named Defendants' counsel specifically requesting complete responses to Plaintiff's interrogatories regarding the Doe Defendants, and specifically asking for a correct address for Ed Magedson.

4

See letter attached as Exhibit H. Despite GSMIC's efforts, GSMIC was forced to file a Motion to Compel directed to Named Defendants on March 9, 2005.

15.     The hearing on GSMIC's Motion to Compel took place on March 11, 2005. Defendants requested a period of twenty-one days to response to GSMIC's motion, on or before April 1, 2005. At the time of filing this motion, Named Defendants have not filed a response to GSMIC's Motion to Compel.

16.     As the comments to Federal Rule of Civil Procedure 4(m) state, "[t]he new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Fed. R. Civ. P. 4, Comments to the 1993 Amendments. Furthermore, the comments state "[r]elief may be justified, for example...if the defendant is evading service or conceals a defect in attempted service." *Id.*

17.     By failing to provide the correct address for Ed Magedson in response to Plaintiff's First Set of Interrogatories, and by failing to provide adequate information to identify and locate the Doe Defendants, Defendants are attempting to evade service of process. Named Defendants and/or Named Defendants' counsel refused to accept Plaintiff's request for a waiver of service; nonetheless, Named Defendants and/or Named Defendants' counsel provided the address of Ms. Speth's law firm in response to the interrogatory calling for Ed Magedson's home address. Plaintiff GSMIC has good cause for requesting a second extension of time.

18.     Named Defendants will not be prejudiced by an extension of time because they are represented by counsel who has appeared in this case and who is fully apprised of the status of this case.

5

WHEREFORE, Plaintiff respectfully requests that this Court grant it an additional extension of time to serve the Summons and Complaint on Defendants, for a period of ninety days. Additionally, Plaintiff respectfully requests that this Court enter an order requiring Defendants to provide an address for Ed Magedson at which service may be effected, and to also order Defendants to provide as a response all the information requested in Plaintiff's First Set of Interrogatories, Interrogatories 7 and 8, as it is relevant to identify and serve Doe Defendants in this action. Furthermore, Plaintiff respectfully requests that this Court enter an order requiring Defendants to bear the costs for failure to comply with the Request for Waiver of Service of Summons, including the costs to Plaintiff in effecting services, and including a reasonable attorney's fee, of any motion required to collect the costs of service pursuant to Federal Rule of Civil Procedure 4(d)(2) and 4(d)(5).

**DATED: April 6, 2005**                 Respectfully submitted,

                                          GEORGE S. MAY INTERNATIONAL COMPANY

                                          By: _Rachel M. Kindstrand_
                                                  One of Its Attorneys

Attorneys for Plaintiff:

Bart A. Lazar, Esq.
Ronald L. Lipinski
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
55 East Monroe, Suite 4200
Chicago, Illinois 60603
Telephone: (312) 346-8000
Facsimile: (312) 269-8869
Firm No. 90747

6

# EXHIBIT A

# SEYFARTH
### ATTORNEYS SHAW LLP

55 East Monroe Street

Suite 4200

Chicago, IL 60603-5803

312-346-8000

fax 312-269-8869

www.seyfarth.com

Writer's direct phone

(312) 269-8986

Writer's e-mail

blazar@seyfarth.com

December 8, 2004

**VIA FACSIMILE**
**(312)-627-1717**

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606-6308

**VIA FACSIMILE**
**(602)-248-0522**

Maria Crimi Speth
Jaburg & Wilk, P.C.
Great American Tower
3200 North Central Ave., Ste. 2000
Phoenix, Arizona 85012

Re:     **George S. May International Company v. XCentric Ventures LLC, et al., Case No. 04-C-6018.**

Dear Mr. Borcia and Ms. Speth:

As a follow-up to our letter dated December 2, 2004, I am writing to ask if you are willing to accept service of the Summons and Complaint on behalf of the Defendants for which you have filed your appearance, specifically Xcentric Ventures LLC and Ed Magedson. Please respond to this request by the close of business (central standard time) on December 10, 2004.

With respect to the letter and request from Mr. Borcia dated December 6, 2004, we will consider your request to dismiss the websites upon completion of discovery. Please contact me if you have any questions.

Sincerely,

SEYFARTH SHAW LLP

Bart A. Lazar

BAL:rmk
cc:     Ronald L. Lipinski
        Rachel M. Kindstrand

BRUSSELS  WASHINGTON, D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA

CHI 10827645.1



55 East Monroe Street
Suite 4200
Chicago, Illinois 60603
(312) 346-8000
Fax (312) 269-8869
www.seyfarth.com

# Facsimile Transmission

Date: December 8, 2004

| RECIPIENT | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| **James K. Borcia** | **Tressler Soderstrom Maloney & Priess** | 312 627 4000 | **312 627 1717** |
| **Maria Crimi Speth** | **Jaburg & Wilk, P.C.** | 602 248 1000 | **602 248-0522** |

FROM:     Bart A. Lazar

PHONE:

RE:          George S. May v. Xcentric Ventures, LLC, et al.

| File No: | 18735-085 | **Number of Pages, Including Cover:** | 2 |
|---|---|---|---|

☐ Hard copy to follow            ☒ Hard copy will not follow
☐ Per your request               ☐ Please review and revise if necessary
☐ Please telephone me

**MESSAGE:**

Please see attached letter.

