JKB/cic/356050

5634-2-51

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> XCENTRIC VENTURES, LLC, RIP-OFF ) <br> REPORT.COM, BADBUSINESSBUREAU.COM, ) <br> ED MAGEDSON, VARIOUS JOHN DOES, JANE ) <br> DOES AND ABC COMPANIES, ) <br> ) <br> Defendants. ) | No. 04 C 6018 <br><br> Judge Norgle |

**NOTICE OF FILING**

TO:   Bart A. Lazar, Esq.
      Seyfarth Shaw LLP
      55 East Monroe, Suite 4200
      Chicago, IL 60603

FILED
APR 0 6 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PLEASE TAKE NOTICE** that on the 6th day of April, 2005, there was filed with the United States District Court for the Northern District of Illinois, Eastern Division, **Defendants' Response to Plaintiff George S. May International Company's Motion to Compel Answers to its First Set of Interrogatories**, a copy of which is attached hereto and hereby served upon you.

XCENTRIC VENTURES, LLC and ED
MAGEDSON

By: _____
      One of Their Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

## PROOF OF SERVICE

I, the undersigned, on oath state that I served copies of the above-referenced documents upon the above-referenced parties at their addresses listed above by hand-delivery on the 6th day of April, 2005.

*[signature]*

Subscribed and Sworn to before me
on this 6th day of April, 2005

By: *[signature]*
Notary Public

OFFICIAL SEAL
CYNTHIA CLOSE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 06-15-07

JKB/cic/356038

5634-2-51

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 04 C 6018 |
| XCENTRIC VENTURES, LLC, et al., | ) ) ) | Honorable Judge Norgle |
| Defendants. | ) | |

FILED
APR 0 6 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### DEFENDANTS' RESPONSE TO PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY'S MOTION TO COMPEL ANSWERS TO ITS FIRST SET OF INTERROGATORIES

Defendants, Xcentric Ventures, L.L.C. and Ed Magedson, by and through their attorneys, requests that the Court deny Plaintiff's Motion to Compel. Defendants have already complied with FRCP Rule 33 in tendering all reasonably pertinent information to Plaintiff on the sole issue of jurisdiction and properly objected to Plaintiff's requests that are excessively broad and irrelevant to the current issue of jurisdiction.

### I. FACTS

On December 3, 2004, this Court issued an order allowing Plaintiff to conduct discovery on the sole issue of jurisdiction. Subsequently, Plaintiff served Defendants Ed Magedson and XCentric Ventures, LLC's with a broad and sweeping request for information well beyond the scope of the jurisdictional issue. Defendants timely responded to Plaintiff's Interrogatory requests, fulfilling the requirements of FRCP Rule 33 by either: (1) answering each

interrogatory fully and separately to the extent the interrogatories were not objectionable, or (2) properly objecting to, and providing reasons for objectionable interrogatories.[1]

## II. ARGUMENT

Though the sole, limited issue at hand in this case is jurisdiction, Plaintiff attempts to broaden the scope of the limited discovery granted by this Court in a manner that is burdensome and costly to the Defendants. In the Advisory Committee notes to the 1993 amendment of Rule 33 of the Federal Rules of Civil Procedure, the committee states "[t]he purpose of this revision is to reduce the frequency and increase the efficiency of interrogatory practice" stating further that "[b]ecause Rule 26(a)(1)-(3) requires disclosure of much of the information previously obtained by this form of discovery, there should be less occasion to use it." Fed. R. Civ. P. 33 advisory comm. – 1993 Amendments. In this case, though jurisdiction is the sole issue at hand, Plaintiff continues to demand a full list of employees for XCentric Ventures despite Defendants' sworn answer that XCentric Ventures has "no shareholders, officers, members of the board of directors or employees outside the state of Arizona." (Defendants' Response to Plaintiff's Interrogatory No. 2). Similarly, Plaintiff continues to demand the names of all who "own, operate administer, or create content for and/or edit" the company's website despite Defendant's sworn statement that "[n]o person or entity who owns, operates administers, creates content for and/or edits the website resides outside of Arizona." (Exhibit A – Defendants' Response to Plaintiff's Interrogatory Nos. 3 and 4). Defendants' responses to Plaintiff's Interrogatories provided reasonable information to address the limited issue of jurisdiction, and provided a valid objection to Plaintiff's unreasonable attempt to broaden the scope of expedited discovery to glean specific names of XCentric ventures personnel.

