**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FILED**

JUN 29 2005 WH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| **GEORGE S. MAY** | ) | |
| **INTERNATIONAL COMPANY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Number 04-C-6018 |
| -vs- | ) | |
| | ) | Judge Norgle |
| **XCENTRIC VENTURES, LLC,** | ) | |
| **RIP-OFF REPORT.COM** | ) | |
| **BADBUSINESSBUREAU.COM,** | ) | |
| **ED MAGEDSON, VARIOUS** | ) | |
| **JOHN DOES, JANE DOES AND** | ) | |
| **ABC COMPANIES,** | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR SUBSTITUTE SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT ED MAGEDSON, AND FOR EXTENSION OF TIME FOR SERVICE OF SUMMONS AND COMPLAINT

Plaintiff George S. May International Company, (hereinafter "GSMIC"), by its attorneys, Seyfarth Shaw LLP, moves for an Order permitting substitute service of the Summons and Complaint on defendant Ed Magedson at the address provided for him in discovery, and for an extension of time for service of the Summons and Complaint on Ed Magedson and the Doe Defendants. GSMIC has made good faith efforts to serve Mr. Magedson, and such substitute service is appropriate under FRCP 4(e), 735 ILCS 5/2-203.1 and Arizona Rules of Civil Procedure, Rule 4.1. In support of its motion, GSMIC states as follows:

1.     Plaintiff GSMIC has made numerous efforts to try to serve Defendant Ed Magedson and to ascertain the identity of the Doe Defendants in order to serve them during the course of this lawsuit. Plaintiff filed its Complaint and its Motion for a Temporary Restraining

Dockets.Justia.com

Order and Order to Show Cause Regarding Preliminary Injunction, with this Court on September 15, 2004.

2.    Plaintiff initially mailed copies of the Summons and Complaint, along with the Motion and attendant Exhibits to XCentric Ventures, LLC's corporate address, P.O. Box 470, Phoenix, Arizona 85280, and also sent copies to the Internet Registrar for XCentric Ventures, LLC, c/o DirectNic.com, P.O. Box 470, Tempe, Arizona 85280.

3.    In response to Plaintiff's Complaint and Motion for a TRO, attorneys James K. Borcia and David O. Yuen, of the law firm Tressler, Soderstrom, Maloney, and Priess, filed an Appearance on behalf of XCentric Ventures, LLC and Ed Magedson (the "Named Defendants"). Counsel has appeared on behalf of the Named Defendants at all court proceedings to date, including the most recent court hearing in this case held on June 9, 2005, when this Court granted GSMIC's Motion to Compel and denied Defendants' Motion to Quash a subpoena issued to PayPal, Inc. The Named Defendants were ordered to answer interrogatories related to jurisdiction (which may also assist in identifying certain Doe Defendants) by July 7, 2005.

4.    Maria Crimi Speth, an attorney with the law firm of Jaburg and Wilk, located in Phoenix, Arizona, has been the primary attorney communicating with Plaintiff's counsel regarding this case. She has represented the Named Defendants in settlement discussions, signed discovery responses on behalf of the Named Defendants and participated in parties' Local Rule 37.2 conference conducted in February to discuss various issues with respect to discovery. In all ways, Ms. Speth has held herself out as "lead counsel" for the Named Defendants, while the Tressler firm has served in the traditional role of "local counsel," although same is not indicated on their appearance.  See Exhibit 1.  To date, however, despite her substantive involvement in this case, as noted at the hearing on June 9, 2005, Ms. Speth has not filed an Appearance.

2

5.      Plaintiff issued its First Set of Interrogatories and Requests for Production of Documents to Defendants on December 10, 2004.  In identifying Edward Magedson, named Defendants answered:

> Edward Magedson
> c/o Jaburg & Wilk, P.C.
> 3200 North Central Avenue, Suite 2000
> Phoenix, Arizona 85012

See Exhibit 2.

6.      GSMIC also asked the named Defendants to "Identify all shareholders, officers, members of the board of directors, and employees of XCentric Ventures LLC."  When GSMIC issued its interrogatories, it specifically defined "identify" as:

> "'Identify,' or "identity," as used herein with reference to an individual shall mean to set forth his or her name, home address, home telephone number, whether employed, and if so, the name, address, and telephone number of his or her employer."

Named Defendants' responded that the interrogatory was not relevant to the issue of jurisdiction, and that none of the aforementioned shareholders, officers, members of the board of directors, and employees of XCentric Ventures resided outside the State of Arizona.  The Arizona Corporation Commission records indicate that Ed Magedson is a "manager," but list "P.O. Box 470, Phoenix, Arizona"—the same address that Plaintiff sent the Summons and Complaint to in September, 2004, as Ed Magedson's address.  Additionally, according to the Arizona Corporation Commission records, XCentric Ventures, LLC's member, Creative Business Investment, resides in the State of Nevada.   See Exhibit 3.

7.      To date, Ms. Speth has not provided Plaintiff with a "real" address for Ed Magedson as required by Plaintiff's interrogatories —hiding behind her law office address as the location for contacting Mr. Magedson.   If Defendants and counsel want to maintain that

3

position, it is only fair that GSMIC be permitted to serve Mr. Magedson at the address provided by him and his counsel.

8.     GSMIC has made substantial, good faith efforts in an attempt to locate some other address to serve Mr. Magedson, which have included framing its interrogatories, serving subpoenas on service providers doing business with Mr. Magedson--PayPal, Sterling Network Services and Directnic, conducting its own research (.e.g, Internet research, reviewing pleading in other cases in which Mr. Magedson is a party)  and engaging the services of private investigators and process servers to locate him.  The private investigators and process servers have identified and sought to serve Mr. Magedson at no less than five former addresses.  See Exhibit 4.

9.     Despite GSMIC's numerous good-faith efforts, as outlined above, to find Ed Magedson and to identify the Doe Defendants, GSMIC has been unable to locate them and serve them with the Summons and Complaint.

10.     Plaintiff's counsel requested that Named Defendants' counsel accept service of the Summons and Complaint via letter dated December 8, 2004.  Maria Speth counsel refused to accept service or otherwise response by the deadline indicated in the letter.

11.     Plaintiff sent, via messenger to Named Defendants' counsel, a Notice of Lawsuit and Request for Waiver of Service of Summons from XCentric Ventures, LLC and Ed Magedson, on December 14, 2004, in accordance with Federal Rule of Civil Procedure 4(d).  On December 31, 2004, Maria Crimi Speth sent Plaintiff's counsel a letter stating that "[t]he client will not authorize me to accept service of the Complaint."  See Exhibit 5.  Ms. Speth's use of the singular term "the client" in response to service suggests that, in Ms. Speth's view, Mr. Magedson and Xcentric Ventures, LLC essentially the same person/entity.

