

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GEORGE S. MAY                    )
INTERNATIONAL COMPANY,           )
                                 )
    Plaintiff,                   )
                                 )    Case Number 04-C-6018
-vs-                             )
                                 )    Judge Norgle
XCENTRIC VENTURES, LLC,          )
RIP-OFF REPORT.COM               )
BADBUSINESSBUREAU.COM,           )
ED MAGEDSON, VARIOUS             )
JOHN DOES, JANE DOES AND         )
ABC COMPANIES,                   )
                                 )
    Defendants.                  )

**FILED**

AUG 1 0 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY'S MOTION TO ENFORCE COURT'S JUNE 9, 2005 ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS UNDER FRCP 37(b)

    Plaintiff George S. May International Company ("GSMIC"), by its counsel, Seyfarth

Shaw LLP, hereby moves this Court for an order to enforce the June 9, 2005 order granting

Plaintiff's Motion to Compel, and for sanctions pursuant to Federal Rule of Civil Procedure

37(b) against Defendants XCentric Ventures, LLC and Ed Magedson. Plaintiff states in support

of its Motion as follows:

    1.    On June 9, 2005, this Court granted GSMIC's Motion to Compel Answers to

Interrogatories and Requests to Produce from Named Defendants XCentric Ventures, LLC and

Ed Magedson. GSMIC was granted the right to take discovery from Named Defendants in order

to adequately respond to Named Defendants' argument that the Court lacks personal jurisdiction

over them.

2.     To briefly summarize, the discovery requested by GSMIC falls roughly into the

following categories: a) the corporate structure and the identity of the officers, agents, and

employees of XCentric Ventures, LLC, including the status of Ed Magedson; b) records of

donations and payments to the websites from Illinois residents; c) records of sales to Illinois

residents of the "Rip off Revenge Guide," authored by Ed Magedson and advertised on the

websites; d) the identities of the posters of specific reports, rebuttals, and updates as specifically

identified in Plaintiff's interrogatories; e) whatever agreement or correspondence relates to

Google advertising on the websites; f) Named Defendants' agreement or correspondence with

their web host, Sterling Network Services, a company that until December 2004 (well after the

Complaint was filed in this case) advertised a Northbrook, Illinois location; g) correspondence,

by e-mail or otherwise, by Named Defendants with Illinois residents. All of this information is

clearly relevant to the issue of jurisdiction, or is designed to lead to relevant evidence on this

issue of jurisdiction.

3.     Named Defendants were ordered to produce discovery within twenty-eight days,

on or before July 7, 2005.

4.     Plaintiff received Named Defendants' discovery via e-mail on July 7, 2005 from

attorney David Gingras, who purports to act on behalf of Named Defendants. Mr. Gingras is an

attorney is located in the State of Arizona, and is from the same law firm as attorney Maria Crimi

Speth. Maria Crimi Speth signed Named Defendants' initial discovery responses (which were

the subject of Plaintiff's Motion to Compel), but has never filed an appearance with this Court.

Subsequently, Named Defendants hand-delivered signed discovery responses on July 19, 2005,

twelve days after the Court's deadline. *See* Exhibit A.

2

5.     Substantively, the discovery that Named Defendants did finally produce is insufficient and does not comply with the Court's order. Named Defendants chose to interpret the Court's order narrowly, providing only information responsive to the same broad categories summarized for the Court in Plaintiff's Motion to Compel, and not in response to each interrogatory and document request issued by Plaintiff. *See* email dated July 7, 2005, and attached with additional emails as Exhibit G. Even under Named Defendants' narrow interpretation, however, they have not complied with the Court's order.

6.     Specifically:

A)     Named Defendants still refuse to provide the names of XCentric Ventures, LLC's employees. In response to Plaintiff's letters attempting to obtain Named Defendants' compliance with the Court's order, Named Defendants will only produce a redacted payroll list of its nine employees, citing concerns that Plaintiff will "harass" its employees. *See* email and list, attached as Exhibit B (Plaintiff's counsel has redacted the bank account information for the purposes of this motion). At the hearing on the motion to compel, the Court indicated that Named Defendants should provide this information, stating:

> Well, as part of determining jurisdiction the Court exercises jurisdiction, which is to say, if there are five or ten employees of Eccentric [siq] Ventures some of whom or all of whom are officers and directors, they are certainly a source of information in terms of activities of Eccentric [siq] Ventures, LLC, in Illinois, if any.

Portions of Transcript from June 9, 2005 hearing, attached as Exhibit C.

This information is clearly relevant to the issue of jurisdiction. If the websites at issue in this case are not commercial—as Named Defendants claim—how is it that XCentric Ventures, LLC can afford to employ these nine employees? Furthermore, as the Court noted, the information and activities of these employees on behalf of XCentric Ventures, LLC in Illinois, if any, would certainly be relevant to this Court's determination of jurisdiction.

3

B)     Named Defendants still refuse to provide the marketing agreement or any

evidence of the agreement that they identified in response to Plaintiff's Interrogatory number 10.

In response to that interrogatory, Defendants asserted:

> XCentric Ventures, LLC has a contract with a marketing company in Arizona
> which permits that company to contract with Google's Adsense program for
> Google to place ads on the website. XCentric Ventures, LLC does not know the
> location of the advertisers who advertise through Google Adsense.

Response to Interrogatory 10, attached as Exhibit D.

In the signed discovery responses, Named Defendants now assert that they have no

marketing agreement involving Google, an assertion which is clearly contrary to what they

initially stated in their answers to Plaintiff's interrogatory. Named Defendants continue to claim

that the website is not commercial, despite their acknowledgment that they have contracted for

advertising. Plaintiff's request for this agreement or evidence of this agreement is clearly

relevant to the issue of jurisdiction, yet even after being order to produce this information,

Named Defendants refuse.

C)     Named Defendants refuse to provide the agreement or evidence of the

agreement they have with Sterling Network Services. Sterling Network Services is the web host

for the websites, and up until December of 2004, Sterling Network Services advertised a

Northbrook, Illinois location on its website. *See* Exhibit E. Mysteriously, this address has now

disappeared from Sterling Network Service's website. In an affidavit attached to XCentric

Ventures, LLC's Motion to Dismiss, Ed Magedson asserted that Sterling Network Services is the

web host for the websites. Now, contrary to this assertion, Named Defendants claim they have

no agreement with Sterling Network Services.

7.     Named Defendants' discovery responses are otherwise incomplete in the

following ways:

4

  A) Named Defendants have only provided one month of correspondence with Illinois residents, from mid-July 2004 to mid-August 2004. Plaintiff has requested correspondence with Illinois residents since January 2000, about the time Plaintiff believes Named Defendants began operating their website. Named Defendants clearly have the capability to conduct a more thorough search, but refuse.

  B) Named Defendants have not provided all of the Internet Protocol (IP) addresses, email addresses, and other identifying information for all of the rebuttals, postings, and updates that are specifically identified in Plaintiff's interrogatories. Specifically, Named Defendants have not provided the IP address and email addresses for the individual who posted the report accusing George S. May officers and directors of engaging in child pornography, which was taken down by Named Defendants in response to the Court's entry of a Temporary Restraining Order. Named Defendants have not provided the email addresses for the rebuttals. Named Defendants clearly have the capability to provide the additional information that Plaintiff seeks. *See* Exhibit F.

  C) Named Defendants have only provided a limited number of sales records for the Ripoff Revenge Guide and for donations and payments to the website. Although Plaintiff requested records from 2000, Named Defendants have only provided a select number of records for donations and payments. For example, Named Defendants have only provided donation or payment records from Illinois residents for 2004 and 2005.

  8. In response to these deficiencies, Plaintiff's counsel sent Named Defendants' counsels, both James Borcia and David Yuen, of the law firm of Tressler, Soderstrom, Maloney, & Priess, who have filed an appearance on behalf of XCentric Ventures, LLC and Ed Magedson, and Maria Crimi Speth and David Gingras, the attorneys from Arizona who have not appeared in

5

this case, two letters outlining the deficiencies in Defendants' discovery. Plaintiff's counsel sent one letter on July 21, 2005, and another letter on August 8, 2005. Plaintiff's counsel has also spoken to attorney David Gingras over the telephone and exchanged emails with attorney David Gingras in an effort to obtain Named Defendants' compliance with discovery. Maria Crimi Speth, James Borcia, and David Yuen were courtesy-copied on the majority of these emails. *See* emails, attached as Exhibit G.

9.      In the initial letter from Plaintiff on July 21, 2005, Plaintiff outlined everything that was missing or otherwise incomplete from Named Defendants' responses. *See* July 21, 2005 letter, attached as Exhibit H. Attorney David Gingras, acting on behalf Named Defendants, responded by providing a redacted list of XCentric Ventures, LLC's employees, by indicating that there was no further correspondence and that a recent server crash destroyed correspondence, that there was no agreement with Google, and that the IP address and identifying information for the poster of the report accusing George S. May officers and directors of engaging in child pornography no longer existed. *See* emails dated July 26 and 27, 2005, Exhibit G. The emails from David Gingras did not address any of the other issues set forth in Plaintiff's letter.

10.     In response to Mr. Gingras's emails, Plaintiff's counsel sent yet another letter on August 8, 2005, in a last-ditch effort to avoid filing another motion in this case. *See* August 8, 2005 letter, attached as Exhibit I. In this letter, Plaintiff reiterated its request for records of donations and book sales from 2000, correspondence with Illinois posters, the marketing agreement, the agreement with Sterling Network Services, the IP addresses and email addresses and identifying information for the posters of the specific rebuttals and updates and the person who posted the report regarding child pornography, and an unredacted list of employees.

6

Plaintiff also indicated that, if Named Defendants continued to represent that the information does not exist, Named Defendants should provide Plaintiff with an affidavit attesting to that and to the reasons why the information requested no longer exists.

11.     Plaintiff requested that Named Defendants comply with their discovery obligations and/or produce an affidavit by noon, C.S.T., on August 10, 2005. An affidavit is necessary because Named Defendants now assert new reasons for why they cannot produce the information, such as their claim that a recent server crash erased any other correspondence. At about 1:15 p.m. on Wednesday, August 10, 2005, after this motion had already been drafted, Maria Crimi Speth telephoned Plaintiff's counsel and indicated that she was going to produce a letter and some, but not all, of the additional information requested by Plaintiff, such as correspondence that Named Defendants have now located, and that while she didn't think it was relevant to the issue of jurisdiction, the marketing agreement. Ms. Speth continued to indicate that she would not provide an unredacted list of employees, and she indicated that she was unsure about the remaining issues raised in Plaintiff's letter such as the sales records. Ms. Speth indicated that it would probably take a day to provide this information.

12.     Although Plaintiff's counsel appreciates that Ms. Speth contacted Plaintiff's counsel, the gist of the telephone conversation was that Named Defendants will continue to refuse to provide information to Plaintiff that they were ordered to provide by the Court. It appears that, with respect to some of the information requested by Plaintiff and which Defendants were ordered to provide, Defendants wish to relitigate issues that were already raised in response to Plaintiff's motion to compel and decided in Plaintiff's favor. In addition, because Plaintiff has repeatedly received discovery late from Defendants, and this discovery has been incomplete, Plaintiff has filed this motion and seeks the Court's assistance.

