## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6018 | **DATE** | 9/13/2005 |
| **CASE TITLE** | George S. May vs. Xcentric Ventures, et al. | | |

**DOCKET ENTRY TEXT:**

Motion by Plaintiff for an Order Finding Defendants in Contempt for Violating the Temporary Restraining Order [15-1] is granted.

■[ For further details see text below.] Docketing to mail notices.

### STATEMENT

 Defendants operate two internet websites, www.ripoffreport.com and www.badbusinessbureau.com. These websites, essentially consumer advocate sites, allow the posting of complaints made by disgruntled consumers regarding various business organizations. Plaintiff George S. May International Company ("Plaintiff," or "May") is one of the companies Defendants have targeted. Defendants have allowed the posting of numerous negative comments regarding the lawfulness, integrity, and honesty of Plaintiff's business activities. Plaintiff, on September 15, 2004, filed suit against Defendants, alleging false descriptions and representations, defamation and trade libel, and deceptive trade practices. On September 24, 2004, the court granted a Temporary Restraining Order ("TRO") against Defendants. That TRO provided, *inter alia*, that:

"Defendants be temporarily enjoined from making, hosting, or transmitting false or deceptively misleading, descriptions, statements or representations concerning George S. May, its business, owner, officers, employees and/or agents;

AND, it appearing to the Court that Defendants are making, hosting, and/or transmitting false or deceptively misleading, descriptions, statements or misrepresentations about George S. May, its business, owner, officers, employees, and/or agents and will continue to carry out such acts unless restrained by Order of the Court, it is:
. . .
ORDERED, that pending the hearing on George S. May's application for a preliminary injunction, Defendants, its officers, agents, servants, employees, attorneys, and any and all persons acting in active concert or participation with it or having knowledge of this Order by personal service or otherwise (including any and all internet service providers served with a copy of this Order) be, and they are, hereby temporarily restrained from committing any of the acts set forth above . . ."

04C6018 George S. May vs. Xcentric Ventures, et al. Page 1 of 2

Dockets.Justia.com

**STATEMENT**

On October 8, 2004, the court extended this TRO until further notice. Also on October 8, 2004, Plaintiff filed the instant Motion for an Order Finding Defendants in Contempt for Violating the Temporary Restraining Order. Plaintiff asserts that Defendants have continued to permit the posting of allegations that Plaintiff is engaged in larceny, deceptive trade practices, and scams of various natures. In support of its allegations, Plaintiff submits excerpts from various negative postings regarding its business. The following are portions of some of those postings:

"Lastly, 'larceny' is an admirable trait that is a prerequisite for any successful George S. May analyst (according to the company's teachings.)"

"George S. May International deceptive company, false promises, raped & pillaged us, ripoff. They will find a way to take your money and leave you feeling empty, robbed, and wondering what just happened."

"A complete total, incredibly horrible, lying, deceitful company."

"BBB and the George S. May International Company combine to defraud small business owners."

In addition, Plaintiff has submitted the Declaration of Charles Black ("Black"), a Vice President at May. In this Declaration, Black asserts that these postings are false, and harmful to May. Plaintiff has therefore submitted evidence that Defendant, in spite of the TRO, has posted communications on its websites that are "false or deceptively misleading" regarding May's business practices and activities. Defendants have provided no evidence whatsoever that would tend to show that these postings are not "false or deceptively misleading." The court also notes that as recently as August 25, 2005, Defendants allowed postings such as the following to appear on its sites:

"[George S. May] is a TOTAL RIP-OFF from the time they arrive until you have to physically remove them. Did I mention the fact that they don't know poo about accounting practices. These guys are just high pressured sales people camouflaged as Business Analyst. They are at your place of business to get you to sign a thousands of dollars contract Period.

STAY AWAY FROM THIS ORGANIZATION. We refused to sign and we were insulted, screamed at, yelled at, it was deplorable."

It is well-settled law that false or misleading commercial speech may be prohibited entirely. In re R.M.J., 455 U.S. 191, 203 (1982). The First Amendment does not protect false or misleading commercial speech. City of Cincinnati v. Discovery Network, Inc., 507 U.S. 410, 434 (1993); Central Hudson Gas & Electric Corp. v. Public Service Comm., 447 U.S. 557 (1980); Kraft, Inc. v. FTC, 970 F.2d 311, 320 (7th Cir. 1992). Since Plaintiff has provided evidence that the commercial speech in question is false and misleading, and since Defendant has offered no evidence to the contrary, a hearing on this matter is not necessary. The court finds that Defendant has violated the terms of the TRO. The matter of appropriate sanctions is taken under advisement.