JKB:cic/367896                                                                          5634-2-51

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE S. MAY INTERNATIONAL          )
COMPANY,                             )
                                     )
                  Plaintiff,         )
                                     )
         v.                          )     No. 04 C 6018
                                     )
XCENTRIC VENTURES, LLC, RIP-OFF      )     Judge Norgle
REPORT.COM, et al.,                  )
                                     )
                  Defendants.        )

### NOTICE OF FILING

TO:   Bart A. Lazar, Esq.
      Rachel Kindstrand, Esq.
      Seyfarth Shaw LLP
      55 East Monroe, Suite 4200
      Chicago, IL 60603

**PLEASE TAKE NOTICE** that on the 16th day of September, 2005, there was filed with the United States District Court for the Northern District of Illinois, Eastern Division, **Defendants' Reply in Support of Motion to Dismiss for Lack of Jurisdiction**, a copy of which is attached hereto and hereby served upon you.

                                           XCENTRIC VENTURES, LLC and ED
                                           MAGEDSON

                                           By: _____
                                                One of Their Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
(602) 248-1000

## PROOF OF SERVICE

I, the undersigned, on oath state that I served copies of the above-referenced documents upon the above-referenced parties at their addresses listed above by depositing the same in the U.S. Mail at 233 South Wacker Drive, Chicago, Illinois, before 5:00 p.m. on the 16th day of September, 2005, with proper postage prepaid.

Subscribed and Sworn to before me
on this 16th day of September, 2005

By: _____
Notary Public

Official Seal
Diana C Hawkins
Notary Public State of Illinois
My Commission Expires 06/17/2009

JKB cic 367889　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　5634-2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE S. MAY INTERNATIONAL
COMPANY,

　　　　　Plaintiffs,

v.　　　　　　　　　　　　　　　　　Case No. 04C 6018

XCENTRIC VENTURES, LLC, RI-POFF
REPORT.COM, BADBUSINESSBUREAU.COM,　　Honorable Judge Norgle
ED MAGEDSON, VARIOUS JOHN DOES, JANE
DOES AND ABC COMPANIES,

　　　　　Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION

In determining whether this Court may exercise personal jurisdiction over each Defendant, it is crucial to the constitutional rights of the Defendants that the Court separate its analysis of general jurisdiction and specific jurisdiction. Facts that are not related to the cause of action asserted are relevant to the question of general jurisdiction but should not be considered in determining specific jurisdiction. For example, donations made to Xcentric from Illinois residents have no bearing on specific jurisdiction because this case does not arise out of those donations.

Moreover, the general jurisdiction question must be considered by reviewing the contacts with Illinois to the overall activities of the company. Plaintiff argues that the receipt of 47 payments from Illinois residents over a two year period is sufficient to establish jurisdiction. Yet, 47 payments is nominal in the context of a website that has had over four **billion** visitors.

(See www.ripoffreport.com). Xcentric's contacts with Illinois have been sporadic at best and do not amount to a presence in the state.

Finally, Plaintiff relies heavily on the "effects" test, yet has not shown that either of the Defendants directed their activities at Illinois and ignores that George S. May is a national company that has not shown that the brunt of the injury was suffered in Illinois.

## I. DEFENDANTS' INTERNET ACTIVITIES MUST BE CONSIDERED IN THE CONTEXT OF EITHER GENERAL OR SPECIFIC JURISDICTION AND NOT IN THE ABSTRACT

Plaintiff includes a point heading in its brief that is dedicated to Defendants' Internet activity without specifying whether it is relevant to general or specific jurisdiction. If a particular internet activity is the activity out of which the claim arises, then it is relevant to specific jurisdiction. If not, then it is only relevant to general jurisdiction.

The Illinois Court of Appeals has rejected the contention that Internet activities alone are a sufficient basis for general jurisdiction. *Forrester v. Seven Seventeen HB S. Louis*, 748 N.E.2d 834 (Ill. App. 4th Dist. 2002).

The only internet activity that this case arises out of is the publishing of reports authored and submitted by third parties that Plaintiff claims are false. That activity does not subject Defendants to jurisdiction because Defendants merely make the website available to consumers and electronically publish the information.

