DOY/278173                                                  5634-2-51

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 04 C 6018 ) |
| XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM, BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES, | ) Honorable Judge Norgle ) ) ) ) |
| Defendants. | |

**DEFENDANTS' MOTION FOR RELIEF FROM ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Defendant Xcentric Ventures, LLC ("Xcentric"), by and through its attorneys, hereby submits its Motion for Relief from Order Entered September 9, 2005, denying Xcentric Ventures, LLC's Motion to Dismiss, and in support therof states as follows:

1. On February 8, 2005, Xcentric filed a Motion to Dismiss for Lack of Personal Jurisdiction. Plaintiff sought to obtain certain discovery prior to responding to this Motion. The Court stayed briefing on the Motion until these discovery issues could be resolved.

2. On August 5, 2005, Magedson also filed a Motion to Dismiss for Lack of Personal Jurisdiction. The issues raised by Magedson were similar to those raised by Xcentric. With respect to Xcentric's Motion to Dismiss, the Court entered a briefing schedule on Magedson's Motion to Dismiss.

3. On September 2, 2005, Plaintiff elected to file a combined Response to both Xcentric and Magedson's Motions to Dismiss. On September 16, 2005, the Defendants filed a combined Reply in support of the Motions to Dismiss.

4.      On September 9, 2005, the Court entered an Order denying Xcentric's Motion to Dismiss for being moot. The Court incorrectly denied Xcentric's Motion to Dismiss. Both Xcentric and Magedson are Defendants who have appeared in this matter. Both Defendants have filed Motions to Dismiss the Plaintiff's Complaint for lack of personal jurisdiction. Xcentric's Motion to Dismiss is not moot since it is a corporation and a separate and distinct entity from Magedson, an individual. There is no reason that Xcentric's Motion is suddenly moot simply because Magedson filed his own Motion.

5.      Upon motion a court may relieve a party from a judgment or order due to mistake or inadvertence. Fed. R. Civ. P. 60(b)(1).

6.      Xcentric's Motion to Dismiss has been fully briefed. No additional submissions are required from either party. The Court can enter a ruling on Xcentric's Motion to Dismiss at the same time it rules on Magedson's Motion to Dismiss since the parties submitted joint briefs that address both Motions.

WHEREFORE, Defendant Xcentric Ventures, LLC requests that this Court vacate the Order entered September 9, 2005, denying Xcentric Ventures, LLC's Motion to Dismiss and reinstate the Motion for ruling and any other relief this Court may deem just.

XCENTRIC VENTURES, LLC


By:   /s/ James K. Borcia
         One of Its Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000