UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GEORGE S. MAY INTERNATIONAL COMPANY**, | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) Case Number 04-C-6018 ) ) Judge Norgle |
| **XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES,** | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF CONTEMPT SANCTION

On September 13, 2005, this Court found Defendants in contempt of the temporary restraining order entered by this Court on September 24, 2004 and extended by agreement of the Defendants on October 8, 2004. The only question is the appropriate remedy for that contempt. Plaintiff George S. May International Company ("George S. May") submits that an award of $280,000 in compensatory damages and an award of its reasonable attorneys' fees against Defendants is reasonable and appropriate here. Additionally, in order to coerce compliance, George S. May believes a fine of $767 per day in which this Court's order is not complied with should be assessed. George S. May also believes that this Court should re-fashion the injunction to either prevent Defendants from hosting postings regarding George S. May, or to maintain records of the identity of those who post information about George S. May and take down postings from persons whose identities cannot be verified, or whose postings contain false or deceptively misleading statements of fact about George S. May.

The court has the right to punish by fine Defendants for acts of contempt. 18 U.S.C.S. § 401(3). "The purpose of a civil contempt proceeding is either enforcement of a prior court order or compensation for losses suffered as a result of non-compliance with that order." International Star Reg. of Ill., Ltd. v. SLJ Group, Inc., 325 F.Supp.2d 879, 882 (N.D. Ill. 2004) (citations omitted).

Compensatory sanctions should be based on the evidence of the injured party's actual loss as a result of the violation of the injunction. U.S. v. United Mine Workers of America, 330 U.S. 258, 304 (1947). Once the complainant shows such damages, he is "entitled as of right to an order [in civil contempt] imposing a compensatory fine." AMF Incorporated v. Jewett,, 711 F.2d 1096, 1101 (1st Cir. 1983), quoting Parker v. U.S., 153 F.2d 66, 70 (1st Cir. 1946).

There is no question that Defendants' violations of this Court's order have harmed George S. May. Both existing and potential customers and employees have ceased doing business with George S. May as a result of reviewing the false postings on Defendants' websites after September 15, 2004. Submitted herewith is the Declaration of Israel Kushnir, George S. May's Chief Executive Officer. Mr. Kushnir identifies and documents eight situations where George S. May has lost client engagements as a direct result of the false postings on Defendants' websites. Mr. Kushnir also identifies additional loses, in terms of lost goodwill and lost employees, for which George S. May simply cannot quantify the damage.

Based on Mr. Kushnir's Declaration, George S. May believes that a compensatory contempt fine of $280,000 is appropriate. In addition, since this damage has been suffered during approximately the last year, George S. May believes this Court should impose an additional fine of $767 for each day in which Defendants have not complied.

In addition, a Court can re-fashion injunctive relief to coerce compliance. This case is a perfect example of the need for the "safe distance rule," which counsels that "an infringer, once caught, must expect some fencing in…Thus, a court can frame an injunction which will keep a proven infringer safely away from the perimeter of future infringement." Tamko Roofing Products, Inc., v. Ideal Roofing Co., Ltd., 282 F.3d 23, 40-41 (1st Cir. 2002).

How does this Court prevent Defendants from hosting false postings and fake, spoofed postings concerning George S. May? Defendants should be barred from hosting any postings regarding George S. May period, until such time as Defendants can provide this Court with a mechanism by which it can be certain of the identity of the people who are posting on their sites regarding George S. May, and a reasonable method for removing postings from persons whose identities or statements of fact cannot be verified. Alternatively, Defendants must establish terms and conditions which its users must agree to before posting, in which Defendants require the users to certify that their postings are accurate, and Defendants must receive and maintain the name, address and other contact information on each individual posting concerning George S. May. This information must be supplied to George S. May upon request in order to attempt to verify the identity of the person making the posting and the veracity of the posting. If George S. May supplies Defendants with a sworn statement that the poster cannot be identified, and/or that the statements of fact contained in the statement are false or deceptively misleading, Defendants must take the posting down. This may be more cumbersome, but may be the only way to afford George S. May complete relief. Califano v. Yamasaki, 442 U.S. 682, 702 (1979).

Finally, George S. May believes that it is entitled to an award of its reasonable attorneys' fees incurred in attempting to enforce compliance. Sizzler Family Steak Houses v. Western Sizzlin Steak, 793 F.2d 1529, 1535-1536 (11th Cir. 1986).

Wherefore, George S. May respectfully requests that this Court issue an order: 1) Fining Defendants jointly and severally, in the sum of $280,000; 2) Fining each of the Defendants an additional sum of $767 per day for Defendants failure to comply with the order; 3) Issue a temporary restraining order, either a) enjoining Defendants from hosting any posting pertaining to George S. May until Defendants provide a reasonable mechanism that assures this Court that any postings about George S. May will be verifiable and the authors of such postings identifiable; or b) enjoining Defendants from hosting any posting pertaining to George S. May unless Defendants obtain and maintain identifying information regarding the authors of such postings, and shall take any posting down whose author or the veracity of any statements of fact cannot be verified by George S. May; and 4) awarding George S. May its reasonable attorneys' fees in this matter.

. **DATED:  October 17,  2005**            Respectfully submitted,

                                                    **GEORGE S. MAY INTERNATIONAL COMPANY**

                                                    By:     s/ Rachel M. Kindstrand_____
                                                            One of Its Attorneys

Attorneys for Plaintiff:

Bart A. Lazar, Esq. (ARDC # 06195086)
Ronald L. Lipinski, Esq.  (ARDC # 1670867)
Rachel M. Kindstrand, Esq.  (ARDC # 6280368)
**SEYFARTH SHAW LLP**
55 E. Monroe Street, Suite 4200
Chicago, IL  60603
Telephone:     (312) 346-8000
Facsimile:     (312) 269-8869

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2005, I electronically filed **Plaintiff George S. May International Company's Memorandum of Law in Support of Contempt Sanction and attached Declaration of Israel Kushnir in Support of Contempt Sanction**, with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

James K. Borcia
Jborcia@tsmp.com
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, Illinois  60606-6308
*Lead Attorney*
*Attorney to be noticed*

                                                                       s/ Rachel M. Kindstrand