UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GEORGE S. MAY INTERNATIONAL COMPANY**, ) ) ) | |
| Plaintiff, ) ) | |
| ) | Case Number 04-C-6018 |
| -vs- ) ) | Judge Norgle |
| **XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES**, ) ) ) ) ) ) ) | |
| Defendants. ) | |

### **REPLY MEMORANDUM OF LAW IN SUPPORT OF CONTEMPT SANCTION**

Defendants attempt to mislead the Court regarding the nature of Defendants' contempt, as well as the nature of the remedy that George S. May seeks.

### **I.   Defendants' Continued Postings of False and Deceptive Statements Violates the Lanham Act, a Federal Statute**

For the first time, in challenging the remedy for Defendants' contempt, Defendants argue that this Court could not find Defendants in contempt at all, because this is a diversity action. This argument is a total red herring. First, the issue was not raised by Defendants when it initially responded to George S. May's motion to find Defendants in contempt, therefore Defendants have waived the right to make this argument. Second, as Defendants recognize in a footnote, this case centers on a federal question, violations of the Lanham Act, which is Count I of the Complaint, formed the basis for this Court's TRO and formed the basis for this Court's September 13, 2005 Order finding Defendants in contempt.

As this Court clearly stated in its September 13, 2005 Order, Defendants "in spite of the TRO, has posted communications on its websites that are 'false or deceptively misleading' regarding May's business practices and activities." September 13, 2005 Order, pg. 2. Such conduct is a violation of the Lanham Act, Count I of the Complaint. <u>Grove Fresh Distributors, Inc. v. New England Apple Products Co., Inc.</u>, 969 F.2d 552, 557 (7th Cir. 1992); <u>Keller Medical Specialties Products v. Armstrong Medical Industries, Inc.</u>, 842 F. Supp. 1086, 1093 (N.D. Ill. 1994) (Lanham Act applies to false or misleading statements of fact). Defendants have also not contested the case law which states that George S. May is entitled to a compensatory civil contempt sanction for Defendants' violations of the Lanham Act. <u>Connolly v. J.T. Ventures</u>, 851 F.2d 930, 932 (7th Cir. 1988) (award of damages for contempt involving the Lanham Act); <u>International Star Reg. of Ill., Ltd. v. SLJ Group, Inc.</u>, 325 F.Supp.2d 879, 882 (N.D. Ill. 2004) (sanction in the form of compensatory damages in a Lanham Act case is civil contempt).

Thus, the entirety of Section II of Defendants' argument (pgs. 3-6 of Defendants' Brief) is misplaced and should be rejected out of hand by the Court as Defendants' contempt violates the TRO and Federal law.

**II.     <u>The Remedy George S. May Seeks is Civil in Nature</u>**

It is black letter law that judicial sanctions in a civil contempt proceeding may be imposed either to coerce a defendant into compliance with the court's order or to compensate a complainant for losses sustained. <u>United States v. United Mine Workers</u>, 330 U.S. 258, 303-304 (1947); <u>see also</u> <u>Gompers v. Bucks Stove & Range Co.</u>, 221 U.S. 418, 441 (1911) (contempt sanction is considered civil if it is remedial, for the benefit of the complainant). <u>Connolly</u>, 851 F.2d at 932-933. In this case, George S. May seeks a remedy which will compensate it for the damages caused by Defendants' acts of contempt and coerce Defendants into compliance with the TRO—classic civil contempt remedies. <u>Id.</u>, <u>Time Warner Cable v. U.S. Cable T.V, Inc.</u>, 920

F. Supp. 321, 328 (E.D.N.Y. 1996) (awarding compensatory damages resulting from importation of descrambling devices).

In fashioning the appropriate remedy, it is the longstanding authority of judges to "enter broad compensatory awards for all contempts through civil proceedings." <u>International Union, UMWA v. Bagwell</u>, 512 U.S. 821, 838 (1994). In assessing a civil fine, a court should "insure full compensation to the party injured." <u>Select Creations, Inc. v. Paliafito America, Inc.</u>, 906 F. Supp. 1251, 1278 (E.D. Wis. 1995) (applying Seventh Circuit precedent).

Defendants mischaracterize the nature of the remedy that George S. May seeks. Based on George S. May's best analysis of the damage that it believes has been caused by Defendants' contumacious conduct, George S. May reasonably believes that it has been damaged in an amount in excess of $280,000 for Defendants' failure to comply with the TRO from September 24, 2004 to September 13, 2005. <u>See</u> Declaration of Israel Kushnir submitted in support of the contempt sanction. As <u>Connolly</u> and <u>International Star</u> hold, this is an appropriate compensatory sanction, and is civil in nature.

