UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GEORGE S. MAY INTERNATIONAL COMPANY**, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| -vs- | )   Case Number 04-C-6018<br>)<br>)   Judge Norgle |
| **XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES,** | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**GEORGE S. MAY'S RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS
TO THE KUSHNIR DECLARATION SUPPORTING CONTEMPT REMEDY**

George S. May submitted the Declaration of Israel Kushnir and attached exhibits ("Declaration") to support the remedy that this Court should grant as a result of its finding that Defendants are in contempt of the Temporary Restraining Order ("TRO"). In response, Defendants have filed "Evidentiary Objections" to this Declaration. Without citing to any authority other than Federal Rule of Evidence 802 as to why the Declaration should be excluded, Defendants make the blanket assertion that the Declaration should be excluded as hearsay.

Defendants' assertion, however, is contradicted not only by Local Rule 37.1 and case law which clearly supports the use of declarations (including hearsay in the declarations) to establish damages for contempt, but also Defendants' Motion and Amended Motion for Reconsideration of the Contempt Order, in which Defendants expressly asked the Court not to hold an evidentiary

hearing.[1] When Defendants' Evidentiary Objections are read in conjunction with Defendants' Motion and Amended Motion for Reconsideration and Defendants' Response to the contempt sanction, it is clear that Defendants' latest objections represent another attempt to avoid being liable for failing to comply with the TRO. For these reasons, Defendants' Evidentiary Objections should be overruled.

First, the Declaration and attached exhibits comply with Local Rule 37.1 which <u>requires</u> Plaintiff to set forth its damages pursuant to the contempt proceedings in an affidavit. Local Rule 37.1 and applicable case law clearly support the use of the Declaration in contempt proceedings even if they include hearsay statements. Local Rule 37.1 states:

> A proceeding to adjudicate a person in civil contempt of court, including a case provided for in Fed.R.Civ.P. 37(b)(2)(D), shall be commenced by the service of a notice of motion or order to show cause. The affidavit upon which such notice of motion or order to show cause is based shall set out with particularity the misconduct complained of, the claim, if any, for damages occasioned thereby, and such evidence as to the amount of damages as may be available to the moving party. A reasonable counsel fee, necessitated by the contempt proceeding, may be included as an item of damage.

Assuming, *arguendo*, that the statements included in the Declaration could be considered hearsay, courts have expressly allowed hearsay declarations as admissible in support of contempt motions. As one court stated:

> The objective of the pleadings in a proceeding for civil contempt is to permit plaintiffs to present their case, give defendants notice and an opportunity to be heard and make sure that any special procedural protections applicable to contempt proceedings are observed…Local Civil Rule [37.1] provides that the affidavit 'shall set out with particularity the misconduct complained of, the claim, if any, for damages occasioned thereby, and such evidence as to the amount of damages as may be available to the moving party.' ***The rule contains no requirement that evidence attested to in the affidavit be admissible at trial.***

---

[1] See Defendants' Motion for Reconsideration at page 10, filed on October 17, 2005 and Defendants' Amended Motion for Reconsideration at pages 10-11, filed on October 25, 2005.

*TMT North America, Inc. v. The Magic Touch GmbH*, 57 F.Supp. 2d, 586, 592n.11 (N.D. Ill. 1999)(emphasis added).

Furthermore, this rule makes complete sense since courts within this Circuit have clearly stated that "hearsay can be considered in entering a preliminary injunction" and "[w]hen ruling on plaintiffs preliminary injunction motions, we may consider otherwise inadmissible evidence." *SEC v. Cherif*, 933 F.2d 403, 412n.8 (N.D. Ill. 1991); *IDS Life Insurance Co. v. SunAmerica, Inc.*, 958 F.Supp. 1258, 1284 (N.D. Ill. 1997). Since the basis for the contempt proceeding was the violation of the injunctive relief granted by the TRO, it clearly follows that the Declaration is properly considered. Additionally, there is no evidence that the Declaration or exhibits are somehow untrustworthy or unreliable. Israel Kushnir is the President of George S. May and has received these documents in the course of George S. May's regularly conducted business, and is clearly in a position to know that George S. May in being harmed by Defendants' conduct.

