JKB/cic/281527                                                            5634-2-51

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 04 C 6018 ) |
| XCENTRIC VENTURES, LLC, et al., | ) Honorable Judge Norgle ) |
| Defendants. | ) |

**DEFENDANTS' REPLY RE: EVIDENTIARY OBJECTIONS TO
KUSHNIR DECLARATION SUPPORTING CONTEMPT "*REMEDY*"[1]**

Defendants Xcentric Ventures, LLC ("Xcentric"), Rip-Off Report.Com ("Rip-Off Report"), Badbusinessbureau.Com ("BBB") and Edward Magedson ("Magedson"; collectively "Defendants") respectfully submit the following Reply to Plaintiff George S. May's ("Plaintiff") Response to Defendant's Evidentiary Objections to the Kushnir Declaration supporting Contempt <u>Sanction</u>.

**I.  OVERVIEW**

Due to the significant volume of recent filings in this matter, Defendants offer a short review of the posture of this matter in order to explain the context of the instant reply brief.

On September 24, 2004, this Court entered a TRO (Docket No. 3) which subsequently became a temporary injunction on October 8, 2004 (Docket No. 13). The TRO/injunction required Defendants to remove certain third-party created material from their website which was critical of Plaintiff's business practices.

---

[1] The initial filing at issue was a pleading (Docket No. 88) dated October 17, 2005 entitled "[Plaintiff's] MEMORANDUM OF LAW IN SUPPORT OF CONTEMPT <u>SANCTION</u>" (emphasis added). In an effort to mask the punitive nature of the sanctions, Plaintiff has selectively re-styled its pleading as referencing a "contempt *remedy*" rather than the more accurate descriptor: "contempt *sanction*".

10297-1/MCS/DSG/505207_v1

Dockets.Justia.com

Plaintiff immediately moved (Docket No. 15) to hold Defendants in contempt on October 8, 2004 — the same date the preliminary injunction was entered.

Nearly one full year later, on September 13, 20**05**, this Court entered an order (Docket No. 78) finding Defendants in contempt based on Plaintiff's October 20**04** motion.

Over a month later, Plaintiff filed a pleading (Docket No. 88) entitled "MEMORANDUM OF LAW IN SUPPORT OF CONTEMPT SANCTION". In this pleading, Plaintiff asked the Court to award it damages in the following amounts: $280,000.00 as compensation for "lost profits", and *additional* $280,000.00 in "fines" (calculated as $767 per day for one year from October 2004—October 2005) as punishment, plus attorney's fees.

The only evidentiary support offered by Plaintiff was a declaration entitled "DECLARATION OF ISRAEL KUSHNIR IN SUPPORT OF CONTEMPT SANCTION" (the "Kushnir Declaration"). Attached to this declaration were a total of thirteen (13) exhibits. Exhibits 1–12 were letters and statements purporting to be from various customers and other individuals. Exhibit 13 was a printout of part of Defendants' website. In his declaration, Mr. Kushnir suggested that Plaintiff lost customers because Defendants failed to remove certain material from the website, and he cited the attached exhibits as evidence of this alleged loss.

Pursuant to Fed. R. Evid. 802 (prohibiting hearsay), Defendants immediately filed an objection to both the Kushnir Declaration and the exhibits attached thereto, noting that these materials were all out of court statements offered to prove the truth of the matters asserted.

In turn, on November 21, 2005, Plaintiff filed a response to Defendants' evidentiary objections, arguing that this Court's local rules permit the Court to entirely ignore the Federal Rules of Evidence and award in excess of $500,000.00 in damages with no trial, no witnesses, no cross-examination; just hearsay and *double-hearsay* contained in the declaration of some

unknown individual. There is no merit whatsoever to Plaintiff's position, and this Court should reject it in its entirety.

II.    **LOCAL RULE 37.1 DOES NOT AUTHORIZE HEARSAY**

Plaintiff's sole argument is that Local Rule 37.1 permits this Court to consider hearsay in ruling on Plaintiff's request for more than half a million dollars in damages. Plaintiff has simply misstated the law – Rule 37.1 expressly preserves the right to trial on all issues relative to contempts, including damages, and nothing in the rule excuses the Court from adhering to the Federal Rules of Evidence in that process:

> **(b) Trial.** If the alleged contemnor puts in issue the alleged misconduct giving rise to the contempt proceedings or the damages thereby occasioned, the alleged contemnor shall upon demand therefor be entitled to have oral evidence taken thereon, either before the court or before a master appointed by the court. When by law the alleged contemnor is entitled to a trial by jury, unless a written jury demand is filed by the alleged contemnor on or before the return day or adjourned day of the application, the alleged contemnor will be deemed to have waived a trial by jury.

