JKB/cic/364035                                                              5634-2-51

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 04 C 6018 ) |
| XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM, BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES, | ) Honorable Judge Norgle ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' *SUPPLEMENTAL* RESPONSE TO PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS

Pursuant to this Court's order permitting three (3) pages of supplemental briefing, Defendants XCENTRIC VENTURES, LLC ("Xcentric"), RIP-OFF REPORT.COM ("Rip-Off Report"), BADBUSINESSBUREAU.COM ("BBB") and Edward Magedson ("Magedson"; collectively "Defendants") respectfully submit the following response in opposition to the Memorandum of Law in Support of Contempt Sanction filed by Plaintiff GEORGE S. MAY INTERNATIONAL COMPANY ("Plaintiff).

Because this issue has been thoroughly briefed by both sides, only a few short comments are offered. One of the crucial points to understand here is that Plaintiff has vastly overstated the conduct which led this Court to find Defendants in contempt. That conclusion is based on the timing and sequence of the events which preceded the contempt (*next page*, please):

1.) **September 15, 2004**—Plaintiff commences action/applies for preliminary injunction. Attached to Plaintiff's Motion for OSC re: Preliminary Injunction is a declaration,

and attached as Exhibit C to that declaration is a printout dated September 10, 2004 showing a report entitled "Owner of George S. May Company child pornography and other heinous crimes". The **single post** shown in Exhibit C is the **only evidence** presented to the Court regarding "false statements" hosted by Defendants.

2.) **September 24, 2004**—Plaintiff obtained a temporary restraining order which, *inter alia*, required Defendants to refrain from, in general, displaying any false, deceptive, or misleading statements regarding Plaintiff on Defendants' websites.

3.) **October 8, 2004**—Plaintiff moves for an order finding Defendants in contempt for failing to remove all postings within the scope of the TRO. Defendants objected, explaining that they had removed all posts requested by Plaintiff in its application for the TRO, and that any other materials posted were therefore outside the scope of the Court original restraining order.

4.) **September 13, 2005**—The Court issues an order finding Defendants in contempt for their prior failure to comply with the September 2004 TRO. The Court's order indicated that "the matter of appropriate sanctions is taken under advisement."

The point of these dates is simple—Plaintiff sought and obtained a TRO by presenting the Court with a single posting which mentioned Plaintiff. That post was timely removed, as Plaintiff conceded in its own motion dated October 8, 2004 seeking contempt; 'Defendants act like they did this Court and [Plaintiff] a favor by taking down one vile Internet posting … .'

In other words, Defendants have been held in contempt for failing to remove posted materials which were never presented to, nor considered by, the Court when it issued the preliminary injunction. Plaintiff has intimated that these *other* posts contain false statements, and were thus within the scope of the injunction, but this Court has never heard any evidence upon which such a conclusion could be based and Defendants have never had any opportunity to contest Plaintiff's unproven allegations regarding the falsity of these statements. If this circumstance does not excuse the contempt entirely, it certainly should mitigate any conclusion that Defendants deserve severe punishment for their inadvertent transgressions. Such a determination should properly await the outcome of a trial on the merits.

10297-1/MCS/DSG/501953_v1

At any rate, Defendants <u>have</u> complied with this Court's order, and to the extent that they previously failed to do so in a timely manner, that failure was the product of a good-faith and reasonable belief as to the limited scope of the posts covered by the Court's injunction. Debates on that point aside, because inducing compliance with the injunction has been achieved, as noted in Defendants' Response to Plaintiff's motion for $500,000+ in punitive sanctions, this is no longer a matter of civil contempt for which monetary damages should be (or could be, under Illinois state law) awarded. Defendants <u>have</u> complied with the injunction, and in that regard, their contempt has been purged.

For this reason, the Court should reserve the matter of sanctions/damages until trial. If Plaintiff prevails on its claims following a full trial on the merits, then it will surely be entitled to recover all applicable damages, including the $500,000+ which it seeks at this early stage. On the other hand, if Defendants prevails at trial, then Plaintiff would be entitled to no damages at all, thus making such an award at this time even more plainly premature and inappropriate.

XCENTRIC VENTURES, LLC
EDWARD MAGEDSON

By:_____
One of His Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

10297-1/MCS/DSG/501953_v1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 04 C 6018<br>) |
| XCENTRIC VENTURES, LLC, et al., | ) Honorable Judge Norgle<br>) |
| Defendants. | |

### CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2006, I electronically filed Defendants' Supplemental Response To Plaintiff's Motion For Contempt Sanctions with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

> Bart A. Lazar, Esq.
> Rachel Kindstrand, Esq.
> Seyfarth Shaw LLP
> 55 East Monroe, Suite 4200
> Chicago, IL 60603

XCENTRIC VENTURES, LLC and ED MAGEDSON

By:  /s/ James K. Borcia
       One of Their Attorneys

| | |
|---|---|
| Maria Crimi Speth, Esq.<br>JABURG & WILK PC<br>3200 North Central Avenue, Suite 2000<br>Phoenix, AZ 85012<br>(602) 248-1000 | James K. Borcia<br>David O. Yuen<br>Tressler, Soderstrom, Maloney & Priess<br>233 South Wacker Drive, 22nd Floor<br>Chicago, IL 60606-6308<br>(312) 627-4000 |