JKB/cic/do/285120                                                          5634-2-51

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 04 C 6018 ) |
| XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM, BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES, | ) Honorable Judge Norgle ) ) ) ) |
| Defendants. | ) ) |

**ANSWER TO VERIFIED COMPLAINT**

Defendants Xcentric Ventures, LLC, and Ed Magedson ("Defendants"), by and through their attorneys, Tressler, Soderstrom, Maloney & Priess, for their Answer to Plaintiff's Verified Complaint state as follows:

1.    This is an action for, false descriptions and representations, trade libel and deceptive trade practices.  To redress these grievances, GSMIC seeks temporary, preliminary and permanent injunctive relief and damages arising out of Defendants' wrongful activities.

**ANSWER:**    Paragraph 1 contains only argument to which no response is required, however, to the extent any response is required Defendants deny the allegations of Paragraph 1 of Plaintiff's Complaint.

2.    Defendants are the owners and operators of the Internet Websites www.ripoffreport.com and www.badbusinessbureau.com (the "Sites").  Both of the Sites host and transmit false, defamatory and derogatory information about GSMIC.  Upon information and belief, such false information is hosted and transmitted without any investigation by Defendants for the purpose of, among other things, selling Defendants' publications.  Upon information and belief, some of the false information hosted and transmitted by Defendants was provided to Defendants by competitors of GSMIC for the purpose of harming GSMIC and its business. GSMIC has requested that Defendants remove such information, but Defendants have refused to do so in the past, thus necessitating this action.

**ANSWER:**    Defendants admit that Xcentric operates the Site. All other allegations of

Paragraph 2 of Plaintiff's Complaint are denied.

3.    GSMIC is a management consulting firm, which is incorporated, organized and existing under the laws of Delaware, with its principal place of business located at 303 Northwest Highway, Park Ridge, Illinois.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.    Xcentric Ventures, LLC, ("Xcentric") is an Arizona limited liability corporation and is listed as the owner of the Sites.  Xcentric also is listed by PayPal as the recipient of donations provided to support the Sites. Xcentric provided the Arizona Corporation Commission with a domestic address of P.O. Box 470, Phoenix, Arizona 85280.  The address listed by DirectNic.com, an Internet registrar, for Xcentric is P.O. Box 470, Tempe, Arizona 84280.

**ANSWER:**    Defendants admit the allegations of Paragraph 4 of Plaintiff's Complaint.

5.    Ed Magedson, ("Magedson") by his own admission, started the Sites, and on information and belief, owns and controls Xcentric and the Sites.  On information and belief, Magedson actively controls the technical operation of the Sites, together with the assistance of one or more unknown agents.

**ANSWER:**    Defendants deny the allegations of Paragraph 5 of Plaintiff's Complaint.

6.    The Sites are Internet websites which are believed to be owned, operated and/or controlled by Xcentric and Magedson.  The Sites themselves do not disclose who is responsible for their operation, however, Xcentric is listed as the owner of the domain names for the Sites and collects donations to support the operations of the Sites, which Magedson is listed as the technical contact for the Site and admits that he is the creator of the Sites.

**ANSWER:**    Defendants admit that the site is operated by Xcentric.  All other allegations of

Paragraph 6 of Plaintiff's Complaint are denied.

7.    This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332 as the parties are citizens of different states and the matter is controversy exceeds $75,000, exclusive of interest and costs.  This Court also has original jurisdiction in this action under 28 U.S.C. § 1331 in that federal questions are alleged under 15 U.S.C. §§ 1051-1125 (the Lanham Act).

**ANSWER:**    Defendants admit the allegations of Paragraph 7 of Plaintiff's Complaint.

8.     This Court has *in personam* jurisdiction over Defendants because they: a) direct tortious conduct at GSMIC, which maintains its principal place of business in this District; and b) operate a commercial, interactive Website in the District.

**ANSWER:**     Defendants deny the allegations of Paragraph 8 of Plaintiff's Complaint.

Defendants affirmatively assert that the Court lacks personal jurisdiction over them.  Defendants

expressly reserve the right to object to the Court's exercise of personal jurisdiction at each and

every stage of this proceeding, and no waiver, express or implied, of any such objection is

intended.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the injuries caused by Defendants' tortious conduct substantially occur in the Northern District of Illinois, and Defendants solicit and engage in business within this District.

