UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GEORGE S. MAY INTERNATIONAL COMPANY**, | )<br>)<br>) |
| Plaintiff, | )<br>) Case Number 04-C-6018 |
| -vs- | )<br>) Judge Norgle |
| **XCENTRIC VENTURES, LLC,**<br>**RIP-OFF REPORT.COM**<br>**BADBUSINESSBUREAU.COM,**<br>**ED MAGEDSON, VARIOUS**<br>**JOHN DOES, JANE DOES AND**<br>**ABC COMPANIES,** | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY'S VERIFIED ANSWERS TO AFFIRMATIVE DEFENSES

Plaintiff George S. May International Company, by its counsel, Seyfarth Shaw LLP, states as its Answers to Defendants XCentric Ventures, L.L.C.'s and Ed Magedson's Affirmative Defenses, as follows:

### RESERVATION OF DEFENSES

Defendants expressly reserve the right to assert any and all applicable defenses as may become known to them during the course of this action, including all such defenses as may be applicable pursuant to Fed. R. Civ. P. 8(c).

**ANSWER:**

George S. May International Company objects to Defendants' "Reservation of Defenses" in that it seeks to allow Defendants to circumvent the Federal Rules of Civil Procedure and/or the Local Rules for the United States District Court, Northern District of Illinois and/or the rulings of this Court, including, but not limited to, the requirement that in pleading to a preceding pleading, a party shall set forth affirmatively all matter constituting an avoidance or affirmative defense

CH1 11016636.1

under Fed. R. Civ. P. 8(c), every defense in law or fact be asserted in the responsive pleading thereto under Fed. R. Civ. P. 12(b), the time limitation for filing a responsive pleading under Fed. R. Civ. P. 12(a)(1), and the rule regarding amendments under Fed. R. Civ. P. 15. George S. May International Company asserts that it will not waive any objections it has or may have in the future to Defendants' attempt to invoke their so-called "Reservation of Rights" provision contained in their pleading.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State Claim)

The Complaint fails to state any claim upon which relief may be granted because Defendants are not the publishers of any of the statements at issue in this matter.

**ANSWER:**

The First Affirmative Defense states a legal conclusion to which no response is required. To the extent an answer is necessary, George S. May International Company denies the allegations contained in the First Affirmative Defense.

### SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint and each cause of action set forth therein is barred by the doctrine of unclean hands.

**ANSWER:**

The Second Affirmative Defense states a legal conclusion or legal conclusions to which no response is required. To the extent that an answer is necessary, George S. May International Company denies the allegations contained in the Second Affirmative Defense.

### THIRD AFFIRMATIVE DEFENSE
### (Truth)

Any defamation-based claims set forth in the Complaint are barred to the extent that the statements which form the basis for such claims are, in fact, true.

**ANSWER:**

The Third Affirmative Defense states a legal conclusion to which no response is required. To the extent that an answer is necessary, George S. May International Company denies the allegations contained in the Third Affirmative Defense.

**FOURTH AFFIRMATIVE DEFENSE**
**(Lack of Intent; Actual Malice)**

Notwithstanding the fact that Defendants did not publish any of the alleged defamatory or unlawful statements at issue in this case, any defamation-based claims set forth in the Complaint are barred to the extent that Plaintiff is a public figure and Defendants lacked actual malice and/or negligence sufficient to support any defamation-based claims.

**ANSWER:**

The Fourth Affirmative Defense states a legal conclusion or legal conclusions to which no response is required. To the extent that an answer is necessary, George S. May International Company denies the allegations contained in the Fourth Affirmative Defense.

**FIFTH AFFIRMATIVE DEFENSE**
**(Communications Decency Act Immunity)**

All claims set forth in the Complaint are barred to the extent that the content of the statements which form the basis for such claims was provided by third parties. As such, pursuant to 47 U.S.C. § 230(c)(1), Defendants are absolutely immune from civil liability for any such statements posted by third parties. *See* 47 U.S.C. § 230(c)(1); *Carafano v. Metrosplash.com, Inc.* 339 F.3d 1119 (9th Cir. 2003); *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003); *Doe v. America Online, Inc.*, 783 So.2d 1010 (Fl. 2001); *Schneider v. Amazon.com, Inc.*, 31 P.3d 37 (Wash.App 2001) [sic]; *Zeran v. America Online, Inc.*, 129 F.3d 327 (4th Cir. 1997).

**ANSWER:**

The Fifth Affirmative Defense states a legal conclusion or legal conclusions to which no response is required. To the extent that an answer is necessary, George S. May International Company denies the allegations contained in the Fifth Affirmative Defense.

3

**PRAYER FOR RELIEF**

George S. May International Company denies that Defendants are entitled to any relief, including, but not limited to, Defendants' requests for attorneys' fees under 15 U.S.C. § 1117(a), Fed. R. Civ. P. 11(c), and costs under 735 ILCS § 5/5-109, and under any other applicable authority.  George S. May International Company requests that Defendants' prayer for relief be denied in its entirety.

**DATED:  February 10, 2006**            Respectfully submitted,

                                          **GEORGE S. MAY INTERNATIONAL COMPANY**

                                          By:  s/Rachel M. Kindstrand
                                                     One of Its Attorneys

<u>Attorneys for Plaintiff:</u>
Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
55 East Monroe, Suite 4200
Chicago, Illinois  60603
Telephone:  (312) 346-8000
Facsimile:   (312) 269-8869

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2006, I electronically filed **GEORGE S. MAY'S ANSWERS TO AFFIRMATIVE DEFENSES** and attached **VERIFICATION** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

James K. Borcia
Jborcia@tsmp.com
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, Illinois  60606-6308
*Lead Attorney*
*Attorney to be noticed*

And I further certify that on February 10, 2006, I sent a copy of **GEORGE S. MAY'S ANSWERS TO AFFIRMATIVE DEFENSES** and attached **VERIFICATION** to the following via First Class U.S. Mail:

Maria Crimi Speth
mcs@jaburgwilk.com
Fascimile: (602) 248-0552
Jaburg & Wilk, P.C.
3200 North Central Avenue
Suite 2000
Phoenix, AZ 85012

                                                    s/ Rachel M. Kindstrand
                                                        Rachel M. Kindstrand