George S May Intl, et al v. Xcentric Ventures, et al    Case 1:04-cv-06018    Document 122    Filed 05/18/2006    Page 1 of 2    Doc. 122

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6018 | **DATE** | 5/18/2006 |
| **CASE TITLE** | George S. May vs. Xcentric Ventures, LLC | | |

**DOCKET ENTRY TEXT**

Defendants' Motion for Reconsideration [85] is denied as moot. Defendants' Amended Motion for Reconsideration [90] is denied for the reasons explained below.

■[ For further details see text below.]                                                          Docketing to mail notices.

## STATEMENT

    Defendants move the court to reconsider its Order finding Defendants in contempt for violating the temporary restraining order. The court first notes that there is no such thing as a "Motion to Reconsider." "[A] 'motion to reconsider' does not exist under the Federal Rules of Civil Procedure." Demos v. City of Indianapolis, 302 F.3d 698, 706 n.11 (7th Cir. 2002); see also Talano v. Northwestern Medical Faculty Foundation, 273 F.3d 757, 760 n.1 (7th Cir. 2001). However, Defendants bring their Motion pursuant to Rule 54(b). Rule 54(b) motions to revise an order are judged largely by the same standards as motions to alter or amend judgment under Rule 59(e). Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). The court will therefore consider Defendants' Motion using Rule 59(e) standards.

    "The only grounds for a Rule 59(e) motion . . . are newly discovered evidence, an intervening change in the controlling law, and manifest error of law." Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998). Rule 59(e) "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment . . . or to present evidence that was available earlier." LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted); see also Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." Matter of Prince, 85 F.3d 314, 324 (7th Cir. 1996).

    In this case, Defendants present the court with no newly discovered evidence or intervening change in the law, nor do Defendants convince the court that it has made a manifest error of law. Defendants' arguments are largely a rehash of the arguments previously presented to the court. Motions to alter or amend judgment must not contain arguments already presented to, and rejected by, the court. See In re Oil Spill by "Amoco Cadiz" Off Coast of France on march 16, 1978, 794 F. Supp. 2d 261, 267 (N.D. Ill. 1992). To the extent that Defendants attempt to raise arguments that could have been raised previously, these arguments are

04C6018 George S. May vs. Xcentric Ventures, LLC                                                      Page 1 of 2

Dockets.Justia.com

## STATEMENT

also not properly before the court in a 59(e) motion. See <u>LB Credit Corp. v. Resolution Trust Corp.</u>, 49 F.3d 1263, 1267 (7th Cir. 1995). In short, Defendants have not met any of the standards for granting a Rule 59(e), or 54(b), motion. Defendants' Motion is therefore denied.