UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GEORGE S. MAY INTERNATIONAL COMPANY**, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Case Number:  04 C 6018 |
| -vs- | ) |
| | ) Judge Charles R. Norgle, Sr. |
| **XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES,** | ) ) Magistrate Judge Mason ) ) ) ) ) |
| Defendants. | ) ) |

### JOINT INITIAL STATUS REPORT

Pursuant to the Court's orders dated May 31, 2006 and June 4, 2006, attached as Exhibit A, referring this case to Magistrate Judge Mason for the purpose of conducting necessary proceedings and entering an Order/Report and Recommendations on nondispositive motions, with the exception or addition of Plaintiff's motion for contempt sanctions, the parties hereby submit their joint initial status report as follows:

**A.    Summary of Claims**

Plaintiff George S. May International Company ("GSMIC" or "George S. May") filed suit against Defendants on September 15, 2004.  Plaintiff sought a Temporary Restraining Order and Injunctive Relief, as well as damages, against Defendants based on Plaintiff's allegations that there was false, defamatory and deceptively misleading information on Defendants' websites, www.ripoffreport.com and www.badbusinessbureau.com.  Judge Norgle granted Plaintiff's motion for a temporary restraining order and order to show cause as to why a preliminary injunction should not be entered against Defendants, requiring Defendants, among

other things, to take down the allegedly false, defamatory and deceptively misleading information on the websites, on September 24, 2004, and that order was extended by agreement of the parties on October 8, 2004.  Subsequently, George S. May believed that Defendants did not comply with the Temporary Restraining Order and moved for an order of contempt.  Defendants' position was that they complied with the Order because they had taken down the posting that they believed was the subject of the application for TRO.  George S. May's position was that Defendants did not take down other postings that were not specifically identified in their application but which George S. May claimed were false, defamatory and deceptively misleading.  Judge Norgle granted George S. May's motion, and found Defendants in contempt of the temporary restraining order on September 13, 2005.  Defendants' motion for reconsideration of the contempt order was denied on May 18, 2006.  George S. May filed a brief in support of the contempt sanction on October 17, 2005, and the nature and amount of the contempt sanction remains before Judge Norgle.  George S. May alleges that it continues to be harmed by Defendants' conduct, as well as the way Defendants have modified the websites to take down the false and deceptively misleading statements of fact, and expects to seek leave to file supplemental evidence of damage, and potentially a new motion for contempt in the near future.  Defendants' position is that they have not only taken down all of the postings that were the subject of the application for TRO, but that they have also taken down all of the postings that George S. May claims are false even though there has never been a hearing on whether the postings are actually false and even though Defendants' claim the injunction violates the First Amendment and the Communications Decency Act.

     Plaintiff's Complaint alleges four causes of action, including: (1) False or Misleading Description or Misrepresentation under Section 43(a) of the Lanham Act; (2) Defamation/Libel; (3) a cause of action under the Illinois Consumer Fraud and Deceptive Business Practices Act,

815 ILCS § 505/1-12; and (4) a cause of action under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1-7. Defendants moved to dismiss the Complaint for lack of personal jurisdiction, and this motion was denied on January 17, 2006. Defendants filed an answer and affirmative defenses to Plaintiff's Complaint on February 2, 2006. Defendants have alleged five affirmative defenses, including: (1) failure to state a claim; (2) unclean hands; (3) truth; (4) lack of intent/actual malice; and (5) the Communications Decency Act. Plaintiff answered the affirmative defenses on February 10, 2006.

**B.    Relief Requested/Damages**

In this lawsuit, Plaintiff seeks the following relief:

1. Injunctive relief, including a permanent injunction;

2. Monetary damages attributable to Defendants' conduct, such damages which are, by their nature, ongoing and in an amount to be proven at trial, and costs and fees, including attorneys' fees; and

3. As a contempt sanction against Defendants, Plaintiff sought damages in the sum of $280,000, plus a fine of $767 per day based on Defendants' failure to comply with the temporary restraining order, among other relief requested.

Based on the scope of this referral, the contempt sanction is to be considered by Judge Norgle. Plaintiff reserves the right to supplement its damages submissions, both for the contempt sanction and on the underlying merits of the Complaint, as it alleges that damages are ongoing.

Among other things, Defendants' Answer and Affirmative Defenses requested damages and attorneys' fees under 15 U.S.C. § 1117(a), Fed. R. Civ. P. 11(c), and costs under 735 ILCS § 5/5-109, and under any other applicable authority.

**C.    Scope of Referral**

See referral orders, attached as Exhibit A.

D. **Status of Any Matters Briefed in this Case**

Plaintiff's motion for a contempt sanction as a result of the Court's September 13, 2005 order finding Defendants in contempt of the TRO has been fully briefed, and pursuant to the referral order, this matter is to be decided by Judge Norgle. The parties have also fully briefed George S. May's motion for a preliminary injunction, however the TRO remains in effect by agreement of the parties.

E. **Discovery /Discovery Deadlines**

The parties agreed to a discovery schedule, which was submitted as an agreed order and signed by Judge Norgle on May 24, 2006. See Exhibit B. The parties exchanged Rule 26(a) disclosures in April, 2006, and both parties have propounded and responded to written discovery. No depositions have been scheduled yet, and both parties have yet to exchange documents in response to document requests. Defendants have listed eleven potential witnesses in their Rule 26 disclosures, and several depositions are contemplated by both parties in this case. Plaintiff contemplates that it may also submit expert testimony and opinion. Defendants will be filing a Motion for Summary Judgment based on its position that immunity is provided to Defendants by the Communications Decency Act.

F. **Settlement**

Shortly after the commencement of the case, the parties discussed settlement, but have not been able to reach any settlement in this case. Plaintiff remains open to settlement discussions with Defendants, including, but not limited to, a settlement conference before the Court with parties present. Defendants are also open to settlement discussions but Defendant Magedson would request permission to be present telephonically (although his counsel could appear in person) because (1) he does not fly; and (2) he is the subject of ongoing death threats.

**Respectfully submitted,**

| | |
|---|---|
| s/ Maria Crimi Speth | s/ Rachel M. Kindstrand |
| Maria Crimi Speth, Esq. | Bart A. Lazar, Esq. |
| Lead Counsel for Defendants | Rachel M. Kindstrand, Esq. |
| Jaburg & Wilk, P.C. | Counsel for Plaintiff |
| 3200 North Central Avenue, Suite 2000 | Seyfarth Shaw LLP |
| Phoenix, AZ  85012 | 55 East Monroe Street, Suite 4200 |
| | Chicago, IL 60603 |

James K Borcia, Esq.
David O. Yuen, Esq.
Counsel for Defendants
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606