UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case Number 04-C-6018 |
| -vs- ) | |
| ) | Judge Norgle |
| XCENTRIC VENTURES, LLC, ) | Magistrate Judge Mason |
| RIP-OFF REPORT.COM ) | |
| BADBUSINESSBUREAU.COM, ) | |
| ED MAGEDSON, VARIOUS ) | |
| JOHN DOES, JANE DOES AND ) | |
| ABC COMPANIES, ) | |
| ) | |
| Defendants. ) | |

### MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPLEMENT RECORD RELATED TO CONTEMPT SANCTION

On September 13, 2005, Judge Norgle found Defendants in contempt of the temporary restraining order entered by this Court on September 24, 2004 and extended by agreement of the Defendants on October 8, 2004. On May 18, 2006, Judge Norgle denied Defendants' Motion to Reconsider his decision regarding contempt, leaving only the issue of the appropriate sanction for Defendants' contumacious acts.

Since October 17, 2005, the date on which George S. May's evidence in support of a contempt sanction was filed, George S. May has continued to be harmed by Defendants' contumacious conduct.

Instead of taking down the false and deceptively misleading postings as required by Judge Norgle's Order, Defendants have drafted and posted statements in locations where they removed a false or deceptively misleading posting or portion thereof:

> This space previously contained a complaint about the business practices of George S. May. Rip-off Report has temporarily removed the posting pending Circuit Court review of a preliminary district court order that we believe violates the First Amendment rights of free speech of the author of the posting and violates the Federal Communications Decency Act *UPDATE Employee ..inside information ..George S. May 100% guarantee and 2:1 savings ..what the Company verbally gives you is not what you think

> This space previously contained a complaint about the business practices of George S. May. Rip-off Report has temporarily removed the posting pending Circuit Court review of a preliminary district court order that we believe violates the First Amendment rights of free speech of the author of the posting and violates the Federal Communications Decency Act. Check back later for a link to Rip-off Reports legal memorandum that will be filed with the Court on this issue.

See Exhibit A to the Declaration of Israel Kushnir annexed hereto.

By posting these statements in such a prominent manner, Defendants are not really complying with the Court order, but deceptively suggesting that there was a valid complaint about the business practices of George S. May, rather than a false and/or deceptively misleading posting. Further, the posting mischaracterizes the nature of Judge Norgle's order and falsely states that Judge Norgle's order is currently being reviewed by a "Circuit Court." Thus, Defendants' supposed "compliance" has really created new violations of the Temporary Restraining Order.

These postings continue to harm George S. May. On June 13, 2006, a potential employee declined to pursue a position with George S. May, citing to the page http://www.ripoffreport.com/reports/ripoff59860.htm.--a page that contains the statements quoted above. See Exhibit B to the Declaration of Israel Kushnir annexed hereto. Thus, Defendants' statements made in "compliance" with Judge Norgle's order, after Judge Norgle found Defendants in contempt, are also false and deceptively misleading.

For these reasons, George S. May believes that Defendants remain in contempt of the Temporary Restraining Order, Defendants' contumacious conduct is still harming George S. May, and that any contempt sanction entered by the Court take into consideration: 1) the fact that Defendants, even after being found in contempt, have not complied with the Temporary Restraining Order, thus the equities support a sanction fencing in Defendants by forbidding them to post statements about GSMIC unless Defendants have reason to believe the statements are truthful; and 2) the continuing harm caused by Defendants from September 22, 2005 to the date in the future that Defendants finally comply with the temporary restraining order by removing the postings that Judge Norgle ordered Defendants to remove.

**DATED: July 13, 2006**   Respectfully submitted,

**GEORGE S. MAY INTERNATIONAL COMPANY**

By: _____
One of Its Attorneys

Attorneys for Plaintiff:

Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
55 E. Monroe Street, Suite 4200
Chicago, IL  60603
Telephone:   (312) 346-8000
Facsimile:    (312) 269-8869

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2006, I electronically filed **Plaintiff George S. May International Company's Motion and Memorandum of Law in Support of Motion to Supplement Record Related to Contempt Sanction and attached Declaration of Israel Kushnir in Support Thereof**, with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

>James K. Borcia
>Jborcia@tsmp.com
>Tressler, Soderstrom, Maloney & Priess
>233 South Wacker Drive, 22nd Floor
>Chicago, Illinois 60606-6308
>*Lead Attorney*
>*Attorney to be noticed*

>s/ Bart A. Lazar