UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, ) ) ) Plaintiff, ) ) ) v. ) ) ) XCENTRIC VENTURES, LLC, ) RIP-OFF REPORT.COM ) BADBUSINESSBUREAU.COM, ) ED MAGEDSON, VARIOUS ) JOHN DOES, JANE DOES AND ) ABC COMPANIES, ) ) Defendants. ) | Case Number 04-C-6018<br><br>Judge Norgle<br>Magistrate Judge Mason |

### RESPONSE TO MOTION TO STRIKE SUPPLEMENTAL FILING RELATED TO CONTEMPT SANCTION

Plaintiff, George S. May International Company ("George S. May"), believes that Defendants' Motion to Strike George S. May's supplemental filing related to contempt should be denied because: 1) Defendants' Motion is Moot; 2) Defendants' Motion should be directed to Magistrate Judge Mason; and 3) George S. May appropriately sought to supplement the record by providing evidence of: a) Defendants' failure to comply with this Court's order, even after being found in contempt; and b) the continued harm being caused to George S. May by Defendants' acts of contempt.

### Relevant Factual/Procedural Background

On September 13, 2005, this Court found Defendants in contempt of the temporary restraining order entered by this Court (the "Order"). On May 18, 2006, this Court denied Defendants' Motion to Reconsider its decision finding them in contempt, leaving only the issue

of the appropriate sanction for Defendants' contumacious acts. On June 6, 2006, this Court referred the matter to Magistrate Judge Mason. On June 26, 2006, Magistrate Judge Mason, requested copies of documents related to the contempt proceeding so that he could rule on the sanctions issue.[1]

Because of the passage of time since the granting of George S. May's contempt motion, and since one sanction George S. May seeks is a per day coercive fine to be assessed for each day Defendants are not in compliance with the Order, George S. May believed it would be appropriate to advise Magistrate Judge Mason of Defendants' continued failure to comply with the Order. Therefore, on July 13, 2006, George S. May filed its Motion to Supplement. On July 18, 2006, Magistrate Judge Mason took George S. May's motion under advisement.

### Defendants' Motion is Moot

Defendants' Motion is moot because Magistrate Judge Mason has already taken George S. May's Motion to Supplement the Record under advisement. Defendants cite to no Rule or case authority that permits its Motion to Strike.

### Defendants' Motion is Misdirected

Since this Court has referred the matter of sanctions for contempt to Magistrate Judge Mason, Magistrate Judge Mason should consider any matter related to consideration of the Motion. Defendants' Motion should have been filed before Magistrate Judge Mason, and is an obvious attempt to achieve an end run around this Court's referral.

---

[1] On June 26, 2006, Magistrate Judge Mason's clerk also advised George S. May's counsel that Magistrate Judge Mason interpreted this Court's referral order as limited solely to the contempt sanctions issue. George S. May's counsel conveyed this information to Defendants' counsel on that day.

### George S. May's Supplementation is Appropriate to Demonstrate Defendants' Continuing Contempt for this Court's Order

Assuming, *arguendo*, Defendants' Motion is reviewed on the merits, it should be denied because George S. May's supplementation of the record relating to damages is appropriate. George S. May did not file a new contempt proceeding, but is calling to the attention of the Court that Defendants—despite this Court's order finding Defendants in contempt and denying Defendants' Motion to Reconsider—have **still not complied** with the Order, and Defendants' contempt of court continues to harm George S. May.

Instead of complying with the Order by taking down the false and deceptively misleading postings as required by the express terms of the Order and this Court's affirmation of the Order finding Defendants in contempt, Defendants have drafted and posted statements in locations where they removed a false or deceptively misleading posting or portion thereof, stating, for example, the following:

> This space previously contained a complaint about the business practices of George S. May. Rip-off Report has temporarily removed the posting pending Circuit Court review of a preliminary district court order that we believe violates the First Amendment rights of free speech of the author of the posting and violates the Federal Communications Decency Act *UPDATE Employee ..inside information ..George S. May 100% guarantee and 2:1 savings ..what the Company verbally gives you is not what you think.

> This space previously contained a complaint about the business practices of George S. May. Rip-off Report has temporarily removed the posting pending Circuit Court review of a preliminary district court order that we believe violates the First Amendment rights of free speech of the author of the posting and violates the Federal Communications Decency Act. Check back later for a link to Rip-off Reports legal memorandum that will be filed with the Court on this issue. (See Exhibit A attached).

Defendants' creation of such content demonstrates continued violation of the Order since it deceptively suggests that there was a valid complaint about the business practices of George S. May, rather than a false and/or deceptively misleading posting which this

3

Court ordered Defendants to take down. Further, the posting mischaracterizes the nature of the Order, falsely stating that the Order is currently being reviewed by a "Circuit Court." Thus, Defendants are still not in compliance with the Order.

George S. May believes it is important that Magistrate Judge Mason also know that postings cause actual harm to George S. May. On June 13, 2006, a potential employee declined to pursue a position with George S. May, citing to the page http://www.ripoffreport.com/reports/ripoff59860.htm.-- the very page that contains the statements quoted above. (See Exhibit B attached).

Since Defendants remain in contempt of court to this day, George S. May believes that Magistrate Judge Mason should consider this fact in assessing an appropriate contempt sanction. For this reason, as well as Defendants' failure to move in a timely fashion, or before Magistrate Judge Mason, Defendants' Motion to Strike should be denied.

**DATED: July 24, 2006**  Respectfully submitted,

GEORGE S. MAY INTERNATIONAL COMPANY

By: _____
One of Its Attorneys

Attorneys for Plaintiff:

Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
55 E. Monroe Street, Suite 4200
Chicago, IL  60603
Telephone:  (312) 346-8000
Facsimile:   (312) 269-8869

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2006, I electronically filed **Plaintiff George S. May International Company's Response To Motion To Strike Supplemental Filing Related To Contempt Sanction** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

>James K. Borcia
>Jborcia@tsmp.com
>Tressler, Soderstrom, Maloney & Priess
>233 South Wacker Drive, 22nd Floor
>Chicago, Illinois 60606-6308
>*Lead Attorney*
>*Attorney to be noticed*


>s/ Bart A. Lazar