IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) No. 04 C 6018 |
| XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM, BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES and ABC COMPANIES, | ) Judge Charles R. Norgle ) ) Magistrate Judge Moran |
| Defendants. | ) |

### EMERGENCY MOTION TO QUASH SUBPOENA

Defendants, Xcentric Ventures, LLC, and Ed Magedson, by and through their attorneys, respectfully request that the Court quash the Subpoena Duces Tecum served by Plaintiff on Paypal, Inc. which requests confidential financial records of both parties and non-parties to this case. Defendants further request expedited ruling on this Motion because the subpoena is returnable by August 9, 2006 and Paypal, Inc. could respond to the subpoena prior to that due date. This Motion is supported by the following Memorandum of Points and Authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff has subpoenaed PayPal, Inc. to produce any and all documents relating to Xcentric Ventures, LLC, Ed Magedson, and/or Consumer Media Publishing, LLC, Creative Business Investment Concepts, Inc., www.ripoffreport.com and/or www.badbusinessbureau.com. While Xcentric and Magedson are parties to this litigation, neither Consumer Media Publishing, LLC ("Consumer Media") nor Creative Business Investment Concepts, Inc. ("Creative Business") are parties to this litigation. As such they should not be subject to this subpoena. Moreover the records requested are confidential financial records that are not relevant to the issues in this case.

PayPal is the equivalent of an on-line bank. The records requested include detailed financial records including the names and credit card numbers of consumers who purchase books, financial records of Xcentric, Magedson Consumer Media, and Creative Business and the personal financial information of Xcentric, Magedson and Consumer Media. Plaintiff does not purport to limit the requested information in any way. (See a copy of the subject subpoena attached as Exhibit "A").

Defendants object to PayPal complying with the subpoena because doing so would involve the disclosure of Defendants' confidential financial records and the financial records of non-parties. The financial records requested are not only sensitive materials but have no relevance here. Plaintiff's claims center on defamation and the financial documentation requested pursuant to this subpoena are in no way relevant to those claims. Moreover, the subpoena requests information regarding revenue received from the sale of books entitled "Rip-Off Revenge Do-It-Yourself Guide," also tilted as "Do-It-Yourself Guide: How to get Rip-off Revenge and your money back too…" These publications are marketed and distributed by a non-party and have zero to do with the claims Plaintiff is pursuing in this case. Additionally, there is no protective order in place for Xcentric and/or Magedson and disclosure of this type of confidential information without such an order should not be permitted.

Furthermore, Magedson, Xcentric Ventures and Consumer Media Publishing are Arizona entities or residents. Arizona recognizes the right to privacy by express constitutional provision. *See* Ariz. Const., Art. 2, Sec. 8. Common law principles similarly recognize the right to privacy. *See* Restatement (Second) of Torts, § 652D (protecting all persons from unreasonable intrusions into their private affairs). The *Restatement* specifically indicates that financial records are part of one's private life and, as such, are entitled to privacy protections. *See id.*, cmt. a.

2

In *Larriva v. Montiel*, 143 Ariz. 23, 691 P.2d 735 (App. 1984), the Arizona appellate court dealt with whether tax returns and financial records could be discovered in a case where punitive damages were sought. The court held that no production of tax records could be compelled absent "prima facie proof" that punitive damages were available. *See Larriva*, 143 Ariz. at 24, 691 P.2d at 736. In rejecting arguments that its holding would undermine discovery rights, the court observed:

> Generally, the burden is cast upon the party who seeks a protective order to show annoyance, embarrassment, or oppression. However, we hold that the nature of discovery of financial information of a litigant requires a broader basis for protection.

*See Larriva*, 143 Ariz. at 25, 691 P.2d at 737. In supporting its ruling, the *Larriva* court quoted favorably from a Delaware case, as follows:

> In cases involving the requested disclosure of a defendant's financial condition, however, consideration must be given to the defendant's right to privacy and his right to protection from harassment, as well as to plaintiff's need for discovery.

*Id.* The same principles apply at bar. The court should preclude the discovery of personal financial records of the Defendants and non-parties.

WHEREFORE, Defendants, Xcentric Ventures, LLC, and Ed Magedson, request that the Court quash the subpoena issued to PayPal, Inc. and for such further relief as this Court deems just and appropriate.

XCENTRIC VENTURES, LLC, and ED MAGEDSON

By: /s/ James K. Borcia
One of Their Attorneys

Of Counsel:
Maria Crimi Speth, Esq.
JABURG & WILK PC
Arizona Bar No. 012574
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
(602) 248-1000

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY,<br><br>          Plaintiff,<br><br>v.<br><br>XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM, BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES and ABC COMPANIES,<br><br>          Defendants. | ) ) ) ) ) No. 04 C 6018 ) ) Judge Charles R. Norgle ) ) ) ) ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2006, I electronically filed **Defendants' Emergency Motion to Quash Subpoena** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

    Bart A. Lazar, Esq.
    Rachel Kindstrand, Esq.
    Seyfarth Shaw LLP
    55 East Monroe, Suite 4200
    Chicago, IL 60603

I served this notice by mailing a copy to: PayPal, Inc., c/o Custodian of Records, 2211 North First Street, San Jose, CA 95131, by depositing the same in the U.S. Mail at 233 South Wacker Drive, Chicago, Illinois, before 5:00 p.m. on the July 27, 2006, with proper postage prepaid.

                        XCENTRIC VENTURES, LLC, and ED MAGEDSON


                        By:_____/s/ James K. Borcia_____
                                One of Their Attorneys

| | |
|---|---|
| Maria Crimi Speth, Esq.<br>JABURG & WILK PC<br>3200 North Central Avenue, Suite 2000<br>Phoenix, AZ 85012<br>(602) 248-1000 | James K. Borcia<br>David O. Yuen<br>Tressler, Soderstrom, Maloney & Priess, LLP<br>233 South Wacker Drive, 22nd Floor<br>Chicago, IL 60606-6399<br>(312) 627-4000 |

2