UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, <br><br> Plaintiff, <br><br> -vs- <br><br> XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES, <br><br> Defendants. | Case Number 04-C-6018 <br><br> Judge Charles R. Norgle <br><br> T S M & P <br> RECEIVED <br> JUL 2 7 2006 <br><br> DIARIED............DOCKETED MOC <br> ATTY. 5634-2-51-675 |

### NOTICE OF SUBPOENA DUCES TECUM TO PAYPAL, INC.

To:   James K. Borcia, Esq.                Maria Crimi Speth, Esq.
      David O. Yuen, Esq.                  Jaburg & Wilk, P.C.
      Tressler, Soderstrom, Maloney & Priess   Great American Tower
      233 South Wacker Drive, 22nd Floor   3200 N. Central Ave., Ste. 2000
      Chicago, Illinois 60606-6308         Phoenix, Arizona 85012

PLEASE TAKE NOTICE that on August 10, 2006, PayPal, Inc., 2211 North First Street, San Jose, California, 95131, is required to produce for inspection and copying at the offices of Seyfarth Shaw LLP, c/o Rachel M. Kindstrand, 55 East Monroe Street, Suite 4200, Chicago, IL 60603, all documents specified in the Schedule of Documents Requested attached to the enclosed subpoena duces tecum.

GEORGE S. MAY INTERNATIONAL COMPANY

By: *Rachel M. Kindstrand*
   One of Its Attorneys

Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
Seyfarth Shaw LLP
55 East Monroe, Suite 4200
Chicago, IL 60603
(312) 346-8000

CH1 11087982.1

EXHIBIT A

## CERTIFICATE OF SERVICE

I, Rachel M. Kindstrand, an attorney, hereby certify that a true and correct copy of the **Notice of Subpoena Duces Tecum to PayPal, Inc.** was served on the following via First Class U.S. Mail, postage prepaid, on July 20, 2006:

>James K. Borcia, Esq.
>David O. Yuen, Esq.
>Tressler, Soderstrom, Maloney & Priess
>233 South Wacker Drive, 22nd Floor
>Chicago, IL  60606-6308
>
>Maria Crimi Speth
>Jaburg & Wilk, P.C.
>Great American Tower
>3200 North Central Avenue, Suite 2000
>Phoenix, AZ 85012

*Rachel M. Kindstrand*
Rachel M. Kindstrand

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE S. MAY INTERNATIONAL, INC.

V.

XCENTRIC VENTURES, LLC, et. al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-C-6018
PENDING IN U.S. DIST. CT. FOR
NORTH. DIST. OF ILLINOIS

TO: PAYPAL, INC.
% Custodian of Records
2211 North First Street
San Jose, California 95131, facsimile: (408) 967-9915

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Schedule of Documents

| PLACE Seyfarth Shaw LLP, c/o Rachel M. Kindstrand, 55 E. Monroe St., 42nd Floor, Chicago, Illinois, 60603 fax: (312) 269-8869 | DATE AND TIME August 10, 2006, 5:00 pm (CDT) |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Rachel M. Kindstrand* Atty for Plaintiff | DATE July 20, 2006 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Rachel M. Kindstrand, Seyfarth Shaw LLP, 55 East Monroe Street, Suite 4200, Chicago, Illinois 60603
(312) 346-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## **SCHEDULE OF DOCUMENTS REQUESTED**

1. Any documents relating to XCentric Ventures LLC, Ed Magedson, and/or Consumer Media Publishing, LLC, Creative Business Investment Concepts, Inc., www.ripoffreport.com, and/or www.badbusinessbureau.com, and/or any of the Defendants, including but not limited to:

   a. All documents relating to any contributions, donations, revenues, or any other payments received by PayPal, Inc. for XCentric Ventures, LLC and/or Ed Magedson and/or Consumer Media Publishing, LLC and/or Creative Business Investment Concepts, Inc., and/or Defendants, and/or through www.ripoffreport.com and/or www.badbusinessbureau.com.

   b. All documents relating to any agreement and/or contract between PayPal, Inc. and XCentric Ventures LLC, and/or Ed Magedson, and/or Consumer Media Publishing, LLC, and/or Creative Business Investment Concepts, Inc., and/or www.ripoffreport.com, and/or www.badbusinessbureau.com, and/or Defendants.

   c. All documents relating to any communications between PayPal, Inc. and XCentric Ventures LLC, and/or Ed Magedson, and/or Consumer Media Publishing, LLC, and/or Creative Business Investment Concepts, Inc., and/or www.ripoffreport.com, and/or www.badbusinessbureau.com, and/or Defendants.

