JKB/cic/294433                                                      5634-2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 04 C 6018 ) |
| XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM, BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES, | ) Honorable Judge Norgle ) ) Magistrate Judge Mason ) ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION TO "SUPPLEMENT" RECORD RELATED TO CONTEMPT SANCTION**

Defendants XCENTRIC VENTURES, LLC ("Xcentric"), RIP-OFF REPORT.COM ("Rip-Off Report"), BADBUSINESSBUREAU.COM ("BBB") and Edward Magedson ("Magedson"; collectively "Defendants"), respectfully move the Court for an order <u>striking</u> that certain pleading entitled, "MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPLEMENT RECORD RELATED TO CONTEMPT SANCTION" (Doc. #129) filed on July 13, 2006 by Plaintiff GEORGE S. MAY INTERNATIONAL COMPANY ("GSM" or "Plaintiff").

There is no factual or legal basis for Plaintiff's instant motion, and the Court should, in fact, strike it in its entirety.

**BACKGROUND**

GSM's instant motion correctly notes that almost two full years ago, in the fall of 2004, GSM petitioned (Doc. #15; 10/08/2004) the Court to find Defendants in contempt for failing to

promptly remove certain messages posted on Defendants' website. Defendants opposed (Doc. #22; 11/12/2004) that petition on the basis that they had, in fact, removed the limited materials which Plaintiff had asked them to remove. Nevertheless, almost a year after that petition was filed, the Court found Defendants in contempt on September 13, 2005 (Doc. #78; 09/13/2005). Defendants asked the Court to reconsider (Doc. #85; 10/17/2005) that decision, but the Motion For Reconsideration was recently denied (Doc. #122; 05/18/2006).

About a month after the initial contempt finding, in October 2005 GSM filed a four (4) page pleading (Doc. #88; 10/17/2005) which asked the Court to award it damages of at least **$580,000** flowing from the prior contempt. In response to that request, Defendants filed a detailed brief (Doc. #95; 11/04/2005) which raised the following points:

- As a federal court exercising its diversity jurisdiction, pursuant to *Erie Railroad Co. v. Tomkins*, 304 U.S. 64 (1938) the Court must follow the substantive law of the State of Illinois;

- Under Illinois law money damages for civil contempt are simply never available to the Plaintiff (such penalties may be paid only to the Court);

- Since GSM was seeking $580,000 for a *completed* past act of contempt (rather than asking the Court to coerce future compliance with an order); the request was for criminal contempt sanctions which GSM has no standing to pursue; and

- The only evidence of damages produced by GSM was pure hearsay attached to a self-serving affidavit by GSM's President.

To date, no ruling has been made on GSM's request for $580,000 in pre-trial sanctions. Notably, Defendants' response to that request also included a demand (Doc. #97; 11/04/2005) for a jury trial as required by Local Rule LR 37.1(b) and Fed. R. Crim. P. 42(a)(3), as well as

evidentiary objections (Doc. #98; 11/04/2005) to the hearsay evidence which GSM alleged as proof of its damages. Each of these matters currently remains outstanding.

However, on July 13, 2006, GSM filed the instant pleading which purports to "supplement" the record as it related to the issue of contempt. Defendants respectfully request that the Court strike this baseless and inappropriate pleading in its entirety because: 1.) it is not authorized by any Rule of Federal Procedure; 2.) GSM's pleading violates Local Rule 37.1(a); and 3.) due to a recent narrowing of the case by GSM, there is no factual or legal basis to GSM's request to hold Defendants in contempt for a second time for the statements set forth in GSM's newest pleading.

## I.   PLAINTIFF'S MOTION TO "SUPPLEMENT" IS UNAUTHORIZED

When it recently denied Defendants' Motion for Reconsideration, the Court's order (Doc. #122; 05/18/2006) expressly stated, "The court first notes that <u>there is no such thing as a 'Motion to Reconsider' [under the Federal Rules of Civil Procedure]</u>." (emphasis added). Prior to that ruling, GSM had argued that the Court should deny Defendants' Motion for Reconsideration on this basis. In response to GSM's argument, Defendants explained that the Seventh Circuit had expressly approved of the use of such motions in certain cases:

> [T]he Seventh Circuit [has] observed that a motion for reconsideration performs a valuable function where: the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion for reconsideration would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Jefferson v. Security Pacific Financial Services, Inc.*, 162 F.R.D. 123, 124 – 125 (N.D. Ill. 1995), (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). This citation notwithstanding, the Court apparently believed it could not grant Defendants'

Motion for Reconsideration in part because, as GSM argued, the Federal Rules of Civil Procedure do not expressly authorize that type of pleading.

