## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6018 | **DATE** | 7/26/2006 |
| **CASE TITLE** | George S. May Int'l Co. Vs. Xcentric Ventures, LLC, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Motion for Clarification on Magistrate Judge Referral [132] is granted.

■ [ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

### STATEMENT

It has come to the court's attention that its Order of May 22, 2006, referring the matter of contempt sanctions to the magistrate judge, has apparently not appeared on the case docket, and may not have been mailed to counsel. The court therefore reiterates what it said in the May 22, 2006 Order: the issue of contempt sanctions has been referred to the assigned magistrate judge. The magistrate judge shall conduct whatever hearings he finds necessary in this matter, and shall make a written recommendation to the court regarding what sorts of sanctions are appropriate. If the magistrate finds that monetary sanctions are appropriate, he shall make a recommendation regarding a specific dollar amount.

The court attaches, and hereby incorporates into this Order, its May 22, 2006 Order.

Courtroom Deputy Initials:

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6018 | **DATE** | 5/22/2006 |
| **CASE TITLE** | George S. May Int'l Co. vs. Xcentric Ventures, LLC, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for contempt sanctions [88] is referred to the assigned magistrate judge. The magistrate shall recommend to the district court an appropriate remedy for Defendants' violation of the temporary restraining order.

■[ For further details see text below.]   Docketing to mail notices.

### STATEMENT

   On September 24, 2004, the court entered a temporary restraining order ("TRO") prohibiting Defendants from "making, hosting, or transmitting false or deceptively misleading, descriptions, statements or representations concerning George S. May." The TRO was extended by agreement on October 8, 2004. On September 13, 2005, the court found Defendants in contempt for violating the TRO. The court denied Defendant's Motion to Reconsider on May 18, 2006. Plaintiffs now move the court to sanction Defendants for their violation of the TRO.
   The court has found that the Defendants have violated the TRO to which they agreed. Defendants have asked for a hearing regarding remedies demanded by the Plaintiff and the monetary amounts Plaintiff demands on the violations. The court agrees with Defendants that testimonial evidence is necessary to support, deny, or modify the monetary sanctions Plaintiff demands. The personal appearance of Defendant Ed Magedson may be ordered by the assigned magistrate judge. Other witnesses may be required to testify. See Opinion and Order of January 18, 2006.
   After the assigned magistrate judge conducts the hearings, he or she shall make written recommendations to the district judge. The district judge retains under advisement the issue of a permanent injunction. See Ebay, Inc. v. Mercexchange, L.L.C., 05-130, 2006 U.S. LEXIS 3872 (U.S. May 15, 2006).

Courtroom Deputy Initials: