UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 04 C 6018 <br> ) |
| XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM, BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES, | ) Honorable Judge Norgle <br> ) Magistrate Judge Mason <br> ) <br> ) <br> ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO QUASH SUBPOENA TO

## CREATIVE BUSINESS INVESTMENT CONCEPTS, INC.

Pursuant to Fed. R. Civ. P. 45(c)(3)(A), Defendants XCENTRIC VENTURES, LLC ("Xcentric"), and Edward Magedson ("Magedson"; collectively "Defendants"), respectfully move the Court for an order quashing that certain subpoena dated July 19, 2006 served by Plaintiff GEORGE S. MAY INTERNATIONAL COMPANY ("GSM" or "Plaintiff") upon non-party CREATIVE BUSINESS INVESTMENT CONCEPTS, INC. for the reasons stated herein.

10297-1/DSG/DSG/541781_v1

## POINTS AND AUTHORITIES

### I. THE SUBPOENA AT ISSUE

The subpoena at issue in this motion is attached hereto as **Exhibit A**. It was purportedly served by Plaintiff on July 20, 2006 upon non-party CREATIVE BUSINESS INVESTMENT CONCEPTS, INC., ("Creative") at an address in Carson City, Nevada.

The subpoena demands the production of sixteen (16) separate categories of documents which range from requests which are merely overly broad (*see* Item #1, demanding that Creative, "Identify and produce all documents and things relating to the Present Litigation."), to requests which are truly absurd on their face (*see* Item #2, demanding that Creative, "Identify and produce all documents and things relating to Creative Business Investment Concepts, Inc." and Item #16; "Identify and produce all documents and things relating to any Defendant and/or Defendants.") Without exaggeration, the subpoena literally represents an undefined and unlimited search for each and every document of any kind in the possession of Creative without a hint of concern as to relevance, admissibility or whether the request is reasonably calculated to lead to admissible evidence.

### II. ARGUMENT

#### a. The Subpoena Violates Fed. R. Civ. P. 45(b)(2)

The first and clearest issue with the subpoena is that it fails to comply with the provisions of Fed. R. Civ. P. 45(b)(2) regarding the location in which the subpoena may be served. In this regard, the rule could not be more clear:

> [A] subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena or at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the deposition, hearing, trial, production, or inspection specified in the subpoena.

2

This rule means what it says:

> Subpoenas may be served at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production or inspection specified in the subpoena. <u>Thus, under Fed. R. Civ. P. 45, a federal court in one district cannot issue a subpoena to a nonparty for a deposition or production of documents at a place in another district which is outside of the 100-mile limit of the Rule.</u> This is so despite the willingness of a party to depose a nonparty witness at any mutually agreeable location, since the court may not issue a subpoena to a witness who does not come within the territorial limitations of Fed. R. Civ. P. 45.

28 Fed. Proc., L. Ed. § 65:251; Territorial limitations on service--Bulge service outside the district (emphasis added) (internal citations omitted) (citing *Basham v. General Shale Products Corp.*, 989 F.2d 491, 25 Fed. R. Serv. 3d 311, 22 U.C.C. Rep. Serv. 2d 1050 (4th Cir. 1993); *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 26 Fed. R. Serv. 3d 1312 (5th Cir. 1993)).

Here, Plaintiff cannot issue a subpoena under Rule 45 to a non-party which resides more than 100 miles outside the district of this Court. Of course, the Court may take judicial notice of the fact that the State of Nevada is more than 100 miles from the borders of this district, and as such Plaintiff's subpoena is invalid on its face and should therefore be quashed. *See Chicago College of Osteopathic Medicine v. George A. Fuller Co.*, 801 F.2d 908, 910 (7th Cir. 1986) (subpoena may not be served more than 100 miles from district).

### b. The Subpoena Violates Fed. R. Civ. P. 26(b)

By asking for a limitless response, the subpoena also blatantly ignores the general discovery limitations of Rule 26(b) which states that parties may only obtain discovery of matters, not privileged, which are relevant or reasonably calculated to lead to the discovery of admissible evidence. This rule is not merely a suggestion.

Here, the subpoena ignores, and thus violates, Rule 26(b)'s principles of the scope and limits of discovery. Asking a non-party to produce every document which "relates to" that non-party is absurd and generic in the extreme. Likewise, asking a non-party to "Identify and produce <u>all documents and things relating to George S. May International Company</u>," is tantamount to a discovery request which asks for the production of all documents in existence, without limitation, which have ever mentioned Plaintiff.

