UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GEORGE S. MAY INTERNATIONAL COMPANY**, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>**XCENTRIC VENTURES, LLC,** )<br>**RIP-OFF REPORT.COM** )<br>**BADBUSINESSBUREAU.COM,** )<br>**ED MAGEDSON, VARIOUS** )<br>**JOHN DOES, JANE DOES AND** )<br>**ABC COMPANIES,** )<br>)<br>Defendants. ) | Case Number 04-C-6018<br><br>Judge Norgle<br><br>Magistrate Judge Mason |

## AGREED MOTION FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY

Plaintiff George S. May International Company ("GSMIC"), by its counsel, hereby moves for an extension of time to complete discovery. Defendants, by their counsel, have indicated that they are in agreement with this motion and the corresponding dates requested with this extension. Plaintiff states in support of this motion as follows:

1.　GSMIC and Defendants submitted an agreed discovery schedule, which was signed by the Court on May 24, 2006 and entered on May 30, 2006. See Order, attached as Exhibit A. Since the entry of that order, both parties have exchanged written discovery and issued third party subpoenas for documents.

2.　Disputes have arisen during the course of written discovery which the parties have attempted in good faith to resolve. In fact, the parties have exchanged letters and have had approximately five telephone conferences spanning several hours in a good-faith attempt to resolve their disputes.

3. Furthermore, in an effort to resolve part of their disputes, and in addition to the telephone conferences, the parties exchanged drafts of proposed protective orders, and submitted an agreed protective order to the Court for approval. Some documents have been withheld because no protective order is in place, and the parties anticipate that once the protective order is entered by the Court, the parties will supplement some document production. Moreover, this Court has given leave to Plaintiff to reissue its subpoena to PayPal, Inc., and Defendants agreed to withdraw their motion to quash a subpoena directed Creative Business Investment Concepts, Inc., pending the entry of a protective order.

4. While Plaintiff anticipates that the entry of a protective order will resolve some of the disputes relating to document discovery, it is anticipated that there will be some practice with respect to motions to compel to resolve outstanding disputes. Once the protective order is entered, the parties are going to continue to work to resolve document discovery issues prior to filing motions to compel. Since the parties need to resolve the document discovery issues and issues that may need to be raised in motions to compel, the parties have not taken oral discovery depositions.

5. The parties are also scheduled to appear before the Court on September 20, 2006 to set a date for an evidentiary hearing on the issue of the contempt sanction, to discuss dates and any witnesses they intend to call.

6. During the course of their telephone conferences regarding discovery, Plaintiff's counsel and Defendants' counsel have discussed obtaining an extension of the discovery deadlines in this case. Defendants' counsel contacted Plaintiff's counsel via telephone on the afternoon of Friday, September 15, 2006, and indicated that she was in agreement with this motion for an extension of time to complete discovery and the dates requested.

7.	In light of the foregoing, Plaintiff, and with the agreement of Defendants, respectfully requests that this Court grant an extension of the discovery deadlines. The extension of the discovery deadlines is not being sought for an improper purpose nor to affect undue delay, and the parties have made good faith efforts to resolve discovery disputes and formulate an agreed protective order to facilitate discovery. Additionally, since the Court indicated it will hold an evidentiary hearing while discovery on the merits of this case is proceeding, an extension is warranted.

8.	Specifically, Plaintiff, and with the agreement of Defendants, requests an additional ninety days to take fact discovery, up to and including January 11, 2007. Plaintiff, with the agreement of Defendants, also requests that the corresponding deadline for disclosure of experts and retained expert reports be extended up to and including February 12, 2007, and the deadline for expert discovery to be completed extended up to and including March 14, 2007.

WHEREFORE, Plaintiff, and with the agreement of Defendants, respectfully requests that this Court grant this Agreed Motion for an Extension of Time to Complete Discovery, allowing an additional ninety days to complete fact discovery, up to and including January 11, 2007; allowing the deadline for disclosure of experts and retained expert reports to be extended up to and including February 12, 2007, and allowing the deadline for expert discovery to be completed to be extended up to and including March 14, 2007.

DATED:  September 15, 2006          Respectfully submitted,

**GEORGE S. MAY INTERNATIONAL COMPANY**


By:  s/Rachel M. Kindstrand
       One of Its Attorneys

Attorneys for Plaintiff:
Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
55 East Monroe, Suite 4200
Chicago, Illinois  60603
Telephone:  (312) 346-8000
Facsimile:  (312) 269-8869

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2006, I electronically filed **the Agreed Motion for an Extension of Time to Complete Discovery** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

> James K. Borcia
> David O. Yuen
> Tressler, Soderstrom, Maloney & Priess
> 233 South Wacker Drive, 22nd Floor
> Chicago, Illinois  60606-6308
>
> Maria Crimi Speth
> Jaburg & Wilk, P.C.
> Great American Tower
> 3200 North Central Avenue, Suite 2000
> Phoenix, AZ 85012

> s/ Rachel M. Kindstrand

CH1 11113122.1