JKB/cic/298549  5634-2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>XCENTRIC VENTURES, LLC, RIP-OFF )<br>REPORT.COM, BADBUSINESSBUREAU.COM, )<br>ED MAGEDSON, VARIOUS JOHN DOES, JANE )<br>DOES AND ABC COMPANIES, )<br>)<br>Defendants. | Case No. 04 C 6018<br><br>Honorable Judge Norgle<br>Magistrate Judge Mason |

**DEFENDANTS' MOTION TO PERMIT TELEPHONIC
APPEARANCES BY WITNESSES AT OCTOBER 19, 2006 HEARING**

Pursuant to Fed. R. Civ. P. 43(a), Defendants XCENTRIC VENTURES, LLC ("Xcentric"), and Edward Magedson ("Magedson"; collectively "Defendants"), respectfully move the Court for an order permitting the telephonic appearance of witnesses at the hearing set in this matter for October 19, 2006 for the reasons stated herein.

As the Court is aware, a hearing is set in this matter for October 19, 2006 to determine whether Plaintiff GEORGE S. MAY INTERNATIONAL COMPANY ("GSMIC") is entitled to money damages for lost profits which it claims to have suffered as a result of allegedly false negative comments posted about it on Defendants' website, www.ripoffreport.com which lead to the contempt finding. GSMIC claims that these reports (which generally accused it of defrauding customers and providing valueless services) were <u>false</u>, and that potential customers were dissuaded from doing business with it solely as a result of reviewing these allegedly false reports.

George S May Intl, et al v. Xcentric Ventures, et al    Doc. 163

Dockets.Justia.com

Although there has never been any final adjudication of the truth or falsity of the complaints posted on www.ripoffreport.com, and although there are other arguments involved, Defendants contend that GSMIC cannot establish any damages proximately caused by the allegedly false complaints because there are many *other* complaints about its practices available through other sources including other websites and the Chicago Better Business Bureau (the "BBB"). To support that position, at the October 19 hearing Defendants intend to call several witnesses who have filed complaints against GSMIC with the BBB. Because these witnesses are located across the county in several different states, because their testimony regarding GSMIC and its business practices is highly relevant and probative, and because Defendants are not in a financial position to expend tens of thousands of dollars for the cost of flying these non-party witnesses from their homes to Chicago, good cause exists to permit the telephonic appearance of such witnesses pursuant to Fed. R. Civ. P. 43(a). *See also Dagen v. CFC Group Holdings, Ltd.*, 2003 WL 22533425 (S.D.N.Y. 2003) (stating that federal court should permit telephonic appearance of witnesses upon a showing of good cause and where the exclusion of their testimony would be prejudicial to moving party).

Here, there is both good cause to permit telephonic testimony, and manifest prejudice would result from the exclusion of such evidence. Specifically, in the course of preparing their defense in this case, Defendants reviewed the BBB website and found that site reflected at least 42 complaints filed against GSMIC in the past 36 months.[1] Upon finding this information, Defendants sent a subpoena to the BBB seeking copies of the actual complaints involved. As it happens, the BBB's website was out of date, and rather than 42 complaints, the BBB's records revealed that **fifty-two (52) complaints** were filed against GSMIC in the past 36 months.

---

[1] As of September 27, 2006, the BBB site now reflects **47 complaints** against GSMIC.

As far as Defendants are aware, none of these 52 BBB complainants also posted complaints on www.ripoffreport.com; these are entirely separate complaints from separate sources about the same company—George S. May.

Although they come from different sources, the complaints on file with the BBB are truly shocking in their factual similarity to the allegedly "false" reports which GSMIC now claims resulted in hundreds of thousands of dollars in lost profits. For example, attached hereto as **Exhibit A** is a complaint filed with the BBB by Bob and Judy Shorman, the owners of "Tires Plus" in Pueblo, Colorado.

In this complaint, Mr. and Mrs. Shorman tell a harrowing tale which began with a GSMIC salesman promising to conduct an analysis of their business for the low price of $100, and ended with conduct approaching kidnapping, extortion, and theft. GSMIC personnel apparently demanded a payment of **$10,000**, refused to leave until it was paid in cash, and then physically "escorted" Mrs. Shorman to her bank in order to obtain a cashier's check for a "reduced" price of $5,000. As a final shocking act, GSMIC personnel refused to leave until Mrs. Shorman signed a "letter of recommendation" which they obtained under threat of further action.

In their own words, the Shormans describe their experience with GSMIC as follows:

> This whole process was like a never ending nightmare. A cancer that kept growing. We are very angry about this whole incident and are especially angry at ourselves for letting this happen. We have never seen a company like the George S. May Co. where they would not accept a check, only cash, and use strong arm tactics to get a letter of recommendation and not leave when asked to.
>
> We are sending a copy of this letter to the Las Vegas Better Business Bureau and will be contacting the State Attorney General.

In addition to the Shorman's complaint, the BBB files reflect fifty-one (51) complaints from other "customers" (victims) who tell stories which are similar if not identical to this one.

