UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GEORGE S. MAY** ) | |
| **INTERNATIONAL COMPANY**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case Number 04-C-6018 |
| -vs- ) | |
| ) | Judge Norgle |
| ) | Magistrate Judge Mason |
| **XCENTRIC VENTURES, LLC,** ) | |
| **RIP-OFF REPORT.COM** ) | |
| **BADBUSINESSBUREAU.COM,** ) | |
| **ED MAGEDSON, VARIOUS** ) | |
| **JOHN DOES, JANE DOES AND** ) | |
| **ABC COMPANIES,** ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO PERMIT TELEPHONIC APPEARANCES
BY WITNESSES AT THE OCTOBER 19, 2006
<u>HEARING ON THE CONTEMPT SANCTION</u>**

Defendants' motion must be denied because, among other things: 1) Defendants have presented no good cause and/or compelling circumstances for allowing telephonic testimony; 2) Defendants waived their opportunity to seek to present more than one witness or present testimony by phone on September 20, 2006; and 3) the testimony of the witnesses Defendants' seek to present by telephone, in any event, is irrelevant to the contempt sanction.

Under Federal Rule of Civil Procedure 43(a), this court "may, for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location." Defendants have demonstrated neither good cause, nor compelling circumstances for allowing more witnesses than Defendants represented to the Court on September 20, 2006, or for presenting witnesses

whose testimony is irrelevant to the issue of the damage caused by Defendants' contumacious conduct.

By this Court's order dated September 6, 2006, this court set a status on September 20, 2006 for the purposes of setting a hearing date on the appropriate contempt sanction, and expressly ordered that "[t]he parties must be prepared to discuss available dates for the hearing and any witnesses they intend to call." At the hearing on September 20, 2006, Defendants' lead counsel Maria Crimi Speth appeared by telephone, and Defendants' local counsel, James Borcia appeared in person. Ms. Speth stated quite clearly that Defendants would present *one* witness. No reference or request was made to allow the one witness to appear by telephone, despite this Court's query as to whether there were any other issues to address regarding the hearing. Now, in the instant motion, Defendants seek to present not one but apparently multiple unidentified witnesses. Defendants have offered absolutely no excuse as to why these previously unidentified witnesses were not disclosed at the September 20, 2006 court hearing. Defendants have presented no good cause or compelling circumstances to support its motion and have waived the right to present more than one witness and have waived their opportunity to seek testimony by phone.

The proffered testimony of witnesses who may have made complaints to the Better Business Bureau ("BBB") about George S. May is simply not relevant to the question of the amount of damages caused by Defendants' contempt based on Defendants' failure to stop making, hosting, and/or transmitting false or deceptively misleading information about George S. May on Defendants' website. As Defendants themselves state in their motion, none of the complainants to the BBB posted complaints on the website. Defs. Motion at p. 3. Therefore, whether or not there are complaints about George S. May lodged with the BBB bears no relation

to the damages caused George S. May by the false and deceptively misleading information contained on Defendants' website in violation of Judge Norgle's Order.

The only relevance that Defendants assert is that the public availability of BBB complaints somehow impacts on causation. Defs. Motion at p. 2. Defendants are wrong and attempt to mislead the court as to the nature of the BBB complaints. Consumers do not have access to these complaints, as they are confidential documents. *See* Exhibit A, letter of Steve J. Bernas, V.P. Operations of Chicago BBB.

In contrast, Plaintiff's evidence will demonstrate, among other things, that since September 20, 2004, existing and potential customers of George S. May have cancelled business with George S. May and given Defendants' web site "RipoffReport.com" as the reason they have cancelled their business with George S. May. George S. May is seeking a compensatory sanction based on the damages it has suffered as a result of the contempt, its reasonable attorney's fees and costs and additional injunctive relief. Plaintiff believes that its evidence will present a reasonable basis on which this Court can determine that Defendants' contempt of the TRO has financially and irreparably damaged George S. May, and permit the Court to make a reasonable determination of the amount of such damage. Whether or not customers complained to the BBB about George S. May is simply not relevant to the question of whether Defendants' acts of contempt harmed George S. May.

Ultimately, Defendants' motion boils down to a veiled attempt to try and demonstrate that the false postings were not false. Defendants cannot do at this the October 19 hearing. This Court has made it quite clear that "[t]he Court will not permit the parties to raise issues that have already been ruled on, such as, whether the contempt finding was appropriate." September 20, 2006 Minute Order.

Since there is no good cause, no compelling circumstances, or any other reasonable basis to permit several unidentified witnesses to testify by phone on October 19, 2006 as to irrelevant matters, George S. May believes that Defendants' motion should be denied.

**DATED:  October 5, 2006**          Respectfully submitted,

**GEORGE S. MAY INTERNATIONAL COMPANY**

By:_____s/Rachel M. Kindstrand_____
            One of Its Attorneys

Attorneys for Plaintiff:

Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
131 South Dearborn, Suite 2400
Chicago, IL  60603
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2006, I electronically filed **Plaintiff's Response In Opposition to Defendants' Motion to Permit Telephonic Appearances By Witnesses at October 19, 2006 Hearing On The Contempt Sanction and attached Exhibit A** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

>James K. Borcia
>Jborcia@tsmp.com
>Tressler, Soderstrom, Maloney & Priess
>233 South Wacker Drive, 22nd Floor
>Chicago, Illinois  60606-6308
>*Lead Attorney*
>*Attorney to be noticed*
>
>Maria Crimi Speth
>Jaburg & Wilk, P.C.
>Great American Tower
>3200 North Central Avenue, Suite 2000
>Phoenix, AZ 85012

>                s/Rachel M. Kindstrand