UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, ) ) ) Plaintiff, ) ) ) -vs- ) ) ) XCENTRIC VENTURES, LLC, ) RIP-OFF REPORT.COM ) BADBUSINESSBUREAU.COM, ) ED MAGEDSON, VARIOUS ) JOHN DOES, JANE DOES AND ) ABC COMPANIES, ) ) Defendants. ) | Case Number 04-C-6018<br><br>Judge Norgle<br>Magistrate Judge Mason |

**PLAINTIFF'S RESPONSE TO MOTION TO EXCLUDE THE TESTIMONY OF RON BERO AND CONTINUE THE HEARING ON CONTEMPT DAMAGES**

George S. May respectfully submits that Defendants/Contemnors' motion should be denied.

At the outset, it should be pointed out that it was **Defendants** demanded an evidentiary hearing. In September 2005, George S. May was perfectly willing to have the Court evaluate Mr. Kushnir's Declaration and determine the damages that George S. May had suffered as a result of Defendants' contempt through that time. However, because Defendants sought a hearing, and Defendants never came into compliance with the Temporary Restraining Order issued by Judge Norgle, and **continued by Defendant's consent**, the harm caused by Defendants' contempt increased.

Defendants claim that the testimony of Israel Kushnir and Ron Bero involve testimony regarding new facts. This is not true. Defendants have been in contempt of court of the Temporary Restraining Order, and continue to be in contempt of court today. It is not George S.

May's fault that Defendants have not complied with the Temporary Restraining Order and that it has taken more than two years for George S. May to have a hearing on the damages it has been and is being caused by Defendants' contempt.

This Court has broad discretion to fashion an appropriate remedy for Defendants' contempt. Nav-Aids Ltd v. Nav-Aids USA, Inc., 2002 U.S. Dist LEXIS 7513 (N.D. Ill. 2002) (attached as Exhibit A), citing Connolly v. J.T. Ventures, 851 F. 2d 930, 933 (7th Cir. 1988); International Star Reg. of Ill., Ltd. v. SLJ Group, Inc., 325 F.Supp.2d 879, 882 (N.D. Ill. 2004) (citations omitted). Possible remedies include an award to George S. May of its damages, a compensatory fine for Defendants' contempt and/or an additional injunction.

The fact of the matter is that Defendants were in contempt of court when Judge Norgle found Defendants in contempt of court and Defendants are in contempt of court today. Since Defendants remain in contempt, this Court may choose to award George S. May a lump sum damage award during the time period up to the date of George S. May's motion or Judge Norgle's decision or to the present, **and** assess a daily fine from that day forward. In order to properly determine a daily fine this court should take into account the business that George S. May lost prior to and after Judge Norgle's finding. Mr. Kushnir's and Mr. Bero's testimony will show the damages caused by Defendants prior to and after Judge Norgle's finding of contempt— all of which is relevant to this Court's assessment of an appropriate remedy.

The damages that George S. May seeks includes two years of contempt, not approximately one year when George S. May first made its damages submission. And, Ron Bero's assessment of minimum damages—namely $630,000, is only slightly larger than two times $280,000, the amount George S. May's President Mr. Kushnir determined George S. May's damages to be in September 2005. Defendants even admit that the damages George S.

May sought in September 2005 ($560,000) is comparable to the amount of damages it seeks today (a minimum of $630,000). See Defendants' Motion, at pg. 2. In addition, George S. May was required to prepare for an evidentiary hearing and live testimony. While, George S. May need only present evidence which shows the extent of the damages as a matter of just and reasonable inference, Select Creations, Inc. v. Paliafito America, 906 F.Supp. 1251, 1279 (E.D. WI. 1995), George S. May conducted a thorough investigation of its files to make sure of the sound basis for its damages, and determined that there were more situations where customers cited the contents of RipOff Report postings as the basis for canceling engagements. This Court, and Defendants will have every opportunity to question the President of George S. May, Israel Kushnir, regarding his investigation these engagements and the damage that Defendants' contempt has caused to make sure that Mr. Kushnir's and Mr. Bero's testimony is not speculative. This Court, and Defendants will also have the opportunity to question a George S. May field representative whose customer cancelled its consulting engagement and turned her away from the door in tears after reading the RipOff Report statements.

Defendants have presented no evidence of the type of bad faith, prejudice related to the witness sought to be excluded. The Atchison, Topeka and Stanta Fe Railway v. American Barge and Towing Co, 1986 U.S. Dist. LEXIS 28017 (N.D. IL 1986) (denying motion to bar testimony of new expert witness). This is because there is none. On September 20, 2006, this Court set the hearing on damages. Defendants had ample opportunity to raise any questions concerning the contempt damages hearing with the Court. Defendants chose not to seek any discovery and agreed to disclosure of witnesses a week before the hearing. George S. May identified its witnesses (including name and title) in the afternoon of October 11, as requested by Defendants' counsel. Defendants did not identify the name (and only the name) of its witness until the

morning of October 12, and several hours later contacted Plaintiff's counsel to indicate that Defendants had several additional witnesses it wanted to present at the hearing. George S. May provided Ron Bero's expert report to Defendants the day it was completed, and the expert report is consistent with the prior affidavit of Israel Kushnir and George S. May's damages position in this case.

Defendants' contempt has gone on for over two years. Defendants' attempts to delay the hearing on damages continues to cause irreparable harm George S. May.

Defendants' motion to exclude or limit Ron Bero's testimony should be denied.

**DATED: October 17, 2006**  Respectfully submitted,

**GEORGE S. MAY INTERNATIONAL COMPANY**

By: _____s/Bart A. Lazar_____
One of Its Attorneys

Attorneys for Plaintiff:

Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
131 South Dearborn, Suite 2400
Chicago, IL 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2006, I electronically filed **Plaintiff's Response to Defendants' Motion to Exclude the Testimony of Ron Bero and Continue the Hearing on Damages** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

>James K. Borcia
>Jborcia@tsmp.com
>Tressler, Soderstrom, Maloney & Priess
>233 South Wacker Drive, 22nd Floor
>Chicago, Illinois 60606-6308
>*Lead Attorney*
>*Attorney to be noticed*
>
>Maria Crimi Speth
>Jaburg & Wilk, P.C.
>Great American Tower
>3200 North Central Avenue, Suite 2000
>Phoenix, AZ 85012

___s/Rachel M. Kindstrand___