JKB/cic/ds/299413                                                                 5634-2-51

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 04 C 6018 <br> ) |
| XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM, BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES, | ) Honorable Judge Norgle <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 56(b) Defendants XCENTRIC VENTURES, LLC ("Xcentric"), RIP-OFF REPORT.COM ("Rip-Off Report"), BADBUSINESSBUREAU.COM ("BBB") and Edward Magedson ("Magedson"; collectively "Defendants") respectfully move this Honorable Court for an order granting Partial Summary Judgment in favor of Defendants and against Plaintiff GEORGE S. MAY INTERNATIONAL COMPANY ("Plaintiff") as to Plaintiff's Second Cause of Action for Defamation/Libel to the extent that claim is based on certain statements identified below. As to those statements, there are no material facts in dispute and Defendants are entitled to judgment as a matter of law.

This motion is supported by the following Memorandum of Law.

## MEMORANDUM OF LAW

### I.   BACKGROUND

The Court has already received extensive briefing on the facts of this case, many of which are set forth in the Court's earlier ruling on Defendants' Motion to Dismiss, *see* 409 F.Supp.2d 1052 (N.D.Ill. 2006), so only a short factual précis is provided.

Defendants operate a website known as "The Rip-Off Report" which is located at **www.ripoffreport.com** and **www.badbusinessbureau.com** (collectively, the "ROR Sites"). *See* Defendants' Separate Statement of Facts ("SOF") at ¶ 1. Plaintiff has sued Defendants for, among other things, <u>defamation</u> based on certain statements which appeared on the ROR Sites in or around 2004 and 2005. In its Complaint, Plaintiff does not set forth any of the actual statements at issue, however Paragraph 11 alleges:

> ¶ 11.   Defendants have posted and transmitted on and through the [ROR] Sites numerous false and deceptively misleading statements of fact concerning, among other things alleged by [sic] illegal and immoral activities engaged in by GSMIC, its owners, management and employees.

Additionally, under the rubric of its defamation claim, Paragraph 25 of the Complaint alleges:

> ¶ 25.   Defendants' false, misleading, disparaging and/or defamatory comments and allegations are defamation per se in that they associate GSMIC with and state that GSMIC is committing serious federal and state offenses including, inter alia, engaging in <u>unlawful sexual activity</u>.   (emphasis added).

Despite the lack of specificity in the Complaint, Plaintiff's subsequent pleadings have provided some clarification as to the statements at issue. For example, at the very start of this case, Plaintiff sought and received a Temporary Restraining Order. In support of the TRO, Plaintiff filed a lengthy memorandum of law (Doc. #2; 9/24/04) attached to which were two postings, the first of which was entitled: "<u>Owner of George S. May Company child pornography and other heineous [sic] crimes.</u>" This specific post is the only evidence Plaintiff has ever

2

identified in support of its allegation that Defendants have published statements accusing it of "<u>unlawful sexual activity</u>".

The actual pages attached to Plaintiff's TRO Memorandum are attached to Defendants' Separate Statement of Facts ("SOF") as **Exhibit A**. However, some of the text of these pages is cut off on the right hand margin. A clean copy of these two same reports is attached as SOF **Exhibit B**.

Beyond the arguments set forth herein, there are other legal reasons why Defendants contend that they cannot be liable to Plaintiff for publishing the "child pornography" message. Those other arguments are somewhat technical and complex and are beyond the scope of this motion. They will be raised later if necessary.

Nevertheless, based on the actual text of the statements, it is clear that Defendants are entitled to Partial Summary Judgment as to Plaintiff's defamation claim for two very simple reasons: (1) the founder of the George S. May Company is deceased, and a cause of action does not exist for defamation of a deceased party; and (2) the "owner" of the George S. May Company, whomever that may be, is not a party to this action, and Plaintiff has no standing to pursue a defamation claim as to statements which concern only the company's owner.

