JKB/cic/ds/299417

5634-2-51

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 04 C 6018 ) |
| XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM, BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES, | ) Honorable Judge Norgle ) ) Magistrate Judge Mason ) |
| Defendants. | ) ) |

**DEFENDANTS' MOTION FOR MONETARY
SANCTIONS RE: PLAINTIFF'S FAILURE TO ADMIT**

Pursuant to Fed. R. Civ. P. 37(c)(2), Defendants XCENTRIC VENTURES, LLC ("Xcentric"), and Edward Magedson ("Magedson"; collectively "Defendants"), by and through their attorneys, respectfully move the Court for an order awarding monetary sanctions against Plaintiff GEORGE S. MAY INTERNATIONAL COMPANY ("GSMIC") for the reasons set forth herein.

### I. BACKGROUND

On May 18, 2006, Xcentric propounded certain discovery upon GSMIC which including various Requests to Admit pursuant to Rule 36. Among that discovery was a request which read:

> 9) Admit that in the past three years (36 months), more than **forty (40)** complaints have been filed against YOU with the following entity:
>
> The Better Business Bureau®
> Serving Chicago and Northern Illinois
> 330 N Wabash Avenue Suite #2006
> Chicago, IL 60611
> (312) 832-0500
> www.chicago.bbb.org
>
> **RESPONSE:**  ADMIT _____   DENY _____

This request was also followed by an interrogatory pursuant to Fed. R. Civ. P. 33(a) which read: "If your response to the question immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial." (emphasis added) (See Ex. 1).

GSMIC answered by **denying** the Request to Admit, and it offered no response whatsoever to the interrogatory regarding the basis for its denial; no further information was provided other than the bare denial. (See Ex. 2).

Based on this denial, Xcentric sent a subpoena to the Better Business Bureau in Chicago (the "BBB") which demanded the production of all copies of any complaints it had received concerning GSMIC within the past 36 months. The BBB's response established that not only had GSMIC received more than forty (40) complaints in the past 36 months, it had actually received **fifty-two (52) complaints**.

The records comprising these complaints span hundreds of pages, and in the interests of not clogging the Court's file they will not be reproduced in full here. However, attached as **Exhibit A** to the Declaration of Maria Crimi Speth (Exhibit 3) are the cover pages listing each of the 52 separate complaints, the name of the complainant, and other relevant information. Clearly, these records establish that GSMIC **did** in fact have more than 40 complaints filed

against it with the BBB in the past 36 months, and therefore Plaintiff's denial of that Request to Admit was entirely false.

## II. ARGUMENT

Rule 37(c)(2) speaks in crystal clear terms as to the remedy for a party's false denial in the face of a legitimate Request to Admit:

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admission thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D), there was other good reason for the failure to admit.

Here, the simple fact is that the BBB's records prove that GSMIC had 52 complaints filed against it in the past 36 months, and as such, Xcentric has proven that GSMIC's denial of that matter was false. Thus, under Rule 37(c)(2), Xcentric is entitled to an order requiring GSMIC to pay all costs incurred in making that proof, including attorney's fees, unless one of the enumerated exceptions apply.

Here, no such exceptions apply. Xcentric's Request to Admit was not objectionable. Considering the claims in this case – that Xcentric is liable for posting/publishing <u>false</u> reports which accused GSMIC of committing unethical business practices – the admission sought was of substantial importance because it shows that the complaints about GSMIC's business practices are <u>true</u>. And, in light of the purely factual nature of the matter (there were either more than 40 complaints or not), GSMIC had no reasonable ground to believe that it might prevail on the matter; i.e., by showing that it had received fewer than 40 complaints.

3

Of course, if GSMIC had any valid explanation for its failure to admit this matter, it could and should have disclosed that explanation in response to the interrogatory which followed the Request to Admit. Instead of giving any information, GSMIC simply failed to respond to that interrogatory, and the Court should therefore not entertain any after-the-fact excuses offered to avoid sanctions now.

In terms of the amount to be awarded, as set forth in the Declaration of Maria Crimi Speth attached as Exhibit 3 hereto, Defendants have incurred and continue to incur significant attorneys' fees as a result of Plaintiff's failure to admit Request #9. Including time spent establishing the truth of that matter plus the time spent in preparation of this motion, Defendants have incurred and anticipate incurring fees and costs in the amount of **$1,913.75**, which represents the reasonable cost of proving this fact and seeking a resolution of the issue without court intervention. (See Ex. 2). The Court should therefore order Plaintiff to pay this amount to Defendants.

### III.   CONCLUSION

WHEREFORE, pursuant to Fed. R. Civ. P. 37(a), Defendants respectfully move the Court for an order requiring Plaintiff to pay all costs incurred in making the proof as to the matter which Plaintiff failed to Admit as described above, including all attorney's fees incurred and the costs of preparing this motion and any reply thereto.

