UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, ) ) ) Plaintiff, ) ) ) -vs- ) ) XCENTRIC VENTURES, LLC, ) RIP-OFF REPORT.COM ) BADBUSINESSBUREAU.COM, ) ED MAGEDSON, VARIOUS ) JOHN DOES, JANE DOES AND ) ABC COMPANIES, ) ) Defendants. ) | Case Number 04-C-6018<br><br>Judge Norgle<br>Magistrate Judge Mason |

**RESPONSE TO DEFENDANTS' MOTION FOR MONETARY SANCTIONS
REGARDING PLAINTIFF'S ALLEGED FAILURE TO ADMIT**

Defendants' Motion for Sanctions arises from a request that George S. May admit that more than 40 complaints were filed against it with the Better Business Bureau of Chicago and Northern Illinois during the three (3) years prior to May 17, 2006. The request sought information that was known by the Better Business Bureau, and not known to George S. May. The request was otherwise poorly drafted and objectionable. Nonetheless, George S. May, after objecting, conducted an investigation and responded to the request to the best of its knowledge. Defendants have not proven the objections or denial to be improper.

Defendants' motion should be denied for, among others, the following reasons: 1) George S. May, after objecting, responded in good faith and for good reason after due inquiry; 2) Defendants have not proven that the denial was incorrect or the objections improper; 3) The Request to Admit was improper; 4) George S. May appropriately objected to the Request to Admit; 5) the subject matter of the Request to Admit was not of substantial importance; and

6) Defendants have not demonstrated that any expenses would have been avoided if George S. May had admitted the Request.

## RELEVANT BACKGROUND

On May 17, 2006, Defendants propounded the following Request for Admission (the "Request") to George S. May:

9.)    Admit that in the past three (3) years (36) months, more than forty (40) complaints have been filed against YOU with the following entity:

> The Better Business Bureau®
> Serving Chicago and Northern Illinois
> 330 N. Wabash Avenue Suite #2006
> Chicago, IL 60611
> (312) 832-0500
> www.chicago.bbb.org

See Exhibit A (excerpt from Defendants' Discovery Requests).

Among the many general objections George S. May interposed were objections to the Request: 1) "to the extent that they demand that GSMIC inquire, search, and/or review the files, records, books and/or papers of, any other person or entity"; 2) "to the extent they are vague, ambiguous, overly broad, or unduly burdensome, or purport to impose demands beyond those imposed by the Federal Rules of Civil Procedure"; 3) "that they are not proper requests to admit in accordance with Fed. R. Civ. P. 36"; and 4) the definition of the term "YOU" in the Request was indefinite since it could apply to Better Business Bureau claims against George S. May, its directors, officers, employees, agents or other representatives. See Exhibit B (excerpt from George S. May's Discovery Response).

Among other things, George S. May believed the Request was vague in that it was unclear whether Defendants were seeking "complaints" filed in Chicago and Northern Illinois or throughout the United States. As demonstrated by the documents produced by The Better

2

Business Bureau, complaints can be filed in Better Business Bureaus all around the country. In this case, the documents produced by the Better Business Bureau showed that several complaints were filed with the Better Business Bureau office in Virginia, Georgia, Nevada, and through the Internet, not in Chicago. See Exhibit C (examples of complaints filed in Nevada, Virginia and the Internet)[1].

Nevertheless, George S. May conducted an investigation into the number of formal complaints that (as of the date of its investigation) George S. May had received in the prior three (3) years and reasonably believed that the number was 37. Since this amount was less than 40, George S. May denied the Request.

Ultimately, Defendants subpoenaed the Better Business Bureau of Chicago. The Better Business Bureau of Chicago responded that 43 complaints were filed, 11 of which were not filed in Chicago. See Exhibits C and D (letter from Better Business Bureau to Defendants' counsel stating the number of complaints as 43).

## ARGUMENT

Defendants have not demonstrated that the Request was proper and that George S. May's response was improper under Rules 36 and 37 (c)(2) for a variety of reasons. FRCP 37(c)(2) provides that:

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial

---

[1] These complaints have been redacted because the Better Business Bureau has asserted confidentiality in the contents.

3

importance, or (C) the party failing to admit had reasonable grounds to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.

This court has broad discretion in determining whether the many bases for denying sanctions under FRCP 37(c)(2) apply. Popeil Brothers, Inc. v. Schick Electronics, 516 F.2d 772, 777 (7th Cir. 1975). In this case there are numerous bases to deny Defendants' motion.

1.  The Request Sought Information Known by a Third Party, Not George S. May

The Request was objectionable for a host of reasons, but the main reason was that the information sought was not known by George S. May. George S. May is not the Better Business Bureau, and is not in a position to know the exact number of complaints filed with the Better Business Bureau. Thus, George S. May did not have personal knowledge of the fact sought to be admitted as required under Rules 36 and 26(a)(1). A party is not required to respond to a request for admission if it does not have personal knowledge but a third party has the knowledge Jackson Buff Corp. v. Marcele, 20 FRD 139, 140-141 (E.D.N.Y. 1957). Therefore, George S. May did not have to respond to the Request at all.

