# EXHIBIT B

Dockets.Justia.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY,<br><br>Plaintiff,<br><br>-vs-<br><br>XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES,<br><br>Defendants. | Case Number: 04 C 6018<br><br>Judge Charles R. Norgle, Sr.<br>Magistrate Judge Mason |

## PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY'S RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS, REQUEST FOR ADMISSIONS AND NON-UNIFORM INTERROGATORIES

NOW COMES Plaintiff George S. May International Company ("GSMIC") and hereby responds to Defendants' Request for Production of Documents, Request for Admissions and Non-Uniform Interrogatories ("Discovery Requests") as follows:

### GENERAL OBJECTIONS

1.  GSMIC objects to the Discovery Requests to the extent they seek information protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or exemption. Nothing contained in this Response or in any future or supplemental response is intended or may be construed as a waiver of the attorney-client privilege, the work product doctrine, and any other applicable immunity, privilege, law, or rule.

2.  GSMIC objects to the Discovery Requests to the extent that they seek information containing or constituting confidential information, trade secrets, and/or sensitive technical and business information except pursuant to an appropriate protective order that will provide

adequate protection of such information from further disclosure to or use by Plaintiffs or third parties.

3. GSMIC objects to the Discovery Requests to the extent that they demand that GSMIC inquire, search, and/or review the files, records, books and/or papers of, any other person or entity, on the grounds that such Discovery Requests are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4. GSMIC objects to the Discovery Requests to the extent that they demand information relating to any act, event, transaction, or occurrence other than those identified in disputed facts alleged with particularity in the pleadings herein, on the grounds that such Discovery Requests are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

5. GSMIC objects to the Discovery Requests to the extent they are vague, ambiguous, overly broad, or unduly burdensome, or purport to impose demands beyond those imposed by the Federal Rules of Civil Procedure.

6. GSMIC objects to the Discovery Requests to the extent that they demand residential addresses of any employees identified in this Response. Plaintiff's request for this information is unnecessarily intrusive. GSMIC's employees may be contacted through GSMIC's counsel.

7. GSMIC objects to Plaintiff's Instructions and Definitions to the Discovery Requests to the extent that they seek to impose upon GSMIC obligations that are neither set forth nor contemplated by the Federal Rules of Civil Procedure or other applicable rules.

8. GSMIC objects to the Discovery Requests to the extent they are not limited to a specific and relevant time period.

9. GSMIC objects to the requests for admissions/non-uniform interrogatories in that they are not proper requests to admit in accordance with Fed. R. Civ. P. 36.

10. In addition to the General Objection above relating to all of the Discovery Requests, which apply equally to all of the Definitions, GSMIC objects to the definition of "Identify" to the extent it is overbroad, unduly burdensome and attempts to impose obligations beyond those required by the Federal Rules of Civil Procedure.

11. In making these answers and objections to these Discovery Requests, GSMIC does not in any way waive or intend to waive but rather intends to preserve and is preserving:

    (a) All objections as to relevance, materiality, and admissibility of any answers and/or documents identified;

    (b) All rights to object on any ground to the use of any of these objections, answers and/or documents identified, in any subsequent proceedings, including the trial of this or any other action; and

    (c) All rights to object on any ground to any request for further responses to these interrogatories or other discovery requests.

12. Subject to these General Objections and without waiving or intending to waive the right to object, on any grounds, to the use of any information disclosed herein, and/or the right to object at any time, to any subsequent discovery requests involving or relating to the same or similar or subject matter, GSMIC's specific response to the Discovery Requests is as follows:

**RESPONSE:** Without waiving its objections, GSMIC admits that within the past five (5) years, it has received at least one communication from a current or former customer which claimed dissatisfaction with GSMIC's services.

9.) Admit that in the past three years (36) months, more than **forty (40)** complaints have been filed against YOU with the following entity:

> The Better Business Bureau®
> Serving Chicago and Northern Illinois
> 330 N. Wabash Avenue Suite #2006
> Chicago, IL 60611
> (312) 832-0500
> www.chicago.bbb.org

**OBJECTION:**

In addition to its general objections, GSMIC objects to this request in that it is not a proper request to admit under Fed. R. Civ. P. 36 because the matter requested is not within the scope of Rule 26(b)(1), and further objects to the definition of the terms "YOU."

**RESPONSE:** Without waiving its objections, GSMIC denies this request.

Dated: June 19, 2006

**GEORGE S. MAY INTERNATIONAL COMPANY**

By _____
One of Its Attorneys

Ronald L. Lipinski, Esq.
Bart A. Lazar, Esq.
Rachel M. Kindstrand, Esq.
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
(312) 346-8000