Exhibit A

JKB/cic/364035                                                                  5634-2-51

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 04 C 6018 <br> ) |
| XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM, BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES, | ) Honorable Judge Norgle <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

**REQUEST FOR PRODUCTION OF DOCUMENTS;**

**REQUEST FOR ADMISSIONS & NON-UNIFORM INTERROGATORIES**

TO:   PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY
      AND ITS ATTORNEYS:

Pursuant to Fed. R. Civ. P. 33, 34 & 36, Defendants XCENTRIC VENTURES, LLC and Ed Magedson propound the following request for production, admissions and non-uniform interrogatories, each of which is to be answered fully and separately, in writing, under oath and within thirty (30) days from the date of service. These interrogatories are continuing interrogatories under Fed. R. Civ. P. 26(e), and all your answers must be supplemented in accordance with Rule 26(e).

10297-1/DSG/DSG/527819_v1

## INSTRUCTIONS FOR USE IN RESPONDING

A. All information is to be divulged which is in the possession, custody or control of each individual or corporate party, their attorneys, insurance claim representatives, investigators, agents, employees or other representatives, including all information reasonably available to them.

B. Where an individual interrogatory calls for an answer, which involves more than one part or sub-part, each part of the answer should be set forth separately so that it is clearly understandable and responsive to the respective sub-part.

C. The terms "writing" or "written" are intended to include but not necessarily be limited to the following: other means of recording upon any tangible thing any form of communications, including letters, words, pictures, sounds or symbols or combinations thereof; and it further includes any oral communication later reduced to a writing or confirmed by a letter.

D. The terms "document" or "documents" are intended to include but not necessarily be limited to the following: files, notes, memoranda, correspondence or letters of any kind, intra-departmental or office communications, written statements or reports, either signed or unsigned, records or taped interviews or statements, maps, plats, photographs, moving or still pictures, diagrams, plans, drawings, specifications, measurements, or other descriptions, agreements, contracts, records, and computer files in any format and printouts thereof. The term "document" shall include both originals and all copies which are not identical with the original or which contain any commentary or notation that does not appear on the original.

E. The term "investigation" means any investigation whether conducted by an employee of any governmental entity or any private person, including representatives of any insurance company or an attorney. It is intended to include any inquiry into the facts underlying the basis of the claims and defenses presented herein, and any communication with any person thought to have knowledge about the facts. However, it is not intended to include any communication to which a privilege is claimed between the answering party and its attorney.

F. If you contend that the answer to any interrogatory is privileged, in whole or in part, or if you object to any interrogatory, in whole or in part, state the reasons for such objection and identify each person having knowledge of the factual basis, if any, on which the privilege is asserted.

G. When an interrogatory requests that you "identify," or state the "identity" of a person, you are requested to provide his or her:

1. Full name;
2. Present or last known address or, if unknown, the last known whereabouts;
3. Phone number;
4. Present employer's name and address;
5. Occupational position or classification.

   H.   Unless otherwise directed, when an interrogatory asks that you "identify" a document or writing, please state:

1. Its nature (e.g., letter, memorandum, report, etc.);
2. Its title, if any;
3. The date it was prepared;
4. The date it was sent;
5. The date it was received;
6. The identity, as defined above, or person(s) who:
   a. Prepared it;
   b. Participated in any way in its preparation; or
   c. Signed it;
7. A statement of its subject matter; and
8. The identity, as defined above, of the person who has custody of it.

   I.   In the event that your answer to an interrogatory is "not applicable" or any similar phrase or answer, explain in detail why that interrogatory is not applicable.

   J.   In the event that your answer to any interrogatory is "don't know" or "unknown," or any similar phrase or answer, explain in detail all efforts made by the named party or its attorneys or representatives to obtain the answer to that interrogatory.

   K.   These interrogatories should be deemed continuing in nature. It is requested that you update your answers to interrogatories as soon as possible after new information is obtained to reflect any information obtained after the interrogatories are initially answered to include all information up to and including the date of the trial.

   L.   Where an interrogatory requests that you provide information concerning Explain a witness may testify about, that interrogatory is intended to elicit a summary of the information that any witness may have provided to you of whether they may testify at trial.

