Exhibit B

Dockets.Justia.com

COPY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE S. MAY                          )
INTERNATIONAL COMPANY,                 )
                                       )
          Plaintiff,                   )
                                       )      Case Number: 04 C 6018
     -vs-                              )
                                       )      Judge Charles R. Norgle, Sr.
XCENTRIC VENTURES, LLC,                )      Magistrate Judge Mason
RIP-OFF REPORT.COM                     )
BADBUSINESSBUREAU.COM,                 )
ED MAGEDSON, VARIOUS                   )
JOHN DOES, JANE DOES AND               )
ABC COMPANIES,                         )
                                       )
          Defendants.                  )

PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY'S
RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS,
REQUEST FOR ADMISSIONS AND NON-UNIFORM INTERROGATORIES

NOW COMES Plaintiff George S. May International Company ("GSMIC") and hereby

responds to Defendants' Request for Production of Documents, Request for Admissions and

Non-Uniform Interrogatories ("Discovery Requests") as follows:

GENERAL OBJECTIONS

1.     GSMIC objects to the Discovery Requests to the extent they seek information

protected by the attorney-client privilege, the attorney work product doctrine, and any other

applicable privilege or exemption.  Nothing contained in this Response or in any future or

supplemental response is intended or may be construed as a waiver of the attorney-client

privilege, the work product doctrine, and any other applicable immunity, privilege, law, or rule.

2.     GSMIC objects to the Discovery Requests to the extent that they seek information

containing or constituting confidential information, trade secrets, and/or sensitive technical and

business information except pursuant to an appropriate protective order that will provide

adequate protection of such information from further disclosure to or use by Plaintiffs or third parties.

3.    GSMIC objects to the Discovery Requests to the extent that they demand that GSMIC inquire, search, and/or review the files, records, books and/or papers of, any other person or entity, on the grounds that such Discovery Requests are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4.    GSMIC objects to the Discovery Requests to the extent that they demand information relating to any act, event, transaction, or occurrence other than those identified in disputed facts alleged with particularity in the pleadings herein, on the grounds that such Discovery Requests are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

5.    GSMIC objects to the Discovery Requests to the extent they are vague, ambiguous, overly broad, or unduly burdensome, or purport to impose demands beyond those imposed by the Federal Rules of Civil Procedure.

6.    GSMIC objects to the Discovery Requests to the extent that they demand residential addresses of any employees identified in this Response. Plaintiff's request for this information is unnecessarily intrusive. GSMIC's employees may be contacted through GSMIC's counsel.

7.    GSMIC objects to Plaintiff's Instructions and Definitions to the Discovery Requests to the extent that they seek to impose upon GSMIC obligations that are neither set forth nor contemplated by the Federal Rules of Civil Procedure or other applicable rules.

8.    GSMIC objects to the Discovery Requests to the extent they are not limited to a specific and relevant time period.

9.    GSMIC objects to the requests for admissions/non-uniform interrogatories in that they are not proper requests to admit in accordance with Fed. R. Civ. P. 36.

10.    In addition to the General Objection above relating to all of the Discovery Requests, which apply equally to all of the Definitions, GSMIC objects to the definition of "Identify" to the extent it is overbroad, unduly burdensome and attempts to impose obligations beyond those required by the Federal Rules of Civil Procedure.

11.    In making these answers and objections to these Discovery Requests, GSMIC does not in any way waive or intend to waive but rather intends to preserve and is preserving:

(a)    All objections as to relevance, materiality, and admissibility of any answers and/or documents identified;

(b)    All rights to object on any ground to the use of any of these objections, answers and/or documents identified, in any subsequent proceedings, including the trial of this or any other action; and

(c)    All rights to object on any ground to any request for further responses to these interrogatories or other discovery requests.

12.    Subject to these General Objections and without waiving or intending to waive the right to object, on any grounds, to the use of any information disclosed herein, and/or the right to object at any time, to any subsequent discovery requests involving or relating to the same or similar or subject matter, GSMIC's specific response to the Discovery Requests is as follows:

3

## REQUESTS FOR PRODUCTION OF DOCUMENTS & THINGS

**REQUEST NO. 1:**

Produce copies of each and every separate statement that appears (whether now, or in the past, if any) anywhere on the ROR Sites regarding or referring to YOU which YOU allege to be false.

