UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case Number 04-C-6018 |
| -vs- | ) ) | Judge Norgle |
| XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES, | ) ) ) ) ) ) ) | Magistrate Judge Mason |
| Defendants. | ) ) | |

PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY'S
RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
RE: FIRST SET OF DISCOVERY REQUESTS

Plaintiff George S. May International Company ("GSMIC") filed this case against

Defendants, owners and operators of the websites Ripoffreport.com and Badbusinessbureau.com

("the websites") as a result of their hosting, posting, and transmitting false and deceptively

misleading statements of fact about GSMIC on the websites. GSMIC has not claimed that every

statement on Defendants' websites is false. GSMIC has asserted that several postings are false,

such as those stating that GSMIC's officers and employees have engaged in child pornography

and drug dealing and that the Better Business Bureau and GSMIC have combined to defraud

customers are false.[1] As this Court is aware, Judge Norgle has entered a temporary restraining

_____

[1] The false and deceptively misleading statements of fact can be summarized as follows: 1)
GSMIC engages in child pornography, offers drugs to high school children to get them to engage
in sex and there are clubs of pedophiles at GSMIC; 2) The BBB and GSMIC have combined to
defraud small business owners; 3) GSMIC verbally abuses its employees; 4) GSMIC trains its
employees to lie to get sales or is conducted in a manner to deceive clients, including faking
conversations with GSMIC headquarters personnel; 5) GSMIC trains employees to

order (extended by agreement of the parties) against the posting of such statements, and found

Defendants in contempt for violating that order.

## RELEVANT BACKGROUND

After Defendants unsuccessfully moved to dismiss this case claiming lack of personal

jurisdiction, and Defendants were found in contempt of court, GSMIC and Defendants each

issued written discovery.  GSMIC and Defendants engaged in several hours of telephone

conferences to attempt to resolve discovery issues.  Contrary to the assertions in Defendants'

brief, the discussions were not fruitless.  In fact, Defendants specifically requested, and GSMIC

agreed, that the parties would jointly file motions to compel in this case so that both parties

would file motions on the same day to frame the issues before the Court.  Defendants did not

abide by its agreement, and, instead filed the instant motion to compel.

Additionally, Defendants and GSMIC went through each of Defendants' Requests for

Production and Requests to Admit and Non-uniform Interrogatories, and, as part of the attempt

to resolve discovery disputes Defendants specifically agreed that some of the requests were

improper and that they would issue proper discovery requests.  As of the date of this response,

Defendants have issued four separate sets of discovery requests to GSMIC, reaching oppressive

levels.

---

belittle/denigrate abuse their clients/prospective clients; 6) GSMIC does not pay its employees
properly on commissions; 7) GSMIC double or triple charges for expenses; GSMIC has a 100%
employee turnover rate, or more than 10,000 employees in any year; 8) GSMIC's systems are 30-
70 years old and its telemarketing system is from the 70s.  9) GSMIC has antiquated information
technology systems and no voicemail; 10) GSMIC is not registered to do business before the
Secretary of State; 11) GSMIC falsely states to customers that they will achieve a 5:1 return on
investment in a GSMIC consulting engagement.

2

Notwithstanding the prior agreement of the parties—specifically requested by Defendants' counsel—Defendants have filed this motion to compel based on the first set of discovery requests.

Defendants' motion relates to two general categories of documents:  1) Any type of complaint brought against GSMIC by a customer or employee; and 2) GSMIC's tax returns. Defendants' motion should be denied because: 1) complaints lodged with GSMIC by employees or customers for reasons unrelated to the truth or falsity of the statements on the web site are not relevant to prove the truth or falsity of the specific false and deceptively misleading statements at issue in this case; 2) Defendants have not demonstrated a need for the information contained in GSMIC's tax returns in order to disprove lost profits and that the information necessary cannot be obtained through other means.

In addition, Defendants' motion relates to objections that GSMIC made to the form and substance of certain non-uniform interrogatories combined with requests to admit.  Defendants' motion should be denied because GSMIC properly objected to Defendants' Requests to Admit and should therefore not by compelled to answer Defendants' non-uniform interrogatories.

## ARGUMENT

A.    **Defendants' Request for all Complaints from Current or Former Employees and Customers from the Past Five Years is Overbroad and Not Relevant.**

In response to Defendants' subsequently issued discovery, GSMIC produced a non-exhaustive list which identified the false and deceptively misleading statements of fact at issue in this case that GSMIC has identified on Defendants' websites (see Footnote 1)  as well as provided copies of the statements printed from the websites.

Defendants seek all complaints lodged with GSMIC from former customers or employees over the past five years in support of their defense of truth.  Defendants' claim that they have

"interviewed and/or obtained statements from dozens of witnesses" confirming the complaints on Defendants' website, as well as complaints with the Better Business Bureau and the Illinois Attorney General's Office. *See* Def. Mot. at p. 3. A review of these complaints demonstrates that these are dissatisfied customers not customers who have been offered drugs or child pornography or who believe they have been the victim of a fraud scheme created by an illicit partnership between the Better Business Bureau and George S. May.

