JKB/cic/301036                         5634-2-51

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 04 C 6018 <br> ) |
| XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM, BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES, | ) Honorable Judge Norgle <br> ) <br> ) <br> ) <br> ) |
| Defendants. | |

### DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Defendants Xcentric Ventures, LLC ("Xcentric") and Edward Magedson ("Magedson"; collectively "Defendants"), by and through their attorneys, pursuant to Fed. R. Civ. P. 12(c) respectfully move this Honorable Court for an order granting partial judgment on the pleadings in their favor and against Plaintiff George S. May International Company ("Plaintiff") as to Count I of Plaintiff's Complaint which alleges a violation of Section 43(a) the Lanham Act.

As explained below, the Complaint itself shows that Plaintiff lacks standing to assert a Lanham Act claim against Defendants for one simple reason – <u>Defendants are not competitors of Plaintiff</u>. This uncontested fact alone defeats Plaintiff's Lanham Act claim as a matter of law.

Because Defendants are entitled to judgment in their favor on this claim, Defendants also move the Court for judgment pursuant to Fed. R. Civ. P. 54(b) in their favor and against Plaintiff for all reasonable attorney's fees incurred pursuant to 15 U.S.C. § 1117(a).

I.  **BACKGROUND**

The Court has already received extensive briefing on the facts of this case, many of which are set forth in the Court's earlier ruling on Defendants' Motion to Dismiss, *see* 409 F.Supp.2d 1052 (N.D. Ill. 2006), so only the dispositive facts are stated below. Also, in the context of a Rule 12(c) motion, the Court must assume the allegations in the Complaint are true, *see Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 356 (7th Cir. 2005), *citing Flenner v. Sheahan*, 107 F.3d 459, 465 (7th Cir. 1997), so citations to the Complaint are only provided where necessary.

Defendants operate a website known as "The Rip-Off Report" which is located at **www.ripoffreport.com** and **www.badbusinessbureau.com** (collectively, the "ROR Sites"). *See* Plaintiff's Complaint (Doc. #1; "Compl.") at ¶ 2. According to the Complaint, via the ROR Site, Defendants "host and transmit false, defamatory and derogatory information about [Plaintiff]." Compl. at ¶ 2. The Complaint alleges that Plaintiff is a "management consulting firm" which counsels its customers on how to improve their business operations. *See* Complaint ¶ 10. The Complaint does not allege that Defendants offer management consulting services similar to Plaintiff.

The factual basis for Plaintiff's Lanham Act claim is set forth in Paragraph 17 of the Complaint:

> Defendants are using, in connection with goods or services and in commerce, words, terms, false representations of fact, and combinations thereof, which misinterpret the nature, characteristics and qualities of [Plaintiff] and its services and falsely associates [Plaintiff] with their competitors who have engaged in unlawful activities.

Even assuming this allegation is entirely true for the purposes of this motion, Defendants are entitled to judgment in their favor as a matter of law because Defendants are not competitors of

2

Plaintiff. This is a mandatory element of a Lanham Act claim in the Seventh Circuit, and without it, the claim fails. Defendants are thus entitled to judgment in their favor.

II.   **ARGUMENT**

   A.   **The Lanham Act Only Applies To Competitors/Competitive Harm**

At the risk of stating the obvious – Plaintiff and Defendants are not competitors. Plaintiff is in the business of selling door-to-door management consulting services. Defendants are not involved in this industry in any manner – they operate a website where consumers can post complaints about businesses who they feel ripped-them off.

Even if false complaints posted on Defendants' website caused Plaintiff to lose business, this is simply not actionable harm within the scope of the Lanham Act because this law only applies to competitive harm caused <u>by a competitor</u>. For example, in *H.B. Halicki v. United Artists Comm., Inc.*, 812 F.2d 1213 (9th Cir. 1987), the plaintiff produced a movie called "The Junkman" which received a "PG" rating from the Motion Picture Association of America. This rating meant that the film was suitable for a broad audience, including younger children. *See Halicki*, 812 F.2d at 1213. The defendants, operators of the United Artists chain of theatres, mistakenly and inaccurately advertised "The Junkman" as having an R-rating, meaning it was appropriate for a much smaller audience. As a result of the erroneously listed rating, the film was a commercial disaster. *See Id*. Halicki sued UA alleging, as Plaintiff does here, a violation of Section 43(a) of the Lanham Act. The district court granted summary judgment in favor of defendant, and the Ninth Circuit affirmed. In doing so, it began by noting:

> Cases exist which, removed from their particular factual setting, support Halicki's claim that it is enough for him to show that the defendants made a false representation about his film and that he was injured by the representation.

