UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GEORGE S. MAY INTERNATIONAL COMPANY**, | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) Case Number 04-C-6018 ) ) Judge Norgle |
| **XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES,** | ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY'S RESPONSE TO DEFENDANTS' STATEMENT OF UNCONTESTED FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GEORGE S. MAY INTERNATIONAL COMPANY'S STATEMENT OF ADDITIONAL FACTS PURSUANT TO LOCAL RULE 56.1(b)**

Plaintiff George S. May International Company, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, hereby submits its Response to Defendants' Statement of Uncontested Facts in Support of Defendants' Motion for Partial Summary Judgment, and its Statement of Additional Facts Pursuant to Local Rule 56.1(b) as follows:

**Plaintiff George S. May International Company's Response to Defendants' Statement of Uncontested Facts**

**Defendants' Statement of Uncontested Facts paragraph 1:**

Defendants operate a website called the Ripoff Report located at http://www.ripoffreport.com and http://www.badbusinessbureau.com (the "ROR Sites"). (Defendants' Answer to Plaintiff's Complaint ¶ 2).

**Plaintiff's Response to Defendants' Statement of Uncontested Facts paragraph 1:**

CH1 11142633.3

Plaintiff does not dispute that Defendants' operate the ROR Sites, however, Defendants' Statement of Uncontested Facts paragraph 1 is incomplete. Plaintiff further submits that Defendants also operate, create, and edit the websites known as Ripoffreport.com (www.ripoffreport.com) and Badbusinessbureau.com (www.badbusinessbureau.com) ("the websites"). See Declaration of Ed Magedson at ¶¶ 2, 4, 5, and 18, attached as Exhibit A to Defendants' Response to Motion for Temporary Restraining Order; Affidavit of Edward Magedson at ¶¶ 4-5, attached as Exhibit A to Defendant Ed Magedson's Motion to Dismiss for Lack of Jurisdiction (attached collectively as Exhibit 3 hereto).

**Defendants' Statement of Uncontested Facts paragraph 2:**

In or around 2004, the statements reflected in **Exhibits A & B** attached hereto appeared on the ROR Sites. (Plaintiff's Motion for Temporary Restraining Order at ¶ 2).

**Plaintiff's Response to Defendants' Statement of Uncontested Facts paragraph 2:**

Plaintiff does not dispute that that the statements reflected in Exhibits A & B appeared on the ROR Sites, however, Defendants' Statement of Uncontested Facts paragraph 2 is incomplete. Plaintiff further submits that in August of 2004, the postings located at Exhibits A and B of Defendants' Statement of Uncontested Facts were, among other things, hosted, posted, and transmitted, on and through the ROR Sites.

**Defendants' Statement of Uncontested Facts paragraph 3:**

The founder of the George S. May International Company, Mr. George S. May, died on March 12, 2006. *See* **Exhibit C.**

**Plaintiff's Response to Defendants' Statement of Uncontested Facts paragraph 3:**

Plaintiff does not dispute that Mr. George S. May is deceased, but Plaintiff does dispute Defendants' Statement of Uncontested Facts paragraph 3 to the extent that it states that Mr. George S. May died on March 12, 2006 in reliance on Exhibit C as attached to Defendants'

2

Statement of Uncontested Facts. Exhibit C to Defendants' Statement states that Mr. George S. May died on March 12, 1962.

**Plaintiff George S. May International Company's Statement of
Additional Facts Pursuant to Local Rule 56.1(b)**

4. GSMIC is one of the largest and oldest management consulting firms in the country, and has been in business since 1925. See Declaration of I. Kushnir at ¶ 4, attached hereto as Exhibit 1.

5. Dorothy May Campbell is the majority shareholder/owner of George S. May International Company and is alive. Exh. 1 at ¶ 5.

6. GSMIC's business is, essentially, its people; its team of personnel advises businesses on ways to effectively and efficiently manage their businesses by reducing waste, streamlining operations, increasing profits, and improving responsiveness to the market. Exh. 1 at ¶ 6.

7. Because it is a service-based business as opposed to, for example, a manufacturer, GSMIC relies heavily on the good reputation of its business and its sales force to stay competitive. Exh. 1 at ¶ 7.

8. GSMIC has been the target of several false and deceptively misleading postings on the websites, www.ripoffreport.com and www.badbusinessbureau.com ("the websites"). Exh. 1 at ¶ 8.

9. The websites and the postings therein are publicly accessible by anyone with an internet connection. Exh. 1 at ¶ 9.

10. The false, deceptively misleading, and defamatory statements on the websites, including, but not limited to the posting annexed as Exhibit A and B to Defendants' Statement of

Uncontested Facts are, therefore, particularly damaging to GSMIC and affect its ability to obtain and retain customers.  Exh. 1 at ¶ 10.

11.     Defendants attempted to enter into a referral arrangement with a law firm here in Chicago, Illinois for an $800,000 fee.  See *Supplemental Appendix in Support of Plaintiff's Response in Opposition to Defendants' Ed Magedson and XCentric Ventures, LLC's Motion to Dismiss for Lack of Jurisdiction at Exh. 3 pp. 2-4 (*attached as Exhibit 4 hereto).

12.     Via the websites, Defendants solicit non-tax deductible donations, sell books such as the "Ripoff Revenge Guide," advertise for various companies, and solicit individuals and attorneys to prosecute class action lawsuits against companies.  See *Supplemental Appendix in Support of Plaintiff's Response in Opposition to Defendants' Ed Magedson and XCentric Ventures, LLC's Motion to Dismiss for Lack of Jurisdiction at Exh. 4 at ¶¶ 1-8 and attached exhibits A-E (*attached as Exhibit 5 hereto).

13.     Once a posting or edited posting is placed on the websites, Defendants refuse to remove the postings, but rather invite companies to enroll in the "Corporate Business and Remediation Program" in which, for a fee, Defendants will investigate the postings and the business and write a report of their findings to be placed on the web sites as a clarification of the posting.  See document entitled *"Rip-off Report Corporate Advocacy Business Remediation & Customer Satisfaction Program; Ed Magedson, Founder Of Rip-off Report explains how this program works to benefit both the consumer and the Reported business on Rip-off Report.com Tempe Arizona Internet"* attached hereto as Exhibit 2.

**DATED:  November 27, 2006**          Respectfully submitted,

                                                          **GEORGE S. MAY INTERNATIONAL COMPANY**

                                                          By:      s/ Rachel M. Kindstrand
                                                                         One of Its Attorneys

<u>Attorneys for Plaintiff</u>:
Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
131 South Dearborn, Suite 2400
Chicago, IL  60603
Telephone:     (312) 460-5000
Facsimile:      (312) 460-7000

5

CH1 11142633.3

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2006, I electronically filed **Plaintiff George S. May International Company's Response to Defendants' Statement of Uncontested Facts in Support of Defendants' Motion for Summary Judgment and George S. May International Company's Statement of Additional Facts Pursuant to Local Rule 56.1(b)** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

> James K. Borcia
> Jborcia@tsmp.com
> Tressler, Soderstrom, Maloney & Priess, LLP
> 233 South Wacker Drive, 22nd Floor
> Chicago, Illinois  60606-6308
>
> Maria Crimi Speth
> Jaburg & Wilk, P.C.
> Great American Tower
> 3200 North Central Avenue, Suite 2000
> Phoenix, AZ 85012

                                    s/Rachel M. Kindstrand

CH1 11142633.3