# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **GEORGE S. MAY INTERNATIONAL COMPANY**, | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) Case Number 04-C-6018 ) ) Judge Norgle ) |
| **XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES,** | ) ) ) ) ) ) ) |
| Defendants. | ) |

### PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**I.   Introduction/Relevant Background**

Defendants' Motion for Partial Summary Judgment is based on a complete mischaracterization of the posting at issue in their motion, as well as a mischaracterization of the law on defamation claims as it relates to a corporate plaintiff. Contrary to Defendants' assessment of the posting at issue in their motion, the posting defames Plaintiff George S. May International Company ("GSMIC"), its officers, employees, and its owner. It is not simply directed at the deceased founder, Mr. George S. May, as Defendants suggest. Nor is it an accurate statement of the law to suggest that GSMIC does not have standing to sue on its own behalf or on behalf of its employees. As set forth below, Defendants' Motion for Partial Summary Judgment must be denied.

As this Court is aware, Defendant XCentric Ventures LLC ("XCentric") is the owner and operator of the defendant websites, www.ripoffreport.com and www.badbusinessbureau.com ("the websites"). *See* GSMIC's Response to Defendants' Statement of Uncontested Facts and GSMIC's Statement of Additional Facts at Exh. 3 (hereafter referred to as "GSMIC's Statement"). Ed Magedson ("Magedson") is the creator and "EDitor" of the websites, and is also the managing member of XCentric. *Id.* Magedson created the websites as a vehicle for anonymous individuals to post complaints about any company or individual without fear of being challenged, as well as for his own personal financial gain. As this Court has noted, via the websites, Defendants solicit non-tax deductible donations, sell books such as the "Ripoff Revenge Guide," advertise for various companies, and solicit individuals and attorneys to prosecute class action lawsuits against companies. *See* GSMIC's Statement at ¶ 12 and Exh. 5. Through discovery, GSMIC learned that Defendants attempted to enter into a referral arrangement with a law firm here in Chicago, Illinois for an $800,000 fee. *See* GSMIC's Statement at ¶ 11 and Exh. 4.

The websites contain thousands of postings about various companies and individuals, ranging from businesses such as GSMIC to "dead beat Dads & Moms," to "corrupt government employees & politicians." Once a posting or edited posting is placed on the websites, Defendants staunchly refuse to remove the postings, but rather invite companies to enroll in the "Corporate Business and Remediation Program" in which, for a fee, Defendants will investigate the postings and the business and write a report of their findings to be placed on the web sites as a clarification of the posting. *See* GSMIC's Statement at ¶ 13 and Exh. 2.

GSMIC has been the target of several false and deceptively misleading postings on the websites. *See* GSMIC Statement at ¶ 8 and Exh. 1. GSMIC is one of the largest and oldest management consulting firms in the country, and has been in business since 1925. *See* GSMIC Statement at ¶ 4 and Exh. 1. GSMIC's business is, essentially, its people; its team of personnel advises businesses on ways to effectively and efficiently manage their businesses by reducing waste, streamlining operations, increasing profits, and improving responsiveness to the market. *See* GSMIC Statement at ¶ 6 and Exh. 1. Because it is a service-based business as opposed to, for example, a manufacturer, GSMIC relies heavily on the good reputation of its business and its sales force to stay competitive. *See* GSMIC Statement at ¶ 7 and Exh. 1. The false, deceptively misleading, and defamatory statements on the websites are, therefore, particularly damaging to GSMIC and effect its ability to obtain and retain customers. *See* GSMIC Statement at ¶ 10 and Exh. 1. GSMIC filed this lawsuit seeking a Temporary Restraining Order, as well as injunctive relief and monetary damages against Defendants for hosting, posting, and transmitting false, deceptively misleading, and defamatory statements about GSMIC on the websites.

On September 24, 2004, this Court granted Plaintiff's Motion for a Temporary Restraining Order requiring Defendants to remove false, deceptively misleading, and defamatory postings from Defendant websites, www.ripoffreport.com and www.badbusiness.bureau.com. Among such postings included the particularly egregious posting which is the subject of Defendants' Motion for Summary Judgment, attached as Exhibits A and B to Defendants' Statement of Uncontested Facts.

Incredibly, Defendants attempt to characterize this posting as one solely directed at either the deceased Mr. George S. May, or at GSMIC's owner, founder, or employees. With respect to the former, Defendants argue that GSMIC does not have a cause of action to sue because a deceased person cannot be defamed. With respect to the latter, Defendants argue that GSMIC does not have standing to sue on behalf of its owner or employees. Defendants' effort to parse out the statements on the posting is, in a word, ridiculous. In point of fact the posting at issue states that "[t]here is some secret porn club of pedifiles (sic) at George S. May which involves the office directors. When they have district meeting they watch kiddie porn videos and smoke crack." Therefore, the posting itself is not solely directed at the deceased Mr. George S. May. Moreover, Defendants argument that GSMIC does not have standing to sue for statements made about its owner or employees is simply wrong. Defendants' motion for partial summary judgment must be denied in its entirety.

