UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, ) ) ) Plaintiff, ) ) ) -vs- ) ) XCENTRIC VENTURES, L.L.C., ) RIP-OFF REPORT.COM ) BADBUSINESSBUREAU.COM, ) ED MAGEDSON, VARIOUS ) JOHN DOES, JANE DOES AND ) ABC COMPANIES, ) ) Defendants. | Case Number 04-C-6018  Judge Norgle  Magistrate Judge Mason |

**PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY'S
MOTION IN LIMINE TO EXCLUDE CERTAIN EXHIBITS AND
WITNESSES PROFFERED BY DEFENDANTS**

Plaintiff George S. May International Company ("GSMIC"), by its counsel, Seyfarth Shaw LLP, moves in limine to exclude certain exhibits and witnesses proffered by Defendants for the December 12, 2006 hearing.

I. **DEFENDANTS/CONTEMNORS CONTINUE TO ATTEMPT TO INTRODUCE IRRELEVANT EVIDENCE/TESTIMONY AT THE DAMAGES HEARING**

The hearing now set for December 12, 2006 is to determine the remedy for Defendants' contempt of court. As this Court stated in its September 20, 2006 order:

> The parties are reminded that the hearing is limited to the following issues: (1) the damages plaintiff suffered as a result of the postings that Judge Norgle found violated the TRO in his September 13, 2005 Order and (2) what other sanctions, if any, are appropriate for defendants' violation of the TRO.

The Court repeated this limitation in Court on September 20, 2006 and on October 11, 2006, when it denied Defendants' motion to have oral testimony regarding

BBB complaints. Despite this Court's firm and clear instructions, Defendants have again sought to introduce the same irrelevant testimony by introducing as exhibits numerous Better Business Bureau Complaints, among other things, that have no bearing on the issues to be determined at the hearing.

Therefore, Plaintiff moves for an order in limine excluding Defendants' witnesses and several exhibits that are irrelevant to the issues to be determined at the hearing.

## II. ARGUMENT

### A. Three of Defendants' Witnesses Would Not Present Relevant Testimony.

As set forth above, Defendants have previously represented that they intend to call only one witness at what was scheduled for a one day hearing. Now they intend to call six. Defendants should be limited to one witness, and the witness should present relevant testimony. The testimony of the following witnesses on Defendants' witness list would not be relevant.

1. <u>Michael Bruening and Thomas Vestal</u>. These are GSMIC employees responsible for responding to Complaints filed against GSMIC with the Better Business Bureau. As already addressed in Defendants' prior motion to present telephonic witnesses, Better Business Bureau Complaints are not publicly accessible.[1] Therefore, any testimony that might be offered by either Mr. Bruening or Mr. Vestal would bear no relationship to the damages caused by Defendants' false postings on the websites, nor are Mr. Bruening or Mr. Vestal in a position at GSMIC which would enable them to testify to GSMIC's company-wide damages suffered as a result of Defendants' contempt of the TRO. These witnesses have also not been subpoenaed. Defendants/contemnors will have the ability to cross-examine GSMIC's CEO Israel Kushnir regarding these issues. The testimony of these witnesses should be excluded.

---

[1] Defendants and their counsel, for no legitimate reason, have ignored the statements made by the Better Business Bureau that its files are confidential.

2

2. <u>Laura Rogal</u>. Apparently, Laura Rogal is a paralegal at Defendants' counsel's law firm. Presumably, her only testimony would be irrelevant, in that she will testify as to various items she recently printed out on the web concerning George S. May, all or virtually all of which are irrelevant. Like the BBB complaints, the fact that there may currently be other statements posted about George S. May on the web is irrelevant to the question of the damage that has been caused from September 2004 forward as a result of Defendants' contempt. Thus, her testimony should be excluded.

**B.    Certain Exhibits Proferred By Defendants' Should Be Excluded.**

Many of Defendants' Exhibits should be excluded as they are not relevant and/or are unduly prejudicial to the issues to be determined at the hearing.

