# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6018 | **DATE** | 12/13/2006 |
| **CASE TITLE** | George S. May Int'l et al. Vs. Xcentric Ventures et al. | | |

**DOCKET ENTRY TEXT**

As stated further below, Defendants' motion to compel [183] is granted in part and denied in part.

■[ For further details see text below.]                    Notices mailed by Judicial staff.

## STATEMENT

Before the Court is defendants' motion to compel. Defendants ask this Court to compel plaintiff to produce: (1) documents reflecting complaints made by current and/or former customers within the past 5 years, and (2) plaintiff's tax returns for the past 5 years. Defendants also ask this Court to compel plaintiff to answer two requests to admit and to provide full and complete responses to interrogatories accompanying the requests to admit. If plaintiff denied any of the request to admit, the corresponding interrogatories asked for an explanation of the denial and identification of all facts and documents supporting the denial.

With respect to document request no. 9, we find that the information sought by defendants is reasonably calculated to lead to the discovery of admissible information. Accordingly, the motion to compel with respect to this request is granted. However, because the time frame is overly broad, plaintiff may limit its production to complaints received after January 1, 2003.

With respect to document request no. 13, this Court finds plaintiff's arguments to be completely unpersuasive. The request seeks relevant information and therefore, the motion to compel plaintiff to produce copies of its tax returns is granted. However, plaintiff may limit its production to tax returns for the years 2003 through 2005.

With respect to the requests to admit and corresponding interrogatories, plaintiff objected to request to admit nos. 1 and 3-7 because they do not relate to a statement of opinion or fact or of the application of the law to fact as set out in Rule 36. Additionally, plaintiff objected to these requests because the term "statements" in each request makes the request imprecise. These requests to admit refer to specific paragraphs in plaintiff's complaint. However, those paragraphs in the complaint contain general allegations regarding false statements that defendants purportedly made. The paragraphs do not identify specific false statements. Therefore, without any idea of what statements defendants are referring to, plaintiff cannot be expected to answer or explain whether it has evidence that those statements were authored by defendants. Furthermore, request to admit no. 1 seeks a legal conclusion. Accordingly, the motion to compel is denied as to request to admit nos. 1 and 3-7 and their corresponding interrogatories.

Plaintiff also objected to request to admit no. 8 because certain terms or phrases contained in the request are vague. This Court agrees. Therefore, the motion to compel with respect to request to admit no. 8 and its corresponding interrogatory is denied.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Dockets.Justia.com