JKB/cic/302251                                                                                          5634-2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 04 C 6018 ) |
| XCENTRIC VENTURES, LLC, et al., | ) Honorable Judge Norgle ) |
| Defendants. | ) Magistrate Judge Mason |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants, Xcentric Ventures, LLC ("Xcentric"), and Edward Magedson ("Magedson"; collectively "Defendants"), by and through their attorneys, hereby submit their Reply in support of their Motion for Partial Summary Judgment.

I. **PLAINTIFF'S EFFORTS TO DISTRACT THE COURT
WITH IMMATERIAL FACTS SHOULD BE IGNORED**

It is axiomatic that summary judgment is proper where there are no <u>material</u> facts in dispute and the moving party is entitled to judgment as a matter of law. The corollary to this rule is that disputes over *immaterial* facts have no effect on whether to grant summary judgment. *See Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) (recognizing "Not all factual disputes warrant the denial of summary judgment; only disputes as to facts material to the substantive claim require resolution by trial."), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1985).

Here, notwithstanding the narrowly tailored scope of Defendants' motion, Plaintiff's Response contains almost four pages of immaterial and scurrilous "facts" such as: "Through

discovery, GSMIC learned that Defendants attempted to enter into a referral arrangement with a law firm here in Chicago, Illinois for an $800,000 fee." Plaintiff's Resp. at 4. This statement, and the numerous others like it (offered solely to cloud the issues), must be disregarded because they having nothing whatsoever to do with the arguments presented and are not material to the simple issues raised in Defendants' motion.[1]

## II. ARGUMENT

Turning to the merits, it is imperative to be clear about several issues which Plaintiff tortures and misstates repeatedly. First, Defendants <u>do not</u> dispute that some of the "pedophilia" statements are capable of a defamatory meaning. For example, a statement such as, "The founder of this company has a background of child pornography and other heineous [sic] crimes," is clearly defamatory *as to the person it refers to*: Mr. George S. May (deceased), but not to the corporate Plaintiff in this case. This is the argument raised in Defendants' motion.

Inexplicably, Plaintiff goes to great length to explain basic tenets of defamation law, noting that statements may be defamatory *per se* when they are truly vile, obscene, and so forth. But this argument misses the point entirely – the issue is <u>not</u> whether these statements are defamatory (the Court may assume they are capable of such a meaning); the issue is whether the George S. May <u>Company</u> may sue for statements which solely refer to its long-dead founder. Defendants' motion clearly explained that Plaintiff cannot assert such a claim.

The authority cited by Plaintiff actually confirms the merits of this argument. Citing *Telewizja Polska v. Echostar Satellite Corp.*, Plaintiff argues, "statements are defamatory per se if they 'assail the corporation's financial position or business methods, or accuse it of fraud or

---

[1] If such character assaults were relevant, Defendants would note that they have independently obtained proof that Plaintiff has engaged in extensive acts of consumer fraud, including, but not limited to: 1) stealing $20,000 from an <u>80-year old grandmother</u>, and 2) defrauding a small business owner out of $10,000, causing the business to fail and resulting in the <u>suicide</u> of the business owner.

2

mismanagement." To be sure, this is a correct statement of *law*, but it overlooks the *fact* that the "pedophilia" post refers to Mr. May, not the business practices of his corporation.

Because Rule 56 permits a Court to grant summary judgment as to "all or any part" of a claim, Defendants contend that the Court should review the actual[2] material at issue and determine whether to grant summary judgment as to *all* or *part* of this claim. In terms of the specific statements, they are as follows:

| # | Statement |
|---|---|
| 1 | Owner of George S. May Company child pornography and other heinous crimes |
| 2 | The founder of this company has a background of child pornography and other heinous crimes. Some are so bad I don't want to mention them, but I must. |
| 3 | Here is what I do have the facts on. He likes to claim that he is a good Christian to gain the trust of those he will deceive. He flashes the fish sign around, which must be some sort of secret Christian signal. |
| 4 | Meanwhile, he offers drugs to junior high school children to get them to engage in sex with each other on tape. He has the tapes in his office. He thinks he keeps the harddrive clean, but some of us have backed up the porn. We are just waiting for the police to show up and we will come forward. |
| 5 | There is some secret porn club of pedifiles [sic] at George S. May which involves the office directors. When they have district meetings they watch kiddie porn videos and smoke crack. |
| 6 | These are some really messed up people. More to follow in a few days as soon as I can verify a few things. Party pictures will also be posted. |

In light of these statements, Defendants' position is that without question they are entitled to partial summary judgment at least, at a minimum, as to statements #1-4, and 6, if not all of them. Statements 1-4 refer solely to the conduct of either the owner (who is not a party here) or to the founder (who is deceased and cannot be defamed). These statements in no way refer to the "financial condition" of the corporation or its "business methods" and are therefore not actionable by the George S. May *Company*; "Some courts, though, have indicated that [corporations] may recover only for statements that directly attack their finances or business."

---

[2] Plaintiff claims that Defendants "mischaracterize" the substance of the text at issue. Since the actual text was attached *verbatim* to Defendants' motion, the basis for this statement is unknown.

