# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6018 | **DATE** | 12/14/2006 |
| **CASE TITLE** | George S. May Int'l et al. Vs. Xcentric Ventures et al. | | |

**DOCKET ENTRY TEXT**

REPORT AND RECOMMENDATION is hereby submitted to Judge Norgle recommending that the District Court grant in part and deny in part plaintiff's request for sanctions [88]. Specific written objections to this Report and Recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the rights to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

    The District Court referred plaintiff's request for sanctions to this Court for a Report and Recommendation. For the reasons set forth below, this Court recommends that the District Court grant in part and deny in part plaintiff's request for sanctions.

    Defendants operate two consumer advocate websites that post information and complaints about various business organizations. The websites are: www.ripoffreport.com and www.badbusinessbureau.com (collectively, "ROR"). Plaintiff filed a complaint against defendants alleging that they post false and misleading statements on their websites. On 9/24/04, Judge Norgle issued a temporary restraining order ("TRO") against defendants. Defendants were enjoined from making, hosting or transmitting false or deceptively misleading descriptions, statements or representations concerning George S. May, its business, owner, officers, employees and/or agents. On 10/8/04, the TRO was extended until further order of the court.

    Also, on 10/8/04, plaintiff filed a motion for contempt sanctions, alleging that defendants continued to permit the posting of false statements that were harmful to plaintiff's business. Judge Norgle granted plaintiff's motion for contempt sanctions on 9/13/05. He found that defendants had violated the terms of the TRO. Shortly thereafter, defendants removed eight postings that Judge Norgle found violated the TRO. The matter of appropriate sanctions for violation of the TRO was taken under advisement. On 5/22/06, Judge Norgle referred the sanctions issue to this Court for a Report and Recommendation.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

04C6018 George S. May Int'l et al. Vs. Xcentric Ventures et al.     Page 1 of 2

Dockets.Justia.com

**STATEMENT (CONT.)**

On 12/12/06, this Court held an evidentiary hearing on plaintiff's request for sanctions. Before the hearing began, we instructed the parties to concentrate on the damages plaintiff suffered as a result of the eight postings that Judge Norgle found violated the TRO in his 9/13/05 Order. The eight postings are the only postings at issue here because, while there are other postings about plaintiff on ROR, there has been no finding that the other postings violate the TRO.

This Court reviewed a multitude of pleadings and exhibits and heard testimony from three witnesses plaintiff presented in support of its request for sanctions. Plaintiff claims that it lost fourteen customers as a result of the postings on ROR. Plaintiff also claims that it lost goodwill and potential employees. Plaintiff's expert, Mr. Bero, was unable to quantify plaintiff's damages with respect to lost potential employees or loss of goodwill. He did offer a damages estimate for the lost fourteen customers.

However, after reviewing all of the evidence submitted, this Court finds that plaintiff failed to demonstrate that it lost any business as a result of the eight postings that Judge Norgle found violated the TRO. Plaintiff's witnesses offered no testimony about any of the eight postings at issue or whether plaintiff's customers had seen them. Instead, the witnesses testified in general terms, explaining that plaintiff's customers had seen negative comments on "ripoffreport.com" or in "ripoff report postings." Additionally, plaintiff did not produce a single document demonstrating that any lost customer had reviewed any of the postings that Judge Norgle found violated the TRO.

Based on the evidence before this Court, we cannot conclude that any of the fourteen customers declined to hire plaintiff or terminated plaintiff because of the eight postings at issue. In short, plaintiff failed to show that it lost business as a result of defendants' violation of the TRO. Consequently, we recommend that the District Court deny plaintiff's request for damages as compensation for defendants' contemptuous conduct.

Plaintiff also asks this Court to fine defendants for every day they continue to violate the TRO. However, as stated above, there has been no finding that defendants are still violating the TRO. The purpose of this proceeding is to determine what sanctions, if any, are appropriate for defendants' past violation of the TRO. The matter was not referred to this Court for a determination of whether defendants continue to violate the TRO by posting false or deceptively misleading statements. Accordingly, we recommend that the District Court deny plaintiff's request for a daily fine.

Next, plaintiff asks this Court to issue a new TRO enjoining defendants from posting information related to plaintiff until it can provide a reasonable mechanism that assures the Court that the postings will be verifiable and their authors identifiable. Once again, this request falls outside the scope of the referral. Therefore, we recommend that the District Court deny this request.

Finally, plaintiff requests reasonable attorneys' fees and costs. If defendants had not violated the TRO, the parties (and this Court) would not have had to waste time and money addressing the contempt and sanctions issues. Therefore, this Court recommends that the District Court grant plaintiff reasonable attorneys' fees and costs associated with plaintiff's motion for contempt and plaintiff's request for contempt sanctions. However, this Court notes that reasonable attorneys' fees will likely be considerably less than the amount billed in connection with the contempt and sanctions issues. Indeed, this Court finds that these issues were over-litigated by the parties. Not only was there an excessive amount of briefing, but both parties addressed issues outside the scope of the referral. If the District Court adopts this Report and Recommendation, plaintiff will have seven days to provide this Court with an affidavit in support of reasonable attorneys' fees and costs.

Based on the foregoing, this Court recommends that the District Court grant in part and deny in part plaintiff's request for sanctions. Specific written objections to this Report and Recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the rights to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).