UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, ) ) ) Plaintiff, ) ) ) -vs- ) ) XCENTRIC VENTURES, LLC, ) RIP-OFF REPORT.COM ) BADBUSINESSBUREAU.COM, ) ED MAGEDSON, VARIOUS ) JOHN DOES, JANE DOES AND ) ABC COMPANIES, ) ) Defendants. ) | Case Number 04-C-6018<br><br>Judge Norgle<br>Magistrate Judge Mason |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO HOLD DEFENDANTS IN CONTEMPT**

On September 13, 2005, this Court found Defendants in contempt of the temporary restraining order entered by this Court on September 24, 2004 and extended by agreement of the Defendants on October 8, 2004 (the "Order").

While Defendants claimed that they had complied with the Order, instead of or in addition to taking down the false and deceptively misleading postings---as required by the Order, Defendants drafted and posted statements in locations where they removed a false or deceptively misleading posting or portion thereof:

> This space previously contained a complaint about the business practices of George S. May. Rip-off Report has temporarily removed the posting pending Circuit Court review of a preliminary district court order that we believe violates the First Amendment rights of free speech of the author of the posting and violates the Federal Communications Decency Act *UPDATE Employee ..inside information ..George S. May 100% guarantee and 2:1 savings ..what the Company verbally gives you is not what you think

> This space previously contained a complaint about the business practices of George S. May. Rip-off Report has temporarily removed the posting pending Circuit Court review of a preliminary district court order that we believe violates the First Amendment rights of free speech of the author of the posting and violates the Federal Communications Decency Act. Check back later for a link to Rip-off Reports legal memorandum that will be filed with the Court on this issue.

See Exhibit A to the Declaration of Israel Kushnir annexed hereto.

By posting these statements in such a prominent manner, Defendants did not really comply with the Order, but deceptively suggest that there was a valid complaint about the business practices of George S. May, rather than a false and/or deceptively misleading posting. Further, the posting mischaracterizes the nature of this Court's Order and falsely states that this Court's Order is currently being reviewed by a "Circuit Court." Thus, Defendants' supposed "compliance" really created new violations of the Order.

Defendants' defiance of the Order is really showing literal and figurative contempt for the Order, this Court and the legal process.

These postings continued to harm George S. May. On June 13, 2006, a potential employee declined to pursue a position with George S. May, citing specifically to the page http://www.ripoffreport.com/reports/ripoff59860.htm.--a page that contains the statements quoted above. See Exhibit B to the Declaration of Israel Kushnir annexed hereto. Thus, Defendants' statements made in "compliance" with Judge Norgle's order, after Judge Norgle found Defendants in contempt, are also false and deceptively misleading.

George S. May notified Defendants of its concern and attempted to raise this issue before Magistrate Judge Mason as part of the proceedings related to Defendants' prior contempt. However, Judge Mason did not believe that Defendants' conduct was within the scope of this Court's referral, however, after the hearing on the contempt motion Magistrate Judge Mason

indicated that he believed that these postings were false and/or deceptively misleading. Defendants, in fact, acknowledged that these postings should be the subject of a new contempt motion. See Defendants' Motion to Strike Plaintiff's Motion to "Supplement" Record Related to Contempt Sanction, Pg. 4 ("GSM is asking for a new contempt finding based on new alleged contumacious conduct which occurred after the September 13, 2005 contempt order"). As a result, Defendants apparently made some additional changes to it site (it is not clear when), but clearly after July 12, 2006. See Exhibit C to the Declaration of Israel Kushnir annexed hereto. While Defendants have made a second, belated and half-hearted attempt at compliance with the Order Defendants clearly were in contempt since September 2005. In addition, Defendants' disclaimers still mischaracterize this Court's Order, fail to inform Internet users that the postings were taken down because they were found to be false and/or deceptively misleading and violative of a Court Order. In addition, Defendants' categorization of the postings still states that George S. May is a "corrupt company." See Exhibit D to the Declaration of Israel Kushnir. All of these are improper attempts to reinforce the validity of the false postings and constitute separate and independent acts of contempt. Therefore, Defendants were not in compliance with the Order from September 2005 until whenever the most recent changes were made (sometime after July 12, 2006) and still are not in compliance with the Order.

    For these reasons, George S. May believes that Defendants remain in contempt of the Temporary Restraining Order. Defendants' contumacious conduct harmed George S. May, and the equities support a contempt sanction running each day from September 13, 2005 in order to coerce compliance with this Court's Order. George S. May also believes that some form of additional injunctive relief is in order to fence in Defendants and prevent violations of the Order in the future, such as banning postings about George S. May on Defendants' sites, or requiring

Defendants to adopt a notice and take down procedure similar to that which most legitimate web sites use.

