UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GEORGE S. MAY INTERNATIONAL COMPANY**, | ) ) ) |
| Plaintiff, | ) ) ) Case Number 04-C-6018 |
| -vs- | ) ) ) Judge Norgle |
| **XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES,** | ) ) Magistrate Judge Mason ) ) ) ) ) |
| Defendants. | ) |

**MOTION FOR ENLARGEMENT OF TIME
TO COMPLETE DISCOVERY**

Plaintiff George S. May International Company ("GSMIC"), by its counsel, hereby submits its Motion for Enlargement of Time to Complete Discovery, and is respectfully requesting that this Court grant GSMIC up to and including March 31, 2007 to complete written and oral fact discovery. Correspondingly, GSMIC asks that the dates for completion of expert discovery also be extended, allowing the deadline for disclosure of experts and retained expert reports to be extended up to and including April 30, 2007, and allowing the deadline for expert discovery to be completed to be extended up to and including June 11, 2007. In support of this Motion, GSMIC states as follows:

1. As this Court is aware, discovery on the merits of this case began just this year, after the Court denied Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. The parties agreed to a discovery schedule which was entered by the Court on May 24, 2006. On May 31, 2006, this Court referred the issue of the appropriate contempt sanction to Magistrate

CH1 11153279.1

Judge Mason. This Court has not yet set a date for trial in this matter, nor has this Court set a deadline for filing pre-trial orders or a date for a pre-trial hearing.

2. The parties have exchanged written discovery and have issued third party subpoenas for documents. However, during the course of exchanging written discovery, not only have the parties been preparing for the hearing before Judge Mason on the contempt sanctions, but also several disputes have arisen which have the parties have attempted in good faith to resolve. GSMIC sent Defendants a letter on July 12, 2006 outlining several areas of deficiencies in Defendants' discovery responses, and counsel had several telephone conferences over the course of July and August, 2006, in an attempt to resolve these discovery issues, as well as to draft an agreed protective order.

3. The Agreed Protective Order was finalized and entered by Judge Mason on September 14, 2006. Upon entry of the Agreed Protective Order, the parties jointly moved for an extension of the discovery deadline on September 15, 2006, which, among other things, set the deadline for the completion of fact discovery to January 11, 2007. On the same day that Judge Mason granted the parties' motion for an extension of discovery, Judge Mason also set an evidentiary hearing on the motion for contempt sanctions for October 19, 2006. Among other things, Judge Mason required before parties to exchange witnesses and exhibits prior to the hearing, and GSMIC for its part was heavily engaged in preparing for that hearing. On October 18, 2006, the Court granted Defendants' motion to continue the hearing, and reset the hearing for December 12, 2006. Again, the parties had to resubmit exhibits and witness lists to the Court in advance of the hearing, and GSMIC for its part was heavily engaged in preparing for that hearing.

4. In the midst of preparing for the hearing on the contempt sanction and upon entry of the Agreed Protective Order, Defendants agreed to provide supplemental discovery responses to Plaintiff's Interrogatories and Document Requests on or about October 6, 2006. This supplemental discovery was to include documents responsive to Plaintiff's requests.

5. While Defendants provided supplemental responses and documents, these responses were insufficient to overcome the deficiencies Plaintiff highlighted to Defendants in both its July 12, 2006 letter and in its subsequent conversations with Defendants' counsel pursuant to its obligations under the Federal Rules of Civil Procedure and Local Rule 37.2. For example, even though Defendants have raised the Communications Decency Act as a defense to this action, Defendants continually refuse to answer GSMIC's discovery requests asking Defendants to identify what content they edit or create on the websites, www.ripoffreport.com and www.badbusinessbureau.com which is specifically relevant to this defense.

6. In addition, to the extent Defendants were willing to produce documents at the offices of Defendants' counsel in Phoenix, Arizona, Defendants initially attempted to condition Plaintiff's document review on obtaining Plaintiff's counsels' written agreement to, among other things, abide by Arizona law with respect to any claims regarding misappropriation of trade secrets and attorney-client privilege. Ultimately, Defendants' counsel was persuaded that the terms of the Agreed Protective Order were sufficient to allay Defendants' counsels concerns, but nonetheless Defendants' initial attempt to condition Plaintiff's document review resulted in further delay of the retrieval of at least seven boxes of documents from Defendants' counsels' offices in Phoenix, Arizona, which were ultimately received in November, 2006.

7. As a result of these discovery disputes, GSMIC has not taken necessary oral discovery, including the depositions of the parties or employees of XCentric Ventures, LLC.

