# EXHIBIT L-3

Dockets.Justia.com

**Speakeasy Business DSL**
Broadband w/o the Phone Company No Start Up Costs
www.Speakeasy.net

**Network Solutions**
Domains, Hosting, Web Sites & More. ICANN Accred. Learn r
here!
www.networksolutions.com

Ads by Google                                                     Advertise

# BROADBAND
## Reports.com
login                                     Theme:

| Home | Find Service | Reviews | News | FAQs | Forums | Tools | Maps | Search | About |

| Intro | FAQ | Tweak Test | Speed Tests | Line Quality | Line Monitor | **Whois** | Doctor Ping | »» |

Ads by Google

Check another: [          ]   or back to dslreports.com/whois

### Result for **208.13.141.94**

```
--> fwhois 208.13.141.94@whois.arin.net
[whois.arin.net]
Sprint SPRINTLINK-BLKS (NET-208-0-0-0-1)
                              208.0.0.0 - 208.35.255.255
Sprint DSL Network FL DSL-NET122-LV (NET-208-13-141-0-1)
                              208.13.141.0 - 208.13.141.255
```

**Phone
Systems
from $549**

AAA BBB
Rated Phone
System
Vendor 866-
519-4861

BusinessPhonesDirect.c
om/Systems

```
# ARIN WHOIS database, last updated 2006-08-17 19:10
# Enter ? for additional hints on searching ARIN's WHOIS database.
--> fwhois "!NET-208-13-141-0-1@whois.arin.net"
[whois.arin.net]

OrgName:    Sprint DSL Network FL
OrgID:      SDNF
Address:    500 N NEW YORK AVE
City:       WINTER PARK
StateProv:  FL
PostalCode: 32789
Country:    US

NetRange:   208.13.141.0 - 208.13.141.255
CIDR:       208.13.141.0/24
NetName:    DSL-NET122-LV
NetHandle:  NET-208-13-141-0-1
Parent:     NET-208-0-0-0-1
NetType:    Reassigned
Comment:
RegDate:    2001-06-28
Updated:    2001-06-28

RTechHandle: IA98-ARIN
RTechName:   IP Administrator
RTechPhone:  +1-407-741-0500
RTechEmail:  support@sprint-hsd.net

# ARIN WHOIS database, last updated 2006-08-17 19:10
# Enter ? for additional hints on searching ARIN's WHOIS database.
```

Advertise on this site

how-to block ads

**Speakeasy Business DSL**
Broadband w/o the Phone Company No Start Up Costs
www.Speakeasy.net

**Broadband Speed Test**
Search for Testing Resources and Info. Find What You Want
www.Simpli.com/Testing

Ads by Google                                                                    Advertise

Search: [          ] [Go]

**BROADBAND** Reports.com    login                                   Theme:

| Home | Find Service | Reviews | News | FAQs | Forums | Tools | Maps | Search | About |

| Intro | FAQ | Tweak Test | Speed Tests | Line Quality | Line Monitor | **Whois** | Doctor Ping | »» |

Ads by Google

Check another: [          ]    or back to dslreports.com/whois

### Result for **67.160.169.22**

```
--> fwhois 67.160.169.22@whois.arin.net
[whois.arin.net]
Comcast Cable Communications, Inc. ATT-COMCAST (NET-67-160-0-0-1)
                    67.160.0.0 - 67.191.255.255
Comcast Cable Communications, Inc. OREGON-1 (NET-67-160-128-0-1)
                    67.160.128.0 - 67.160.191.255
```

**Compare**

**IP Phone**

**Services**

View Ratings

And Reviews

Of Leading

Broadband

Phone Service

Providers

www.ipphoneratings.com

```
# ARIN WHOIS database, last updated 2006-08-17 19:10
# Enter ? for additional hints on searching ARIN's WHOIS database.
--> fwhois "!NET-67-160-128-0-1@whois.arin.net"
[whois.arin.net]

CustName:    Comcast Cable Communications, Inc.
Address:     3 Executive Campus
Address:     5th Floor
City:        Cherry Hill
StateProv:   NJ
PostalCode:  08002
Country:     US
RegDate:     2003-04-03
Updated:     2004-07-02

NetRange:    67.160.128.0 - 67.160.191.255
CIDR:        67.160.128.0/18
NetName:     OREGON-1
NetHandle:   NET-67-160-128-0-1
Parent:      NET-67-160-0-0-1
NetType:     Reassigned
Comment:
RegDate:     2003-04-03
Updated:     2004-07-02

OrgAbuseHandle: NAPO-ARIN
OrgAbuseName:   Network Abuse and Policy Observance
OrgAbusePhone:  +1-856-317-7272
OrgAbuseEmail:  abuse@comcast.net

OrgTechHandle: IC161-ARIN
OrgTechName:   Comcast Cable Communications Inc
OrgTechPhone:  +1-856-317-7200
OrgTechEmail:  CNIPEO-Ip-registration@cable.comcast.com
```

Advertise on this site

how-to block ads

# EXHIBIT M

*Cheryl*



# America Online.

# F a c s i m i l e   C o v e r

| **To:** | Maria Crimi Speth, Esq. | **From:** | Marissa Gahafer |
| | | | Paralegal Specialist |
| | | | Direct: 703-265-6962 |
| | | | Fax: 703-265-2306 |

| **Fax:** | (602) 248-0522 | **Pages:** | **2** (including cover) |
| **Phone:** | | **Date:** | September 13, 2006 |
| **Re:** | George S. May International v XCentric Ventures | **CC:** | File |

☐ Urgent     ☐ For Review     ☐ Please Comment     ☐ Please Reply     ☐ Please Recycle

● **Comments:**

**PRIVILEGED AND CONFIDENTIAL**

This message contains information which may be privileged and/or confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete all copies.

22000 AOL Way ● Dulles, Virginia 20166 ● Main Phone: 703-265-1000

Xcentric-0826



Marissa Gahafer
Paralegal
703/265-6962 FAX 703/265-2306

September 13, 2006

**VIA FACSIMILE (602) 248-0522**

Maria Crimi Speth, Esq.
Jaburg & Wilk, PC
3200 Central Avenue
Phoenix, AZ 85012

> Re:    Subpoena to AOL LLC ("AOL") (George S. May International v Xcentric
>         Ventures, LLC)

Dear Ms. Speth:

AOL is in receipt of the subpoena issued from the United States District Court for the Northern District of Illinois to AOL LLC in the matter captioned George S. May International v Xcentric Ventures, LLC. This letter is to formally notify you that AOL objects to the subpoena as improperly served as we do not believe a subpoena issued from the United States District Court for the Northern District of Illinois has extraterritorial subpoena power over records residing in Virginia and insofar as it requests information the disclosure of which is prohibited by federal law.

AOL, its records, and its Custodian of Records are located and headquartered in Loudoun County, Virginia and subject to the jurisdiction of Loudoun County Circuit Court. For applicable requirements governing the issuance and domestication of foreign subpoenas in this jurisdiction, please consult Va. Code Ann. § 8.01-411 and Va. Code Ann. § 8.01-407.1 and you may wish to contact the court directly.

Even if AOL received a properly issued subpoena, we regret to inform you that AOL only maintains last point of entry IP addresses for the previous 90 days, therefore IP information for the requested dates and times would no longer be available.

Very truly yours,

Marissa E. Gahafer

Xcentric-0827

September 6th, 2006

To Whom It May Concern:

Icehouse Internet was purchased by OneEighty Networks in late January of 2006. Because of this transition we do not have the paperwork/information that you are requesting.

Greg Green (the owner/CEO of OneEighty Networks) wanted me to send this paperwork back to you with an explanation. If there is anything else we can help you with, please contact me either by email at efrost@go180.net or by telephone at 509.688.8102. I am in the office from 8:30am to 5:30pm Monday through Friday.

Sincerely,

Emily Frost
efrost@go180.net
Customer Care Representative
Icehouse Internet/OneEighty Networks

Xcentric-0828



**Jaburg**
**& Wilk, P.C.**
ATTORNEYS AT LAW

3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

Maria Crimi Speth, Esq.

mcs@jaburgwilk.com
Direct Line 602/248-1089
Main Fax 602/248-0522

August 28, 2006

Custodian of Records
The IceHouse Internet Services
422 W. Riverside, #500
Spokane, WA 99201

    *Re:   George S. May International Company v. XCentric Ventures, LLC., et al.*

Dear Sir or Madam:

    Enclosed please find a Subpoena to commanding you to produce and permit in inspection of documents or objects relating to George S. May International Company. These documents are being requested in a matter currently pending in the United States District Court for the Northern District of Illinois.

    We request that you produce these documents to James K. Borcia, Esq., Tressler, Soderstrom, Maloney & Priess, 233 South Wacker Drive, 22nd Floor, Chicago, IL 60606 on September 20, 2006 at 10:00 a.m. In the alternative, the requested documents may be sent by mail to Maria Crimi Speth, Esq., Jaburg & Wilk, P.C., 3200 N. Central Avenue, Suite 2000, Phoenix, AZ 85012, or faxed to (602) 248-0522 prior to August 28, 2006. Please contact us at your earliest convenience to arrange for prompt production of the requested documents.

    If you have any questions, please feel free to contact David S. Gingras or me at (602) 248-1000 or via email at MCS@JABURGWILK.COM or DSG@JABURGWILK.COM. I look forward to hearing from you.

        Very truly yours,

        **JABURG & WILK, P.C.**

        Maria Crimi Speth

cc:    Bart K. Lazar, Esq. (w/enclosures)
       James L. Borcia, Esq. (w/enclosures)
       Xcentric Ventures

www.jaburgwilk.com
*Offices also in Scottsdale*
14500 N. Northsight Blvd., Suite 116 · Scottsdale, AZ 85260 · Tel 480/609-0011 · Fax 480/609-0016

10297-1/DSG/CAC/544373_v1

Xcentric-0829

*• AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

GEORGE S. MAY INTERNATIONAL COMPANY

V.

