**Exhibit C**

Dockets.Justia.com

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **GEORGE S. MAY INTERNATIONAL COMPANY,** | ) ) ) | |
| Plaintiff, | ) ) ) | Case Number 04-C-6018 |
| -vs- | ) ) | Judge Norgle |
| **XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES,** | ) ) ) ) ) ) ) | Magistrate Judge Mason |
| Defendants. | ) ) | |

## AFFIDAVIT OF RACHEL M. KINDSTRAND

Pursuant to Federal Rule of Civil Procedure 56(f), I, Rachel M. Kindstrand, have personal knowledge of the facts alleged herein, am competent to testify, and if called as a witness, would testify as follows:

1.      I am an attorney licensed and in good standing with the State Bar of Illinois, and I am admitted to practice before the General Bar of the United States District Court for the Northern District of Illinois, Eastern Division.

2.      I have entered an appearance as counsel for Plaintiff George S. May International Company in the above-captioned case.

3.      I make this Affidavit in Support of Plaintiff George S. May International Company's ("GSMIC") Motion to Stay Briefing on Defendants' Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(f).

4.    GSMIC filed this lawsuit against Defendants seeking to prohibit the continued hosting, posting, and transmitting of false and deceptively misleading content on Defendants' website, located at www.ripoffreport.com and www.badbusinessbureau.com. This Court entered a Temporary Restraining Order on September 24, 2004, requiring Defendants to remove the false, defamatory, and deceptively misleading content about GSMIC from Defendants' website. Defendants failed to remove the false, defamatory, and deceptively misleading content from the websites. Defendants were ultimately found in contempt of the TRO on September 13, 2005. An evidentiary hearing on the contempt sanction was held before Magistrate Judge Mason on December 12, 2006.

5.    Defendants filed a second motion for summary judgment on December 22, 2006, alleging that they are immune from suit under the Communications Decency Act ("CDA"), 47 U.S.C. § 230, entitled "Protection for private blocking and screening of offensive material," as a defense to the lawsuit. In brief, Defendants claim that they are immune from lawsuit as an "interactive computer service," under the terms of Section 230, because they do not create content on the websites. Defendants also claim that they did not author the false, defamatory, and deceptively misleading content about GSMIC that appears on the website, and therefore Defendants are not liable.

6.    In support of their motion, Defendants attached fourteen affidavits, including the affidavits ten employees of XCentric Ventures, at least four of which have never been identified to GSMIC. In these affidavits, the employees state that they reviewed the postings GSMIC has asserted to be false, defamatory, and deceptively misleading, and that they did not author those postings nor have any other information that such reports might be created by another employee or agent of XCentric. These employees acknowledge, however, that they monitor content on the

2

websites, and "personal financial information, credit card numbers, bank account numbers, social security numbers, obscenities, and threats of violence" from the postings.

7.    During the course of discovery in this case, GSMIC has propounded several discovery requests specifically asking Defendants to, among other things, identify the employees of XCentric Ventures, identify the content that Defendants edit, create, format, add, or remove from the websites, identify the companies enrolled in Defendants' Ripoff Report Corporate Advocacy, Business Remediation & Consumer Satisfaction Program ("CAP") in which Defendants will investigate postings on the website and publish findings, and produce documents related to the websites' source of income, including sales from their book, donations, and the CAP program.  This discovery, among the other requests propounded, is relevant to GSMIC's response to Defendants' claim that they are immune under the CDA.

8.    Defendants, however, have refused or otherwise objected to providing this discovery to GSMIC, and now attached to their motion affidavits from at least four employees that were never previously disclosed to GSMIC.  With respect to XCentric's employees, GSMIC specifically asked Defendants to provide the name, title, address, and telephone number of XCentric Ventures employees.  Defendants initially refused to provide any identifying information for the employees, but then did provide a supplemental response to GSMIC's request, only listing the first and last names of six employees and listing their addresses as "Jaburg & Wilk."  Defendants also marked the names of the six employees they identified as "Highly Confidential—Attorneys' Eyes Only."  Now, in Defendants have provided affidavits from at least four employees that were never identified to GSMIC at all in discovery, and did not file any of the affidavits under seal despite marking what little information they did provide as "Highly Confidential—Attorneys' Eyes Only."

9.      Furthermore, Defendants refused to provide any discovery on the content that they edit on the website, or any of their commercial activities.  For example, GSMIC asked Defendants via an interrogatory to "identify all content or facts related to the websites that has been created, edited, formatted, added, and/or removed by XCentric Ventures, LLC, Ed Magedson, and/or its or his employees, agents, representatives, independent contractors, and/or subcontractors."  Defendants responded as follows:

> Objection—seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence.  Defendants did not author or create any of the reports at issue in this case.  Because Defendants did not author or create the reports at issue in this case, it is irrelevant to ask Defendants what other information they did create, edit, etc.

> XCentric Ventures edited the following reports related to George S. May by removing the portion of the content identified as false and replacing it with the statement, "This space previously contained a complaint about the business practices of George S. May.  Ripoff Report has temporarily removed the posting pending Circuit Court review of a preliminary district court order that we believe violates the First Amendment rights of free speech of the author of the posting and violates the Federal Communications Decency Act.[1]

10.      In the above interrogatory propounded by GSMIC to Defendants, Defendants acknowledged that they wrote the disclaimer, but refused to tell GSMIC what content they create, or edit, or remove from the website.  Now, for the first time in the affidavits, Defendants' acknowledge that they do employ individuals to monitor the websites and remove specific information from the websites.

