## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE S. MAY | ) | |
| INTERNATIONAL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Number 04-C-6018 |
| -vs- | ) | |
| | ) | Judge Norgle |
| XCENTRIC VENTURES, LLC, | ) | |
| RIP-OFF REPORT.COM | ) | Magistrate Judge Mason |
| BADBUSINESSBUREAU.COM, | ) | |
| ED MAGEDSON, VARIOUS | ) | |
| JOHN DOES, JANE DOES AND | ) | |
| ABC COMPANIES, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF GEORGE S. MAY INTERNATIONAL COMPANY'S
### MOTION TO COMPEL DISCOVERY RESPONSES

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff George S. May International Company

("GSMIC"), by its counsel, hereby moves this Court for entry of an order compelling Xcentric

Ventures, LLC and Ed Magedson (collectively "Defendants") to provide complete responses to

GSMIC's discovery requests as set forth below.

### BACKGROUND

1.      On April 24, 2006, GSMIC served Defendants with GSMIC's first set of Request

for Production of Documents and first set of Interrogatories.  On June 2, 2006, GSMIC received

Defendants' responses to these discovery requests, which are attached as Exhibit A.

2.      Upon review, GSMIC found that Defendants had failed to provide complete

responses or documents relating to a number of GSMIC's discovery requests.  In many instances,

all GSMIC received as Defendants' response was a laundry list of improperly placed objections.

Given these deficiencies and pursuant to its obligations under the Federal Rules of Civil

Procedure and the Local Rules of this Court, GSMIC engaged in a series of meet and confer sessions with Defendants' counsel to attempt to rectify these deficiencies.

3.      On July 12, 2006, GSMIC sent Defendants a detailed letter, attached as Exhibit B, to memorialize the disclosure deficiencies and to request Defendants to supplement or further respond to GSMIC's discovery requests.  During the course of July and August, 2006, and pursuant to Local Rule 37.2, the parties had multiple discovery conferences via telephone regarding the deficiencies in Defendants' responses in an attempt to limit the scope of discovery disputes, as well as to formulate an Agreed Protective order, which was entered on September 14, 2006.

4.      As agreed, Defendants' supplemented their responses to GSMIC's Request for Production and Interrogatory requests on October 6, 2006, which are attached as Exhibits C and D. Defendants also produced 7 boxes of documents – primarily pleadings in the many other lawsuits against Defendants for posting defamatory content—in early November, 2006. Defendants' supplemental disclosures did not fix, nor in most instances even address, the vast majority of deficiencies GSMIC had identified in its July 12, 2006 letter and in the telephone conferences pursuant to Local Rule 37.2 .  Defendants have, by their actions, necessitated this Motion by their refusal to comply with their discovery obligation.

5.      Given the number of responses that are the subject of this Motion, and cognizant of this Court's page limitation, GSMIC has not included a verbatim recitation of each question and response that forms the basis for this Motion.  Instead, GSMIC has summarized the question and response that forms the basis for this Motion and refers this Court to Exhibits A, C, and D, which GSMIC incorporates by reference, for the complete exchange between the parties.

**ARGUMENT**

2

6.      As indicated, Defendants' responses to GSMIC's discovery requests are deficient in several key respects.  While the specific deficiencies are discussed fully below, Defendants' discovery responses also contain a deficiency that is repeated throughout their responses.  This deficiency derives from Defendants' statement that they "have searched for but have not located any other responsive documents."

7.      Notwithstanding this statement, Defendants have failed to provide a separate certification reflecting their efforts to locate documents responsive to these requests.  Defendants have also failed to identify, despite numerous requests, the person or entity who has (or may have) possession, custody or control of responsive documents.  Defendants should be compelled to provide this information.

