**Exhibit A**

Dockets.Justia.com

JKB/cic/364035                                                    5634-2-51

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

JUN - 2 2006

**SEYFARTH, SHAW**

GEORGE S. MAY INTERNATIONAL          )
COMPANY,                             )
                                     )
                 Plaintiff,          )
                                     )
v.                                   )  Case No. 04 C 6018
                                     )
XCENTRIC VENTURES, LLC, RIP-OFF      )  Honorable Judge Norgle
REPORT.COM, BADBUSINESSBUREAU.COM,   )
ED MAGEDSON, VARIOUS JOHN DOES, JANE )
DOES AND ABC COMPANIES,              )
                                     )
                 Defendants.         )

**DEFENDANTS' RESPONSE TO
PLAINTIFF GEORGE S. MAY COMPANY'S
<u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Pursuant to Fed. R. Civ. P. 33, 34 & 36, Defendants XCENTRIC VENTURES, LLC and Ed Magedson submit the following responses to Plaintiff GEORGE S. MAY INTERNATIONAL COMPANY'S First Set of Requests For Production of Documents.

1.      Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Andrea Swailsentein.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.

2.      Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Tom Wilson.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.

3.      Any and all documents, including but not limited to e-mails and other correspondence, related to or referring to, or sent by or sent to, the person identified as Diane Green.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.

10297-1/DSG/DSG/531090_v1

4.    Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Chuck Black.

**RESPONSE:**  Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants.  Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request.  If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication.  Subject to and without waiving the foregoing objection(s):

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.


5.    Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as John Smith.

**RESPONSE:**  Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants.  Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request.  If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication.  Subject to and without waiving the foregoing objection(s):

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.


6.    Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Chet Ubetcha.

**RESPONSE:**  Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants.  Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request.  If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication.  Subject to and without waiving the foregoing objection(s):

3

10297-1/DSG/DSG/531090_v1

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.

7.      Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Diane Pearson.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.

8.      Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Bruce Brown.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.

9.      Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as "Israel Kushner Kushnir, " "Israel Kushnir" or "Israel Kushner."

4

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.


10.     Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as EX-George SMAY.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.

11.     Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Former Employee Anonymous.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.

5

12.    Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as William Payne.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.

13.    Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Paul Albarran.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.

14.    Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Michael Wilson.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

10297-1/DSG/DSG/531090_v1

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.

15.     Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Shawn Lange.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.

16.     Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Andrea Roundtree.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.

17.     Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Danny Griego.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the

7

request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.

18.    Any and all documents, including e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Dah Solonger.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.

19.    Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, Daniel Hostetler.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.

20.    Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, International Profit Associates, its employees, agents, representatives, independent contractors, or subcontractors.

8

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request.

21.    Any and all documents, including e-mails and other correspondence, related to or referring to George S. May, its owners, officers, employees, services or customers.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Request also seeks attorney-client privileged materials and attorney work product. Also seeks information which is already within Plaintiff's possession. Defendants will provide a response to this request if it is appropriately narrowed to material reasonably within the scope of Fed. R. Civ. P. 26(b)(1).

22.    Any and all documents related to or referring to the identity of any individuals communicating with Defendants or posting information on Defendants' websites related to George S. May, its owners, officers, employees, services or customers.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Pursuant to Fed. R. Civ. P. 34(b), Defendants will make any non-privileged responsive documents available for inspection on or after Friday, May 26, 2006 at the law offices of Jaburg & Wilk, P.C., 3200 North Central Avenue, Suite 2000, Phoenix, AZ 85012. Please contact Maria Crimi Speth at (602) 248-1000 to schedule a time for inspection and/or copying at Plaintiff's expense.

Defendants are electronically transmitting to Plaintiff a spreadsheet which shows the report # for reports filed by all authors who provided a name set forth in this request. Defendants have searched for but have not located any other responsive documents.

9

23.     Any and all documents relating to, referring to or evidencing Defendants' efforts to determine the accuracy of any statements made on the websites relating to George S. May, its owners, officers, employees, services or customers.

**RESPONSE:** None. Defendants do not determine, or attempt to determine, the accuracy of any statements made on the websites by users of the websites.

