**Exhibit B**

Dockets.Justia.com

# SEYFARTH
### ATTORNEYS SHAW LLP

55 East Monroe Street

Suite 4200

Chicago, IL 60603-5803

312-346-8000

fax 312-269-8869

www.seyfarth.com

Writer's direct phone

(312) 269-8951

Writer's e-mail

rkindstrand@seyfarth.com

July 12, 2006

**VIA FACSIMILE
AND U.S. MAIL**

**312-627-1717**

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606-6308

**VIA FACSIMILE
AND U.S. MAIL**

**602-248-0522**

Maria Crimi Speth
Jaburg & Wilk, P.C.
Great American Tower
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012

Re:    **Discovery Issues,** *George S. May International Company v. XCentric Ventures, LLC et al.*, Case No. 04-C-6018

Dear Counsel:

This letter serves as notice to you of the deficiencies in your responses to Plaintiff George S. May International Company's Requests to Produce Documents and Things to Defendants and its Interrogatories to Defendants. This letter is being sent to you in an attempt to resolve these deficiencies pursuant to Local Rule 37.2. Plaintiff George S. May International Company requests that Defendants correct these deficiencies, as illuminated below, by providing supplemental answers or by producing documents by July 21, 2006.

**Requests to Produce Documents and Things Nos. 1, 3, 12, 13, & 14:**

These Requests specifically ask for any and all documents, including e-mail correspondence, relating to, referring to, or sent by or sent to, the person(s) identified as Andrea Swailsentein, Diane Green, William Payne, Paul Albarran, and Michael Wilson. Since Defendants have listed each of these individuals as witnesses in their Rule 26(a)(1) disclosures, and provided email addresses and telephone numbers for them, Defendants' objections and responses with respect to these Requests, particularly Defendants' claims that such Requests are "not relevant" are completely inappropriate. Rules 26(g)(1) and 26(g)(2) require that the responses provided to discovery requests must be made upon "reasonable inquiry" and this "reasonable inquiry" component is certified by an attorney's signature. Defendants' assertion that they are only able to search for and retrieve communications where the party identified themselves as the person in the request is nonresponsive since it does not indicate that Defendants have, in fact, made a reasonable inquiry to locate the documents asked for

BRUSSELS    WASHINGTON, D.C.    SAN FRANCISCO    SACRAMENTO    NEW YORK    LOS ANGELES    HOUSTON    CHICAGO    BOSTON    ATLANTA



in the Requests. Also, Defendants have indicated that such information is not within their possession, custody, or control, but have not provided, as specifically directed to in Plaintiff's Instructions, who has custody, possession, or control of such information. Furthermore, while Defendants have indicated that they will provide a spreadsheet which shows the report numbers filed these individuals, Plaintiff has yet to receive this spreadsheet.

Please understand that presenting such a spreadsheet will not fully satisfy Defendants' obligations with respect to their responses to these Requests, but it would be a start. Please provide the documents and things asked for in response to these Requests, including the spreadsheet that Defendants have identified. If Defendants contend that no documents or things exist or can be located, please so state, together with a certification of the efforts made to locate documents and the reasons why no documents or things exist or can be located.

### Requests to Produce Documents and Things Nos. 2, 4, 5, 6, 7, 8, 9, 10, 11, 15, 16, 17, & 18

These Requests specifically ask for any and all documents, including e-mail correspondence, relating to, referring to, or sent by or sent to, the person(s) identified as Tom Wilson, Chuck Black, John Smith, Chet Ubetcha, Diane Pearson, Bruce Brown, "Israel Kushner Kushnir" or "Israel Kushnir" or "Israel Kushner," "EX-George SMAY," "Former Employee Anonymous," Shawn Lange, Andrea Roundtree, Danny Griego, and Dah Solonger. Defendants previously identified these individuals with respect to specific postings on the websites and provided an email and/or IP address for each of these individuals. Since, based on our review of Defendants' website, it specifically requires a user to register with Defendants and provide contact information upon the "filing" of a report, the objection response that they cannot locate the documents Plaintiff requested does not appear to be well taken. Moreover, Defendants should have information regarding the IP address associated with the computer used to register with Defendants' site and to post on the site.

As indicated above, Rules 26(g)(1) and 26(g)(2) require Defendants to make a reasonable inquiry in response to Plaintiff's Requests. Please provide the documents and things asked for in response to these Requests. If Defendants contend that such information is not in their custody, possession, or control, please provide the name and contact information for the person who has such information in accordance with Plaintiff's Instructions. If Defendants contend that no documents or things exist or can be located, please state this and provide us with a certification of the efforts made to locate documents and the reasons why no documents or things exist or can be located.

