**Exhibit C**

Dockets.Justia.com

JKB/cic/364035                                                            5634-2-51

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04 C 6018 |
| | ) |
| XCENTRIC VENTURES, LLC, RIP-OFF REPORT.COM, BADBUSINESSBUREAU.COM, ED MAGEDSON, VARIOUS JOHN DOES, JANE DOES AND ABC COMPANIES, | ) Honorable Judge Norgle |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO
PLAINTIFF GEORGE S. MAY COMPANY'S
REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 33, 34 & 36, Defendants XCENTRIC VENTURES, LLC and Ed Magedson submit the following supplemental responses to Plaintiff GEORGE S. MAY INTERNATIONAL COMPANY'S First Set of Requests For Production of Documents.

1.      Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Andrea Swailsentein.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

On October 5, 2006 (and previously) Defendants emailed to Plaintiff a spreadsheet which shows the report number for reports filed by all authors who provided a name set forth in this request. The spreadsheet includes the name, address, IP address, email address and a portion of the content of the reports posted. Defendants have searched for but have not located any other responsive documents.

2.      Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Tom Wilson.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

On October 5, 2006 (and previously) Defendants emailed to Plaintiff a spreadsheet which shows the report number for reports filed by all authors who provided a name set forth in this request. The spreadsheet includes the name, address, IP address, email address and a portion of the content of the reports posted. Defendants have searched for but have not located any other responsive documents.

3.      Any and all documents, including but not limited to e-mails and other correspondence, related to or referring to, or sent by or sent to, the person identified as Diane Green.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

On October 5, 2006 (and previously) Defendants emailed to Plaintiff a spreadsheet which shows the report number for reports filed by all authors who provided a name set forth in this request. The spreadsheet includes the name, address, IP address, email address and a portion of the content of the reports posted. Defendants have searched for but have not located any other responsive documents.

4.      Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Chuck Black.

2

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

On October 5, 2006 (and previously) Defendants emailed to Plaintiff a spreadsheet which shows the report number for reports filed by all authors who provided a name set forth in this request. The spreadsheet includes the name, address, IP address, email address and a portion of the content of the reports posted. Defendants have searched for but have not located any other responsive documents.

5.      Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as John Smith.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

On October 5, 2006 (and previously) Defendants emailed to Plaintiff a spreadsheet which shows the report number for reports filed by all authors who provided a name set forth in this request. The spreadsheet includes the name, address, IP address, email address and a portion of the content of the reports posted. Defendants have searched for but have not located any other responsive documents.

6.      Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Chet Ubetcha.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

On October 5, 2006, Defendants emailed to Plaintiff a spreadsheet which shows the report number for reports filed by all authors who provided a name set forth in this request. The spreadsheet includes the name, address, IP address, email address and a portion of the content of the reports posted. Defendants have searched for but have not located any other responsive documents.

7.      Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Diane Pearson.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants previously produced a rebuttal to report number 95354 filed by an author who identified herself as Diane Pearson, IP address 66.227.218.21 submitted September 23, 2004.

8.      Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Bruce Brown.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

On October 5, 2006 (and previously) Defendants emailed to Plaintiff a spreadsheet which shows the report number for reports filed by all authors who provided a name set forth in this request. The spreadsheet includes the name, address, IP address, email address and a portion of the content of the reports posted. Defendants have searched for but have not located any other responsive documents.

9.      Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as "Israel Kushner Kushnir, " "Israel Kushnir" or "Israel Kushner."

4

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants previously produced a rebuttal to report number 41290 filed by an author who identified himself as Israel Kushner Kushnir, IP address 65.73.27.70 submitted October 20, 2003.

10.    Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as EX-George SMAY.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants previously produced a rebuttal to report number 41290 filed by an author who identified himself as EX-George SMAY, IP address 67.119.156.185 submitted March 28, 2004.

11.    Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Former Employee Anonymous.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication.

12.    Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as William Payne.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of

10297-1/MCS/MCS/550310_v1

Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

On October 5, 2006 (and previously) Defendants emailed to Plaintiff a spreadsheet which shows the report number for reports filed by all authors who provided a name set forth in this request. The spreadsheet includes the name, address, IP address, email address and a portion of the content of the reports posted. Defendants have searched for but have not located any other responsive documents.