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

**IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE (312) 346-8000 AS SOON AS POSSIBLE.**

CHI 10827883.1

# Confirmation Report — Memory Send

Page          : 001
Date & Time: Dec-08-04   05:51pm
Line 1        : +3123468000
Machine ID : Seyfarth Shaw

| | | |
|---|---|---|
| Job number | : | 532 |
| Date | : | Dec-08 05:50pm |
| To | : | ☎916022480522 |
| Number of pages | : | 002 |
| Start time | : | Dec-08 05:50pm |
| End time | : | Dec-08 05:51pm |
| Pages sent | : | 002 |
| Status | : | OK |

Job number    : 532         *** SEND SUCCESSFUL ***

# SEYFARTH SHAW LLP
### ATTORNEYS

66 East Monroe Street
Suite 4200
Chicago, Illinois 60603
(312) 346-8000
Fax (312) 269-8869
www.seyfarth.com

## Facsimile Transmission

Date:   December 8, 2004

| RECIPIENT | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| James K. Borcia | Tressler Soderstrom Maloney & Priess | 312 627 4000 | 312 627 1717 |
| Maria Crimi Speth | Jaburg & Wilk, P.C. | 602 248 1000 | 602 248-0522 |

FROM:        Bart A. Lazar
PHONE:
RE:          George S. May v. Xcentric Ventures, LLC, et al.



| File No: | 18735-085 | Number of Pages, Including Cover: | 2 |
|---|---|---|---|

☐ Hard copy to follow          ☒ Hard copy will not follow
☐ Per your request             ☐ Please review and revise if necessary
☐ Please telephone me

MESSAGE:

Please see attached letter.

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE (312) 346-8000 AS SOON AS POSSIBLE.

CH1 10527883.1

# Confirmation Report – Memory Send

Page      : 001
Date & Time: Dec-08-04  05:45pm
Line 1    : +3123468000
Machine ID : Seyfarth Shaw

| | | |
|---|---|---|
| Job number | : | 531 |
| Date | : | Dec-08 05:44pm |
| To | : | ☎96271717 |
| Number of pages | : | 002 |
| Start time | : | Dec-08 05:44pm |
| End time | : | Dec-08 05:45pm |
| Pages sent | : | 002 |
| Status | : | OK |
| Job number | : 531 | **\*\*\* SEND SUCCESSFUL \*\*\*** |

## SEYFARTH SHAW LLP
ATTORNEYS

55 East Monroe Street
Suite 4200
Chicago, Illinois 60603
(312) 346-8000
Fax (312) 269-8869
www.seyfarth.com

## Facsimile Transmission

Date:  December 8, 2004

| RECIPIENT | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| James K. Borcia | Tressler Soderstrom Maloney & Priess | 312 627 4000 | 312 627 1717 |
| Maria Crimi Speth | Jaburg & Wilk, P.C. | 602 248 1000 | 602 248-0522 |

FROM:      Bart A. Lazar
PHONE:
RE:          George S. May v. Xcentric Ventures, LLC, et al.

| File No: | 18735-085 | Number of Pages, Including Cover: | 2 |
|---|---|---|---|



☐ Hard copy to follow          ☒ Hard copy will not follow
☐ Per your request              ☐ Please review and revise if necessary
☐ Please telephone me

MESSAGE:

Please see attached letter.

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THIS ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE (312) 346-8000 AS SOON AS POSSIBLE.

CH1 10827885.1

# EXHIBIT B

# SEYFARTH
## SHAW LLP
**ATTORNEYS**

55 East Monroe Street

Suite 4200

Chicago, IL 60603-5803

312-346-8000

fax 312-269-8869

www.seyfarth.com

Writer's direct phone

(312) 269-8951

Writer's e-mail
rkindstrand@seyfarth.com

December 14, 2004

**VIA MESSENGER**

James K. Borcia
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606-6308

> Re: **Notice of Lawsuit and Request For Waiver of Service of Summons,** *George S. May International Company v. XCentric Ventures, LLC, Rip-OffReport.com, Badbusinessbureau.com, Ed Magedson, Various John Does, Jane Does and ABC Companies, Case No. 04-C-6018, currently pending in the United States District Court, Northern District of Illinois, Eastern Division*

Dear Mr. Borcia:

Enclosed please find a Notice of Lawsuit and Request for Waiver of Service of Summons, as well as two copies of a Waiver of Service of Summons, addressed to your client, Ed Magedson. In addition, I am also enclosing a Notice of Lawsuit and Request for Waiver of Service of Summons, as well as two copies of a Waiver of Service of Summons, addressed to your client, XCentric Ventures LLC. I am enclosing two copies of the Complaint, one for Ed Magedson and one for XCentric Ventures LLC. For your convenience, I am also enclosing two prepaid Federal Express envelopes for the return of the Waiver for each of your clients.

Please return the signed Waivers, if accepted, as soon as possible, but in no event later than January 13, 2005. Thank you for your time.

Sincerely,

SEYFARTH SHAW LLP

*Rachel M. Kindstrand*

Rachel M. Kindstrand

cc: Maria Crimi Speth (via facsimile 602-248-0522 with copies of Notice and Waiver)
Ronald L. Lipinski (w/o enclosures)
Bart A. Lazar (w/o enclosures)

CH1 10830296.1

BRUSSELS

WASHINGTON, D.C.

SAN FRANCISCO

SACRAMENTO

NEW YORK

LOS ANGELES

HOUSTON

CHICAGO

BOSTON

ATLANTA

## NOTICE OF LAWSUIT AND REQUEST
## FOR WAIVER OF SERVICE OF SUMMONS

TO:    <u>Ed Magedson</u>

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the <u>Northern District of Illinois, Eastern Division,</u> and has been assigned docket number <u>04-C-6018</u>.

     This is not a formal summons, or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within <u>30</u> days after the date designated below as the date on which this Notice and Request is sent, before <u>January 13, 2005</u>. I enclose a prepaid Federal Express envelope, addressed to Seyfarth Shaw LLP, c/o Rachel M. Kindstrand, 55 East Monroe Street, Suite 4200, Chicago, Illinois 60603. An extra copy of the waiver is also attached for your records.

     If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days, from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

     If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form, directly below the space for your signature.