---

[1] It is true that Xcentric's counsel in Arizona signed the responses when they technically should have been signed by undersigned counsel. However, such technical defect does not affect the responses and did not prejudice Plaintiff in any way. Counsel has now provided Plaintiff with the same responses, signed by Illinois counsel. (See Ex. A).

2

In addition, interrogatories that are so broad and sweeping as to go "far beyond the date of the disputed transaction and embrac[e] transactions with strangers to the action" are invalid. *Bullard v. Universal Millwork Corp*, 25 F.R.D. 342, 344 (E.D.N.Y. 1960). In this case, Plaintiff continues to demand a list of any "donations, contributions, and/or other revenues" from individuals in Illinois dating back as far as 2000, despite Defendants' sworn statement that no such contributions or donations were received as far back as 2003, the last date Defendant's record of donations are kept. (Exhibit A – Defendants' Response to Plaintiff's Interrogatory No. 5; Exhibit C – Interrogatory No. 5). Plaintiff also demands a list of all purchasers of a book neither written, published, nor sold by the Defendants but by a separate legal entity. This unreasonable demand persists despite Defendants' sworn statement that such information is maintained by Consumer Media Products, L.L.C., a separate legal entity, not by Xcentric. (Exhibit A – Defendants' Response to Plaintiff's Interrogatory No. 6). Defendants provided reasonable information considering the unreasonably broad scope of the questions, and gave valid objections to the expansive sweep of these interrogatories.

Many of Plaintiff's interrogatories are not only irrelevant to the narrow issue of jurisdiction, but would also require an unreasonable burden upon Defendants to answer. For instance, Plaintiff seeks all correspondence with Illinois entities or individuals. Responding to such inquiry would require Xcentric to search through tens of thousands of emails to determine whether any emails originate from Illinois. Even if Xcentric were to conduct such an exhaustive investigation, it would not produce accurate results because senders of emails usually do not identify their residence. An interrogatory is also invalid where it "too broad to permit an effective response." *Mort v. A/S D/S Svendborg, D/S AF 1912 A/S*, 41 F.R.D. 225, 226 (E.D. Pa. 1966). Additionally, such information is not even relevant to jurisdiction. If Xcentric agents sit

3

at a computer in Arizona and read or even send emails to Illinois residents, that would never be sufficient to subject Xcentric to general jurisdiction. In order to subject Xcentric to specific jurisdiction, the claim must arise out of that conduct. Interrogatories are restricted in scope to those matters reasonably relevant to sensible investigation, and are invalid where they are so broad as to where the "preparation of answers to those interrogatories would require an unreasonable amount of time and an unreasonable expenditure of money by defendant." *Jones v. Holy Cross Hospital Silver Spring, Inc.*, 64 F.R.D. 586, 591 (D. Md 1974).

These limitations on the scope of interrogatories are supported by the Federal Rules themselves. Under the Federal Rules of Civil Procedure, the scope of discovery methods such as interrogatories will be limited by a court if it determines that "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive" or that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(i), (iii). In the Advisory Committee notes to Rule 33 of the Federal Rules, the Committee urges restriction of interrogatories, stating: "because [interrogatories] can be costly and may be used as a means of harassment, it is desirable to subject its use to the control of the court consistent with the principles stated in Rule 26(b)(2)." Fed. R. Civ. P. 33 advisory comm. – 1993 Amendments. Here, Plaintiff attempts to circumvent the limited scope of the expedited discovery granted by this Court by demanding information beyond the scope of the jurisdictional issue and that would be expensive and burdensome for Defendants to provide. Defendants provided full answers to each of Plaintiff's interrogatories to the extent reasonable to the jurisdictional issue at hand, and gave valid objections to the overly-broad scope of Plaintiff's interrogatories.