4

12.    Plaintiff has filed previous motions to extend time to serve the Summons and Complaint, and this motion was granted by this Court.

13.    GSMIC has been able to locate and serve, via the local sheriff, XCentric Ventures, LLC's registered agent, J. Peter "Bigfoot" Busnack, who lives in Reemis Mountain, AZ, an amazingly inconvenient location in the Arizona desert.

14.    With respect to identifying Doe Defendants, information relating to identifying the individuals and entities posting on Named Defendants' web site has been sought in discovery, to which this Court granted Plaintiff's Motion to Compel.   Hopefully, Named Defendants will comply with this Court's order and the discovery and provide information which will aid in identifying the John Doe Defendants.   However, Named Defendants have not yet complied, therefore GSMIC requests additional time to review and follow up on the information that Named Defendants are compelled to provide.

15.    According to Federal Rule of Civil Procedure 4(e), "[u]nless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States: (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of summons upon the defendant in an action brought in the courts of general jurisdiction of the State."

16.    Both Illinois law, the law of the state in which the district court sits, and Arizona law, which is presumably where Ed Magedson is located, provide for special service.   Ed Magedson has represented that he resides in Arizona in an affidavit filed in this action.   See Exhibit 6.

5

17.     The Illinois Code of Civil Procedure, specifically 735 ILCS 5/2-203.1, state that "if service upon an individual defendant is impractical [under section 5/2-203 calling for personal service or abode service]...the plaintiff may move, without notice, that the court enter an order directing a comparable method of service. The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical [under section 5/2-203]...including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful. The court may order service to be made in any manner consistent with due process." GSMIC submits the Declaration of Bart A. Lazar stating the efforts that GSMIC has made as Exhibit 7.

18.     The Arizona Rules of Civil Procedure, Rule 4.1, state "[i]f service by one of the means set forth in the preceding paragraphs of this Rule 4.1 proves impracticable, then service may be accomplished in such manner, other than by publication, as the court, upon motion and without notice, may direct. Whenever the court allows an alternate or substitute form of service pursuant to this subpart, reasonable efforts shall be undertaken by the party making service to assure that actual notice of the commencement of the action is provided to the person being served and, in any event, the summons and the pleading to be served, as well as any order of the court authorizing an alternative method of service, shall be mailed to the last known business or residence address of the person to be served..."

19.     Plaintiff's efforts in this case to effect service can be summarized as follows:

- Requesting waivers of service from identified counsel for the Named Defendants;

- Issuing specific discovery calling for the Doe Defendants' identities (which only Named Defendants possess) and an address for Ed Magedson;

- Issuing subpoenas to PayPal, Inc.; Directnic (Internet web host); and Sterling Network Services to obtain more information relevant to service of process;

6

- Conducting internet searches in an attempt to locate Ed Magedson;

- Contacting the United States Post Office to locate Ed Magedson's last-known address;

- Hiring a private investigative firm to try to locate and serve Ed Magedson;

- Attempting to serve Ed Magedson at five different addresses to no avail;

- Filing a Motion to Compel in order to get information relevant to service of process.

20.     As a result, Plaintiff GSMIC requests that this Court order substitute service for Ed Magedson at the location named by Mr. Magedson as his address in response to discovery, namely, in care of Maria Crimi Speth.

21.     Ed Magedson will not be deprived of due process as a result of this court's order of special service of process. Ed Magedson has notice of this proceeding already, he is already represented by attorneys James Borcia and David Yuen, and has already been substantially involved in the litigating of this case by reviewing, responding and certifying his and XCentric Ventures, LLC discovery responses and he has filed affidavits in this case.

22.     In addition, GSMIC requests that this Court grant it an additional extension of time to serve the Summons and Complaint, for a period of ninety days.

WHEREFORE, Plaintiff George S. May International Company respectfully requests that its   Motion for Substitute Service of Summons and Complaint on Ed Magedson and for An Additional Extension of Time for Service of the Summons and Complaint, be granted for a period of ninety days, and that Plaintiff be awarded any other relief the Court deems just.

**DATED:   June 29, 2005**                Respectfully submitted,

GEORGE S. MAY INTERNATIONAL COMPANY

By:

One of Its Attorneys

7

Attorneys for Plaintiff:

Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
55 East Monroe, Suite 4200
Chicago, Illinois  60603
Telephone:  (312) 346-8000
Facsimile:  (312) 269-8869
Firm No. 90747

8

# EXHIBIT 1

JKB/cie/341273

5634-2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE S. MAY INTERNATIONAL )
COMPANY, )
                              )
         Plaintiff, )
                              )
     v. )         No. 04 C 6018
                              )
XCENTRIC VENTURES, LLC, RI-POFF )         Judge Norgle
REPORT.COM, BADBUSINESSBUREAU.COM, )
ED MAGEDSON, VARIOUS JOHN DOES, JANE )
DOES AND ABC COMPANIES, )
                              )
         Defendants. )

## NOTICE OF FILING

TO:     Bart A. Lazar, Esq.
         Seyfarth Shaw LLP
         55 East Monroe, Suite 4200
         Chicago, IL 60603

**PLEASE TAKE NOTICE** that on the 4th day of October, 2004, there was filed with the United States District Court for the Northern District of Illinois, Eastern Division, an **Appearance**, a copy of which is attached hereto and hereby served upon you.

                             XCENTRIC VENTURES, LLC and ED
                             MAGEDSON

                             By:_____
                                 One of Their Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

## PROOF OF SERVICE

I, the undersigned, on oath state that I served copies of the above-referenced documents upon the above-referenced parties at their addresses listed above by depositing the same in the U.S. Mail at 233 South Wacker Drive, Chicago, Illinois, before 5:00 p.m. on the 4th day of October, 2004, with proper postage prepaid.