7

13.     The remaining discovery that Named Defendants have not yet provided is clearly relevant to the issue of jurisdiction. One of the measures of jurisdiction over a company doing business over the internet is the level of interactivity of the website. *See, e.g., Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F.Supp.2d 824, 837-39 (N.D. Ill. 2000). Clearly, commercial activities such as advertising, correspondence with individuals, sales of a book, receipt of donations, other business relationships or contracts with businesses located in Illinois, would all clearly be relevant to the level of interactivity of the website. Moreover, the volume of contacts that Named Defendants have with the state of Illinois goes to the issue of whether such contacts are "continuous and systematic" such that the Court has jurisdiction over these Defendants.

14.     Named Defendants raised lack of jurisdiction as an argument in both their response to Plaintiff's Motion for Preliminary Injunction, and in XCentric Ventures, LLC's Motion to Dismiss for Lack of Jurisdiction. The motion for preliminary injunction is fully briefed, but the Court has stayed briefing on XCentric Ventures, LLC's Motion to Dismiss pending resolution of the discovery issues. No briefing schedule has been set to date.

15.     On Friday, August 5, 2005, Defendant Ed Magedson filed a Motion to Dismiss raising the same argument, lack of jurisdiction. Ed Magedson's Motion to Dismiss was both 1) late, as it was filed more than twenty days after service of the Summons and Complaint, and 2) never noticed for presentment to this Court.

16.     Ed Magedson's Motion to Dismiss should be stricken for failure to comply with either the Federal Rule of Civil Procedure 12(a)(1)(A), which requires the filing of a responsive pleading within twenty days after services of Summons and Complaint; and Local Rule 5.3(b), which states:

8

Every motion or objection shall be accompanied by a notice of presentment specifying the date and time on which , and judge before whom, the motion or objection is to be presented. The date of presentment shall not be more than 10 business days following the date on which the motion is delivered to the court pursuant to LR 78.1.

17.     Ed Magedson's failure to comply with the Federal Rules of Civil Procedure and the Local Rules is consistent with Named Defendants' course of conduct throughout this litigation. For example: First, Named Defendants' failure to fully comply with the Court's entry of the Temporary Restraining Order (as evidenced by Plaintiff's Motion for Contempt which has been fully briefed and is pending before this Court). Second, Named Defendants failed to comply with Plaintiff's request for a waiver of service of summons and complaint despite Named Defendants' duty to avoid unnecessary costs under FRCP 4(d)(2), necessitating that Plaintiff's move for an extension of time for service to locate XCentric Ventures LLC's registered agent, who operates a wilderness school in the Arizona desert, and for substitute service on Ed Magedson's Arizona counsel, Maria Crimi Speth. Third, Named Defendants refused to comply with Plaintiff's initial discovery requests, and fourth, they refused to comply with the Court's order granting Plaintiff's motion to compel.

18.     Notwithstanding the fact that Ed Magedson failed to comply with the Federal Rules of Civil Procedure and the Local Rules in filing his Motion to Dismiss for Lack of Jurisdiction, were this Court to enter a briefing schedule on Ed Magedson's Motion, Plaintiff is still in the same predicament it was when faced with the possibility of responding to XCentric Ventures, LLC's Motion to Dismiss, to wit: Plaintiff has yet to receive complete and accurate responses to the discovery it sought on the jurisdictional issues raised by both Defendants, XCentric Ventures, LLC and Ed Magedson, despite obtaining a Court order.

19.     Under Federal Rule of Civil Procedure 37(b), a party's failure to comply with a court order compelling disclosure or discovery is punishable by sanctions. Rule 37(b)(2) states:

9

If a party or an officer, director, or managing agent or a party…fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule…the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A)    An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B)    An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C)    An order striking out pleadings or part thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D)    In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

20.    Because of Named Defendants' conduct in this case and their failure to comply

with discovery, an order for sanctions under Federal Rule of Civil Procedure 37(b)(2) is

appropriate.

WHEREFORE, Plaintiff George S. May International Company, Inc., respectfully

requests that this Court grant its Motion to Enforce the Court's June 9, 2005 Order Granting

Plaintiff's Motion to Compel and Motion for Sanctions pursuant, and order the following relief:

1.    Defendants XCentric Ventures, LLC and Ed Magedson are to provide, by 5:00

p.m. C.S.T. on August 26, 2005, discovery as ordered by the Court on June 9, 2005, including:

a)    The full names and contact information, including addresses, of the nine employees partially identified by XCentric Ventures, LLC;

b)    All of the IP addresses and emails addresses and identifying information for all of the rebuttals, updates, and postings as requested in Plaintiff's Interrogatories numbers 7 and 8, including the information for the person or persons responsible for the posting alleging child pornography;

10

c)     All correspondence, donations, payments, and sales to or from Illinois residents or those identifying themselves as being from Illinois since January of 2000;

d)     The marketing agreement Defendants' referred to and any information regarding Google;

e)     The agreement or correspondence to or from Sterling Network Services; and/or;

f)     An affidavit from Defendants attesting to any information not produced and the reasons why that information cannot be produced.

2.     Defendant Ed Magedson's Motion to Dismiss be Stricken for failure to comply with the Federal Rules of Civil Procedure and the Local Rules;

3.     This Court's jurisdiction over Defendants XCentric Ventures, LLC and Ed Magedson be taken as established for the purposes of this action;

4.     Alternatively, any briefing on Ed Magedson's Motion to Dismiss be stayed until Named Defendants' comply with the Court's June 9, 2005 order and the instant order requiring Named Defendants to produce the ordered discovery;

5.     Alternatively, any briefing on XCentric Ventures, LLC's Motion to Dismiss continue to be stayed pending Named Defendants' compliance with the Court's June 9, 2005 order and the instant order requiring Named Defendants to produce the ordered discovery;

6.     Any other sanctions against Named Defendants, monetary or otherwise, as this Court deems just and appropriate.

**DATED:  August 10, 2005**        Respectfully submitted,

GEORGE S. MAY INTERNATIONAL COMPANY

By: *Rachel M. Kindstrine*

One of Its Attorneys

11

<u>Attorneys for Plaintiff:</u>

Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
55 East Monroe, Suite 4200
Chicago, Illinois 60603
Telephone: (312) 346-8000
Facsimile: (312) 269-8869
Firm No. 90747

CH1 10938271.1

# EXHIBIT A

**Kindstrand, Rachel**

| | |
|---|---|
| **From:** | David S. Gingras [dsg@jaburgwilk.com] |
| **Sent:** | Thursday, July 07, 2005 6:04 PM |
| **To:** | Kindstrand, Rachel |
| **Cc:** | Maria Crimi Speth; James K. Borcia; Lazar, Bart |

**Subject:** FW: Xcentric Response

Rachel,

Attached are copies of the following:

1.) Xcentric's responsive pleading to the order compelling responses/production of the things requested in your Motion to Compel.

<<Xcentric response.pdf>>
2.) Those documents and things responsive to same.

<<xcentric response exhibits 1.pdf>> <<Xcentric response exhibits 2.pdf>> <<xcentric response exhibits 3.pdf>> <<xcentric response exhibits 4.pdf>>

A signed copy of the pleading should be coming to you as well as hard copies of all the documents. If you simply print each PDF file and refer to the pleading, it should be apparent which documents are responsive to which requests.

David S. Gingras, Esq.
*Jaburg & Wilk, P.C.*
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Phone: (602) 248-1000
Fax: (602) 248-0522

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602) 248-1000, or via e-mail, and delete this message and all attachments thereto.

| | |
|---|---|
| **From:** | Cheryl A. Contois |
| **Sent:** | Thursday, July 07, 2005 3:55 PM |
| **To:** | David S. Gingras |
| **Subject:** | Xcentric Response |

Cheryl A. Contois
Jaburg & Wilk, P.C.
3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012
Phone 602.248.1037
Fax 602.248.0522
www.jaburgwilk.com

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602) 248-1000, or via e-mail, and delete this message and all attachments thereto.

JKB/cic/362666                                                                    5634-2-51

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE S. MAY INTERNATIONAL           )
COMPANY,                              )
                                      )
                Plaintiff,            )
                                      )
        v.                            )       No. 04 C 6018
                                      )
XCENTRIC VENTURES, LLC, RIP-OFF       )       Judge Norgle
REPORT.COM, BADBUSINESSBUREAU.COM,    )
ED MAGEDSON, VARIOUS JOHN DOES, JANE  )
DOES AND ABC COMPANIES,               )
                                      )
                Defendants.           )

## NOTICE OF HAND-DELIVERY

TO:     Bart A. Lazar, Esq.
        Rachel Kindstrand, Esq.
        Seyfarth Shaw LLP
        55 East Monroe, Suite 4200
        Chicago, IL 60603

        PLEASE TAKE NOTICE that on the 19th day of July, 2005, there was sent via Hand-Delivery, to the above-named parties at their addresses listed above (and via Electronic Mail on July 7, 2005), **Responses to Court's Order Granting Plaintiff George S. May International Company's Motion to Compel,** a copy of which is attached hereto and hereby served upon you.

                                XCENTRIC VENTURES, LLC and ED
                                MAGEDSON

                                By: _____
                                        One of Their Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

**RECEIVED**

JUL 1 9 2005

**SEYFARTH, SHAW**

JKB/cic/362749                                                                    5634-2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GEORGE S. MAY INTERNATIONAL COMPANY,    )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )
                                        )    No. 04 C 6018
XCENTRIC VENTURES, LLC, et al.,         )
                                        )    Judge Norgle
                    Defendants.         )

## RESPONSES TO COURT'S ORDER GRANTING PLAINTIFF GEORGE S. MAY
## INTERNATIONAL COMPANY'S MOTION TO COMPEL

Defendants, Xcentric Ventures, LLC and Ed Magedson, by and through their

attorneys, Tressler, Soderstrom, Maloney & Priess, hereby submit their responses to the

Court's Order granting Plaintiff George S. May International Company's Motion to Compel:

1.      Donation or payment records for the websites from January 2000 to the present
date and as requested in Interrogatory 5;

**RESPONSE:**      See Exhibit "A".

2.      Records from the sales of Defendants' Ripoff Revenge Guide from January 2000
to the present date and as requested in Interrogatory 6;

**RESPONSE:**      Defendants do not have or sell a Ripoff Revenge Guide. Exhibit "B" reflects

sales of the Ripoff Revenge Guide as reflected in the records of Consumer Media Publishing,

LLC, a separate legal entity.

3.      Defendants' correspondence (via email or otherwise) to or from individuals or
entities located in the State of Illinois;

**RESPONSE:**      Defendants have received tens of thousands of emails during this time period.

Defendants do not know where these emails come from unless they happen to mention it.

Defendants ran a search through all of the emails stored on their compute for the word "Illinois"

and the results are attached as Exhibit "C".