Illinois follows the rule that a passive website, that merely provides information, does not subject a company to jurisdiction in the locations where the site can be viewed. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546 (7th Cir. 2004). Here, as in Jennings, no business is conducted over the website. Products cannot be ordered via the website and there is no ecommerce dimension to the site. The "interactivity" that Plaintiff points to is merely the ability of the consumer to submit stories, without any money transaction involved. If that interactivity were enough, then

2

all chat room sites would be subject to jurisdiction anywhere in the world, even though the operators of the site do not do any business in a jurisdiction or even author any postings. Such a finding would offend traditional notions of due process.

The fact that Xcentric's website advertises books does not alter this conclusion. First, this claim does not arise out of the book sales, so that fact should only be considered, if at all, in the context of general jurisdiction. Second, if an internet user accesses the Rip-off Report website, a pop-up window appears upon sign off or they can click on a link to "revenge guide." If the consumer follows the link to learn more about the guide or to order the guide, the consumer is re-directed to a separate website owned by Consumer Media Publishing, LLC., a separate legal entity. Consumer Media Publishing operates the website that offers the books for sale, owns the URL and the content of the separate website and owns the copyright on the Rip-off Revenge guide.

## II. THERE ARE NO CONTINUOUS AND SYSTEMATIC CONTACTS TO JUSTIFY THE EXERCISE OF GENERAL JURISDICITON

To infer general jurisdiction, "the Illinois courts ... insist that the business done by the defendant in Illinois be intentional, substantial, and continuous rather than inadvertent, trivial, or sporadic, that it continue up to the time of suit, and that it evidence a purpose on the part of the defendant to avail [it]self of the protection of the laws of Illinois." *Asset Allocation and Management Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 570 (7th Cir.1989).

The constitutional requirement for general jurisdiction is "considerably more stringent" than that required for specific jurisdiction. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.* 338 F.3d 773, *787 (7th Cir. 2003)

The "doing business" standard is quite high and the defendant must carry on business activity within the State not occasionally or casually, but with a fair measure of permanence and

3

continuity. In other words, there must be a course of business or regularity of activities as opposed to isolated or sporadic acts. *Riemer v. KSL Recreation Corp.* 348 Ill.App.3d 26,*34, 807 N.E.2d 1004,**1012-1012, 283 (Ill.App. 1st Dist. 2004). "In effect, the foreign corporation has taken up residence in Illinois and, therefore, may be sued on causes of action both related and unrelated to its activities in Illinois." *Id.*

In arguing that general jurisdiction exists, Plaintiff relies heavily on *Publications Int'l Ltd. v. Burke/Trialo, Inc.*, 121 F. Supp.2d 1178 (N.D.Ill 2000) which is inapposite. Publications International, Ltd. ("PIL"), an Illinois corporation and publisher of cookbooks and magazines, entered into a series of contracts with Burke, a California corporation, for photographs depicting PIL's recipes for use in PIL's cookbooks. The defendant, Burke, set up a website, www.foodpix.com, which displayed these same photographs. Burke has also distributed CD-rom catalogs including the photographs and offering them for sale. PIL claimed that it has exclusive rights to these photographs and sued Burke for breach of contract, false designation of origin, unfair competition, and copyright infringement.

The Court in *Publications* recognized that general jurisdiction arises when the defendant has "continuous and systematic general business contacts" with the forum. The Court noted that Burke had operated its website, www.foodpix.com, since 1996 or 1997, advertising its catalog and providing an on-line catalog request form, which can be submitted directly to Burke from the website. The Court noted that Burke also advertised a national listing of clients on the website, including two large and well-known Illinois corporations. The Court found, "this is both interactive **and commercial** in nature." 121 F.Supp.2d at 1179 (emphasis added). The Court found that Burke regularly and systematically sent catalogs to Illinois for the express purpose of generating Illinois sales. *Id.* Importantly, the Court emphasized that "[i]n addition to the

4

website, **Burke has a representative in Chicago**....By advertising a representative in Illinois, Burke demonstrates that its business contacts with Illinois are intentional and continuous rather than incidental and sporadic, and therefore jurisdiction is proper." *Id.* (emphasis added).