While George S. May reasonably believes that this amount may compensate George S. May for the damage that Defendants' contumacious conduct caused **up to** September 13, 2005, the fact is that Defendants continue to violate the TRO. <u>See</u> George S. May's Response to Defendants' Motion to Reconsider the contempt order. As a civil contempt sanction designed to coerce the Defendants into compliance, George S. May calculated that it is damaged approximately $767 per day that Defendants remain in contempt. Therefore, George S. May requests that for every day Defendants continue to violate the TRO **after September 13, 2005**, George S. May asks that this Court assess a coercive fine of $767. Of course, this Court, in its discretion may increase or decrease the amount as it deems appropriate. However, this

3

amount—though not a "round" number was and is George S. May's best calculation of the per day damage that Defendants' contempt causes. Such a per day contempt sanction for non-compliance is also an appropriate civil contempt remedy to either coerce compliance or to compensate George S. May for the additional damage.

### III.     Defendants Do Not Have a Right to a Jury Trial for Civil Contempt

Because the remedy George S. May seeks is civil in nature, Defendants have no right to a jury trial. International Union, UMWA, 512 U.S. at 838-839.

### IV.     George S. May Has Presented Sufficient Evidence of Damages to Support a Compensatory Award

Under Seventh Circuit precedent, George S. May must prove its damages stemming from Defendants' contempt within a reasonable degree of certainty. Select Creations, 906 F.Supp. at 1278. It is enough if the evidence shows the extent of the damages as a matter of just and reasonable inference, although the result may be approximate. Id. The evidence that George S. May has presented, including the Defendants' postings and the Declaration of Israel Kushnir, the Chief Executive Officer of George S. May[1], does precisely what Select Creations requires.

Defendants' acts of contempt involve publishing and distributing false statements about George S. May, its officers, employees and business. Defendants permit statements that George S. May, a business consultant, among other things, encourages larceny, robs, rapes and pillages its clients, lies to its clients and defrauds its clients. September 13, 2005 Order, pg. 2. Based on the falsity and content of the postings alone, and the nature of George S. May's business, it does not require much of an inference to conclude that these statements harm George S. May.

George S. May has also demonstrated that individuals considering doing business or an employment opportunity have searched on Google for the company, and that Google searches

---

[1] George S. May will separately file a response to Defendant's evidentiary objection.

4

lead to the false statements posted on Defendants' site in violation of the TRO. The Kushnir Declaration provides specific examples of situations where customers have chosen not to do business with George S. May from September 24, 2004 until September 13, 2005 as a result of Defendants' postings.  Thus, the Kushnir Declaration shows the extent of the damages as a matter of just and reasonable inference.

Under the test set forth in Select Creations, and the evidence before it, George S. May submits that this Court has sufficient evidence available to assess an appropriate compensatory or coercive civil fine.  That being said, Mr. Kushnir is fully prepared to testify if this Court believes that oral testimony regarding the civil contempt remedy is necessary or appropriate.

### V.    Defendants Have Not Contested the Awarding of Reasonable Attorney's Fees

As part of the broad discretion courts have in choosing the means to impose a compensatory award a part of a sanction for civil contempt, the award may include an award of attorney's fees and costs.  Grove Fresh Distributors., Inc. v. John LaBatt Ltd., 888 F.Supp. 1427, 1435 (N.D. Ill. 1995).  Since Defendants have not challenged the awarding of George S. May's attorney's fees, and Defendants did not act to comply with the TRO (other than removing one posting) until this Court entered its contempt finding on September 13, 2005, George S. May believes that an award of its reasonable attorney's fees and costs is appropriate.

### VI.    Defendants Have Not Contested the Additional Injunctive Relief Requested

While Defendants have challenged the monetary remedy George S. May seeks, Defendants have not challenged the equitable remedy George S. May seeks in terms of an order tailored to prevent Defendants from posting information related to George S. May, either entirely, or without assurance that Defendants know that the poster is legitimate and is not making false statements of fact.

Courts have broad discretion in choosing the means to grant relief fashioning orders to remedy civil contempt and coerce compliance. Connolly, 851 F.2d at 932. Regardless of the Court's determination of a monetary sanction, it is clear that something must be done to coerce Defendants to comply with the TRO. Defendants have not contested the fact that this case is a perfect example of the need for an injunction to keep Defendants, proven infringers safely away from the perimeter of future infringement." Tamko Roofing Products, Inc., v. Ideal Roofing Co., Ltd., 282 F.3d 23, 40-41 (1st Cir. 2002).