Second, when read in conjunction with Defendants' Amended Motion for Reconsideration of the Contempt Order and Defendants' Response to contempt sanctions, it is clear that these latest Evidentiary Objections are simply another attempt to avoid being liable for Defendants' failure to comply with the TRO. All of Defendants' arguments with respect to this Court's contempt order and sanctions represent Defendants' attempt to either: (1) improperly rehash arguments that were raised and rejected by this Court; or (2) or raise arguments that should have been made during briefing on the motion for contempt but are now waived by Defendants. Specifically—and perhaps most importantly—Defendants <u>expressly</u> took the position in their Motion and Amended Motion for Reconsideration on the Contempt Order that <u>an evidentiary hearing should not be held</u>. Since Defendants expressly asked this Court not to hold an evidentiary hearing they have waived any right to that hearing now. Plaintiff should be

entitled to present the Declaration of Israel Kushnir and this Court should rely upon that Declaration in fashioning an appropriate remedy for Defendants' contempt. To do otherwise would unfairly prejudice Plaintiff.

To highlight the point that this Court should overrule Defendants' Evidentiary Objections, a brief chronology of events related to the contempt and sanction is appropriate. When Plaintiff filed its motion for an order finding Defendants in contempt for violating the Temporary Restraining Order, Defendants made no request for a hearing or otherwise filed an evidentiary objection to the Third Declaration of Charles Black submitted in support of the contempt motion; rather, a briefing schedule was set on Plaintiff's motion. When Defendants filed their Response to the motion for contempt, they made no request for a hearing or otherwise filed an evidentiary objection to the Black declaration. When Defendants were found in contempt of this Court's order, Defendants waited over a month to file their motion for reconsideration of the contempt order, and not only did Defendants not request a hearing at that time, they expressly stated:

> Defendants further submit that discovery and an evidentiary hearing regarding the truth or falsity issue should not be held at this point in time until after the jurisdictional issues raised by Defendants are considered and decided.[2]

In addition to expressly requesting that no hearing be held, Defendants also attached <u>affidavits</u> of Ed Magedson to their motion and amended motion for reconsideration.[3]

Furthermore, consistent with their position that this Court not hold an evidentiary hearing, when this Court ordered Mr. Magedson to appear and testify as to the contempt sanction

---

[2] See Defendants' Motion for Reconsideration at page 10, filed on October 17, 2005 and Defendants' Amended Motion for Reconsideration at pages 10-11, filed on October 25, 2005.

[3] See Defendants' Motion for Reconsideration at Exhibit A, filed on October 17, 2005 and Defendants' Amended Motion for Reconsideration at Exhibit A, filed on October 25, 2005.

4

on November 2, 2005, Defendants objected to having Mr. Magedson appear, attached an affidavit in support of their motion, and asked this Court to reconsider requiring Mr. Magedson to appear, which this Court granted.

In light of Defendants' own request that this Court not hold a hearing on the contempt, it is completely disingenuous for Defendants to object to the Declaration of Israel Kushnir and to now file a "jury demand."[4] Defendants passed on multiple opportunities to contest the contempt and the sanction, asked this Court not to hold a hearing, and have themselves relied on affidavits in support of their position. By their own conduct, Defendants have completely waived the right to a hearing on contempt or sanctions, and this Court should properly rely on the Declaration of Israel Kushnir in fashioning an appropriate remedy for Defendants' contempt. To grant Defendants' Evidentiary Objections in light of their request not to hold an "evidentiary hearing" would unfairly prejudice Plaintiff.

For the reasons set forth above, Defendants' Evidentiary Objections should be overruled.

---

[4] Plaintiff, in its Reply Memorandum of Law in Support of Contempt Sanction, argues that Defendants are not entitled to a jury, in any event.

**DATED:   November 21, 2005**          Respectfully submitted,

                                          GEORGE S. MAY INTERNATIONAL COMPANY


                                          By:  s/Rachel M. Kindstrand
                                                  One of Its Attorneys

Attorneys for Plaintiff:
Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
55 East Monroe, Suite 4200
Chicago, Illinois  60603
Telephone:  (312) 346-8000
Facsimile:   (312) 269-8869

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2005, I electronically filed **GEORGE S. MAY'S RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE KUSHNIR DECLARATION SUPPORTING CONTEMPT REMEDY** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

James K. Borcia
Jborcia@tsmp.com
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, Illinois  60606-6308
*Lead Attorney*
*Attorney to be noticed*

And I further certify that on November 21, 2005, I sent an electronic copy of **GEORGE S. MAY'S RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE KUSHNIR DECLARATION SUPPORTING CONTEMPT REMEDY** to the following:

Maria Crimi Speth
mcs@jaburgwilk.com
Fascimile: (602) 248-0552
Jaburg & Wilk, P.C.
3200 North Central Avenue
Suite 2000
Phoenix, AZ 85012

s/ Rachel M. Kindstrand<br>Rachel M. Kindstrand

CH1 10984754.2