Local Rule 37.1(b) (emphasis added). The case law cited by Plaintiff is equally inapposite. The cases cited by Plaintiff simply recognize that a party may institute contempt proceedings using hearsay. In other words, if a party learns of information which leads it to conclude that another party may be in contempt, hearsay can be included within the initial petition or motion as part of placing the adverse party on notice of the alleged contumacious conduct. This is like saying that a party may, in the course of drafting a Complaint, include hearsay in the Complaint itself.

Defendants do not dispute that contempt proceedings, like any other proceedings, may be started this way. However, Plaintiff appears to contend that no further process or procedure is required before this Court can award damages based solely on the out-of-court statements offered by Mr. Kushnir, including second-hand or double hearsay statements of *what Mr. Kushnir claims others said to him*. This is a grossly inaccurate statement of law.

3

First, by their own terms, the Federal Rules of Evidence <u>apply, in full, in contempt proceedings</u>. *See* Fed. R. Evid. 1101 (noting, "These rules apply generally to civil actions and proceedings, including … to <u>contempt proceedings</u> except those in which the court may act summarily …") (emphasis added); *see also* 17 AM. JUR. 2D *Contempt* § 180 ("The Federal Rules of Evidence <u>apply to contempt proceedings in federal courts</u>, except those in which the court may act summarily.") (emphasis added).

Because the instant contempt proceeding is not one in which the Court may act summarily, the Federal Rules of Evidence plainly control and these rules mandate that, "[h]earsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Because the declaration of Mr. Kushnir is an out-of-court statement offered for the truth of the matters asserted, that declaration is hearsay and is not admissible. *See* Fed. R. Evid. 801(c) (defining hearsay). Likewise, the documents attached to Mr. Kushnir's hearsay declaration are inadmissible double "hearsay within hearsay". *See* Fed. R. Evid. 805 (double hearsay only admissible when each part conforms with a recognized hearsay exception). Moreover, the Seventh Circuit has recognized that the Federal Rules of Evidence apply in contempt proceedings, and that these rules mandate the exclusion of hearsay and double hearsay. *U.S. v. Joudis*, 800 F.2d 159, 164 (7th Cir. 1986) (holding double hearsay news summaries were inadmissible in contempt proceeding).

The reasons for this could hardly be any more obvious. Mr. Kushnir's declaration is founded largely upon the statements of anonymous third parties, none of whom have been deposed or subjected to any form of cross-examination. Indeed, Mr. Kushnir may have fabricated some or all of his declaration, or the exhibits attached thereto, in order to seize a

perceived $500,000.00 plus windfall. Any dishonesty or deception in his statements will only be uncovered by full, rigorous cross-examination in open court under the supervision of His Honor.

Rather than somehow abrogating the Rules of Evidence as Plaintiff suggests, Local Rule 37.1(b) instead expressly preserves Defendants' right to a trial in which Mr. Kushnir and all other witnesses will be subjected to this Court's scrutiny, and in which the Federal Rules of Evidence will control. Defendants have, of course, expressly invoked that right.

### III.  CONCLUSION

Rather than permitting the admission of hearsay and double hearsay, Local Rule 37.1 recognizes Defendants' right to have an actual adversarial trial on these issues *before* the Court may award any damages or issue any other form of punitive monetary sanctions, and Federal Rule of Evidence 1101 clearly states that the rules of evidence will apply during any subsequent trial on the issues of contempt/damages. Plaintiff has not cited a single case or any authority that would condone the abandonment of the Federal Rules of Evidence in this context.

Because Mr. Kushnir's declaration and Exhibits 1–12 thereto are hearsay, and not within any known exception, those materials are not admissible in this proceeding and must be given no weight whatsoever.

XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM, BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES

By:  /s/ James K. Borcia
     One of Their Attorneys

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue. Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 04 C 6018 ) |
| XCENTRIC VENTURES, LLC, et al., | ) Honorable Judge Norgle ) |
| Defendants. | |

### CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2005, I electronically filed **Defendants' Reply re: Evidentiary Objections to Kushnir Declaration Supporting Contempt "Remedy"** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

>Bart A. Lazar, Esq.
>Rachel Kindstrand, Esq.
>Seyfarth Shaw LLP
>55 East Monroe, Suite 4200
>Chicago, IL 60603

XCENTRIC VENTURES, LLC and ED MAGEDSON

By: /s/ James K. Borcia
One of Their Attorneys

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
(602) 248-1000

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000