**ANSWER:**     Defendants deny the allegations of Paragraph 9 of Plaintiff's Complaint.

10.     GSMIC is a management consulting firm which has been advising businesses since 1925. GSMIC counsels its clients to effectively manage their businesses, such as by reducing waste, streamlining operations, increasing profits and improving responsiveness to the market. GSMIC has offices in the United States, Canada, Mexico and Italy.

**ANSWER:**     Defendants lack sufficient knowledge or information upon which to form a belief

as to the  truth of the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11.     Defendants have posted and transmitted on and through the Sites numerous false and deceptively misleading statements of fact concerning, among other things, alleged by illegal and immoral activities engaged in by GSMIC, its owners, management and employees.

**ANSWER:**     Defendants deny the allegations of Paragraph 11 of Plaintiff's Complaint.

12.     On information and belief, some of the postings asserting that GSMIC has engaged in illegal and immoral activities, hosted, and transmitted by Defendants were posted by GSMIC's competitors for the purpose of hurting GSMIC's business.

**ANSWER:**     Defendants deny the allegations of Paragraph 12 of Plaintiff's Complaint.

13.     Defendants' Sites are commercial in nature in that they, among other things, advertise, promote and offer to sell Defendants' purported consumer advocacy publication the "Rip-Off Revenge Guide" for $21.95.

**ANSWER:**     Defendants deny the allegations of Paragraph 13 of Plaintiff's Complaint.

3

14.    The postings on the Sites have disrupted and threaten to disrupt GSMIC's ability to conduct business in that, internet search engines automatically discover the false report against GSMIC, GSMIC must respond to these false, misleading, disparaging and/or defamatory comments and allegations in its dealings with existing and prospective customers and employees, and may not have the opportunity to respond since it does not know who accesses the Sites or is providing or reviewing that false information.

**ANSWER:**    Defendants deny the allegations of Paragraph 14 of Plaintiff's Complaint.

15.    Defendants continue to pose a threat of harming GSMIC and its business through the hosting and transmission of false and defamatory statements regarding GSMIC, its owner, management and/or employees because Defendants have refused to respond to GSMIC's requests to take down the postings and to delete every false statement of fact about or concerning GSMIC's business, and without knowing the identity of the presently unknown posters of such information, GSMIC does not have the ability to prevent Defendants and others from disseminating such false, misleading, disparaging and/or defamatory comments and allegations to third parties.

**ANSWER:**    Defendants deny the allegations of Paragraph 15 of Plaintiff's Complaint.

## COUNT I

16.    GSMIC repeats and realleges the allegations of paragraphs 1 through 15 above, as if fully set forth herein.

**ANSWER:**    Defendants repeat and reallege their answers to Paragraphs 1 through 15 above as

if fully set forth herein.

17.    Defendants are using, in connection with goods or services and in commerce, words, terms, false representations of fact, and combinations thereof, which misrepresent the nature, characteristics and qualities of GSMIC, and its services and falsely associates GSMIC with their competitors who have engaged in unlawful activities.

**ANSWER:**    Defendants deny the allegations of paragraph 17 of Plaintiff's Complaint.

18.    Defendants' acts and threatened acts constitute false or misleading descriptions and misrepresentations, false designation of origin, in violation of GSMIC's rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**    Defendants deny the allegations of Paragraph 18 of Plaintiff's Complaint.

19.    Defendants' unlawful conduct has caused damages to GSMIC, in an amount to be determined at trial, and threatens to cause additional damage. Because its remedy at law is inadequate, GSMIC seeks preliminary and permanent injunctive relief to protect its reputation and interests. Unless Defendants are restrained and enjoined, Defendants and anonymous posters

4

making false representations of fact about GSMIC will continue to harm GSMIC irreparably, thereby further damaging GSMIC and impairing GSMIC's business reputation and activities.

**ANSWER:**    Defendants deny the allegations of Paragraph 19 of Plaintiff's Complaint.

## COUNT II

20.    GSMIC repeats and realleges the allegations of paragraphs 1 through 19 above, as though fully set forth herein.

**ANSWER:**    Defendants repeat and reallege their answers to paragraphs 1 through 19 above as

if fully set forth herein.