2. Any and all documents relating to the sale or purchase of the "Rip-Off Revenge Do-It-Yourself Guide" or as also titled the "Do-it-Yourself Guide: How to get Rip-off Revenge ™ and your money back too.."

3. Any and all documents relating to the Present Litigation.

## **DEFINITIONS**

1.  As used herein, "document" or "thing" refers to all items within the scope of Fed. R. Civ. P. 34. Accordingly, the term "document" includes, without being limited thereto, the following items, whether printed, recorded or filmed, or reproduced by any other mechanical or electronic process, or written or produced by hand, and whether or not claimed to be privileged against discovery on any ground, and including all originals, masters and copies, namely: agreements, contracts and memoranda of understanding; assignments; licenses; correspondence and communications, including intra company correspondence and communications, email, voicemail, personal digital assistants, Blackberry devices, cablegrams, telex messages, radiograms, facsimiles, and telegrams; reports, notes and memoranda; summaries, minutes and records of telephone conversations, meetings and conferences, including lists of persons attending meetings or conferences and interviews; books, manuals, publications, and diaries; sketches and drawings; photographs, motion pictures; audio and video tapes, discs, or electronic files; computer files; data bases; reports and/or summaries of investigations; opinions and reports of experts and consultants; registrations of marks or copyrights, mark applications; mark search reports; mark infringement and validity searches and studies; trade dress infringement searches and studies; opinions of counsel; sales records, including purchase orders, order acknowledgments and invoices; books of account; statements, bills, checks, and vouchers; reports and summaries of negotiations; brochures; pamphlets, catalogs and catalog sheets; sales literature and sales promotion materials; advertisements; displays, circulars, trade letters, notices and announcements; press, publicity, trade and product releases; drafts of originals of or preliminary notes on, and marginal comments appearing on any documents, reports, and records; and any other information-containing paper, writing, or electronic file. The term "thing"

includes, without being limited to, any models and mock ups, products, prototypes, samples, devices, machines, or any physical thing.

2. The term "communication" or "communications" is used in the broadest and most expansive sense and includes, without any limitation, any written, oral, electronic, or other transmittal of information, and includes any document which records, reflects, and/or concerns any such transmittal, including without limitation electronic mails ("emails"), Internet postings, Internet Protocol ("IP") logs, sound recordings, transcripts, written statements, letters, telegrams, telexes, facsimiles, message slips, memoranda, notes, or any other memorialization, whether written, electronic, or otherwise.

3. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information which might otherwise be construed to be outside their scope.

4. The term "relating" is used in the broadest and most expansive sense possible and shall be construed to mean consists of, refers to, reflects, or is any way legally, logically, or factually connected with the matter discussed.

5. "Person" means a natural person or an entity.

6. "Entity" means a sole proprietorship, firm, partnership, joint venture, association, corporation, governmental body, governmental agency, department, commission or any other organization.

7. "You" or "your" includes the Entity or Person responding to the request and, where applicable, all predecessors, subsidiaries, affiliates, branches, operating units, related entities, and all officers, directors, employees, agents, attorneys, or other persons acting on such Entity's or Person's behalf.

8. "PayPal, Inc." means PayPal and any of its predecessors, subsidiaries, affiliates, parent companies, branches, operating units, and all officers, directors, employees, agents, representatives, attorneys, or other persons or entities acting on behalf of any of the above.

9. "Rip-Off Report.com" means the Internet site accessible on the Internet via the Uniform Resources Link (URL) of http://www.ripoffreport.com, including, but not limited to, any past or present postings or information hosted by, provided on or accessible via such Internet site, and any of its predecessors, subsidiaries, parent companies, affiliates, branches, operating units, and all officers, directors, employees, agents, representatives, attorneys, or other persons or entities acting on behalf of any of the above.