Applying this same standard here, the Rules clearly do not recognize a "Motion to Supplement" a record relating to a prior contempt finding, and this Court should deny GSM's motion for that reason alone. Fairness requires no less.

Furthermore, as explained below, GSM is not actually seeking to "supplement" anything. Rather, GSM is asking for a <u>new</u> contempt finding based on <u>new</u> alleged contumacious conduct which occurred <u>after</u> the September 13, 2005 contempt order. As such, GSM must go through the mandatory process required by the Local Rules of this Court. GSM's failure to follow these rules provides yet another basis to not only deny but to strike the request to supplement.

## II.   <u>PLAINTIFF'S MOTION VIOLATES LOCAL RULE 37.1</u>

Local Rule 37.1 sets forth the mandatory requirements for an order seeking to hold a party in contempt. First, LR 37.1(a) requires the party alleging contempt to file either a motion or an order to show cause asking the Court to find the responding party in contempt. Notably, GSM originally followed this rule when it sought its first contempt order by filing a motion (Doc. #15; 10/08/2004) almost two years ago.

For reasons unknown, GSM now elects to ignore LR 37.1(a). Instead, it appears to ask the Court to *retroactively* include new conduct within the scope of the <u>prior</u> contempt finding. Such a request violates both the letter and the spirit of LR 37.1(a) insofar as GSM is seeking to shoehorn new factual matters into a prior order without allowing Defendants any measure of due process such as the right to a trial as required by LR 37.1(b). This deliberate attempt by GSM to end-run Defendants' procedural rights again warrants striking the instant pleading.

### III. GSM HAS RECENTLY NARROWED THE SCOPE OF THIS CASE, THEREBY WAIVING THE CURRENT CLAIM FOR CONTEMPT DAMAGES

Turning to the merits of GSM's present motion, the Court must be informed of a recent dramatic change in the course of this litigation which entirely resolves the pending issue of GSM's request for $580,000 in damages for contempt. In the past few months, the parties have engaged in significant discovery and dialogue relating to the proper scope of this litigation. Specifically, Defendants have repeatedly explained to GSM's counsel that in light of the Communications Decency Act, 47 U.S.C. § 230 (the "CDA"), all of GSM's claims in this action are barred to the extent that they seek to impose liability upon Defendants for statements which were authored by third parties (as opposed to statements which were created by Defendants).

While a complete recitation of this issue is beyond the scope of this pleading, it suffices to say that under the CDA, a website is absolutely immune from civil liability (including injunctive relief), so long as three simple elements are shown: 1.) the defendant website must be "interactive"; 2.) the claims must treat the defendant as a publisher or speaker of information, and 3.) the information at issue must have been provided (written) by a third party. *See Schneider v. Amazon.com, Inc.*, 31 P.3d 37, 39 (Wash.App. 2001).

Defendants have explained to GSM that the Seventh Circuit follows this same interpretation of the CDA. In *Doe v. GTE Corp.*, 347 F.3d 655 (7th Cir. 2003), the plaintiffs sued the defendant, GTE, because it hosted certain internet websites where unauthorized amateur videos of plaintiffs were posted without their knowledge or consent. *See GTE*, 347 F.3d at 656. As in this case, even though GTE did not actually create any of the videos, plaintiff sought to impose liability upon GTE merely for providing a forum (a website) where the videos were posted, distributed, and available for sale. *See id.* This is the identical posture to this matter.

5

GTE moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and that motion was granted by the Chief Judge of this Court, Hon. Charles P. Kocoras. In affirming that ruling, the Seventh Circuit noted the broad protections granted by the CDA and the unanimous agreement among each of the four other Circuit courts which had considered the issue:

> The district court held that subsection (c)(1) [47 U.S.C. § 230(c)(1)], though phrased as a definition rather than as an immunity, also blocks civil liability when web hosts and other Internet service providers (ISPs) refrain from filtering or censoring the information on their sites. Franco [a third party] provided the offensive material; <u>GTE is not a "publisher or speaker" as § 230(c)(1) uses those terms; therefore, the district court held, GTE cannot be liable under any state-law theory to the persons harmed by Franco's material</u>. This approach has the support of four circuits. *See Zeran v. America Online, Inc.*, 129 F.3d 327 (4th Cir. 1997); *Ben Ezra, Weinstein & Co. v. America Online, Inc.*, 206 F.3d 980 (10th Cir. 2000); *Green v. America Online*, 318 F.3d 465 (3d Cir. 2003); *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003). <u>No appellate decision is to the contrary</u>.

*GTE*, 347 F.3d at 659 – 60 (emphasis added). Because *GTE* represents the controlling law of this jurisdiction, its holding bars all of GSM's claims against Defendants to the extent those claims seek to impose liability for material that was posted on the Defendants' website by third parties.