This form of blanket production request is improper on its face and represents a severe waste of time and resources. If nothing else, if the instant subpoena is not quashed and is responded to in its entirety, Defendants may be forced to waste tens of thousands of dollars and hundreds of hours reviewing piles of irrelevant documents. Such is not a valid use of this Court's subpoena powers and to the extent that the subpoena represents a gross and flagrant violation of Rule 26(b), it should likewise be quashed.

### III.  CONCLUSION

WHEREFORE, pursuant to Fed. R. Civ. P. 45(c)(3)(A), Defendants respectfully move the Court for an order <u>quashing</u> that certain subpoena dated July 19, 2006 served by Plaintiff upon non-party CREATIVE BUSINESS INVESTMENT CONCEPTS, INC. for the reasons stated herein.

DATED: 8-9-06

Respectfully submitted,

XCENTRIC VENTURES, LLC
EDWARD MAGEDSON

By: _____
One of His Attorneys

10297-1/DSG/DSG/541781_v1

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

# Exhibit A

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GEORGE S. MAY INTERNATIONAL, INC.

V.

XCENTRIC VENTURES, LLC, et. al.

SUBPOENA IN A CIVIL CASE

Case Number:[1] 04-C-6018
PENDING IN U.S. DIST. CT. FOR
NORTH. DIST. OF ILLINOIS

TO: Creative Business Investment Concepts, Inc.
% Mr. David Bedore, President
2533 N. Carson St., Carson City, NV 89706

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHED SCHEDULE

| PLACE Seyfarth Shaw LLP, c/o Rachel M. Kindstrand, 55 E. Monroe St., 42nd Floor, Chicago, Illinois, 60603 fax: (312) 269-8869 | DATE AND TIME August 9, 2006 5:00 p.m. PDT |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Rachel M. Kindstrand  Atty for Plaintiff | DATE July 19, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Rachel M. Kindstrand, Seyfarth Shaw LLP, 55 East Monroe Street, Suite 4200, Chicago, Illinois 60603
(312) 346-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE  PLACE

SERVED:

SERVED ON (PRINT NAME)  MANNER OF SERVICE

SERVED BY (PRINT NAME)  TITLE

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## SCHEDULE OF DOCUMENTS REQUESTED

1. Identify and produce all documents and things relating to the Present Litigation.

2. Identify and produce all documents and things relating to Creative Business Investment Concepts, Inc. and any of the Defendants, including, but not limited to, any documents relating to any business, transactional, commercial, or personal interactions with Defendants.

3. Identify and produce all documents and things relating to Creative Business Investment Concepts, Inc. and XCentric Ventures, LLC, including, but not limited to, any business, transactional, commercial, or personal interactions with XCentric Ventures, LLC.

4. Identify and produce all documents and things relating to any monies, payments, compensation, or services received from any of the Defendants, or provided or distributed to any of the Defendants by Creative Business Investment Concepts, Inc., including, but not limited to, statements of accounts, share distributions, profit sharing, profit distribution, sales of goods or services, dividends, yield distributions, share buy-backs, or accounts.

5. Identify and produce all documents and things relating to Creative Business Investment Concepts, Inc. and Ed Magedson, including, but not limited to, any business, transactional, commercial, or personal interactions with Ed Magedson.

6. Identify and produce all documents and things relating to any monies, payments, compensation, or services received from or provided or distributed to XCentric Ventures, LLC and/or Ed Magedson by Creative Business Investments Concepts, Inc., including, but not limited

to, statements of accounts, share distributions, profit sharing, profit distribution, sales of goods or services, dividends, yield distributions, share buy-backs, or accounts.

7. Identify and produce all documents and things relating to the corporate or business structure of Creative Business Investment Concepts, Inc., including, but not limited to, articles of incorporation, organizational charts, and any other documents relating to the officers, members, board members, shareholders, agents, representatives, and/or employees of Creative Business Investment Concepts, Inc.

8. Identify and produce all documents and things relating to all shareholder, corporate, and board member meetings of Creative Business Investment Concepts, Inc., including, but not limited to, attendance records of such meetings and minutes of such meetings.

9. Identify and produce all documents and things relating to any communication or records of communication that Creative Business Investment Concepts, Inc. has had with any of the Defendants relating to the Present Litigation, including, but not limited to, all documents relating to communications and records of communications that Creative Business Investment Concepts, Inc. has had with Ed Magedson, and any attorneys of XCentric Ventures, LLC, Ed Magedson, www.ripoffreport.com, and/or www.badbusinessbureau.com relating to the Present Litigation.