Clearly, these complaints are highly relevant to the issue of damages in this case because GSMIC alleges that it lost business as a result of <u>false</u> complaints on Defendants' website. These BBB complaints (which GSMIC does not allege to be false), represent <u>true</u> complaints which are publicly available and which were <u>not</u> transmitted or hosted by Defendants. Thus, these complaints are relevant to support Defendants' position that to the extent GSMIC has lost any customers, that loss was caused, if at all, by <u>true</u> complaints from <u>other</u> sources as opposed to alleged false complaints which Defendants did not remove promptly enough.

WHEREFORE, pursuant to Fed. R. Civ. P. 43(a), Defendants respectfully move the Court for an order permitting the telephonic appearance of witnesses at the hearing set in this matter for October 19, 2006.

DATED: September 28, 2006

Respectfully submitted,

XCENTRIC VENTURES, LLC
EDWARD MAGEDSON


By: /s/ James K. Borcia
      One of His Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM, BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES and ABC COMPANIES, <br><br> Defendants. | ) <br> ) <br> ) <br> ) No. 04 C 6018 <br> ) <br> ) Judge Charles R. Norgle <br> ) <br> ) <br> ) <br> ) <br> ) |

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2006, I electronically filed **Defendants' Motion to Permit Telephonic Appearances by Witnesses at October 19, 2006 Hearing** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

        Rachel M. Kindstrand
        Seyfarth Shaw LLP
        131 South Dearborn Street, Suite 2400
        Chicago, IL 60603

        XCENTRIC VENTURES, LLC, and ED MAGEDSON


        By:     /s/ James K. Borcia
                 One of Their Attorneys

| | |
|---|---|
| Maria Crimi Speth, Esq. <br> JABURG & WILK PC <br> 3200 North Central Avenue, Suite 2000 <br> Phoenix, AZ 85012 <br> (602) 248-1000 | James K. Borcia <br> David O. Yuen <br> Tressler, Soderstrom, Maloney & Priess, LLP <br> 233 South Wacker Drive, 22nd Floor <br> Chicago, IL 60606-6399 <br> (312) 627-4000 |

# Exhibit A



October 15, 2005

George S. May International Company
3750 South Jones Blvd.
Las Vegas, NV 89103-2259

To Whom It May Concern:

Recently we had the misfortune of having the George S. May Co. come into our business and say that they could help our business prosper. We knew we needed help and were probably a little over anxious. It turned out to be one of the most horrible experiences we've ever had.

It started out with one of your representatives, Greg Jaramill, coming to our store and saying that there would be an analyst in our area on Thursday and Friday and that for the reduced price of $100, the analyst would be here for two days and at the end of the two days he would give us some recommendations on how to fix our business. During the analyst visit, Johnny Watson told us we really needed help and we agreed. We told him that we didn't have the money to pay for the service. He assured us that it would be one day at a time and that we could stop at any time. Well, at the end of Johnny's two days we received no recommendations and were told that two gentlemen would be coming to our store on Monday morning to fix us up at an exorbitant price tag of almost $400 per hour plus expenses.

We told Mark Stewart and Peter Laven when they arrived on Monday morning that we didn't have the money to pay them. They said they were not here to bleed us dry and that they had seen our financials and that they understood our situation. But, they continued. They sat in our office for most of the day, which greatly inconvenienced us, and only made a few suggestions. Johnny Watson said they would be making suggestions throughout the day. That didn't happen.

The next morning, when they arrived, we asked them to tell us how much cost we had currently accrued. It took them the rest of the day to figure that out. That afternoon they took us aside to give us their results. They gave us a few suggestions, some of which they already gave us, and told us that we needed to have one of them remain here for a least another week. Then they gave us a bill for around $10,000. My wife and I almost had a heart attack. We told them that we couldn't pay that and that they were to leave.

880 Eagleridge Blvd. • Pueblo, CO 81008 • 719.542.TIRE (8473) • fax 719.542.3057 • www.tiresplus.com

They said they couldn't leave without payment, which had to be cash, and that it would take them a few more hours to finish up. What did they have to do? During this time we told them we were not going to pay them $10,000. They had to call their office several times to get an ok to reduce the price to around $5000. When that was agreed on Mark escorted my wife to our bank to get a cashiers check. When they got back they told my wife that she had to write a letter of recommendation and that if she didn't we would have to pay the full $10,000. She wrote the letter but, this did not end it. Peter still had to come back the next day.

This whole episode was like a never ending nightmare. A cancer that kept growing. We are very angry about this whole incident and are especially angry at ourselves for letting this happen. We have never seen a company like the George S. May Co. where they would not accept a check, only cash, and use strong arm tactics to get a letter of recommendation and not leave when asked to.

We are sending a copy of this letter to the Las Vegas Better Business Bureau and will be contacting the State Attorney General.

Bob & Judy Shorman



October 15, 2005

Las Vegas Better Business Bureau
2301 Palomino Ln.
Las Vegas, NV 89107

Dear BBB,

Enclosed is a copy of a letter we sent to the George S. May Co. about an incident that took place a few weeks ago. The George S. May Co. is a business consulting firm. We do not expect anything to happen, we just wanted to let our feeling be known.

Sincerely,

Bob & Judy Shorman

880 Eagleridge Blvd. • Pueblo, CO 81008 • 719.542.TIRE (8473) • fax 719.542.3057 • www.tiresplus.com