## II.   ARGUMENT

### A.   A Deceased Person Cannot Be Defamed

In terms of material facts, as to the allegations such as that the "founder of this company has a background of child pornography," there is only one fact that matters – according to Plaintiff's corporate website, the company's founder, Mr. George S. May, <u>died on March 12, 1962</u>. Because it is an uncontested fact that Mr. May is, indeed, deceased, Defendants are

plainly entitled to Partial Summary Judgment because no cause of action exists for defamation of a dead person:

> One who publishes defamatory matter concerning a deceased person <u>is not liable</u> either to the estate of the person or to his descendents or relatives.

*Restatement (Second) of Torts* § 560 (emphasis added). This rule is recognized as law in Illinois. *See Carlson v. Del Pub. Co.*, 65 Ill.App.2d 209, 213–14, 213 N.E.2d 39, 42 (1st Dist. 1965) (Illinois does not recognize defamation claim on behalf of deceased). The defamation treatise authored by Second Circuit Court of Appeals Judge Robert D. Sack simple states: "<u>The dead have no cause of action for defamation</u>." Judge Robert D. Sack, *Sack on Defamation* § 2.10.1 at 2-149 (3d ed. 2006) (emphasis added) (citing voluminous authority); *see also* David A. Elder, *Defamation: A Lawyer's Guide* § 1:1[A][1] at 2 (1993) ("The common law has uniformly held that defamation of a dead person provides no cause of action … .")

The specific statements at issue include the following:

> The founder of this company has a background of child pornography and other heineous [sic] crimes. He likes to claim to some he is a good Christian to gain the trust of those he will deceive. He flashes the fish sign around, which must be some sort of secret Christian signal.
>
> Meanwhile he offers drugs to junior high school children to get them to engage in sex with each other on tape. He has the tapes in his office. He thinks he keeps the harddrive [sic] clean, but some of us have backed up the porn. We are just waiting for the police to show up and we will come forward.

To be clear – Defendants do not condone these highly offensive statements. They were plainly authored (not by Defendants) as a tasteless prank. Nevertheless, the fact remains that these statements are not actionable because they refer to a person who has been dead for over 40 years. As a matter of law, Defendants are therefore entitled to Partial Summary Judgment as to these statements pursuant to Fed. R. Civ. P. 56(b).

It should also be noted that the text of these statements refers to "the *founder* of this company", but the heading states "*Owner* of George S. May Company child pornography…" As noted below, because a defamation claim is a personal action which is non-relational, this distinction is of no importance. In other words, George S. May cannot be defamed because he is dead, and whoever the "owner" may be, that person is not a party to this action and Plaintiff cannot assert a claim for its owner.

### B.      Plaintiff Has No Standing To Sue on Behalf of Its Owner/Employees

A defamation claim is a unique creature in that its purpose is to protect the personal reputation of the individual defamed. As such, this sort of claim is narrowly construed and is viewed as "non-relational" meaning:

> The common law has always treated a cause of action for defamation as personal to the person defamed. [Citation] Consequently, <u>no one – even a family member – has a separate defamation action for defamation of another</u>.

David A. Elder, *Defamation: A Lawyer's Guide* § 1:1[A][2] at 4 (emphasis added) (citing *Wehling v. Columbia Broadcasting Sys.*, 721 F.2d 506, 509 (5th Cir. 1983); *Keys v. Interstate Circuit, Inc.*, 468 S.W.2d 485, 486 (Tx.App. 1971); *Wright v. R.K.O. Radio Pictures, Inc.*, 55 F.Supp. 639, 640 (D.C. Mass. 1944); *Durski v. Chaneles*, 419 A.2d 1134, 1135 (1980)).

Here, the "child pornography" post refers to either Mr. May himself, who is dead, or to the "owner" of the company. At present, despite a rigorous public records search, Defendants have not been able to ascertain the identity of the owner of Plaintiff, which is a privately-held corporation.