XCENTRIC VENTURES, LLC and EDWARD MAGEDSON

By:___/s/ James K. Borcia_____
    One of Their Attorneys

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
(602) 248-1000

James K. Borcia
David O. Yuen
TRESSLER, SODERSTROM, MALONEY
 & PRIESS, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) ) ) |
| Plaintiff, | ) |
| v. | ) No. 04 C 6018 ) |
| XCENTRIC VENTURES, LLC, et al., | ) Judge Charles R. Norgle ) |
| Defendants. | ) ) |

### CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2006, I electronically filed a **Defendants' Motion for Monetary Sanctions Re: Plaintiff's Failure to Admit** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

Bart A. Lazar
Rachel M. Kindstrand
Seyfarth Shaw LLP
131 South Dearborn Street, Suite 2400
Chicago, IL 60603

XCENTRIC VENTURES, LLC and ED MAGEDSON

By: /s/ James K. Borcia
One of Their Attorneys

| | |
|---|---|
| Maria Crimi Speth, Esq. | James K. Borcia |
| JABURG & WILK PC | David O. Yuen |
| 3200 North Central Avenue, Suite 2000 | TRESSLER, SODERSTROM, MALONEY |
| Phoenix, AZ 85012 | & PRIESS, LLP |
| (602) 248-1000 | 233 South Wacker Drive, 22nd Floor |
| | Chicago, IL 60606-6399 |
| | (312) 627-4000 |

JKB/cic/364035

5634-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE S. MAY INTERNATIONAL )
COMPANY, )
              )
              )
      Plaintiff, )
              )
v.               ) Case No. 04 C 6018
              )
XCENTRIC VENTURES, LLC, RIP-OFF ) Honorable Judge Norgle
REPORT.COM, BADBUSINESSBUREAU.COM, )
ED MAGEDSON, VARIOUS JOHN DOES, JANE )
DOES AND ABC COMPANIES, )
              )
      Defendants.

**REQUEST FOR PRODUCTION OF DOCUMENTS;**

**REQUEST FOR ADMISSIONS & NON-UNIFORM INTERROGATORIES**

TO:  PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY
   AND ITS ATTORNEYS:

Pursuant to Fed. R. Civ. P. 33, 34 & 36, Defendants XCENTRIC VENTURES, LLC and Ed Magedson propound the following request for production, admissions and non-uniform interrogatories, each of which is to be answered fully and separately, in writing, under oath and within thirty (30) days from the date of service. These interrogatories are continuing interrogatories under Fed. R. Civ. P. 26(e), and all your answers must be supplemented in accordance with Rule 26(e).



EXHIBIT
1

REQUEST TO ADMIT:

9.) Admit that in the past three years (36 months), more than **forty (40)** complaints have been filed against YOU with the following entity:

> The Better Business Bureau®
> Serving Chicago and Northern Illinois
> 330 N Wabash Avenue Suite #2006
> Chicago, IL 60611
> (312) 832-0500
> www.chicago.bbb.org

**RESPONSE:**     ADMIT _____     DENY _____

NON-UNIFORM INTERROGATORY:

If your response to the question immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

XCENTRIC VENTURES, LLC
EDWARD MAGEDSON

By: _/s/ Maria C. Speth_____
One of His Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

15

10297-1/DSG/DSG/527819_v1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>XCENTRIC VENTURES, LLC, )<br>RIP-OFF REPORT.COM )<br>BADBUSINESSBUREAU.COM, )<br>ED MAGEDSON, VARIOUS )<br>JOHN DOES, JANE DOES AND )<br>ABC COMPANIES, )<br>)<br>Defendants. ) | Case Number: 04 C 6018<br><br>Judge Charles R. Norgle, Sr.<br>Magistrate Judge Mason<br><br>EXHIBIT 2 |

**PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY'S
RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS,
REQUEST FOR ADMISSIONS AND NON-UNIFORM INTERROGATORIES**

NOW COMES Plaintiff George S. May International Company ("GSMIC") and hereby responds to Defendants' Request for Production of Documents, Request for Admissions and Non-Uniform Interrogatories ("Discovery Requests") as follows:

GENERAL OBJECTIONS

1. GSMIC objects to the Discovery Requests to the extent they seek information protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or exemption. Nothing contained in this Response or in any future or supplemental response is intended or may be construed as a waiver of the attorney-client privilege, the work product doctrine, and any other applicable immunity, privilege, law, or rule.

2. GSMIC objects to the Discovery Requests to the extent that they seek information containing or constituting confidential information, trade secrets, and/or sensitive technical and business information except pursuant to an appropriate protective order that will provide

RESPONSE: Without waiving its objections, GSMIC admits that within the past five (5) years, it has received at least one communication from a current or former customer which claimed dissatisfaction with GSMIC's services.

9.) Admit that in the past three years (36) months, more than **forty (40)** complaints have been filed against YOU with the following entity:

The Better Business Bureau®
Serving Chicago and Northern Illinois
330 N. Wabash Avenue Suite #2006
Chicago, IL 60611
(312) 832-0500
www.chicago.bbb.org

OBJECTION:

In addition to its general objections, GSMIC objects to this request in that it is not a proper request to admit under Fed. R. Civ. P. 36 because the matter requested is not within the scope of Rule 26(b)(1), and further objects to the definition of the terms "YOU."

RESPONSE: Without waiving its objections, GSMIC denies this request.

Dated: June 19, 2006

GEORGE S. MAY INTERNATIONAL COMPANY

By _____
One of Its Attorneys

Ronald L. Lipinski, Esq.
Bart A. Lazar, Esq.
Rachel M. Kindstrand, Esq.
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
(312) 346-8000

# EXHIBIT 3

# (FILED UNDER PROTECTIVE SEAL)

Case 1:04-cv-06018   Document 176   Filed 10/18/2006   Page 10 of 10