George S. May raised other valid objections because the Request was improper and poorly drafted. It was unclear as to what it meant by "complaint" (since the Better Business Bureau receives letters which are not always considered complaints), "YOU" (because the term was defined to include, among others, George S. May's employees and agents) or whether Defendants sought an admission regarding Better Business Bureau complaints filed in Chicago, or all around the country. In any event, since Defendants did not take any action to challenge the sufficiency of George S. May's objections prior to, filing its motion, Defendants' motion should be denied on that basis alone. Russo v. Baxter Healthcare Corp., 51 F.Supp.2d 70, 78-79 (D.RI 1999) (motion to challenge objections a prerequisite to motion for FRCP 37(b)(2) sanction).

4

2.  George S. May's Denial was in Good Faith and Defendants Have Not Proven It To Be Incorrect

After objecting, George S. May conducted a reasonable investigation and determined that it believed the number of complaints filed against it throughout the country in the last three (3) years was 37. Since this number was not more than 40, George S. May had good reason to deny the Request, and Defendants' motion should be denied. Harolds Stores, Inc. v. Dillard Department Stores, 82 F.3d 1533, 1555 (9th Cir. 1996).

In fact, Defendants have still not proven that the denial was incorrect as required by FRCP 37(c)(2). The Better Business Bureau stated that the number of complaints was 43, but that number included "complaints" the Better Business Bureau did not consider to be a formal, filed complaint, as well as 11 complaints filed in Nevada, Virginia, Georgia and on the Internet. See Exhibit C and D. Thus, according to Defendants' own request, George S. May's denial was correct in that the number of complaints filed with the Chicago office of the Better Business Bureau was less than 40.

3.  The Admission is of No Substantial Importance

In this case, whether the number of Better Business Bureau complaints filed against George S. May is more than 40 is not of substantial importance and will not be an important issue either party will need to prevail on at trial. The relevant question is whether any Better Business Bureau complaints relate to the false and deceptively misleading statements of fact that have been published by the Defendants in this case. Since whether or not the number of complaints is greater than 40 is not of substantial importance, Defendants' motion should be denied. Avery Dennison v. Allendale Mutual Insurance, 310 F.3d 1114, 1118 (9th Cir. 2002).

### 4. Defendants Cannot Prove Expenses Would Have Been Avoided

Regardless of whether the actual number of Better Business Bureau complaints was greater or less than 40, Defendants still would have had to subpoena the Better Business Bureau in order to obtain records that evidence the substance of those complaints. Therefore, Defendants' motion should be denied since assuming, arguendo, George S. May's response was improper, Defendants cannot establish that expenses could have been avoided by a proper admission. Read-Rite Corporation v. Burlington Air Express, Inc., 183 F.R.D. 545, 548 (N.D. Cal. 1998).

## CONCLUSION

Defendants have presented no basis for its motion, much less to sanction George S. May. Defendants propounded an improper, imprecise, objectionable and immaterial Request to the wrong party and have not demonstrated that George S. May's response was incorrect or improper. Defendants have woefully failed to demonstrate that George S. May's denial was incorrect, or that its objections were improper. Both prerequisites to making a Rule 37(b)(2) motion. Even if the number of complaints is relevant, Defendants' proper method to determine the number of complaints filed with the Better Business Bureau against George S. May was to go to the Better Business Bureau, and Defendants were not impacted at all by the denial even if it were incorrect. For all of these reasons, and because George S. May properly objected to and denied the Request in good faith and for good reason, Defendants' motion should be denied. Further, George S. May should be awarded its fees for responding to this baseless sanctions motion.

**DATED: November 1, 2006**          Respectfully submitted,

                                                    **GEORGE S. MAY INTERNATIONAL COMPANY**

                                                    By:  _____s/    Bart A. Lazar_____
                                                                  One of Its Attorneys

<u>Attorneys for Plaintiff</u>:
Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
131 South Dearborn, Suite 2400
Chicago, IL  60603
Telephone:   (312) 460-5000
Facsimile:    (312) 460-7000

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2006, I electronically filed **RESPONSE TO DEFENDANTS' MOTION FOR MONETARY SANCTIONS REGARDING PLAINTIFF'S ALLEGED FAILURE TO ADMIT** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

>James K. Borcia
>Jborcia@tsmp.com
>Tressler, Soderstrom, Maloney & Priess
>233 South Wacker Drive, 22nd Floor
>Chicago, Illinois 60606-6308
>*Lead Attorney*
>*Attorney to be noticed*

s/    Bart A. Lazar