   M.   References in these Interrogatories to "this case" or "this matter" are to Case No. 04 C 6018 pending in this Court.

   N.   References to "YOU" mean **PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY** and its directors, offices, investigators, agents, employees or other representatives, where applicable

O.  References to "DEFENDANTS" mean XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM, BADBUSINESSBUREAU.COM, and ED MAGEDSON, unless otherwise specifically stated.

P.  References to the "ROR Sites" mean RIPOFFREPORT.COM and/or BADBUSINESSBUREAU.COM.

Q.  References to the "COMPLAINT" mean the September 14, 2004 "VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF" filed in Case No. 04 C 6018 pending in this Court.

## REQUESTS FOR PRODUCTION OF DOCUMENTS & THINGS

1.) Produce copies of each and every separate statement that appears (whether now, or in the past, if any) anywhere on the ROR Sites regarding or referring to YOU which YOU allege to be false.

2.) Produce copies of each and every document YOU have showing the "postings" which YOU refer to in ¶ 12 of the COMPLAINT.

3.) Produce copies of each and every document YOU have showing the "words, terms, false representations of fact, and combinations thereof …" which YOU refer to in ¶ 21 of the COMPLAINT.

4.) Produce copies of each and every document YOU have showing the "false, misleading, disparaging and/or defamatory comments and allegations" which YOU refer to in ¶¶ 22, 23, 24, 25 and/or 26 of the COMPLAINT.

5.) Produce copies of each and every document YOU have showing the "false and deceptively misleading content concerning GSMIC, its founder, owner, executive, and/or employees …" which you refer to in ¶ 31 of the COMPLAINT.

6.) Produce copies of any and all documents which YOU have which YOU claim are proof that any of the specific statements identified in Requests #1–5 above are, in fact, false. If NONE, so state.

7.) Produce copies of each and every document which YOU have (if any) that identifies the author/creator of each specific statement identified in response to Requests #1–5 above. If NONE, so state.

8.) Produce copies of any and all documents which YOU have which YOU claim are proof that DEFENDANTS personally authored/created any of the specific statements identified in Requests #1–5 above. If NONE, so state.

9.) Produce copies of any/all documents reflecting complaints that have made against YOU in the past five (5) years by either YOUR current and/or former customers and/or YOUR current and/or former employees. For the purpose of this request, "complaints" shall mean any form of complaint, grievance, objection or citation whether made directly to YOU or to any governmental agency (i.e., State Attorney General) or non-governmental agency (i.e., Better Business Bureau), but shall NOT include criminal/civil matters pending in any state or federal court.

10.) Produce a list of all current and prior civil and/or criminal complaints filed <u>against</u> YOU in the past five (5) years anywhere in the United States. For each separate matter, explain:

    a. The nature of the dispute (i.e., suit for employment discrimination);

    b. The jurisdiction where pending;

    c. The date filed;

    d. The date of final disposition (if any); and

    e. The nature of final disposition (i.e., defense verdict).

11.) Produce a list of all current and prior civil and/or criminal complaints filed <u>by</u> YOU in the past five (5) years anywhere in the United States. For each separate matter, include at least:

    a. The nature of the dispute (i.e., suit for employment discrimination);

    b. The jurisdiction where pending;

    c. The date filed;

    d. The date of final disposition (if any); and

    e. The nature of final disposition (i.e., defense verdict).

12.) Produce copies of any/all documents which YOU claim are proof that YOU have been damaged by any of the specific statements identified in Requests #1–5 above. If NONE, so state.

13.) Produce copies of YOUR state and federal income tax returns for the past five (5) years.

## REQUEST FOR ADMISSIONS/NON-UNIFORM INTERROGATORIES

REQUEST TO ADMIT:

1.) Admit that the COMPLAINT seeks to impose liability upon Defendants for statements appearing on the ROR Sites which were created by persons *other than* Defendants.

**RESPONSE:**     **ADMIT** _____     **DENY** _____

NON-UNIFORM INTERROGATORY:

If your response to the question immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

REQUEST TO ADMIT:

2.) Admit that in ¶ 12 of the verified COMPLAINT, YOU alleged:

"On information and belief, some of the postings asserting that GSMIC has engaged in illegal and immoral activities, hosted, and transmitted by Defendants were posted by GSMIC's competitors for the purpose of hurting GSMIC's business."