**OBJECTION:**

In addition to the General Objections, GSMIC objects to this request to the extent that GSMIC cannot be aware of every page that ever appeared anywhere on the ROR Sites, to the extent it requires GSMIC to review documents that are not in its possession, to the extent that it requires GSMIC to review pages and e-mail communications that GSMIC has not been provided with or have been destroyed and have been sought in discovery, and to the extent that GSMIC has previously identified and provided to Defendants copies of pages on Defendants' web sites that refers or relates to GSMIC that GSMIC alleges contain false and/or deceptively misleading information about GSMIC, its business, officers or employees.

**RESPONSE:**

Without waiving its objections, GSMIC will produce copies of pages of Defendants' web sites in its possession that refer or relate to GSMIC that GSMIC alleges contain false and/or deceptively misleading information about GSMIC, its business, officers and/or employees.

**REQUEST NO. 2:**

Produce copies of each and every document YOU have showing the "postings" which YOU refer to in ¶ 12 of the COMPLAINT.

**OBJECTION:**

In addition to the General Objections, GSMIC objects to this request to the extent that the term "have" is nebulous. GSMIC further objects in that it cannot be aware of every page that ever appeared anywhere on the ROR Sites, or that have been deleted, destroyed or withheld by Defendants, and to the extent that GSMIC has previously identified and provided to Defendants copies of pages on Defendants' web sites that refers or relates to GSMIC that GSMIC alleges contain false and/or deceptively misleading information about GSMIC, its business, officers or employees.

4

**RESPONSE:**

Without waiving its objections, GSMIC will produce copies of pages of Defendants'
web sites in its possession that GSMIC referred to in ¶12 of the Verified Complaint for
Injunctive and Other Relief.

**REQUEST NO. 3:**

Produce copies of each and every document YOU have showing the "<u>words,
terms, false representations of fact, and combinations thereof ...</u>" which YOU
refer to in ¶ 21 of the COMPLAINT.

**OBJECTION:**

In addition to the General Objections, GSMIC objects to this request to the extent
that the term "have" is nebulous. GSMIC further objects in that cannot be aware
of every page that ever appeared anywhere on the ROR Sites, or has been deleted,
destroyed or withheld by Defendants, and to the extent that GSMIC has
previously identified and provided to Defendants copies of pages on Defendants'
web sites that refers or relates to GSMIC that GSMIC alleges contain false and/or
deceptively misleading information about GSMIC, its business, officers or
employees.

**RESPONSE:**

Without waiving its objections, GSMIC will produce copies of pages of Defendants'
web sites in its possession that GSMIC referred to in ¶21 of the Verified Complaint for
Injunctive and Other Relief.

**REQUEST NO. 4:**

Produce copies of each and every document YOU have showing the "<u>false,
misleading disparaging and/or defamatory comments and allegations</u>" which
YOU refer to in ¶¶ 22, 23, 24, 25 and/or 26 of the COMPLAINT.

**OBJECTION:**

In addition to the General Objections, GSMIC objects to this request to the extent
that the term "have" is nebulous, GSMIC cannot be aware of every page that ever
appeared anywhere on the ROR Sites, or that has been deleted, destroyed or withheld by
Defendants, and to the extent that GSMIC has previously identified and provided to
Defendants copies of pages on Defendants' web sites that refers or relates to GSMIC that
GSMIC alleges contain false and/or deceptively misleading information about GSMIC,
its business, officers or employees.

5

**RESPONSE:**

Without waiving its objections, GSMIC will produce copies of pages of Defendants' web sites that GSMIC referred to in ¶¶ 22, 23, 24, 25 and/or 26 of the Verified Complaint for Injunctive and Other Relief.

**REQUEST NO. 5:**

Produce copies of each and every document YOU have showing the "false and deceptively misleading content concerning GSMIC, its founder, owner, executive, and/or employees ..." which you refer to in ¶ 31 of the COMPLAINT.

**OBJECTION:**

In addition to the General Objections, GSMIC objects to this request to the extent that the terms "have" and "showing" are nebulous. GSMIC cannot be aware of every page that ever appeared anywhere on the ROR Sites or that has been deleted, destroyed or withheld by Defendants, and to the extent that GSMIC has previously identified and provided to Defendants copies of pages on Defendants' web sites that refers or relates to GSMIC that GSMIC alleges contain false and/or deceptively misleading information about GSMIC, its business, officers or employees.