The real problem in this case is that Defendants maintain no mechanism (as legitimate web sites do) for dealing with disputed content. Legitimate websites have "abuse" or similar processes by which they handle complaints regarding disputed content. Legitimate websites have terms and conditions, and if the website operator determines that a poster has violated the terms and conditions, the postings are taken down. Or, the legitimate website attempts to contact the poster to see if the poster has any substantiation for the content posted. Defendants do none of this, and instead are embarking on a fishing expedition to try to talk to every employee or customer that ever had or could have had a problem with GSMIC.

Every company that does business with customers receives customer complaints. GSMIC is no different. However, just because a customer claims that he/she was not satisfied with GSMIC's services is not relevant to whether a statement that GSMIC trains its employees to have fake phone conversations or that GSMIC engages in pedophilia was true when made.

Defendants' aim in retrieving any records of complaints lodged against GSMIC is clearly to harass GSMIC, its past, existing and potential customers and past and existing employees, and to paint GSMIC in as poor a light possible to this Court.

4

Defendants have attempted to justify its overbroad discovery by citing the "incremental harm" doctrine[2]. "The incremental harm doctrine bars recovery for any false and defamatory statements whose potential damaging effect is outweighed, as a matter of law, by other harmful, but true, text in the same publication." *Myers v. The Telegraph*, 332 Ill. App. 3d 917, 924, 773 N.E.2d 192, 199 (Ill. App. Ct. 2002) (citing *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 522-25, 111 S. Ct. 2419, 2436-37 (1991)).

Contrary to Defendants' assertions, the incremental harm doctrine is not applicable here. No Illinois court has recognized the incremental harm doctrine as a defense to defamation, and at least one court considering this doctrine declined to do so. *Myers*, 332 Ill. App. 3d at 925, 773 N.E.2d at 200. Furthermore, Illinois courts considering whether to apply the defense have declined to do so, noting,

> To establish the defense, a defendant would need to come forward with evidence establishing the plaintiff's deserved reputation. In turn, the plaintiff would be forced to either accept the defendant's characterization of his reputation or attempt to refute the claim. Consequently, a myriad of collateral, unrelated evidence will be presented, diverting the trial from the main objective-determining whether the offending statement is true or false.

*Id.* at 925, 773 N.E.2d at 200.

Not only is this defense not recognized under Illinois law, but Defendants' own motion seeking to compel GSMIC's complaint records illustrates precisely why this court should not compel GSMIC to produce these records, to wit: "a myriad of collateral, unrelated evidence will be presented, diverting the trial from the main objective—determining whether the offending statement is true or false." *Id.* In short, GSMIC will be forced to defend against all complaints ever lodged against it, whether or not those complaints have anything to do with the truth or falsity of the statements actually at issue in this case. Moreover, the Seventh Circuit case cited

---

[2] This doctrine was not raised by Defendants in any pre-motion discussions.

by Defendants in support of applying the incremental harm doctrine, *Austin v. American Ass'n of Neurological Surgeons*, was not decided under a claim for defamation, but rather had to do with a doctor's termination from participation in a voluntary association for surgeons. The quote cited by Defendants is pure dicta and had nothing to do with the resolution or even the subject matter of the case before the court. *Austin*, 253 F.3d 967, 974 (7th Cir. 2001).

With respect to Defendants' argument that it should be entitled to five years' worth of complaints, GSMIC notes that it has specifically enumerated the postings at issue in this case. Those specifically identified postings do not span five years. The fact that Defendants seek to uncover any complaints as far back as 2001 highlights that Defendants are seeking these complaints to go on an improper fishing expedition to paint GSMIC in as a poor a light possible, regardless of the probative value of the requested information. For these reasons, Defendants' request to compel GSMIC's complaint records must be denied.

**B.    <u>Defendants Have Not Demonstrated an Entitlement to Plaintiff's Tax Returns</u>.**

Defendants claim that they should be entitled to discover GSMIC's tax returns in order to refute any evidence GSMIC might offer on lost profit damages. Defendants' claim that GSMIC's tax returns are relevant to establishing gross revenue, overhead, and profit margin and net profits and are the "single most material, relevant, and probative evidence imaginable on this issue." Def. Mot. at p. 8. This is not true.

The Seventh Circuit has combined the two generally accepted tests defining the duty to produce tax returns into one standard: the production of tax returns is properly compelled where the litigant has placed "the amount of his income at issue" and there is "no reasonable alternative source for the information requested." *Poulous v. Naas Foods, Inc.* 959 F.2d 69, 75 (7th Cir. 1991) (citing *Federal Sav. & Loan Ins. Corp. v. Krueger*, 55 F.R.D. 512, 514 (N.D. Ill. 1972); *Eastern Auto Distributors, Inc. v. Peugeot Motors of America*, Inc. 96 F.R.D. 147, 149 (E.D. Va.