3

*Halicki*, 812 F.2d at 1214. This is literally what Plaintiff's Complaint alleges – that Defendants made a false statement about its business and that it was injured as a result. *See* Compl. ¶¶ 17–19. However, the *Halicki* court flatly rejected this type of claim.

In *Halicki*, the Ninth Circuit explained that the Lanham Act is not intended to redress harm unless it is caused by a defendant who is in direct competition with the plaintiff: "The statute is directed against unfair competition. To be actionable, conduct must not only be unfair but must in some discernible way be competitive." *Id*. Because the defendant, UA, operated a chain of movie theatres while the plaintiff, Halicki, produced movies, the Court concluded that UA and Halicki were not competitors. Therefore, the Court held the Lanham Act simply did not apply, even though Halicki was commercially harmed by the "misdescription" of his film. *See Id*. 1214–15.

This holding was recently affirmed in *Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672 (9th Cir. 2005). In *Bosley*, the defendant, Kremer, was unhappy with the hair restoration services provided to him by the plaintiff, and in order to "get even" he created a website located at www.BosleyMedical.com which contained statements that were highly critical of Bosley's services. Bosley sued, alleging trademark infringement and dilution under the Lanham Act. Kremer moved to dismiss and for partial summary judgment, claiming that the Lanham Act did not apply because he was not a competitor of Bosley. The district court <u>agreed</u>, dismissing the Lanham Act claims, and the Ninth Circuit <u>affirmed</u>:

> The Supreme Court has made it clear that trademark infringement law prevents only unauthorized uses of a trademark in connection with a commercial transaction in which the trademark is being used to confuse potential consumers…A trade-mark only gives the right to prohibit the use of it so far as to protect the owner's good will *against the sale of another's product as his*.

4

*Bosley*, 403 F.3d at 676–77, *quoting Prestonettes, Inc. v. Coty*, 264 U.S. 359, 368, 44 S.Ct. 350, 68 L.Ed. 731 (1924) (emphasis in original) (internal quotation marks omitted) (and *citing Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 205, 62 S.Ct. 1022, 86 L.Ed. 1381 (1942)).

Ultimately, the *Bosley* Court found that, "the appropriate inquiry is whether Kremer offers *competing* services to the public. Kremer is not Bosley's competitor; he is their critic." *Id*. at 679 (italics in original) (underline emphasis added) (*citing United We Stand America, Inc. v. United We Stand, America New York, Inc.*, 128 F.3d 86, 90 (2nd Cir. 1997)). For that reason, the Ninth Circuit affirmed the district court's conclusion that the Lanham Act simply did not apply:

> Kremer's use of the Bosley Medical mark simply cannot mislead consumers into buying a competing product – no customer will mistakenly purchase a hair replacement service from Kremer under the belief that the service is being offered by Bosley. Neither is Kremer capitalizing on the good will Bosley has created in its mark. Any harm to Bosley arises not from a competitor's sale of a similar product under Bosley's mark, but from Kremer's criticism of their services. Bosley cannot use the Lanham Act either as a shield from Kremer's criticism, or as a sword to shut Kremer up.

*Bosley*, 403 F.3d at 679-80. The Seventh Circuit follows these holdings and limits a Lanham Act claim to only such harm as may be caused by a competitor. *See generally L.S. Heath & Son, Inc. v. AT&T Info. Sys. Inc.*, 9 F.3d 561 (7th Cir. 1993) (holding, "In order to have standing to allege a false advertising claim, however, the plaintiff must assert a discernible competitive injury. Because Heath is not in the computer business and thus is not a competitor of AT & T, Heath does not have standing to raise the false advertising claim.) (emphasis added) (*citing Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1108 (9th Cir. 1992)). *See also McCarthy on Trademarks & Unfair Competition* § 27:32 (4th ed.) ("The Ninth Circuit, generally followed by the Seventh and Tenth Circuits, has usually taken a more restrictive view of standing than the other circuits. The