II.   **Argument**

    A.   **GSMIC is a Proper Plaintiff and Has Standing to Sue for Defamation Based on the Posting At Issue.**

Defendants argue that: (1) GSMIC has no cause of action for defamation because the posting at issue relates to the deceased Mr. May, and that, (2) in any event, GSMIC cannot sue on behalf of its owner, directors, or employees based on the statements pertaining to them in the posting. In order to respond to Defendants' arguments, it is first necessary to establish the GSMIC does have standing to sue for defamation based on the posting at issue.

It is well-established that a corporation can have a cause of action for defamation. *Telewizja Polska U.S.A., Inc. v. Echostar Satellite Corp.*, No. 02-C-3293, 2004 U.S. Dist.

LEXIS 17936, at *23-24 (N.D. Ill. Sept. 3, 2004); *Geske & Sons, Inc. v. NLRB*, 103 F.3d 1366, 1373 (7th Cir. 1997).[1] Even the treatise cited throughout Defendants' memorandum clearly states that "[a]ny living person, and most nongovernmental entities capable of having a reputation and legally competent to sue, may bring an action for defamation." Robert D. Sack, *Sack on Defamation*, § 2.10.1. A statement is defamatory "if it tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons from associating with him." *Austin Eberhardt & Donaldson Corp v. Morgan Stanley Dean Witter Trust FSB*, No. 0-C-3303, 2001 U.S. Dist. LEXIS 1090, at *5-6 (N.D. Ill. Feb. 2, 2001). Under Illinois law, Defendants can be liable for defamatory statements if the statements are defamatory per se or defamatory per quod. Statements are defamatory per se if they "assail the corporation's financial position or business methods, or accuse it of fraud or mismanagement." *Telewizja Polska U.S.A., Inc.*, 2004 U.S. Dist. LEXIS 17936, at *24. Furthermore, historically statements which imputed the commission of a crime, imputed infection with a communicable disease, imputed inability to perform or want of integrity in employment, imputed the commission of adultery, or prejudiced a party in his trade or profession were actionable as defamation per se. *Id.* Defamation per se is obviously harmful, whereas defamation per quod requires allegations of "extrinsic facts showing the defamatory character of the Statements." *Id.* at *23, 27.

Furthermore, "[a] cause of action for defamation accrues to all persons against whom an injurious publication is directed. When a publication relates only to an employee or officer in his private or personal capacity and not as an officer or employee in connection with conduct or management of the business, only the individual and not

---

[1] Memorandum Opinions are attached as Exhibit A to this Response.

the business can sue. It therefore follows that when a publication does relate to an officer in connection with his business, the publication is directed toward the business as well, and the business is a proper plaintiff." *Century Commodity Corp. v. Data-Trend Commodities, Inc.*, No. 83-C-1681, 1985 U.S. Dist. LEXIS 22988, at *17 (N.D. Ill. Jan. 30, 1985); *Life Printing and Publishing Co., Inc. v. Marshall Field III*, 327 Ill. App. 486, 64 N.E.2d 383 (Ill. App. Ct. 1946) ("[w]ords spoken or written of a stockholder or officer give no right of action to the corporation *unless* spoken or written in direct relation to the trade or business of the corporation" (emphasis added)).

As a result, GSMIC has standing to sue Defendants for defamation for the posting at issue in this motion. Factually, the posting assails GSMIC as well as its owner and directors of the company, accusing them of engaging in child pornography and drug use. *See* Def. Statement of Uncontested Facts at Exhs. A and B. Moreover, the posting itself clearly alleges that the owner and directors are acting in their corporate capacity, as it alleges, among other things, that "[w]hen they have district meetings they watch kiddie porn videos and smoke crack." *Id.* Because these statements collectively accuse GSMIC, its owner and directors of committing crimes in the course of carrying out their job duties, and the statements are untrue, the statements in this posting are defamatory per se. GSMIC has every right to allege and prove its cause of action against Defendants for defamation, and Defendants motion must be denied.

> **B. Defendants' Arguments that GSMIC Has No Cause of Action Because Mr. George S. May Is Deceased or Because it Cannot Sue on Behalf of Its Officers/Employees is Without Merit.**

While it is true that Mr. George S. May is deceased, Defendants' argument that GSMIC has no standing to sue because Mr. May is deceased is without merit. If such an

argument were true, companies like Wrigley and Disney could not pursue defamation or trade libel cases.

First, the posting itself makes absolutely no mention of Mr. George S. May, rather it refers generically (and interchangeably) to the entire company, its owners, founder and officers. The majority shareholder/owner of GSMIC, Ms. Dorothy May Campbell, is alive. *See* GSMIC's Statement at ¶ 5 and Exh. 1. To the extent that Defendants argue that there is no cause of action because the posting assails the owner/founder of GSMIC, and the owner/founder Mr. George S. May is dead, that argument fails, because the owner is among the living. But the company still has a claim for the false and defamatory nature of the statements, even if GSMIC's owners were deceased.