**Defendants' Exhibits 1, 2, 6**

Defendants' Exhibit 1 is a letter for the Illinois Attorney General's office showing the number of Complaints filed with the Illinois Attorney General's Office Consumer Fraud Bureau. According to the letter, since January of 2002, eight complaints have been filed with the Illinois Attorney General's office. No law enforcement action was taken with respect to any of those Complaints. Just like the testimony Defendants sought to offer via telephone related to the Better Business Bureau Complaints, this information is not publicly available and has absolutely no bearing on the damages caused by Defendants' false postings on the websites.

Exhibits 2 and 6 are records from the Better Business Bureau related to Complaints filed against GSMIC with that agency. As this Court previously ruled, there is no evidence that any of the witnesses that complained to the Better Business Bureau also utilized Defendants' websites, and the complaints are not accessible to the public. Therefore, the Better Business Bureau Complaints are irrelevant to the issues of the damages suffered by Plaintiff as a result of Defendants' violations of the TRO. They are irrelevant and should be excluded.

**Defendants' Exhibits 8-12:**

Similar to the Complaints filed with the Better Business Bureau, Defendants' Exhibits 8-12 deal with a complaint submitted to GSMIC by a dissatisfied customer, Harper's Manufacturing, Inc., located in Punta Gorda, Florida. As Exhibit 8 notes, GSMIC's first contact with Harper's was on December 7, 2005 so it is outside of the limited time frame that this Court is considering. Further, Defendants' Exhibits 8-12 make no mention of the Defendants' websites, and are therefore not relevant to the issues to be decided at the hearing. Defendants' Exhibits 8-12 are not relevant and should be excluded.

**Defendants' Exhibits 13 and 14**

Exhibits 13 and 14 are undated Internet postings. These postings are not relevant to damages that may have been caused by Defendants' postings. Further, there is nothing in Exhibits 13 and 14 to indicate when these documents were reviewed. They are irrelevant and should be excluded.

**Defendants' Exhibits 15-17**

These exhibits appear directed at the truth or falsity of the postings, something which is not at issue in the hearing. They are irrelevant and should be excluded.

**Defendants' Exhibit 19**

This is an Internet posting which appears directed to the truth or falsity of the postings, something which is not at issue in the hearing. It is irrelevant and should be excluded.

**Defendants' Exhibit 23**

This Declaration relates to a posting placed on Defendants' site in October 2005, outside of the period at issue in the hearing. It is irrelevant and should be excluded.

### Defendants' Exhibit 36

This article relates to the truth or falsity of the postings which are not at issue here. It is irrelevant and should be excluded.

### Defendants' Exhibit 39

This Declaration relates to a customer for whom GSMIC is not claiming damages, and relates to actions which allegedly took place in August and September 2006, well outside of the time frame this Court is considering. The Declaration is irrelevant and should be excluded.

## III.   CONCLUSION

For the reasons set forth, above, Plaintiff George S. May International Company respectfully requests that this Court enter an order in limine excluding certain witnesses and exhibits proffered by Defendants. Specifically, Plaintiff requests an order:

1) Barring Defendants from calling Laura Rogal, Michael Bruening and Thomas Vestal as witnesses at the hearing on contempt sanctions;

2) Excluding Defendants' Exhibits 1, 2, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 23, 36 and 39 from use at the hearing on contempt sanctions; and

3) Awarding any other relief as the Court deems appropriate and just under the circumstances.

**DATED: December 5, 2006**          Respectfully submitted,

                                                **GEORGE S. MAY INTERNATIONAL COMPANY**

By: ___s/ Bart A. Lazar___
       One of Its Attorneys

Attorneys for Plaintiff:

Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
131 South Dearborn, Suite 2400
Chicago, IL 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

6

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2006, I electronically filed **Plaintiff George S. May International Company's Motion in Limine to Exclude Certain Witnesses and Exhibits Proferred by Defendants** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

>James K. Borcia
>Jborcia@tsmp.com
>Tressler, Soderstrom, Maloney & Priess, LLP
>233 South Wacker Drive, 22nd Floor
>Chicago, Illinois 60606-6308
>*Lead Attorney*
>*Attorney to be noticed*
>
>Maria Crimi Speth
>Jaburg & Wilk, P.C.
>Great American Tower
>3200 North Central Avenue, Suite 2000
>Phoenix, AZ 85012

>                        _____s/ Bart A. Lazar_____