*Sack on Defamation* § 2.10.1 at 2-149 (3d ed. 2006) (emphasis added), *citing Cont'l Nut Co. v. Robert L. Berner Co.*, 354 F.2d 395, 397 (7th Cir. 1965).

These statements, while vile, do not in any way mention, discuss, or attack the <u>finances</u> of the GSMIC corporate entity or the quality of its <u>services</u>. Therefore, as explained in Defendants' initial motion, this content, while deplorable, cannot support the corporation's defamation claim because:

> Under the general rule, however, <u>mere statements defamatory of [a corporation's] officers or agents do not defame the corporation.</u> For example, it has been held <u>not libelous</u> of a *newspaper* to depict its *editor* as degenerate and immoral, <u>not defamatory</u> of a *corporation* to state that an *officer-shareholder* was a "bad man and dangerous character" suspected of arson, <u>not defamatory</u> of an *employment agency* to portray its *employees* as "fakirs, robbers, thieves, and business pirates … devoted to fraudulent practices," and <u>not defamatory</u> of a *company* to state that its *president* was "an evil man … fired from his job."

David A. Elder, *Defamation: A Lawyer's Guide* § 1:1[A][2] at 10–11 (emphasis added), *citing Adirondack Record v. Lawrence*, 202 App.Div. 251, 195 N.Y.S. 627, 629–30 (1922); *Brayton v. Cleveland Special Police Co.*, 63 Ohio St. 83, 57 N.E. 1085, 1086 (1900); *Hapgoods v. Crawford*, 125 App.Div. 856, 110 N.Y.S. 122, 123 (1908); *Afftrex, Ltd. v. General Electric Co.*, 161 App.Div.2d 855, 555 N.Y.S.2d 903, 905 (1990); Restatement (Second) of Torts § 561, comment b (1977)). Plaintiff cites <u>nothing</u> to support a contrary conclusion.

Put another way, the <u>target(s)</u> of these statements – either the founder or owner of the company, or the employees mentioned – could have sued for defamation, but the corporation itself cannot because corporate reputations are limited to those matters reflecting the corporation's business operations, financial condition, product quality, and so forth. *See Cont'l Nut*, 354 F.2d at 397 (holding "To allow a plaintiff corporation to recover [for defamation], <u>there must be a showing that it has been accused of fraud, mismanagement, or financial instability.</u>")

(emphasis added), *citing Interstate Optical Co. v. Illinois State Soc'y of Optometrists*, 244 Ill. App. 158 (1927). None of these types of allegations are present in the material at issue.

Defendants acknowledge that there is a natural, highly negative, visceral reaction to offensive statements such as these, and both instinctively and perceptually it may be challenging to draw a distinction between the founder, owner, and/or employees of the company and the company itself. Yet, as a matter of law the George S. May corporation is a legal entity separate from its employees; "A corporation is a legal entity separate and distinct from its shareholders, directors, and officers." *Trossman v. Philipsborn*, 2006 WL 2404031, *20 (Ill.App. 1st Dist., August 21, 2006), *quoting In re Rehabilitation of Centaur Insurance Co.*, 158 Ill.2d 166, 172, 632 N.E.2d 1015 (1994).

None of the above statements suggest that the <u>corporation</u> condones, endorses, sponsors, or is even aware of the "<u>secret</u> porn club" referenced in this post, and no part of this post impugns the quality of the services offered by Plaintiff or its financial stability. Therefore, no part of this post constitutes actionable defamation of the corporate entity. As such, the Court must grant Defendants summary judgment, in whole or in part, as to this report and/or any subpart thereof which does not implicate the limited categories of statements which may support a corporate defamation claim.

Plaintiff also argues that even if Mr. May himself is dead, this does not defeat any claims because the current owner of the company, Ms. Dorothy May Campbell, is alive. Again, this argument sounds logical at first but it misses the point completely – Ms. Campbell may be alive, but she is not a party to this action. Her existence among the living may avoid the rule that a deceased person cannot be defamed, but this does not help Plaintiff since Ms. Campbell has never filed suit against Defendants.

III. **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that Partial Summary Judgment be entered in their favor pursuant to Fed. R. Civ. P. 56(b) as to the statements set forth above.

                              XCENTRIC VENTURES, LLC and EDWARD MAGEDSON

                              By: /s/ James K. Borcia
                                    One of Their Attorneys

James K. Borcia
David O. Yuen
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue
Suite 2000
Phoenix, AZ 85012
(602) 248-1000

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 04 C 6018 ) |
| XCENTRIC VENTURES, LLC, et al., | ) Judge Charles R. Norgle ) |
| Defendants. | ) ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2006, I electronically filed a **Defendants' Reply in Support of Their Motion for Partial Summary Judgment** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

Bart A. Lazar
Rachel M. Kindstrand
Seyfarth Shaw LLP
131 South Dearborn Street, Suite 2400
Chicago, IL 60603

XCENTRIC VENTURES, LLC and ED MAGEDSON

By: /s/ James K. Borcia
One of Their Attorneys

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
(602) 248-1000

James K. Borcia
David O. Yuen
TRESSLER, SODERSTROM, MALONEY
 & PRIESS, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000