**DATED: December 20, 2006**     Respectfully submitted,

                                      **GEORGE S. MAY INTERNATIONAL COMPANY**

                                      By:       s/ Bart A. Lazar
                                                    One of Its Attorneys

Attorneys for Plaintiff:

Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
55 E. Monroe Street, Suite 4200
Chicago, IL 60603
Telephone: (312) 346-8000
Facsimile: (312) 269-8869

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2006, I electronically filed **MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO HOLD DEFENDANTS IN CONTEMPT** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

> James K. Borcia
> Jborcia@tsmp.com
> Tressler, Soderstrom, Maloney & Priess
> 233 South Wacker Drive, 22nd Floor
> Chicago, Illinois 60606-6308
> *Lead Attorney*
> *Attorney to be noticed*

> s/ Bart A. Lazar

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case Number 04-C-6018 |
| -vs- ) | |
| ) | Judge Norgle |
| XCENTRIC VENTURES, LLC, ) | Magistrate Judge Mason |
| RIP-OFF REPORT.COM ) | |
| BADBUSINESSBUREAU.COM, ) | |
| ED MAGEDSON, VARIOUS ) | |
| JOHN DOES, JANE DOES AND ) | |
| ABC COMPANIES, ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF ISRAEL KUSHNIR IN SUPPORT OF GEORGE S. MAY'S MOTION FOR CONTEMPT**

I, Israel Kushnir, under penalty of perjury, declare and state as follows:

1. I am the President of George S. May International Company, ("GSMIC") which is headquartered in Park Ridge, Illinois.

2. Since September, 2005 when I filed my Declaration in Support of a Contempt Sanction, I believe that GSMIC continues to lose existing and potential business and employees due to the postings on Defendants' web site. Existing and potential customers and employees conduct Internet searches for GSMIC and come across false and/or deceptively misleading postings about GSMIC.

3. Although Defendants apparently modified their web site somewhat in September 2005 after this Court found Defendants in contempt of court, even the manner in which Defendants have attempted to "comply" with this Court's orders have been in a deceptively misleading manner. For example, instead of taking down the false and deceptively misleading

postings as required by this Court's Order, Defendants posted these statements in locations where they removed a false or deceptively misleading posting or portion thereof:

> This space previously contained a complaint about the business practices of George S. May. Rip-off Report has temporarily removed the posting pending Circuit Court review of a preliminary district court order that we believe violates the First Amendment rights of free speech of the author of the posting and violates the Federal Communications Decency Act *UPDATE Employee ..inside information ..George S. May 100% guarantee and 2:1 savings ..what the Company verbally gives you is not what you think

[and]

> This space previously contained a complaint about the business practices of George S. May. Rip-off Report has temporarily removed the posting pending Circuit Court review of a preliminary district court order that we believe violates the First Amendment rights of free speech of the author of the posting and violates the Federal Communications Decency Act. Check back later for a link to Rip-off Reports legal memorandum that will be filed with the Court on this issue.

See postings attached as Exhibit A hereto.

4. By posting these statements in this particular way, Defendants, in my view, are not complying with this Court's order by removing false and /or deceptively misleading postings. Instead, Defendants are suggesting that the material deleted from the site were valid complaints about the business practices of GSMIC, rather than a false and/or deceptively misleading posting. These postings also suggest that Defendants have appealed this Court's Order—which is not true.

5. I believe that these particular postings harm George S. May. One very recent example was on June 13, 2006 when a prospective GSMIC employee declined to pursue a position with the company. The individual cited to the page http://www.ripoffreport.com/reports/ripoff59860.htm. one of the postings annexed as Exhibit A. See e-mail from prospective employee annexed as Exhibit B.

6. Recently, Defendants have recently again revised these "disclaimers" on their site, however, there are at least one posting which still falsely and/or deceptively describes this Court's Order. See Exhibit C.

7. In addition, Defendants continue to state, in connection with some of the postings that were removed that George S. May is a corrupt company. See Exhibit D. Again, that is a false and deceptive statement of fact made by the Defendants.

8. Therefore, I believe that Defendants' contempt of court and damage to GSMIC continues through this day. The Defendants simply cannot be trusted with determining how to comply with the Court's order and are showing their contempt for GSMIC, this Court's order and the judicial process. This Court must do something to show Defendants that they cannot act as they please.

. I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 18, 2006
Park Ridge, Illinois

*Israel Kushnir*
ISRAEL KUSHNIR