GSMIC believes that resolution of these discovery disputes is necessary before effective oral discovery can take place.  In addition, as outlined above, GSMIC has spent considerable time preparing for the evidentiary hearing on the contempt sanctions, including preparing witnesses and submitting exhibits, and has done so twice as a result of the rescheduling of the hearing from October 19, 2006 to December 12, 2006.

8.      In addition the discovery disputes and the preparations for the contempt sanctions hearing, the Court should be aware that Defendants have issued not one but four sets of written discovery to GSMIC, to which GSMIC has responded.  Defendants' Second Set of Requests for Production of Documents and Interrogatories, was served by mail on August 24, 2006 and due by agreement on October 6, 2006.  Among other things, Defendants' Second Set contained 16 requests in which the last request contained 29 subparts asking for information on court cases involving GSMIC.  Defendants' Third Set of Requests for Production of Documents, Requests to Admit, and Non-Uniform Interrogatories was served by mail on October 13, 2006 and due on or about November 15, 2006, and Defendants' Fourth Set of Requests for Production and Requests to Admit was served by mail on November 9, 2006 and due on the same day as the hearing on contempt sanctions, December 12, 2006.  Defendants' Fourth Set contained 44 requests to admit, and 14 discovery requests, not including multiple subparts.

9.      Moreover, Plaintiff has also been responding to numerous motions filed by Defendants, including:  Defendants' motion for sanctions based on Plaintiff's failure to admit one request to admit, Defendants' motion to compel, Defendants' motion for partial summary judgment, and a recently filed motion by Defendants for judgment on the pleadings, to which GSMIC's response is due on January 5, 2007.

10. Because of the activity in this case in the past three months as outlined above, GSMIC requests an additional extension of time to complete fact discovery. GSMIC will also be filing a motion to compel to seek to obtain responses to its discovery requests within the next few days. Full discovery responses from Defendants is essential before conducting oral discovery, including party depositions and depositions of employees of XCentric Ventures. Moreover, it is likely that obtaining Defendants' discovery responses will lead to the identification of addition fact witnesses. GSMIC has prepared Deposition Notices for the employees to the extent identified by Defendants in discovery, Ed Magedson, and a deposition pursuant to Rule 30(b)(6) for XCentric Ventures, LLC.

11. Moreover, to the extent any witnesses have been identified by Defendants, these witnesses reside in Arizona, and Plaintiff will be required to travel to take their depositions.

12. Prior to filing this motion, Plaintiff's counsel telephoned Defendants' counsel, Maria Crimi Speth, to ascertain whether she would agree to this motion. As of the time of filing, Plaintiff's counsel has not received a response from Defendants' counsel.

13. Based on the foregoing, GSMIC requests an additional extension of time to complete fact discovery, up to and including March 31, 2007. This extension is not being sought for an improper purposes or to delay matters, rather it is necessary in order to obtain complete responses to GSMIC's discovery requests and productively conduct oral fact discovery. GSMIC further requests that the corresponding deadline for disclosure of experts and retained expert reports be extended up to and including April 30, 2007, and the deadline for expert discovery to be completed extended up to and including June 11, 2007.

WHEREFORE, Plaintiff George S. May International Company, respectfully requests that this Court grant this Motion for an Enlargement of Time to Complete Fact Discovery,

CH1 11153279.1

allowing up to March 31, 2007 to complete fact discovery; allowing the deadline for disclosure of experts and retained expert reports to be extended up to and including April 30, 2007, and allowing the deadline for expert discovery to be completed to be extended up to and including June 11, 2007.

**DATED:  December 20, 2006**          Respectfully submitted,

                                        **GEORGE S. MAY INTERNATIONAL COMPANY**


                                        By:   _s/ Rachel Kindstrand_____
                                                 One of Its Attorneys

Attorneys for Plaintiff:
Bart A. Lazar, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
131 S. Dearborn St.
Chicago, IL 60603
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

CH1 11153279.1

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2006, I electronically filed **Plaintiff's Motion for Enlargement of Time to Complete Discovery** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

>James K. Borcia
>David O. Yuen
>Tressler, Soderstrom, Maloney & Priess
>233 South Wacker Drive, 22nd Floor
>Chicago, Illinois  60606-6308
>
>Maria Crimi Speth
>Jaburg & Wilk, P.C.
>Great American Tower
>3200 North Central Avenue, Suite 2000
>Phoenix, AZ 85012

_s/ Rachel Kindstrand_

CH1 11153279.1