XCENTRIC VENTURES, LLC., RIP-OFF
REPORT. COM, ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  04 C 6018

TO:

The IceHouse Internet Services
422 W. Riverside, #500, Spokane, WA  99201

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| James K. Borcia, Esq., 233 S. Wacker Dr., 22nd Floor, Chicago, IL 60606 | September 20, 2006, 10:00 am |

G  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | | DATE |
|---|---|---|
| *[signature]*    Attorneys for Defendants | | August 28, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Maria Crimi Speth, Esq.,
JABURG & WILK, P.C., 3200 N. Central Avenue, Suite 2000, Phoenix, AZ, (602) 248-1000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

Xcentric-0830

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i) fails to allow reasonable time for compliance;

        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv) subjects a person to undue burden.

    (B) If a subpoena

        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Xcentric-0831

EXHIBIT "A"

As the term is used below, "records" shall be defined to include hardcopies and electronically recorded documents such as email, spreadsheets, word processed document files, database records, or the like in whatever form they are recorded:

1.   Any and all records which may identify the name, address and/or telephone number of the person(s) who used or were assigned IP address **216.255.210.187** on any of the following dates/times:

    a.   July 18, 2003

Xcentric-0832

*Cheryl*

Qwest Communications, Inc.

Security Operation Center
1005-17th Street, Room #120
Denver, Colorado 80202
303-896-2522(Subpoena Line)
303-896-4474(Facsimile Line)

| To: MARiA Crimi Speth | Fax: 602-248-0522 |
| From: SHIRLEY HUDLEY | Date: 9/26/06 |
| Phone: 303-244-1328 | Pages (Including cover page)-: |

☐ Subpoena Request    ☐ Cna List    ☐ Reply Requested    ☐ Approval Requested
☐ See Attachment    ☐ FYI    ☐ URGENT    ☐ For Your Review

## Subpoena Tracking Number _____183109_____

## Notes:

_____

_____

_____

_____

_____

_____

**Important Notice:** The document(s) accompanying this fax contain(s) information which may be confidential in nature. The information is intended for use of the individual(s) named above. If you are not the intended recipient, or if this transmittal came to you by mistake, please notify Qwest Communications-Security at 303-896-2522 to arrange for the return of the document(s).

If you have any questions in regards to your request, please contact us at 303-896-2522

**Security Operation Center**    •    •    •    •    •    •    •

Xcentric-0833

Scanned 5.H

183109

9/11

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

GEORGE S. MAY INTERNATIONAL COMPANY

V.

XCENTRIC VENTURES, LLC., RIP-OFF
REPORT. COM, ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number: 04 C 6018

TO:

Qwest Communications Corp.
1801 California Street, Denver, CO 80202

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| James K. Borcia, Esq., 233 S. Wacker Dr., 22nd Floor, Chicago, IL 60606 | September 20, 2006, 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| Attorneys for Defendants | August 28, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Maria Crimi Speth, Esq.,
JABURG & WILK, P.C., 3200 N. Central Avenue, Suite 2000, Phoenix, AZ, (602) 248-1000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

Xcentric-0834

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Xcentric-0835

EXHIBIT "A"

As the term is used below, "records" shall be defined to include hardcopies and electronically recorded documents such as email, spreadsheets, word processed document files, database records, or the like in whatever form they are recorded:

1.  Any and all records which may identify the name, address and/or telephone number of the person(s) who used or were assigned IP addresses **67.2.126.121, 67.3.217.175, 67.2.127.37, 67.41.178.22, and 207.224.199.38** on any of the following dates/times:

    a.  August 14, 2004
    b.  July 20, 2003
    c.  June 25, 2004
    d.  July 27, 2004
    e.  July 8, 2004

Xcentric-0836

QWEST

| | | |
|---|---|---|
| 67.2.126.121 | 08/14/2004 | MST |
| 67.3.217.175 | 07/20/2003 | MST |
| 67.2.127.37 | 06/25/2004 | MST |
| 67.41.178.22 | 07/27/2004 | MST |
| 207.224.199.38 | 07/08/2004 | MST |

NO RECORDS FOUND. RECORDS HAVE AGED OFF SERVER. RECORDS
FOR IP GO BACK APPROXIMATELY 1 YEAR.

Xcentric-0837



Jaburg
& Wilk
ATTORNEYS

Shirley

QWest    303-244-1328

3200 N. Central Ave.,
Suite 2000
Phoenix, AZ 85012

Tel 602/248-1000
Fax 602/248-0522

www.jaburgwilk.com

Gary J. Jaburg
Lawrence E. Wilk
Roger L. Cohen
Randy Nussbaum
Mitchell Reichman
Beth S. Cohn
Kraig J. Marton
Scott J. Richardson
Kathi M. Sandweiss
Mervyn T. Braude
Lauren L. Garner
Maria Crimi Speth
Michelle C. Lombino
Neal H. Bookspan
Ronald M. Horwitz
Gregory P. Gillis
Peter M. Gennrich
James E. Murphy
Janessa E. Koenig
Mark D. Bogaid
Kelly Brown
Jonathan Ibsen
Kevin J. Rattay
David S. Gingras
Adam S. Kunz
David N. Farren
Daniel L. Hulsizer
Jill Hulsizer
Thomas A. Connelly

*Of Counsel*
Arly Richau

VIA FACS

Qwest

     ATTN:   Shirley

     Re:     George S. May International Company v. XCentric
              Ventures, LLC., et al.

Dear Shirley:

     This letter will confirm your conversation with my assistant, Debbie, today. I have granted QWest an extension until September 27, 2006, to comply with the Subpoena served on Quest. This letter will also confirm that the time zone for the IP addresses you are researching is Mountain Standard Time.

                 Sincerely,

                 **JABURG & WILK, P.C.**

                 Maria Crimi Speth, Esq.

MCS:dag

www.jaburgwilk.com
*Offices also in Scottsdale*
14500 N. Northsight Blvd., Suite 116 • Scottsdale, AZ 85260 • Tel 480/609-0011 • Fax 480/609-0016

10297-1/MCS/DAG/547831_v1

Xcentric-0838



# Jaburg & Wilk, P.C.

## ATTORNEYS AT LAW

☒ 3200 N. CENTRAL AVENUE, SUITE 2000 • PHOENIX, AZ 85012 • BUSINESS (602) 248-1000 • FACSIMILE (602) 248-0522
☐ 14500 N. NORTHSIGHT BLVD, SUITE 116 • SCOTTSDALE, AZ 85260 • BUSINESS (480) 609-0011 • FACSIMILE (480) 609-0016

## FACSIMILE TRANSMITTAL SHEET

| TO: **Shirley** | COMPANY: **Qwest** | FAX: **303-896-4474** |
|---|---|---|
| FROM: **Maria Crimi Speth, Esq.** | DATE: **September 21, 2006** | TOTAL PAGES (INCLUDING COVER): **2** |
| FILE/MATTER NUMBER: **10297-001** | SENDER'S DIRECT LINE: **602/248-1089** | SENDER'S E-MAIL: MCS@jaburgwilk.com |

COMMENTS:

Original letter will not be mailed.

**THE INFORMATION CONTAINED IN THIS TRANSMISSION IS CONFIDENTIAL, MAY BE ATTORNEY PRIVILEGED, AND IS INTENDED FOR THE USE OF THE ADDRESSEE ONLY. ANY UNAUTHORIZED DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CALL US IMMEDIATELY.**
10297-1/MCS/DAG/545044_v1

Xcentric-0839

Confirmation Report~Memory Send

                                    Time      : Sep-21-2006  12:36pm
                                    Tel line 1 :
                                    Tel line 2 :
                                    Name       :


Job number           :    045

Date                 :    Sep-21 12:35pm

To                   :    1368#10297#001#13038964474

Document Pages       :    002

Start time           :    Sep-21 12:35pm

End time             :    Sep-21 12:36pm

Pages sent           :    002

Status               :    OK

Job number    : 045        *** SEND SUCCESSFUL ***



## Jaburg & Wilk, P.C.
### ATTORNEYS AT LAW

☑ 3200 N Central Avenue, Suite 2000 – Phoenix AZ 85012 – Business (602) 248-1000 – Facsimile (602) 248-0522
☐ 14500 N Northsight Blvd, Suite116 – Scottsdale, AZ 85260 – Business (480) 609-0011 – Facsimile (480) 609-0016

## FACSIMILE TRANSMITTAL SHEET

| TO:<br>Shirley | COMPANY:<br>Qwest | FAX:<br>303-896-4474 |
|---|---|---|
| FROM:<br>Maria Crimi Speth, Esq | DATE:<br>September 21, 2006 | TOTAL PAGES (INCLUDING COVER):<br>2 |
| FILE/MATTER NUMBER:<br>10297-001 | SENDER'S DIRECT LINE:<br>602/248-1089 | SENDER'S E-MAIL:<br>MCS@jaburgwilk.com |

COMMENTS:

Original letter will not be mailed.

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS CONFIDENTIAL, MAY BE
ATTORNEY PRIVILEGED, AND IS INTENDED FOR THE USE OF THE ADDRESSEE
ONLY. ANY UNAUTHORIZED DISSEMINATION, DISTRIBUTION OR COPYING OF THIS
COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS
TRANSMISSION IN ERROR, PLEASE CALL US IMMEDIATELY.
10297-1/MCS/DAG/88094_v1

Xcentric-0840

# CIVIL SUBPOENA

**Qwest Communications - Security Operations Center**

Subpoena Voice Line:   303-896-2522          Subpoena Fax Line:   303-896-4474

TO: _Maria Crimi Speth_ FAX NUMBER: _602-248-0522_  DATE: _9/18/06_

FROM: _Shirley Hudley_          Qwest Subpoena Tracking # _185109_
Senior Security Specialist/Intake Desk     (Please use this number in all correspondence regarding this subpoena).
_303-244-1328_

## YOUR SUBPOENA/SUMMONS CANNOT BE PROCESSED FOR THE FOLLOWING REASON (S):

☐ Civil subpoenas must be served on our registered agent C T Corporation. Please refer to your telephone directory for the location nearest you or go to www.ctadvantage.com.

☐ Qwest has received a Motion to Quash on this subpoena. Qwest will wait for a ruling from the court.

☐ Please change the compliance date to allow at least 15 working days for Civil Subpoenas. Qwest notifies its customers when a subpoena has been received requesting their customer records and allows them 10 days to file a Motion to Quash.

☐ No Signature/Unauthorized Signature          ☐ No Cause or Case Number.