11.      In order to adequately respond to Defendants' motion for summary judgment, in which they claim they are immune from suit because they do not create content on the websites,

---

[1] Defendants' added this disclaimer to the postings they removed from the website after being found in contempt of court.  While Judge Mason refused to consider whether Defendants' disclaimer was also in contempt of the TRO as beyond the scope of his referral during the course of the evidentiary hearing on the contempt sanctions, Jude Mason noted that the disclaimer, referencing the "Circuit Court review" was false.

CH1 11159844.1

among other things, GSMIC needs additional discovery from Defendants.  Contemporaneously
with this motion, GSMIC is filing its motion to compel responses to its discovery requests,
which include specific requests about what content Defendants' create, edit, add, format, or
remove from the websites, and about Defendants' commercial activities and revenue from the
websites, which GSMIC believes distinguish Defendants from other websites under the CDA.
GSMIC needs a resolution of its motion to compel in order to obtain documents and other
information relevant to its response to Defendants' motion, and Defendants' claims that they are
not content providers and are otherwise immune under the CDA.

   12.  GSMIC also needs to take depositions from the employees, including the newly-
identified employees, XCentric's corporate representative under Rule 30(b)(6), and Ed
Magedson, in order to oppose Defendants' motion.  Based on GSMIC's own review of the
website, it is clear that XCentric does in fact add content to the website.  For example, Ed
Magedson, the "EDitor" of the websites, frequently posts responses to postings on the websites,
entitled "EDitor's Suggestions" regarding how an individual can get his or her money back.  *See,
e.g.*, "EDitor's Suggestions" at www.ripoffreport.com/view.asp?id=229553&view=printer
(lasted visited January 9, 2007) attached as Exhibit A to the motion.  In addition, Defendants'
offer the CAP program, in which companies can "enroll" and pay Defendants a fee to investigate
the complaints on the website, and then Defendants' will publish their findings on the website.
*See* "Ripoff Report Corporate Advocacy Business Remediation & Customer Satisfaction
Program…" at http://www.ripoffreport.com/reports/ripoff167471.htm (last visited January 10,
2007) attached as Exhibit B to the motion.  Based GSMIC's review of the website, it is clear that
Defendants have not provide complete responses to the material they create, edit, add, remove, or
format on the websites.

13.     Furthermore, based on GSMIC's review of Defendants' affidavits, it is not clear that Defendants' reviewed all of the statements that GSMIC has produced to Defendants in this case, and specifically it does not appear that Defendants reviewed a non-exhaustive list of false statements provided to Defendants from GSMIC based on the postings on the websites when the employees provided affidavits.  GSMIC needs to depose these individuals in order to adequately test their affidavits.  In addition, GSMIC may also need to depose the individuals that Defendants identified as those who posted the false, defamatory, and deceptively misleading content about GSMIC, to the extent that they can be located.

14.     Without obtaining a resolution of its motion to compel, and without conducting depositions of XCentric employees, XCentric's corporate representative, and Ed Magedson, GSMIC cannot adequately respond to Defendants' Motion for Summary Judgment.

15.     In accordance with this rule, GSMIC seeks leave of the Court to conduct additional discovery and take depositions in order to adequately respond to the issues raised and documents attached to Defendants' Motion for Summary Judgment.  GSMIC is not filing this motion for an improper purpose, but rather needs this additional discovery to fairly respond to Defendants' motion.

16.     On December 20, 2006, GSMIC filed its unopposed motion to extend the time for discovery in this case.  That motion was granted by the Court on December 22, 2006, and fact discovery was extended up to and including March 31, 2007.  Defendants' Motion for Summary Judgment was filed on December 22, 2006, and noticed for presentment on December 29, 2006.  On December 28, 2006, the Court notified the parties that it was entering a briefing schedule on the motion, allowing GSMIC twenty-eight days to respond.  The order setting the briefing schedule was entered on January 3, 2007.  On January 5, 2007, GSMIC also filed its response to

6

Defendants' motion for judgment on the pleadings. In addition to Defendants' motion for judgment on the pleadings, Defendants also filed a prior motion for partial summary judgment. This motion is Defendants' third substantive motion on the merits of this case.

17.    Because the individuals sought to be deposed are located in Arizona, and because GSMIC is seeking Court intervention through its motion to compel, GSMIC requests that this Court stay briefing on Defendants' Motion for Summary Judgment until the completion of fact discovery on March 31, 2007. After the completion of the fact discovery, this Court could then reset a briefing schedule on Defendants' motion. Since GSMIC will have to travel to Phoenix, Arizona to take depositions, it will be more efficient for the parties if GSMIC is able to take discovery on the merits of its case at the same time, rather than having to schedule more than one deposition for the same individual. Also, given the Court's schedule and the ongoing fact discovery in this case, as well as the multiple substantive motions filed by Defendants which have been briefed or are in the process of being briefed, staying briefing on this matter would also conserve judicial resources.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 10, 2007
Chicago, Illinois.

_Rachel M. Kindstrand_

Rachel M. Kindstrand

CH1 11159844.1