## Discovery Deficiencies

### Requests to Produce Documents and Things

8.      **REQUEST NOS. 1-20:**  Requests Numbers 1-20 seeks all correspondence, including any email correspondence, between Defendants and the individuals identified by Defendants as having posted false reports or rebuttals at issue in this case.  Defendants objected to these requests on, among other things, relevance grounds, although this is clearly relevant to the issues in this case, including Defendants' claims that they did not author any of the defamatory content at issue.  Instead of providing any correspondence or emails in response to these requests, Defendants provided a spreadsheet purporting to show the IP addresses and some contact information for these individuals.  Defendants' spreadsheet is simply not responsive to this request.  Additionally, Defendants indicated that they "have searched for but have not located any other responsive documents."  Based on prior discovery conducted on the jurisdictional issues in this case, Defendants are able to search their email systems for

3

correspondence with these individuals via keywords, and Defendants' representations that they have searched for, but have not found responsive documents absent any certification of their efforts is insufficient.

9.    **REQUEST NO. 21**:  In this Request, GSMIC asks for "any and all documents, including e-mails and other correspondence, related to or referring to George S. May, its owners, officers, employees, services, or customers."  Defendants did not produce *any* documents in response to this request.[1]  Instead, Defendants simply provided a laundry list of objections and stated that they would provide a "response to this request [only] if it is appropriately narrowed." Defendants' response to Request No. 21 is difficult to understand and is certainly improper. GSMIC is entitled, under the Federal Rules of Civil Procedure, to pursue discovery of "relevant" information.  Relevant information is defined by Fed. R. Evid. 401 as "evidence having <u>any</u> <u>tendency</u> to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Certainly Defendants cannot dispute that documents responsive to Request No. 21 fit easily within the category of relevant evidence as GSMIC is Plaintiff in this case.  Any documents Defendants have in their possession relating GSMIC from January 1, 2003 forward will therefore either be directly relevant and admissible in evidence in this case or will be reasonably calculated to lead to discovery of admissible evidence.

10.    **REQUEST NOS. 22 & 23:**  In these requests, GSMIC seeks documents providing the "identity of any individuals communicating with Defendants or posting information on Defendants' websites related to George S. May, its owners, officers, employees,

---

[1] Defendants had, with a prior supplemental response in June, provided some email communications which referenced GSMIC.  However, these disclosures were not a complete response to this Request, and then in Defendants' October 6, 2006 supplemental responses, Defendants' objected to this request.

4

services, or customers," and documents relating to any efforts by Defendants to investigate the accuracy of statements made about GSMIC.  Defendants objected to this request for another laundry list of reasons, and then limited its disclosure to providing administrative copies – which are otherwise not publicly available according to Defendants – of the reports and rebuttals that GSMIC has identified to be false in the pleadings in this case.  With respect to Request 23, Defendants supplemented their response to this request by providing some emails which show that Defendants did in fact request follow up information from posters regarding their complaints about GSMIC, but this does not appear to be complete, and belies Defendants' response to Request 22.  Defendants' objections, and the unilateral limitation they have placed on their disclosure, is inappropriate given the claims and defenses in this case.  Documents showing communications regarding GSMIC, or pertinent to postings about GSMIC, are highly relevant because such documents may reveal whether Defendants wrongfully posted false and deceptively misleading or defamatory information about GSMIC knowing that such communications were submitted by a competitor of GSMIC, without conducting any investigation into the merits of the charges.  It will also show what communications Defendants had with these individuals prior to and after posting the false and deceptively misleading or defamatory comments or communications regarding GSMIC.  Finally, failing to identify these communications will deprive GSMIC of knowing whether additional parties should be added to this dispute or whether further avenues of discovery should be pursued.

11.    **REQUEST NO. 24 & 25:**  In these Requests, GSMIC asks for documents "relating to, referring to or evidencing any action by Defendants to create, add, remove, or edit the content on the websites" both in general and specifically relating to postings naming George S. May, its owners, officers, employees, services, or customers.  Defendants objected to these