24.     Any and all documents relating to, referring to or evidencing any action by Defendants to create, add, remove, or edit the contents on the websites relating to George S. May, its owners, officers, employees, services or customers.

**RESPONSE:** No documents exist that relate to or refer to any action by Defendants to create, add, or edit such content as Defendants have never created or added any content to the website related to George S. May except the notice that was placed on the website in place of the content redacted pursuant to court order.   The only documents that relate to removal of content relating to George S. May are attorney-client communications.  Therefore, Defendants object on the grounds that the request calls for attorney-client privileged documents and/or attorney work product.  This request is also incomprehensible and not reasonably defined as to what is meant by the request and it seeks documents already in Plaintiff's possession.

25.     Any and all documents relating to, referring to, or evidencing any action by Defendants to create, add, remove, or edit the content on the websites, generally.

**RESPONSE:** Objection—calls for attorney-client privileged documents and/or attorney work product.  This request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence and it seeks documents already in Plaintiff's possession.  Subject to and without waiving these objection(s), Defendants respond as follows:

None. The only content on the websites created by Defendants is conspicuously apparent on the website itself (i.e., generic background information, FAQs, contact information, terms and conditions, etc.).  Defendants do not author or create any of the reports or rebuttals on the website, nor did Defendants author or create any of the reports which are the subject of this litigation.

26.     Any and all documents sent to or received from law firms (not serving as counsel to Defendants) relating to the websites, including but not limited to documents relating to, referring to, or evidencing a potential business relationship between Defendants and said law firms.

**RESPONSE:** Objection—calls for attorney-client privileged documents and/or attorney work product.  This request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence and it seeks documents already in Plaintiff's possession.
27.     Any and all documents relating to, referring to, or evidencing any complaints or disagreements about the postings on the websites, including those complaints or disagreements asserting that any of the postings are false, falsely attributed to a person, deceptively misleading, or otherwise unlawful.

10

**RESPONSE:** Objection—calls for attorney-client privileged documents and/or attorney work product. This request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence and it seeks documents already in Plaintiff's possession. Subject to and without waiving these objection(s), Defendants respond as follows:

Pursuant to Fed. R. Civ. P. 34(b), Defendants will make any non-privileged responsive documents available for inspection on or after Friday, May 26, 2006 at the law offices of Jaburg & Wilk, P.C., 3200 North Central Avenue, Suite 2000, Phoenix, AZ 85012. Please contact Maria Crimi Speth at (602) 248-1000 to schedule a time for inspection and/or copying at Plaintiff's expense.

28.    Any and all documents relating to, referring to, or evidencing Defendants' response to complaints or disagreements about postings on the websites, including those complaints or disagreements asserting that any of the postings are false, falsely attributed to a person, deceptively misleading, or otherwise unlawful.

**RESPONSE:** Objection—calls for attorney-client privileged documents and/or attorney work product. This request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence and it seeks documents already in Plaintiff's possession. Subject to and without waiving these objection(s), Defendants respond as follows:

Pursuant to Fed. R. Civ. P. 34(b), Defendants will make any non-privileged responsive documents available for inspection on or after Friday, May 26, 2006 at the law offices of Jaburg & Wilk, P.C., 3200 North Central Avenue, Suite 2000, Phoenix, AZ 85012. Please contact Maria Crimi Speth at (602) 248-1000 to schedule a time for inspection and/or copying at Plaintiff's expense.

29.    Any and all documents relating to, referring to, or evidencing Defendants' investigations in response to any complaints or disagreements about the postings on the websites, including those complaints or disagreements asserting that any of the postings are false, falsely attributed to a person, deceptively misleading, or otherwise unlawful.

**RESPONSE:** Objection—calls for attorney-client privileged documents and/or attorney work product. This request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence and it seeks documents already in Plaintiff's possession. Subject to and without waiving these objection(s), Defendants respond as follows:

None. Defendants do not conduct "investigations" in response to complaints.

30.    All federal and state income tax returns for XCentric Ventures, L.L.C. and Ed Magedson from 2003 to the present.

11

**RESPONSE:** Objection— seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence. Further, Plaintiff is not entitled to production of the requested records absent a *prima facie* showing of entitlement to punitive damages.