### Requests to Produce Documents and Things Nos. 19 & 20

These Requests specifically ask for any and all documents, including e-mail correspondences, relating to, referring to, or sent by or sent to, Daniel Hostetler or International Profit Associates, its employees, agents, representatives, independent contractors, or subcontractors. Defendants' objections to producing this information are unfounded, because, among other things, this information is clearly calculated to lead to relevant information. Again, as noted above, Defendants are required to make a reasonable inquiry in response to Plaintiff's Requests in accordance with the Federal Rules of Civil Procedure. Although Defendants have provided some

SEYFARTH
ATTORNEYS SHAW LLP

July 12, 2006
Page 3

emails, with one bearing a title referencing International Profit Associates, these documents do not appear to be a complete response to Plaintiff's Requests. Please provide the documents and things asked for in response to these Requests, including the spreadsheet that Defendants have identified. If Defendants contend that such information is not in their custody, possession, or control, please provide the name and contact information for the person who has such information in accordance with Plaintiff's Instructions. If Defendants contend that no documents or things exist or can be located, please provide us with a certification of the efforts made to locate documents and the reasons why no documents or things exist or can be located.

### Request to Produce Documents and Things No. 21:

This Request asks for any and all documents, including e-mails and other correspondence, related to or referring to George S. May, its owners, officers, employees, services, or customers. Defendants have provided a laundry list of objections to producing this information and ultimately claim that this request must be narrowed in accordance with Rule 26(b)(1). These objections are completely inappropriate since the Federal Rules of Civil Procedure are to be interpreted liberally and require that the Requests are reasonably calculated to lead to discovery of admissible evidence. To the extent Defendants claim that any of these documents are privileged, please describe the nature of the documents claimed to privileged in accordance with Rule 26(b)(5) so Plaintiff can assess whether the privilege applies. To the extent Defendants are claiming that their discussions with non-parties about this case are subject to the attorney-client privilege, the privilege would be waived by such disclosure. To the extent such documents and things are not privileged, please provide documents and things asked for by this Request. Although Defendants have provided some emails referencing George S. May, these documents do not appear to be a complete response to Plaintiff's Request, and are very recent. If Defendants contend that no other documents or things exist or can be located, please describe provide us with a certification of the efforts made to locate documents and the reasons why no documents or things exist or can be located.

### Request to Produce Documents and Things No. 22:

This Request asks for any and all documents related to or referring to the identity of any individuals communicating with Defendants or posting information on Defendants' websites related to George S. May, its owners, officers, employees, services, or customers. Defendants objected to this request for another laundry list of reasons, including that such information is not relevant. Such objections are clearly inappropriate given the claims and defenses in this case. To the extent that Defendants claim such information is also subject to attorney-client privilege, please describe the nature of the information claimed to be privileged in accordance with Rule 26(b)(5) so Plaintiff can assess whether the privilege applies. While Defendants have provided some documents which appear responsive to this Request, these Documents do not appear to be a complete response to Plaintiff's request. Please provide the documents and things asked for in this Request. If Defendants contend that no other documents or things exist or can be located, please provide us with a certification of the efforts made to locate documents and the reasons why no documents or things exist or can be located.

### Request to Produce Documents and Things No. 24:



This Request asks for any and all documents relating to, referring to or evidencing any action by Defendants to create, add, remove, or edit the content on the websites relating to George S. May, its owners, officers, employees, services, or customers. Defendants objected to the Request on the grounds that, among other things, it calls for information which is subject to the attorney-client privilege. We cannot believe that the drafting of all content on the web site is subject to the attorney-client privilege. In accordance with Rule 26(b)(5), please describe the nature of the information claimed to be privileged so Plaintiff can assess whether the privilege applies. To the extent such documents and things are not privileged, please provide documents and things asked for by this Request. If Defendants contend that no documents or things exist or can be located, please provide us with a certification of the efforts made to locate documents and the reasons why no documents or things exist or can be located.

### Request to Produce Documents and Things No. 25:

This Request asks for any and all documents relating to, referring to, or evidencing any action by Defendants to create, add, remove, or edit the content on the websites, generally. Defendants' objections and response are inappropriate and otherwise incomplete. The information requested is clearly relevant to the claims and defenses in this case—namely, Defendants' assertion that the Communications Decency Act bars this lawsuit. Defendants claim that they author "generic background information" is not a sufficient response for the purposes of this Request. Since Defendants acknowledge that they have created content on the websites, and it is clear that Defendants have created content that appears on the site, as is evidenced by headlines and editor comments, among other things, please provide all documents evidencing the content Defendants have created, added, removed, or edited on the websites. Moreover, Defendants' claims that they do not author or create any of the reports or rebuttals on the website is not true, since a search of the Defendants' website reveals thousands of postings by the "EDitor" Ed Magedson. Therefore, please provide a proper response.