13.    Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Paul Albarran.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

On October 5, 2006 (and previously) Defendants emailed to Plaintiff a spreadsheet which shows the report number for reports filed by all authors who provided a name set forth in this request. The spreadsheet includes the name, address, IP address, email address and a portion of the content of the reports posted. Defendants have searched for but have not located any other responsive documents.

14.    Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Michael Wilson.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

On October 5, 2006 (and previously) Defendants emailed to Plaintiff a spreadsheet which shows the report number for reports filed by all authors who provided a name set forth in this request. The spreadsheet includes the name, address, IP address, email address and a portion of the content of the reports posted. Defendants have searched for but have not located any other responsive documents.

15.    Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Shawn Lange.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

On October 5, 2006 (and previously) Defendants emailed to Plaintiff a spreadsheet which shows the report number for reports filed by all authors who provided a name set forth in this request. The spreadsheet includes the name, address, IP address, email address and a portion of the content of the reports posted. Defendants have searched for but have not located any other responsive documents.

16.    Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Andrea Roundtree.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

On October 5, 2006 Defendants emailed to Plaintiff a spreadsheet which shows the report number for reports filed by all authors who provided a name set forth in this request.   The spreadsheet includes the name, address, IP address, email address and a portion of the content of the reports posted. Defendants have searched for but have not located any other responsive documents.

17.    Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Danny Griego.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including

7

emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

On October 5, 2006 Defendants emailed to Plaintiff a spreadsheet which shows the report number for reports filed by all authors who provided a name set forth in this request. The spreadsheet includes the name, address, IP address, email address and a portion of the content of the reports posted. Defendants have searched for but have not located any other responsive documents.

18.    Any and all documents, including e-mails and other correspondence, related to, or referring to, or sent by or sent to, the person identified as Dah Solonger.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants previously produced a rebuttal to report number 106424 filed by an author who identified himself as Dah Solongor, IP address 67.160.169.22.

19.    Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, Daniel Hostetler.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants have not located any communications with Daniel Hostetler. Defendants previously produced a Paypal donation record that included a $100 donation from Daniel Hostetler.

20.    Any and all documents, including but not limited to e-mails and other correspondence, related to, or referring to, or sent by or sent to, International Profit Associates, its employees, agents, representatives, independent contractors, or subcontractors.

8

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants have located, and are producing herewith, a listing of the 124 reports filed by third parties on Rip-off Report about International Profit Associates. Defendants have also located an email regarding International Profit Associates. Defendants have not located any correspondence to or from International Profit Associates and have not located any reports filed by anyone who identifies themselves as an agent, employee, representative, independent contractor or subcontractor of International Profit Associates.

21.    Any and all documents, including e-mails and other correspondence, related to or referring to George S. May, its owners, officers, employees, services or customers.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Request also seeks attorney-client privileged materials and attorney work product. Also seeks information which is already within Plaintiff's possession. Defendants will provide a response to this request if it is appropriately narrowed to material reasonably within the scope of Fed. R. Civ. P. 26(b)(1).

22.    Any and all documents related to or referring to the identity of any individuals communicating with Defendants or posting information on Defendants' websites related to George S. May, its owners, officers, employees, services or customers.

**RESPONSE:** Objection—vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence; seeks information which is not within the possession, custody or control of Defendants. Defendants are only able to search for and retrieve communications, including emails and postings, if any, where the other party identified themselves as the person in the request. If the person in the request did not identify themselves using that name, then Defendants would have no way of identifying or retrieving that communication. Subject to and without waiving the foregoing objection(s):

Defendants are producing herewith the administrative copy (not available to the public) of each report and every rebuttal thereto claimed by Plaintiff to be false in the pleadings in this case. The administrative copy provided herewith contains the author's user name as provided by the author, the email address of the author if available, and the IP address that the report was submitted from. There are over 100 reports and rebuttals posted on Rip-off Report about George S. May. It is unduly burdensome to request that Defendant generate an administrative version of every one of the reports and rebuttals about George S. May. However, if Plaintiff identifies any

9

other particular reports or rebuttals about George S. May for which they seek the identifying information of the author, Defendant will respond.

Defendants have also emailed two spread sheets on October 5, 2006 which are responsive to this request.

23.    Any and all documents relating to, referring to or evidencing Defendants' efforts to determine the accuracy of any statements made on the websites relating to George S. May, its owners, officers, employees, services or customers.