     I affirm that this request is being sent to you on behalf of the plaintiff, this *14th* day of December, 2004.

                            Respectfully submitted,

                            SEYFARTH SHAW LLP

                            BY: *Rachel M. Kindstrand*
                            One of the Attorneys for GEORGE S. MAY
                            INTERNATIONAL COMPANY

Ronald L. Lipinski
Bart Lazar
Rachel M. Kindstrand
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603

CHI 10830245.1

## WAIVER OF SERVICE OF SUMMONS

TO:    Seyfarth Shaw LLP, c/o Ronald L. Lipinski, Bart A. Lazar, or Rachel M. Kindstrand, 55 East Monroe, Suite 4200, Chicago, Illinois 60603.

I, Ed Magedson, acknowledge receipt of your request that I waive service of a summons in the action of George S. May International Company v. XCentric Ventures LLC, RipoffReport.com, Badbusinessbureau.com, Ed Magedson, Various John Does, Jane Does, and ABC Companies, which is case number 04-C-6018 in the United States District Court for the Northern District of Illinois. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under, Rule 12 is not served upon you within 60 days after December 14, 2004, or within 90 days after that date if the request was sent outside the United States.

_____        _____
Date                                                          Signature
                                                                   Printed/typed name: _____


### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of, the action or over its person or property. A party who waives service of the summons retains all defenses and objections

(except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

[Adopted April 22, 1993, effective December 1, 1993.]

CHI 10830247.1

## NOTICE OF LAWSUIT AND REQUEST
## FOR WAIVER OF SERVICE OF SUMMONS

TO:    XCentric Ventures, LLC, by its Agent G. Peter Busnack, or its other agents, managers, members, and/or other officers

A lawsuit has been commenced against XCentric Ventures, LLC. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Northern District of Illinois, Eastern Division, and has been assigned docket number 04-C-6018.

This is not a formal summons, or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent, before January 13, 2005. I enclose a prepaid Federal Express envelope, addressed to Seyfarth Shaw LLP, c/o Rachel M. Kindstrand, 55 East Monroe Street, Suite 4200, Chicago, Illinois 60603. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days, from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form, directly below the space for your signature.

I affirm that this request is being sent to you on behalf of the plaintiff, this _14th_ day of December, 2004.

Respectfully submitted,

SEYFARTH SHAW LLP

BY: *Rachel M. Kindstrand*
One of the Attorneys for GEORGE S. MAY
INTERNATIONAL COMPANY

Ronald L. Lipinski
Bart Lazar
Rachel M. Kindstrand
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603

CHI 10830312.1

# WAIVER OF SERVICE OF SUMMONS

TO:    Seyfarth Shaw LLP, c/o Ronald L. Lipinski, Bart A. Lazar, or Rachel M. Kindstrand, 55 East Monroe, Suite 4200, Chicago, Illinois 60603.

I, G. Peter Busnack, or other agent, manager, member or other officer _____, acting on behalf of XCentric Ventures, LLC, acknowledge receipt of your request that I waive service of a summons in the action of George S. May International Company v. XCentric Ventures LLC, RipoffReport.com, Badbusinessbureau.com, Ed Magedson, Various John Does, Jane Does, and ABC Companies, which is case number 04-C-6018 in the United States District Court for the Northern District of Illinois. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which it can return the signed waiver to you without cost to me.

XCentric Ventures, LLC agrees to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I or XCentric Ventures, LLC be served with judicial process in the manner provided by Rule 4.

I or XCentric Ventures, LLC will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me or XCentric Ventures, LLC if an answer or motion under, Rule 12 is not served upon you within 60 days after December 14, 2004, or within 90 days after that date if the request was sent outside the United States.

_____      _____
Date                                                   Signature
                                                           Printed/typed name: _____

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of, the action or over its person or

# EXHIBIT C

JKB/cic/347305

5634-2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 6018 |
| | ) | |
| XCENTRIC VENTURES, LLC, et al., | ) | Judge Norgle |
| | ) | |
| Defendants. | ) | |

## RESPONSES TO PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY'S FIRST SET OF INTERROGATORIES

Defendants, Xcentric Ventures, LLC and Ed Magedson, by and through their attorneys, Tressler, Soderstrom, Maloney & Priess pursuant to Fed. R. Civ. P. Rule 33 hereby submit their responses to Plaintiff George S. May International Company's First Set of Interrogatories:

1.    State the name, title, address, telephone number of the persons providing information in response to these interrogatories.

**RESPONSE:**    Maria Crimi Speth
          Jaburg & Wilk, P.C.
          3200 North Central Ave., Suite 2000
          Phoenix, AZ  85012


          Edward Magedson
          c/o Jaburg & Wilk, P.C.
          3200 North Central Ave., Suite 2000
          Phoenix, AZ  85012



2.    Identify all shareholders, officers, members of the board of directors, and employees of Xcentric Ventures LLC.

5.    Identify any donations, contributions, and/or other revenues received by Xcentric Ventures LLC and/or Ed Magedson, from persons, corporations, or any other entity located in the State of Illinois, and for each donation identify the name, address, and telephone number of the source of that donation, contribution or other revenue; the amount; the date in which the donation, contribution, or other revenue was made; and each document and/or thing used in any way to formulate this Response.

**RESPONSE:** Xcentric Ventures has checked its records back to 2003 and can find no

contributions or donations from Illinois.  Additionally, Mr. Magedson does not recall receiving

any donations from Illinois.

6.    Identify all purchasers of the "Ripoff Revenge Do-it-yourself Guide," which is also entitled "Do-it-Yourself Guide:  How to get Rip-off Revenge ™ and your money back too..." located in the State of Illinois; and include in the Response the name, address, and telephone number of the purchaser, the date of the purchase, the quantity purchased, and each document and/or thing that was used in any way to formulate this Response.