Plaintiff also seeks the identity of the authors of certain postings on the website. Xcentric Ventures has a privacy policy that it posts on its website and adheres to. It is posted at http://www.ripoffreport.com/F99.asp#safe. The requested information is also protected by A.R.S. § 12-2237 and A.R.S. § 12-2214. *See also Bartlett v. Superior Court*, 722 P.2d 346 (App. 1986).

> A.R.S. §12-2214 provides:
>
> A subpoena for the attendance of a witness or for production of documentary evidence issued in a civil or criminal proceeding and directed to a person **engaged in** gathering, reporting, writing, editing, **publishing** or broadcasting **news** to the public, and which relates to matters within these news activities, shall have attached to it an affidavit of a person with a direct interest in the matters sought which states all of the following... (emphasis added)

The statute sets forth strict requirements to be included in the affidavit – requirements that George S. May has not met and cannot meet. Xcentric Ventures is clearly engaged in publishing news to the public. The term "news" is not defined by the statute. Webster's New Collegiate Dictionary defines "news" as a report of recent events. Xcentric's website contains stories posted by individuals on a daily basis. (*See* www.ripoffreport.com). Each report is a report of recent events related to consumers. The website is similar to the consumer reporting segment included in virtually every television news broadcast. It is clearly and unequivocally the publishing of news.

Plaintiff seeks to compel the agreement between Sterling Network and Xcentric. This is an interesting addition to the Motion to Compel since Plaintiff has not requested that document in its discovery requests to Xcentric. Nevertheless, there is no written agreement between Sterling Network and Xcentric.

Plaintiff seeks to compel Xcentric's marketing agreement with Google. As is set forth in the responses to the requests, Xcentric does not have an agreement with Google. Xcentric contracted with an Arizona company which contracted with Google.

## III.  CONCLUSION

For the foregoing reasons, Defendants request this Court deny Plaintiff's Motion to Compel. Defendants have provided reasonable answers to each interrogatory relevant to the limited issue of jurisdiction to which the expedited discovery is bound, and provided appropriate objections to the unreasonably broad scope of Plaintiff's demands.

XCENTRIC VENTURES, LLC and ED MAGEDSON

By: _____
One of Their Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

6

JKB/cic/347305                                                                                          5634-2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 04 C 6018 |
| XCENTRIC VENTURES, LLC, et al., | ) ) ) | Judge Norgle |
| Defendants. | ) ) | |

## RESPONSES TO PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY'S FIRST SET OF INTERROGATORIES

Defendants, Xcentric Ventures, LLC and Ed Magedson, by and through their attorneys, Tressler, Soderstrom, Maloney & Priess pursuant to Fed. R. Civ. P. Rule 33 hereby submit their responses to Plaintiff George S. May International Company's First Set of Interrogatories:

    1.    State the name, title, address, telephone number of the persons providing information in response to these interrogatories.

**RESPONSE:**    Maria Crimi Speth
Jaburg & Wilk, P.C.
3200 North Central Ave., Suite 2000
Phoenix, AZ  85012


Edward Magedson
c/o Jaburg & Wilk, P.C.
3200 North Central Ave., Suite 2000
Phoenix, AZ  85012




    2.    Identify all shareholders, officers, members of the board of directors, and employees of Xcentric Ventures LLC.

10297-001/MCS/MCS/413621



**RESPONSE:** Objection. Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction. This interrogatory requests information that is not relevant to the issue of jurisdiction. Additionally, the requested information is not relevant to any issue in this matter or calculated to lead to relevant evidence. Xcentric Ventures, L.L.C. is an Arizona limited liability company. Xcentric Ventures, L.L.C. has no shareholders, officers, members of the board of directors or employees outside of the state of Arizona.