Subscribed and Sworn to before me
on this 4th day of October, 2004

By: _____
Notary Public

OFFICIAL SEAL
CYNTHIA CLOSE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 06-15-07

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

In the Matter of

GEORGE S. MAY INTERNATIONAL COMPANY,
v.
XCENTRIC VENTURES, LLC, RI-POFF REPORT.COM,
BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN
DOES, JANE DOES and ABC COMPANIES

Case Number: **04 C 6018**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

XCENTRIC VENTURES, LLC and ED MAGEDSON

| (A) | | | (B) | | |
|---|---|---|---|---|---|
| SIGNATURE | | | SIGNATURE | | |
| NAME James K. Borcia | | | NAME David O. Yuen | | |
| FIRM Tressler, Soderstrom, Maloney & Priess | | | FIRM same | | |
| STREET ADDRESS 233 S. Wacker Drive, 22nd Floor | | | STREET ADDRESS | | |
| CITY/STATE/ZIP Chicago, IL 60606 | | | CITY/STATE/ZIP | | |
| TELEPHONE NUMBER (312) 627-4000 | FAX NUMBER (312) 627-1717 | | TELEPHONE NUMBER | FAX NUMBER | |
| E-MAIL ADDRESS jborcia@tsmp.com | | | E-MAIL ADDRESS dyuen@tsmp.com | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6200926 | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6238407 | | |
| MEMBER OF TRIAL BAR? | YES ☑ | NO ☐ | MEMBER OF TRIAL BAR? | YES ☐ | NO ☑ |
| TRIAL ATTORNEY? | YES ☑ | NO ☐ | TRIAL ATTORNEY? | YES ☐ | NO ☑ |
| | | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☑ |
| (C) | | | (D) | | |
| SIGNATURE | | | SIGNATURE | | |
| NAME | | | NAME | | |
| FIRM | | | FIRM | | |
| STREET ADDRESS | | | STREET ADDRESS | | |
| CITY/STATE/ZIP | | | CITY/STATE/ZIP | | |
| TELEPHONE NUMBER | FAX NUMBER | | TELEPHONE NUMBER | FAX NUMBER | |
| E-MAIL ADDRESS | | | E-MAIL ADDRESS | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | |
| MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ | MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ |
| TRIAL ATTORNEY? | YES ☐ | NO ☐ | TRIAL ATTORNEY? | YES ☐ | NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ |

# INSTRUCTIONS FOR COMPLETING APPEARANCE FORM

1. General Information

Local Rule 53.17 provides that once an attorney has filed an appearance form on behalf of a party, no additional appearances or substitutions may be made without leave of court. The Rule also provides that the attorney may not withdraw without leave of court. Therefore, if more than one attorney is going to represent the party or parties shown on the front of this form, each should complete the attorney appearance section of the form.

This form is designed to permit the filing of appearances by up to four attorneys who represent the same party or parties. If more than four attorneys representing the same party or parties wish to file appearances, additional forms should be used and the letters (A), (B), (C), and (D) indicating the attorneys should be altered to (E), (F), (G), (H), respectively for the fifth through the eighth attorneys, etc.

2. Listing of Parties for Whom the Attorney is Appearing

The names of each of the parties represented by the attorney(s) filing the appearance are to be listed on the lines immediately below the words "Appearances are hereby filed by the undersigned as attorney(s) for:". The type of party, e.g., plaintiff, defendant, third party plaintiff, should follow each party. If all of the parties are of the same type, e.g., all parties represented are plaintiffs, then the type of party can be shown at the end of the listing of parties.

3. Completing Attorney Information

The information requested should be completed for each attorney filing an appearance. Where two or more attorneys are from the same firm, only the first listed from the firm need complete the information for firm name, street address, and city/state/ZIP. The others may indicate "Same as (letter designation of first attorney)."

4. Identification Number

Attorneys who are members of the Illinois bar should enter the identification number issued to them by the Illinois Attorney Registration and Disciplinary Commission (ARDC). Attorneys who are not members of the Illinois bar should leave this item blank.

5. Attorney (A) and Notices

Where more than one attorney is listed on the appearance form, all listed will be entered on the docket of the Clerk, as attorneys of record. However, notices will only be mailed to the attorney shown in box (A) on the form except where local counsel has been designated pursuant to Local Rule 83.15 (see below). The attorney is responsible for notifying all other attorneys included on the form of the matter noticed.

Where appearances are filed on behalf of attorneys representing a state or local government, e.g., states attorney, corporation counsel, the persons filing the appearance may wish to list the name of the assistant who is in active charge of the case in box (A) and the appearance of the head of the agency, e.g., attorney general, corporation counsel, or any other assistant assigned to such cases in subsequent boxes. In that way, the assistant in active charge will receive notice.

6. Appearances and Trial Bar Membership

All attorneys filing appearances must indicate whether or not they are members of the trial bar of this Court and whether or not they are the attorney who will try the case in the event that it goes to trial.

In criminal actions, an attorney who is not a member of the trial bar may not file an individual appearance. Pursuant to Local Rule 83.12, a member of the trial bar must accompany such attorney and must also file an appearance.

In civil actions, an attorney who is not a member of the trial bar should designate the trial bar attorney who will try the case in the event that it goes to trial. If a trial bar attorney is not listed on the initial appearance and the case goes to trial, a trial bar attorney, pursuant to Local Rule 83.17, must obtain leave of court to file an appearance.

7. Designation of Local Counsel

Pursuant to Local Rule 83.15, an attorney who does not have an office in this District may appear before this Court "only upon having designated, at the time of filing his/her initial notice or pleading, a member of the bar of this Court having an office within this District upon whom service of papers may be made." No attorney having an office in this District may designate local counsel. No attorney may designate more than one attorney as local counsel. Notices will be mailed by the Clerk's Office to both the attorney shown in box (A) and the attorney designated as local counsel.

8. Parties are Required to Consider Alternative Dispute Resolution

Pursuant to 28 U.S.C. §652(a), all litigants in civil cases pending before this Court are directed to consider the use of an alternative dispute resolution process at the earliest appropriate stage of the litigation. Such process may include mediation, early neutral evaluation, minitrial, or arbitration.

9. Local Rule 3.2 Requires Notification As To Affiliates

In every action in which an affiliate of a public company is a party, counsel for such party shall file with the Clerk a statement listing each public company of which such party is an affiliate. Where such party is a plaintiff the statement shall be filed with the complaint. Where such party is a defendant the statement shall be filed with the answer or motion in lieu of answer.

# EXHIBIT 2

JKB/cic/347305

5634-2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE S. MAY INTERNATIONAL )
COMPANY, )
)
)
          Plaintiff, )
)
   v. )      No. 04 C 6018
)
XCENTRIC VENTURES, LLC, et al., )      Judge Norgle
)
         Defendants. )

## RESPONSES TO PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY'S FIRST SET OF INTERROGATORIES

Defendants, Xcentric Ventures, LLC and Ed Magedson, by and through their attorneys, Tressler, Soderstrom, Maloney & Priess pursuant to Fed. R. Civ. P. Rule 33 hereby submit their responses to Plaintiff George S. May International Company's First Set of Interrogatories:

     1. State the name, title, address, telephone number of the persons providing information in response to these interrogatories.