4.    Defendants' agreement with Sterling Network Services;

**RESPONSE:**    Defendants never had an agreement with Sterling Network Services.

5.    Defendants' marketing agreement involving Google;

**RESPONSE:**    Defendants never had an agreement involving Google.

6.    The identity of the posters of specific reports, as requested in Interrogatory 7 and Interrogatory 8;

**RESPONSE:**    See Exhibits "D", "E", "F", "G", "H", "I", "J", "K", and "L".

7.    The identity of the officers, shareholders, agents, and employees of XCentric Ventures, LLC and any supporting documents as requested in Requests 4, 5, 6 and 7.

**RESPONSE:**    Xcentric Ventures has no officers as it is an LLC.  Its Manager is Edward Magedson, Xcentric Ventures has no shareholders as it is an LLC.  Its sole member is Creative Business Investment Concepts, Inc., a Nevada corporation.  Ed Magedson is Xcentric's agent. Employees Kim, Lynda, Garyann, Sam, Heather and MaryJo, who are at home individuals who do editing.  They are all employees and based in Arizona.  Alex, an Arizona resident, is a legal intern who does research.  PMGI (Arizona corporation) is a marketing firm in Arizona that designs ads for site.  TecServ Inc. (Arizona corporation) is a technical support company that helps with layout and design on the site and hosting.  Ed Magedson also monitors site and creates master layouts.  The Articles of Organization of Xcentric Ventures, LLC and Articles of Amendment are attached as Exhibits "M" and "N".

XCENTRIC VENTURES, LLC and ED MAGEDSON

By: _____
One of Their Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

## **VERIFICATION**

Ed Magedson, being first duly sworn upon his oath deposes and says:

That he is one of the Defendants, that he has read Responses to Court's Order Granting Plaintiff George S. May International Company's Motion to Compel and knows the contents thereof; that the same is true of his own knowledge, except as to such matters as are therein stated upon information and belief, and as to said matters he believes those to be true.

DATED this __14__ day of __July__, 2005.

_Ed Magedson_

Ed Magedson

SUBSCRIBED AND SWORN to before me this __14__ day of __July__, 2005, by Ed Magedson.

ANNE VAUGHN
Notary Public - Arizona
Maricopa County
My Commission Expires
March 4, 2007

_Anne Vaughn_

Notary Public

My Commission Expires:

__3-4-07__

3

# EXHIBIT B

**Kindstrand, Rachel**

| | |
|---|---|
| **From:** | David S. Gingras [dsg@jaburgwilk.com] |
| **Sent:** | Wednesday, July 27, 2005 7:19 PM |
| **To:** | Kindstrand, Rachel |
| **Cc:** | Lazar, Bart; James K. Borcia; Maria Crimi Speth; Debra A. Gower; Cheryl A. Contois |

**Subject:** Xcentric Disclosure

Rachel,

I understand that this may fall into the "too little, too late" category, but attached is a list produced by Xcentric's payroll company identifying all employees of Xcentric. At the client's request, this list has been redacted to provide you with, at a minimum, the first name of each employee, and the city/state in which that employee resides. In some cases the employee's date of birth and date of hire is also listed.

As you can see, the list reflects that all employees reside in the state of Arizona. Also, the client informs me that at least one of the employees (the second from the top of the first page), is also known as "Sam".

I am still attempting to obtain redacted driver's license copies for each employee, but obtaining legible copies has proven to be next to impossible.

David S. Gingras, Esq.
*Jaburg & Wilk, P.C.*
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Phone: (602) 248-1000
Fax: (602) 248-0522

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602) 248-1000, or via e-mail, and delete this message and all attachments thereto.

| Employee Information | Earnings | Hours YTD | YTD | Taxes | Overrides | YTD | Deductions | Per Pay Amount | YTD | Direct Deposit |
|---|---|---|---|---|---|---|---|---|---|---|
| MARY J, PHOENIX, AZ 85202, Rate: 5.1500/Hr, Birth: 02/17/1971, Gender: F #0002 | Gross REGULAR | 110.00 | 568.51 568.51 | SS/Med Fed Wt AZ State Credit Weeks: 0 | /0 | 43.34 12.20 9.04 | | | | Net Pay to Checking ACCT# BANK #122105706 |
| BOWEN, ZUHICH, MESA, AZ 85210, Gender: F #0001 | Gross REGULAR | 486.25 | 4,599.42 4,599.42 | SS/Med Fed Wt AZ State Credit Weeks: 20 | /0 | 351.86 414.41 109.61 | | | | |
| LYNDA, PHOENIX, AZ 85202, Rate: 5.1500/Hr, Gender: F #0004 | Gross REGULAR | 720.25 | 3,709.32 3,709.32 | SS/Med Fed Wt AZ State Credit Weeks: 28 | /0 | 269.76 233.18 59.30 | | | | Net Pay to Checking ACCT# BANK #122103744 |
| HEATHER, PHOENIX, AZ 85202, Rate: 5.1500/Hr, Hire: 03/15/2005, Gender: F #0007 | Gross REGULAR | 330.75 | 1,703.39 1,703.39 | SS/Med Fed Wt AZ State Credit Weeks: 20 | Married/00 6 | 130.31 | | | | |
| KIMBERLY BAKER, 4497 E VOLTAIRE AVE, PHOENIX, AZ 85202, Rate: 5.1500/Hr, Birth: 03/23/1969, Gender: F #0003 | Gross REGULAR OTHER | 725.25 | 3,917.47 3,887.47 80.00 | SS/Med Fed Wt AZ State Credit Weeks: 28 | /0 | 299.69 249.20 62.04 | | | | Net Pay to Checking ACCT# BANK #032217708 |
| ALEX D, GILBERT, AZ 85299, Rate: 15.0000/Hr, Hire: 03/21/2005, Birth: 02/26/1978, Gender: M #0008 | Gross REGULAR | 22.00 | 330.00 330.00 | SS/Med Fed Wt AZ State Credit Weeks: 7 | Married/02 6 | 25.25 | | | | |
| AMY R, PHOENIX, AZ 85202, Rate: 5.1500/Hr, Hire: 05/23/2005, Birth: 04/18/1974, Gender: F #0009 | Gross REGULAR | 113.75 | 585.82 585.82 | SS/Med Fed Wt AZ State Credit Weeks: 9 | Married/08 1 | 44.82 | | | | |



Client: WKJ
XCENTRIC VENTURES LLC

Master List

Period Covered: 06/28/2005 - 07/10/2005
Check Date: 07/12/2005

Run: 14
Week: 28
Qtr: 3
Page: 1

| Employee Information | Earnings | Hours YTD | YTD | Taxes | Override | YTD | Deductions | Per Pay Amount | YTD | Direct Deposit |
|---|---|---|---|---|---|---|---|---|---|---|
| MACKIE J #0005 PHOENIX, AZ 85029 Rate: 5.1500/Hr Hire: 01/10/2005 Birth: 10/31/1991 Gender: F SS#: | Gross REGULAR OTHER | 905.00 | 4,701.90 4,671.90 30.00 | SS/Med Fed WH AZ State Credit Weeks: 28 | Married00 3 | 359.70 50.96 12.76 | | | | Net Pay to Checking A BANK #1231287236 |
| ANN F #0008 PHOENIX, AZ 85023 Rate: 5.1500/Hr Hire: 01/10/2005 Birth: 03/11/1979 Gender: F SS#: | Gross REGULAR OTHER | 369.75 | 2,007.20 2,007.20 | SS/Med Fed WH AZ State Credit Weeks: 28 | Married02 3 | 153.55 | | | | Net Pay to Checking ACC BANK #291975178 |
| CLIENT TOTALS 0  Active 0  Terminated 0  Leave 0  Total | Gross REGULAR OTHER | 3803.00 | 22,721.68 22,061.08 660.60 | SS/Med Fed WH AZ State | | 1,692.28 568.95 229.75 | | | | |



Client:  WKJ
XCENTRIC VENTURES LLC

Master List

Period Covered: 06/26/2005 - 07/10/2005
Check Date:        07/13/2005

Run:      14
Week:    28
Qtr:       3
Page:     2

# EXHIBIT C

```
 1            IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF ILLINOIS
 2                  EASTERN DIVISION

 3   GEORGE S. MAY,                 )  Docket No. 04 C 6018
                                    )
 4                                  )
                                    )
 5              Plaintiff,          )
                                    )
 6         -vs-                     )  Chicago, Illinois
                                    )  June 9, 2005
 7   ECCENTRIC VENTURES, LLC,       )  10:30 o'clock a.m.
                                    )
 8                                  )
              Defendant.            )
 9                                  )

10

11       BEFORE THE HONORABLE CHARLES R. NORGLE-MOTION

12   APPEARANCES:

13   For the Plaintiff:       SEYFARTH, SHAW
                              55 East Monroe, 42nd Floor
14                            Chicago, Illinois  60603
                              BY:  MR. BART A. LAZAR
15                                 MS. RACHEL KINDSTRAND

16
     For the Defendant:       TRESSLER, SODERSTROM, MALONEY and
17                            PRIESS,
                              233 South Wacker Drive, 22nd Floor
18                            Chicago, Illinois 60606
                              BY:  MR. DAVID O. YUEN
19

20

21
                         RAYMOND F. PETERS
22               Official Contract Court Reporter
                       19765 Cambridge Drive
23                    Mokena, Illinois  60448
                         (312) 446-6446
24

25
```

1        MR. YUEN:  Well, the next thing would be, again, he is

2   asking for persons of entities who own, operate, administer the

3   websites and, again, these would include employees that are

4   beyond the scope of this jurisdiction and not a matter of

5   public record.

6        THE COURT:  If there is jurisdiction over the

7   corporation, the Court has jurisdiction of the people who make

8   up the corporation to a certain extent.  Now, you I used

9   General Motors as probably a poor example.  But if you are

10  saying that Eccentric Ventures has ten employees, just to

11  throughout a number, certainly, it would not be burdensome to

12  disclose the names of those ten employees who may or may not

13  also be officers and directors but who might be the subject of

14  further inquiry to include, for example, depositions.  So how

15  many employees are there of Eccentric Ventures, LLC?

16       MR. YUEN:  I don't know.  Again, we would have no

17  problem disclosing them once the Court determined there was

18  jurisdiction, but at this time --

19       THE COURT:  Well, as part of determining jurisdiction

20  the Court exercises jurisdiction, which is to say, if there are

21  five or ten employees of Eccentric Ventures some of whom or all

22  of whom are officers and directors, they are certainly a source

23  of information in terms of the activities of Eccentric

24  Ventures, LLC, in Illinois, if any.

25       Now, if, for example, we were saying there were

1  5,000 or 10,000, certainly, I would agree with you that all of

2  those persons need not be disclosed.  But additionally, in

3  terms of Eccentric Ventures, LLC, have you have you disclosed,

4  I think it's a 31(b)6 -- thirty-one I am thinking of the

5  Federal Rule of Civil Procedure where a corporation or similar

6  entity designates a person.  That is Rule 30(b)6.  Has the

7  defendant LLC disclosed a 30(b)6 witness?