Although there is no fixed "doing business" test, most Illinois courts finding personal jurisdiction over foreign corporations have based their determinations on facts such as whether the defendant has maintained offices or engaged in sales activities in Illinois. *Riemer*, 807 N.E.2d at **1013.

The *Reimer* Court stated:

> "Notably, mere advertisement, even through the Internet, participation in trade shows, or solicitation by an employee or agent who lacks authority to do more have not been enough to sustain personal jurisdiction in Illinois. *Cook Associates*, 87 Ill.2d 190, 57 Ill.Dec. 730, 429 N.E.2d 847 (trade shows); *Radosta*, 172 Ill.App.3d 289, 122 Ill.Dec. 302, 526 N.E.2d 561 (trade show and various advertising); *Forrester v. Seven Seventeen HB St. Louis Redevelopment Corp.*, 336 Ill.App.3d 572, 271 Ill.Dec. 280, 784 N.E.2d 834 (2002) (telephone book and website advertising); *Kadala v. Cunard Lines, Ltd.*, 226 Ill.App.3d 302, 315, 168 Ill.Dec. 402, 589 N.E.2d 802, 810 (1992) (newspaper ads, travel brochures, and solicitation by travel agents); *Dal Ponte v. Northern Manitoba Native Lodges, Inc.*, 220 Ill.App.3d 878, 163 Ill.Dec. 378, 581 N.E.2d 329 (1991) (trade shows through agent).

*Id.*

Even substantial earnings from this state have not been considered indicative of whether a corporation has established a permanent and continuing relationship with the forum. *Hulsey v. Scheidt*, 258 Ill.App.3d 567, 572-73, 196 Ill.Dec. 740, 630 N.E.2d 905, 909 (1994) (no court has held revenue is the dispositive variable); *Rokeby-Johnson*, 230 Ill.App.3d at 319, 171 Ill.Dec. 670, 594 N.E.2d at 1198 (substantial revenue from sales is not enough to satisfy "doing business" in a contract action); *Kadala*, 226 Ill.App.3d at 315, 168 Ill.Dec. 402, 589 N.E.2d at 810 (revenue is a natural result of successful solicitation).

Instead, the contacts must be so extensive to be tantamount to the Defendants being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in an Illinois court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.* 338 F.3d 773, *787 (7th Cir. 2003).

The general jurisdiction standard is 'a fairly high standard requiring a great amount of contacts." *Jamik, Inc. v. Days Inn of Mount Laurel,* 74 F.Supp.2d 818, 822 (N.D. Ill.1999).

Factors courts examine in determining whether general jurisdiction exists include: (1) whether and to what extent the defendant conducts business in the forum state; (2) whether the defendant maintains an office or employees within the forum state; (3) whether the defendant sends agents into the forum state to conduct business; (4) whether the defendant advertises or solicits business in the forum state; and (5) whether the defendant has designated an agent for service of process in the forum state. *Hollinger Intern., Inc. v. Hollinger Inc.* 2005 WL 589000, *17 (N.D.Ill. 2005).

Plaintiffs assert that Defendants transact business over the Internet and are interactive. Defendants do not transact business over the Internet. Consumers post stories or reports on the website for free and they do so to exercise their right of free speech and to put others on notice of bad experiences they had with companies. It is a free forum for complaints.

Plaintiff points to thirteen (13) book sales to the State of Illinois as evidence of transacting business over the Internet with Illinois residents. However, Xcentric only advertises the Rip-off Revenge Guide. The book is owned and sold by Creative Media Publishing, L.L.C., which has an advertising agreement with Xcentric Ventures, L.L.C. Thus, while Xcentric Ventures, L.L.C. advertises the Rip-off Revenge guide on its website, it does not sell the guide.

Further, even if Xcentric did sell the guide to residents of Illinois, it would only subject it to jurisdiction for claims arising out of the sale of that book. Thirteen book sales over a two year period cannot possibly rise to the level of systematic and continuous contacts with the state.[1]

Likewise, Xcentric's solicitation of donations and sporadic receipt of donations from Illinois cannot rise to the level of general jurisdiction. The total amount of the voluntary donations made by Illinois residents is de minimus.[2] Since case law demonstrates that substantial income derived from a state does not alone justify general jurisdiction, trivial donations from the state do not.