Defendants have not challenged George S. May's proposed remedy. Therefore George S. May requests that this Court, enter an order which either:

    1) bars Defendants from hosting any postings regarding George S. May until such time as Defendants can provide this Court with a mechanism by which it can be certain of the identity of the people who are posting on their sites regarding George S. May, and a reasonable method for removing postings from persons whose identities or statements of fact cannot be verified; or

    2) requires Defendants to establish terms and conditions which its users must agree to before posting, in which Defendants require the users to certify that their postings are accurate, and Defendants must receive and maintain the name, address and other contact information on each individual posting concerning George S. May. This information must be supplied to George S. May upon request in order to attempt to verify the identity of the person making the posting and the veracity of the posting. If George S. May supplies Defendants with a sworn statement that the poster cannot be identified, and/or that the statements of fact contained in the statement are false or deceptively misleading, Defendants must take the posting down.

### VII. Defendants Had the Opportunity to Appear and Challenge But Mr. Magedson Refused to Appear

As noted above, Mr. Kushnir is willing to appear at a civil contempt hearing if this Court rules that it is necessary or appropriate to assist in fashioning the appropriate remedy. However, this Court will recall that on October 21, 2005 this Court ordered Ed Magedson to appear before the Court on November 2, 2005 so that this Court could hold a hearing at which Mr. Magedson would have the opportunity to respond as to an appropriate contempt sanction and discovery sanction for Defendants' failure to comply with this Court's Order compelling compliance with

George S. May's discovery requests. Defendants' strenuously objected to having Mr. Magedson appear in Court, and this Court reconsidered its order compelling Mr. Magedson's appearance at Defendants' insistence. However, having had and objected to the opportunity to be heard on the civil contempt sanction, it is disingenuous and improper for Defendants to now seek such a hearing. Defendants had notice and an opportunity to be heard and knowingly passed on the opportunity.

## CONCLUSION

Defendants have been found in contempt, and are not entitled to a jury trial for this court to determine an appropriate civil contempt remedy. Defendants have been afforded the opportunity to appear and testify as to the remedy, but objected and passed on the opportunity. Thus, George S. May respectfully requests that this Court issue a civil contempt order: 1) Fining Defendants jointly and severally, a sum appropriate to compensate George S. May for Defendants' Lanham Act violations of the TRO from September 24, 2004 to September 13, 2005 (which George S. May submits ought to be $280,000); 2) Providing for an additional compensatory or coercive fine for each day in which Defendants are not in compliance with the TRO, commencing on September 14, 2005 (which George S. May submits ought to be $767 per day until Defendants have complied); 3) Issue an appropriate additional order designed to restrain Defendants from future violations of the TRO (which George S. May submits could be either a) enjoining Defendants from hosting any posting pertaining to George S. May until Defendants provide a reasonable mechanism that assures this Court that any postings about George S. May will be verifiable and the authors of such postings identifiable; or b) enjoining Defendants from hosting any posting pertaining to George S. May unless Defendants obtain and maintain identifying information regarding the authors of such postings, and shall take any posting down whose author or the veracity of any statements of fact cannot be verified by

George S. May); 4) awarding George S. May its reasonable attorneys' fees and costs in this matter (which can be submitted within seven (7) days of any order); and 5) such additional and further relief this Court deems necessary and proper to adequately compensate George S. May for Defendants' failure to comply with the TRO or to coerce Defendants' compliance with the TRO.

**DATED: November 11, 2005**     Respectfully submitted,

                          **GEORGE S. MAY INTERNATIONAL COMPANY**

                          By:     **s/ Bart A. Lazar**_____
                                  One of Its Attorneys

Attorneys for Plaintiff:

Bart A. Lazar, Esq. (ARDC # 06195086)
Ronald L. Lipinski, Esq. (ARDC # 1670867)
Rachel M. Kindstrand, Esq. (ARDC # 6280368)
**SEYFARTH SHAW LLP**
55 E. Monroe Street, Suite 4200
Chicago, IL  60603
Telephone:     (312) 346-8000
Facsimile:     (312) 269-8869

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2005, I electronically filed **Plaintiff George S. May International Company's Reply Memorandum of Law in Support of Contempt Sanction**, with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

James K. Borcia
Jborcia@tsmp.com
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, Illinois  60606-6308
*Lead Attorney*
*Attorney to be noticed*

And will send by regular mail to the following:

Maria Crimi Speth, Esq.
Jaburg & Wilk PC
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012

                **s/ Bart A. Lazar**

CH1 10980111.1