21.    The statements regarding GSMIC on the Sites are false. The statements identify and pertain to GSMIC by intentionally making one or more false, misleading, disparaging and/or defamatory comments and allegations concerning GSMIC's owner, management, business methods, activities, policies and practices.

**ANSWER:**    Defendants deny the allegations of Paragraph 21 of Plaintiff's Complaint.

22.    Defendants publicly communicated false, misleading, disparaging and/or defamatory comments and allegations to third parties by disseminating such comments and allegations via the Sites of the World Wide Web and by placing Meta Tags on the Sites designed to publicize these false statements.

**ANSWER:**    Defendants deny the allegations of Paragraph 22 of Plaintiff's Complaint.

23.    Defendants have hosted and transmitted false, misleading, disparaging and/or defamatory comments and allegations to such third parties on the Sites knowing the same were false or with a high degree of awareness that the same were probably false, or with a reckless disregard for the truth.

**ANSWER:**    Defendants deny the allegations of Paragraph 23 of Plaintiff's Complaint.

24.    Defendants disseminated false, misleading, disparaging and/or defamatory comments and allegations with the intent to damage the business, good will and professional reputation of GSMIC.

**ANSWER:**    Defendants deny the allegations of Paragraph 24 of Plaintiff's Complaint.

25.    Defendants' false, misleading, disparaging and/or defamatory comments and allegations are defamation *per se* in that they associate GSMIC with and state that GSMIC is committing serious federal and state offenses including, *inter alia*, engaging in, unlawful sexual activity.

**ANSWER:**    Defendants deny the allegations of Paragraph 25 of Plaintiff's Complaint.

26.    Defendants' false, misleading, disparaging and/or defamatory comments and allegations have caused general defamation damages to GSMIC by exposing it to hatred, contempt and ridicule by the third parties receiving such comments and allegations.

**ANSWER:**    Defendants deny the allegations of Paragraph 26 of Plaintiff's Complaint.

27.    GSMIC has also suffered special damages in the form of financial loss resulting from the effect of Defendants' statements, relating to, among other things, lost customers and employees.

**ANSWER:**    Defendants deny the allegations of Paragraph 27 of Plaintiff's Complaint.

28.    Defendants acted maliciously by disseminating Defendants' comments and allegations with wanton disregard for GSMIC's rights, and with ill will and an evil intent to defame and injure GSMIC.

**ANSWER:**    Defendants deny the allegations of Paragraph 28 of Plaintiff's Complaint.

29.    Defendants' unlawful conduct has caused damages to GSMIC, in an amount to be determined at trial, and because its remedy at law is inadequate, GSMIC seeks preliminary and permanent injunctive relief to protect its reputation and interests. Unless Defendants are restrained and enjoined, Defendants will continue to harm GSMIC irreparably, thereby further damaging GSMIC and impairing GSMIC's business reputation and activities.

**ANSWER:**    Defendants deny the allegations of Paragraph 29 of Plaintiff's Complaint.

## COUNT III

30.    GSMIC repeats and realleges Paragraphs 1-29 of this Complaint as if fully set forth herein.

**ANSWER:**    Defendants repeat and reallege their answers to paragraphs 1 through 29 above as

if fully set forth herein.

31.    By hosting and transmitting false and deceptively misleading content concerning GSMIC, its founder, owner, executive and/or employees, Defendants are likely to deceive the public into believing that GSMIC is a disreputable company.

**ANSWER:**    Defendants deny the allegations of Paragraph 31 of Plaintiff's Complaint.

32.    Defendants' acts constitute deceptive and unfair business practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 50511-12.

**ANSWER:**    Defendants deny the allegations of Paragraph 32 of Plaintiff's Complaint.

6

33.    As a result of the aforesaid acts by Defendants, GSMIC has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

**ANSWER:**    Defendants deny the allegations of Paragraph 33 of Plaintiff's Complaint.

34.    GSMIC has no adequate remedy at law, and unless Defendants' activities are enjoined, GSMIC will continue to suffer damage and irreparable harm and injury to its goodwill and reputation.

**ANSWER:**    Defendants deny the allegations of Paragraph 34 of Plaintiff's Complaint.

## COUNT IV

35.    GSMIC repeats and realleges Paragraphs 1-34 of this Complaint as if fully set forth herein.

**ANSWER:**    Defendants repeat and reallege their answers to paragraphs 1 through 34 above as

if fully set forth herein.