10. "Badbusinessbureau.com" means the Internet site accessible via the Uniform Resources Link (URL) of http://www.badbusinessbureau.com, including, but not limited to, any past or present postings or information hosted by, provided on or accessible via such Internet site, and any of its predecessors, subsidiaries, parent companies, affiliates, branches, operating units, and all officers, directors, employees, agents, representatives, attorneys, or other persons or entities acting on behalf of any of the above.

11. "Ed Magedson" means the named defendant in the Present Litigation, Ed Magedson, and all employees, agents, representatives, attorneys, or other persons or entities acting on his behalf.

12. "XCentric Ventures, LLC" means the defendant named in the Present Litigation, XCentric Ventures, LLC, and any of its predecessors, subsidiaries, parent companies, affiliates, branches, operating units, and all officers, directors, employees, agents, representatives, attorneys, or other persons or entities acting on behalf of any of the above.

13. "Defendants" means any one or more of the defendants of the Present Litigation, including XCentric Ventures, LLC, Rip-off Report.com, Badbusinessbureau.com, Ed Magedson, and any unknown ABC Companies, John Does, and Jane Does, singularly or collectively, and includes any of their predecessors, parent companies, subsidiaries, affiliates, branches, operating units, officers, directors, employees, agents, representatives, attorneys, and any other persons or entities acting on their behalf.

14. "Present Litigation" means the litigation pending in the U.S. District Court for the Northern District of Illinois, case no. 04-C-6018.

## INSTRUCTIONS

1. Any of the above requests should not be construed to limit discovery as to any other request or any term defined above, and no-subpart of any request should be construed to limit discovery of any request.

2. In responding to each request, you are requested to produce all originals, drafts, copies, and/or non-identical copies of any documents attached to, enclosed with, and/or referenced by a document request therein. For information retained in digital formal, "originals" shall include a computer print-out of the information and data related thereto.

3. These requests cover all information and documents within your possession, custody or control and/or the possession, custody or control of any of your employees, agents, attorneys, corporations, parent or subsidiary corporations and/or divisions or affiliates.

4. If any document requested is no longer in your possession, custody or control, state:

   a. what was done with the document;

   b. when such disposition was made;

CH1 11088666.1

   c. the identity, address and phone number of the current possessor or custodian of the document;

   d. the identity, address and phone number of the person who made the decision to dispose of or transfer the document; and

   e. the reasons for the disposition or transfer of the document.

 5. Where anything has been deleted from a document produced in response to a request:

   a. describe the nature of the material or information deleted;

   b. specify the reason(s) for the deletion;

   c. identify the person responsible for the deletion; and

   d. describe the location of the undeleted document including the identity, address and phone number of the current possessor or custodian of the document.

 6. If you withhold any document responsive to any request on the basis of a claim of attorney-client privilege, attorney work-product privilege, and/or joint defense immunity, or any other privilege, you must make that claim expressly and support that claim with a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim in accordance with Federal Rule of Civil Procedure 45(d)(2).

 7. Whenever you are unable to produce any requested documents, you should describe all steps taken to identify and locate any responsive documents.

 8. For each document produced, indicate to which specific numbered request or requests it responds.

CH1 11088666.1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, ) ) ) Plaintiff, ) ) -vs- ) ) XCENTRIC VENTURES, LLC, ) RIP-OFF REPORT.COM ) BADBUSINESSBUREAU.COM, ) ED MAGEDSON, VARIOUS ) JOHN DOES, JANE DOES AND ) ABC COMPANIES, ) ) Defendants. ) | Case Number 04-C-6018<br><br>Judge Norgle |

### DECLARATION OF KEEPER OF RECORDS

I, _____, pursuant to the provisions of 28 U.S.C. § 1746, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am the keeper of records for PayPal, Inc.

2. I have personally reviewed, or supervised a review, of the entity's records for documents responsive to the Subpoena served upon this entity by George S. May International Company.

3. _____ Responsive documents were located; or

   _____ No responsive documents were located.

4. If responsive documents were located, they have been produced in compliance with the Subpoena.

CH1 10832700.1

_____
Signature

_____
Title, if applicable

_____
PayPal, Inc.

Dated: _____/_____/_____

2