For that reason, the CDA is a major issue of concern because GSM's own Complaint alleges that Defendants would be liable for statements which <u>GSM itself alleges were authored by third parties</u>. Specifically, Paragraph 12 of the Complaint (Doc. #1; 09/15/2004) alleges, "On information and belief, some of the postings asserting that GSMIC has engaged in illegal and immoral activities, hosted, and transmitted by Defendants <u>were posted by GSMIC's competitors for the purpose of hurting GSMIC's business</u>." (emphasis added).

In order to clarify this issue, Defendants recently propounded detailed discovery which requested, among other things: 1.) that GSM identify each specific alleged statement at issue in

6

this case; 2.) that GSM produce proof that Defendants actually wrote these statements (as opposed to third parties), and 3.) that GSM admit it is seeking to impose liability upon Defendants for statements which Defendants did not create. To date, GSM has refused to respond to issue #2, and it has provided a limited response to issue #1. Both of those matters may be the subject of a Motion to Compel and request for sanctions in the near future.

However, GSM did provide a response to issue #3. That discovery was in the form of a Request to Admit which read: "1.) Admit that the COMPLAINT seeks to impose liability upon Defendants for statements appearing on the ROR Sites which were created by persons other than Defendants." The request was followed by an interrogatory which read:

NON-UNIFORM INTERROGATORY:

If your response to the question immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

GSM's response to the Request to Admit is attached hereto as **Exhibit A**. In that response, GSM **denied** that its Complaint seeks to impose liability upon Defendants for statements created by third parties appearing on Defendants' website (www.ripoffreport.com). Although GSM denied this Request to Admit, thus triggering its duty to respond to the associated interrogatory which asked for a detailed explanation of the denial, GSM failed to provide any response to the interrogatory. That refusal notwithstanding, GSM has now clarified that it does not intend to hold Defendants liable for any statements which were posted on Defendants' site by third parties.

This new position is directly contrary to most of the allegations in GSM's Complaint, and, more importantly, it represents a drastic narrowing of the scope of other aspects of this case. Specifically, when GSM initially sought the TRO/preliminary injunction which GSM claimed

7

Defendants contumaciously failed to comply with, GSM's counsel expressly argued that the injunction should be issued because the "named Defendants [i.e., Xcentric, *et al.*] are supporting <u>the efforts of competitors</u> to damage GSMIC's reputation among customers and prospective employees." Reply Memorandum of Law By George S. May Int'l Co. at 1; Doc. #20; 11/05/2004 (emphasis added). Even more specifically, in that same pleading GSM expressly admitted that the basis for injunctive relief (and then later contempt) were statements which were authored by third parties; "In sum, <u>the Doe Defendants continue to author</u>, and the named Defendants [Xcentric] continue to edit, post, host, and/or transmit false and deceptively misleading statements about GSMIC on its websites ... ." *Id.*

In stark contrast to these early arguments which treated Defendants as liable for merely publishing statements authored by users of its website, GSM has now conceded — as it must — that the CDA does not support liability for hosting or publishing third party statements.

Because GSM has now withdrawn that part of its case, by extension it has therefore also withdrawn its argument that Defendants are liable to it for any damages, much less $580,000 in damages, arising from statements which GSM itself alleged were authored by its competitors and unnamed Doe Defendants. GSM can certainly pursue any and all provable damages from the parties who actually wrote the offending messages, but the CDA does not permit GSM to hold Defendants liable for the speech and conduct of third parties.

IV. **CONCLUSION**

WHEREFORE, Defendants respectfully request that this Court strike Plaintiff's Motion to Supplement. To the extent that the Motion is actually an improper and factually baseless attempt to seek a second contempt finding, Defendants further ask this Court to award them their

reasonable attorney's fees incurred in preparation of this pleading pursuant to Local Rule LR 37.1(d).

                                                                Respectfully submitted,

                                                                XCENTRIC VENTURES, LLC
                                                                EDWARD MAGEDSON

                                               By:    /s/James K. Borcia
                                                           One of Their Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue
Suite 2000
Phoenix, AZ 85012
(602) 248-1000

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 04 C 6018 ) |
| XCENTRIC VENTURES, LLC, et al., | ) Honorable Judge Norgle ) |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2006, I electronically filed **Defendants' Motion to Strike Plaintiff's Motion to "Supplement" Record Related to Contempt Sanction** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

>  Bart A. Lazar, Esq.
>  Rachel Kindstrand, Esq.
>  Seyfarth Shaw LLP
>  55 East Monroe, Suite 4200
>  Chicago, IL 60603

XCENTRIC VENTURES, LLC and ED MAGEDSON

By: ___/s/ James K. Borcia_____
One of Their Attorneys

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
(602) 248-1000

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000