10. Identify and produce all documents and things relating to George S. May International Company.

11. Identify and produce all documents and things relating to any arrangements, contracts of hire, contracts, service agreements, or any other agreements between Creative

2

Business Investment Concepts, Inc. and any of the Defendants, any of Defendants' attorneys, or any individual or entity acting or purporting to act on behalf of any of the Defendants.

12. Identify and produce all documents and things relating to any relationship between David Bedore and any of the Defendants, including, but not limited to, any business, transactional, commercial, or personal interactions between David Bedore and any of the Defendants.

13. Identify and produce all documents and things relating to financial statements, revenue, profit, income, statements of accounts, and tax returns for Creative Business Investment Concepts, Inc., since January 1, 2002.

14. Identify and produce all documents and things relating to Creative Business Investment Concepts, Inc.'s involvement or relationship with Rip-off Report.com and/or Badbusinessbureau.com, including, but not limited to, all logins that Creative Business Investment Concepts, Inc. has used, or uses, to access such Internet sites, Creative Business Investment Concepts, Inc.'s editorial capabilities of any posting or information provided or accessible from such Internet sites, and any business, transactional, commercial, or personal interactions with Rip-off Report.com and/or Badbusinessbureau.com.

15. Identify and produce all documents and things relating to the goods and/or services provided by Creative Business Investment Concepts, Inc.

16. Identify and produce all documents and things relating to any Defendant and/or Defendants.

3

CHJ 11076302.1

## DEFINITIONS

In construing these requests, the following words and phrases, unless otherwise indicated, shall have the following meanings:

1. "Person" means a natural person or an entity.

2. "Entity" means a sole proprietorship, firm, partnership, joint venture, association, corporation, governmental body, governmental agency, department, commission or any other organization.

3. "You" or "your" includes the Entity or Person responding to the request and, where applicable, all predecessors, subsidiaries, affiliates, branches, operating units, related entities, and all officers, directors, employees, agents, attorneys, or other persons acting on such Entity's or Person's behalf.

4. "Creative Business Investment Concepts, Inc." means Creative Business Investment Concepts, Inc., and any of its predecessors, subsidiaries, affiliates, branches, operating units, and all officers, directors, employees, agents, attorneys, or other persons acting on behalf of any of the above.

5. "Rip-Off Report.com" means the Internet site accessible on the Internet via the Uniform Resources Link (URL) of http://www.ripoffreport.com, including, but not limited to, any past or present postings or information hosted by, provided on or accessible via such Internet site.

6. "Badbusinessbureau.com" means the Internet site accessible via the Uniform Resources Link (URL) of http://www.badbusinessbureau.com, including, but not limited to, any

4

past or present postings or information hosted by, provided on or accessible via such Internet site.

7. "Ed Magedson" means the named defendant in the Present Litigation, Ed Magedson, and all employees, agents, attorneys or other persons acting on his behalf.

8. "XCentric Ventures, LLC" means the defendant named in the Present Litigation, XCentric Ventures, LLC, and any of its predecessors, subsidiaries, affiliates, branches, operating units, and all officers, directors, employees, agents, attorneys, or other persons acting on behalf of any of the above.

9. "Defendants" means any one or more of the defendants of the Present Litigation, including XCentric Ventures, LLC, Rip-off Report.com, Badbusinessbureau.com, Ed Magedson, and any unknown ABC Companies, John Does, and Jane Does, singularly or collectively, and includes any of their predecessors, parent companies, subsidiaries, affiliates, branches, operating units, officers, directors, employees, agents, representatives, attorneys, and any other persons or entities acting on their behalf.

10. "Present Litigation" means the litigation pending in the U.S. District Court for the Northern District of Illinois, case no. 04-C-6018.

11. As used herein, "document" or "thing" refers to all items within the scope of Fed. R. Civ. P. 34. Accordingly, the term "document" includes, without being limited thereto, the following items, whether printed, recorded or filmed, or reproduced by any other mechanical or electronic process, or written or produced by hand, and whether or not claimed to be privileged against discovery on any ground, and including all originals, masters and copies, namely:

agreements, contracts and memoranda of understanding; assignments; licenses; correspondence and communications, including intra company correspondence and communications, email, voicemail, personal digital assistants, Blackberry devices, cablegrams, telex messages, radiograms, facsimiles, and telegrams; reports, notes and memoranda; summaries, minutes and records of telephone conversations, meetings and conferences, including lists of persons attending meetings or conferences and interviews; books, manuals, publications, and diaries; sketches and drawings; photographs, motion pictures; audio and video tapes, discs, or electronic files; computer files; data bases; reports and/or summaries of investigations; opinions and reports of experts and consultants; registrations of marks or copyrights, mark applications; mark search reports; mark infringement and validity searches and studies; trade dress infringement searches and studies; opinions of counsel; sales records, including purchase orders, order acknowledgments and invoices; books of account; statements, bills, checks, and vouchers; reports and summaries of negotiations; brochures; pamphlets, catalogs and catalog sheets; sales literature and sales promotion materials; advertisements; displays, circulars, trade letters, notices and announcements; press, publicity, trade and product releases; drafts of originals of or preliminary notes on, and marginal comments appearing on any documents, reports, and records; and any other information-containing paper, writing, or electronic file. The term "thing" includes, without being limited to, any models and mock ups, products, prototypes, samples, devices, machines, or any physical thing.

12. "And," as well as "or," shall be construed either disjunctively or conjunctively as necessary to bring within the scope of any request any information or documents which might otherwise be construed to be outside its scope.

13. "Identify," when used in reference to a document, means to state:

6

a. the nature or type of document;

b. a brief description of its contents;

c. the name, business address, job title and responsibilities of the author and of each person who has made any notation thereon, or has signed or initialed the document;

d. the date of the document;

e. the name, business address, job title and responsibilities of each recipient and designated recipient of the document or any copy thereof;

f. the name, business address, job title and responsibilities of any person who now has (or is last known to have had) possession, custody or control of the document; and

g. whether the document will be withheld under a claim of privilege or otherwise, and the legal or factual basis for any such claim.

14. "Identify," when used in reference to a person, means to state the person's full name, present or last known business and home addresses and telephone numbers of employer, or business or professional affiliation, job title, position or vocation.

15. "Identify," when used in reference to an entity, means to state its full name, form of the business (e.g., corporation or other), the address of its principal office or place of business, and its telephone number.

16. "Relate to," "related to," and "relating to" each means support, constitute, comprise, contain, set forth, depict, evidence, mention, show, disclose, describe, explain, summarize, concern, consists of, refers to, reflects, or is in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

7

17. The singular of a word shall be construed to include the plural, and the words used in masculine, feminine or neuter gender refer to and include all genders.

18. Any term not specifically defined herein shall be given its ordinary and customary meaning.

## INSTRUCTIONS

1. These requests cover all information and documents within your possession, custody or control and/or the possession, custody or control of any of your employees, agents, attorneys, corporations, parent or subsidiary corporations and/or divisions or affiliates.

2. If any document requested is no longer in your possession, custody or control, state:

   a. what was done with the document;
   b. when such disposition was made;
   c. the identity, address and phone number of the current possessor or custodian of the document;
   d. the identity, address and phone number of the person who made the decision to dispose of or transfer the document; and
   e. the reasons for the disposition or transfer of the document.

3. Where anything has been deleted from a document produced in response to a request:

   a. describe the nature of the material or information deleted;
   b. specify the reason(s) for the deletion;
   c. identify the person responsible for the deletion; and
   d. describe the location of the undeleted document including the identity, address and phone number of the current possessor or custodian of the document.

8

4. If you withhold any document responsive to any request on the basis of a claim of attorney-client privilege, attorney work-product privilege, and/or joint defense immunity, or any other privilege, you must make that claim expressly and support that claim with a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim in accordance with Federal Rule of Civil Procedure 45(d)(2).

5. Whenever you are unable to produce any requested documents, you should describe all steps taken to identify and locate any responsive documents.

6. For each document produced, indicate to which specific numbered request or requests it responds.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM, BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES and ABC COMPANIES, <br><br> Defendants. | ) <br> ) <br> ) <br> ) No. 04 C 6018 <br> ) <br> ) Judge Charles R. Norgle <br> ) <br> ) <br> ) <br> ) <br> ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2006, I electronically filed **Defendants' Motion to Quash Subpoena to Creative Business Investment Concepts, Inc.** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

>Bart A. Lazar, Esq.
>Rachel Kindstrand, Esq.
>Seyfarth Shaw LLP
>55 East Monroe, Suite 4200
>Chicago, IL 60603

>XCENTRIC VENTURES, LLC, and ED MAGEDSON

>By: ___/s/ James K. Borcia___
>One of Their Attorneys

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
(602) 248-1000

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

2