However, the only plaintiff here is the George S. May International <u>Company</u>; a Delaware <u>corporation</u>. Because the owner of this company is not a party to this action, and

because defamation claims are non-relational, Plaintiff simply cannot base any part of its defamation claim on statements which impugn the reputation of its owner or staff:

> Under the general rule, however, <u>mere statements defamatory of [a corporation's] officers or agents do not defame the corporation.</u> For example, it has been held <u>not libelous</u> of a *newspaper* to depict its *editor* as degenerate and immoral, <u>not defamatory</u> of a *corporation* to state that an *officer-shareholder* was a "bad man and dangerous character" suspected of arson, <u>not defamatory</u> of an *employment agency* to portray its *employees* as "fakirs, robbers, thieves, and business pirates … devoted to fraudulent practices," and <u>not defamatory</u> of a *company* to state that its *president* was "an evil man … fired from his job."

Edler, *supra* at 10–11 (emphasis added) (citing *Adirondack Record v. Lawrence*, 202 App.Div. 251, 195 N.Y.S. 627, 629–30 (1922); *Brayton v. Cleveland Special Police Co.*, 63 Ohio St. 83, 57 N.E. 1085, 1086 (1900); *Hapgoods v. Crawford*, 125 App.Div. 856, 110 N.Y.S. 122, 123 (1908) (noting, however, "of course the employees themselves had a cause of action for defamation,"); *Afftrex, Ltd. v. General Electric Co.*, 161 App.Div.2d 855, 555 N.Y.S.2d 903, 905 (1990); Restatement (Second) of Torts § 561, comment b (1977)).

Thus, to the extent that any of the statements set forth in Exhibits A & B relate to "the founder of the company," or "the owner," or "the office directors," those statements are simply not actionable here because Plaintiff cannot be defamed by statements which refer only to third parties, even if those third parties are owners, employees, etc. These principles of law are exceedingly well-settled. Perhaps, from a layman's pragmatic perspective, the management of George S. May Co. might feel that "this company *is* our employees," but the law views the two as legally distinct. As a matter of law, a statement offensive to one is simply not actionable by the other.

As exceedingly obvious as these arguments may be, Plaintiff has nevertheless made repeated reliance upon these statements in this action, including using these statements as a

significant part of the basis for the TRO which this Court ultimately entered. Clearly, these offensive and inflammatory statements have been deliberately misused by Plaintiff in an effort to obtain relief to which it is not entitled. The time has come to correct that error. A person who is not living cannot be defamed, and the George S. May Company cannot assert a defamation claim based upon statements about its founder, owner or employees, even if the comments are as absurd and offensive as suggesting that the employees "smoke crack and watch kiddie porn". While other statements directly attacking the company are not subject to this defect, Defendants are entitled to Partial Summary Judgment as to these statements, thereby removing those issues from this case.

### III.   CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that Partial Summary Judgment be entered in their favor pursuant to Fed. R. Civ. P. 56(b).

                                      XCENTRIC VENTURES, LLC and EDWARD MAGEDSON

                                      By: /s/ James K. Borcia
                                            One of Their Attorneys

James K. Borcia
David O. Yuen
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>XCENTRIC VENTURES, LLC, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) No. 04 C 6018<br>)<br>) Judge Charles R. Norgle<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2006, I electronically filed a **Defendants' Motion for Partial Summary Judgment** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

   Bart A. Lazar
   Rachel M. Kindstrand
   Seyfarth Shaw LLP
   131 South Dearborn Street, Suite 2400
   Chicago, IL 60603

      XCENTRIC VENTURES, LLC and ED MAGEDSON


     By:  /s/ James K. Borcia
         One of Their Attorneys

| | |
|---|---|
| Maria Crimi Speth, Esq.<br>JABURG & WILK PC<br>3200 North Central Avenue, Suite 2000<br>Phoenix, AZ 85012<br>(602) 248-1000 | James K. Borcia<br>David O. Yuen<br>Tressler, Soderstrom, Maloney & Priess, LLP<br>233 South Wacker Drive, 22nd Floor<br>Chicago, IL 60606-6399<br>(312) 627-4000 |