**RESPONSE:**     ADMIT \_\_\_\_\_     DENY \_\_\_\_\_

NON-UNIFORM INTERROGATORY:

If your response to the question immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

REQUEST TO ADMIT:

    3.)    Admit that YOU have no evidence whatsoever that any of the statements referred to in ¶ 12 of the verified COMPLAINT were personally authored/created by DEFENDANTS.

**RESPONSE:**    ADMIT \_\_\_\_    DENY \_\_\_\_

NON-UNIFORM INTERROGATORY:

If your response to the question immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

9

REQUEST TO ADMIT:

4.) Admit that prior to the filing of the COMPLAINT, YOU had no evidence whatsoever that any of the statements referred to in ¶ 12 of the verified COMPLAINT were personally authored/created by DEFENDANTS.

**RESPONSE:**   ADMIT _____   DENY _____

NON-UNIFORM INTERROGATORY:

If your response to the question immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

REQUEST TO ADMIT:

5.) Admit that YOU have no evidence whatsoever that any of the statements referred to in ¶¶ 12, 21, 22, 23, 24, 25, 26 and/or 31 of the verified COMPLAINT were personally authored/created by DEFENDANTS.

**RESPONSE:**   **ADMIT** _____   **DENY** _____

NON-UNIFORM INTERROGATORY:

If your response to the question immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

11

REQUEST TO ADMIT:

    6.)    Admit that prior to the filing of the COMPLAINT, YOU had no evidence whatsoever that any of the statements referred to in ¶¶ 12, 21, 22, 23, 24, 25, 26 and/or 31 of the verified COMPLAINT were personally authored/created by DEFENDANTS.

**RESPONSE:**    **ADMIT** \_\_\_\_    **DENY** \_\_\_\_

NON-UNIFORM INTERROGATORY:

If your response to the question immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

10297-1/DSG/DSG/527819_v1

REQUEST TO ADMIT:

    7.)    Admit that prior to the filing of the COMPLAINT, YOU did not investigate whether any of the statements referred to in ¶¶ 12, 21, 22, 23, 24, 25, 26 and/or 31 of the verified COMPLAINT were personally authored/created by DEFENDANTS.

**RESPONSE:**    ADMIT \_\_\_\_    DENY \_\_\_\_

NON-UNIFORM INTERROGATORY:

If your response to the question immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

13

REQUEST TO ADMIT:

    8.)     Admit that in the past five (5) years, YOU have received at least one (1) or more complaint(s) from YOUR current and/or former customers which generally allege that the services YOU provided to YOUR customer(s) failed to deliver the results YOU promised.

**RESPONSE:**      ADMIT _____      DENY _____

NON-UNIFORM INTERROGATORY:

If your response to the question immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

14

REQUEST TO ADMIT:

9.) Admit that in the past three years (36 months), more than **forty (40)** complaints have been filed against YOU with the following entity:

> The Better Business Bureau®
> Serving Chicago and Northern Illinois
> 330 N Wabash Avenue Suite #2006
> Chicago, IL 60611
> (312) 832-0500
> www.chicago.bbb.org

**RESPONSE:**     ADMIT _____     DENY _____

NON-UNIFORM INTERROGATORY:

If your response to the question immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

XCENTRIC VENTURES, LLC
EDWARD MAGEDSON

By: _/s/ Maria C. Speth_
One of His Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

15

10297-1/DSG/DSG/527819_v1

CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2006, I sent the original plus one copy of Defendants' Request for Production of Documents; Request for Admissions & Non-Uniform Interrogatories to the following via United States Mail:

Bart A. Lazar
Rachel M. Kindstrand
SEYFARTH SHAW LLP
55 East Monroe
Suite 4200
Chicago, Illinois 60603

I hereby certify that on May 17, 2006, I sent a copy of Defendants' Request for Production of Documents; Request for Admissions & Non-Uniform Interrogatories to the following via United States Mail:

James K. Borcia
TRESSLER, SODERSTROM, MALONEY & PRIESS
233 South Wacker Drive
22nd Floor
Chicago, Illinois 60606-6308

[signature]

16

10297-1/DSG/DSG/527819_v1