**RESPONSE:**

Without waiving its objections, GSMIC will produce copies of pages of Defendants' web sites that GSMIC referred to in ¶ 31 of the Verified Complaint for Injunctive and Other Relief.

**REQUEST NO. 6:**

Produce copies of any and all documents which YOU have which YOU claim are proof that any of the specific statements identified in Requests #1-5 above are, in fact, false. If NONE, so state.

**OBJECTION:**

In addition to the General Objections, GSMIC objects to this request to the extent that the term "have" is nebulous, and to the extent that Document Requests #1-5 do not and cannot request the identification of any specific statements—they are Document Requests.

**RESPONSE:**

Without waiving its objections, GSMIC responds that there are no specific statements

identified in Requests #1-5 as they are Document Requests.

**REQUEST NO. 7:**

Produce copies of each and every document which YOU have (if any) that
identifies the author/creator of each specific statement identified in response to
Requests #1-5 above. If NONE, so state.

**OBJECTION:**

In addition to the General Objections, GSMIC objects to this request to the extent
that the term "have" is nebulous, and to the extent that Document Requests #1-5 do not
and cannot request the identification of any specific statements-they are Document
Requests. GSMIC also objects to the extent that documents that would identify the
author/creators of postings on Defendants' websites were or are in the possession and/or
control of Defendants and have been destroyed, deleted or withheld by Defendants.

**RESPONSE:**

Without waiving its objections, there are no specific statements identified in Requests #1-

5 as they are Document Requests.

**REQUEST NO. 8:**

Produce copies of any and all documents which YOU have which YOU claim are
proof that DEFENDANTS personally authored/created any of the specific
statements identified in Requests #1-5 above. If NONE, so state.

**OBJECTION:**

In addition to the General Objections, GSMIC objects to this request to the extent
that the term "have" is nebulous, and to the extent that Document Requests #1-5 do not
and cannot request the identification of any specific statements-they are Document
Requests. GSMIC also objects to the extent that documents that would identify the
author/creators of postings on Defendants' websites were or are in the possession and/or
control of Defendants and have been destroyed, deleted or withheld by Defendants.

**RESPONSE:**

Without waiving its objections, there are no specific statements identified in Requests #1-

5 as they are Document Requests.

## REQUEST NO. 9:

Produce copies of any/all documents reflecting complaints that have [been] made against YOU in the past five (5) years by either YOUR current and/or former customers and/or YOUR current and/or former employees. For the purpose of this request, "complaints" shall mean any form of complaint, grievance, objection or citation whether made directly to YOU or to any government agency (i.e., State Attorney General) or non-governmental agency (i.e., Better Business Bureau), but shall NOT include criminal/civil matters pending in any state or federal court.

## OBJECTION:

In addition to the General Objections, GSMIC objects to this request to the extent that the Request is overbroad and unduly burdensome, and not reasonably calculated towards the discovery of admissible evidence. GSMIC further objects to the time frame of this request.

## RESPONSE:

## REQUEST NO. 10:

Produce a list of al current and prior civil and/or criminal complaints filed against YOU in the past five (5) years anywhere in the United States. For each separate matter, explain:

a.    The nature of the dispute (i.e., suit for employment discrimination);
b.    The jurisdiction where pending;
c.    The date filed;
d.    The date of final disposition (if any); and
e.    The nature of final disposition (i.e., defense verdict).

## OBJECTION:

In addition to the General Objections, GSMIC objects to this request to the extent that the Request is overbroad and unduly burdensome, and not reasonably calculated towards the discovery of admissible evidence. GSMIC further objects to the time frame of this request. Finally, GSMIC objects to this request to the extent it requires a list created and is therefore an improper Document Request.

## RESPONSE:

Without waiving any of its objections, GSMIC responds that no such list exists.

8

**REQUEST NO. 11:**

Produce a list of all current and prior civil and/or criminal complaints filed <u>by</u> YOU in the past five (5) years anywhere in the United States. For each separate matter, explain:

    a.    The nature of the dispute (i.e., suit for employment discrimination);

    b.    The jurisdiction where pending;

    c.    The date filed;

    d.    The date of final disposition (if any); and

    e.    The nature of final disposition (i.e., defense verdict).