6

1982)). The first *Poulous* element confirms "tax returns [are] subject to discovery only 'where a litigant himself tenders an issue as to the amount of his income.'" *Federal Sav. & Loan Ins. Corp. v. Krueger*, 55 F.R.D. 512, 514 (N.D. Ill. 1972). The second *Poulous* element adopts the second prong of the standard announced in *SEC v. Cymaticolor* that "first, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D. N.Y. 1985) (citing *Smith v. Bader*, 83 F.R.D. 437, 438 (S.D. N.Y. 1979)) (noting a necessary balance between the policy of "liberal discovery [and] the policy of maintaining the confidentiality of tax returns").

In this case, Defendants have not demonstrated the information it seeks from GSMIC's tax returns, the information contained in the tax returns, nor that the information is not available from another source. Thus, Defendants' motion must fail.

The case cited by Defendants simply does not support their claim that they are entitled to GSMIC's tax returns in order to refute any claim by GSMIC for lost profits. In fact, *Sterling Freight Lines, Inc. v. Prairie Material Sales, Inc.*, had nothing to do with the discoverability of tax return, but rather reversed a lower court's calculation of lost profits in a breach of contract case, holding that damages should be calculated by deducting from the contract price the expenses saved, and should not include any deductions for overhead. *Sterling*, 285 Ill. App. 3d 914, 919, 674 N.E.2d 948, 951-52 (Ill. App. 1996). No mention was made regarding the use or discoverability of tax returns in *Sterling*. In fact, in considering whether to bar evidence of lost business because of the failure to produce tax returns have refused to do so, noting that tax returns "are not the exclusive method of proving damages or lost business." *Telewizja Polska*

7

*USA, Inc. v. Echostar Satellite Corp.*, No. 02-C-3293, 2004 U.S. Dist. LEXIS 20845, at *9 (N.D. Ill. Oct. 15, 2004).

GSMIC has produced not only the Declaration of Israel Kushnir in support of its damages, but also the financial documents that Mr. Kushnir and GSMIC's expert Ronald Bero have relied upon in determining GSMIC's lost profits. Since Defendants have been provided with financial documents relative to the lost profits analysis, and Defendants cannot meet the *Poulous* test, Defendants' motion to compel GSMIC's tax returns should be denied.

**III.   Defendants' Requests to Admit and Non-Uniform Interrogatories Were Properly Objected to and Defendants' Motion to Compel Responses Should be Denied.**

Defendants' motion to compel with respect to the Requests to Admit should fail for a host of reasons. The majority of Defendants' Requests for Admission are improper under Rule 36, and GSMIC objected as such. Defendants take issue with GSMIC's responses to Requests 1, 3, 4, 5, 6, 7 , and 8, however these requests ask GSMIC to either respond to a legal conclusion (e.g., whether GSMIC seeks to impose "liability" on Defendants) or are so vague and ambiguous that GSMIC should not be required to respond to them (e.g., admit that GSMIC received complaints in which GSMIC "failed to deliver the results YOU promised"). In addition, GSMIC objected to the definition of "YOU" to the extent Defendants seek to define GSMIC beyond the scope of any legal definition as a named Plaintiff or corporation.

"Requests for Admission are not a discovery device." *Lakehead Pipe Line Co. v. American Home Assurance Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997). Moreover, it is inappropriate "for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts." *Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (D.C. Dist. 2006)

(citations omitted).  In this case, Defendants have asked GSMIC to respond to multiple legal

conclusions which are simply inappropriate subject matter under Rule 36.

Moreover, when a party has denied a request to admit, the failure to provide factual

underpinnings for the requests to admit as part of the denial or the interrogatories does not make

those responses insufficient, further noting that "Rule 36(a) does not authorize a Court to

prospectively render determinations concerning the accuracy of a denial to a Request for

Admission, or to order that the subject matter of the request be admitted because the opposing

party's unequivocal denial is asserted to be unsupported by the evidence." *Lakehead*, 177 F.R.D.

at 458.

Since GSMIC should not be required to respond to improper Requests to Admit,

Defendants' motion on this point should be denied.

## CONCLUSION

For the reasons set forth, above, Plaintiff George S. May International Company

respectfully requests that Defendants' Motion to Compel be denied in its entirety.

**DATED:  November 20, 2006**                    Respectfully submitted,

**GEORGE S. MAY INTERNATIONAL COMPANY**


By:_____ s/ Bart A. Lazar_____
                     One of Its Attorneys

Attorneys for Plaintiff:
Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
131 South Dearborn, Suite 2400
Chicago, IL  60603
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2006, I electronically filed **Plaintiff George S.**

**May International Company's Response in Opposition to Defendants' Motion to Compel**

**RE: First Set of Discovery Requests** with the Clerk of Court using the CM/ECF system, which

will send notification of such filings to the following:

> James K. Borcia
> Jborcia@tsmp.com
> Tressler, Soderstrom, Maloney & Priess, LLP
> 233 South Wacker Drive, 22nd Floor
> Chicago, Illinois  60606-6308
>
>
> Maria Crimi Speth
> Jaburg & Wilk, P.C.
> Great American Tower
> 3200 North Central Avenue, Suite 2000
> Phoenix, AZ 85012
>
>
>           s/Bart A. Lazar
> _____

CHI 11140180.3