5

Ninth Circuit in Halicki has taken the position that a non-competitor has no standing [under the Lanham Act].") (emphasis added) (*citing L.S. Heath, supra*; *Stanfield v. Osborne Industries, Inc.*, 52 F.3d 867 (10th Cir. 1995) ("Thus, to have standing for a false advertising claim, the plaintiff must be a competitor of the defendant and allege a competitive injury."); *Hutchinson v. Pfeil*, 211 F.3d 515 (10th Cir. 2000)).

Accordingly, even assuming the truth of the allegations in Plaintiff's Lanham Act claim, that count must be dismissed pursuant to Fed. R. Civ. P. 12(c) because Plaintiff does not allege, nor could it, that Defendants are competing with Plaintiff to sell the same business consulting services. Defendants do not offer any of the services that Plaintiff does. Thus, there is no possibility that a potential client of George S. May could mistakenly purchase business consulting services from Ripoff Report thinking that they were actually dealing with George S. May.

For that reason, even if Plaintiff has suffered some injury, the Lanham Act simply does not apply. This precise conclusion was reached by the federal court in *MCW, Inc. v. Badbusinessbureau.com, L.L.C.*, 2004 WL 833595 (N.D. Tex. 2004) under facts identical to those presented by George S. May. In *MCW*, the court held that the Plaintiff, MCW, could not assert a Lanham Act claim against the Ripoff Report site because defendants did not offer the same services as MCW:

> The defendants' websites do not sell any goods or services of [Plaintiff] and do not compete, directly or indirectly, with [Plaintiff]. Furthermore, the defendants' websites have never used any of the [Plaintiff's] marks in its domain name. Most importantly, this court fails to understand how any reasonable viewer of the defendants' website would believe that the disparaging comments regarding [Plaintiff's] business are endorsed by [Plaintiff]. Those accessing the defendants' websites would immediately recognize that the web pages do not belong to [Plaintiff]. For these reasons, this court finds there is absolutely no

evidence of a likelihood of confusion. Accordingly, MCW's complaint does not properly state a claim for unfair competition under § 1125(a)(1)(A) of the Lanham Act.

*MCW*, 2004 WL *16. Because Plaintiff's Lanham Act claim in this case is factually identical to the claim dismissed in *MCW*, it fails for the same reasons and must be dismissed. *See also Nevyas v. Morgan,* 309 F. Supp.2d 673 (E.D. Pa. 2004) (holding "despite the fact that plaintiffs may have suffered an injury to their commercial interests, they have not sustained competitive harm. We conclude that plaintiffs here cannot satisfy the prudential requirements to maintain standing to sue under the Lanham Act.")

### III. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that judgment be entered in their favor pursuant to Fed. R. Civ. P. 12(c) and that they be awarded their attorneys' fees and costs in being forced to defend this claim.

XCENTRIC VENTURES, LLC and
EDWARD MAGEDSON

By: /s/ James K. Borcia
One of Their Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
(602) 248-1000

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 04 C 6018 ) |
| XCENTRIC VENTURES, LLC, et al., | ) Judge Charles R. Norgle ) |
| Defendants. | ) ) |

### CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2006, I electronically filed a **Defendants' Motion for Partial Judgment on the Pleadings** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

    Bart A. Lazar
    Rachel M. Kindstrand
    Seyfarth Shaw LLP
    131 South Dearborn Street, Suite 2400
    Chicago, IL 60603

        XCENTRIC VENTURES, LLC and ED MAGEDSON


        By:    /s/ James K. Borcia
            One of Their Attorneys

| | |
|---|---|
| Maria Crimi Speth, Esq. | James K. Borcia |
| JABURG & WILK PC | David O. Yuen |
| 3200 North Central Avenue, Suite 2000 | Tressler, Soderstrom, Maloney & Priess, LLP |
| Phoenix, AZ 85012 | 233 South Wacker Drive, 22nd Floor |
| (602) 248-1000 | Chicago, IL 60606-6399 |
| | (312) 627-4000 |