Second, the case cited by Defendants in support of its claim that GSMIC does not have a cause of action because Mr. George S. May is deceased is completely distinguishable. *Carlson v. Dell Publishing Co.* involved a claim for defamation brought by the administrator of an estate and the children of a deceased woman. 65 Ill. App. 2d 209, 213 N.E.2d 39 (Ill. App. Ct. 1965). In *Carlson*, the Defendants were accused of defaming the deceased woman when they published an account of her murder entitled "This Brick With My Regards" and included a picture of the murder suspect autographing a brick and containing a caption which appears to contain the written gruesome details of the deceased's murder. *Id.* at 210-11, 213 N.E.2d at 40. In that case, the Illinois Appellate Court held that administrator and the deceased's children had no cause of action for the publication of defamatory statements occurring after the deceased's death. *Carlson* is easily distinguishable on the grounds that it involved defamatory statements made directly about a deceased individual and not a corporation or

its officers and directors. Moreover, the central claim in *Carlson* was not really for defamation, but rather for invasion of privacy. Among other things, the Illinois court held that one could not prove mental anguish of the decedent, an essential element of an invasion of right of privacy, based on an event occurring after her death. 65 Ill. App. 2d at 214, 213 N.E.2d at 42.

In this case, the posting at issue does not directly refer to Mr. May, and the owner of GSMIC is not dead. More importantly, the posting itself is not solely directed at any one individual, but rather refers to the company collectively as evidenced in such terrible statements as its "secret porn club of pedifiles." Def. Statement of Uncontested Facts at Exh. A. and B. This is not a case like *Carlson* where the defamatory statements are about any one person at GSMIC. The posting assails GSMIC and its owners, directors, and employees in their capacity as employees of GSMIC. As such, Defendants' argument relating to the deceased Mr. May is without merit.

Furthermore, as discussed at length, above, GSMIC has standing to sue for defamation when the statements at issue are directed at GSMIC's employees in connection with their business. *Century Commodity Corp. v. Data-Trend Commodities, Inc.*, No. 83-C-1681, 1985 U.S. Dist. LEXIS 22988, at *17 (N.D. Ill. Jan. 30, 1985); *Life Printing and Publishing Co., Inc. v. Marshall Field III*, 327 Ill. App. 486, 64 N.E.2d 383 (Ill. App. Ct. 1946) ("[w]ords spoken or written of a stockholder or officer give no right of action to the corporation *unless* spoken or written in direct relation to the trade or business of the corporation" (emphasis added)). As such, Defendants' argument that any claims for defamation are "non-relational" or must be brought by GSMIC's employees individually is without merit. Even the cases cited by Defendants in support of its

argument make this distinction, and, in any event, these cases are not controlling because they are based on the law of other jurisdictions.  For example, in *Affrex, Ltd. v. General Electric Co.*, Affrex and its co-owner and president, Bill Button, sued GE for defamation based on the statement made by GE's employee that "Bill Button, the owner of Affrex, is also an evil man.  Because of his being an evil man, he too was fired from his job."  161 A.D.2d 855 (N.Y. 1990).  The Supreme Court of New York dismissed the defamation claim brought by Affrex based on the statements, noting that "the allegedly defamatory words reflect directly on Button and his former employment, not upon Affrex.  Therefore, the statement was insufficiently 'of and concerning' Affrex to such an extent that it cannot form the basis of an action for defamation."  *Id.* at 856.  *See also Brayton v. The Cleveland Special Police Co.*, 63 Ohio St. 83, 57 N.E. 1085 (Ohio 1900) (statements at issue accused general manager of committing arson; court notes that "[a]lthough a corporation may sue for slander upon it in the way of its business or trade, it cannot sue for a slander upon one of its stockholders or officers, if the slander be not in direct relation to the trade or business of the corporation").  Because the statements at issue in the posting directly relate to GSMIC's owners, directors, and employees in connection with GSMIC's business, GSMIC has standing to sue Defendants for defamation.  As a result, Defendants' Motion for Partial Summary Judgment based on this posting is without merit.

### III.    Conclusion

For the reasons set forth above, Plaintiff George S. May International Company respectfully requests that Defendants' Motion for Partial Summary Judgment be denied, and that this Court award Plaintiff any other relief it deems just and appropriate.


DATED:  November 27, 2006        Respectfully submitted,

                                 **GEORGE S. MAY INTERNATIONAL COMPANY**


                                 By:    s/Rachel M. Kindstrand_____
                                        One of Its Attorneys

<u>Attorneys for Plaintiff</u>:
Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
131 South Dearborn, Suite 2400
Chicago, IL  60603
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2006, I electronically filed **Plaintiff George S. May International Company's Response in Opposition to Defendants' Motion for Partial Summary Judgment** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

> James K. Borcia
> Jborcia@tsmp.com
> Tressler, Soderstrom, Maloney & Priess, LLP
> 233 South Wacker Drive, 22nd Floor
> Chicago, Illinois  60606-6308
>
> Maria Crimi Speth
> Jaburg & Wilk, P.C.
> Great American Tower
> 3200 North Central Avenue, Suite 2000
> Phoenix, AZ 85012

s/Rachel M. Kindstrand