☐ Legal process is illegible. Please submit a legible document.

☐ The information you are requesting is for a common name and there is more than one listing for that name. Please provide additional identifying information. Qwest does not require customers to provide their Social Security Number. We cannot search for a customer by Social Security Number or date of birth.

☐ This request is too vague. Please see the attached examples for Qwest records and how to word the subpoena or an addendum that clearly specifies the records you are requesting.

☐ Date and time appear to be past due.     ☐ No date, time or place to appear.

☐ Qwest requires Legal Process, before any records can be released.

☐ Qwest has not identified any current records associated with this telephone number. Our records indicate that this number is currently being serviced by _____

☐ Qwest can only provide records up to _____ the date Qwest was served with your request.

☐ A historical search by address/name is limited to current subscriber. Historical searches are available by telephone number only.

☐ Legal process is illegible. Please submit a legible document.

☐ A request for subscriber information requires a subpoena in order to process.

☐ A request to access and record voicemail messages requires a court order or search warrant in order to process.

☐ The records you are requesting are not kept in the normal course of business, therefore your request requires Qwest to order an AMA Dump. You will be billed at the rate of $150.00 for the first number for a 24-hour time period. Each additional telephone number (up to 2) for the same 24-hour time period is an additional $50.00.

☐ QWEST DOES NOT MAINTAIN LOCAL CALL RECORDS. THERE IS NO GUARANTEE LOCAL CALLS WILL SHOW UP ON AN AMA DUMP. CHARGES FOR AMA WILL STILL APPLY.

**IF YOU ARE LOOKING FOR A 911 CALL OR A CALL THAT ORIGINATED FROM AN INMATE PHONE AT A DEPARTMENT OF CORRECTIONS FACILITY, YOU MUST SPECIFY THIS ON YOUR SUBPOENA. THIS TYPE OF REQUEST IS PULLED FROM A DIFFERENT DATABASE.**

Comments: _On the IP Addresses Before Records can be ordered I need the time zone for each IP. Without this I cannot process_

Xcentric-0841

183109
9/11

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

GEORGE S. MAY INTERNATIONAL COMPANY

V.

XCENTRIC VENTURES, LLC., RIP-OFF
REPORT. COM, ET AL.

**SUBPOENA IN A CIVIL CASE.**

Case Number: 04 C 6018

TO:

Qwest Communications Corp.
1801 California Street, Denver, CO 80202

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| James K. Borcia, Esq., 233 S. Wacker Dr., 22nd Floor, Chicago, IL 60606 | September 20, 2006; 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR) | DATE |
|---|---|
| *[signature]* Attorneys for Defendants | August 28, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Maria Crimi Speth, Esq.,
JABURG & WILK, P.C., 3200 N. Central Avenue, Suite 2000, Phoenix, AZ, (602) 248-1000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

Xcentric-0842

Case 1:04-cv-06018    Document 225-14    Filed 12/22/2006    Page 23 of 83

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Xcentric-0843

EXHIBIT "A"

As the term is used below, "records" shall be defined to include hardcopies and electronically recorded documents such as email, spreadsheets, word processed document files, database records, or the like in whatever form they are recorded:

1.   Any and all records which may identify the name, address and/or telephone number of the person(s) who used or were assigned IP addresses 67.2.126.121, 67.3.217.175, 67.2.127.37, 67.44.178.22, and 207.224.199.38 on any of the following dates/times:

   a.   August 14, 2004
   b.   July 20, 2003
   c.   June 25, 2004
   d.   July 27, 2004
   e.   July 8, 2004

10247-1/DSG/CAC154/409 v1

** TOTAL PAGE.04 **

Xcentric-0844

 at&t

Rhonda K. Compton                    T: 210.246.8611
Project Manager Data Services         F: 210.246.8999
Legal Department
AT&T Internet Services
1010 N. St. Mary's St., Rm. 1403
San Antonio, TX 78215

# Fax

| | | | |
|---|---|---|---|
| **To:** Maria Crimi Speth, Esq. | **Fax:** 602.248.0522 | **From:** | Rhonda Compton |

| | | | |
|---|---|---|---|
| **To:** | **Fax:** | **Date:** | September 20, 2006 |
| **Re:** Civil Subpoena Objection & Response | | **Pages:** | 2 |

☐ **Urgent**     ☐ **For Review**     ☐ **Please Comment**     ☐ **Please Reply**     ☐ **Please Recycle**

**·Comments:**

The information contained in this facsimile message may be confidential and/or legally privileged information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any copying, dissemination or distribution of confidential or privileged information is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and we will arrange for the return of the facsimile. Thank you.

U S A
Proud sponsor of the U.S. Olympic Team

 at&t

Rhonda K. Compton                    T: 210.246.8911
Project Manager Data Services        F: 210.245.8899
Legal Department
AT&T Internet Services
1010 N. St. Mary's St., Rm. 1403
San Antonio, TX 78215

September 20, 2006                          *VIA FACSIMILE: 602.248.0522*

Maria Crimi Speth, Esq.
JABURG & WILK, P.C.
3200 N. Central Ave., Ste. 2000
Phoenix, AZ 85012

Re:    Civil Subpoena re: IP Addresses 68.72.175.167 & 67.37.182.188/*George S. May
       International Company vs. Xcentric Ventures, LLC., Rip-Off Report.com, et al.*/US District
       Court Northern District of Illinois/Case No. 04C6018

Dear Ms. Speth:

This letter shall serve as the objection and response of AT&T Internet Services (AT&T) (*formerly known
as SBC Internet Services*) to the above referenced subpoena.

AT&T objects to this subpoena in that it is not a party to this litigation and is entitled to reasonable
compensation for production of its business records.  AT&T charges $60 per search (per IP, email
address or customer record), and objects to the extent that you have not reasonably compensated AT&T
for your request.

AT&T objects to this subpoena to the extent that it requests information pertaining to two "dynamic" IP
addresses.  A "dynamic" IP address means that a subscriber is not assigned a fixed IP address, but is
assigned a different IP address each time he or she connects to the Internet.  In order to provide the
information requested by the subpoena, AT&T would require the exact date, time and time zone for each
IP address.  However, subject to and without waiving any previous objections, in this circumstance, the
time frame requested (January 13, 2004 and August 18, 2004) exceeds our retention period; thus, we
would have no responsive documents anyway.

AT&T objects to the above-referenced subpoena on the grounds stated herein and reserves all other
objections, claims and defenses in any action to enforce this subpoena, including a claim for reasonable
attorneys' fees.

Please call me if you have any questions.

Best regards,

Rhonda Compton
Project Manager Data Services
AT&T Internet Services - Legal Department

U S A
Proud Sponsor of the U.S. Olympic Team

Jerry Gonzalez
    A++

9/ /06

records - needed - IP-
        12.83.76.5
    problem - dynamic IP address -
    could be assigned to 100
        customers on what date
    with time zone.

919 - 319 - 8182 -
        East coast.

Xcentric-0847

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| GEORGE S. MAY INTERNATIONAL COMPANY | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| XCENTRIC VENTURES, LLC., RIP-OFF REPORT. COM, ET AL. | Case Number:[1]  04 C 6018 |

TO:
AT&T Worldnet Services
412 Mount Kemble Ave., Morristown, NJ 07962

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| James K. Borcia, Esq., 233 S. Wacker Dr., 22nd Floor, Chicago, IL 60606 | September 8, 2006, 10:00 a.m |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| _Maria C. Speth_  Attorneys for Defendants | August 16, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Maria Crimi Speth, Esq.,
JABURG & WILK, P.C., 3200 N. Central Avenue, Suite 2000, Phoenix, AZ, (602) 248-1000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

Xcentric-0848

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME)                MANNER OF SERVICE

SERVED BY (PRINT NAME)                TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Xcentric-0849

## EXHIBIT "A"

As the term is used below, "records" shall be defined to include hardcopies and electronically recorded documents such as email, spreadsheets, word processed document files, database records, or the like in whatever form they are recorded:

1.    Any and all records which may identify the name, address and/or telephone number of the person(s) who used or were assigned IP address **12.83.76.5** on any of the following dates/times:

      a.    October 18, 2003

Xcentric-0850

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04 C 6018 |
| | ) |
| XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM, BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES, | ) Honorable Judge Norgle |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF SUBPOENA DUCES TECUM

TO:   Bart A. Lazar, Esq.
      Ronald L. Lipinski, Esq.
      Rachel M. Kindstrand, Esq.
      Seyfarth Shaw L.L.P.
      55 East Monroe, Suite 4200
      Chicago, IL  60603

PLEASE TAKE NOTICE that on September 8, 2006 by 10:00 a.m., AT&T Worldnet Services, 412 Mount Kemble Avenue, Morristown, NJ 07962 is required to produce for inspection and copying at the offices of James K. Borcia, Esq., Tressler, Soderstrom, Maloney & Priess, 233 South Wacker Drive, 22nd Floor, Chicago, IL  60606, all documents specified in the enclosed Subpoena.

Dated: _8-16-06_

                    XCENTRIC VENTURES, LLC
                    EDWARD MAGEDSON

                    By:_____
                          One of His Attorneys

10297-1/DSG/CAC:542897_v1

Xcentric-0851

James K. Borcia, Esq.
David O. Yuen, Esq.
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

19297-1/DJSG/CAC/542897_v1

Xcentric-0852

## CERTIFICATE OF SERVICE

I hereby certify that on August __17__, 2006, I caused the foregoing Notice of Subpoena Duces Tecum to AT&T Worldnet Services to be served upon the following opposing counsel via U.S. first class mail, in a sealed envelope with proper postage pre-paid:

Bart A. Lazar, Esq.
Ronald L. Lipinski, Esq.
Rachel M. Kindstrand, Esq.
SEYFARTH SHAW LLP
55 East Monroe
Suite 4200
Chicago, Illinois 60603

3

Xcentric-0853



**Jaburg**
**& Wilk**, P.C.
ATTORNEYS AT LAW

3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

Maria Crimi Speth, Esq.

mcs@jaburgwilk.com
Direct Line 602/248-1089
Main Fax 602/248-0522

August 16, 2006

Custodian of Records
AT&T Worldnet Services
412 Mount Kemble Avenue
Morristown, NJ 07962

  *Re: George S. May International Company v. XCentric Ventures, LLC., et al.*

Dear Sir or Madam:

  Enclosed please find a Subpoena to commanding you to produce and permit in inspection of documents or objects relating to George S. May International Company. These documents are being requested in a matter currently pending in the United States District Court for the Northern District of Illinois.