5

requests by stating that the documents requested are protected from disclosure by the attorney client privilege, are not relevant to this dispute or do not otherwise exist.[2]  Defendants response to this Request is insufficient.  The information sought in these requests is relevant to the claims and defenses in this case, namely, Defendants' assertion that the Communications Decency Act ("CDA") bars this lawsuit.  And, Defendants' statement in its response that the only content on the websites which they author is the "generic background information, FAQs, contact information, terms & conditions, etc." is not a sufficient response for the purposes of this Request since Defendants have already acknowledged in this case that they have, in fact, created content on the websites.  This admission is supported by the evidence reviewed thus far (i.e. - headlines and editor comments, among other things) which shows that Defendants did, in fact, create content that appears on the website.  Moreover, Defendants' claim that they do not author or create any of the reports or rebuttals on the website is not true, since a search of the Defendants' website reveals thousands of postings by the "EDitor" Ed Magedson.  See "EDitor's Suggestions," at www.ripoffreport.com/view.asp?id =229553&view=printer (last visited on January 9, 2007), attached as Exhibit E.  Finally, Defendants attempt to limit their response solely to postings about George S. May is not appropriate, as it is the nature and character of Defendants' business including, but not limited to, the nature and extent of Defendants' drafting, categorizing, editing and posting content concerning numerous businesses, and then attempting to coax these businesses into a membership in the Rip-off Report Corporate Advocacy, Business Remediation & Customer Satisfaction Program ("CAP") in which Defendants will investigate complaints and publish their findings, for a fee.  *See* "Ripoff Report Corporate Advocacy

---

[2] Defendants did produce some documents that were responsive to this request in the form of documents that were attached to pleadings from various other lawsuits they were named as Defendants in.

Business Remediation & Customer Satisfaction Program…" at http://www.ripoffreport.com /reports/ripoff167471.htm (last visited January 10, 2007) attached as Exhibit F.

12.     **REQUEST NO. 26**:  In this Request, GSMIC asks for "documents sent to or received from law firms (not serving as counsel to Defendants) relating to the websites, including but not limited to documents relating to, referring to, or evidencing a potential business relationship between Defendants and said law firms."  Defendants failed to provide any responses to this request and instead asserted that such documents were not relevant and that they were otherwise protected by the attorney-client privilege.  The information sought by this Request is clearly not privileged.  Simply because a person employed by Defendants had a communication with an attorney does not mean that their communication is privileged.  What this request seeks is not, as stated, Defendants' communications with retained counsel in this case, but those communications with other firms which relate to potential business relationships between Defendants and the firms.  Such communications would include those received by Defendants in response to Defendants' solicitation, on the websites, for attorneys to handle class action lawsuits on behalf of individuals who post complaints on the websites.  Moreover, in prior discovery related to jurisdiction, Defendants have produced communications with an Illinois law firm, offering a commercial alliance by which the law firm would pay Defendants $800,000 to receive referrals from Defendants.  This is also relevant to the nature of Defendants' business and whether the CDA applies, as well as Defendants' profits from its sites.  And, contrary to Defendants' assertion, such information is  relevant to the claims and defenses in this case, including Defendants' claims that the website is protected by the First Amendment.

13.     **REQUEST NO. 27-28:**  This Request seeks "documents relating to . . . any complaints or disagreements about the postings on the websites, including those complaints

7

asserting that the postings are false" or misleading and "Defendants' response to those complaints or disagreements."  While Defendants indicated that they would produce non-privileged responsive documents, and Defendants have produced several boxes of documents containing pleadings related to other lawsuits in which the Defendants were named as a party defendant, Defendants have certainly failed to produce all documents responsive to this request. For instance, Defendants have not produced emails and other communications reflecting individual communications received complaining that postings are false or misleading and documents responding to these communications, or documents related to actions they have taken in response to such complaints that would be stored, presumably, in electronic format on their computer server.  Defendants should be required to search for and produce such documents from at least January 1, 2003 forward.  Moreover, to the extent that Defendants have provided litigation files in response to this request, Plaintiff's review of those documents suggests that Defendants have not provided all of documents responsive to the request.  Defendants' handling of complaints is relevant to Defendants' CDA defenses, and their representations that they do not edit or create information on the websites.