31.     Any and all documents related to or referring to the Rip-off Report Corporate Advocacy, Business Remediation & Customer Satisfaction Program ("CAP"), including but not limited to any agreements and/or contracts for enrollment in CAP and drafts thereof, correspondence between Defendants and corporations related to or referring to CAP, and any documents related to the cost of enrolling in CAP.

**RESPONSE:** Objection—calls for attorney-client privileged documents and/or attorney work product. This request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence and it seeks documents already in Plaintiff's possession. Subject to and without waiving these objection(s), Defendants respond as follows:

Pursuant to Fed. R. Civ. P. 34(b), Defendants will make any non-privileged responsive documents available for inspection on or after Friday, May 26, 2006 at the law offices of Jaburg & Wilk, P.C., 3200 North Central Avenue, Suite 2000, Phoenix, AZ 85012. Please contact Maria Crimi Speth at (602) 248-1000 to schedule a time for inspection and/or copying at Plaintiff's expense.

32.     Any and all documents showing sales or other income from the sales of the "Rip-off Revenge Guide" from January 2003 to the present.

**RESPONSE:** Objection—request seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence. Subject to and without waiving these objection(s), Defendants respond as follows:

None. The Rip-off Revenge Guide is not sold by Defendants.

33.     Any and all documents showing donations or other income or revenue collected on behalf of the websites from January 2003 to the present.

**RESPONSE:** Objection— seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence. Further, Plaintiff is not entitled to production of the requested records absent a *prima facie* showing of entitlement to punitive damages.

34.     Any and all documents related to advertising on the websites from January 2003 to the present, including but not limited to documents showing the amount of revenue generated by advertising and/or the amount of revenue received by XCentric Ventures L.L.C. and/or Ed Magedson from advertising on the websites.

12

**RESPONSE:** Objection—seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence. Further, Plaintiff is not entitled to production of the requested records absent a *prima facie* showing of entitlement to punitive damages.

35.    Any and all documents related to Creative Business Investment Concepts, Inc.

**RESPONSE:** Objection—request is also incomprehensible and not reasonably defined as to what is meant by the request and it seeks documents already in Plaintiff's possession. Request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence.

36.    Any and all documents related to Consumer Media Publishing, L.L.C.

**RESPONSE:** Objection—request is also incomprehensible and not reasonably defined as to what is meant by the request. The request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence.

37.    Any and all documents identified in Defendants' Responses to Plaintiff's Interrogatories.

**RESPONSE:** None.

38.    Any and all documents referred to in answering Plaintiff's Interrogatories.

**RESPONSE:** Defendants generally reviewed http://www.ripoffreport.com/.

39.    Any and all documents showing all dates and times the IP address 152.163.252.101 accessed the websites from August 2, 2004 to the present.

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

40.    Any and all documents showing all dates and times the IP address 208.54.95.131 accessed the websites from September 1, 2004 to the present.

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

41.    Any and all documents showing all dates and times the 12 address 67.119.156.180 accessed the websites from May 6, 2004 to the present.

13

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

42.     Any and all documents showing all dates and times the IP address 63.196.246.15 1 accessed the websites from June 19, 2004 to the present.

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

43.     Any and all documents showing all dates and times the IP address 66.227.218.21 accessed the websites from September 23, 2004 to the present.

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

44.     Any and all documents showing all dates and times the IP address 68.120.60.136 accessed the websites from September 24, 2004 to the present.

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

45.     Any and all documents showing all dates and times the IP address 209.208.96.146 accessed the websites from October 30, 2004 to the present.

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

46.     Any and all documents showing all dates and times the IP address 65.73.27.70 accessed the websites from October 20, 2003 to the present.

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

47.     Any and all documents showing all dates and times the IP address 69.196.247.41 accessed the websites from June 6, 2004 to the present.

14

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

48.    Any and all documents showing all dates and times the IP address 12.2 15.90.75 accessed the websites from April 4, 2004 to the present.