### Request to Produce Documents and Things No. 26:

This Request asks for any and all documents sent to or received from law firms (not serving as counsel to Defendants) relating to the websites, including but not limited to documents relating to, referring to, or evidencing a potential business relationship between Defendants and said law firms. Despite Defendants' objections, this information is clearly not privileged. Defendants' websites solicit attorneys to handle class action lawsuits on behalf of individuals who post complaints on the websites. Defendants have already produced in discovery a communication with a class action law firm in Illinois, so we know that these documents exist. This information is clearly relevant to the claims and defenses in this case, including Defendants' claims that the website is protected by the First Amendment. Please provide documents and things in response to this Request. If Defendants contend that no documents or things exist or can be located, please provide an affidavit attesting to that and the reasons why no documents or things exist or can be located.

### Requests to Produce Documents and Things No. 27 & 28:



These Requests ask for any and all documents relating to, referring to, or evidencing any complaints or disagreements about the postings on the websites, including those complaints asserting that the postings are false, falsely attributed to a person, deceptively misleading, or otherwise unlawful, and Defendants' response to those complaints or disagreements. Defendants have objected to these Requests on the grounds that, among other things, they call for documents which are not relevant or subject to attorney-client privilege. These Requests, however, are clearly relevant to the claims and defenses in this case. For example, we know that Defendants received communications relating to this case that the contents and identity of the person listed as making a posting were false. It is highly unlikely that these are the only notifications ever sent to Defendants. Communications sent by third parties to Defendants cannot, by definition be subject to the attorney-client privilege. To the extent that Defendants claim such information is also subject to attorney-client privilege, please describe the nature of the information claimed to be privileged in accordance with Rule 26(b)(5) so Plaintiff can assess whether the privilege applies. Please provide all documents and things in response to these Requests, as these Requests are not properly objected to. Since Defendants have already indicated that they will produce documents and things in response to these Requests, Plaintiff's counsel will contact Defendants' counsel to arrange for the copying and/or inspection of all documents and things in response to these Requests.

### Request to Produce Documents and Things No. 29:

This Request asks for any and all documents relating to, referring to, or evidencing Defendants' investigations. Defendants have objected to this request on a number of grounds, including attorney-client privilege. To the extent that Defendants claim such information is subject to this privilege, please describe the nature of the information claimed to be privileged in accordance with Rule 26(b)(5) so Plaintiff can assess whether the privilege applies. To the extent Defendants are claiming that their discussions with non-parties about this case are subject to the attorney-client privilege, the privilege would be waived by such disclosure. Defendants other objections are clearly improper, since this Request is clearly relevant to the claims and defenses in this case. Additionally, the discovery produced by Defendants belie Defendants' response that they do not conduct investigations, since the email correspondence indicates that Defendants had several contacts with individuals regarding George S. May, including one in which Defendants requested that an individual provide copies of an EEOC Complaint and one in which Defendants referred an individual non-party to this case to Maria Speth to discuss this lawsuit. Please provide all documents in response to this Request. If Defendants contend that no other documents or things exist or can be located, please provide an affidavit attesting to that and the reasons why no documents or things exist or can be located.

### Request to Produce Documents and Things No. 30:

This Request asks for all federal and state tax returns for XCentric Ventures, L.L.C. and Ed Magedson from 2003 to the present. Defendants' tax returns are relevant to, among other things, demonstrate the profits that the Defendants have made from the operation of the web sites. Please produce the tax returns.

### Request to Produce Documents and Things No. 31:



This Request asks for all documents related to the Rip-off Report Corporate Advocacy, Business Remediation & Consumer Satisfaction Program. Defendants have objected to this Request on the grounds that, among other things, it is not relevant and/or subject to the attorney-client privilege. To the extent that these documents are sent by Defendants, or by counsel as attorney for Defendants to third parties there is no privilege.

Again, to the extent that Defendants are claiming that documents or things otherwise responsive to this Request are privileged, and particularly since this is a program advertised on Defendants' websites, please describe the nature of the documents claimed to be privileged in accordance with Rule 26(g)(5) so that Plaintiff can ascertain whether the privilege applies. Defendants remaining objections are entirely inappropriate, particularly since Defendants' claim that if a company enrolls in "CAP" Defendants will investigate the claims made in the reports filed about that company. Please provide all documents and things in response to this Request, including those documents and things Defendants' claim that they will provide. Plaintiff's counsel will contact Defendants' counsel to arrange for copying and/or inspection of documents and things in response to this Request.