**RESPONSE:** None. Defendants do not determine, or attempt to determine, the accuracy of any statements made on the websites by users of the websites. Update: Defendants are producing herewith emails sent from persons who recently attempted to post new reports or rebuttals about George S. May and any responses thereto.

24.    Any and all documents relating to, referring to or evidencing any action by Defendants to create, add, remove, or edit the contents on the websites relating to George S. May, its owners, officers, employees, services or customers.

**RESPONSE:** No documents exist that relate to or refer to any action by Defendants to create, add, or edit such content as Defendants have never created or added any content to the website related to George S. May except the notice that was placed on the website in place of the content redacted pursuant to court order. The only documents that relate to removal of content relating to George S. May are attorney-client communications. Therefore, Defendants object on the grounds that the request calls for attorney-client privileged documents and/or attorney work product. This request is also incomprehensible and not reasonably defined as to what is meant by the request and it seeks documents already in Plaintiff's possession.

Defendants have searched for any internal correspondence, emails, or memos regarding the removal of George S. May content from the website and have only located attorney client privileged documents.

25.    Any and all documents relating to, referring to, or evidencing any action by Defendants to create, add, remove, or edit the content on the websites, generally.

**RESPONSE:** Objection—calls for attorney-client privileged documents and/or attorney work product. This request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence and it seeks documents already in Plaintiff's possession. Subject to and without waiving these objection(s), Defendants respond as follows:

There are no documents related to the creation, addition or removal of content. The only content on the websites created by Defendants is conspicuously apparent on the website itself (i.e., generic background information, FAQs, contact information, terms and conditions, etc.). Defendants do not author or create any of the reports or rebuttals on the website, nor did Defendants author or create any of the reports which are the subject of this litigation.

10

Notwithstanding the objection, Defendants believe that there is a written memorandum as to the rules of posting on Rip-off Report. Defendants have been unable to locate this document.

26.     Any and all documents sent to or received from law firms (not serving as counsel to Defendants) relating to the websites, including but not limited to documents relating to, referring to, or evidencing a potential business relationship between Defendants and said law firms.

**RESPONSE:** Objection—calls for attorney-client privileged documents and/or attorney work product. This request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence and it seeks documents already in Plaintiff's possession.

27.     Any and all documents relating to, referring to, or evidencing any complaints or disagreements about the postings on the websites, including those complaints or disagreements asserting that any of the postings are false, falsely attributed to a person, deceptively misleading, or otherwise unlawful.

**RESPONSE:** Objection—calls for attorney-client privileged documents and/or attorney work product. This request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence and it seeks documents already in Plaintiff's possession. Subject to and without waiving these objection(s), Defendants respond as follows:

Pursuant to Fed. R. Civ. P. 34(b), Defendants will make any non-privileged responsive documents available for inspection on or after Friday, May 26, 2006 at the law offices of Jaburg & Wilk, P.C., 3200 North Central Avenue, Suite 2000, Phoenix, AZ 85012. Please contact Maria Crimi Speth at (602) 248-1000 to schedule a time for inspection and/or copying at Plaintiff's expense.

28.     Any and all documents relating to, referring to, or evidencing Defendants' response to complaints or disagreements about postings on the websites, including those complaints or disagreements asserting that any of the postings are false, falsely attributed to a person, deceptively misleading, or otherwise unlawful.

**RESPONSE:** Objection—calls for attorney-client privileged documents and/or attorney work product. This request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence and it seeks documents already in Plaintiff's possession. Subject to and without waiving these objection(s), Defendants respond as follows:

Pursuant to Fed. R. Civ. P. 34(b), Defendants will make any non-privileged responsive documents available for inspection on or after Friday, May 26, 2006 at the law offices of Jaburg & Wilk, P.C., 3200 North Central Avenue, Suite 2000, Phoenix, AZ 85012. Please contact Maria Crimi Speth at (602) 248-1000 to schedule a time for inspection and/or copying at Plaintiff's expense.

11

29.     Any and all documents relating to, referring to, or evidencing Defendants' investigations in response to any complaints or disagreements about the postings on the websites, including those complaints or disagreements asserting that any of the postings are false, falsely attributed to a person, deceptively misleading, or otherwise unlawful.