**RESPONSE:** Objection.  Expedited discovery was for a limited purpose and due process

requires that discovery at this stage be limited to questions that address jurisdiction.  This

interrogatory requests information that is not relevant to the issue of jurisdiction.  Neither

Xcentric Ventures, LLC nor Ed Magedson sells the product listed above.  It is offered for sale

and sold by a company called Consumer Media Publishing, LLC, a company that advertises on

the Website.

7.    Identify the Internet Protocol ("IP") addresses of the computers used to post the following postings, rebuttals, and/or updates to the websites www.ripoffreport.com and/or www.badbusinessbureau.com, and each document used in any way to formulate this Response:

    a.    The postings, rebuttals, and updates located www.ripoffreport.com/reports/ripoff101597.htm. and www.ripoffreport.com/reports/ripoff101732.htm.

    b.    The postings, rebuttals, and updates located at www.ripoffreport.com/reports/ripoff64081.htm.

    c.    The postings, rebuttals, and updates located as www.ripoffreport.com/reports/ripoff95354.htm.

    d.    The postings, rebuttals, and updates located at www.ripoffreport.com/reports/ripoff41290.htm,

    e.    The postings, rebuttals, and updates located at www.ripoffreport.com/reports/ripoff86538.htm.

    f.    The postings, rebuttals, and updates located at www.ripoffreport.com/reports/ripoff104370.htm.

    g.    The postings, rebuttals, and updates located at www.ripoffreport.com/reports/ripoff98372.htm.

    h.    The postings, rebuttals, and updates located at www.ripoffreport.com/reports/ripoff100195.htm.

    i.    The postings, rebuttals, and updates located at (or formerly located at) www.ripoffreport.com/reports/ripoff106424.htm, including the rebuttal entitled "Owner of George S. May Company child pornography and other heinous crimes."

**RESPONSE:**    Objection. The requested information is protected by the privacy policy adhered to by Rip-Off Report and posted at http://www.ripoffreport.com/F99.asp#safe.

The requested information is also protected by A.R.S. § 12-2237 and A.R.S. § 12-2214. *See also, Bartlett v. Superior Court*, 722 P.2d 346 (App. 1986). Arizona law governs Xcentric Ventures' conduct since Xcentric is an Arizona based company.

Notwithstanding the above objection, Xcentric Ventures, LLC and ED Magedson respond neither they nor their agents authored any part of the described postings.

8.    Identify the names, addresses, telephone numbers, and any other contract information, including but not limited to, email addresses of the persons who identified themselves as the sources of the postings, rebuttals, and updates described in paragraphs 7(a)-(i) above, and each document and/or thing used in any way to formulate this Response.

**RESPONSE:**    Objection. The requested information is protected by the privacy policy adhered to by Rip-Off Report and posted at http://www.ripoffreport.com/F99.asp#safe.

The requested information is also protected by A.R.S. § 12-2237 and A.R.S. § 12-2214. *See also, Bartlett v. Superior Court*, 722 P.2d 346 (App. 1986). Arizona law governs Xcentric Ventures' conduct since Xcentric is an Arizona based company.

# EXHIBIT D

Gary J. Jaburg
Roger L. Cohen
Mitchell Reichman***
Kathi M. Sandweiss
Lauren L. Garner
Scott J. Richardson
Maria Crimi Speth
Michelle C. Lombino
Mark D. Bogard
Gregory S. Fisher
Laurence B. Hirsch
Jonathan Ibsen****

Lawrence E. Wilk
+Randy Nussbaum
**Beth S. Cohn
Knig J. Marton
Mervyn T. Braude
Susan R. Gilman
James B. Reed
Dalon J. Morgan
Kelly Brown
Peter M. Gennrich
Jeffrey A. Sandell

# J W

## Jaburg & Wilk, P.C.

ATTORNEYS AT LAW

3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

Tel  602/248-1000
Fax  602/248-0522

www.jaburgwilk.com

* ARIZONA CERTIFIED SPECIALIST, BANKRUPTCY
** ARIZONA CERTIFIED SPECIALIST, TAX LAW
*** ARIZONA CERTIFIED SPECIALIST, FAMILY LAW
**** LICENSED TO PRACTICE IN NEW YORK ONLY

**Writer's Direct Line**
602/248-1089

**Writer's E-mail**
mcs@jaburgwilk.com

December 20, 2004

Bart Lazar
Seyfarth Shaw
55 East Monroe Street
Suite 4200
Chicago, Illinois  60603

Re:    George S. May

Dear Bart:

I have received your request to accept service of the complaint and I have conferred with the client. The client will not authorize me to accept service of the complaint. In light of the fact that you have chosen to file this action in a court that has no jurisdiction over my client, my client's position is reasonable.

Sincerely,

**JABURG & WILK, P.C.**

Maria Crimi Speth, Esq.

MCS:

cc:   Xcentric Ventures

10297-001/MCS/MCS/413677

# EXHIBIT E

Minute Order Form (06-97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6018 | **DATE** | 1/14/2005 |
| **CASE TITLE** | George S. May International Company vs. Xcentric Ventures, Inc. | | |

MOTION:

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]   Motion for extension of time for service of summons and complaint pursuant to Federal Rule of Civil Procedure 4(m) is granted for a period of ninety days. |
| (11) | ☐ | [For further detail see order (on reverse side of/attached to) the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | date docketed |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | date mailed notice |
| EP | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

# EXHIBIT F

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE S. MAY<br>INTERNATIONAL COMPANY,<br><br>Plaintiff,<br><br>-vs-<br><br>XCENTRIC VENTURES, LLC,<br>RIP-OFF REPORT.COM<br>BADBUSINESSBUREAU.COM,<br>ED MAGEDSON, VARIOUS<br>JOHN DOES, JANE DOES AND<br>ABC COMPANIES,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Number: 04-C-6018<br><br><br>Judge Norgle |

RECEIVED

FEB 10 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF FILING

To:    James K. Borcia, Esq.
       David O. Yuen, Esq.
       Tressler, Soderstrom, Maloney & Priess
       233 South Wacker Drive, 22nd Floor
       Chicago, Illinois  60606-6308

   **PLEASE TAKE NOTICE** that on February 10, 2005, Plaintiff George S. May
International Company, by and through its attorneys Seyfarth Shaw LLP, filed with the United
States District Court, Northern District of Illinois, Eastern Division, an **Affidavit of Service of
Summons and Complaint on XCentric Ventures LLC**, a copy of which is attached hereto and
hereby served upon you.