     3.    Identify all persons and/or entities who own, operate, administer, create content for and/or edit the website, www.ripoffreport.com.

**RESPONSE:** Objection. Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction. This interrogatory requests information that is not relevant to the issue of jurisdiction. No person or entity who owns, operates, administers, creates content for and/or edits the website resides outside of Arizona.

     4.    Identify all persons and/or entities who own, operate, administer, create content for and/or edit the website, www.badbusinessbureau.com.

**RESPONSE:** Objection. Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction. This interrogatory requests information that is not relevant to the issue of jurisdiction. No person or entity who owns, operates, administers, creates content for and/or edits the website resides outside of Arizona.

     There is only one website – Rip-Off Report. There are two main URL's, www.ripoffreport and www.badbusinessbureau.com. However, both URL's point to a single website. Throughout these responses, the Rip-Off Report website will be referred to as the Website.

5. Identify any donations, contributions, and/or other revenues received by Xcentric Ventures LLC and/or Ed Magedson, from persons, corporations, or any other entity located in the State of Illinois, and for each donation identify the name, address, and telephone number of the source of that donation, contribution or other revenue; the amount; the date in which the donation, contribution, or other revenue was made; and each document and/or thing used in any way to formulate this Response.

**RESPONSE:** Xcentric Ventures has checked its records back to 2003 and can find no contributions or donations from Illinois. Additionally, Mr. Magedson does not recall receiving any donations from Illinois.

6. Identify all purchasers of the "Ripoff Revenge Do-it-yourself Guide," which is also entitled "Do-it-Yourself Guide: How to get Rip-off Revenge $^{TM}$ and your money back too..." located in the State of Illinois; and include in the Response the name, address, and telephone number of the purchaser, the date of the purchase, the quantity purchased, and each document and/or thing that was used in any way to formulate this Response.

**RESPONSE:** Objection. Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction. This interrogatory requests information that is not relevant to the issue of jurisdiction. Neither Xcentric Ventures, LLC nor Ed Magedson sells the product listed above. It is offered for sale and sold by a company called Consumer Media Publishing, LLC, a company that advertises on the Website.

7. Identify the Internet Protocol ("IP") addresses of the computers used to post the following postings, rebuttals, and/or updates to the websites www.ripoffreport.com and/or www.badbusinessbureau.com, and each document used in any way to formulate this Response:

    a.    The postings, rebuttals, and updates located www.ripoffreport.com/reports/ripoff101597.htm. and www.ripoffreport.com/reports/ripoff101732.htm.

    b.    The postings, rebuttals, and updates located at www.ripoffreport.com/reports/ripoff64081.htm.

    c.    The postings, rebuttals, and updates located as www.ripoffreport.com/reports/ripoff95354.htm.

3

10297-001/MCS/MCS/413621

    d.    The postings, rebuttals, and updates located at www.ripoffreport.com/reports/ripoff41290.htm,

    e.    The postings, rebuttals, and updates located at www.ripoffreport.com/reports/ripoff86538.htm.

    f.    The postings, rebuttals, and updates located at www.ripoffreport.com/reports/ripoff104370.htm.

    g.    The postings, rebuttals, and updates located at www.ripoffreport.com/reports/ripoff98372.htm.

    h.    The postings, rebuttals, and updates located at www.ripoffreport.com/reports/ripoff100195.htm.

    i.    The postings, rebuttals, and updates located at (or formerly located at) www.ripoffreport.com/reports/ripoff106424.htm, including the rebuttal entitled "Owner of George S. May Company child pornography and other heinous crimes."

**RESPONSE:**   Objection. The requested information is protected by the privacy policy adhered to by Rip-Off Report and posted at http://www.ripoffreport.com/F99.asp#safe.