**RESPONSE:** Maria Crimi Speth
           Jaburg & Wilk, P.C.
           3200 North Central Ave., Suite 2000
           Phoenix, AZ  85012


           Edward Magedson
           c/o Jaburg & Wilk, P.C.
           3200 North Central Ave., Suite 2000
           Phoenix, AZ  85012



     2. Identify all shareholders, officers, members of the board of directors, and employees of Xcentric Ventures LLC.

10297-001/MCS/MCS/413621

**RESPONSE:** Objection.   Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction.   This interrogatory requests information that is not relevant to the issue of jurisdiction.  Additionally, the requested information is not relevant to any issue in this matter or calculated to lead to relevant evidence.  Xcentric Ventures, L.L.C. is an Arizona limited liability company.  Xcentric Ventures, L.L.C. has no shareholders, officers, members of the board of directors or employees outside of the state of Arizona.

      3.     Identify all persons and/or entities who own, operate, administer, create content for and/or edit the website, www.ripoffreport.com.

**RESPONSE:** Objection.   Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction.   This interrogatory requests information that is not relevant to the issue of jurisdiction.  No person or entity who owns, operates, administers, creates content for and/or edits the website resides outside of Arizona.

      4.     Identify all persons and/or entities who own, operate, administer, create content for and/or edit the website, www.badbusinessbureau.com.

**RESPONSE:** Objection.   Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction.   This interrogatory requests information that is not relevant to the issue of jurisdiction.  No person or entity who owns, operates, administers, creates content for and/or edits the website resides outside of Arizona.

      There is only one website – Rip-Off Report.   There are two main URL's, www.ripoffreport and www.badbusinessbureau.com.  However, both URL's point to a single website.   Throughout these responses, the Rip-Off Report website will be referred to as the Website.

5.    Identify any donations, contributions, and/or other revenues received by Xcentric Ventures LLC and/or Ed Magedson, from persons, corporations, or any other entity located in the State of Illinois, and for each donation identify the name, address, and telephone number of the source of that donation, contribution or other revenue; the amount; the date in which the donation, contribution, or other revenue was made; and each document and/or thing used in any way to formulate this Response.

**RESPONSE:** Xcentric Ventures has checked its records back to 2003 and can find no

contributions or donations from Illinois.  Additionally, Mr. Magedson does not recall receiving

any donations from Illinois.

6.    Identify all purchasers of the "Ripoff Revenge Do-it-yourself Guide," which is also entitled "Do-it-Yourself Guide:  How to get Rip-off Revenge $^{TM}$ and your money back too..." located in the State of Illinois; and include in the Response the name, address, and telephone number of the purchaser, the date of the purchase, the quantity purchased, and each document and/or thing that was used in any way to formulate this Response.

**RESPONSE:** Objection.  Expedited discovery was for a limited purpose and due process

requires that discovery at this stage be limited to questions that address jurisdiction.  This

interrogatory requests information that is not relevant to the issue of jurisdiction.  Neither

Xcentric Ventures, LLC nor Ed Magedson sells the product listed above.  It is offered for sale

and sold by a company called Consumer Media Publishing, LLC, a company that advertises on

the Website.

7.    Identify the Internet Protocol ("IP") addresses of the computers used to post the following postings, rebuttals, and/or updates to the websites www.ripoffreport.com and/or www.badbusinessbureau.com, and each document used in any way to formulate this Response:

a.    The postings, rebuttals, and updates located www.ripoffreport.com/reports/ripoff101597.htm. and www.ripoffreport.com/reports/ripoff101732.htm.

b.    The postings, rebuttals, and updates located at www.ripoffreport.com/reports/ripoff64081.htm.

c.    The postings, rebuttals, and updates located as www.ripoffreport.com/reports/ripoff95354.htm.

d.    The postings, rebuttals, and updates located at
      www.ripoffreport.com/reports/ripoff41290.htm,

e.    The postings, rebuttals, and updates located at
      www.ripoffreport.com/reports/ripoff86538.htm.

f.    The postings, rebuttals, and updates located at
      www.ripoffreport.com/reports/ripoff104370.htm.

g.    The postings, rebuttals, and updates located at
      www.ripoffreport.com/reports/ripoff98372.htm.

h.    The postings, rebuttals, and updates located at
      www.ripoffreport.com/reports/ripoff100195.htm.

i.    The postings, rebuttals, and updates located at (or formerly located
      at) www.ripoffreport.com/reports/ripoff106424.htm, including the
      rebuttal entitled "Owner of George S. May Company child
      pornography and other heinous crimes."

**RESPONSE:**      Objection.  The requested information is protected by the privacy

policy adhered to by Rip-Off Report and posted at http://www.ripoffreport.com/F99.asp#safe.

The requested information is also protected by A.R.S. § 12-2237 and A.R.S. § 12-2214.

*See also, Bartlett v. Superior Court*, 722 P.2d 346 (App. 1986).  Arizona law governs Xcentric

Ventures' conduct since Xcentric is an Arizona based company.

Notwithstanding the above objection, Xcentric Ventures, LLC and ED Magedson

respond neither they nor their agents authored any part of the described postings.

8.    Identify the names, addresses, telephone numbers, and any other contract
information, including but not limited to, email addresses of the persons who identified
themselves as the sources of the postings, rebuttals, and updates described in paragraphs 7(a)-(i)
above, and each document and/or thing used in any way to formulate this Response.

**RESPONSE:**      Objection.  The requested information is protected by the privacy

policy adhered to by Rip-Off Report and posted at http://www.ripoffreport.com/F99.asp#safe.

The requested information is also protected by A.R.S. § 12-2237 and A.R.S. § 12-2214.

*See also, Bartlett v. Superior Court*, 722 P.2d 346 (App. 1986).  Arizona law governs Xcentric

Ventures' conduct since Xcentric is an Arizona based company.

10297-001/MCS/MCS/413621

Notwithstanding the above objection, Xcentric Ventures, LLC and ED Magedson respond neither they nor their agents authored any part of the described postings.

9.    Identify any person, corporation, or other entity who has submitted a posting, rebuttal, update, report or other content, and/or who claims to be a "ripoff reporter," and who is located in the State of Illinois, from January 1, 2002 to the present date, and include in the Response the name, address, telephone number, and email address of that person and/or entity; the number of reports, updates, and/or rebuttals posted by that person and/or entity; the internet addresses (Uniform Resource Locators or URLs) associated with each of those reports, postings, rebuttals, updates, or other content; and each document and/or thing used in any way to formulate this Response.