8            MR. YUEN:  No.

9            THE COURT:  Is there one that you will disclose?

10            MR. YUEN:  Yes.

11            THE COURT:  Who is that?

12            MR. YUEN:  Most likely Ed Magedson.

13            THE COURT:  So he would be the person to inquire of

14  which is to say it to save all concerned a lot of time and

15  expense if he is a principal and reliable source of

16  information.

17            All right, what is the next objection?

18            MR. YUEN:  I am not sure which interrogatory -- are we

19  going through each one?  He didn't address them all in his --

20            MR. LAZAR:  If you want, your Honor, I can go down

21  each category.  I summarized the category -- I attempted to

22  save time by summarizing the categories of information.  I can

23  go down each one, if we need.

24            THE COURT:  All right.  Now, let us move at least

25  temporarily over to the motion to quash.  What are you

# EXHIBIT D

Notwithstanding the above objection, Xcentric Ventures, LLC and ED Magedson respond neither they nor their agents authored any part of the described postings.

9.      Identify any person, corporation, or other entity who has submitted a posting, rebuttal, update, report or other content, and/or who claims to be a "ripoff reporter," and who is located in the State of Illinois, from January 1, 2002 to the present date, and include in the Response the name, address, telephone number, and email address of that person and/or entity; the number of reports, updates, and/or rebuttals posted by that person and/or entity; the internet addresses (Uniform Resource Locators or URLs) associated with each of those reports, postings, rebuttals, updates, or other content; and each document and/or thing used in any way to formulate this Response.

**RESPONSE:** To Xcentric Ventures, LLC and Ed Magedson's knowledge, no person who

submitted any posting and who claims to be a Rip-Off Reporter resides in Illinois.

10.     Identify any individual, corporation, or other entity located in the State of Illinois which has advertised or currently advertises on www.ripoffreport.com and/or www.badbusinessbureau.com from January 1, 2000 to the present, and include in your Response the name, address, and telephone number of the individual, corporation, or other entity; the internet address (URLs) were the advertisements are located; and each document and/or thing used in any way to formulate this Response.

**RESPONSE:** To Xcentric Ventures, LLC and Ed Magedson's knowledge no entity located in

the State of Illinois has ever advertised on Rip-off Report. Xcentric Ventures, LLC has a

contract with a marketing company in Arizona which permits that company to contract with

Google's Adsense program for Google to place ads on the Website. Through that program,

advertisements are sometimes randomly placed on the Website. Xcentric Ventures, LLC does

not know the location of the advertisers who advertise through Google Adsense.

11.     Identify any individual, corporation, or other entity located in the State of Illinois that has given money to or otherwise paid Xcentric Ventures LLC and/or Ed Magedson as a result of any postings, rebuttals, or updates that are located or which were formerly located on or within the websites www.ripoffreport.com and/or www.badbusinessbureau.com, and include in your Response the date in which the money or other payment was given; the name, address, and telephone number of that individual, corporation, or other entity; the internet address (URLs) of the postings, rebuttals, and/or updates; and/or each document and/or thing used in any way to formulate this Response.

# EXHIBIT E



# STERLING NETWORK SERVICES

home | what we do | products | partners | clients | feedback | contact

## Contact >

### SNS Phoenix, AZ

Sterling Network Services LLC
120 East Van Buren
Suite 100
Phoenix, AZ 85004

Directions to our Office
http://www.sterlingnetwork.com/

General 602.682.2200
Fax 602.682.2212
info@sterlingnetwork.com

NOC 602.682.2210 9AM-5PM
NOC 800.482.5310 After Hours
noc@sterlingnetwork.com
abuse@sterlingnetwork.com
Copyright Infringement Information
Careers

### SNS Chicago, IL

1033 Skokie Blvd.
Suite 600
Northbrook, IL 60062

General 847.480.4000
Fax 847.480.0199

info@sterlingnetwork.com

# EXHIBIT F

## Cheryl A. Contois

**From:** EDitor@ripoffreport.com

**Sent:** Sunday, July 03, 2005 2:53 PM

**To:** EDitor@ripoffreport.com

**Subject:** George S May questions - is this OK they            wrong Report web
address...

**GFI MailSecurity's HTML threat engine foun**            **il and has disabled
them.**

$10 \backslash 732$

I sent this as an attachment just in-case you do not h

Are you sure they need all the info on the REBUTTAL too? not just the authors of the Reports?

Also, note that for each separate report, they want to have: **"the Internet Protocol ("IP") addresses of the
computers used to post the following postings, rebuttals, and/or updates to the websites
www.ripoffreport.com and/or www.badbusinessbureau.com, and each document used in any way
to formulate this Response"**

All I have now is everything but, the e-mail address of the REBUTTALS the Report.

I can give you the entire Report with ALL the info on the Author
BUT, on the REBUTTALS, I can ONLY give the IP address and full name of the
REBUTTALS, ... I cannot get that programmed till Tuesday or Wednesday... the
programmer is away! I have an urgent request in to him...

FIRST OFF, I was just about to send this to you as an example and this # is for
another company? http://www.ripoffreport.com/view.asp?id=101597

Here is one of the Reports below., here is what I can give you on each Report, it
give you the entire Report and all the info by the title at top of each REBUTTAL, but
not the e-mail address. that will take extra programming... maybe Tues or Wed or is
the below OK...

... is this OK,.,, I will give you these exactly like below:

This report was created by <u>Andrea Swallsentein</u> - <u>aswails@aol.com</u> - 915-515-4371 - 152.163.252.101

E-mail to a Friend                                                        Submitted: **8/2/2004**
Printer Friendly Version                                              **11:44:39 AM**
Category:                                                                   Modified: **9/1/2004**
**Corrupt Companies**                                              **3:41:22 PM**

# George S. May International Company - UNETHICAL
# TRADE SECRETS REVEALED! Rip-off! Park Ridge Illinois

# EXHIBIT G

**Kindstrand, Rachel**

| | |
|---|---|
| **From:** | David S. Gingras [dsg@jaburgwilk.com] |
| **Sent:** | Wednesday, July 27, 2005 7:19 PM |
| **To:** | Kindstrand, Rachel |
| **Cc:** | Lazar, Bart; James K. Borcia; Maria Crimi Speth; Debra A. Gower; Cheryl A. Contois |
| **Subject:** | Xcentric Disclosure |

Rachel,

I understand that this may fall into the "too little, too late" category, but attached is a list produced by Xcentric's payroll company identifying all employees of Xcentric. At the client's request, this list has been redacted to provide you with, at a minimum, the first name of each employee, and the city/state in which that employee resides. In some cases the employee's date of birth and date of hire is also listed.

As you can see, the list reflects that all employees reside in the state of Arizona. Also, the client informs me that at least one of the employees (the second from the top of the first page), is also known as "Sam".

I am still attempting to obtain redacted driver's license copies for each employee, but obtaining legible copies has proven to be next to impossible.

David S. Gingras, Esq.
*Jaburg & Wilk, P.C.*
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Phone: (602) 248-1000
Fax: (602) 248-0522

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602) 248-1000, or via e-mail, and delete this message and all attachments thereto.

**Kindstrand, Rachel**

| | |
|---|---|
| **From:** | David S. Gingras [dsg@jaburgwilk.com] |
| **Sent:** | Tuesday, July 26, 2005 6:28 PM |
| **To:** | Kindstrand, Rachel |
| **Cc:** | James K. Borcia; Lazar, Bart; Maria Crimi Speth; Debra A. Gower; Cheryl A. Contois |

**Subject:** Xcentric Supplemental Responses

Rachel,

As today is the deadline you have set for Xcentric to provide its supplemental responses to the court-ordered discovery you propounded, I wanted to let you know that notwithstanding our prior discussions, my client has now advised me that he has nothing further to disclose.

Referring to the items you described in your July 21, 2005 correspondence, and taking them in that order, my client advises that he has been unable to locate any further emails or correspondence between any defendants and individuals in Illinois other than that which has already been disclosed to you. Mr. Magedson states that he does not believe that any additional correspondence ever existed, but that a recent server crash destroyed any ability to retrieve any documents that might have existed. He says he can verify this event.

As for the agreement with Google, Mr. Magedson again stands by his prior response that there is no written agreement with Google, and that any/all Google advertising has been handled by a third-party marketing company in Arizona.

Regarding the rip-off post which referenced child porn (believed to be report #106424; previously located here: www.ripoffreport.com/reports/ripoff106424.htm), Mr. Magedson states that this post was removed as per your request and the subsequent TRO, and that the original IP address and name of the author was erased when the offending text was removed.

Finally, as for the home addresses of the subject Xcentric employees, Mr. Magedson has again decided that this information cannot be released without jeopardizing the safety of his employees, though he continues to avow that all of the employees live and reside only in Arizona.

I understand this is not the response you were hoping for, however, this is all the information my client has provided to me, and, as I am sure you will understand, I am ethically obligated to abide by the clients instructions and decisions regarding these responses.

David S. Gingras, Esq.
*Jaburg & Wilk, P.C.*
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Phone: (602) 248-1000
Fax: (602) 248-0522

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602) 248-1000, or via e-mail, and delete this message and all attachments thereto.

**Kindstrand, Rachel**

| From: | Kindstrand, Rachel |
|---|---|
| **Sent:** | Friday, July 22, 2005 5:01 PM |
| **To:** | 'David S. Gingras' |
| **Cc:** | James K. Borcia; Maria Crimi Speth; Lazar, Bart |

**Subject:** RE: George S. May v. Xcentric Ventures, et al.

David,

In response to your previous email, as attached below, I have the following comments.

First, with respect to the privilege issue, I don't recall you ever mentioning privilege, and I haven't mentioned it to you, so I'm not sure what the confusion is on that issue.

Secondly, the points you've raised for not wanting to disclose the names of XCentric Ventures, LLC's agents and employees were raised by Defendants' local counsel during the hearing on the Motion to Compel and were rejected by the Court. You cannot, after the fact, raise the same issues that were rejected by the Court as an excuse for not complying with the Court's order. Defendants have been ordered to produce the information, and we've been entirely reasonable in addressing your concerns in the letter we sent you yesterday. It was incumbent upon Defendants to timely seek a protective order, which you simply did not do. In fact, you had indicated that you would seek a protective order in your email dated July 8, 2005, yet two weeks have passed and you still have done nothing. We cannot agree to a compromise which allows Defendants to produce less than what you have been ordered to produce by the Court, or prevents us from disclosing the information to our client.

With respect to the posting that you've indicated you don't have, the copy of the posting should be attached to several of the pleadings filed in this case. Nonetheless, I will endeavor to pdf copies of the postings to you in order to expedite your response, and if you need something further, please let me know.

We request that Defendants comply with the Court's June 9, 2005 order granting Plaintiff's Motion to Compel, and as further outlined in the letter I sent you dated July 21, 2005, by July 26, 2005 at 5:00 p.m. C.S.T. At that time, we will evaluate Defendants' compliance with the Court's order and take whatever action we feel is appropriate.