Plaintiff relies on *Deere & Co. v. Howard Price Turf Equipment, Inc.*, No. 99-4169, 1999 U.S. Dist. LEXIS 18668 (N.D. Ill. 1999) to argue that as little as four to seven sales is enough to infer general jurisdiction. However, in *Deere* the defendant maintained a regular and continuous relationship with its three Illinois distributors, sold over $400,000 in equipment in Illinois, entered into security/financing agreements filed in Illinois, and sent its service manager to Illinois to perform warranty repairs.

Plaintiff also relies on *Colletti v. Crudele*, 523 N.E.2d 1222 (Ill. App. 1988) to argue that as little as .47% of revenue is sufficient to confer jurisdiction. In *Colletti*, the defendant was a trucking company that had procured authority to haul into Illinois, that had over $20,000 income from Illinois, and that had arranged a dozen trips per year to its consignee in Illinois. The Court held that "in the limited circumstances of this case" the defendant was doing business in the state. In *Colletti*, the defendant was physically present doing business in the state on a regular

---

[1] The fact that one of these sales was to a competitor of Plaintiff (something that Defendants did not and could not have known) does not relate the sale to the cause of action, as is argued by Plaintiff. The asserted causes of action arise out of the publication of allegedly false statements. The purchase of a book by its competitor is unrelated to the publication of allegedly false statements.

[2] Attached as Exhibit G to Plaintiff's Supplemental Appendix are purported "recorder of donations or other payments by Illinois residents from PayPay", but nowhere in Plaintiff's attached records is there any evidence of actual payments made.

7

basis. That is a far cry from being in Arizona and accepting de minimus donations from Illinois residents.

Finally, Plaintiff asserts that Xcentric's contacts through emails with Illinois residents and lawyers confers general jurisdiction. This argument is entirely without merit and unsupported by any case law. Responding to or sending emails is not doing business in the state and does not make a website interactive. "Moreover, providing e-mail links for customers to contact the company typically does not make a website "active." *Edelson v. Ch'ien* 352 F.Supp.2d 861, *869 (N.D.Ill. 2005).

### III.　SPECIFIC JURISDICTION IS LACKING

#### A.　Effects Test

Plaintiff argues that specific jurisdiction exists under the "effects test." The "effects test" was established by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984). In *Calder*, the defendants published the National Enquirer, a weekly newspaper with a total circulation of over 5 million. About 600,000 of those copies, almost twice the level of the next highest State, were sold in California. The allegedly libelous story concerned the California activities of a California resident. The story impugned the professionalism of Shirley Jones, an entertainer whose television career was centered in California. In finding jurisdiction against the editor who worked on the story, the Court noted that the article was drawn from California sources, and the brunt of the harm, in terms both of Jone's emotional distress and the injury to her professional reputation, was suffered in California. *Id.* at 789. "In sum, California is the focal point both of the story and of the harm suffered." *Id.*

The Supreme Court in Calder did not make a dramatic change in the due process analysis of in personam jurisdiction. Rather, the effects test is merely another way of assessing the

8

defendants' relevant contacts with the forum state. The defendant must still purposefully avail himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.

Xcentric operates a website. Xcentric's agents did not author the complaints that are claimed to be false. Nothing that Xcentric has done could be deemed to be a purposeful availment of the benefits of Illinois' laws that it could reasonably anticipate being haled into court in this state.

The effects test, set forth by the United States Supreme Court in *Calder v. Jones*, 104 S.Ct. 1482 (1984), requires something more than just causing injury to someone harming someone in the forum state. The effects test is satisfied when the plaintiff alleges that the defendant committed an intentional tort expressly aimed at the forum state; the actions caused harm, the brunt of which was suffered in the forum state; and the defendant knew that the effects of its actions would be suffered primarily in the forum state. *Calder*, 465 U.S. at 788-90, 104 S.Ct. 1482. Here, Defendant, Xcentric operated a website upon which others posted allegedly defamatory reports. That conduct cannot rise to the level of knowing that the effects of its actions would be suffered primarily in Illinois. *See Young v. New Haven Advocate*, 315 F.3d 256 (4th Cir. 2002)(dismissing for lack of jurisdiction in case arising out of posting of defamatory article even though injury would be felt in forum state).