36.    Defendants are injuring GSMIC by hosting and transmitting false and deceptively misleading information about GSMIC, its owner, executives and/or employees, causing a likelihood of confusion or misunderstanding among the relevant public as to the quality of GSMIC's services.

**ANSWER:**    Defendants deny the allegations of Paragraph 36 of Plaintiff's Complaint.

37.    Defendants' acts constitute deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1-7.

**ANSWER:**    Defendants deny the allegations of Paragraph 37 of Plaintiff's Complaint.

38.    As a result of the aforesaid acts by Defendants, GSMIC has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

**ANSWER:**    Defendants deny the allegations of Paragraph 38 of Plaintiff's Complaint.

39.    GSMIC has no adequate remedy at law, and unless Defendants' activities are enjoined, GSMIC will continue to suffer damage and irreparable harm and injury to its goodwill and reputation.

**ANSWER:**    Defendants deny the allegations of Paragraph 39 of Plaintiff's Complaint.

## GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(d), Defendants generally deny any and all allegations set forth in Plaintiff's Complaint except as to those matters which are expressly admitted herein. All other allegations are denied.

## RESERVATION OF DEFENSES

Defendants expressly reserve the right to assert any and all applicable defenses as may become known to them during the course of this action, including all such defenses as may be applicable pursuant to Fed. R. Civ. P. 8(c).

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Failure to State Claim)

The Complaint fails to state any claim upon which relief may be granted because Defendants are not the publishers of any of the statements at issue in this matter.

## SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint and each cause of action set forth therein is barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE
### (Truth)

Any defamation-based claims set forth in the Complaint are barred to the extent that the statements which form the basis for such claims are, in fact, true.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Intent; Actual Malice)

Notwithstanding the fact that Defendants did not publish any of the alleged defamatory or unlawful statements at issue in this case, any defamation-based claims set forth in the Complaint

are barred to the extent that Plaintiff is a public figure and Defendants lacked actual malice and/or negligence sufficient to support any defamation-based claims.

### FIFTH AFFIRMATIVE DEFENSE
### (Communications Decency Act Immunity)

All claims set forth in the Complaint are barred to the extent that the content of the statements which form the basis for such claims was provided by third parties. As such, pursuant to 47 U.S.C. § 230(c)(1), Defendants are absolutely immune from civil liability for any such statements posted by third parties. *See* 47 U.S.C. § 230(c)(1); *Carafano v. Metrosplash.com, Inc.* 339 F.3d 1119 (9th Cir. 2003); *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003); *Doe v. America Online, Inc.*, 783 So.2d 1010 (Fl. 2001); *Schneider v. Amazon.com, Inc.*, 31 P.3d 37 (Wash.App 2001); *Zeran v. America Online, Inc.*, 129 F.3d 327 (4th Cir. 1997).

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that this Honorable Court grant the following relief:

A. Dismiss Plaintiff's Complaint with prejudice and order that Plaintiff take nothing thereby;

B. Deny, with prejudice, all equitable, injunctive, and/or declaratory relief in any form requested by Plaintiff;

C. Award judgment for all reasonable attorney's fees incurred in favor of Defendants and against Plaintiff pursuant to 15 U.S.C. § 1117(a); Fed. R. Civ. P. 11(c) and/or under any other applicable authority; and costs pursuant to 735 ILCS § 5/5-109, and/or under any other applicable authority;

D. Any other relief deemed appropriate by the Court.

## JURY DEMAND

Defendants demand trial by jury on all of Plaintiff's claims.

XCENTRIC VENTURES, LLC and
EDWARD MAGEDSON


By:    /s/ James K. Borcia_____
                One of Their Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04 C 6018 |
| | ) |
| XCENTRIC VENTURES, LLC, et al., | ) Honorable Judge Norgle |
| | ) |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2006, I electronically filed **ANSWER TO VERIFIED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

> Bart A. Lazar, Esq.
> Rachel Kindstrand, Esq.
> Seyfarth Shaw LLP
> 55 East Monroe, Suite 4200
> Chicago, IL 60603

> XCENTRIC VENTURES, LLC and ED MAGEDSON

By:_____/s/ James K. Borcia_____
        One of Their Attorneys

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
(602) 248-1000

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000