**OBJECTION:**

In addition to the General Objections, GSMIC objects to this request to the extent that the Request is overbroad and unduly burdensome, and not reasonably calculated towards the discovery of admissible evidence. GSMIC further objects to the time frame of this request. Finally, GSMIC objects to this request to the extent it requires a list created and is therefore an improper Document Request.

**RESPONSE:**

Without waiving any of its objections, GSMIC responds that no such list exists.

**REQUEST NO. 12:**

Produce copies of any/all documents which YOU claim are proof that YOU have been damaged by any of the specific statements identified in Requests #1-5 above. If NONE, so state:

**OBJECTION:**

In addition to the General Objections, GSMIC objects to the extent that Document Requests #1-5 do not and cannot request the identification of any specific statements-they are Document Requests.

**RESPONSE:**

Without waiving its objections, there are no specific statements identified in Requests #1-5 as they are Document Requests. Defendants have already been provided with documents demonstrating some of the damages caused by Defendants' conduct.

9

**REQUEST NO. 13:**

Produce copies of YOUR state and federal income tax returns for the past five (5) years.

**OBJECTION:**

In addition to the General Objections, GSMIC objects to this request as not reasonably calculated to lead to the discovery of admissible information and intended to harass GSMIC.

**RESPONSE:**

## REQUEST FOR ADMISSIONS/NON-UNIFORM INTERROGATORIES

### REQUEST TO ADMIT:

1.)    Admit that the COMPLAINT seeks to impose liability upon Defendants for statements appearing on the ROR Sites which were created by persons *other than* Defendants.

### OBJECTION:

In addition to its general objection, GSMIC objects to this request for admission in that it does not relate to a statement or opinion of fact or of the application of the law to fact as set out in Fed. R. Civ. P. 36

### RESPONSE:

Without waiving its objections, GSMIC denies the request to admit.

11

### REQUEST TO ADMIT:

2.)    Admit that in ¶ 12 of the verified COMPLAINT, YOU alleged:

"On information and belief, some of the postings asserting that GSMIC has
engaged in illegal and immoral activities, hosted, and transmitted by Defendants
were posted by GSMIC's competitors for the purpose of hurting GSMIC's
business."

### OBJECTION:

In addition to its general objection, GSMIC objects to the use of the term YOU in
this request for admission.

### RESPONSE:

Without waiving its objection, GSMIC admits that it alleged in Paragraph 12 of the
Verified Complaint for Injunctive and Other Relief that: "On information and belief, some of the
postings asserting that GSMIC has engaged in illegal and immoral activities, hosted, and
transmitted by Defendants were posted by GSMIC's competitors for the purpose of hurting
GSMIC's business.

12

**REQUEST TO ADMIT:**

      3.)    Admit that the YOU have no evidence whatsoever that any of the statements referred to in ¶ 12 of the verified COMPLAINT were personally authored/created by DEFENDANTS.

**OBJECTION:**

    In addition to its general objection, GSMIC objects to this request for admission in that it does not relate to a statement or opinion of fact or of the application of the law to fact as set out in Fed. R. Civ. P. 36. GSMIC further objects to the use of the terms "YOU" and "statements" in the request, in that, among other things, they make the request imprecise.

**RESPONSE:** Without waiving its objections, GSMIC denies this request.

13

## REQUEST TO ADMIT:

4.)    Admit that prior to the filing of the COMPLAINT, YOU had no evidence
whatsoever that any of the statements referred to in ¶ 12 of the verified
COMPLAINT were personally authored/created by DEFENDANTS.

## OBJECTION:

In addition to its general objection, GSMIC objects to this request for admission
in that it does not relate to a statement or opinion of fact or of the application of the law
to fact as set out in Fed. R. Civ. P. 36. GSMIC further objects to the use of the terms
"YOU" and "statements" in the request in that, among other things, they make the request
imprecise.

**RESPONSE:**  Without waiving its objections, GSMIC denies this request.

14

## REQUEST TO ADMIT:

5.)     Admit that YOU have no evidence whatsoever that any of the statements referred to in ¶¶ 12, 21, 22, 23, 24, 25, 26 and/or 31 of the verified COMPLAINT were personally authored/created by DEFENDANTS.