  We request that you produce these documents to James K. Borcia, Esq., Tressler, Soderstrom, Maloney & Priess, 233 South Wacker Drive, 22nd Floor, Chicago, IL 60606 on September 8, 2006 at 10:00 a.m. In the alternative, the requested documents may be sent by mail to Maria Crimi Speth, Esq., Jaburg & Wilk, P.C., 3200 N. Central Avenue, Suite 2000, Phoenix, AZ 85012, or faxed to (602) 248-0522 prior to August 28, 2006. Please contact us at your earliest convenience to arrange for prompt production of the requested documents.

  If you have any questions, please feel free to contact David S. Gingras or me at (602) 248-1000 or via email at MCS@JABURGWILK.COM or DSG@JABURGWILK.COM. I look forward to hearing from you.

        Very truly yours,

        JABURG & WILK, P.C.

        Maria Crimi Speth

cc: Bart K. Lazar, Esq. (w/enclosures)
   James L. Borcia, Esq. (w/enclosures)
   Xcentric Ventures

www.jaburgwilk.com
*Offices also in Scottsdale*
14500 N. Northsight Blvd., Suite 116 • Scottsdale, AZ 85260 • Tel 480/609-0011 • Fax 480/609-0016

10297-1/DSG/CAC/542890_v1

Xcentric-0854



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

David S. Gingras
Jaburg & Wilk, P.C.
3200 N. Central Ave., #2000
Phoenix, AZ 85012

10287-1

Xcentric-0856

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AT+T Worldnet Services
412 Mount Kemble Ave.
Morristown, NJ 07962

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X [_____]    ☐ Agent    ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

[Mars]

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered    ☑ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7005 2570 0001 4464 4610

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1.

Xcentric-0857



Custodian of Records
PPPoX Pool
2701 W. 15th St., PMB 236
Plano, TX 75075

Return to
UNKNOWN
(need Box Number)

1200 N. Central Ave., Suite 2
Phoenix, AZ 85012



**Jaburg**
**& Wilk**, P.C.
ATTORNEYS AT LAW

3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

Maria Crimi Speth, Esq.

mcs@jaburgwilk.com
Direct Line 602/248-1089
Main Fax 602/248-0522

August 28, 2006

Custodian of Records
PPPoX Pool
2701 W. 15th St., PMB 236
Plano, TX 75075

    *Re:*    *George S. May International Company v. XCentric Ventures, LLC., et al.*

Dear Sir or Madam:

Enclosed please find a Subpoena to commanding you to produce and permit in inspection of documents or objects relating to George S. May International Company. These documents are being requested in a matter currently pending in the United States District Court for the Northern District of Illinois.

We request that you produce these documents to James K. Borcia, Esq., Tressler, Soderstrom, Maloney & Priess, 233 South Wacker Drive, 22nd Floor, Chicago, IL 60606 on September 20, 2006 at 10:00 a.m. In the alternative, the requested documents may be sent by mail to Maria Crimi Speth, Esq., Jaburg & Wilk, P.C., 3200 N. Central Avenue, Suite 2000, Phoenix, AZ 85012, or faxed to (602) 248-0522 prior to August 28, 2006. Please contact us at your earliest convenience to arrange for prompt production of the requested documents.

If you have any questions, please feel free to contact David S. Gingras or me at (602) 248-1000 or via email at MCS@JABURGWILK.COM or DSG@JABURGWILK.COM. I look forward to hearing from you.

Very truly yours,

**JABURG & WILK, P.C.**

Maria Crimi Speth

cc:    Bart K. Lazar, Esq. (w/enclosures)
       James L. Borcia, Esq. (w/enclosures)
       Xcentric Ventures

www.jaburgwilk.com
*Offices also in Scottsdale*
14500 N. Northsight Blvd., Suite 116 • Scottsdale, AZ 85260 • Tel 480/609-0011 • Fax 480/609-0016

10297-1/DSG/CAC/544376_v1

Xcentric-0859

AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

GEORGE S. MAY INTERNATIONAL COMPANY

V.

XCENTRIC VENTURES, LLC., RIP-OFF
REPORT. COM, ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  04 C 6018

TO:

PPPoX Pool
2701 W. 15th St., PMB 236, Plano, TX 75075

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| James K. Borcia, Esq., 233 S. Wacker Dr., 22nd Floor, Chicago, IL 60606 | September 20, 2006, 10:00 am |

G   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| *Maria* [signature]   Attorneys for Defendants | August 28, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Maria Crimi Speth, Esq.,
JABURG & WILK, P.C., 3200 N. Central Avenue, Suite 2000, Phoenix, AZ, (602) 248-1000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

Xcentric-0860

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of

clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Xcentric-0861

EXHIBIT "A"

As the term is used below, "records" shall be defined to include hardcopies and electronically recorded documents such as email, spreadsheets, word processed document files, database records, or the like in whatever form they are recorded:

1.    Any and all records which may identify the name, address and/or telephone number of the person(s) who used or were assigned IP address **66.72.198.108** on any of the following dates/times:

     a.    July 8, 2004

10297-1/DSG/CAC/544460_v1

Xcentric-0862

PHOENIX AZ
28 AUG 06 PM

Hasler
06/28/2006
Mailed From 85012
US POSTAGE
**$00.390**
06H285017BB

Custodian of Records
PPPoX Pool

# Return To Sender

# Mailbox (

NIXIE    7040 1    27 09/16/06

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
RETURN TO SENDER



**JW**
Jaburg & Wilk, P.C.
ATTORNEYS AT LAW
3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

Received

SEP 2 2 2006

Jaburg & Wilk, P.C.

10257-1.dsg

Xcentric-0863



**JW**

Jaburg & Wilk, P.C.
ATTORNEYS AT LAW
1200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

Re-Sent
Sept 5-2006

1250 Berlin Rd
Cherry Hill, NJ
08034

Custodian of Records
Comcast Cable Communications
3 Executive Campus, 5th Floor
Cherry Hill, NJ 08002

PHOENIX AZ
28 AUG 06 PM

Hasler
0f6H2650788.
$00.390
06/28/2006
Mailed From 85012
US POSTAGE

NIXIE    080    1    DO 09/01/06

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 85012246300    *1914-06060-28-37

10297-1 dsg

Xcentric-0864



# comcast.

NATIONAL ENGINEERING TECHNICAL OPERATIONS

650 CENTERTON ROAD

MOORESTOWN, NJ 08057

856-317-7214 OFFICE

856-317-7319 FAX

## FACSIMILE TRANSMITTAL SHEET

| TO:<br>Maria Crimi Speth, Esquire | FROM:<br>Sharma Austin/Policy Abuse Legal Analyst |
|---|---|
| COMPANY:<br>Jaburg & Wilk, P.C. | DATE:<br>September 14, 2006 |
| FAX NUMBER:<br>**FAX: (602) 248-0522** | TOTAL NO. OF PAGES INCLUDING COVER:<br>4 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER:<br>**1921855 - 1921858** |
| RE:<br>Subpoena dated August 28, 2006 | YOUR REFERENCE NUMBER:<br>04 C 6018 |

### CONFIDENTIALITY NOTE

The information contained in this facsimile message is legally privileged and confidential information intended for the use of the individual entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the above via the United States Postal Service.

NOTES/COMMENTS:

Dear Ms. Speth:

Attached, please find a response regarding the Subpoena received by our office on September 12, 2006. If you have any questions or concerns, please do not hesitate to contact me.

Thanks,

-Sharma Austin
Policy Abuse Legal Analyst

# (Comcast.

**CONFIDENTIAL**

Comcast NE&TO
1800 Bishops Gate Blvd
Mt Laurel, NJ 08054
856.324-2125 Tel
856.317-7319 Fax

September 14, 2006

**VIA FACSIMILE**

Maria Crimi Speth, Esquire
Jaburg & Wilk, P.C.
3200 N. Central Avenue, Suite 2000
Phoenix, AZ 85012
**FAX: (602) 248-0522**

Re:    GEORGE S. MAY INTERNATIONAL CO. v. XCENTRIC VENTURES, LLC, et al
       United States District Court, Northern District of Illinois
       Case #: 04 C 6018
       Comcast Case #: 1921855 - 1921858

Dear Ms. Speth:

The Subpoena dated **August 28, 2006** with respect to the above-referenced matter has been forwarded to me for a reply. The Subpoena requests Comcast to produce subscriber records pertaining to the following Internet Protocol (IP) Addresses: **67.164.248.86, 24.2.157.63, 24.10.149.65 and 67.160.169.22 on the various dates listed in Exhibit "A" of the Subpoena.**

The information requested under the Subpoena is governed by Section 631 of the Cable Communications Policy Act of 1984, 47 U.S.C. § 551. Under that statute, a cable operator is prohibited from disclosing personally-identifiable information pertaining to a subscriber without the subscriber's express consent, except in limited circumstances as set forth in the statute. Under Section 551, a cable operator may not disclose such material pursuant to a subpoena except to a government entity in accordance with the provisions of subsection (c)(2)(D), which does not appear to apply to the current matter. In order for Comcast to disclose personally identifiable information to a private individual or entity, such as the one identified in your request, subsection (c)(2)(B) requires "a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." Accordingly, Comcast will not be able to release the requested information in the absence of a court order that complies with Section 551. For your information, I have enclosed a copy of Section 551.

In connection with processing the Subpoena, I have checked Comcast's records and determined that Comcast does not have any responsive information to the Subpoena. Therefore, Comcast would be unable to provide responsive information to a court order seeking any of the information requested in the Subpoena.

If I can be of further assistance, or if you have any questions regarding this matter, please feel free to call me at (856) 317-7214.

Very Truly Yours,

Sharina Austin, Legal Analyst
Legal Response Center

Enclosure

Xcentric-0866

47 USC § 551 (2002)

§ 551. Protection of subscriber privacy

(a) Notice to subscriber regarding personally identifiable information; definitions.