14.    **REQUEST NO. 29:**  This Request asks for "documents relating to, referring to, or evidencing Defendants' investigations in response to any complaints or disagreements about the postings on the websites."  Defendants have objected to this request on a number of grounds, including attorney-client privilege, and have claimed that Defendants "do not conduct 'investigations' in response to complaints."

Defendants' privilege claim must fail to the extent that Defendants are claiming that their discussions with non-parties about such investigations are subject to the attorney-client privilege as the privilege would be waived as to these communications.  Defendants other general

8

objections are likewise improper, since this Request is relevant to the claims and defenses in this case. And Defendants' claim that it does not "conduct investigations" is belied by the discovery produced by Defendants in this case already which shows, in email correspondence, that Defendants have had several contacts with individuals regarding GSMIC, including one in which Defendants requested that an individual provide copies of an EEOC Complaint and one in which Defendants referred an individual (non-party to this case) to Maria Speth to discuss this lawsuit. These communications show that Defendants do engage in investigations in response to complaints or disagreements about postings on the websites. Moreover, Defendants' statements are further belied by the fact that Defendants advertise that part of the CAP program includes investigations conducted by the Defendants. Exh. F. GSMIC is entitled to all documents that reflect, refer or relate to these investigations because these investigations go right to the heart of Defendants' CDA defense.

15.    **REQUEST NO. 30:** This Request asks for "all federal and state tax returns for XCentric Ventures, L.L.C. and Ed Magedson from 2003 to the present." Defendants objected based on relevance and further claimed that GSMIC is not entitled to these records "absent a *prima facie* showing of entitlement to punitive damages." Defendants have offered no legal support for withholding these documents on the legal standard provided and such a basis is improper. As for their relevancy objection, Defendants' tax returns are relevant to, among other things, demonstrate the profits that the Defendants have made from the operation of the websites. We note that both parties sought tax returns in this case, and Magistrate Judge Mason has ordered that GSMIC produce its tax returns.

16.    **REQUEST NO. 31:** In this Request, GSMIC asks for "documents related to the Rip-off Report Corporate Advocacy, Business Remediation & Consumer Satisfaction Program

9

("CAP") . . . ."  Defendants objected to this Request on the grounds that, among other things, this

information is not relevant and/or is subject to the attorney-client privilege.  Again, to the extent

that Defendants are claiming that documents or things otherwise responsive to this Request are

privileged, and particularly since this is a program advertised on Defendants' websites, such

privilege would be waived to the extent that these documents are sent by Defendants, or by

counsel as attorney for Defendants, to third parties.  Without a privilege log there is no way for

GSMIC to determine whether non-privileged documents exist.[3]  Defendants' remaining

objections are entirely inappropriate, particularly since Defendants claim that if a company

enrolls in "CAP", Defendants will investigate the claims made in the reports filed about that

company and prepare reports regarding their investigation.  Exh. F.  Again, this information is

relevant to Defendants CDA defense in that the CAP is part of the nature of Defendants'

business.

17.    **REQUESTS NO. 33 AND 34:**  In these Requests, GSMIC asks for "documents

showing donations or other income or revenue collected on behalf of the websites from January

2003 to the present" and "documents related to advertising on the websites . . . ."  Defendants'

objected to these Requests on the basis that they are irrelevant, and have also stated that GSMIC

is not entitled to these documents absent a "prima facie" showing of entitlement to punitive

damages.

First, Defendants' claim that these Requests are irrelevant is improper.  Defendants

clearly profit off of the reports posted (and "clicks" ) on the websites through, among other

things, obtaining advertising, donations, book sales, subscriptions to its CAP program and

---

[3] GSMIC notes that Defendants have objected to many of its requests on the basis of the attorney client privilege but has failed to provide a privilege log (or redaction log if applicable) regarding any of these communications.  Certainly GSMIC is entitled to such a log with respect to all these objections so it can make an independent determination of the merits of such a claim.

potentially class action referrals to lawyers. Defendants' website acknowledges that it is "for-profit" and that donations are non-tax deductible. Information produced in the jurisdiction phase demonstrated that a competitor of GSMIC had, in fact, made a donation to Defendants. This information is relevant and is likely to lead to the discovery of admissible information regarding Defendants' defense, among others, to GSMIC's Lanham Act claim. Moreover, Defendants filed a motion for partial judgment on the pleadings claiming that they were not a competitor under the Lanham Act. Since Defendants have themselves put this in issue, this information is clearly relevant. As for Defendants other objection relating to punitive damages, Defendants again have offered absolutely no authority for the proposition that Plaintiff is not entitled to these documents absent a *prima facie* showing of entitlement to these damages.