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

49.    Any and all documents showing all dates and times the IP address 67.37.182.188 accessed the websites from August 18, 2004 to the present.

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

50.    Any and all documents showing all dates and times the IP address 209.102.128.42 accessed the websites from July 14, 2004 to the present.

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

51.    Any and all documents showing all dates and times the IP address 67.119.158.242 accessed the websites from July 23, 2004 to the present.

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

52.    Any and all documents showing all dates and times the IP address 205.188.116.73 accessed the websites from July 25, 2004 to the present.

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

53.    Any and all documents showing all dates and times the IP address 208.13.14 1.94 accessed the websites from August 31, 2004 to the present.

15

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

54.    Any and all documents showing all dates and times the IP address 65.73 .27.70 accessed the websites from October 20, 2003 to the present.

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

55.    Any and all documents showing all dates and times the IP address 67.119.156.185 accessed the websites from March 28, 2004 to the present.

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

56.    Any and all documents showing all dates and times the IP address 63.196.247.41 accessed the websites from June 4, 2004 to the present.

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

57.    Any and all documents showing all dates and times the IP address 205.188.116.210 accessed the websites from July 11, 2004 to the present.

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.
58.    Any and all documents showing all dates and times the IP address 12.83.67.18 accessed the websites from October 18, 2003 to the present.

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

59.    Any and all documents showing all dates and times the IP address 12.83.67.135 accessed the websites from October 16, 2003 to the present.

16

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

60.    Any and all documents showing all dates and times the IP address 67.160.169.22 accessed the websites from August 31, 2004 to the present.

**RESPONSE:** None. Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc.

61.    Any and all documents related to Defendants' compliance or attempt to comply with the Temporary Restraining Order and the Order finding Defendants' in Contempt for violating the Temporary Restraining Order in George S. May Company v. XCentric Ventures, L.L.C., Ed Magedson, et al., Case No. 04-601 8, currently pending in the United States District Court, Northern District of Illinois, Eastern Division.

**RESPONSE:** Objection—calls for attorney-client privileged documents and/or attorney work product. This request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence and it seeks documents already in Plaintiff's possession. Subject to and without waiving these objection(s), Defendants respond as follows:

Defendants have removed all pages for which Plaintiff requested removal. *See* http://www.ripoffreport.com/.

62.    Any and all documents relating to, referring to, or evidencing any litigation in which any of Defendants are a party, including but not limited to any pleadings or other court filings, settlement agreements, and drafts.

**RESPONSE:** Objection—calls for attorney-client privileged documents and/or attorney work product. This request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence and it seeks documents already in Plaintiff's possession. Subject to and without waiving these objection(s), Defendants respond as follows:

Pursuant to Fed. R. Civ. P. 34(b), Defendants will make any non-privileged responsive documents available for inspection on or after Friday, May 26, 2006 at the law offices of Jaburg & Wilk, P.C., 3200 North Central Avenue, Suite 2000, Phoenix, AZ 85012. Please contact Maria Crimi Speth at (602) 248-1000 to schedule a time for inspection and/or copying at Plaintiff's expense.

17

XCENTRIC VENTURES, LLC
EDWARD MAGEDSON

By: _____
              One of His Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

18

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2006, I sent the original plus one copy of Defendants' Response to Plaintiff's Request for Production of Documents to the following via United States Mail:

Bart A. Lazar
Rachel M. Kindstrand
SEYFARTH SHAW LLP
55 East Monroe
Suite 4200
Chicago, Illinois  60603

19

JKB/cic/364035                                                      5634-2-51

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM, BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 04 C 6018<br>)<br>) Honorable Judge Norgle<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' SUPPLEMENTAL RESPONSES TO
PLAINTIFF GEORGE S. MAY COMPANY'S
<u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Pursuant to Fed. R. Civ. P. 33, 34 & 36, Defendants XCENTRIC VENTURES, LLC and Ed Magedson submit the following supplemental responses to Plaintiff GEORGE S. MAY INTERNATIONAL COMPANY'S First Set of Requests For Production of Documents.

21.    Any and all documents, including e-mails and other correspondence, related to or referring to George S. May, its owners, officers, employees, services or customers.