### Requests to Produce Documents and Things No. 33 & 34:

These Requests asks for all documents showing donations or other income or revenue collected on behalf of the websites from January 2003 to the present, and all documents or things related to advertising on the websites. Defendants have objected to these Requests on the basis that they are irrelevant, and have also stated that Plaintiff is not entitled to these documents absent a "prima facie" showing of entitlement to punitive damages. First, these Requests are clearly relevant to this case; Defendants clearly profit off of the reports posted on the websites and edited by Defendants through, among other things, obtaining advertising, donations, book sales, and class action referrals to lawyers. Defendants' website acknowledges that it is "for-profit" and that donations are non-tax deductible. This information is relevant and is likely to lead to the discovery of admissible information. Second, Defendants have offered absolutely no authority for the proposition that Plaintiff is not entitled to these documents absent a prima facie showing of entitlement to punitive damages. Please produce all documents and things in response to these Requests.

### Request to Produce Documents and Things No. 35:

This Request asks for all documents related to Creative Business Investment Concepts, Inc. Defendants have objected to this Request citing, among other things, that this discovery is not relevant. Since Creative Business Investment Concepts, Inc. is a member of XCentric Ventures, L.L.C., Defendants' objections to this Request are meritless. Please provide all documents and things in response to this Request.

### Request to Produce Documents and Things No. 36:

This Request asks for all documents related to Consumer Media Publishing, L.L.C. Defendants have objected to this Request citing, among other things, that this discovery is not



relevant. Since Consumer Media Publishing advertises on Defendants' website, namely the "Rip-off Revenge Guide" authored by Defendant Ed Magedson, Defendants' objections to this Request are meritless. Please provide all documents and things in response to this Request.

### Request to Produce Documents and Things No. 38:

This Request asks for any and all documents referred to in answering Plaintiff's interrogatories. Defendants' responded by indicating that they generally reviewed http://www.ripoffreport.com. This response is insufficient—what specifically did Defendants' review in responding to Plaintiff's interrogatories? Please provide all documents and things in response to this Request.

### Request to Produce Documents and Things No. 61:

This Request asks for all documents related to Defendants' compliance with the Temporary Restraining Order. Defendants have objected to this Request on a number of grounds, including that the Request is not relevant and/or subject to the attorney-client privilege. Again, to the extent that Defendant is claiming that the information in response to this Request is privileged, please describe the nature of the information Defendants believe is privileged in accordance with Rule 26(g)(5) so Plaintiff can ascertain whether the attorney-client privilege applies. To the extent that Defendants did provide a response to this Request, this response is clearly incomplete, because Defendants did not simply remove all of the postings but also clearly added content to the websites when Defendants removed those postings. Please provide all documents and things in response to this Request.

### Request to Produce Documents and Things No. 62:

This Request asks for any and all documents relating to, referring to, or evidencing any litigation to which Defendants are a party. Defendants have objected to this Request on a number of grounds, including that the Request is not relevant and/or subject to the attorney-client privilege. To the extent that Defendant is claiming that the information in response to this Request is privileged, please describe the nature of the information Defendants believe is privileged in accordance with Rule 26(g)(5) so Plaintiff can ascertain whether the attorney-client privilege applies. This Request is clearly relevant to the claims and defenses in this case, since Defendants have claimed that they are completely immune from suit under the Communications Decency Act. Please provide documents and things in response to this Request, including those documents and things Defendants have indicated that they would produce. Plaintiff's counsel will contact Defendants' counsel to arrange for copying and/or inspection of documents and things in response to this and the other Requests.

Finally, as noted with respect to each and every response to which Defendants asserted attorney-client privilege, if documents are being withheld subject to the privilege, please provide a privilege log of those documents.

### Interrogatory No. 1:



Ed Magedson's contact information is clearly discoverable under the Federal Rules of Civil Procedure. Defendants have absolutely no basis for withholding this information. There is nothing "private" about Ed Magedson's address. He is listed as a witness in Defendants' Rule 26(a)(1) disclosures as well, and under Rule 26(a)(1)(A) Defendants are required to disclose Ed Magedson's address and telephone number. Please provide a complete response to Interrogatory No. 1.

**Interrogatory No. 2:**

Defendants' objections to providing the name, title, home address, and telephone number of its employees, agents, representatives, etc. are also not well-taken. This information is clearly discoverable under the Federal Rules of Civil Procedure. These individuals have relevant information regarding the operation of the websites. Contrary to Defendants' response, this information was not provide in prior discovery. Defendants provided a redacted list purporting to include the first names of its employees and a city and state, but no other identifying information that would allow Plaintiff to ascertain who these individuals are. Please provide a complete response to Interrogatory No. 2.