**RESPONSE:** Objection—calls for attorney-client privileged documents and/or attorney work product. This request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence and it seeks documents already in Plaintiff's possession. Subject to and without waiving these objection(s), Defendants respond as follows:

None. Defendants do not conduct "investigations" in response to complaints.

30.     All federal and state income tax returns for XCentric Ventures, L.L.C. and Ed Magedson from 2003 to the present.

**RESPONSE:** Objection— seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence. Further, Plaintiff is not entitled to production of the requested records absent a *prima facie* showing of entitlement to punitive damages.

31.     Any and all documents related to or referring to the Rip-off Report Corporate Advocacy, Business Remediation & Customer Satisfaction Program ("CAP"), including but not limited to any agreements and/or contracts for enrollment in CAP and drafts thereof, correspondence between Defendants and corporations related to or referring to CAP, and any documents related to the cost of enrolling in CAP.

**RESPONSE:** Objection—calls for attorney-client privileged documents and/or attorney work product. This request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence and it seeks documents already in Plaintiff's possession. Subject to and without waiving these objection(s), Defendants respond as follows:

32.     Any and all documents showing sales or other income from the sales of the "Rip-off Revenge Guide" from January 2003 to the present.

**RESPONSE:** Objection—request seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence. Subject to and without waiving these objection(s), Defendants respond as follows:

None. The Rip-off Revenge Guide is not sold by Defendants.

33.     Any and all documents showing donations or other income or revenue collected on behalf of the websites from January 2003 to the present.

12

**RESPONSE:** Objection— seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence. Further, Plaintiff is not entitled to production of the requested records absent a *prima facie* showing of entitlement to punitive damages.

34.    Any and all documents related to advertising on the websites from January 2003 to the present, including but not limited to documents showing the amount of revenue generated by advertising and/or the amount of revenue received by XCentric Ventures L.L.C. and/or Ed Magedson from advertising on the websites.

**RESPONSE:** Objection—seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence. Further, Plaintiff is not entitled to production of the requested records absent a *prima facie* showing of entitlement to punitive damages.

35.    Any and all documents related to Creative Business Investment Concepts, Inc.

**RESPONSE:** Objection—request is also incomprehensible and not reasonably defined as to what is meant by the request and it seeks documents already in Plaintiff's possession. Request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence.

36.    Any and all documents related to Consumer Media Publishing, L.L.C.

**RESPONSE:** Objection—request is also incomprehensible and not reasonably defined as to what is meant by the request. The request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence.

37.    Any and all documents identified in Defendants' Responses to Plaintiff's Interrogatories.

**RESPONSE:** None.

38.    Any and all documents referred to in answering Plaintiff's Interrogatories.

**RESPONSE:** Defendants generally reviewed http://www.ripoffreport.com/.

39.    Any and all documents showing all dates and times the IP address 152.163.252.101 accessed the websites from August 2, 2004 to the present.

**RESPONSE:** Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

13

40.    Any and all documents showing all dates and times the IP address 208.54.95.131 accessed the websites from September 1, 2004 to the present.

**RESPONSE:**  Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

41.    Any and all documents showing all dates and times the 12 address 67.119.156.180 accessed the websites from May 6, 2004 to the present.

**RESPONSE:**  Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

42.    Any and all documents showing all dates and times the IP address 63.196.246.15 1 accessed the websites from June 19, 2004 to the present. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

**RESPONSE:**  Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

43.    Any and all documents showing all dates and times the IP address 66.227.218.21 accessed the websites from September 23, 2004 to the present.

**RESPONSE:**  Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

44.    Any and all documents showing all dates and times the IP address 68.120.60.136 accessed the websites from September 24, 2004 to the present.

**RESPONSE:**  Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

45.    Any and all documents showing all dates and times the IP address 209.208.96.146 accessed the websites from October 30, 2004 to the present.

**RESPONSE:** Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

46.    Any and all documents showing all dates and times the IP address 65.73.27.70 accessed the websites from October 20, 2003 to the present.

**RESPONSE:** Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

47.    Any and all documents showing all dates and times the IP address 69.196.247.41 accessed the websites from June 6, 2004 to the present. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

**RESPONSE:** Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

48.    Any and all documents showing all dates and times the IP address 12.2 15.90.75 accessed the websites from April 4, 2004 to the present.

**RESPONSE:** Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

49.    Any and all documents showing all dates and times the IP address 67.37.182.188 accessed the websites from August 18, 2004 to the present.