                              **GEORGE S. MAY INTERNATIONAL COMPANY**

                              By:  _Rachel M. Kindstrand_
                                   One of Its Attorneys

Bart A. Lazar, Esq.
Rachel M. Kindstrand, Esq.
Seyfarth Shaw LLP
55 East Monroe, Suite 4200
Chicago, IL 60603
(312) 346-8000
Attorneys for Plaintiff

CH1 10855835.1

# GILA COUNTY SHERIFF'S OFFICE
## CIVIL PROCESS DIVISION
## COUNTY OF GILA, STATE OF ARIZONA

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY ) | CASE NO. 04-C-6018 |
| ) | **AFFIDAVIT OF SERVICE** |
| ) | |
| VS ) | |
| ) | **ORIGINAL** |
| XCENTRIC VENTURES LLC, RIP-OFF REPORT.COM, ) | |
| BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS ) | |
| JOHN DOES, JANE DOES AND ABC COMPANIES ) | |

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINIOS

I, **Sergeant Richard C. Taylor**   , Being first duly sworn, deposes and says that he/she is regularly appointed qualified Deputy Sheriff of the County of Gila, State of Arizona and over the age of twenty-one (21), not a party to the action or related to either party, nor an Attorney for a party, nor in any way interested in the named action and authorized to serve civil process by the laws of the State of Arizona and competent to be a witness therein and that he/she receive the following documents;

**SUMMONS IN A CIVIL CASE**
**COMPLAINT**

ON THE 13TH DAY OF JANUARY 2005, at 1103 HOURS And he/she served the same on the defendant and/or respondent in the County of Gila, State of Arizona, a true and correct copy thereof, in the manner and at the place and time shown below:

**MANNER OF SERVICE:**
**PERSON & TITLE OF PERSON(S) TO BE SERVED:   PETER G. BUSNACK**
**TYPE OF SERVICE:**

RECEIVED

FEB 10 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PERSONAL SERVICE**
**by personally delivering  true  copies to the person  or corporation names.**

| | |
|---|---|
| **Party Served:** | PETER G. BUSNACK "BIG-FOOT" |
| **Name & Title of Person Served:** | PETER G. BUSNACK "BIG-FOOT" |
| **Date & Time of Service:** | JANUARY 19, 2005 AT 1150 HOURS |
| **Address, City & State of Service** | REEVES MOUNTAIN SCHOOL |
| | ROOSEVELT, ARIZONA |

===============================================================

| | |
|---|---|
| John R. Armer, Sheriff of Gila County | Sworn before me, **TAMMY GLEN**, Notary |
| BY:  **SERGEANT RICHARD C. TAYLOR** | This   24th   Day of JANUARY, 2005. |
| _R C Taylor #4135 d_ | _Tammy Glen_ |
| CN 01/204  FEES; $40.00 PAID | |

OFFICIAL SEAL
TAMMY GLEN
Notary Public - State of Arizona
GILA COUNTY
My Comm. Expires Dec. 10, 2005

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

*Alias* SUMMONS IN A CIVIL CASE

George S. May International Company

V.

XCentric Ventures, LLC, Rip-off Report.com,
Badbusinessbureau.com, Ed Magedson, Various
John Does, Jane Does, and ABC Companies

CASE NUMBER:  04-C-6018

ASSIGNED JUDGE:  Judge Norgle

DESIGNATED
MAGISTRATE JUDGE:  Magistrate Judge Mason



RECEIVED

FEB 10 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TO: (Name and address of Defendant)

XCentric Ventures, LLC
c/o Agent G. Peter Busnack
8833 S JB Road
Reevis Mountain, AZ 85545

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Ronald L. Lipinski
Bart A. Lazar
Rachel M. Kindstrand
Seyfarth Shaw LLP
55 East Monroe St., Suite 4200
Chicago, IL 60603

an answer to the complaint which is herewith served upon you, within [ 20 ] days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

_____
(By) DEPUTY CLERK

DEC 1 4 2004

_____
DATE

FE

MICHAE
CLERK, U.S.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a copy of **Affidavit of Service of Summons and Complaint on XCentric Ventures LLC** to be served by United States mail, postage prepaid, on this 10th day of February, 2005, before the hour of 5:00 p.m., on the following:

James K. Borcia, Esq.
David O. Yuen, Esq.
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, Illinois;  60606-6308

Rachel M. Kindstrand

# EXHIBIT G

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GEORGE S. MAY INTERNATIONAL
COMPANY,

      Plaintiffs,

vs.

XCENTRIC VENTURES, LLC,
RI-POFF REPORT.COM,
BADBUSINESSBUREAU.COM,
ED MAGEDSON, VARIOUS
JOHN DOES, JANE DOES AND ABC
COMPANIES,

      Defendants.