The requested information is also protected by A.R.S. § 12-2237 and A.R.S. § 12-2214. *See also, Bartlett v. Superior Court*, 722 P.2d 346 (App. 1986). Arizona law governs Xcentric Ventures' conduct since Xcentric is an Arizona based company.

Notwithstanding the above objection, Xcentric Ventures, LLC and ED Magedson respond neither they nor their agents authored any part of the described postings.

8.   Identify the names, addresses, telephone numbers, and any other contract information, including but not limited to, email addresses of the persons who identified themselves as the sources of the postings, rebuttals, and updates described in paragraphs 7(a)-(i) above, and each document and/or thing used in any way to formulate this Response.

**RESPONSE:**   Objection. The requested information is protected by the privacy policy adhered to by Rip-Off Report and posted at http://www.ripoffreport.com/F99.asp#safe.

The requested information is also protected by A.R.S. § 12-2237 and A.R.S. § 12-2214. *See also, Bartlett v. Superior Court*, 722 P.2d 346 (App. 1986). Arizona law governs Xcentric Ventures' conduct since Xcentric is an Arizona based company.

10297-001/MCS/MCS/413621

Notwithstanding the above objection, Xcentric Ventures, LLC and ED Magedson respond neither they nor their agents authored any part of the described postings.

9. Identify any person, corporation, or other entity who has submitted a posting, rebuttal, update, report or other content, and/or who claims to be a "ripoff reporter," and who is located in the State of Illinois, from January 1, 2002 to the present date, and include in the Response the name, address, telephone number, and email address of that person and/or entity; the number of reports, updates, and/or rebuttals posted by that person and/or entity; the internet addresses (Uniform Resource Locators or URLs) associated with each of those reports, postings, rebuttals, updates, or other content; and each document and/or thing used in any way to formulate this Response.

**RESPONSE:** To Xcentric Ventures, LLC and Ed Magedson's knowledge, no person who submitted any posting and who claims to be a Rip-Off Reporter resides in Illinois.

10. Identify any individual, corporation, or other entity located in the State of Illinois which has advertised or currently advertises on www.ripoffreport.com and/or www.badbusinessbureau.com from January 1, 2000 to the present, and include in your Response the name, address, and telephone number of the individual, corporation, or other entity; the internet address (URLs) were the advertisements are located; and each document and/or thing used in any way to formulate this Response.

**RESPONSE:** To Xcentric Ventures, LLC and Ed Magedson's knowledge no entity located in the State of Illinois has ever advertised on Rip-off Report. Xcentric Ventures, LLC has a contract with a marketing company in Arizona which permits that company to contract with Google's Adsense program for Google to place ads on the Website. Through that program, advertisements are sometimes randomly placed on the Website. Xcentric Ventures, LLC does not know the location of the advertisers who advertise through Google Adsense.

11. Identify any individual, corporation, or other entity located in the State of Illinois that has given money to or otherwise paid Xcentric Ventures LLC and/or Ed Magedson as a result of any postings, rebuttals, or updates that are located or which were formerly located on or within the websites www.ripoffreport.com and/or www.badbusinessbureau.com, and include in your Response the date in which the money or other payment was given; the name, address, and telephone number of that individual, corporation, or other entity; the internet address (URLs) of the postings, rebuttals, and/or updates; and/or each document and/or thing used in any way to formulate this Response.

10297-001/MCS/MCS/413621

<u>RESPONSE</u>: No individual or entity located in the State of Illinois has given money or otherwise paid Xcentric Ventures and/or Ed Magedson as a result of any postings, rebuttals, or updates located or formerly located on the Website.

12. Identify each occasion in which Ed Magedson or his agents have been present within the State of Illinois, and include in the Response the name, address, and telephone number of Ed Magedson or Ed Magedson's agent, the date on which the individual or agent was present within the State of Illinois, the purpose of the occasion, and each document and/or thing used in any way to formulate this Response.