**RESPONSE:** To Xcentric Ventures, LLC and Ed Magedson's knowledge, no person who submitted any posting and who claims to be a Rip-Off Reporter resides in Illinois.

10.    Identify any individual, corporation, or other entity located in the State of Illinois which has advertised or currently advertises on www.ripoffreport.com and/or www.badbusinessbureau.com from January 1, 2000 to the present, and include in your Response the name, address, and telephone number of the individual, corporation, or other entity; the internet address (URLs) were the advertisements are located; and each document and/or thing used in any way to formulate this Response.

**RESPONSE:** To Xcentric Ventures, LLC and Ed Magedson's knowledge no entity located in the State of Illinois has ever advertised on Rip-off Report. Xcentric Ventures, LLC has a contract with a marketing company in Arizona which permits that company to contract with Google's Adsense program for Google to place ads on the Website. Through that program, advertisements are sometimes randomly placed on the Website. Xcentric Ventures, LLC does not know the location of the advertisers who advertise through Google Adsense.

11.    Identify any individual, corporation, or other entity located in the State of Illinois that has given money to or otherwise paid Xcentric Ventures LLC and/or Ed Magedson as a result of any postings, rebuttals, or updates that are located or which were formerly located on or within the websites www.ripoffreport.com and/or www.badbusinessbureau.com, and include in your Response the date in which the money or other payment was given; the name, address, and telephone number of that individual, corporation, or other entity; the internet address (URLs) of the postings, rebuttals, and/or updates; and/or each document and/or thing used in any way to formulate this Response.

**RESPONSE:** No individual or entity located in the State of Illinois has given money or

otherwise paid Xcentric Ventures and/or Ed Magedson as a result of any postings, rebuttals, or

updates located or formerly located on the Website.

12.     Identify each occasion in which Ed Magedson or his agents have been present
within the State of Illinois, and include in the Response the name, address, and telephone number
of Ed Magedson or Ed Magedson's agent, the date on which the individual or agent was present
within the State of Illinois, the purpose of the occasion, and each document and/or thing used in
any way to formulate this Response.

**RESPONSE:** In 1981 or 1982, Ed Magedson traveled to Chicago for a short visit. He does not

know the exact date. The purpose was unrelated to Rip-Off Report, which did not exist at that

time. That is the only time that Mr. Magedson can recall visiting Illinois.

13.     Identify each occasion in which Xcentric Ventures LLC, its shareholders, officers,
members of the board of directors, employees and/or its agents have been present within the
State of Illinois, and include in the Response the date on which each person and/or entity was
present within the State of Illinois, the name, address, and telephone number of the person and/or
entity, the purpose of the occasion, and each document and/or thing used in any way to formulate
this Response.

**RESPONSE:** Objection, overbroad, irrelevant and not calculated to lead to relevant evidence.

No agent of Xcentric Ventures has ever been to the state of Illinois at the request of the company

or in the scope or course of his or her duties with the company.

14.     Identify any litigation in which Xcentric Ventures LLC and/or Ed Magedson have
been a party to, and which has occurred in either the federal or state courts located in Illinois, and
include in the Response the nature of the litigation, the case name and case number of the
litigation, the court in which the lawsuit was filed, the date the lawsuit commenced, and the
parties involved.

**RESPONSE:**

STATE OF ILLINOIS          )
                           )
COUNTY OF McHENRY    )

IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS

STEVEN G. ENGLISH                    )

Plaintiff,                          )
                                    )
        vs.                         )
                                    )
MARY ZWIEFELHOFER,                  )          No. 04LA190
XCENTRIC VENTURES, LLC,             )
an Arizona corporation, d/b/a       )
"RIPOFFREPORT.COM," and             )
ED MAGEDSON,                        )
        Defendants.                 )

15.     Identify any interviews between Xcentric Ventures LLC and/or Ed Magedson and any media located in Illinois, and identify each document and/or thing used in any way to formulate this Response.

**RESPONSE:** Objection, irrelevant and not calculated to lead to relevant evidence. No court has

ever granted general jurisdiction over a company because it gave a media interview. Xcentric

Ventures, LLC and/or Ed Magedson or its agents have never participated in an interview with

any media in connection with the claims in this case or regarding George S. May and Co.

16.     Identify any assistance Xcentric Ventures LLC and/or Ed Magedson have provided to consumers located in Illinois and/or any assistance Xcentric Ventures LLC and/or Ed Magedson have provided to consumers based on the consumers' dealings with companies located in Illinois, and identify each document and/or thing used in any way to formulate this Response.

**RESPONSE:** Objection, this interrogatory is overbroad and impossible to answer. Consumers

are assisted by Xcentric Ventures by virtue of the existence of the Rip-off Report. It is unknown

where consumers who read Rip-off Report are located. Additionally, persons often send emails

to Xcentric Ventures seeking guidance. The location of those consumers is unknown.

17.     Identify all agreements, contracts, or any other relationships Xcentric Ventures LLC and/or Ed Magedson have entered into with persons, corporations and/or entities located in the State of Illinois.

10297-001/MCS/MCS/413621

**RESPONSE:** None.

DATED this _23_ day of December, 2004.

JABURG & WILK, P.C.

Maria Crimi Speth, Esq.
Attorneys for Defendants

**ORIGINAL** of the foregoing mailed
this _23_ day of December, 2004 to:

Bart A. Lazar, Esq.
Rachel M. Kindstrand, Esq.
SEYFARTH SHAW LLP
55 East Monroe
Suite 4200
Chicago, Illinois 60603
Attorneys for Plaintiff

8

## VERIFICATION

Ed Magedson, under penalties of perjury, deposes and states as follows:

That he is a Defendant individually and as a duly authorized representative of Defendant Xcentric Ventures, LLC herein; that he has read the foregoing Responses to Plaintiff's First Set of Interrogatories and knows the contents thereof; that the responses set forth therein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of this Response; that he consequently reserves the right to make any changes in the Response if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said Response is true to the best of his knowledge, information and belief.

_____
Ed Magedson    12-21-04

SUBSCRIBED and SWORN to before me this ___21___ day of December, 2004.