Regards,
Rachel Kindstrand

-----Original Message-----
**From:** David S. Gingras [mailto:dsg@jaburgwilk.com]
**Sent:** Friday, July 22, 2005 3:39 PM
**To:** Kindstrand, Rachel
**Cc:** James K. Borcia; Maria Crimi Speth; Lazar, Bart
**Subject:** RE: George S. May v. Xcentric Ventures, et al.

Rachel,

I have and thank you for your correspondence dated July 21, 2005 in which you indicate your
dissatisfaction with the information provided by Xcentric in the last round of discovery
responses. My client is working to try to obtain the materials you requested, but he continues to
indicate that some of the things you have requested simply do not exist. Where that is the case,
I will provide you with a specific notification of that position.

As for the reference in your letter to the rip-off report which accuses your clients of being
involved in child porn, I am having some trouble identifying the report you are seeking.
Specifically, based on Para. 7(i) of your interrogatories, it appears that you believe/allege that
report #106424 is the "child porn" report. However, my client advises me that this report
(http://www.ripoffreport.com/view.asp?id=106424) contains no such reference. I am aware that
you understand that my involvement in the case has been somewhat limited prior to this month,
but I am still more than happy to provide the correct records for you if you can clarify what it is
that you are looking for. Your letter indicated that this report was "taken down" following a TRO,
so perhaps you could let me know if you were referring to a report other than #106424 (which
appears to still be up, and not taken down). Was there an earlier edited version containing
different text under that same report #? Again, I am solely asking for this information in an effort
to try to help obtain the records you need; if you previously discussed this with Ms. Speth, I
apologize for asking you to repeat the discussion with me, but Ms. Speth is not available today
and so I am the next best alternative, especially given the short time frame you have set for our
response.

Finally, I do not recall informing you that we were withholding any materials based on privilege.
Normally, my practice is that whenever privilege is asserted, a privilege log is provided pursuant
to Fed. R. Civ. P. 26(b)(5) to at least document the materials being withheld. However, since
you refer to the protective order we discussed, perhaps you were referring to the names and
addresses of the Xcentric employees that Mr. Magedson indicated he would not disclose to you
absent an agreement that you would not allow your client to review that information. The
withholding of this information is not based on 'privilege' in the traditional sense, and so no
privilege log was provided. Rather, as I previously explained to you, Mr. Magedson's position is
that he fears for the physical safety of his employees and believes that disclosure of this
information to you and your client without a strongly-worded protective order (of the type I
previously provided to you but which you indicated you would not agree to) may compromise
the safety of his employees, and he is unwilling to allow this, regardless of the consequences.

However, at my urging, Mr. Magedson is willing to agree to a compromise. As I understand it,
you have asked for the full names and addresses of the Xcentric employees in order to fully
investigate your claim that the Illinois court has personal jurisdiction over Xcentric. So far as I
am aware, there is no other basis for asking for the home addresses of these people at this
time. Furthermore, I am certain that you will agree that if these employees all live and work
solely in Arizona (as we have already stated to you), then their home addresses would be
irrelevant; i.e., the only issue is whether any of them reside or work in Illinois, correct?

In order to resolve this issue without compromising the safety of his employees, Mr. Magedson
is willing to provide you with redacted copies of the driver's licenses for the employees at issue.
I have attached an example (using my own license) of the form that he has proposed. The
information you would receive would include the first name, city, and state for each employee.
You would not receive the last name, street name, or street address, as none of that information
is necessary for you to establish that the employee is not a resident of Illinois. If we provide this
information to you, that should fully satisfy your right to receive information relevant to
jurisdiction and any argument to the contrary would clearly be advanced for inappropriate

reasons such as harassment of the employees.

Whether you agree to accept this compromise or not, I will endeavor to obtain similar redacted D/L copies for each employee and provide them to you by July 26th. If that is not acceptable to you, I respectfully request a written response explaining why the request is inadequate, and why you need anything more specific.

Again, I do appreciate your patience and your accommodation of this difficult situation. I am doing my best to fully comply with all lawful requirements and orders while also respecting and upholding the rights of my client and his employees. I am certain, at any rate, that we can and will reach an acceptable solution promptly. Please contact me at (602) 248-1000 if you have any questions.

David S. Gingras, Esq.
*Jaburg & Wilk, P.C.*
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Phone: (602) 248-1000
Fax: (602) 248-0522

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602) 248-1000, or via e-mail, and delete this message and all attachments thereto.

---

**From:** Kindstrand, Rachel [mailto:RKindstrand@seyfarth.com]
**Sent:** Wednesday, July 06, 2005 3:39 PM
**To:** David S. Gingras
**Cc:** Lazar, Bart
**Subject:** RE: George S. May v. Xcentric Ventures, et al.

Yes, David. You have been ordered to respond to both the interrogatories and the document requests.

-----Original Message-----
**From:** David S. Gingras [mailto:dsg@jaburgwilk.com]
**Sent:** Wednesday, July 06, 2005 5:34 PM
**To:** Kindstrand, Rachel
**Subject:** RE: George S. May v. Xcentric Ventures, et al.

Rachel,

Thanks for sending those; that was very helpful.

Now, please don't hit the roof when I ask you this, but have we been ordered to provide responses to BOTH the attached discovery requests? I have only been asked to help gather responses to the interrogatories; not the request to produce.

PLEASE understand that I'm new to the case and am only assisting here; do not interpret my question as meaning anything more than that.

David S. Gingras, Esq.
*Jaburg & Wilk, P.C.*
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Phone: (602) 248-1000
Fax: (602) 248-0522

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602) 248-1000, or via e-mail, and delete this message and all attachments thereto.

---

**From:** Kindstrand, Rachel [mailto:RKindstrand@seyfarth.com]
**Sent:** Wednesday, July 06, 2005 3:20 PM
**To:** David S. Gingras
**Cc:** Maria Crimi Speth; Lazar, Bart
**Subject:** RE: George S. May v. Xcentric Ventures, et al.

David,

Per your request, I am attaching another copy of Plaintiff's First Set of Interrogatories, and Plaintiff's Requests to Produce. These documents were served on Defendants' counsel, Jim Borcia and David Yuen, and both the interrogatories and requests to produce do contain definitions and instructions, as you can tell from this attachment. Needless to say, we will expect Defendants' responses to follow both the instructions and the definitions.

If you have any further questions, please contact me at (312) 269-8951. A brief reply to confirm receipt of this email and two attachments would be appreciated.

Sincerely,
Rachel

**From:** David S. Gingras [mailto:dsg@jaburgwilk.com]
**Sent:** Tuesday, July 05, 2005 8:17 PM
**To:** Kindstrand, Rachel
**Cc:** Maria Crimi Speth
**Subject:** George S. May v. Xcentric Ventures, et al.

Rachel,

Attached is a rough-draft stipulation for entry of protective order; it's just a regular form that we use around here, so if something looks out of line, just say so and I'm sure we can adjust things accordingly. The bottom line is that our client understands that the court has ordered him to produce certain things, but he is extremely concerned that anything he produces should be kept confidential and not be disclosed to anyone outside of your firm for any reason. His basis for this concern has to do with credible threats made against him and his employees, so I can assure you that this request is made in good faith and not for any improper purpose.

I have already received most, if not all, of the material responsive to your production requests and I will be happy to produce such to you on or before the 7th, provided that we can agree on a form of protective order that is satisfactory to both clients. Please review this attachment and let me know where you stand.

David S. Gingras, Esq.
*Jaburg & Wilk, P.C.*
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Phone: (602) 248-1000
Fax: (602) 248-0522

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602) 248-1000, or via e-mail, and delete this message and all attachments thereto.

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

## Kindstrand, Rachel

| | |
|---|---|
| **From:** | David S. Gingras [dsg@jaburgwilk.com] |
| **Sent:** | Friday, July 22, 2005 6:59 PM |
| **To:** | Kindstrand, Rachel |
| **Cc:** | Maria Crimi Speth; James K. Borcia |

**Subject:** RE: follow-up to your email regarding posting

Rachel,

I understand, but I just wanted to let you know that when I was dealing with my contacts at the client gathering information, I asked them to provide exactly the information you requested for each report you listed; i.e., 101697; 101732; 64081; 41290; 86538; 104370; 98372; 100195; & 106424. It was not until your fax dated yesterday that I became aware that that last report #106424 had somehow changed or had been edited--apparently due to the TRO entered at your request--such that the current version (which we did provide information responsive to your request) lacked the specific child porn post that you have now asked us to respond to. Do you follow me? In other words, you asked the court to order that information taken down, which happened, but then you asked us to provide the IP address for the person who posted the material that was taken down. Because I was not involved during those earlier proceedings, I was unaware of this turn of events and thus thought that simply asking the client for information about the current report #106424 would capture everything you needed.

I am not excusing the fact that perhaps someone else might have known about this; I was just letting you know that I did not, and that is why our initial response omitted that information. In any event, I have requested it from the client and you should have it by Monday (hopefully).

As for the issue of the names and addresses of the employees, I understand your argument that the Court has ordered certain things to be produced, and thus those things must be produced. All I can tell you is that the client believes he is giving you the information that he is required to provide, and as for the home addresses, my client believes that if you truly were only interested in that information solely for the purpose you claim -- establishing jurisdiction -- rather than for the purpose he fears (harassment of the employees), then you would have no basis to object to this compromise.

David S. Gingras, Esq.
Jaburg & Wilk, P.C.
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Phone: (602) 248-1000
Fax: (602) 248-0522

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602) 248-1000, or via e-mail, and delete this message and all attachments thereto.

-----Original Message-----

From: Kindstrand, Rachel [mailto:RKindstrand@seyfarth.com]
Sent: Friday, July 22, 2005 4:44 PM
To: David S. Gingras
Cc: Lazar, Bart
Subject: RE: follow-up to your email regarding posting


David,

Again, please keep in mind that we asked for the information that you identified below for all of the addresses that we listed, not just #106424. As I indicated in my previous email, we asked for identities and IP addresses for postings, rebuttals, and updates for all of the specific addresses we identified. I also pointed that out in the letter that I faxed to you yesterday. I know from the discovery that your client is capable of producing that information.

Please contact me if you have further questions.

--Rachel



-----Original Message-----
From: David S. Gingras [mailto:dsg@jaburgwilk.com]
Sent: Friday, July 22, 2005 6:36 PM
To: Kindstrand, Rachel
Subject: RE: follow-up to your email regarding posting


Rachel,

Thank you; that was exactly what I needed. It does appear that you had the correct report # but that the content was subsequently changed/removed (perhaps because the court ordered its removal?)

In any case, I will ask my client to provide the information you requested (IP address, etc.) for the poster of the attached PDF report, rather than simply the person responsible for the post under report #106424.


David S. Gingras, Esq.
Jaburg & Wilk, P.C.
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Phone: (602) 248-1000
Fax: (602) 248-0522

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone

other than the intended recipient, or a duly designated employee or
agent of such recipient, is prohibited. If you have received this
communication in error, please notify us immediately by telephone at
(602) 248-1000, or via e-mail, and delete this message and all
attachments thereto.