In *Calder* the Court emphasized that the defendants had aimed their actions expressly at California and actually knew that the "potentially devastating" effects of their article would be felt primarily in the state. *Id.* at 789-90, 104 S.Ct. 1482. Here, because Defendants did not author the allegedly defamatory matter, they could not have aimed their activities at Illinois.

9

Plaintiffs have not shown that they suffered the brunt of their injury in Illinois. George S. May has offices in Nevada, New York, San Francisco, Canada, and Europe. Indeed, they attach as Exhibit 1 to their Opposition, evidence that purportedly proves that they were injured in Alabama, New York, New Jersey, Missouri, and Texas.

Plaintiff argues that the brunt of the injury was felt where the plaintiff "resides." Plaintiff ignores the holding of the *Hy Cite* Court that the Plaintiff failed to show that it suffered the brunt of its injury in Wisconsin. *Hy Cite Corp. v. badbusinessbureau.com, llc*, 297 F.Supp.2d 1154 (W.D. Wis. 2004). The *Hy Cite* Court rejected the contention that just because Plaintiff has its principal place of business in a state, its injury is in that state:

> When an injured party is an individual, it is reasonable to infer that the brunt of the injury will be felt in the state in which he or she resides. This is not necessarily the case when the injured party is a corporation. "A corporation does not suffer harm in a particular geographic location in the same sense that an individual does." *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1486 (9th Cir.1993). *Calder*, 465 U.S. at 789, 104 S. Ct. 1482, still requires that the harm be particularized to the forum state, *see Janmark* 132 F.3d at 1202. Even if a corporation has its principal place of business in the forum state, it does not follow necessarily that it makes more sales in that state than any other or that harm to its reputation will be felt more strongly in that state.

Here, as in *Hy Cite*, Plaintiff has failed to show that it suffered the brunt of its injury in Illinois.

**B. METATAGS**

Plaintiffs also allege that Defendants use metatags of the George S. May trademark establishes minimum contacts. The Rip-off Report website is programmed to automatically create a metatag from certain content provided by the consumer, including the name of the business. This metatag is the only way that the website's internal search engine can function and it is there for that purpose. The Rip-off Report website contains over 500,000 pages of content. Without the ability to search the site for company names, the site would be useless.

10

Plaintiff argues that the metatags are created by Defendants, which implies that an agent of Xcentric creates the metatag and thus directs its activity at the company. That argument is without any merit. The system automatically creates the metatag and it is done without any human involvement beyond the designation by the consumer of who the report is about.

Plaintiff's reliance on *Morris Material Handling, Inc. v. MHE Technologies, Inc.* 334 F.Supp.2d 1118, 1121 (E.D. Wis. 2004) as supporting its position is misplaced. In *Morris*, the Court was considering a trademark infringement case and the defendant had misappropriated Plaintiff's trademark by using it in metatags to divert Plaintiff's customers. The parties were competitors and the use of the competitor's trademark constituted trademark infringement. Thus, the intentional infringement was occurring in Wisconsin. Here again, the defamation, unlike the trademark infringement, was not purposefully directed to any particular state by Defendants, who did not even author the offending remarks and instead, only hosted the technological vehicle upon which the consumer posted.

Despite Plaintiff's argument, writing a program that creates a code does not constitute purposefully directing its activities to any particular state. The code is created on every one of the hundreds of thousands of reports that are posted on the website with no targeting of any particular state. Plaintiff's argument is essentially the same as the argument that has been rejected by the courts that having an internet presence subjects one to jurisdiction everywhere that the website can be accessed.

## IV. **CONCLUSION**

For all of the foregoing reasons, Defendants request that this case be dismissed because this Court lacks jurisdiction over the Defendants.

RESPECTFULLY SUBMITTED this 16th day of September, 2005.

                                                   XCENTRIC VENTURES, LLC and ED MAGEDSON

                                                  By: _____
                                                         One of Their Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
(602) 248-1000