## OBJECTION:

In addition to its general objection, GSMIC objects to this request for admission in that it does not relate to a statement or opinion of fact or of the application of the law to fact as set out in Fed. R. Civ. P. 36. GSMIC further objects to the use of the terms "YOU" and "statements" in the request, in that, among other things, they make the request imprecise.

15

**RESPONSE:** Without waiving its objections, GSMIC denies this request.

6.)  Admit that prior to the filing of the COMPLAINT, YOU had no evidence whatsoever that any of the statements referred to in ¶¶ 12, 21, 22, 23, 24, 25, 26 and/or 31 of the verified COMPLAINT were personally authored/created by DEFENDANTS.

**OBJECTION:**

In addition to its general objection, GSMIC objects to this request for admission in that it does not relate to a statement or opinion of fact or of the application of the law to fact as set out in Fed. R. Civ. P. 36. GSMIC further objects to the use of the terms "YOU" and "statements" in the request, in that, among other things, they make the request imprecise.

**RESPONSE:** Without waiving its objections, GSMIC denies this request.

16

## REQUEST TO ADMIT:

7.)    Admit that prior to the filing of the COMPLAINT, YOU did not investigate where any of the statements referred to in ¶¶ 12, 21, 22, 23, 24, 25, 26 and/or 31 of the verified COMPLAINT were personally authored/created by DEFENDANTS.

## OBJECTION:

In addition to its general objection, GSMIC objects to this request for admission in that it does not relate to a statement or opinion of fact or of the application of the law to fact as set out in Fed. R. Civ. P. 36. GSMIC further objects to the use of the terms "YOU" and "statements" in the request, in that, among other things, they make the request imprecise.

**RESPONSE:** Without waiving its objections, GSMIC denies this request.

## REQUEST TO ADMIT:

8.)   Admit that that in the past five (5) years, YOU have received at least one (1) or more complaint(s) from YOUR current and/or former customers which generally allege that the services YOU provided to YOUR customer(s) failed to deliver the results YOU promised.

## OBJECTION:

In addition to its general objections, GSMIC objects to this request in that it is not a proper request to admit under Fed. R. Civ. P. 36 because the matter requested is not within the scope of Rule 26(b)(1), and further objects to the definition of the terms "YOU," "YOUR" and "complaint" and the phrase "deliver the results YOU promised."

**RESPONSE:** Without waiving its objections, GSMIC admits that within the past five (5) years, it has received at least one communication from a current or former customer which claimed dissatisfaction with GSMIC's services.

9.)   Admit that in the past three years (36) months, more than **forty (40)** complaints have been filed against YOU with the following entity:

The Better Business Bureau®
Serving Chicago and Northern Illinois
330 N. Wabash Avenue Suite #2006
Chicago, IL 60611
(312) 832-0500
www.chicago.bbb.org

**OBJECTION:**

In addition to its general objections, GSMIC objects to this request in that it is not a proper request to admit under Fed. R. Civ. P. 36 because the matter requested is not within the scope of Rule 26(b)(1), and further objects to the definition of the terms "YOU."

**RESPONSE:** Without waiving its objections, GSMIC denies this request.

Dated: June 19, 2006

GEORGE S. MAY INTERNATIONAL
COMPANY

By

One of Its Attorneys

Ronald L. Lipinski, Esq.
Bart A. Lazar, Esq.
Rachel M. Kindstrand, Esq.
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
(312) 346-8000

19

## CERTIFICATE OF SERVICE

I, Bart A. Lazar, an attorney, hereby certify that a true and correct copy of **Plaintiff George S. May International Company's Response to Defendants' Request for Production of Documents, Request For Admissions and Non-Uniform Interrogatories** was served on the following via First Class U.S. Mail, postage prepaid, on June 19, 2006:

> James K. Borcia
> David O. Yuen
> Tressler, Soderstrom, Maloney & Priess
> 233 South Wacker Drive, 22nd Floor
> Chicago, IL 60606-6308
>
> Maria Crimi Speth
> Jaburg & Wilk, P.C.
> Great American Tower
> 3200 North Central Avenue, Suite 2000
> Phoenix, AZ 85012

Bart A. Lazar

20