(1) At the time of entering into an agreement to provide any cable service or other service to a subscriber and at least once a year thereafter, a cable operator shall provide notice in the form of a separate, written statement to such subscriber which clearly and conspicuously informs the subscriber of--
   (A) the nature of personally identifiable information collected or to be collected with respect to the subscriber and the nature of the use of such information;
   (B) the nature, frequency, and purpose of any disclosure which may be made of such information, including an identification of the types of persons to whom the disclosure may be made;
   (C) the period during which such information will be maintained by the cable operator;
   (D) the times and place at which the subscriber may have access to such information in accordance with subsection (d); and
   (E) the limitations provided by this section with respect to the collection and disclosure of information by a cable operator and the right of the subscriber under subsections (f) and (h) to enforce such limitations.
In the case of subscribers who have entered into such an agreement before the effective date of this section, such notice shall be provided within 180 days of such date and at least once a year thereafter.

(2) For purposes of this section, other than subsection (h)--
   (A) the term "personally identifiable information" does not include any record of aggregate data which does not identify particular persons;
   (B) the term "other service" includes any wire or radio communications service provided using any of the facilities of a cable operator that are used in the provision of cable service; and
   (C) the term "cable operator" includes, in addition to persons within the definition of cable operator in section 602 [47 USC § 522], any person who (i) is owned or controlled by, or under common ownership or control with, a cable operator, and (ii) provides any wire or radio communications service.

(b) Collection of personally identifiable information using cable system.

(1) Except as provided in paragraph (2), a cable operator shall not use the cable system to collect personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned.

(2) A cable operator may use the cable system to collect such information in order to--
   (A) obtain information necessary to render a cable service or other service provided by the cable operator to the subscriber; or
   (B) detect unauthorized reception of cable communications.

(c) Disclosure of personally identifiable information.

(1) Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator.

(2) A cable operator may disclose such information if the disclosure is--
   (A) necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber;

Xcentric-0867

(B) subject to subsection (h), made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed;

(C) a disclosure of the names and addresses of subscribers to any cable service or other service, if--

(i) the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure, and

(ii) the disclosure does not reveal, directly or indirectly, the--

(I) extent of any viewing or other use by the subscriber of a cable service or other service provided by the cable operator, or

(II) the nature of any transaction made by the subscriber over the cable system of the cable operator; or

(D) to a government entity as authorized under chapters 119, 121, or 206 of title 18, United States Code [18 USC § § 2510 et seq., 2701 et seq., or 3121 et seq.], except that such disclosure shall not include records revealing cable subscriber selection of video programming from a cable operator.

**(d) Subscriber access to information.** A cable subscriber shall be provided access to all personally identifiable information regarding that subscriber which is collected and maintained by a cable operator. Such information shall be made available to the subscriber at reasonable times and at a convenient place designated by such cable operator. A cable subscriber shall be provided reasonable opportunity to correct any error in such information.

**(e) Destruction of information.** A cable operator shall destroy personally identifiable information if the information is no longer necessary for the purpose for which it was collected and there are no pending requests or orders for access to such information under subsection (d) or pursuant to a court order.

**(f) Civil action in United States district court; damages; attorney's fees and costs; nonexclusive nature of remedy.**

(1) Any person aggrieved by any act of a cable operator in violation of this section may bring a civil action in a United States district court.

(2) The court may award--

(A) actual damages but not less than liquidated damages computed at the rate of $ 100 a day for each day of violation or $ 1,000, whichever is higher;

(B) punitive damages; and

(C) reasonable attorneys' fees and other litigation costs reasonably incurred.

(3) The remedy provided by this section shall be in addition to any other lawful remedy available to a cable subscriber.

**(g) Regulation by States or franchising authorities.** Nothing in this title [47 USC § § 521 et seq.] shall be construed to prohibit any State or any franchising authority from enacting or enforcing laws consistent with this section for the protection of subscriber privacy.

**(h) Disclosure of information to governmental entity pursuant to court order.** Except as provided in subsection (c)(2)(D), a governmental entity may obtain personally identifiable information concerning a cable subscriber pursuant to a court order only if, in the court proceeding relevant to such court order--

(1) such entity offers clear and convincing evidence that the subject of the information is reasonably suspected of engaging in criminal activity and that the information sought would be material evidence in the case; and

(2) the subject of the information is afforded the opportunity to appear and contest such entity's claim.

Xcentric-0868

*-To: Cheryl*

Jaburg & Wilk,P.C./Phoenix,AZ/171.75.22.248/9-20-06/clarify#1695652/TP
6022480522
ATTN: MARIA CRIMI SPETH, ESQ

The following information was determined for the requested IP:

171.75.22.248

** NO INFORMATION FOUND FOR THE GIVEN DATE AND TIME.  DATA HAS BEEN PURGED **

---------------------------------------------
Clarify# 1695652

Thank you,

Terry Powell
Level (3) Communications
Network Security Operations
800-348-5457

9/5/2006 8:04:01 AM Transmission Record
        Received from remote ID: 7208883303
        Inbound user ID SUBPOENAS, routing code 5670091
        Result: (0/352;0/0) Successful Send
        Page record: 1 - 4
        Elapsed time: 00:50 on channel 5


Fax Images: [double-click on image to view page(s)]

--
No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.1.405 / Virus Database: 268.12.2/442 - Release Date: 9/8/2006


--
No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.1.405 / Virus Database: 268.12.4/449 - Release Date: 9/15/2006

Xcentric-0869

09/05/06  03:18 FAX 7208883303          LEVEL 3 COMMUNICATIONS                    ☒001



**Jaburg**
**& Wilk, P.C.**
ATTORNEYS AT LAW

3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

Maria Crimi Speth, Esq.

mcs@jaburgwilk.com
Direct Line 602/248-1089
Main Fax 602/248-0522

August 28, 2006

Custodian of Records
Level 3 Communications, Inc.
1025 Eldorado Blvd.
Broomfield, CO 80021

Re:    *George S. May International Company v. XCentric Ventures, LLC., et al.*

Dear Sir or Madam:

Enclosed please find a Subpoena to commanding you to produce and permit in inspection of documents or objects relating to George S. May International Company. These documents are being requested in a matter currently pending in the United States District Court for the Northern District of Illinois.

We request that you produce these documents to James K. Borcia, Esq., Tressler, Soderstrom, Maloney & Priess, 233 South Wacker Drive, 22nd Floor, Chicago, IL 60606 on September 20, 2006 at 10:00 a.m. In the alternative, the requested documents may be sent by mail to Maria Crimi Speth, Esq., Jaburg & Wilk, P.C., 3200 N. Central Avenue, Suite 2000, Phoenix, AZ 85012, or faxed to (602) 248-0522 prior to August 28, 2006. Please contact us at your earliest convenience to arrange for prompt production of the requested documents.

If you have any questions, please feel free to contact David S. Gingras or me at (602) 248-1000 or via email at MCS@JABURGWILK.COM or DSG@JABURGWILK.COM. I look forward to hearing from you.

Very truly yours,

**JABURG & WILK, P.C.**

Maria Crimi Speth

cc:    Bart K. Lazar, Esq. (w/enclosures)
       James L. Borcia, Esq. (w/enclosures)
       Xcentric Ventures

www.jaburgwilk.com
*Offices also in Scottsdale*
14500 N. Northsight Blvd., Suite 116 • Scottsdale, AZ 85260 • Tel 480/609-0011 • Fax 480/609-0016

10297-1/DSG/CAC/544381_v1

Xcentric-0870

09/05/06  08:18 FAX 7208883303          LEVEL 3 COMMUNICATIONS          @002

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

GEORGE S. MAY INTERNATIONAL COMPANY

V.

XCENTRIC VENTURES, LLC., RIP-OFF
REPORT. COM, ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number: 04 C 6018

TO:

Level 3 Communications, Inc.
1025 Eldorado Blvd., Broomfield, CO 80021

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
| --- | --- |
| James K. Borcia, Esq., 233 S. Wacker Dr., 22nd Floor, Chicago, IL 60606 | September 20, 2006, 10:00 am |

G YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
| --- | --- |
| _signature_   Attorneys for Defendants | August 28, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Maria Crimi Speth, Esq.,
JABURG & WILK, P.C., 3200 N. Central Avenue, Suite 2000, Phoenix, AZ, (602) 248-1000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

Xcentric-0871

08/05/06　08:18 FAX 7208883303　　　LEVEL 3 COMMUNICATIONS　　　☑003

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production or inspection any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of

clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Xcentric-0872

# EXHIBIT "A"

As the term is used below, "records" shall be defined to include hardcopies and electronically recorded documents such as email, spreadsheets, word processed document files, database records, or the like in whatever form they are recorded:

1. Any and all records which may identify the name, address and/or telephone number of the person(s) who used or were assigned IP address **171.75.22.248** on any of the following dates/times:

   a.  June 13, 2003

10297-1/DSG/CAC/544464_v1

Xcentric-0873

## Cheryl A. Contois

| | |
|---|---|
| **From:** | Maria Crimi Speth |
| **Sent:** | Friday, September 01, 2006 5:02 PM |
| **To:** | Cheryl A. Contois; David S. Gingras |
| **Subject:** | Project Aardvark |
| **Attachments:** | Subpoena Form Response Internet No Info.doc; Original fax.pdf |

Maria Crimi Speth, Esq.
Jaburg & Wilk, P.C.
3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

602-248-1089
602-248-0522 (fax)

www.jaburgwilk.com

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602) 248-1000, or via e-mail, and delete this message and all attachments thereto.

**From:** Saquonna.Riley@cox.com [mailto:Saquonna.Riley@cox.com]
**Sent:** Friday, September 01, 2006 8:09 AM
**To:** Maria Crimi Speth
**Subject:** Case No. 04 C 6018

<<Subpoena Form Response Internet No Info.doc>> <<Original fax.pdf>>

Ms. Speth,

No responsive information could be found for the IP address requested for October 2003. I have attached a formal response for your records. If you have any questions, feel free to contact me.

Respectfully,

Saquonna Riley
Subpoena Researcher
saquonna.riley@cox.com
504-304-1079

9/5/2006

Xcentric-0874



Subpoena Compliance Office
Cox Communications, Inc.
1400 Lake Hearn Drive
Atlanta, GA 30319
(404) 269-0100
FAX: (404) 269-1898
SubpoenaResponse@cox.com

TO:    Maria Crimi Speth, Esq.