      18.    **<u>REQUESTS NO. 35 AND 36</u>:** These Requests seek documents related to "Creative Business Investment Concepts, Inc." and "Consumer Media Publishing, L.L.C." Defendants objected to these Requests citing, among other things, that this discovery is not relevant. Creative Business Investment Concepts, Inc. is a member of XCentric Ventures, L.L.C. and Consumer Media Publishing, and Consumer Media Publishing advertises on Defendants' website, namely the "Rip-off Revenge Guide" authored by Defendant Ed Magedson. Ed Magedson in the Manager of Consumer Media Publishing, as well as of XCentric Ventures, LLC. As the name suggests, the relationship of "Creative Business Investment Concepts" to Defendants and the websites is clearly relevant to the commercial or "business" activity on the websites. Consumer Media Publishing advertises the sale of two books, the "Ripoff Revenge Guide," and "What Mortgage Brokers Don't Want You To Know." Discovery in this case has elicited that Defendants have an arrangement with Consumer Media Publishing whereby XCentric gets a royalty for the books sold. Defendants should not be permitted to hide behind

11

entities that they own, operate, and control, and GSMIC's request is clearly relevant to the nature and scope of the activities of the websites.

19.    **REQUEST NO. 38:**  In this Request, GSMIC asks for "documents referred to in answering Plaintiff's interrogatories."  Defendants' responded by indicating that they generally reviewed http://www.ripoffreport.com.  This response is insufficient as it does not indicate what specifically Defendants reviewed in responding to GSMIC's interrogatories and is therefore non-responsive.  Defendants must supplement this response.

20.    **REQUEST NO. 61:**  This request seeks documents relating to Defendants' compliance with the Temporary Restraining Order.  Defendants have not produced all documents relating to this request and have instead asserted the attorney-client privilege instead which would not likely protect all documents responsive to this request.  This response must be supplemented.  It is also relevant to Defendants' CDA defense in which they allege they do not create content on the websites.

21.    **REQUEST NO. 62:**  This request seeks any documents relating to any litigation to which Defendants are a party.  Defendants produced about seven boxes of documents in response to this request, yet it is clear from Plaintiff's review that the files are incomplete.  Plaintiff requests that Defendants provide a certification that they have located all documents responsive to this request.

**Response to Interrogatories**

22.    **INTERROGATORY NO. 2:**  In this Interrogatory, GSMIC seeks the identity of all employees, agents, representative, etc. of Defendants and the websites.  Defendants' objected to providing this information and, with the exception of Ed Magedson, failed to provide the title of the six individuals they identified in these responses.  Without the person's title, it is

12

impossible for GSMIC to determine whether that person might have relevant information

regarding the operation of the websites or whether that person should be deposed.  Moreover,

Defendants marked the individuals that they did identify even in the limited extent as "Highly

Confidential—Attorneys' Eyes Only" then recently filed a motion for summary judgment

attaching affidavits of individuals who were not previously identified and did not file any of

those affidavits under seal.   Also,  contrary to Defendants' response, this information was not

provided in prior discovery.  Defendants, in the past, only provided a redacted list purporting to

include the first names of its employees and a city and state, but no other identifying information

that would allow Plaintiff to ascertain who these individuals are.  This information is clearly

discoverable under the Federal Rules of Civil Procedure and GSMIC is entitled to this

information.

23.    **INTERROGATORY NO. 10:**  In this Interrogatory, GSMIC asks for the

identity of all persons enrolled in, who have been enrolled in, or who have received proposals

related to CAP since January 2000.  Defendants objected to this request on the grounds that this

information is not relevant and not calculated to lead to the discovery of relevant information.