**RESPONSE:** Notwithstanding the previous objections elicited by Defendants, the following bates stamped documents are responsive: XCentric 0001 through XCentric 00132.

22.    Any and all documents related to or referring to the identity of any individuals communicating with Defendants or posting information on Defendants' websites related to George S. May, its owners, officers, employees, services or customers. **RECEIVED**

**JUL 0 5 2006**

10297-1/KAB/JAS/534985_v1                                    **SEYFARTH, SHAW**

**RESPONSE:**  Notwithstanding the previous objections elicited by Defendants, the following bates stamped documents are responsive:  XCentric 0001 through XCentric 00132.

XCENTRIC VENTURES, LLC
EDWARD MAGEDSON

By: _____
        One of His Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

10297-1/KAB/JAS/534985_v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on _June 30_, 2006, I sent the original plus one copy of Defendants' Response to Plaintiff's Request for Production of Documents to the following via United States Mail:

Bart A. Lazar
Rachel M. Kindstrand
SEYFARTH SHAW LLP
55 East Monroe
Suite 4200
Chicago, Illinois 60603

10297-1/KAB/JAS/534985_v1

JKB/cic/364035                                                5634-2-51

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

JUN - 2 2006

**SEYFARTH, SHAW**

GEORGE S. MAY INTERNATIONAL                    )
COMPANY,                                        )
                                                )
                  Plaintiff,                    )
                                                )
v.                                              ) Case No. 04 C 6018
                                                )
XCENTRIC VENTURES, LLC, RIP-OFF                 ) Honorable Judge Norgle
REPORT.COM, BADBUSINESSBUREAU.COM,              )
ED MAGEDSON, VARIOUS JOHN DOES, JANE            )
DOES AND ABC COMPANIES,                         )
                                                )
                  Defendants.                   )

### DEFENDANTS' RESPONSE TO
### PLAINTIFF GEORGE S. MAY COMPANY'S
### INTERROGATORIES TO DEFENDANTS

Pursuant to Fed. R. Civ. P. 33, 34 & 36, Defendants XCENTRIC VENTURES,

LLC and Ed Magedson submit the following responses to Plaintiff GEORGE S. MAY

INTERNATIONAL COMPANY'S First Set of Interrogatories.


1.    Identify the name, title, home address, and telephone number of the persons providing
information in response to these interrogatories on behalf of Xcentric Ventures, L.L.C. and Ed
Magedson.

**RESPONSE:**  Objection—seeks information which is private, not relevant and not reasonably
calculated to lead to the discovery of relevant evidence.  Subject to and without waiving such
objection(s):

**Ed Magedson**, c/o Jaburg & Wilk, P.C., 3200 North Central Avenue, Suite 2000, Phoenix, AZ
85012; (602) 248-1000.

10297-1/DSG/DSG/531520_v1

2.      Identify the name, title, home address, and telephone number of all employees, agents, representatives, members, managers, independent contractors and/or subcontractors of Xcentric Ventures, L.L.C., Ed Magedson, and the websites.

**RESPONSE:** Objection—seeks information which is private, not relevant and not reasonably calculated to lead to the discovery of relevant evidence. Also seeks information which has already been provided to Plaintiff (as to the names and home towns for each of Xcentric's employees), and seeks information which Defendants do not have. Subject to and without waiving such objection(s):

**Ed Magedson**, Manager, Xcentric Ventures, L.L.C., c/o Jaburg & Wilk, P.C., 3200 North Central Avenue, Suite 2000, Phoenix, AZ 85012; (602) 248-1000.

*See also* prior disclosure of names/city of residence of Xcentric employees.

3.      Identify Ed Nusbaum.

**RESPONSE:** Ed Nusbaum was a person who sold advertising for Google several years ago on an independent contractor basis. Mr. Nusbaum was never an employee of Xcentric.

4.      Identify all facts which support or otherwise relate to Ed Magedson's and Xcentric Ventures, L.L.C.'s contention that there "are not the publishers of any of the statements at issue in this matter" as contained in their First Affirmative Defense.