**Interrogatory No. 3:**

Defendant has not identified Ed Nusbaum in accordance with the Instructions and Definitions included in Plaintiff's Interrogatories. As stated in the Definitions, "identify," or "identity," as used herein with reference to an individual shall mean to set forth his or her name, home address, home telephone number, whether employed, and if so, the name, address, and telephone number of his or her employer. Please provide a complete response to Interrogatory No. 3 in accordance with Plaintiff's Definitions and Instructions.

**Interrogatory No. 10:**

Defendants' have objected to identifying all persons who are enrolled in "CAP," have been enrolled in "CAP," or have received proposals related to enrollment in "CAP," among other information requested in this Interrogatory. Defendants have objected on the grounds that this information is not relevant and not calculated to lead to the discovery of relevant information. This objection is completely without merit, because Defendants advertise the Corporate Advocacy Program on the websites and expressly state that they will investigate complaints and publish findings, and "as part of the Corporate Advocacy Program, Rip-off Report verifies all Reports and Rebuttals, and will expose those posted erroneously." This is completely contrary to Defendants' assertions that they are entitled to protection under the First Amendment or immunity under the Communications Decency Act. Please provide a complete response to Interrogatory No. 10 or stipulate that Defendants are not immune under the Communications Decency Act.

**Interrogatory No. 11:**

Defendants have objected to identifying all media interviews given by employees, agents, representatives, independent contractors, and/or subcontractors or XCentric Ventures, L.L.C., the wessbsites and Ed Magedson. This information is clearly relevant to the claims and defenses in this



case and is likely to lead to the discovery of relevant evidence. Defendants' websites routinely invoke the media as a way to promote the websites. Please provide a complete response to Interrogatory No. 11.

### Interrogatory No. 12:

Defendants have objected to identifying all income and sources of income related in any way to the websites. This information is clearly relevant to the claims and defenses in this case, and Defendants have offered absolutely no authority for the proposition that Plaintiff in not entitled to this information absent a prima facie showing of an entitlement to punitive damages. Please provide a complete response to Interrogatory No. 12.

### Interrogatory No. 13:

Defendants have objected to identifying all expenditures by, and recipients of payments from XCentric Ventures, L.L.C. or Ed Magedson relating to the websites. Again, this information is clearly relevant to the claims and defenses in this case, and Defendants have offered absolutely no authority for the proposition that Plaintiff is not entitled to this information absent a prima facie showing of an entitlement to punitive damages. Please provide a complete response to Interrogatory No. 13.

### Interrogatories Nos. 14 &15:

The IP addresses for the following individuals were cut-off in the documents provided: Emmanuel Roux on Report # 181257, Andrea Swailsenstein on Report # 100195, MI Rubidoux on Report # 59860, and Bruce Harrell on Report # 96442. Please provide IP addresses for these individuals. In addition, Defendants have not provided all of the contact information requested in Interrogatory No. 15. Defendants have not provided addresses for any of the individuals, but in several instances have also not provided telephone numbers, including Jason Davis and Bruce Hawk on Report #181257, Chet Ubetcha on Report # 100195, G. Calvin Curry and Chet Ubetcha on Report # 101697, Chuck Black and Chet Ubetcha on Report # 59860, and Jolene Marker on Report # 96442; or any identifying information for "Mr. WXXX" specifically his or her name and address, on Report #100195. Please provide a complete response to Interrogatories Nos. 14 and 15.

### Interrogatory No. 16:

Defendants have refused to identify what content is created, edited, formatted, added, and/or removed by Defendants or their agents, employees, representatives, independent contractors, and/or subcontractors. Yet clearly, Defendants' Responses to Plaintiff's Requests to Produce acknowledge that they create content, and Defendants offer to and do accept payment to publish findings about specific reports through its Corporate Advocacy Program. Additionally, items such as metatags, headlines and editor's comments, as well as other content are clearly created, edited, formatted, added or removed by Defendants. Plaintiff is entitled to a proper and complete response to this Interrogatory.

# SEYFARTH
**ATTORNEYS** SHAW LLP

Plaintiff requests that Defendants provide complete and accurate responses to Plaintiff's Requests to Produce Documents and Things and Plaintiff's Interrogatories as set forth in this letter no later than July 21, 2006.

Sincerely,

SEYFARTH SHAW LLP

*Rachel M. Kindstrand*

Rachel M. Kindstrand

cc:  Bart A. Lazar