**RESPONSE:** Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

50.    Any and all documents showing all dates and times the IP address 209.102.128.42 accessed the websites from July 14, 2004 to the present.

**RESPONSE:** Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal,

etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

51.     Any and all documents showing all dates and times the IP address 67.119.158.242 accessed the websites from July 23, 2004 to the present.

**RESPONSE:** Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

52.     Any and all documents showing all dates and times the IP address 205.188.116.73 accessed the websites from July 25, 2004 to the present.

**RESPONSE:** Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

53.     Any and all documents showing all dates and times the IP address 208.13.14 1.94 accessed the websites from August 31, 2004 to the present.

**RESPONSE:** Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

54.     Any and all documents showing all dates and times the IP address 65.73 .27.70 accessed the websites from October 20, 2003 to the present.

**RESPONSE:** Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

55.     Any and all documents showing all dates and times the IP address 67.119.156.185 accessed the websites from March 28, 2004 to the present.

**RESPONSE:** Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

56.     Any and all documents showing all dates and times the IP address 63.196.247.41 accessed the websites from June 4, 2004 to the present.

**RESPONSE:** Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

57.     Any and all documents showing all dates and times the IP address 205.188.116.210 accessed the websites from July 11, 2004 to the present.

**RESPONSE:** Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

58.     Any and all documents showing all dates and times the IP address 12.83.67.18 accessed the websites from October 18, 2003 to the present.

**RESPONSE:** Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

59.     Any and all documents showing all dates and times the IP address 12.83.67.135 accessed the websites from October 16, 2003 to the present.

**RESPONSE:** Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

60.     Any and all documents showing all dates and times the IP address 67.160.169.22 accessed the websites from August 31, 2004 to the present.

**RESPONSE:** Defendants do not log the IP addresses when a user "accesses" the websites. The only time an IP address is logged is when the user is posting information such a report, rebuttal, etc. A spread sheet showing postings made from that IP address was emailed on October 5, 2006.

61.     Any and all documents related to Defendants' compliance or attempt to comply with the Temporary Restraining Order and the Order finding Defendants' in Contempt for violating the Temporary Restraining Order in George S. May Company v. XCentric Ventures, L.L.C., Ed

Magedson, et al., Case No. 04-601 8, currently pending in the United States District Court, Northern District of Illinois, Eastern Division.

**RESPONSE:** Objection—calls for attorney-client privileged documents and/or attorney work product. This request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence and it seeks documents already in Plaintiff's possession. Subject to and without waiving these objection(s), Defendants respond as follows:

Defendants have removed all pages for which Plaintiff requested removal. *See* http://www.ripoffreport.com/. See also response to Request number 23.

62.    Any and all documents relating to, referring to, or evidencing any litigation in which any of Defendants are a party, including but not limited to any pleadings or other court filings, settlement agreements, and drafts.

**RESPONSE:** Objection—calls for attorney-client privileged documents and/or attorney work product. This request is also vague, ambiguous, unduly burdensome, unintelligible, seeks information which is not relevant and not reasonably calculated to lead to the discovery of relevant evidence and it seeks documents already in Plaintiff's possession. Subject to and without waiving these objection(s), Defendants respond as follows:

Pursuant to Fed. R. Civ. P. 34(b), Defendants will make any non-privileged responsive documents available for inspection on or after Friday, May 26, 2006 at the law offices of Jaburg & Wilk, P.C., 3200 North Central Avenue, Suite 2000, Phoenix, AZ 85012. Please contact Maria Crimi Speth at (602) 248-1000 to schedule a time for inspection and/or copying at Plaintiff's expense.

Dated this 6th day of October, 2006.

XCENTRIC VENTURES, LLC
EDWARD MAGEDSON

By: _____
One of His Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor

18

Chicago, IL 60606-6308
(312) 627-4000

Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

19

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 6, 2006, I sent the original plus one copy of Defendants' Response to Plaintiff's Request for Production of Documents to the following via Federal Express:

Bart A. Lazar
SEYFARTH SHAW LLP
55 East Monroe
Suite 4200
Chicago, Illinois  60603

I hereby certify that on October 6, 2006, I sent a copy of Defendants' Response to Plaintiff's Request for Production of Documents to the following via U.S. Mail to:

James K. Borcia
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308

20