CASE NO. 04C 6018

(Assigned to the Honorable
Judge Norgle)

_____/

## DECLARATION OF ED MAGEDSON

I, Ed Magedson, declare the following to be true under penalty of perjury:

1. Rip-off Report has been in existence for approximately five years.

2. I founded Rip-off Report.

3. Rip-off Report was previously operated by a company called badbusinessbureau.com, llc.

4. Today it is operated by Xcentric Ventures, L.L.C., an Arizona limited liability company.

5. I am the website's editor.

6. Rip-off Report is the most popular consumer advocacy website in the world, containing over 105,000 reports, and having had over two billion hits.

7. At one time, I would occasionally write an editorial about a report, but I have discontinued that practice because of the potential liability.

8. Today, all reports are authored and submitted by consumers.

9. While the staff of Rip-off Report edits the reports by removing obscenities, vulgarities, and threats of physical violence, no agent of Rip-off Report adds any content to any report.

10. I reside in Arizona.

11. I owns no assets in Illinois.

12. I do not do business in Illinois.

13. I have not been to Illinois except in passing through.

14. Xcentric is a limited liability company organized and existing under the laws of Arizona.

15. Its place of business is Arizona.

16. Xcentric does not own any assets in Illinois, or have any offices or employees in the state.

17. Xcentric does not do business with or within the State of Illinois.

18. Xcentric operates a website, "The Rip-Off Report," located at www.badbusinessbureau.com and at

19. The website is hosted by Sterling Network Services, LLC.

20. Sterling is an Arizona company whose servers are located in

   Arizona.

   The foregoing is true and accurate to the best of my knowledge and

recollection.

Ed Magedson

# EXHIBIT H

# SEYFARTH
**ATTORNEYS** SHAW LLP

55 East Monroe Street

Suite 4200

Chicago, IL 60603-5803

312-346-8000

fax 312-269-8869

www.seyfarth.com

Writer's direct phone

(312) 269-8951

Writer's e-mail
rkindstrand@seyfarth.com

January 28, 2005

**VIA FACSIMILE**

**312-627-1717**

James K. Borcia, Esq.
David O. Yuen, Esq.
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606-6308

**VIA FACSIMILE**

**602-248-0522**

Maria Crimi Speth
Jaburg & Wilk, P.C.
Great American Tower
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012

Re:     Discovery Issues, *George S. May International Company v. XCentric Ventures, LLC et al*, Case Number 04-C-6018

Dear Counsel:

This letter serves as notice to you of the deficiencies in your responses to Plaintiff's First Set of Interrogatories and Plaintiff's Requests to Produce Documents and Things, and is sent to you pursuant to the requirements of Local Rule 12(k).

As a general matter, Plaintiff points out that the discovery responses were signed on behalf of Defendants by Ms. Speth. Ms. Speth, however, has not appeared in this case and is not an attorney of record for the purposes of the Federal Rules of Civil Procedure, and therefore it is inappropriate for her to sign the discovery responses. As a result, Defendants have therefore waived their objections. Please have an authorized person execute and certify the Answers to Plaintiff's First Set of Interrogatories and Responses to Plaintiff's Requests to Produce Documents and Things.

With respect to Defendants' responses to Plaintiff's First Set of Interrogatories and Plaintiff's Requests to Produce Documents and Things, Plaintiff requests that Defendants correct the deficiencies, as illuminated below, by providing supplemental answers or by producing documents by February 4, 2005.

**Response to Interrogatory 1:**

Defendants' have not provided the proper address, title, and telephone number for Ed Magedson, nor have Defendants' objected to providing Ed Magedson's information. This response

BRUSSELS · WASHINGTON, D.C. · SAN FRANCISCO · SACRAMENTO · NEW YORK · LOS ANGELES · HOUSTON · CHICAGO · BOSTON · ATLANTA

CH1 10846387.1



is improper. Plaintiff requests that Defendants provide the correct current home address for Ed Magedson, along with his title as he purports to answer on behalf of XCentric Ventures, LLC, and his telephone number.

### Responses to Interrogatories 2, 3, and 4:

Despite Defendants' objections, these interrogatories are designed to lead to relevant evidence on the issue of jurisdiction and/or other matters relevant to this case. As noted by the United States District Court, Northern District of Illinois, "[t]he Federal Rules of Civil Procedure contemplate liberal discovery, and "relevancy" under Rule 26 is extremely broad." *For Your Ease Only, Inc. v. Calgon Carbon Corporation et al*, No. 02-C-7345, 2003 U.S. Dist. LEXIS 20267, at * 4 (N.D. Ill. Nov. 12, 2003). Furthermore, "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Federal Rule of Civil Procedure 26(b)(1) clearly states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including....the identity and location of persons having knowledge of any discoverable material." The identity of those persons responsible for operating XCentric Ventures, LLC, www.ripoffreport.com, and www.badbusinessbureau.com is certainly relevant to the issue of whether this Court has jurisdiction over those parties, and therefore whether the conduct of those parties extends to the State of Illinois. Furthermore, Plaintiff is entitled to know the identity of these individuals as they have knowledge of discoverable material. Defendants' response—that no individual or entity requested resides outside the state of Arizona—is simply a conclusion, and not an answer to Plaintiff's interrogatories. Furthermore, with respect to Interrogatory 2, Defendants' partial response, that "XCentric Ventures, LLC has no shareholders, officers, members of the board of directors or employees outside of the state of Arizona" is false. The Arizona Corporation Commission State of Arizona Public Access System lists Creative Business Investment, 711 S. 8th Street, Las Vegas, Nevada, as a Manager and Member of XCentric Ventures, LLC. Plaintiff requests that Defendants provide truthful and complete answers to these interrogatories regardless of whether the individuals, corporations, or others identified reside within the state of Arizona.