<u>RESPONSE</u>: In 1981 or 1982, Ed Magedson traveled to Chicago for a short visit. He does not know the exact date. The purpose was unrelated to Rip-Off Report, which did not exist at that time. That is the only time that Mr. Magedson can recall visiting Illinois.

13. Identify each occasion in which Xcentric Ventures LLC, its shareholders, officers, members of the board of directors, employees and/or its agents have been present within the State of Illinois, and include in the Response the date on which each person and/or entity was present within the State of Illinois, the name, address, and telephone number of the person and/or entity, the purpose of the occasion, and each document and/or thing used in any way to formulate this Response.

<u>RESPONSE</u>: Objection, overbroad, irrelevant and not calculated to lead to relevant evidence. No agent of Xcentric Ventures has ever been to the state of Illinois at the request of the company or in the scope or course of his or her duties with the company.

14. Identify any litigation in which Xcentric Ventures LLC and/or Ed Magedson have been a party to, and which has occurred in either the federal or state courts located in Illinois, and include in the Response the nature of the litigation, the case name and case number of the litigation, the court in which the lawsuit was filed, the date the lawsuit commenced, and the parties involved.

<u>RESPONSE</u>:

STATE OF ILLINOIS )
)
COUNTY OF McHENRY )

IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS

STEVEN G. ENGLISH )

6

10297-001/MCS/MCS/413621

|  |  |  |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARY ZWIEFELHOFER, | ) | No. 04LA190 |
| XCENTRIC VENTURES, LLC, | ) | |
| an Arizona corporation, d/b/a | ) | |
| "RIPOFFREPORT.COM," and | ) | |
| ED MAGEDSON, | ) | |
| Defendants. | ) | |

15. Identify any interviews between Xcentric Ventures LLC and/or Ed Magedson and any media located in Illinois, and identify each document and/or thing used in any way to formulate this Response.

**RESPONSE:** Objection, irrelevant and not calculated to lead to relevant evidence. No court has ever granted general jurisdiction over a company because it gave a media interview. Xcentric Ventures, LLC and/or Ed Magedson or its agents have never participated in an interview with any media in connection with the claims in this case or regarding George S. May and Co.

16. Identify any assistance Xcentric Ventures LLC and/or Ed Magedson have provided to consumers located in Illinois and/or any assistance Xcentric Ventures LLC and/or Ed Magedson have provided to consumers based on the consumers' dealings with companies located in Illinois, and identify each document and/or thing used in any way to formulate this Response.

**RESPONSE:** Objection, this interrogatory is overbroad and impossible to answer. Consumers are assisted by Xcentric Ventures by virtue of the existence of the Rip-off Report. It is unknown where consumers who read Rip-off Report are located. Additionally, persons often send emails to Xcentric Ventures seeking guidance. The location of those consumers is unknown.

17. Identify all agreements, contracts, or any other relationships Xcentric Ventures LLC and/or Ed Magedson have entered into with persons, corporations and/or entities located in the State of Illinois.

7

10297-001/MCS/MCS/413621

**RESPONSE:** None.

XCENTRIC VENTURES, LLC and ED MAGEDSON

By: _____
One of Their Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

## VERIFICATION

Ed Magedson, under penalties of perjury, deposes and states as follows:

That he is a Defendant individually and as a duly authorized representative of Defendant Xcentric Ventures, LLC herein; that he has read the foregoing Responses to Plaintiff's First Set of Interrogatories and knows the contents thereof; that the responses set forth therein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of this Response; that he consequently reserves the right to make any changes in the Response if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said Response is true to the best of his knowledge, information and belief.

_____
Ed Magedson    12-21-04

SUBSCRIBED and SWORN to before me this __21__ day of December, 2004.

_____
Notary Public

My Commission Expires:

9/16/08



OFFICIAL SEAL
SARAH J. CORR
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Comm. Expires Sept. 16, 2008

10297-001/MCS/MCS/413621