_____
Notary Public

My Commission Expires:

___9/16/08___

OFFICIAL SEAL
SARAH J. CORR
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Comm. Expires Sept. 16, 2008

9

10297-001/MCS/MCS/413621

JKB/cic/347311                                                                                5634-2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GEORGE S. MAY INTERNATIONAL  )
COMPANY,                     )
                             )
            Plaintiff,       )
                             )
        v.                   )          No. 04 C 6018
                             )
XCENTRIC VENTURES, LLC, et al.,  )      Judge Norgle
                             )
            Defendants.      )

### RESPONSES TO PLAINTIFF GEORGE S. MAY INTERNATIONAL
### COMPANY'S REQUESTS TO PRODUCE DOCUMENTS AND THINGS

Defendants, Xcentric Ventures, LLC and Ed Magedson, by and through their

attorneys, Tressler, Soderstrom, Maloney & Priess, hereby submit their responses to Plaintiff

George S. May International Company's Requests to Produce Documents and Things:

1.       All documents and things identified in Defendants' answers to Plaintiff's First Set
of Interrogatories.

**RESPONSE:**     None.

2.       All documents and things which reflect Defendants' contacts with the State of
Illinois, including but not limited to:

        a.       Travel itineraries, expense reports, diaries, and/or calendars for any
          of Defendants, Defendants' employees, agents, or representatives;

None.

        b.       Emails to or from persons, corporations, or other entities located in
          Illinois;

Objection. It is impossible to answer this request because Defendants do
not know the location of people or entities who send emails.

        c.       Telephone records;

10297-001/MCS/MCS/413641

Objection. This request is overbroad as it is not temporally limited. Defendants will not produce years of telephone records. Please narrow the request to a reasonable time frame.

d.  Advertising, marketing, promotional materials and/or solicitations of any kind;

None.

e.  Any documents and things reflecting the location of individuals, corporations, or other entities which provide postings, updates, rebuttals, and/or commentary to Defendants;

See objections set forth in responses to interrogatories which are incorporated herein by reference.

f.  Agendas, notes, and/or memoranda reflecting meetings with individuals or any other entity or association in Illinois.

None.

g.  Any documents related to PayPal.

None.

**RESPONSE:**

3.  Any and all documents and things which relate to the operation of the websites, www.ripoffreport.com and www.badbusinessbureau.com.

**RESPONSE:** Objection, this request seeks thousands if not hundreds of thousands of documents. It is overbroad and unduly burdensome. It goes beyond the scope of the limited discovery permitted by this court. It seeks information which is not relevant to any issue in this case, and it requests private financial information.

4.  Any and all documents which demonstrate a relationship between Xcentric Ventures LLC and/or Ed Magedson, including but not limited to, any contracts or agreements.

**RESPONSE:** Objection. Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction.

5.  Any and all documents and things governing the relationship between Xcentric Ventures LLC, Consumer Media Publishing LLC, and/or Ed Magedson.

2

**RESPONSE:**     Objection. Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction. This request requests information that is not relevant to the issue of jurisdiction.

      6.     Any and all corporate documents and things of Xcentric Ventures LLC, including but not limited to its Articles of Organization or Formation, Operating Agreements, Limited Liability Company Agreement, and any and all minutes for actions, including all manager minutes, if applicable, or member minutes, if applicable.

**RESPONSE:**     Objection. Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction. This request requests information that is not relevant to the issue of jurisdiction.

      7.     Any and all documents listing the shareholders, officers, members of the board of directors, and employees of Xcentric Ventures LLC.

**RESPONSE:**     Objection. Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction. This request is for information that is not relevant to the issue of jurisdiction.

      8.     Xcentric Ventures LLC's state and federal corporate tax returns for the years 2002, 2003, and/or 2004 if available.

**RESPONSE:**     Objection. Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction. This request includes information that is not relevant to the issue of jurisdiction. Additionally, this request seeks private financial information.

      9.     Ed Magedson's state and federal income tax returns for the years 2001, 2002, 2003, and/or 2004 if available.

**RESPONSE:**     Objection. Expedited discovery was for a limited purpose and due process requires that discovery at this stage be limited to questions that address jurisdiction. This request seeks information that is not relevant to the issue of jurisdiction. Additionally, this request seeks private financial information.

10.    Any and all documents between Xcentric Ventures LLC and/or Ed Magedson and any person, corporation, or other entity located in the State of Illinois.

**RESPONSE:**    None.

DATED this _23_ day of December, 2004.

                                                    JABURG & WILK, P.C.

                                                    _Maria C. Speth_

                                                    Maria Crimi Speth, Esq.
                                                    Attorneys for Defendants

**ORIGINAL** of the foregoing mailed
this _23_ day of December, 2004 to:

Bart A. Lazar, Esq.
Rachel M. Kindstrand, Esq.
SEYFARTH SHAW LLP
55 East Monroe
Suite 4200
Chicago, Illinois  60603
Attorneys for Plaintiff

**VERIFICATION**

10297-001/MCS/MCS/413641

STATE OF ARIZONA    )
                    )  ss.
County of Maricopa  )

Edward Magedson, being first duly sworn upon his oath, deposes and states:

That he is a named defendant herein, and as such, is authorized to make this verification; that he has read the foregoing Responses and verifies that he knows the contents thereof; that the same is true of his own knowledge, except as to such matters as are therein stated upon information and belief, and as to said last-mentioned matters he believes those to be true.

DATED this $\frac{2}{\,}1$ day of December, 2004.



Ed Magedson for
XCENTRIC VENTURES, LLC and ED
MAGEDSON

SUBSCRIBED and SWORN to before me this ___21___ day of December, 2004.

_____
Notary Public

My Commission Expires:

_9/16/2008_

OFFICIAL SEAL
SARAH J. CORR
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Comm. Expires Sept. 16, 2008

# EXHIBIT 3

06/28/2005

Arizona Corporation Commission
State of Arizona Public Access System

6:30 PM

## Corporate Inquiry

**File Number: L-1092285-0**
**Corp. Name: XCENTRIC VENTURES, LLC**

### Domestic Address

PO BOX 470

PHOENIX, AZ 85280

### Statutory Agent Information

**Agent Name:** G PETER BUSNACK

**Agent Mailing/Physical Address:**

8833 S JB RD

REEVIS MOUNTAIN, AZ 85545

**Agent Status:** APPOINTED 09/13/2004

**Agent Last Updated:** 09/20/2004

### Officer and Director Information

| | |
|---|---|
| **Name:** | ED MAGEDSON |
| **Title:** | MANAGER |
| **Address:** | P.O. BOX 470 |

| | TEMPE, AZ 85280 |
|---|---|
| Date Assigned: 01/14/2005 | Last Updated: 03/04/2005 |

| | |
|---|---|
| Name: | CREATIVE BUSINESS INVESTMENT |
| Title: | MEMBER |
| Address: | CONCEPTS, INC. A NV CORP |
| | 2533 N CARSON ST |
| | CARSON CITY, NV 89706 |
| Date Assigned: 01/14/2005 | Last Updated: 03/04/2005 |