-----Original Message-----
From: Kindstrand, Rachel [mailto:RKindstrand@seyfarth.com]
Sent: Friday, July 22, 2005 4:33 PM
To: David S. Gingras
Cc: Maria Crimi Speth; James K. Borcia; Lazar, Bart
Subject: follow-up to your email regarding posting


David,

With respect to the posting referencing child pornography, I am
attaching a copy of that posting in pdf format here.  As you can see,
www.ripoffreport.com/reports/ripoff106424.htm is the address that
appears at the bottom of the posting, which was classified by Defendants
as a rebuttal.

Please keep in mind that we asked for the identities and IP addresses
for all of the postings, rebuttals, and updates that are located at the
specific addresses we listed.

If you need something further, please contact me directly.  Please
remember that the attached pdf  remains covered by the Court's entry of
the TRO in this case.

--Rachel

 <<1985_001.pdf>>

Rachel M. Kindstrand
Seyfarth Shaw LLP
55 East Monroe
Suite 4200
Chicago, Illinois 60603
(312)-346-8000

Any tax information or written tax advice contained herein (including
any attachments) is not intended to be and cannot be used by any
taxpayer for the purpose of avoiding tax penalties that may be imposed
on the taxpayer.  (The foregoing legend has been affixed pursuant to
U.S. Treasury Regulations governing tax practice.)

The information contained in this transmission is attorney privileged
and/or confidential information intended for the use of the individual
or entity named above.  If the reader of this message is not the

intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

## Kindstrand, Rachel

| | |
|---|---|
| **From:** | David S. Gingras [dsg@jaburgwilk.com] |
| **Sent:** | Friday, July 22, 2005 6:36 PM |
| **To:** | Kindstrand, Rachel |
| **Subject:** | RE: follow-up to your email regarding posting |

Rachel,

Thank you; that was exactly what I needed.  It does appear that you had the correct report # but that the content was subsequently changed/removed (perhaps because the court ordered its removal?)

In any case, I will ask my client to provide the information you requested (IP address, etc.) for the poster of the attached PDF report, rather than simply the person responsible for the post under report #106424.


David S. Gingras, Esq.
Jaburg & Wilk, P.C.
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Phone: (602) 248-1000
Fax: (602) 248-0522

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602) 248-1000, or via e-mail, and delete this message and all attachments thereto.


-----Original Message-----
From: Kindstrand, Rachel [mailto:RKindstrand@seyfarth.com]
Sent: Friday, July 22, 2005 4:33 PM
To: David S. Gingras
Cc: Maria Crimi Speth; James K. Borcia; Lazar, Bart
Subject: follow-up to your email regarding posting


David,

With respect to the posting referencing child pornography, I am attaching a copy of that posting in pdf format here.  As you can see, www.ripoffreport.com/reports/ripoff106424.htm is the address that appears at the bottom of the posting, which was classified by Defendants as a rebuttal.

Please keep in mind that we asked for the identities and IP addresses

1

for all of the postings, rebuttals, and updates that are located at the specific addresses we listed.

If you need something further, please contact me directly.  Please remember that the attached pdf  remains covered by the Court's entry of the TRO in this case.

--Rachel

 <<1985_001.pdf>>

Rachel M. Kindstrand
Seyfarth Shaw LLP
55 East Monroe
Suite 4200
Chicago, Illinois 60603
(312)-346-8000


Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.  (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

## Kindstrand, Rachel

**From:**    David S. Gingras [dsg@jaburgwilk.com]
**Sent:**    Thursday, July 07, 2005 4:40 PM
**To:**    Kindstrand, Rachel
**Cc:**    Maria Crimi Speth; James K. Borcia; Lazar, Bart; Lipinski, Ronald
**Subject:** RE: George S. May v. Xcentric Ventures, et al.

Rachel,

Thank you for the response and I appreciate both your patience and your frustration.

Just so you know, I DO have some materials here that I will be supplying to you in the next 10 minutes or so. These materials are tailored to be responsive to the seven specific categories of things which your Motion to Compel expressly asked for. As I have indicated to you, because your Motion to Compel only specifically asked for those seven items, we view the current order of the Court as being limited to those seven things. I understand that you interpret the situation differently; i.e., that because you initially submitted two broad discovery requests, and because you followed those with a Motion to Compel, then logically the Court must have intended to order us to supply everything within the scope of your two requests, rather than the more limited group of seven things requested in your motion itself.

From our end, the thinking appears to be that regardless of whatever you requested in the interrogatories and document production request, the Court only granted you relief to the extent that you asked for it in the Motion to Compel; since your prayer for relief in the conclusion of the motion only listed those seven things (thus apparently limiting the scope of the two prior requests), the perception is that only those seven things have been ordered to be produced, and Xcentric cannot be sanctioned for failing to produce something that . In other words, if you intent truly was to obtain an order compelling full responses to everything in both of your prior discovery requests, why did your motion to compel list the seven specific groups of things instead of simply asking the responses to all of the matters included in the two prior discovery requests? One reason may have been that you, as a tactical matter, didn't think that the Court would have granted the motion had you continued asking for such a broad array of materials which were, indisputably, not reasonably related to the issue of jurisdiction (i.e., personal income tax returns, etc.). In any event, the fact that the Court granted the motion does not mean that you are entitled to things that were never mentioned in that motion; at least that's our view.

Having said all this, we don't need to debate this further via email. I have given you our interpretation of the situation in a good faith effort to understand your reasoning, and to try to understand what, exactly, the Court intended to order. As I have said before, the lack of a formal written order means that it is difficult to know exactly what the Court's intended order was, and for that reason, we are left to interpret the language of your motion which is not only ambiguous, it is, to some extent, inconsistent with your current stated position. I have obtained a copy of the docket entry from PACER where the Court granted your motion but, again, there is simply no explanation as to the scope of the relief granted. Nevertheless, if you feel that the materials we are about to produce are insufficient to satisfy the most recent order because you interpret that order differently than we have, then that issue will obviously have to be resolved by Judge Norgle.

David S. Gingras, Esq.
*Jaburg & Wilk, P.C.*
3200 North Central Avenue, Suite 2000

Phoenix, AZ 85012
Phone: (602) 248-1000
Fax: (602) 248-0522

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602) 248-1000, or via e-mail, and delete this message and all attachments thereto.

---

**From:** Kindstrand, Rachel [mailto:RKindstrand@seyfarth.com]
**Sent:** Thursday, July 07, 2005 2:03 PM
**To:** David S. Gingras
**Cc:** James K. Borcia; Maria Crimi Speth; Lazar, Bart
**Subject:** RE: George S. May v. Xcentric Ventures, et al.

David,

This email is in response to your correspondence sent late last night, as indicated directly below. Thank you for contacting me regarding Defendants' compliance with Judge Norgle's order granting Plaintiff's motion to compel in toto. While we are sympathetic to the position that you are in---facing a client who is "balking" at cooperating with the court order, and being given what we believe to be inaccurate information by your co-counsel, Ms. Speth---we are really not in a position to interpret the order for you. Defendants have been ordered to produce answers to interrogatories and documents responsive to our requests by July 7, 2005. As of the time of this email, 4:00 p.m. C.S.T., I have not received anything from you.

Maria and Jim, we have taken various measures to try to obtain discovery from Defendants, including filing a motion to compel which was granted. We are surprised that, at this late date---a day before compliance with the court-ordered deadline compelling compliance---we have been confronted by requests for a protective order coupled with confusion from an associate who has little familiarity with this case. As mentioned above, we have also been told that your client has been balking at producing the information your client has been ordered to produce by the court. This series of events strikes us as an effort to yet again delay providing responses to discovery despite having been ordered to respond by the court. Please be advised that continued delay will prompt us to return to court yet again, this time for sanctions.

We will continue to expect compliance with this order.

Sincerely,
Rachel

> -----Original Message-----
> **From:** David S. Gingras [mailto:dsg@jaburgwilk.com]
> **Sent:** Wednesday, July 06, 2005 8:53 PM
> **To:** Kindstrand, Rachel
> **Cc:** James K. Borcia; Maria Crimi Speth
> **Subject:** RE: George S. May v. Xcentric Ventures, et al.

Rachel,

I think I know what your response is going to be to this, but since I'm getting conflicting information, I need to get your position on this again.

As you noted in your last email, you said, "Yes, David. You have been ordered to respond to both the interrogatories and the document requests."

I spoke to Maria Speth about this just now and she indicates a very different understanding. What she said is that we do NOT need to respond to both the interrogatories and document requests; she said that this was already done, but that your client was not satisfied with the response, thus leading to a Motion to Compel. That motion, according to Maria, only asked for an order compelling a more limited group of things as specifically set forth on pp. 7-8 of your motion. However, your response to me seems to indicate that you believe that we have been ordered to produce the following:

1.) Everything covered in the initial set of interrogatories;
2.) Everything covered in the initial request to produce; and
3.) Everything specifically set forth in items 1-7 in the conclusion of your Motion to Compel.

Since I have no written order to look at, I am unclear on how to resolve this conflict. In looking at your Motion to Compel, and your reply brief, it does appear that you initially asked the Court to order us to respond to all three categories, but then it also appears to limit the demand to those seven things specifically in your motion.

Again, please know that I am merely trying to gain an understanding of your client's position so that I can help resolve this issue without the need for further involvement of the court. It is possible that I am simply misunderstanding what you have asked for and/or what the court has ordered. Either way, to the extent that it can be clearly determined what the court has ordered us to produce, it is my intent to get you that material immediately.

Please review this and let me know if you are expecting response to all three categories listed above, or only those seven specific things listed in your Motion to Compel. I look forward to hearing from you.

David S. Gingras, Esq.
*Jaburg & Wilk, P.C.*
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Phone: (602) 248-1000
Fax: (602) 248-0522

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602) 248-1000, or via e-mail, and delete this message and all attachments thereto.

**From:** Kindstrand, Rachel [mailto:RKindstrand@seyfarth.com]
**Sent:** Wednesday, July 06, 2005 3:39 PM
**To:** David S. Gingras
**Cc:** Lazar, Bart
**Subject:** RE: George S. May v. Xcentric Ventures, et al.

Yes, David. You have been ordered to respond to both the interrogatories and the document requests.

-----Original Message-----
**From:** David S. Gingras [mailto:dsg@jaburgwilk.com]
**Sent:** Wednesday, July 06, 2005 5:34 PM
**To:** Kindstrand, Rachel
**Subject:** RE: George S. May v. Xcentric Ventures, et al.

Rachel,

Thanks for sending those; that was very helpful.

Now, please don't hit the roof when I ask you this, but have we been ordered to provide responses to BOTH the attached discovery requests? I have only been asked to help gather responses to the interrogatories; not the request to produce.

PLEASE understand that I'm new to the case and am only assisting here; do not interpret my question as meaning anything more than that.

David S. Gingras, Esq.
*Jaburg & Wilk, P.C.*
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Phone: (602) 248-1000
Fax: (602) 248-0522

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602) 248-1000, or via e-mail, and delete this message and all attachments thereto.