VIA Email: MCS@JABURGWILK.COM

From: Subpoena Response Office

       Cox Communications

       Saquonna Riley

Date: Tuesday, September 05, 2006

Re:    George S. May International Company v. XCentric Ventures, LLC., et al.

Number of pages (including cover):          _____

In response to the referenced and attached, Cox Communications responds that it has no records related to the IP address requested on the date and time listed. Cox Communications Inc. retains IP assignment logs for **up to 6 months.**

<u>For future reference, please note the newly revised service of process information on the schedule.</u>

Xcentric-0875



**COX COMMUNICATIONS**

NOTICE TO PARTIES SERVING SUBPOENAS ON COX COMMUNICATIONS
See also: http://www.cox.com/Policy/lawinformation/default.asp

**Service of Process by Law Enforcement** - Unless your agency has been notified otherwise, Cox Communications and its subsidiaries accept service of subpoenas, warrants and court orders by the following means, subject to payment of applicable costs below. Service by email with attachments in PDF format is preferred.

SubpoenaResponse@cox.com
Fax: (404) 269-1898

We no longer accept service at any other fax number and do not accept service at any of our local offices. Official service may be made on the agent for service of process for Cox Communications available from the secretary of state wherever we do business or on Corporation Service Company, 40, Technology Parkway South, Suite 400, Norcross, GA 30092. The physical address is Records Custodian, Cox Communications, 1400 Lake Hearn Drive, Atlanta, GA 30319.

**Status Requests and Questions**
Questions and status requests will <u>only</u> be accepted by one of the following methods:
- Phone    (404) 269-0100 (Voice messages will be returned within 1 business day)
- Fax:      (404) 269-1898
- Email:    SubpoenaResponse@cox.com

**Cost Reimbursement** (18 U.S.C.§ 2706) - To defer the cost to Cox of compliance, payment of the following minimum fees is required for all subpoena, court order and warrant requests, <u>except for</u>: (1) child pornography or abduction investigations; and (2) Cox subscriber telephone toll record and listing requests that are not voluminous in nature:

| | | |
|---|---|---|
| ☐ $40.00 | Per account for basic information | |
| ☐ $25.00 | Erroneous phone subscriber requests (non-Cox numbers) * | |
| ☐ $80.00 | Per account for preservation of records | |
| ☐ $80.00 | Per account for expedited handling | |
| ☐ $0.25/Page | Photocopies and facsimiles exceeding 10 pages | |
| ☐ $25.00 | Minimum for overnight delivery service | |
| ☐ $75.00/Hr./Staff | Requests requiring greater than 0.5 hours ($40.00 minimum) | |
| ☐ $80.00 plus $150.00/Hr./Staff | For preservation or expedited handling, if available | |
| Total Due: _____ | | |

Make checks payable to Cox Communications (Tax ID# 58-2112281) and mail to Denise Johnson-Davis, Cox Communications, 1400 Lake Hearn Drive, Atlanta, GA 30312-1464. Acceptance of service by facsimile or email is strictly conditioned upon payment of charges. Cox reserves the right to require payment in advance and to withhold delivery of information until payment is received and to file motions for payment. Entities that fail to pay charges must serve process by the registered agent within the appropriate state, which is currently Corporation Service Company. All such requests will be handled in the order received, subject to other pending expedited requests. Requesting parties will be notified if hourly charges apply and can receive a non-binding estimate of time required for completion. Separate charges apply for orders requiring interception of communications.

**Time for Response** - Due to the volume of subpoena requests received by Cox, responsive information is generally provided within 10 business days. Call record detail requests should be limited to the narrowest period of time possible or a significantly longer time may be required to respond. Expedited response for information other than call records, if available resources permit, will generally be provided within 3 business days.

**Status Requests and Questions** - To prevent delays in response to your request and those of others, please do not ask for the status of a request for 10 business days for subscriber information, 3 days for expedited requests and 60 days for call records. You may then fax a copy of your original subpoena with a cover page asking for the status. All questions must be submitted in writing along with a copy of the subpoena and response. Telephone inquiries cannot be accepted.

**Records Retention** - The following retention policies generally apply to frequently sought records:
- IP Assignment Logs          Up to 6 months
- Subscriber Information       3 years
- Call Records                18 months (up to 36 in certain states)
- Preservation Requests       90 days

**Surveillance Orders** –
- Pen Register/Trap and Trace    $1500 for each 60 days
- Wiretap                        $1500 for 30 days

**Contact Information** – (No status requests or questions concerning subpoenas accepted)
Denise Johnson-Davis          denise.johnson-davis@cox.com    Phone: (404) 843-5834
Randy Cadenhead, Esq.         randy.cadenhead@cox.com         Phone: (404) 269-6761
Bob Brand (National Security/Classified)  Phone: (678) 645-0670 (24/7)
                              Fax - (678) 645-1679
After Business Hours - Emergency Only     (Eastern Time) 1 (877) 866-4474

* Voluminous and inaccurate requests for subscriber information of non-Cox telephone subscribers requires a fee of $25 per non-Cox request. LEAs can check providers in advance at http://www.nationalpooling.com/law_911_registration/index.htm to avoid these charges.



Jaburg
& Wilk, P.C.
ATTORNEYS AT LAW

3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

Maria Crimi Speth, Esq

mcs@jaburgwilk.com
Direct Line 602/248-1089
Main Fax 602/248-0522



August 28, 2006

Custodian of Records
Cox Communications, Inc.
1400 Lake Hearn Drive
Atlanta, GA 30319

Re:    *George S. May International Company v. XCentric Ventures, LLC., et al.*

Dear Sir or Madam:

Enclosed please find a Subpoena to commanding you to produce and permit in inspection of documents or objects relating to George S. May International Company. These documents are being requested in a matter currently pending in the United States District Court for the Northern District of Illinois.

We request that you produce these documents to James K. Borcia, Esq., Tressler, Soderstrom, Maloney & Priess, 233 South Wacker Drive, 22nd Floor, Chicago, IL 60606 on September 20, 2006 at 10:00 a.m. In the alternative, the requested documents may be sent by mail to Maria Crimi Speth, Esq., Jaburg & Wilk, P.C., 3200 N. Central Avenue, Suite 2000, Phoenix, AZ 85012, or faxed to (602) 248-0522 prior to August 28, 2006. Please contact us at your earliest convenience to arrange for prompt production of the requested documents.

If you have any questions, please feel free to contact David S. Gingras or me at (602) 248-1000 or via email at MCS@JABURGWILK.COM or DSG@JABURGWILK.COM. I look forward to hearing from you.

Very truly yours,

JABURG & WILK, P.C.

Maria Crimi Speth

cc:    Bart K. Lazar, Esq. (w/enclosures)
       James L. Borcia, Esq. (w/enclosures)
       Xcentric Ventures

www.jaburgwilk.com
*Offices also in Scottsdale*
14500 N. Northsight Blvd., Suite 116 • Scottsdale, AZ 85260 • Tel 480.609.0011 • Fax 480.609.0016

10257-1 DSG UAC 544384_v1

Xcentric-0877

AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

GEORGE S. MAY INTERNATIONAL COMPANY

V.

XCENTRIC VENTURES, LLC., RIP-OFF
REPORT. COM. ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  04 C 6018

TO:

Cox Communications, Inc.
1400 Lake Hearn Drive, Atlanta, GA 30319

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| James K. Borcia, Esq., 233 S. Wacker Dr., 22nd Floor, Chicago, IL 60606 | September 20, 2006, 10:00 am |

G  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR Attorneys for Defendants | DATE August 28 , 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Maria Crimi Speth, Esq.,
JABURG & WILK, P.C., 3200 N. Central Avenue, Suite 2000, Phoenix, AZ, (602) 248-1000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

Xcentric-0878

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

           DATE

SIGNATURE OF SERVER _____

ADDRESS OF SERVER _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Xcentric-0879

EXHIBIT "A"

As the term is used below, "records" shall be defined to include hardcopies and electronically recorded documents such as email, spreadsheets, word processed document files, database records, or the like in whatever form they are recorded:

1.   Any and all records which may identify the name, address and/or telephone number of the person(s) who used or were assigned IP address **68.13.57.83** on any of the following dates/times:

    a.   October 23, 2003

Xcentric-0880



**FAX**

**1201 NE Lloyd Blvd., Suite 500, Portland, Oregon 97232**
**Phone 503-453.8000   Fax 503-453.8221**
**Internet  www.integratelecom.com**

**Date:** Sept 11, 06

**To:** Maria Crimi                 **Company:** Jaburg - Wilk

**Fax:** 602-248-0522              **Phone:**

**From: Deborah Harwood**         **Vice President/General Counsel**

**Phone: 503.453.8118**          **Facsimile: 503.453.8223**

**Pages(including cover):**       **cc:**

☐ Urgent  ☐ For Review  ☐ Please Comment  ☐ Please Reply    ☐ Recycle

● **Comments:.**



Jaburg
& Wilk, P.C.
ATTORNEYS AT LAW

3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

Maria Crimi Speth, Esq.

mcs@jaburgwilk.com
Direct Line 602/248-1089
Main Fax 602/248-0522

AUG 3 1 2006

August 28, 2006

Custodian of Records
Electric Lightwave, Inc.
4400 NE 77th Avenue
Vancouver, WA 98662

Re:    *George S. May International Company v. XCentric Ventures, LLC., et al.*

Dear Sir or Madam:

Enclosed please find a Subpoena to commanding you to produce and permit in inspection of documents or objects relating to George S. May International Company. These documents are being requested in a matter currently pending in the United States District Court for the Northern District of Illinois.

We request that you produce these documents to James K. Borcia, Esq., Tressler, Soderstrom, Maloney & Priess, 233 South Wacker Drive, 22nd Floor, Chicago, IL 60606 on September 20, 2006 at 10:00 a.m. In the alternative, the requested documents may be sent by mail to Maria Crimi Speth, Esq., Jaburg & Wilk, P.C., 3200 N. Central Avenue, Suite 2000, Phoenix, AZ 85012, or faxed to (602) 248-0522 prior to August 28, 2006. Please contact us at your earliest convenience to arrange for prompt production of the requested documents.