Defendants' objection is completely without merit.  Defendants advertise the CAP

program on the websites and expressly state that they will investigate complaints and publish

findings and "as part of the Corporate Advocacy Program, Rip-off Report verifies all Reports

and Rebuttals, and will expose those posted erroneously."  This is completely contrary to

Defendants' assertions that they are entitled to protection under the First Amendment or

immunity under the CDA.

24.    **INTERROGATORY NO. 12:**  In this Interrogatory, GSMIC asked Defendants

to "identify all income and sources of income [they received] relating in any way to the

websites." Defendants objected on relevancy grounds and claimed that a *prima facia* showing of entitlement to punitive damages must be made before such information need be disclosed.

This information is clearly relevant to the claims and defenses in this case because it demonstrates the profits that the Defendants have made from the operation of the websites. This goes to GSMIC's Lanham Act claim, as well as Defendants' CDA defense. And, Defendants have offered absolutely no authority for the proposition that Plaintiff in not entitled to this information absent a prima facie showing of an entitlement to punitive damages.

25.    **INTERROGATORY NO. 13:**  Defendants have objected to "identifying all expenditures by, and recipients of payments from XCentric Ventures, L.L.C. or Ed Magedson relating to the websites" claiming that such information is not relevant and making the punitive damages argument raised throughout its responses._Again, this information is clearly relevant to the claims and defenses in this case for the reasons stated above with respect to Interrogatory No. 12 and Defendants have offered absolutely no authority for the proposition that Plaintiff is not entitled to this information absent a *prima facie* showing of an entitlement to punitive damages.

26.    **INTERROGATORY NO. 16:**  Finally, Defendants have refused to identify what content is "created, edited, formatted, added, and/or removed by [Defendants] or their agents, employees, representatives, independent contractors, and/or subcontractors." Defendants have asserted that this information is not relevant because, since "Defendants did not author or create any of the reports at issue in this case . . . it is irrelevant to ask Defendants what other information they *did* create, edit, etc." Defendants then provide a further response limited to their editing of reports relating exclusively to postings involving George S. May that were removed per this Court's Order._Despite Defendants' claim, Defendants have already acknowledged that they do create content, and that Defendants offer to and do accept payment to

14

publish findings about specific reports through its Corporate Advocacy Program. Additionally, items such as metatags, headlines, content categories, and editor's comments, the materials they placed on their sites in response to the Temporary Restraining Order entered in this case, as well as other content are clearly created, edited, formatted, added or removed by Defendants. Plaintiff is entitled to a proper and complete response to this Interrogatory and a response not limited exclusively to GSMIC postings as such efforts go directly to Defendants' CDA defense.

<u>**CONCLUSION**</u>

WHEREFORE, Plaintiff, George S. May International Company, respectfully requests that this Court grant this Motion to Compel Discovery Responses and require Defendants to provide information and documents responsive to the aforementioned discovery requests within 10 days of this Court's Order.

**DATED:  January 10, 2007**                    Respectfully submitted,

**GEORGE S. MAY INTERNATIONAL
COMPANY**


By:   _s/ Rachel Kindstrand_____
                One of Its Attorneys

<u>Attorneys for Plaintiff:</u>
Bart A. Lazar, Esq.
Rachel M. Kindstrand, Esq.
**SEYFARTH SHAW LLP**
131 S. Dearborn St.
Chicago, IL 60603
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2007, I electronically filed **Plaintiff's Motion to**

**Compel Discovery Responses** with the Clerk of Court using the CM/ECF system, which will

send notification of such filings to the following:

> James K. Borcia
> David O. Yuen
> Tressler, Soderstrom, Maloney & Priess
> 233 South Wacker Drive, 22nd Floor
> Chicago, Illinois  60606-6308
>
> Maria Crimi Speth
> Jaburg & Wilk, P.C.
> Great American Tower
> 3200 North Central Avenue, Suite 2000
> Phoenix, AZ 85012


> __s/ Rachel Kindstrand_____

16