**RESPONSE:** Defendants did not author or create any reports at issue in this case; all such reports were provided by users of the Rip-off Report website. 47 U.S.C. § 230(c)(1) states:

> No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.

Because Defendants did not create the reports at issue in this case, they cannot be treated as the "publisher or speaker" of such information. *See also Doe v. GTE Corp.*, 347 F.3d 655 (7th Cir. 2003).

5.      Identify all facts which support or otherwise relate to Ed Magedson's and Xcentric Ventures, L.L.C.'s contention that the Complaint and each cause of action is barred by the doctrine of unclean hands as set forth in their Second Affirmative Defense.

**RESPONSE:** According to the Chicago Better Business Bureau, at least forty four (44) complaints have been filed against Plaintiff in the past (36) months. Upon information and belief, Plaintiff generally engages in unlawful, unfair, and/or fraudulent business practices as alleged in numerous reports posted on the Rip-off Report websites. Several companies and individuals have filed reports claiming that Plaintiff made false promises regarding the benefits of the "services" it provided. To the extent that Plaintiff may have defrauded its customers, Plaintiff lacks clean hands and is therefore not entitled to any equitable relief in this action.

2

6.      Identify all facts which support or otherwise relate to Ed Magedson's and Xcentric Ventures L.L.C.'s Third Affirmative Defense.

**RESPONSE:** The third affirmative defense is truth. Discovery in this matter has yet to begin in earnest, however Defendants anticipate that subsequent discovery will establish that substantially all of the reports which criticize Plaintiff's business practices are true. Defendants <u>do not</u> contend that any allegations relating to child molestation are true.

As noted above, Defendants currently are aware that according to the Chicago Better Business Bureau, at least forty four (44) complaints have been filed against Plaintiff in the past (36) months. Based on this fact, and the high number of negative reports posted on the Rip-off Report websites, Defendants expect that the authors of the subject reports will provide confirmation that Plaintiff generally did rip them off as those authors alleged.

Defendants will supplement this response as discovery progresses.

7.      Identify all facts which support or otherwise relate to Ed Magedson's and Xcentric Ventures L.L.C.'s Fourth Affirmative Defense.

**RESPONSE:** The fourth affirmative defense is lack of intent/malice sufficient to support a defamation claim. The basis of this defense (notwithstanding the fact that Defendants are not liable for defamation pursuant to 47 U.S.C. § 230(c)(1) because they did not author any of the offending posts), is that Plaintiff (the George S. May International Company) is a public figure. Pursuant to *New York Times Company v. Sullivan*, 376 U.S. 254 (1964), as a public figure Plaintiff cannot prevail on a defamation claim absent a showing of actual malice which is defined as "knowledge that the information was false" or that it was published "with reckless disregard of whether it was false or not." Defendants did not author the subject reports, and thus had no idea whether they were false or not.

8.      Identify all facts which support or otherwise relate to Ed Magedson's and Xcentric Ventures L.L.C.'s Fifth Affirmative Defense, including, but not limited to, all facts which support or otherwise relate to their contention that "the statements which form the basis for such claims was provided by third parties" as set forth in their Fifth Affirmative Defense.

**RESPONSE:** The fifth affirmative defense is immunity pursuant to the Communications Decency Act, 47 U.S.C. § 230. The CDA bars website liability where the website merely hosts or displays content which was created by a third party. *See Doe v. GTE Corp.*, 347 F.3d 655 (7th Cir. 2003).

As shown by the documents submitted herewith in response to interrogatory # 14, and as alleged in Plaintiff's Complaint itself, the reports at issue in this case were written by third parties, not by Defendants. The CDA bars each and every one of Plaintiff's claims absent proof that Defendants actually wrote the reports at issue. Defendants did not write any of these reports, and therefore Defendants are entitled to CDA immunity.

3

10297-1/DSG/DSG/531520_v1

9.    Identify all facts which support or otherwise relate to Ed Magedson's and Xcentric Ventures, L.L.C.'s contention that they are entitled to recovery under 15 U.S.C. § 1117(a), Federal Rule of Civil Procedure 11(c), and 735 ILCS § 5/5-109, "or any other applicable authority" as set forth in Defendants' request for relief.