### Response to Interrogatory 5:

Plaintiff asserts that Defendants have been operating www.ripoffreport.com and www.badbusinessbureau.com since at least 2000, therefore Defendants' response to check two years worth of donation information is not sufficient. Furthermore, the Federal Rules of Civil Procedure, Rules 26(g)(1) and (g)(2), require that the responses provided to discovery requests are made upon "reasonable inquiry," and this "reasonable inquiry" component is certified by an attorney's signature. It is simply not reasonable for Defendants to assert that "Ed Magedson does not recall receiving any donations from Illinois." It is Defendants' duty to make an investigation to determine whether it received contributions, donations, or other revenues from any person, corporation, or other entity located in the State of Illinois. Plaintiff requests that Defendants review records from January 1, 2000 to the present or from the time in which Defendants began operating the websites to the present, whichever is earliest in time, for any donations, contributions, or other revenues received from any individual or entity located within the State of Illinois, and further



identify the name, address, and telephone number of the source of each donation, contribution, or other revenue.

### Response to Interrogatory 6:

Defendants' answer is nonresponsive and insufficient to the question posed in this Interrogatory. Ed Magedson purports to be the author of the "Rip-Off Revenge Guide," it is advertised on his website, a "pop-up" window opens upon accessing www.ripoffreport.com advertising the "Rip-off Revenge Guide," and in all respects, sales of a book created and authored by Ed Magedson is relevant to the issue of jurisdiction and Defendants' contacts with the State of Illinois. It is not relevant that Consumer Media Publishing, LLC also profits from the sale of the "Rip-Off Revenge Guide." Plaintiff requests that Defendants provide complete and accurate information as requested by Plaintiff in response to Interrogatory 6.

### Response to Interrogatories 7 and 8:

The statutes and caselaw cited by Defendants are inapplicable to this case and are inconsistent with the position asserted by Defendants in its briefs claiming that this Court lacks jurisdiction. First, Plaintiff has not issued a subpoena to any media witness pursuant to Arizona Revised Statutes section 12-2214, and as such that statute is clearly inapplicable. Second, if Defendants are asserting that they are operating a newspaper and can properly avail themselves of the "informants privilege" as set forth in Arizona Revised Statutes section 12-2237 and as asserted by Defendants in response to these interrogatories, then jurisdiction over Defendants would be proper in Illinois under *Calder v. Jones,* 465 U.S. 783 (1984). Please confirm which position you are taking as you cannot have it both ways. Arizona law does not govern this case; furthermore, Arizona law does not govern the Court for the purposes of determining jurisdiction over the Defendants. The identity of these posters, whose activities have caused Plaintiff harm in Illinois and whose activities are clearly targeted at Plaintiff in Illinois, is relevant to whether this Court has jurisdiction over the named Defendants, and it is also relevant to identifying additional unnamed Defendants. Finally, Defendants' website privacy policy clearly indicates that this information is collected by Defendants, and Defendants state in this policy that this information is shared with the operators of the website. Plaintiff requests that Defendants provide accurate and complete responses to Interrogatories 7 and 8.

### Response to Interrogatory 9:

This interrogatory asks Defendants to identify any person, corporation, or other entity who has submitted a posting, rebuttal, update, report, or other content, and/or who claims to be a "ripoff reporter," and who is located in the State of Illinois, from January 1, 2002 to the present. Defendants' response, that "no person who submitted any posting and who claims to be a Rip-off Reporter resides in Illinois" is not responsive to this interrogatory. The question asks Defendants to identify those posters who have submitted content to the websites and reside in Illinois. A cursory review of Defendants' websites clearly indicates that the location of the posters are included at the bottom of each posting, and Plaintiff points out that Defendants specifically request information regarding the location of an individual submitting content to the websites when that individual



registers, as he or she must, to submit a posting or a rebuttal. Plaintiff requests that Defendants provide a complete and accurate response to Interrogatory 9.

### Response to Interrogatory 10:

As indicated above, the Federal Rules of Civil Procedure, Rules 26(g)(1) and (g)(2), require that the responses provided to discovery requests are made upon "reasonable inquiry," and this "reasonable inquiry" component is certified by an attorney's signature. It is simply not reasonable for Defendants to assert that they have no knowledge of any entity advertising on the websites located in the Sate of Illinois. It is Defendants' duty to make a good-faith inquiry as to whether its advertisers are located in the State of Illinois. Plaintiff requests that Defendants provide a complete and accurate response to Interrogatory 10.

### Response to Interrogatory 13:

Defendants' response to this interrogatory is insufficient and non-responsive. In response to Interrogatory 2, Defendants have refused to even identify the shareholders, officers, members of the board of directors, or employees of XCentric Ventures LLC. Without any further identification, Defendants cannot simply assert that no employee or agent has been to Illinois. Furthermore, those individuals' contacts with Illinois are relevant to the issue of whether the Court has jurisdiction over the parties, and the information is relevant even if not admissible at trial if it is reasonably calculated to lead to the discovery of admissible evidence. Whether those contacts were in the scope of employment is an issue to be determined at trial. Plaintiff requests that Defendants provide accurate and complete information in response to Interrogatory 13.

### Response to Interrogatory 15:

Whether an agent of XCentric Ventures, LLC or Ed Magedson provided a media interview is relevant to determining whether the parties have the contacts necessary for the Court to obtain jurisdiction over the parties. Defendants have simply stated a legal conclusion in response to this interrogatory. Plaintiff requests that Defendants provide an accurate and complete response to Interrogatory 15.

### Response to Interrogatory 16:

Plaintiff points out that Defendants specifically request information regarding the location of consumers posting on the websites when those individuals register as required to file a report or a rebuttal. Furthermore, despite the statements made in the affidavit of Ed Magedson, the "EDitor" continues to post responses to postings by consumers on the website. Plaintiff requests that Defendants provide copies of those postings the "EDitor" has authored and posted in response to those consumers who indicate that they are located in Illinois or those consumers who claim to have problems with companies or other entities located in the State of Illinois, and any other communications from Ed Magedson, XCentric Ventures, LLC or its agents to consumers located in Illinois or to those consumers dealing with individuals, companies, or other entities located in the

SEYFARTH
ATTORNEYS    SHAW LLP

State of Illinois. This would include all Defendants' dealings with consumers or other individuals relating to George S. May International Company, which is based in Illinois.