**Additional Corporate Information**

| | |
|---|---|
| | Corporation Type: DOMESTIC L.L.C. |
| Incorporation Date: 08/27/2003 | Corporate Life Period: PERPETUAL |
| Domicile: ARIZONA | County: MARICOPA |
| Approval Date: 08/27/2003 | Original Publish Date: 10/17/2003 |

**Annual Reports**

**No Annual Reports on File**

**Scanned Documents**
**(Click on gray button to view document)**

| Document Number | Description | Date Received |
|---|---|---|
| 0101784R | AGENT APPOINTMENT | 09/13/2004 |

**Amendments**

| Amendment Date | Amendment Type | Publish Date | Publish Exception |
|---|---|---|---|
| 01/14/2005 | AMENDMENT | | WAIVE |
| 03/25/2004 | AMENDED AND RESTATED ARTICLES | | |
| 02/23/2004 | AMENDED AND RESTATED ARTICLES | | |

## Notices of Pending Administrative Dissolution

### (For Last Three Years Only)

### (Click on gray button - if present - to view notice)

| Date | Reason |
|---|---|
| 04/25/2005 | DELINQUENT BAD CHECK |

**Microfilm**

| Location | Date Received | Description |
|---|---|---|
| 1-1608-018-038 | 08/27/2003 | ARTICLES OF ORGANIZATION |
| 2-0325-024-032 | 10/17/2003 | PUBLICATION OF ARTICLES OF ORGANIZATION |
| 1-1652-023-026 | 03/25/2004 | AMENDED & RESTATED ARTICLES |
| 3-1821-003-484 | 09/13/2004 | AGENT APPOINTMENT |
| 1-1693-021-001 | 11/30/2004 | SUMMONS |
| 1-1703-011-052 | 01/14/2005 | AMENDMENT |
| 1-1714-006-003 | 01/28/2005 | JUDGEMENT |

- **Corporate Name Search Instructions**
- **General Web Site Usage Instructions**

# EXHIBIT 4

# UNITED STATES DISTRICT COURT

## NORTHERN District of ILLINOIS

GEORGE S. MAY INTERNATIONAL COMPANY

JUN 2 8 2005

**SUMMONS IN A CIVIL CASE**

V.

XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM,
BADBUSINESSBUREAU. COM, ED MAGEDSON,
VARIOUS JOHN DOES, JANE DOES AND ABC
COMPANIES

CASE NUMBER: 04 C 6018

ASSIGNED JUDGE:    Judge Norgle

DESIGNATED
MAGISTRATE JUDGE:    Judge Mason

TO: (Name and address of Defendant)

Ed Magedson
PLEASE SEE ATTACHED SCHEDULE OF ADDRESSES

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
Seyfarth Shaw LLP
55 East Monroe, Suite 4200
Chicago, Illinois 60603

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

2002 © American LegalNet, Inc.

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were _____

☐ Returned _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____

Date    *Signature of Server*

_____

*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

2002 © American LegalNet, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY<br>INTERNATIONAL COMPANY,<br><br>          Plaintiff,<br><br>     -vs-<br><br>XCENTRIC VENTURES, LLC,<br>RIP-OFF REPORT.COM<br>BADBUSINESSBUREAU.COM,<br>ED MAGEDSON, VARIOUS<br>JOHN DOES, JANE DOES AND<br>ABC COMPANIES,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)     Case Number 04-C-6018<br>)<br>)     Judge Norgle<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

SCHEDULE OF ADDRESSES ATTACHED TO
SUMMONS IN A CIVIL CASE FOR ED MAGEDSON

1.      Ed Magedson
        P.O. Box 310
        Tempe, Arizona 85280

2.      Ed Magedson
        1138 South Rose
        Mesa, Arizona 85204

3.      Ed Magedson
        3541 East Beck
        Phoenix, Arizona 85032

4.      Ed Magedson
        2033 W. McDowell Blvd
        Apache Junction, Arizona 85220-9157

5.      Ed Magedson
        5250 South Hardy Drive
        Tempe, Arizona 85283

# EXHIBIT 5

Gary J. Jaburg
Roger L. Cohen
Mitchell Reichman***
Kathi M. Sandweiss
Lauren L. Garner
Scott J. Richardson
Maria Crimi Speth
Michelle C. Lombino
Mark D. Bogard
Gregory S. Fisher
Laurence B. Hirsch
Jonathan Ibsen****

* ARIZONA CERTIFIED SPECIALIST, BANKRUPTCY
** ARIZONA CERTIFIED SPECIALIST, TAX LAW
*** ARIZONA CERTIFIED SPECIALIST, FAMILY LAW
**** LICENSED TO PRACTICE IN NEW YORK ONLY

# Jaburg & Wilk, P.C.
### ATTORNEYS AT LAW

3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

Tel   602/248-1000
Fax   602/248-0522

www.jaburgwilk.com

Lawrence E. Wilk
*Randy Nussbaum
**Beth S. Cohn
Kraig J. Marton
Mervyn T. Braude
Susan R. Gilman
James B. Reed
Dalen J. Morgan
Kelly Brown
Peter M. Gennrich
Jeffrey A. Sandell

**Writer's Direct Line**
602/248-1089

December 20, 2004

**Writer's E-mail**
mcs@jaburgwilk.com

Bart Lazar
Seyfarth Shaw
55 East Monroe Street
Suite 4200
Chicago, Illinois  60603

  Re: *George S. May*

Dear Bart:

  I have received your request to accept service of the complaint and I have conferred with the client. The client will not authorize me to accept service of the complaint. In light of the fact that you have chosen to file this action in a court that has no jurisdiction over my client, my client's position is reasonable.

        Sincerely,

        **JABURG & WILK, P.C.**

        Maria Crimi Speth, Esq.

MCS:

cc:   Xcentric Ventures

# EXHIBIT 6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE S. MAY INTERNATIONAL
COMPANY,

CASE NO. 04C 6018

Plaintiffs,

(Assigned to the Honorable
Judge Norgle)

vs.

XCENTRIC VENTURES, LLC,
RI-POFF REPORT.COM,
BADBUSINESSBUREAU.COM,
ED MAGEDSON, VARIOUS
JOHN DOES, JANE DOES AND ABC
COMPANIES,

Defendants.

# DECLARATION OF ED MAGEDSON

I, Ed Magedson, declare the following to be true under penalty of perjury:

1. Rip-off Report has been in existence for approximately five years.

2. I founded Rip-off Report.

3. Rip-off Report was previously operated by a company called

   badbusinessbureau.com, llc.