---

**From:** Kindstrand, Rachel [mailto:RKindstrand@seyfarth.com]
**Sent:** Wednesday, July 06, 2005 3:20 PM
**To:** David S. Gingras
**Cc:** Maria Crimi Speth; Lazar, Bart
**Subject:** RE: George S. May v. Xcentric Ventures, et al.

David,

Per your request, I am attaching another copy of Plaintiff's First Set of Interrogatories, and

Plaintiff's Requests to Produce. These documents were served on Defendants' counsel, Jim Borcia and David Yuen, and both the interrogatories and requests to produce do contain definitions and instructions, as you can tell from this attachment. Needless to say, we will expect Defendants' responses to follow both the instructions and the definitions.

If you have any further questions, please contact me at (312) 269-8951. A brief reply to confirm receipt of this email and two attachments would be appreciated.

Sincerely,
Rachel

**From:** David S. Gingras [mailto:dsg@jaburgwilk.com]
**Sent:** Tuesday, July 05, 2005 8:17 PM
**To:** Kindstrand, Rachel
**Cc:** Maria Crimi Speth
**Subject:** George S. May v. Xcentric Ventures, et al.

Rachel,

Attached is a rough-draft stipulation for entry of protective order; it's just a regular form that we use around here, so if something looks out of line, just say so and I'm sure we can adjust things accordingly. The bottom line is that our client understands that the court has ordered him to produce certain things, but he is extremely concerned that anything he produces should be kept confidential and not be disclosed to anyone outside of your firm for any reason. His basis for this concern has to do with credible threats made against him and his employees, so I can assure you that this request is made in good faith and not for any improper purpose.

I have already received most, if not all, of the material responsive to your production requests and I will be happy to produce such to you on or before the 7th, provided that we can agree on a form of protective order that is satisfactory to both clients. Please review this attachment and let me know where you stand.

David S. Gingras, Esq.
*Jaburg & Wilk, P.C.*
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Phone: (602) 248-1000
Fax: (602) 248-0522

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602) 248-1000, or via e-mail, and delete this message and all attachments thereto.

# EXHIBIT H



55 East Monroe Street

Suite 4200

Chicago, IL 60603-5803

312-346-8000

fax 312-269-8869

www.seyfarth.com

Writer's direct phone
(312) 269-8951

Writer's e-mail
rkindstrand@seyfarth.com

July 21, 2005

<u>**VIA FACSIMILE**</u>

<u>**312-627-1717**</u>

James K. Borcia, Esq.
David O. Yuen, Esq.
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606-6308

<u>**VIA FACSIMILE**</u>

<u>**602-248-0522**</u>

Maria Crimi Speth, Esq.
David Gingras, Esq.
Jaburg & Wilk, P.C.
Great American Tower
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012

      **Re:**    **Responses to Discovery, *George S. May International Company v. XCentric Ventures, LLC et al*, Case Number 04-C-6018**

Dear Counsel:

     We are writing to inform you of several deficiencies with respect to Defendants' required compliance with the Court's June 9, 2005 order compelling Defendants' responses to Plaintiff's Interrogatories and Document Requests.

     First, with respect to all of Plaintiff's requests for records, it appears to us that Defendants have not complied with the Court's order requiring them to produce documents that Plaintiff requested from January 2000 to the present date. For example, Defendants have produced copies of email correspondence with individuals from Illinois ***only*** from July 13, 2004 to August 15, 2004. This is much too narrow a time frame, and there is simply no justification for Defendants to have performed such a narrow search. With respect to what Defendants have delineated as paragraphs 1, 2, and 3, and corresponding Exhibits A, B, and C of their Responses to Court's Order Granting Plaintiff George S. May International Company's Motion to Compel, Plaintiff requests that Defendants provide the rest of the records from January 2000 to the present date in compliance with the Court's order.

     Second, Defendants' answers to what they have delineated as paragraphs 4 and 5 of their Responses to Court's Order Granting Plaintiff George S. May International Company's Motion to Compel are inaccurate and do not comply with the Court's order. In Defendants' initial response to Plaintiff's Interrogatory 10, Defendants' answered:

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA



XCentric Ventures, LLC has a contract with a marketing company in Arizona which permits that company to contract with Google's Adsense program for Google to place ads on the website. XCentric Ventures, LLC does not know the location of the advertisers who advertise through Google Adsense.

In its Motion to Compel, Plaintiff requested the marketing agreement involving Google. Defendants acknowledge that they advertise on the websites, and commercial activities such as advertising are clearly relevant to the jurisdictional issues raised by Defendants. Plaintiff requests that Defendants provide the agreement or agreements that are reflected in Defendants' answer to Plaintiff's Interrogatory 10 as quoted above. If there is no written contract, there should be correspondence between the marketing company, and/or Google, and/or Defendants relating to the existence of the contract, such as e-mails and payments that would clearly be subject to production. Similarly, Plaintiff requests that Defendants provide the agreement or agreements involving Sterling Network Services, the host of the websites as indicated in paragraph 6 of the Declaration of Ed Magedson, attached to XCentric Ventures, LLC's Motion to Dismiss, and as requested in Plaintiff's Motion to Compel. Again, if there is no written contract, there should be correspondence such as e-mails and payments that would clearly be subject to production.

Third, Defendants' responses to what they've delineated as paragraph 6 and Exhibits D through L are inadequate. Although the attached email from Mr. Magedson to one of the legal secretaries in Ms. Speth's office clearly indicates that Mr. Magedson and XCentric Ventures, LLC have the capability to provide full IP addresses and email addresses for all of the reports, rebuttals, and updates requested by Plaintiff, Defendants have chosen to selectively provide this information. Noticeably absent from the material provided by Defendants is the IP address and email address related to the individual posting of a report and/or rebuttal and/or update accusing George S. May executives of engaging in child pornography, which was taken down by Defendants pursuant to the Court's entry of a Temporary Restraining Order. Defendants must provide complete and accurate responses to the material requested in Interrogatories 7 and 8.

Fourth, Defendants have also taken the position that they do not have to provide the complete identity and supporting documents of the officers, shareholders, agents, and employees of XCentric Ventures, LLC. It is simply inadequate to provide names like "Lynda" and "Kim" and not identify last names and home addresses as requested by Plaintiff. Furthermore, in its Motion to Compel, Plaintiff requested any and all documents related to the relationship between XCentric Ventures, LLC, Ed Magedson, and Consumer Media Publishing. Defendants have not produced those documents. Defendants must provide complete and accurate responses and documents as requested by Plaintiff.

Finally, David Gingras, an attorney in Ms. Speth's office acting on behalf of Defendants, indicated that Defendants are withholding documents and information subject to the Court's order from Plaintiff, and is now claiming that this information should be covered under a protective order that prevents disclosure of the information to our client. Although Plaintiff's counsel previously agreed with Mr. Gingras to treat the information produced as confidential and limit use and disclosure to our firm and our client for the purposes of the litigation, and would further agree that if we intended to use the information for some other purpose we would give Defendants reasonable



James K. Borcia, Esq.
Maria Crimi Speth, Esq.
July 21, 2005
Page 3

notice and an opportunity to seek a protective order, we cannot agree to a provision that prohibits us from disclosing the material to our client.

In any event, it was incumbent upon Defendants to timely seek a protective order from the Court, which they chose not to do. Now it is too late. The materials must be produced forthwith. Please provide complete and accurate responses in compliance with the Court's order by 5:00 p.m. C.S.T., on July 26, 2005. If you do not comply, please be advised that Plaintiff intends to file a Motion for Sanctions and other relief.

Sincerely,

SEYFARTH SHAW LLP

Rachel M. Kindstrand

Rachel M. Kindstrand

cc:    Bart A. Lazar, Esq.

# Confirmation Report — Memory Send

Page        : 001
Date & Time : 2005-Jul-21   05:40pm
Line 1      : +3122698869
Line 2      : +
Machine ID : Seyfarth Shaw

| | | |
|---|---|---|
| Job number | : | 780 |
| Date | : | Jul-21 05:39pm |
| To | : ☎ | 6271717 |
| Number of pages | : | 004 |
| Start time | : | Jul-21 05:39pm |
| End time | : | Jul-21 05:40pm |
| Pages sent | : | 004 |
| Status | : | OK |

Job number      : 780              *** SEND SUCCESSFUL ***

# SEYFARTH SHAW LLP
ATTORNEYS

55 East Monroe Street
Suite 4200
Chicago, Illinois 60603
(312) 346-8000
Fax (312) 269-8869
www.seyfarth.com

## Facsimile Transmission

Date:  July 21, 2005

| RECIPIENT | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| ✓ James K. Borcia<br>David O. Yuen | Tressler Soderstrom | (312) 627-4000 | (312) 627-1717 |
| Maria Crimi Speth<br>David Gingras | Jaburg & Wilk, P.C. | (602) 248-1000 | (602) 248-0522 |

FROM:     Rachel M. Kindstrand
PHONE:    (312) 269-8951
RE:       George S. May v. Xcentric Ventures, LLC, et al.      REPLY FAX NO.: (312) 269-8869

| File No: | 18725-25 | Number of Pages, Including Cover: | 4 |
|---|---|---|---|

☐ Hard copy to follow          ☒ Hard copy will not follow
☐ Per your request             ☐ Please review and revise if necessary
☐ Please telephone me

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

ANY TAX INFORMATION OR WRITTEN TAX ADVICE CONTAINED HEREIN (INCLUDING ANY ATTACHMENTS) IS NOT INTENDED TO BE AND CANNOT BE USED BY ANY TAXPAYER FOR THE PURPOSE OF AVOIDING TAX PENALTIES THAT MAY BE IMPOSED ON THE TAXPAYER. (THE FOREGOING LEGEND HAS BEEN AFFIXED PURSUANT TO U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE.)

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE (312) 346-8000 AS SOON AS POSSIBLE.

CH1 10808915.1

# Confirmation Report — Memory Send

Page        : 001
Date & Time: Jul-21-05  05:16pm
Line 1      : +3122698869
Line 2      : +
Machine ID : Seyfarth Shaw

| | | |
|---|---|---|
| Job number | : | 857 |
| Date | : | Jul-21 05:15pm |
| To | : | ☎16022480522 |
| Number of pages | : | 004 |
| Start time | : | Jul-21 05:15pm |
| End time | : | Jul-21 05:16pm |
| Pages sent | : | 004 |
| Status | : | OK |

Job number    : 857          *** SEND SUCCESSFUL ***

## SEYFARTH SHAW LLP
ATTORNEYS

55 East Monroe Street
Suite 4200
Chicago, Illinois 60603
(312) 346-8000
Fax (312) 269-8869
www.seyfarth.com

## Facsimile Transmission

Date:  July 21, 2005

| RECIPIENT | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| James K. Borcia<br>David O. Yuen | Tressler Soderstrom | (312) 527-4000 | (312) 527-1717 |
| Maria Crimi Speth<br>David Gingras | Jaburg & Wilk, P.C. | (602) 248-1000 | (602) 248-0522 |

FROM:    Rachel M. Kindstrand
PHONE:   (312) 269-8951
RE:      George S. May v. Xcentric Ventures, LLC, et al.    REPLY FAX NO.: (312) 269-8869

| File No: | 18735-85 | Number of Pages, Including Cover: | 4 |
|---|---|---|---|

☐ Hard copy to follow          ☒ Hard copy will not follow
☐ Per your request             ☐ Please review and revise if necessary
☐ Please telephone me

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THIS INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

ANY TAX INFORMATION OR WRITTEN TAX ADVICE CONTAINED HEREIN (INCLUDING ANY ATTACHMENTS) IS NOT INTENDED TO BE AND CANNOT BE USED BY ANY TAXPAYER FOR THE PURPOSE OF AVOIDING TAX PENALTIES THAT MAY BE IMPOSED ON THE TAXPAYER. (THE FOREGOING LEGEND HAS BEEN AFFIXED PURSUANT TO U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE.)