If you have any questions, please feel free to contact David S. Gingras or me at (602) 248-1000 or via email at MCS@JABURGWILK.COM or DSG@JABURGWILK.COM. I look forward to hearing from you.

Very truly yours,

JABURG & WILK, P.C.

Maria Crimi Speth

cc:    Bart K. Lazar, Esq. (w/enclosures)
       James L. Borcia, Esq. (w/enclosures)
       Xcentric Ventures

www.jaburgwilk.com
*Offices also in Scottsdale*
14500 N. Northsight Blvd., Suite 116 · Scottsdale, AZ 85260 · Tel 480/609-0011 · Fax 480/609-0016

10297-1/DSG/CAC/544386_v1

Xcentric-0882

AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

GEORGE S. MAY INTERNATIONAL COMPANY

V.

XCENTRIC VENTURES, LLC., RIP-OFF
REPORT. COM. ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number: [1]  04 C 6018

TO:

Electric Lightwave, Inc.
4400 NE 77th Avenue, Vancouver, WA  98662

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
| --- | --- |
| James K. Borcia, Esq., 233 S. Wacker Dr., 22nd Floor, Chicago, IL 60606 | September 20, 2006, 10:00 am |

G YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | | DATE |
| --- | --- | --- |
| | Attorneys for Defendants | August 28, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Maria Crimi Speth, Esq.,
JABURG & WILK, P.C., 3200 N. Central Avenue, Suite 2000, Phoenix, AZ, (602) 248-1000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

Xcentric-0883

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____           _____
                        DATE                                              SIGNATURE OF SERVER

                                                                     _____
                                                                     ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance;

      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

      (iv) subjects a person to undue burden.

   (B) If a subpoena

      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Xcentric-0884

## EXHIBIT "A"

As the term is used below, "records" shall be defined to include hardcopies and electronically recorded documents such as email, spreadsheets, word processed document files, database records, or the like in whatever form they are recorded:

1.  Any and all records which may identify the name, address and/or telephone number of the person(s) who used or were assigned IP address **67.136.142.78** on any of the following dates/times:

    a.  March 17, 2004

i0297-1/DSG/CAC/544467_v1

Xcentric-0885

http://sparta.eli.net/ipadmin-browse/cgi-bin/customer1.cgi?customer=64

| Organization | SISNA |
|---|---|
| Org ID | SISN |
| Handle | PN44-ARIN |
| Address | 265 East 100 South Suite 310<br>Salt Lake City, UT 84111 |
| Contact | IPADMIN |
| E-mail | ipadmin@ikano.com |
| Phone | 801-924-0900 |
| Primary NS | ns1.sisna.com |
| Primary NS Addr | 209.210.176.8 |
| Secondary NS | ns2.sisna.com |
| Secondary NS Addr | 209.210.176.9 |
| Notes | View Notes  (62594 characters) |

| | | |
|---|---|---|
| 67.136.128.186 - 67.136.129.91 | Allocated on 2005-04-26 | Global Roaming RSVP Dial Pool |
| 67.136.137.6 - 67.136.137.13 | Allocated on 2005-06-13 | Global Roaming RSVP Dial Pool |
| 67.136.141.175 - 67.136.142.130 | Allocated on 2005-12-28 | Global Roaming RSVP Dial Pool |
| 67.136.142.131 - 67.136.142.209 | Allocated on 2005-12-28 | Global Roaming RSVP Dial Pool |
| 67.136.150.163 - 67.136.152.4 | Allocated on 2004-07-30 | Global Roaming RSVP Dial Pool |
| 207.173.146.200 - 207.173.147.107 | Assigned on 2001-04-18 (RSVP) | Phoenix Dial Pool |
| 207.173.169.61 - 207.173.169.108 | Assigned on 2002-02-26 (RSVP) | Phoenix Dial Pool |
| 208.186.77.12 - 208.186.77.35 | Assigned on 2002-01-15 (RSVP) | Portland/Stockton Dial Pool |

Xcentric-0886

http://sparta.ch.net/ipadmin-browse/cgi-bin/customer1.cgi?customer=64

| | | |
|---|---|---|
| 208.186.77.136 - 208.186.77.182 | Assigned on 2001-08-29 (RSVP) | Portland/Stockton Dial Pool |
| 208.186.77.219 - 208.186.77.228 | Assigned on 2001-09-19 (RSVP) | Portland/Stockton Dial Pool |
| 208.186.188.27 - 208.186.188.50 | Assigned on 2002-01-15 (RSVP) | Tukwila Dial Pool |
| 208.186.188.51 - 208.186.188.73 | Assigned on 2002-02-26 (RSVP) | Tukwila Dial Pool |
| 208.186.188.74 - 208.186.188.120 | Assigned on 2001-08-29 (RSVP) | Tukwila Dial Pool |
| 208.187.12.1 - 208.187.12.4 | Assigned on 2001-10-08 (RSVP) | Tukwila Dial Pool |
| 208.187.18.209 - 208.187.19.1 | Assigned on 2001-08-13 (RSVP) | Portland/Stockton Dial Pool |
| 208.187.57.119 - 208.187.57.142 | Assigned on 2002-01-15 (RSVP) | Phoenix Dial Pool |
| 208.187.65.104 - 208.187.65.151 | Assigned on 2001-04-18 (RSVP) | Dallas Dial Pool |
| 208.187.74.1 - 208.187.74.48 | Assigned on 2001-04-18 (RSVP) | Houston Dial Pool |
| 208.187.159.131 - 208.187.159.151 | Assigned on 2001-10-08 (RSVP) | Tukwila Dial Pool |
| 209.63.24.201 - 209.63.24.223 | Assigned on 2002-02-26 (RSVP) | Portland/Stockton Dial Pool |
| 209.63.24.224 - 209.63.24.243 | Assigned on 2002-04-23 (RSVP) | Portland/Stockton Dial Pool |
| 209.63.214.41 - 209.63.214.64 | Assigned on 2002-01-18 (RSVP) | Phoenix Dial Pool |
| 209.210.176.0/20 | Allocated on 1998-10-07 | sisna.com |
| 216.190.8.0/21 | Allocated on 1999-01-19 | sisna.com |

[ HOME ]

2

9/11/2006 12:11 PM

Xcentric-0887

$ whois 67.136.142.78

OrgName:   Electric Lightwave Inc
OrgID:     ELIX
Address:   4400 NE 77th Ave
City:      Vancouver
StateProv: WA
PostalCode: 98662
Country:   US

ReferralServer: rwhois://whois.eli.net:4321

NetRange:  67.136.0.0 - 67.139.255.255
CIDR:      67.136.0.0/14
NetName:   ELI-NETWORK-ELIX
NetHandle: NET-67-136-0-0-1
Parent:    NET-67-0-0-0-0
NetType:   Direct Allocation
NameServer: NS.ELI.NET
NameServer: NS2.ELI.NET
Comment:   Spam and abuse complaints will ONLY be responded to if you use the email
Comment:   account abuse@support.eli.net
RegDate:   2003-09-25
Updated:   2004-12-08

RTechHandle: IPADM15-ARIN
RTechName:  ipadmin
RTechPhone: +1-800-622-4354
RTechEmail: ipadmin@eli.net

OrgAbuseHandle: ENA-ARIN
OrgAbuseName:  elinet Security and Abuse Response Team
OrgAbusePhone: +1-800-622-4354
OrgAbuseEmail: abuse@support.eli.net

OrgTechHandle: IE27-ARIN
OrgTechName:  Electric Lightwave,Inc.
OrgTechPhone: +1-800-622-4354
OrgTechEmail: support@eli.net

# ARIN WHOIS database, last updated 2006-09-10 19:55
# Enter ? for additional hints on searching ARIN's WHOIS database.


Found a referral to whois.eli.net:4321.

Xcentric-0888

%rwhois V-1.5:002090:00 whois.eli.net (by Network Solutions, Inc. V-1.5.7.4)
network:Auth-Area:67.136.0.0/15
network:ID:NET-67-136-141-175-67-136-142-130
network:Network-Name:67-136-141-175-67-136-142-130
network:IP-Range:67.136.141.175 - 67.136.142.130
network:IP-Network:67.136.141.175/32
network:IP-Network:67.136.141.176/28
network:IP-Network:67.136.141.192/26
network:IP-Network:67.136.142.0/25
network:IP-Network:67.136.142.128/31
network:IP-Network:67.136.142.130/32
network:Org-Name;I:SISNA
network:Street-Address:265 East 100 South Suite 310
network:City:Salt Lake City
network:State:UT
network:Postal-Code:84111
network:Country-Code:US
network:Tech-Contact;I:BH1-ELIX
network:Comment:tranfer from safe pages
network:Updated:20051228
network:Updated-By:nobody@eli.net
network:Class-Name:network

network:Auth-Area:67.136.0.0/15
network:ID:NET-67-136-128-0-19
network:Network-Name:67-136-128-0-19
network:IP-Network:67.136.128.0/19
network:Org-Name;I:RSVP Dial Pools
network:Street-Address:4400 NE 77th Avenue
network:City:Vancouver
network:State:WA
network:Postal-Code:98662
network:Country-Code:US
network:Tech-Contact;I:NS121-ELIX
network:Comment:Global Roaming RSVP
network:Updated:20031215
network:Updated-By:nobody@eli.net
network:Class-Name:network

network:Auth-Area:67.136.0.0/15
network:ID:NET-67-136-0-0-15
network:Network-Name:67-136-0-0-15
network:IP-Network:67.136.0.0/15
network:Org-Name;I:Electric Lightwave, Inc.
network:Street-Address:4400 NE 77th Avenue
network:City:Vancouver

Xcentric-0889

network:State:WA
network:Postal-Code:98662
network:Country-Code:US
network:Tech-Contact;I:ABUSE-ELIX
network:Admin-Contact;I:IPADMIN-ELIX
network:Updated:20030925
network:Updated-By:ipadmin@cli.net
network:Class-Name:network

%ok

Xcentric-0890

 

September 1, 2006

Maria Crimi Speth, Esq.
Jaburg & Wilk, P.C.
3200 N. Central Avenue, Suite 2000
Phoenix, AZ   85012

Re:     George S. May International Company v. XCentric Ventures, LLC, et al.