**RESPONSE:** Objection—calls for a legal conclusion.  Subject to and without waiving such objection(s), Defendants respond as follows:

Plaintiff filed this action without any basis to believe that Defendants authored any of the reports at issue.  Plaintiff's own Complaint specifically alleges that Defendants are liable for reports written by Plaintiff's competitors.

The Communications Decency Act prohibits vicarious liability in this context, and Plaintiff either commenced this action knowing that its claims were legally and factually baseless, in which case sanctions/attorney's fees are warranted under Fed. R. Civ. P. 11, or Plaintiff failed to conduct a reasonable investigation into the legal and factual bases for its claims in which case sanctions/attorney's fees are warranted under Fed. R. Civ. P. 11.

Defendants may also be entitled to recover costs, attorney's fees, economic damages, and exemplary damages pursuant to Restatement (Second) of Torts § 674 to the extent that this matter concludes in their favor, was commenced and continued without probable cause, and for an improper purpose such as suppression of free speech and suppression of accurate reports regarding Plaintiff's unlawful business practices for the purpose of economic advantage.

10.    Identify all persons who are enrolled, have been enrolled, or have received proposals related to enrollment in the Rip-off Report Corporate Advocacy, Business Remediation & Customer Satisfaction program from January 2000 to the present, all agreements or other documents related to such enrollment or proposed enrollment, and all actions taken by Xcentric Ventures, L.L.C., Ed Magedson, and its or his employees, representatives, agents, independent contractors, and/or subcontractors related to the enrollment or proposed enrollment.

**RESPONSE:** Objection—seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence.

11.    Identify all media interviews given by any employees, agents, representatives, independent contractors, and/or subcontractors of Xcentric Ventures, L.L.C., the websites and Ed Magedson.

**RESPONSE:** Objection—seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence.

12.    Identify all income and sources of income received by Xcentric Ventures, L.L.C., or Ed Magedson relating in any way to the websites … .

4

**RESPONSE:** Objection—seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence. Defendants also object on the basis that evidence relating to punitive damages is not available to Plaintiff absent a *prima facie* showing of entitlement to such damages.

13.    Identify all expenditures by, and recipients of payments from Xcentric Ventures, L.L.C. or Ed Magedson relating in any way to the websites, including, but not limited to, referral fees, salaries, Internet service fees, consulting fees, and other independent contractor payments.

**RESPONSE:** Objection—seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence. Defendants also object on the basis that evidence relating to punitive damages is not available to Plaintiff absent a *prima facie* showing of entitlement to such damages.

14.    Identify the Internet Protocol ("IP") addresses of the computers used to post the following postings, rebuttals, and/or updates to the websites www.ripoffreport.com and/or www.badbusinessbureau.com:
       a.  – e.

**RESPONSE:** *See* documents submitted herewith reflecting the IP address of each.

15.     Identify the names, addresses, telephone numbers, and any other contact information, including, but not limited to, e-mail addresses, of the individuals who identified themselves as the sources of the postings, rebuttals, and updates described in paragraphs 14(a)–(e) above.

**RESPONSE:** *See* documents submitted herewith.

16.    Identify all content or facts related to the websites that has been created, edited, formatted, added, and/or removed by Xcentric Ventures, L.L.C., Ed Magedson, and/or its or his employees, agents, representatives, independent contractors, and/or subcontractors.

**RESPONSE:** Objection—seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence. Defendants did not author or create any of the reports at issue in this case. Because Defendants did not author or create the reports at issue in *this* case, it is irrelevant to ask Defendants what other information they *did* create, edit, etc.


XCENTRIC VENTURES, LLC
EDWARD MAGEDSON


By:_____
          One of His Attorneys

5

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

10297-1/DSG/DSG/531520_v1

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2006, I sent the original plus one copy of Defendants' Response to Plaintiff's Interrogatories to the following via United States Mail:

Bart A. Lazar
Rachel M. Kindstrand
SEYFARTH SHAW LLP
55 East Monroe
Suite 4200
Chicago, Illinois  60603



10297-1/DSG/DSG/531520_v1