### Response to Document Request 2(b):

As has been pointed out to Defendants, upon submitting content to Defendants' websites, individuals or entities are asked to provide identifying information, including an address. To the extent that Defendants can determine an address, either because those emailing Defendants indicate a location, or a location is otherwise evident from the email, or those emailing Defendants have registered with Defendants' website, or Defendants have sent or replied to individuals, corporations, or other entities located in Illinois, please provide to Plaintiff copies of those documents and things in response.

### Response to Document Request 2(c):

Provide telephone records from January 1, 2000 to the present date.

### Response to Document Request 2(d):

Please provide the marketing agreement identified in Response to Interrogatory 10, and related documentation.

### Response to Document Request 2(e):

To the extent Defendants have objected based on their responses to Plaintiff's Interrogatories, Defendants have not properly indicated on what grounds they object to this Request. Plaintiff states that posters or others submitting content to Defendants' websites are required to register and to provide an address. Please provide the documents requested to Plaintiff.

### Response to Document Request 3:

To reiterate, the test for relevance as it relates to discovery is broad, and the material need only be reasonably calculated to lead to the production of admissible evidence. The documents requested reflect the scope of the operation of the websites and the individuals or entities involved in their operation, and the request is certainly relevant to determine whether the Court has jurisdiction over these parties. Financial information is certainly relevant to the issue of whether Defendants had contacts with the State of Illinois. Plaintiff requests that Defendants provide documents and things in response to this request, and in particular Plaintiff requests that Defendants provide the marketing agreement as described in response to Interrogatory 10.

### Responses to Document Request 4-9:

The documents and things requested in Requests 4-9 seek relevant evidence regarding the relationship between and among the Defendants, which will likely lead to a greater understanding of the operation of the websites and the scope of Defendants' contacts with the State of Illinois.

CHI 10846387.1



James K. Borcia, Esq.
Maria Crimi Speth, Esq.
January 28, 2005
Page 6

Defendants' objection is not well-founded. Plaintiff requests that Defendants provide documents and things in response to these requests.

Please provide your truthful and complete responses to Plaintiff's First Set of Interrogatories and Requests to Produce Documents and Things as outlined above no later than February 4, 2005. Additionally, please advise us of your availability for a Local Rule 12(k) conference during the week of January 31, 2005 through February 4, 2004.

Sincerely,

SEYFARTH SHAW LLP

*Rachel M. Kindstrand*

Bart A. Lazar
Rachel M. Kindstrand

RMK:rmk

CH1 10846387.1

# Confirmation Report — Memory Send

Page        : 001
Date & Time: Jan-28-05  04:56pm
Line 1     : +3123468000
Machine ID : Seyfarth Shaw

| | | |
|---|---|---|
| Job number | : | 915 |
| Date | : | Jan-28 04:53pm |
| To | : | ☎96271717 |
| Number of pages | : | 007 |
| Start time | : | Jan-28 04:53pm |
| End time | : | Jan-28 04:56pm |
| Pages sent | : | 007 |
| Status | : | OK |
| Job number | : 915 | *** SEND SUCCESSFUL *** |

# SEYFARTH SHAW LLP
ATTORNEYS

55 East Monroe Street
Suite 4200
Chicago, Illinois 60603
(312) 346-8000
Fax (312) 269-8869
www.seyfarth.com

## Facsimile Transmission

Date:  January 28, 2005

| RECIPIENT | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| James K. Borcia, Esq.<br>David O. Yuen, Esq. | Tressler, Soderstrom, Maloney & Priess | | 312-627-1717 |

FROM:    Rachel M. Kindstrand
PHONE:   (312) 269-8951
RE:      Discovery Issues, *George S. May International Company v. XCentric Ventures, LLC et al*, Case Number 04-C-6018

| | Number of Pages, Including Cover:  7 |
|---|---|
| File No: | |

- ☐ Hard copy to follow
- ☐ Per your request
- ☐ Please telephone me
- ☐ Hard copy will not follow
- ☐ Please review and revise if necessary

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE (312) 269-8822 AS SOON AS POSSIBLE.

CH1 10724750.1

# Confirmation Report — Memory Send

Page         : 001
Date & Time: Jan-28-05  05:00pm
Line 1     : +3123468000
Machine ID : Seyfarth Shaw

| | | |
|---|---|---|
| Job number | : | 916 |
| Date | : | Jan-28 04:57pm |
| To | : | ☎916022480522 |
| Number of pages | : | 007 |
| Start time | : | Jan-28 04:57pm |
| End time | : | Jan-28 05:00pm |
| Pages sent | : | 007 |
| Status | : | OK |
| Job number | : 916 | *** SEND SUCCESSFUL *** |

# SEYFARTH SHAW LLP
ATTORNEYS

## Facsimile Transmission

Date:  January 28, 2005

| RECIPIENT | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| Maria Crimi Speth | Great American Tower | | 602-248-0522 |
| Jaburg & Wilk, P.C. | | | |

FROM:        Rachel M. Kindstrand
PHONE:       (312) 269-8951
RE:          Discovery Issues, *George S. May International Company v. XCentric Ventures, LLC et al*, Case Number 04-C-6018

File No:                      Number of Pages, Including Cover:  7

☐ Hard copy to follow        ☐ Hard copy will not follow
☐ Per your request           ☐ Please review and revise if necessary
☐ Please telephone me

MESSAGE:

CH1 10724750.1