4. Today it is operated by Xcentric Ventures, L.L.C., an Arizona

   limited liability company.

5. I am the website's editor.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE S. MAY INTERNATIONAL
COMPANY,

      Plaintiffs,

vs.

XCENTRIC VENTURES, LLC,
RI-POFF REPORT.COM,
BADBUSINESSBUREAU.COM,
ED MAGEDSON, VARIOUS
JOHN DOES, JANE DOES AND ABC
COMPANIES,

      Defendants.

CASE NO. 04C 6018

(Assigned to the Honorable
Judge Norgle)

## DECLARATION OF ED MAGEDSON

I, Ed Magedson, declare the following to be true under penalty of perjury:

1. Rip-off Report has been in existence for approximately five years.

2. I founded Rip-off Report.

3. Rip-off Report was previously operated by a company called badbusinessbureau.com, llc.

4. Today it is operated by Xcentric Ventures, L.L.C., an Arizona limited liability company.

5. I am the website's editor.

10297-001/MCS/MCS/406336

6. Rip-off Report is the most popular consumer advocacy website in the world, containing over 105,000 reports, and having had over two billion hits.

7. At one time, I would occasionally write an editorial about a report, but I have discontinued that practice because of the potential liability.

8. Today, all reports are authored and submitted by consumers.

9. While the staff of Rip-off Report edits the reports by removing obscenities, vulgarities, and threats of physical violence, no agent of Rip-off Report adds any content to any report.

10. I reside in Arizona.

11. I owns no assets in Illinois.

12. I do not do business in Illinois.

13. I have not been to Illinois except in passing through.

14. Xcentric is a limited liability company organized and existing under the laws of Arizona.

15. Its place of business is Arizona.

16. Xcentric does not own any assets in Illinois, or have any offices or employees in the state.

17. Xcentric does not do business with or within the State of Illinois.

18. Xcentric operates a website, "The Rip-Off Report," located at www.badbusinessbureau.com and at

19. The website is hosted by Sterling Network Services, LLC.

20. Sterling is an Arizona company whose servers are located in

   Arizona.

The foregoing is true and accurate to the best of my knowledge and

recollection.

Ed Magedson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE S. MAY INTERNATIONAL
COMPANY,

        Plaintiffs,

vs.

XCENTRIC VENTURES, LLC,
RI-POFF REPORT.COM,
BADBUSINESSBUREAU.COM,
ED MAGEDSON, VARIOUS
JOHN DOES, JANE DOES AND ABC
COMPANIES,

        Defendants.

CASE NO. 04C 6018

(Assigned to the Honorable
Judge Norgle)

## DECLARATION OF ED MAGEDSON

I, Edward Magedson, declare the following to be true under penalty of perjury:

1. I am personally familiar with the day to day operations of Xcentric Ventures, LLC.

2. Xcentric is a limited liability company organized and existing under the laws of Arizona.

3. Xcentric's place of business is Arizona.

4. Xcentric does not own any assets in Illinois, or have any offices or employees in the state.



EXHIBIT

A

5. Xcentric does not do business with or within the State of Illinois. Xcentric operates a website, "The Rip-Off Report," located at www.badbusinessbureau.com and at www.ripoffreport.com.

6. The website is hosted by Sterling Network Services, LLC.

7. Sterling is an Arizona company whose servers are located in Arizona.

8. No agent of Xcentric authored the reports posted about George S. May International Company on the Rip-Off Report.

DATED this ____8____ day of February, 2005.

Ed Magedson

10297-1/MCS/DAG/450771_v1

# EXHIBIT 7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GEORGE S. MAY** | ) | |
| **INTERNATIONAL COMPANY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Number 04-C-6018 |
| -vs- | ) | |
| | ) | Judge Norgle |
| **XCENTRIC VENTURES, LLC,** | ) | |
| **RIP-OFF REPORT.COM** | ) | |
| **BADBUSINESSBUREAU.COM,** | ) | |
| **ED MAGEDSON, VARIOUS** | ) | |
| **JOHN DOES, JANE DOES AND** | ) | |
| **ABC COMPANIES,** | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION IN SUPPORT OF SUBSTITUTE SERVICE

Bart A. Lazar, declares and states as follows:

1.      I am an attorney licensed and in good standing with the State Bars of Illinois and New York, and I am admitted to practice before, among other courts, the United States District Court for the Northern District of Illinois, Eastern Division.

2.      I have entered an appearance as counsel for Plaintiff George S. May International Company ("GSMIC") in the above-captioned case.

3.      I am submitting this affidavit, in accordance with 735 ILCS 5/2-203.1, in support of Plaintiff's Motion for Substitute Service of the Summons and Complaint on Ed Magedson and Motion for an Additional Extension of Time to Serve the Summons and Complaint.

4.      As counsel for GSMIC, I, along with Rachel M. Kindstrand, another attorney who has appeared in this case for GSMIC, have made good faith, repeated attempts to effect service of the Complaint on Ed Magedson.

5.      Procedurally, we have requested that Maria Speth (an attorney who has served as lead counsel for Named Defendants but has not filed an Appearance in this Action) accept service of the Summons and Complaint, and she declined. We have also served counsel with a request for a Waiver of Service.

6.      GSMIC issued interrogatories and document requested aimed at eliciting a home address for Ed Magedson and the identity of the Doe Defendants. Named Defendants refused to provide adequate answers to GSMIC's interrogatories and document requests as outlined in the Motion, and GSMIC was forced to file a Motion to Compel. The Motion to Compel was granted on June 9, 2005.

7.      GSMIC, by its counsel, has also issued subpoenas to PayPal, Inc., Directnic (Internet host), and Sterling Network Services, in an attempt to learn more information about the whereabouts of Ed Magedson.

8.      Myself and Ms. Kindstrand have also conducted Internet searches to ascertain Ed Magedson's address, and a paralegal assisted us in contacting the United States Post Office to try to obtain the last-known address for Ed Magedson.

9.      As attached to the Motion, a search of the Arizona Corporation Commission information for XCentric Ventures, LLC reveals that Ed Magedson is a manager of XCentric Ventures, LLC, but only lists a post office box for Mr. Magedson's address. This is the same post office box number the Summons and Complaint was originally sent to in September of 2004.

10.     As GSMIC counsel, our firm has hired a private investigative agency/process server to try to locate the whereabouts of Ed Magedson. We have attempted to serve him at five different addresses, but have been unsuccessful.

2

I declare under penalty of perjury that the foregoing statements are true and correct.

June 29, 2005

Bart A. Lazar

3