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE (312) 346-8000 AS SOON AS POSSIBLE.

CH1 10608915.1

# EXHIBIT I

# SEYFARTH
**ATTORNEYS** SHAW LLP

55 East Monroe Street

Suite 4200

Chicago, IL 60603-5803

312-346-8000

fax 312-269-8869

www.seyfarth.com

Writer's direct phone

(312) 269-8951

Writer's e-mail

rkindstrand@seyfarth.com

August 8, 2005

**VIA FACSIMILE**                                    **VIA FACSIMILE**

**312-627-1717**                                       **602-248-0522**

James K. Borcia, Esq.                              Maria Crimi Speth, Esq.
David O. Yuen, Esq.                                David Gingras, Esq.
Tressler, Soderstrom, Maloney & Priess            Jaburg & Wilk, P.C.
233 South Wacker Drive, 22nd Floor                Great American Tower
Chicago, Illinois 60606-6308                      3200 North Central Avenue, Suite 2000
                                                  Phoenix, Arizona 85012

    **Re:**    **Second Letter Regarding Responses to Discovery,** *George S. May International Company v. XCentric Ventures, LLC et al*, **Case Number 04-C-6018**

Dear Counsel:

This letter is in response to several remaining issues with respect to Defendants' discovery responses, and the email correspondence from Attorney David Gingras on July 26 and July 27, 2005. Although Plaintiff has already raised several of these issues with Defendants in its letter dated July 21, 2005, Plaintiff is making one final good-faith effort to obtain the remaining discovery it seeks from Defendants.

First, Defendants have not provided the IP addresses and identifying information for the rebuttals and updates as Defendants were ordered to provide by the Court. As Plaintiff's counsel has explained to attorney David Gingras, Defendants must provide not only the IP addresses and identifying information for the first posting which is located on the specific URLs identified in Plaintiff's interrogatories, but also for the rebuttals and updates located at those URLs. It is clear from the documents produced by Defendants that Defendants have the capability to locate that information, but have chosen not to comply. Please provide the IP addresses and identifying information for the rebuttals and updates and any other postings to Plaintiff.

With respect to the specific posting regarding child pornography, please explain to Plaintiff why Defendants and/or Defendants' web hosting company cannot locate the IP address and identifying information for that particular posting. Given the fact that Plaintiff's counsel has located postings on Defendants' website as far back as 1999, and given that even those postings remain on Defendants' servers, Plaintiff does not understand why Defendants cannot locate the IP

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA



address and identifying information for that particular posting. If Defendants continue to represent to Plaintiff that the information Plaintiff requested regarding that posting cannot be located, please provide an affidavit from Defendants attesting that the information cannot be located, and the reasons why it cannot be located, to Plaintiff.

Second, with respect to the correspondence to or from Illinois residents that Plaintiff has requested from Defendants, Plaintiff reiterates that it is very hard to believe that Defendants have only one month of emails, from July 2004 to August 2004, representing the extent of its correspondence. Although Defendants have represented, through their counsel, that Defendants' server crashed, this does not explain why Defendants would be able to locate one month of emails from one year ago, but not the emails prior to or subsequent to those dates. If Defendants continue to represent to Plaintiff that this one month of emails is the extent of the correspondence that Defendants have, please provide to Plaintiff an affidavit from Defendants attesting to that and to the reasons why no more correspondence can be located.

Third, Plaintiff again requests that Defendants' provide whatever marketing agreement they have which allows Google to put ads on the Defendants' websites, whether with a third-party marketing company or otherwise. If there is no written contract, there should be correspondence between the marketing company, and/or Google, and/or Defendants relating to the existence of such a contract, which would clearly be subject to production. Similarly, Plaintiff requests that Defendants provide the agreement or agreements involving Sterling Network Services, the host of the websites as indicated in paragraph 6 of the Declaration of Ed Magedson, attached to XCentric Ventures, LLC's Motion to Dismiss, and as requested in Plaintiff's Motion to Compel. Again, if there is no written contract, there should be correspondence such as e-mails and payments that would clearly be subject to production. Defendants have simply offered no explanation as to why they won't produce this information to Plaintiff, and based on Defendants' responses, this information clearly exists.

Fourth, Plaintiff again requests that Defendants provide complete records back to 2000 for the records requested by Plaintiff, and what was provided by Defendants in what they've delineated as paragraphs 1, 2 and 3 of their Responses to Court's Order Granting Plaintiff George S. May International Company's Motion to Compel. For example, with respect to the payments made for the Rip-off Revenge Guide, Defendants have provided records from December 31, 2003, provided no records for 2004, and have provided a steady record of sales from January 5, 2005 through May 24, 2005. Again, it is difficult for Plaintiff to believe that this is all of the records that exist for donations, payments, and/or book sales. If Defendants continue to represent that this is the extent of the records, please provide Plaintiff with an affidavit from Defendants attesting to that and the reasons why no more records exits.

Finally, while Plaintiff appreciates that Defendants are difficult clients and also appreciates Defendants' concerns regarding their employees, Plaintiff respectfully requests Defendants provide complete information identifying Defendants' employees, and not simply a payroll chart with the last names redacted.



Plaintiff has made several good-faith efforts to obtain Defendants' compliance with the Court's order, including telephone conversations with Defendants' counsel David Gingras to further explain the discovery sought, email correspondence with Defendants' counsel, and via letter to Defendants' counsels dated July 21, 2005. By the instant letter, Plaintiff has made one last effort to avoid bringing this dispute to the Court. Please provide the additional discovery requested in this letter, or the requisite affidavit(s), no later than 12:00 p.m, Noon, C.S.T., on Wednesday, August 10, 2005.

Sincerely,

SEYFARTH SHAW LLP

*Rachel M. Kindstrand*

Rachel M. Kindstrand

cc:     Bart A. Lazar, Esq.
        Ronald L. Lipinski, Esq.

# Confirmation Report — Memory Send

```
Page          : 001
Date & Time: Aug-08-05  12:16pm
Line 1        : +3122698869
Line 2        : +
Machine ID : Seyfarth Shaw
```

| | | |
|---|---|---|
| Job number | : | 840 |
| Date | : | Aug-08  12:15pm |
| To | : | ☎6271717 |
| Number of pages | : | 004 |
| Start time | : | Aug-08  12:15pm |
| End time | : | Aug-08  12:16pm |
| Pages sent | : | 004 |
| Status | : | OK |

Job number    : 840          **\*\*\* SEND SUCCESSFUL \*\*\***

# SEYFARTH SHAW LLP
### ATTORNEYS

65 East Monroe Street
Suite 4200
Chicago, Illinois 60603
(312) 346-8000
Fax (312) 269-8869
www.seyfarth.com

## Facsimile Transmission

Date:  August 8, 2005

| RECIPIENT | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| ✓ James K. Borcia | Tressler Soderstrom | (312) 627-4000 | (312) 627-1717 |
| David O. Yuen | | | |
| Maria Criml Speth | Jaburg & Wilk, P.C. | (602) 248-1000 | (602) 248-0522 |
| David Gingras | | | |

FROM:     Rachel M. Kinderstrand
PHONE:    (312) 269-8951
RE:       George S. May v. Xcentric Ventures, LLC, et al.          REPLY FAX NO.: (312) 269-8869

| File No.: | 18735-85 | Number of Pages, Including Cover: | 4 |
|---|---|---|---|

☐ Hard copy to follow        ☐ Hard copy will not follow
☐ Per your request           ☐ Please review and revise if necessary
☐ Please telephone me

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

ANY TAX INFORMATION OR WRITTEN TAX ADVICE CONTAINED HEREIN (INCLUDING ANY ATTACHMENTS) IS NOT INTENDED TO BE AND CANNOT BE USED BY ANY TAXPAYER FOR THE PURPOSE OF AVOIDING TAX PENALTIES THAT MAY BE IMPOSED ON THE TAXPAYER. (THE FOREGOING LEGEND HAS BEEN AFFIXED PURSUANT TO U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE.)

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE (312) 346-8000 AS SOON AS POSSIBLE.

CH1 10508915.1



96 East Monroe Street
Suite #300
Chicago, Illinois 60603
(312) 346-8000
Fax (312) 346-8469
www.seyfarth.com

## Facsimile Transmission

Date:   August 8, 2005

| RECIPIENT | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| James K. Borcia | Tressler Soderstrom | (312) 627-4000 | (312) 627-1717 |
| David O. Yuen | | | |
| Maria Crimi Speth | Jaburg & Wilk, P.C. | (602) 248-1000 | (602) 248-0522 |
| David Gingras | | | |

FROM:    Rachel M. Kindstrand

PHONE:   (312) 269-8951

RE:    George S. May v. Xcentric Ventures, LLC, et al.    REPLY FAX NO.: (312) 269-8869

| File No.: | 18735-85 | Number of Pages, Including Cover: | 4 |
|---|---|---|---|

☐ Hard copy to follow          ☐ Hard copy will not follow
☐ Per your request             ☐ Please review and revise if necessary
☐ Please telephone me

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYER OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

ANY TAX INFORMATION OR WRITTEN TAX ADVICE CONTAINED HEREIN (INCLUDING ANY ATTACHMENTS) IS NOT INTENDED TO BE AND CANNOT BE USED BY ANY TAXPAYER FOR THE PURPOSE OF AVOIDING TAX PENALTIES THAT MAY BE IMPOSED ON THE TAXPAYER. (THE FOREGOING LEGEND HAS BEEN AFFIXED PURSUANT TO U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE.)

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE (312) 346-8000 AS SOON AS POSSIBLE.

CH1 10BH800.1

*** SEND SUCCESSFUL ***                    Job number    : 871

Status            : OK

Pages sent        : 004

End time          : Aug-08 12:13pm

Start time        : Aug-08 12:12pm

Number of pages   : 004

To                : ☎16022480522

Date              : Aug-08 12:12pm

Job number        : 871

Machine ID : Seyfarth Shaw
Line 2 : +
Line 1 : +13122698869
Date & Time: 2005-Aug-08   12:13pm
Page : 001

Confirmation Report — Memory Send