Dear Ms. Speth:

Per your subpoena dated August 28, 2006, we are unable to provide any records for IP address 209.102.128.42 on July 10, 2004 since those records have been purged.

Please contact me at (919) 563-8398 if you have any questions.

Sincerely,

*Felecia Blair*

Felecia Blair
Paralegal

P.O. Box 430, 103 South Fifth Street, Mebane, NC 27302
919-563-1500
www.madisonriver.net

Xcentric-0891

SEP 0 6 2006



# ICG
## COMMUNICATIONS, INC.

Phone # (303) 414-8256
Fax #   (303) 414-5860

---

### CONFIDENTIAL FACSIMILE

#### WARNING:

Unauthorized interception of this telephonic communication could be in violation of Federal and State Law.

The documents accompanying this facsimile transmission contain confidential information belonging to the sender, which is legally privileged. The information is intended only for the use of the individual or entity named herein. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile information is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original documents to us, at the address stated herein, at our expense. Thank you.

---

TO:  Maria Crimi, Esq

COMPANY:  Jaburg & Wilk, PC

FACSIMILE: 602-248-0522

FROM: Fred Pitchford, CPP, CFC Manager of Security & Investigations

NUMBER OF PAGES TO FOLLOW:

DATE: September 5, 2006

COMMENTS:  The following is the formal response to your Subpoena.  If you have any questions, please feel free to contact me at 303-414-8256.

Fred Pitchford, CPP, CFC
Manager, Security & Investigations

Xcentric-0892


Communications

September 5, 2006

Maria Crimi, Esq.
Jaburg & Wilk, PC
3200 N. Central Ave, uite 2000
Phoenix, AZ 85012

James K. Borcia, Esq.
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd floor
Chicago, IL 60606

RE:    Subpoena Case Number 04 C 6018

Inv Mathis:

This office received your subpoena dated August 28, 2006 requesting information on the IP Address listed below. A copy of the Subpoena is enclosed. The ICG Communications Security Department has conducted a search of its databases and concluded the company, *George S. May International Company*, was not an ICG Customer on or about June 6, 2003.

**IP Address:**            **207.94.117.26**

**For IP address 207.94.117.26 indicated as utilized on June 6, 2003. It was ICG's policy that the collection database was backed-up and held for only 7 days. Since this IP address was a dynamic, dial-up address, details concerning this IP address are not available from ICG Communications, Inc.**

If this office can be of any further assistance, please feel free to contact me at 303-414-8256

CF Pitchford, CPP
Manager, Security and Investigations

Xcentric-0893



**Jaburg**
**& Wilk, P.C.**
ATTORNEYS AT LAW

3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

Maria Crimi Speth, Esq.

mcs@jaburgwilk.com
Direct Line 602/248-1089
Main Fax 602/248-0522

August 28, 2006

Custodian of Records
ICG NetAhead, Inc.
161 Inverness Drive West
Englewood, CO 80112

  Re: *George S. May International Company v. XCentric Ventures, LLC., et al.*

Dear Sir or Madam:

  Enclosed please find a Subpoena to commanding you to produce and permit in inspection of documents or objects relating to George S. May International Company. These documents are being requested in a matter currently pending in the United States District Court for the Northern District of Illinois.

  We request that you produce these documents to James K. Borcia, Esq., Tressler, Soderstrom, Maloney & Priess, 233 South Wacker Drive, 22nd Floor, Chicago, IL 60606 on September 20, 2006 at 10:00 a.m. In the alternative, the requested documents may be sent by mail to Maria Crimi Speth, Esq., Jaburg & Wilk, P.C., 3200 N. Central Avenue, Suite 2000, Phoenix, AZ 85012, or faxed to (602) 248-0522 prior to August 28, 2006. Please contact us at your earliest convenience to arrange for prompt production of the requested documents.

  If you have any questions, please feel free to contact David S. Gingras or me at (602) 248-1000 or via email at MCS@JABURGWILK.COM or DSG@JABURGWILK.COM. I look forward to hearing from you.

       Very truly yours,

       JABURG & WILK, P.C.

       Maria Crimi Speth

cc: Bart K. Lazar, Esq. (w/enclosures)
  James L. Borcia, Esq. (w/enclosures)
  Xcentric Ventures

www.jaburgwilk.com
*Offices also in Scottsdale*
14500 N. Northsight Blvd., Suite 116 • Scottsdale, AZ 85260 • Tel 480/609-0011 • Fax 480/609-0016

10293-1/DSG/CAC/544394_v1

Xcentric-0894

SAO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| XCENTRIC VENTURES, LLC., RIP-OFF REPORT. COM. ET AL. | Case Number:[1]  04 C 6018 |

TO:
ICG NetAhead, Inc.
161 Inverness Drive West, Englewood, CO  80112

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| James K. Borcia, Esq., 233 S. Wacker Dr., 22nd Floor, Chicago, IL 60606 | September 20, 2006, 10:00 am |

G  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR Attorneys for Defendants | DATE August 2⅞, 2006 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

Maria Crimi Speth, Esq.,
JABURG & WILK, P.C., 3200 N. Central Avenue, Suite 2000, Phoenix, AZ, (602) 248-1000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

Xcentric-0895

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Xcentric-0896

## EXHIBIT "A"

As the term is used below, "records" shall be defined to include hardcopies and electronically recorded documents such as email, spreadsheets, word processed document files, database records, or the like in whatever form they are recorded:

1.  Any and all records which may identify the name, address and/or telephone number of the person(s) who used or were assigned IP address **207.94.117.26** on any of the following dates/times:

    a.  June 6, 2003

Xcentric-0897

Cheryl



*Bruce Gluckman*
*Vice President of Legal and Regulatory Affairs*

September 7, 2006

Maria Crimi Speth, Esq.
Jaburg & Wilk, P.C.
3200 N. Central Avenue
Suite 2000
Phoenix, Arizona 85012

Re:    George S. May International Company vs. XCentric Ventures, LLC, Rip-Off Report.com, et al
       Case No.: 04-C-6018
       Subscriber IP Address 12.215.90.75 on 4/4/04 and 4/24/04

### *VIA REGULAR U.S. MAIL*

Dear Ms. Speth:

Our office received a subpoena in this case in regards to the above-captioned matter. Please be advised that we do not have any records whatsoever that you are requesting. We do not maintain records that are in excess of one year. Your request goes back over 2 years and we do not have any records for that time period.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Bruce Gluckman
BG/elm

Xcentric-0898



**Jaburg**
**& Wilk,** P.C.
ATTORNEYS AT LAW

3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

Maria Crimi Speth, Esq.

mcs@jaburgwilk.com
Direct Line 602/248-1089
Main Fax 602/248-0522

REC'D 9/5/06
# 13236

August 28, 2006

Custodian of Records
Mediacom Communications Corp.
100 Crystal Run Road
Middletown, NY 10941

  Re: *George S. May International Company v. XCentric Ventures, LLC., et al.*

Dear Sir or Madam:

  Enclosed please find a Subpoena to commanding you to produce and permit in inspection of documents or objects relating to George S. May International Company. These documents are being requested in a matter currently pending in the United States District Court for the Northern District of Illinois.

  We request that you produce these documents to James K. Borcia, Esq., Tressler, Soderstrom, Maloney & Priess, 233 South Wacker Drive, 22nd Floor, Chicago, IL 60606 on September 20, 2006 at 10:00 a.m. In the alternative, the requested documents may be sent by mail to Maria Crimi Speth, Esq., Jaburg & Wilk, P.C., 3200 N. Central Avenue, Suite 2000, Phoenix, AZ 85012, or faxed to (602) 248-0522 prior to August 28, 2006. Please contact us at your earliest convenience to arrange for prompt production of the requested documents.

  If you have any questions, please feel free to contact David S. Gingras or me at (602) 248-1000 or via email at MCS@JABURGWILK.COM or DSG@JABURGWILK.COM. I look forward to hearing from you.

       Very truly yours,

       **JABURG & WILK, P.C.**

       Maria Crimi Speth

cc: Bart K. Lazar, Esq. (w/enclosures)
  James L. Borcia, Esq. (w/enclosures)
  Xcentric Ventures

www.jaburgwilk.com
*Offices also in Scottsdale*
14500 N. Northsight Blvd., Suite 116 • Scottsdale, AZ 85260 • Tel 480/609-0011 • Fax 480/609-0016

10297-1/DSG/CAC/544387_v1

Xcentric-0899

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

RECEIVED
8/25/06
# 13236

GEORGE S. MAY INTERNATIONAL COMPANY

V.

XCENTRIC VENTURES, LLC., RIP-OFF
REPORT. COM, ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  04 C 6018

TO:

Mediacom Communications Corp.
100 Crystal Run Road, Middletown, NY  10941

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| James K. Borcia, Esq., 233 S. Wacker Dr., 22nd Floor, Chicago, IL 60606 | September 20, 2006, 10:00 am |

G  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR Attorneys for Defendants | DATE August 28, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Maria Crimi Speth, Esq.,
JABURG & WILK, P.C., 3200 N. Central Avenue, Suite 2000, Phoenix, AZ, (602) 248-1000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

Xcentric-0900

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Xcentric-0901

EXHIBIT "A"

As the term is used below, "records" shall be defined to include hardcopies and electronically recorded documents such as email, spreadsheets, word processed document files, database records, or the like in whatever form they are recorded:

1.    Any and all records which may identify the name, address and/or telephone number of the person(s) who used or were assigned IP address **12.215.90.75** on any of the following dates/times:

   a.    April 4, 2004
   b.    April 24, 2004

10297-1/DSG/CAC/544468_v1

Xcentric-0902



PHOENIX AZ
24 OCT 2005

Hasler
United
24624/2005
Mailed From 85012
US POSTAGE

Custodian of Records
Comcast Cable Communications, Inc.
3 Executive Campus, 5th Floor
Cherry Hill, NJ 08002

NIXIE        080    1        00  10/28/05
        RETURN TO SENDER
    NOT DELIVERABLE AS ADDRESSED
        UNABLE TO FORWARD

BC: 05012246800    *1914-10070-24-36

**JW**

Jaburg & Wilk, P.C.
ATTORNEYS AT LAW
3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

11297-74850

Xcentric-0903